IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| EARL PARRIS, JR., Individually, and on Behalf of a Class of Persons Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| City of SUMMERVILLE, GEORGIA, | ) ) ) | |
| Intervenor-Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No.: 4:21-cv-00040-TWT |
| 3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL, LLC, PULCRA CHEMICALS, LLC, MOUNT VERNON MILLS, INC., TOWN OF TRION, GEORGIA, and RYAN DEJUAN JARRETT, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF AMENDED MOTION TO INTERVENE
BY THE
CITY OF SUMMERVILLE, GEORGIA**

The City of Summerville, Georgia ("Summerville" or the "City") seeks to intervene as a Plaintiff in this case because the City is responsible for providing clean and safe water to its customers and residents. Summerville uses a freshwater intake on Raccoon Creek as its primary water source. The dispute in the case currently

1

before this Court arises out of pollution of the water in Racoon Creek. By permit, Summerville obtains raw water from Raccoon Creek and must process the water to remove the PFAS pollution.[1] The City can provide unique knowledge and experience concerning costs incurred in attempting to remove PFAS from the water, searching for alternative water sources, results of past and present water quality testing, interactions with regulatory authorities such as the Georgia Environmental Protection Department ("EPD"), and the costs for long-term water treatment solutions. As explained in more detail below, neither the individual Plaintiff in this case nor members of the Proposed Class can adequately represent the municipal interests of Summerville because the City has incurred—and will continue to incur—costs to address the PFAS pollution problem, the City must make decisions to cope with the pollution issue, and abatement of the nuisance is necessary to protect the City's future water needs. On October 12, 2020, the City passed a Resolution, declaring that a public nuisance exists "that threatens the health and safety of the

---

[1] The term PFAS used in the lawsuit includes perfluoroalkyl and polyfluoroalkyl substances that are man-made products commonly referred to as "forever chemicals" because of their persistence in the environment. The PFAS category of substances also consists of perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonic acid ("PFOS") which have been identified in an EPA Health Advisory since 2016. According to the EPA Science Advisory Board and International Agency for Research on Cancer, PFAS has been linked to various types of illnesses including cancer.

community and the long-term sustainability of the water supply for the CITY OF SUMMERVILLE" (See Exh. A to Amended Motion).

## LEGAL ARGUMENT

I.  **Summerville should be permitted to intervene under Federal Rule of Civil Procedure 24(a).**

Rule 24(a)(2) provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).

In considering a motion to intervene, courts "accept as true all well-pleaded nonconclusory allegations in the motion . . . and in declarations supporting the motion, absent sham, frivolity, or other objections." 6 Moore's Fed. Practice, § 24.03(1)(a) (Matthew Bender 3d ed. 2013). Courts construe Rule 24(a) liberally for the benefit of movants and "any doubt concerning the propriety of allowing intervention should be resolved in [their] favor." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

A. **Timeliness.**

Summerville's Motion to Intervene is timely because there have been no legally significant proceedings, and the motion will not cause any delay in the process of the overall litigation. *See Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989) (citing *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118. 1125–26 (5th Cir. 1970)).

This case was just filed on February 23, 2021. No answers have been filed and no answers are due since the Plaintiff just filed an Amended Complaint on April 22, 2021. Moreover, to the City's knowledge, the Court has not made any substantive rulings to date and the City's intervention would not delay or prolong any deadline in the case. Intervention by Summerville, if allowed, will not prejudice any of the existing parties.

B. **Interest in the Property or Transaction.**

Summerville's interest in the subject matter of this case – drinking water – is direct, substantial, and legally protectable. In determining sufficiency of interest, the Eleventh Circuit Court of Appeals requires that "the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding." *Worlds v. Dep't of Health & Rehab. Servs.,* 929 F.2d 591, 594 (11th Cir. 1991) (quoting *Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th

Cir. 1982)). A proposed intervenor must show a legally protectable interest, and it must "be one which *substantive* law recognizes as belonging to or being owned by the applicant." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (emphasis in original). "The 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Worlds*, 929 F.2d at 594 (citation omitted).

A party is entitled to intervention as a matter of right under Rule 24(a)(2) if the party's "interest in the subject matter of the litigation is direct, substantial and legally protectable." *Georgia*, 302 F.3d at 1249 (citation omitted). In describing the subject matter interest test, the Eleventh Circuit views the analysis as a "flexible" consideration. *Chiles*, 865 F.2d at 1215. The interest need not "be of a legal nature identical to the claims asserted in the main action." *Georgia*, 302 F.3d at 1251; *see also Chiles*, 865 F.2d at 1214 (quotations omitted). "But the interest must be directly, not tangentially, related to the underlying subject matter." *Georgia*, 302 F.3d at 1251.

"A noncontingent property interest is commonly claimed in intervention cases." *Georgia River Network v. U.S. Army Corps of Eng'rs*, No. 4:10–cv–00267, 2011 WL 3320514, at *2 (S.D. Ga. Aug. 1, 2011). "It is 'the most elementary type of right that Rule 24(a) is designed to protect.'" *Georgia River Network*, 2011 WL

5

3320514, at *2 (quoting *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970)). For example, in *Georgia v. U.S. Army Corps of Engineers* the Eleventh Circuit held that the State of Florida had a legally protectable interest in the quality and quantity of water in the river, river basin, and bay into which the river flowed, for purposes of determining its right to intervene. *Georgia*, 302 F.3d at 1258.

As the municipal entity responsible for statutory compliance with water treatment standards—which include Annual Water Quality Reports (Consumer Confidence Reports)—compliance with Georgia Water Quality Control Act 391-3-6, and compliance with related Environmental Protection Agency ("EPA") regulations for water quality, the City has an interest in advancing its claims for damages and remediation of pollution in its water source. Summerville has a substantial and legally protectable interest in its legal rights to draw water from the Raccoon Creek watershed and then treating (filtering) the water to comply with water quality standards and advisories promulgated by state and federal agencies. Summerville also has a property interest in the water in Raccoon Creek that is the subject of this case. *See* O.C.G.A. § 44-8-1 ("Running water belongs to the owner of the land on which it runs.").

C. **Impairment of Interest.**

Without intervention, Summerville's ability to protect its interest will be

impaired. The "impairment of interest" prong of the Rule 24 analysis brings into focus the "practical consequences" of denying a motion to intervene. *See, e.g., Natural Resources Defense Council v. Costle*, 561 F.2d 904, 910 (D.C. Cir. 1977). Rule 24(a)(2) requires that a movant be "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). In other words, the intervenor will be "practically disadvantaged if not permitted to intervene." *Georgia River Network*, 2011 WL 3320514, at *3. Some courts have held that the potential for a negative stare decisis effect by itself can suffice. *Georgia River Network*, 2011 WL 3320514, at *3 (citing *Stone v. First Union Corp.*, 371 F.3d 1305, 1309–10 (11th Cir. 2004)).

In *Georgia River Network*, the Southern District of Georgia held that the prejudice element was met where "the plaintiff environmental groups may well advance a broad focus (they 'may desire a resolution which advances their organizational purpose of protecting and restoring rivers, streams, and wetlands and ensuring effective implementation of environmental laws,' . . .), while Leon County [the proposed intervenor-plaintiff], as the 'flushee,' remains focused solely on avoiding negative effects to itself." *Georgia River Network*, 2011 WL 3320514, at *3. The court also noted that Leon County correctly reminded it that "a seat in the courtroom often equates to a seat at the negotiating table," and according to the court,

7

"that is important in this litigation sphere, where negotiated settlements are common." *Id.*

So too here. Allowing Summerville to intervene in this case will ensure that Summerville has a seat at the negotiating table in the event settlement discussions ensue. Moreover, Summerville's ability to protect its interests will be impaired or impeded if this case is disposed of or resolved without Summerville's involvement. Summerville will face practical disadvantages if it has to bring a separate lawsuit to protect its interests in its water supply and in remediating or removing the PFAS pollution from Raccoon Creek interest because issues and claims decided in this case may have a preclusive effect in any subsequent action.

### D.  Inadequacy of Representation.

The United States Supreme Court declared that the burden to show inadequate representation pursuant to Rule 24(a)(2) is satisfied where representation without intervention "may be" inadequate. *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10 (1972).  There need only be a "minimal" showing to satisfy an intervenor's burden on inadequacy of present representation. *Trbovich* at 538; *See also Fed. Sav. & Loan Ins. Corp.*, 983 F.2d 211, 216 (11th Cir. 1993).

Although there is a presumption of adequate representation "when an existing party seeks the same objectives as the would-be interveners," this "presumption is

weak [and] merely imposes upon the proposed interveners the burden of coming forward with some evidence to the contrary." *Clark v. Putnam County*, 168 F.3d 458, 461 (11th Cir. 1999). The presumption that a movant's interests are adequately represented where they share the same ultimate objective with an existing party to the litigation can also be rebutted if the movant shows "that they bring something to the litigation that otherwise would be ignored or overlooked if the matter were left to the already existing parties." *Georgia Aquarium, Inc. v. Pritzker*, 309 F.R.D. 680, 690 (N.D. Ga. 2014) (quoting 6 James Wm. Moore et al., *Moore's Federal Practice* § 24.03(4)(a)(i) (3d ed. 2013)). To satisfy the inadequate representation requirement of Rule 24(a)(2), a movant seeking to intervene as a plaintiff shows that there exists between it and the original plaintiffs a reasonable divergence or disunity of litigation strategy, if not ultimate objective. *Georgia River Network*, 2011 WL 3320514, at *3.

Plaintiff's Complaint (as amended) addresses the impact of water pollution from the standpoint of persons who obtain their water from the City of Summerville. While the City is also concerned with—and seeks to remove—the pollution from Racoon Creek, the City's ultimate objective is different. Unlike the original plaintiff, Summerville's interests are more specific: Summerville seeks recovery for the costs to treat and filter the City's polluted water, which includes constructing, operating, and maintaining updated water facilities to remove the PFAS pollution from its

9

water. Summerville's strategy involves advancing legal claims to obtain the financial resources it needs in order to meet water treatment and filtration standards, both from a scientific and regulatory standpoint. Summerville's objective and litigation strategy differs from that of the original plaintiff and thus the inadequate representation requirement is satisfied here. Summerville seeks to abate the nuisance caused by Defendants.

Given the above, Summerville is entitled to intervention of right under Rule 24(a) because Summerville's Motion to Intervene is timely, Summerville claims an interest relating to the property that is the subject of the action, disposing of the action may impair or impede Summerville's ability to protect its interest, and the existing plaintiff cannot adequately represent Summerville's interest.

## II. Alternatively, Summerville should be allowed to intervene pursuant to Federal Rule of Civil Procedure 24(b).

If for any reason the Court determines that Rule 24(a) is not met, then the City should be permitted to intervene under Rule 24(b), which governs permissive intervention:

> Upon timely application anyone may be permitted to intervene in an action … when an applicant's claim or defense and the main action have a question of law or fact in common.

Fed. R. Civ. P. 24(b).

The Motion to Intervene by Summerville clearly satisfies the criteria of 24(b). Summerville's Motion is timely, and the claims and issues raised in the Complaint have questions of law and fact in common with the City's Complaint in Intervention. Moreover, allowing intervention would promote the interests of judicial economy and fairness without causing prejudice or undue delay. Further, Summerville can provide unique knowledge of the City's water supply issues and furnish technical expertise concerning the lack of available alternatives to Raccoon Creek and the costs and necessity of building a system to provide safe drinking water on a long-term basis. For these reasons, Summerville, at a minimum, ought to be permitted to intervene under Rule 24(b).

## **CONCLUSION**

Summerville has a right to intervene under Rule 24(a)(2) and should be admitted to this case to participate as a party plaintiff. Alternatively, the City should be permitted to intervene permissively pursuant to Rule 24(b) to address issues of fact and law common to Plaintiff's request for damages and injunctive relief.

Respectfully submitted this the 6th day of May, 2021.

<div style="margin-left: 40%">

s/ J. Anderson Davis
J. Anderson Davis (Ga. Bar No. 211077)
BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP
P.O. Box 5007
Rome, Georgia 30162-5007
Ph# (706) 291-8853
Fax# (706) 234-3574
adavis@brinson-askew.com


s/ Jeff Friedman
Jeff Friedman *(Pro Hac Vice Pending)*
FRIEDMAN, DAZZIO & ZULANAS, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
Ph# (205) 278-7000
Fax# (205) 278-7001
jfriedman@friedman-lawyers.com

</div>

## CERTIFICATE OF COMPLIANCE

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Memorandum in Support of Amended Motion to Intervene by the City of Summerville, Georgia* has been filed electronically with the Clerk of Court by using the CM/ECF system which will automatically email all counsel of record on this the 6th day of May, 2021.

Gary A. Davis
James S. Whitlock
DAVIS & WHITLOCK, P.C.
21 Battery Park Avenue, Suite 206
Asheville, NC 28801
gadavis@enviroattorney.com
jwhitlock@enviroattorney.com
**Attorneys for Plaintiffs**

Jeffrey J. Dean
Thomas Causby
MORRIS & DEAN, LLC
101 E. Crawford St.
Dalton, GA 30720
jeff@morrisanddean.com
tom@morrisanddean.com
**Attorneys for Plaintiffs**

Robert B. Remar
Katherine Leigh D'Ambrosio
Monica Perdomo Witte
Sterling Gardner Culpepper, III
ROGERS & HARDIN, LLP
2700 International Tower, Peachtree Center
229 Peachtree St., N.E.
Atlanta, GA 30303-1601
rbr@rh-law.com
kdambrosio@rh-law.com
mwitte@rh-law.com
gculpepper@rh-law.com
**Attorneys for 3M Company**

Mark Christian King
Harlan Irby Prater, IV
W. Larkin Radney, IV
Benjamin Phillip Harmon
Jackson R. Sharman, III
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 North 20th Street
Birmingham, AL 35203
cking@lightfootlaw.com
hprater@lightfootlaw.com
lradney@lightfootlaw.com
bharmon@lightfootlaw.com
jsharman@lfwlaw.com
**Attorneys for 3M Company**

Christopher L. Yeilding
BALCH & BINGHAM
1901 Sixth Ave. N., Ste 1500
Birmingham, AL 35203-4642
cyeilding@balch.com
**Attorney for Daikin America, Inc.**

Steven F. Casey
Kary Bryant Wolfe
William Emery Underwood
JONES WALKER
420 20th Street, N., Suite 1100
Birmingham, AL 35223
scasey@joneswalker.com
kwolfe@joneswalker.com
wunderwood@joneswalker.com
**Attorneys for Daikin America, Inc.**

Benjamin E. Fox
BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street, N.W.
3900 One Atlantic Center
Atlanta, GA 30309-3417
fox@bmelaw.com
**Attorney for Huntsman International, LLC**

Christopher Max Zygmont
John Curtis Allen
KAZMAREK, MOWREY, CLOUD, LASETER, LLP
Promenade, Suite 900
1230 Peachtree St., N.E.
Atlanta, GA 30309
mzygmont@kmcllaw.com
jallen@kmcllaw.com
**Attorneys for Pulcra Chemicals, LLC**

William Middleton Droze
TROUTMAN, PEPPER, HAMILTON, SANDERS, LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
william.droze@troutmansanders.com
**Attorney for Mount Vernon Mills, Inc.**

Ann Marie Alexander
Kimberly Council Sheridan
GORDON, REES, SCULLY, MANSUKHANI, LLP-IL
1 North Franklin Street
Chicago, IL 60606
aalexander@gordonrees.com
ksheridan@gordonrees.com
**Attorneys for Town of Trion, Georgia**

Craig K. Pendergrast
TAYLOR, ENGLISH, DUMA, LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
cpendergrast@taylorenglish.com
**Attorney for Ryan Dejuan Jarrett**

                                      s/ J. Anderson Davis
                                      J. Anderson Davis (Ga. Bar No. 211077)
                                      BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP
                                      P.O. Box 5007
                                      Rome, Georgia 30162-5007
                                      Ph# (706) 291-8853
                                      Fax# (706) 234-3574
                                      adavis@brinson-askew.com