IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a Class of persons similarly situated,<br><br>          *Plaintiff*,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>          *Defendants*. | Civil Action No. 4:21-cv-40-TWT |

### **PLAINTIFF'S SUR-REPLY IN RESPONSE TO DAIKIN'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**

Plaintiff respectfully submits this Sur-Reply in response to Daikin's Reply in Support of its Motion to Dismiss the Amended Complaint. [Doc. 109 ("Reply")]. In its Reply, Daikin makes a new argument for the first time—that the illegal conduct of Defendants Mount Vernon Mills, Trion, and Jarrett insulates Daikin from liability—and cites two cases not previously relied upon in its original brief. *See* [Doc. 109 at 3, 7-9]. Daikin's argument fails because, as alleged in the Amended Complaint, Daikin had reasonable grounds to anticipate these environmental violations would occur.



**I. PLAINTIFF HAS ALLEGED ADEQUATE FACTS TO SUPPORT THE DUTY AND CAUSTION ELEMENTS OF HIS TORT CLAIMS.**

Daikin contends that it "is insulated from liability by the intervention of an illegal act which is alleged to be the proximate cause of the injury," citing *Donaldson v. Olympic Health Spa, Inc.*, 333 S.E.2d 98, 101 (Ga. App. Ct. 1985), and (incorrectly) asserts that "Plaintiff alleges that DAI had a legal duty to prevent others from violating the law in a way that caused him harm." [Doc. 109 at 3]. However, Daikin mischaracterizes the allegations of the Amended Complaint. Plaintiff alleges that, as a PFAS manufacturer and supplier, Daikin owed a duty to exercise reasonable care and to warn PFAS users like Mount Vernon of the dangers of its chemicals in order to protect those like Mr. Parris from the foreseeable harm of PFAS pollution. [Doc. 73, ¶¶ 162-64, 169, 177-80, 185-86].

Further, *Donaldson* is inapposite because it involved the duty of proprietors to protect guests and invitees from criminal attacks; it did not involve the separate, distinct duty of a manufacturer and supplier of dangerous chemicals to exercise reasonable care in supplying their chemicals, including by warning of their dangers and providing the necessary information to make their use safe. *Compare Donaldson*, 333 S.E.2d at 100 ("the law of Georgia imposes a duty on an innkeeper of keeping the premises in a reasonably safe condition for the use of his patrons as well as invitees") *with* Restatement (Second) of Torts, § 388 (supplier of dangerous

chattel liable "to those whom the supplier should expect . . . to be endangered by its probable use" if they knew, but failed to warn of the chattel's dangers and had no reason to believe the user would realize the danger) and *id.*, § 389 (supplier of chattel "unlikely to be made safe for use" liable "to those whom the supplier should expect . . . to be endangered by its probable use"). Indeed, the *Donaldson* court recognized that a proprietor cannot avoid liability based on an illegal act if the defendant had "reasonable grounds to believe that a particular criminal act is likely to occur"). *Donaldson*, 333 S.E.2d at 101.

Daikin also contends that these other Defendants' illegal acts in violating federal and state environmental statutes defeats proximate causation, relying on *Warner v. Arnold*, 210 S.E.2d 350, 352 (Ga. Ct. App. 1974), a case involving the duty of a landlord to protect her tenant from burglary and arson by providing a suitable door lock. [Doc. 109 at 7]. But as in *Donaldson*, *Warner* also recognized that the general rule that an "independent criminal act should be treated as proximate cause" does not apply "if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed." *Warner*, 210 S.E.2d at 352.

Put simply, these other Defendants' environmental violations do not defeat the duty or causation elements of Plaintiff's tort claims because Plaintiff has alleged

that Daikin had reasonable grounds to believe that those violations would result from Daikin's negligence in the sale of PFAS to Mount Vernon Mills without adequate warning. *See, e.g.,* [Doc. 73, ¶¶ 6, 54, 61 (alleging Daikin's own manufacturing facility in Decatur, Alabama was previously contaminated with PFAS from the disposal of wastewater treatment plant sludge on the property), 70 (alleging Daikin has long been aware of the persistence and toxicity of PFAS as a result of its communications with 3M, DuPont, chemical and trade associations, and the EPA and EPD), 71-73, 162-69, 177-80, 191]. As a result, Daikin should have apprehended that its failure to exercise reasonable care and warn of the dangers of PFAS would result in the other Defendants' similar violations of federal and state environmental laws.[1]

Respectfully submitted,

**DAVIS & WHITLOCK, P.C.**

*/s/ James S. Whitlock*
James S. Whitlock (*phv*)
Gary A. Davis (*phv*)
Davis & Whitlock, P.C.
Attorneys at Law
21 Battery Park Avenue, Suite 206
Asheville, NC 28801

---

[1] Moreover, as *Warner* recognized, questions of foreseeability and causation are jury questions. *Warner*, 210 S.E.2d at 353-54.

        Telephone: (828) 622-0044
Fax: 828-398-0435
jwhitlock@enviroattorney.com
gadavis@enviroattorney.com

Jeffrey J. Dean
Ga. Bar #006890
Thomas Causby
Ga. Bar # 968006
Morris & Dean, LLC
101 E. Crawford St.
Dalton, GA 30720
jeff@morrisanddean.com
tom@morrisanddean.com
Phone: 706-226-0300
Fax: 706-229-4363

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Northern District of Georgia Civil Local Rule 7.1(D), the undersigned counsel certifies that the foregoing filing is prepared in Times New Roman point font, as mandated in Local Rule 5.1(C).

This the 16th day of June, 2021.

        */s/ James S. Whitlock*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **PLAINTIFF'S SUR-REPLY IN RESPONSE TO DAIKIN'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT** has been filed electronically with the Clerk of Court by using the CM/ECF system which will automatically email all counsel of record.

This the 16th day of June, 2021.

*/s James S. Whitlock*