**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| EARL PARRIS, JR., individually, and on Behalf of a Class of persons similarly Situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>3M COMPANY, ET AL.,<br><br>　　　　Defendants. | Civil Action No.:<br>4:21-cv-00040-TWT |

## DAIKIN AMERICA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY TO MOTION TO DISMISS

Plaintiff contends in his Motion For Leave that this court should allow a surreply to DAI's Reply Brief In Support Of Its Motion To Dismiss because DAI raises a new argument in its reply and cites two additional cases to support this argument. The Court should deny Plaintiff's Motion For Leave because DAI did not raise any new arguments in its Reply.

As this Court well knows, as a general matter, "surreplies are not authorized and may only be filed under unusual circumstances." *Chemence Med. Prod., Inc. v. Medline Indus., Inc.*, 119 F. Supp. 3d 1376, 1383 (N.D. Ga. 2015) (Thrash, J.). After all, neither the Federal Rules of Civil Procedure nor the local rules for the Northern

District of Georgia allow for them. *See Stephens v. Trust for Pub. Land*, 475 F. Supp. 2d 1299, 1303 (N.D. Ga. 2007) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (declining to permit surreply)). And "[t]o allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." *Garrison v. N.E. Ga. Med. Ctr. Inc*., 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999) (declining to permit surreply). Thus, "such filings will typically be accepted by the Court only in unusual circumstances, such as where a movant raises new arguments or facts in a reply brief." *Stephens*, 475 F. Supp. 2d at 1303; *cf. Fedrick*, 366 F. Supp. 2d at 1197.

Plaintiff relies on this purportedly unusual circumstance—a supposed new argument—in support of his motion. But DAI raised no new arguments in its Reply. In its initial brief, DAI argued that Plaintiff failed to sufficiently plead proximate cause because "Plaintiff's allegations place DAI's conduct numerous, independent, intervening steps down the causal chain from Plaintiff's injuries." (Doc. #86, p. 6). In response, Plaintiff insisted that the alleged acts of the other defendants were not truly intervening causes because DAI should have foreseen that its sale of PFAS containing products to Mount Vernon would result in the contamination of nearby water supplies. (Doc #100, p. 7-8). And then, in reply, DAI responded that Plaintiff's foreseeability argument was meritless because the test in Georgia for proximate

2

cause focuses not simply on foreseeability but instead on whether the injury was the probable or natural consequence of the alleged wrongful act. (Doc #109, p. 8).

DAI's argument on this score in its reply was not an impermissible new argument for two reasons. *First*, it "merely extended the arguments that [DAI] originally made," namely that plaintiff had failed to sufficiently plead proximate cause due to alleged independent, intervening causes. *Garrison v. N.E. Ga. Med. Ctr. Inc.*, 66 F.Supp.2d 1336, 1340 (N.D. Ga. 1999). And *second*, it "directly address[ed] arguments raised in [plaintiff's] response," which is the quintessential purpose of a reply and therefore not a basis for a surreply. *Roelle v. Cobb Cty. Sch. Dist.*, 2014 WL 4457235, at *9 (N.D. Ga. Sept. 10, 2014); *see also, e.g.*, *Stephens v. Tr. For Pub. Land*, 475 F. Supp. 2d 1299, 1304 (N.D. Ga. 2007) (declining a surreply on this basis). Either way, "no surreply is warranted." *Roelle*, 2014 WL 4457235, at *9.

Finally, there is no prohibition on citing new authority in support of an argument made in the opening brief. The court may permit a surreply only when the reply brief raises a truly new argument—one that neither extends an argument originally made nor responds to an argument made in the opposition brief. The new cases cited by DAI in support of its proximate-cause argument "merely extend" the original argument and are therefore no basis for permitting a surreply. *See Garrison*,

66 F.Supp.2d at 1340. To prevent "an endless volley of briefs," *id.*, DAI respectfully requests that the Court deny Plaintiff's Motion for Leave to File A Surreply.

/s/ Steven F. Casey
Steven F. Casey, *Pro Hac Vice*
Kary Bryant Wolfe, *Pro Hac Vice*
William Underwood, GA Bar No. 401805
JONES WALKER LLP
420 20th Street North, Suite 1100
Birmingham, AL 35203
Telephone: (205) 244-5200
Email: scasey@joneswalker.com
Email: kwolfe@joneswalker.com
Email: wunderwood@joneswalker.com

Chris Yeilding, *Pro Hac Vice*
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203-4642
Telephone: (205) 226-8728
Email: cyeilding@balch.com

Theodore M. Grossman, *Pro Hac Vice*
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone:  212-326-3480
Email: tgrossman@JonesDay.com

*Counsel for Defendant Daikin America Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
SUMMERVILLE DIVISION**

|  |  |
|---|---|
| EARL PARRIS, JR., individually, and on Behalf of a Class of persons similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>3M COMPANY, ET AL.,<br><br>      Defendants. | Civil Action No.:<br>4:21-cv-00040-TWT |

**CERTIFICATE OF SERVICE
AND COMPLIANCE WITH LOCAL RULE 5.1**

I hereby certify that I have this date electronically filed the within and foregoing, which has been prepared using 14-point Times New Roman font, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated: June 18, 2021.

                */s/ Steven F. Casey*
                Steven F. Casey, *Pro Hac Vice*
                Kary Bryant Wolfe, *Pro Hac Vice*
                William Underwood, GA Bar No. 401805
                JONES WALKER LLP
                420 20th Street North, Suite 1100
                Birmingham, AL 35203
                Telephone: (205) 244-5200

Email: scasey@joneswalker.com
Email: kwolfe@joneswalker.com
Email: wunderwood@joneswalker.com

Chris Yeilding, *Pro Hac Vice*
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203-4642
Telephone (205) 226-8728
Email: cyeilding@balch.com

Theodore M. Grossman, *Pro Hac Vice*
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone:  212-326-3480
Email: tgrossman@JonesDay.com

*Counsel for Defendant Daikin America Inc.*