IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., etc.,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>Defendants. | Civil Action No.:<br>4:21-cv-00040-TWT |

## DAIKIN AMERICA, INC.'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL NOTICE OF AUTHORITY

Plaintiff's notice of supplemental authority asks the Court to consider *Zimmerman v. 3M*, No. 1:17-cv-1062, 2021 WL 2327744 (W.D. Mich. June 8, 2021), as "persuasive authority" in this case. *See* Plaintiff's Notice of Supplemental Authority (Doc. 116, p.3]. *Zimmerman*, however, relies on a Michigan county trial court order applying Michigan law in direct conflict with Georgia law and, consequently, *Zimmerman* should have no effect on this case. *Zimmerman* also involved factual allegations against 3M, and there are no comparable allegations against Daikin America, Inc. (DAI) in this case. For these reasons, as well as those

in Defendant 3M's Response to Plaintiff's Notice of Supplemental Authority [Doc. 118], *Zimmerman* has no bearing of any kind on this case.

On the latter point in particular, DAI writes to reinforce that DAI is nowhere alleged to have had the knowledge that plaintiff claims 3M had regarding the foreseeability of potential harm caused by the chemicals in question.  Even if the Court found that the foreseeability analysis described in *Zimmerman* somehow impacts the duty question in this case—which, under Georgia law, it should not—that would not mean that DAI can be liable.  Indeed, the plaintiff's factual allegations regarding DAI's knowledge are scant at best—merely that DAI has been aware since the early 2000s (1) that PFAS was found in wastewater sludge at DAI's plant in *another location* (Decatur, Alabama) and (2) that the *other*, Decatur property was contaminated with PFAS from the disposal of wastewater years earlier by 3M. (FAC, ¶¶ 61).  Whatever might be alleged as to others, these facts could not give rise to a duty on the part of DAI to plaintiff, who lives nowhere near the Decatur, Alabama property.

Respectfully submitted this 2 day of July, 2021.

/s/ *Steven F. Casey*
Steven F. Casey, *Pro Hac Vice*
Kary Bryant Wolfe, *Pro Hac Vice*
William Underwood, GA Bar No. 401805
JONES WALKER LLP
420 20th Street North, Suite 1100
Birmingham, AL 35203
Telephone: (205) 244-5200
Email: scasey@joneswalker.com
Email: kwolfe@joneswalker.com
Email: wunderwood@joneswalker.com

Chris Yeilding, *Pro Hac Vice*
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203-4642
Telephone (205) 226-8728
Email: cyeilding@balch.com

Theodore M. Grossman, *Pro Hac Vice*
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3480
Email: tgrossman@JonesDay.com

*Counsel for Defendant Daikin America, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# SUMMERVILLE DIVISION

| | |
|---|---|
| EARL PARRIS, JR., etc.,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>Defendants. | Civil Action No.:<br>4:21-cv-00040-TWT |

## CERTIFICATE OF SERVICE
## AND COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that I have this date electronically filed the within and foregoing, which has been prepared using 14-point Times New Roman font, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated: July 2, 2021.

*/s/ Steven F. Casey*
Steven F. Casey, *Pro Hac Vice*
JONES WALKER LLP
420 20th Street North, Suite 1100
Birmingham, AL 35203
Telephone: (205) 244-5200
Email: scasey@joneswalker.com
*Counsel for Defendant Daikin America Inc.*

{BH487951.1}