**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

EARL PARRIS, JR., etc.,

Plaintiff,

v.

3M COMPANY, et al.,

Defendants.

Civil Action No.:
4:21-cv-00040-TWT

**DEFENDANTS 3M'S AND DAIKIN AMERICA, INC.'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

On September 20, 2021, Judge Totenberg entered an order in *Johnson v. 3M, et al.*, Civ. No. 4:20-cv-00008-AT (Sep. 20, 2021 N.D. Ga.), addressing multiple motions to dismiss a putative class action alleging contamination of the City of Rome water supply by a variety of defendants.  *See* Order [Doc. 629] ("Op."), attached below.  Judge Totenberg dismissed the negligence claim (Count Five here) against 3M Company and Daikin America, Inc. (which Plaintiff here calls the "PFAS

Manufacturing Defendants,"[1] but which are referred to as the "Supplier Defendants" in *Johnson*).  That ruling was a correct application of Georgia law as to the duty element of negligence and is highly persuasive here, reinforcing that the negligence claim against the Manufacturing Defendants should be dismissed.

In Georgia, "[n]egligence is premised on . . . a duty owed by the defendant to the plaintiff."  Op. 100 (quoting *Dep't of Lab. v. McConnell*, 828 S.E.2d 352, 358 (Ga. 2019)).  "The Georgia Supreme Court recently assessed the contours of common law duty" in *McConnell*, *id.*, as Defendants have thoroughly explained in their papers.  Judge Totenberg correctly held that *McConnell* (and subsequent Georgia cases interpreting it) means that "plaintiffs who fail[] to show a specific, recognized legal duty under Georgia law as opposed to some generalized duty could not maintain a claim for negligence."  Op. 101 (citing, *e.g.*, *Maynard v. Snapchat, Inc.*, 851 S.E.2d 128, 131-32 (Ga. Ct. App. 2020)).

The plaintiff in *Johnson*, like Plaintiff here, did not plead a specific, "recognized legal duty under Georgia law," but instead pled only a "generalized duty" to the world no longer cognizable after *McConnell*.  *Id.*; *see id.* at 101–03,

---

[1] While the complaint uses the term "PFAS Manufacturing Defendants," it is alleged that these defendants *supplied* chemicals to Defendant Mount Vernon Mills. It is undisputed that these defendants did not manufacture fabrics or discharge wastewater allegedly containing PFAS.

110–12.   The Supplier Defendants (3M, Daikin, etc.) "are not alleged to have discharged wastewater from manufacturing (or landfill) operations in or around" Summerville.   Op. 110.   Nor are they "alleged to have polluted the water themselves."  Op. 111.  Instead, they are alleged to have made and sold chemicals that were *later* used by others and "disposed of in a manner that polluted the water"—which is not enough for duty, even if unknown third parties could be foreseeably harmed.  Because there is no Georgia "authority establishing a duty on the part of a chemical supplier to protect an unknown third-party," Op. 111–12, the negligence claims against these Defendants fail to state a claim, *see* Op. 178.

Judge Totenberg allowed the public-nuisance claim to proceed past the motion-to-dismiss stage, but Defendants respectfully disagree with that for the reasons stated in our motion to dismiss.

Respectfully submitted this 15th day of October, 2021.

*/s/ Theodore M. Grossman*
Theodore M. Grossman, *Pro Hac Vice*
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone:  (212) 326-3480
Email:  tgrossman@JonesDay.com

Richard H. Deane, Jr.
  Georgia Bar No. 214875
JONES DAY
1221 Peachtree Street, N.E.,
Suite 400
Atlanta, Georgia 30361
Telephone:  (404) 521-3939
Email:  rhdeane@jonesday.com

Steven F. Casey, *Pro Hac Vice*
Kary Bryant Wolfe, *Pro Hac Vice*
William Underwood, GA Bar No. 401805
JONES WALKER LLP
420 20th Street North, Suite 1100
Birmingham, AL 35203
Telephone: (205) 244-5200
Email: scasey@joneswalker.com
Email: kwolfe@joneswalker.com
Email: wunderwood@joneswalker.com

Chris Yeilding, *Pro Hac Vice*
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203-4642
Telephone (205) 226-8728
Email: cyeilding@balch.com

*Counsel for Defendant Daikin America, Inc.*

*/s/ Robert B. Remar*
Robert B. Remar, GA Bar No. 600575
S. Gardner Culpepper, GA Bar No. 201210
Monica P. Witte, GA Bar No. 405952
Katherine L. D'Ambrosio, GA Bar No. 780128
ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
Atlanta, GA 30303
Telephone (404) 522-4700
Email: rremar@rh-law.com
Email: sculpepper@rh-law.com
Email: kdambrosio@rh-law.com
Email: mwitte@rh-law.com

Jackson R. Sharman, III, GA Bar No. 637930
Benjamin P. Harmon, GA Bar No. 979043
Harlan I. Prater,
*Pro Hac Vice application forthcoming*
M. Christian King,
*Pro Hac Vice application forthcoming*
W. Larkin Radney,
*Pro Hac Vice application forthcoming*
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
Telephone: (205) 581-0700
Email: jsharman@lightfootlaw.com
Email: bharmon@lightfootlaw.com
Email: hprater@lightfootlaw.com
Email: cking@lightfootlaw.com
Email: lradney@lightfootlaw.com

*Counsel for Defendant 3M Company*

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# SUMMERVILLE DIVISION

EARL PARRIS, JR., etc.,

                     Plaintiff,

v.

3M COMPANY, et al.,

                     Defendants.

Civil Action No.:
4:21-cv-00040-TWT

## <u>CERTIFICATE OF SERVICE</u>
## <u>AND COMPLIANCE WITH LOCAL RULE 5.1</u>

I hereby certify that I have this date electronically filed the within and foregoing, which has been prepared using 14-point Times New Roman font, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated: October 15, 2021.

<u>/s/ Steven F. Casey</u>
Steven F. Casey, *Pro Hac Vice*
JONES WALKER LLP
420 20th Street North, Suite 1100
Birmingham, AL 35203
Telephone: (205) 244-5200
Email: scasey@joneswalker.com

*Counsel for Defendant Daikin America Inc.*