IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a class of persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>3M COMPANY, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:21-cv-00040-TWT<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS 3M COMPANY'S AND DAIKIN AMERICA, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff's sixteen page "Response" [ECF Doc. 124] ("Resp.") does not merely respond to 3M's and Daikin's three-page notice of supplemental authority [ECF Doc. 123]. Nor does it provide a short statement directing the Court to a particular holding in the *Johnson* Order. Rather, Plaintiff has in effect submitted a surreply without first seeking leave from the Court. As such, the arguments in its Response should be disregarded. *See Gary v. Menlo Logistics Glob. Transp. Servs., Inc.*, No. 1:06-CV-2139-TWT, 2007 WL 528096, at *2 (N.D. Ga. Feb. 13, 2007) (granting motion to strike because "by making additional arguments not addressed

earlier in the pleadings, Plaintiff has filed a Surreply Brief.") (Thrash, J.). To the extent the Court considers Plaintiff's Response, 3M and Daikin reply as follows[1]:

I.  **The *Johnson* Order supports dismissal of Plaintiff's negligence claim.**

   A.  **The Court's ruling on duty is directly applicable to this case.**

Plaintiff asserts that "Judge Totenberg's conclusion on the issue of duty is inapplicable" in this case because she did not address whether 3M and Daikin had a duty to warn. Resp. at 3. This argument fails for three reasons.

***First***, Plaintiff's argument conflates the *two* distinct negligence claims he has brought against Daikin and 3M: a claim for negligence (Count Five) and a separate claim for negligent failure to warn (Count Seven). As in *Johnson*, the negligence claim is premised on an alleged "duty to Plaintiff and Proposed Class Members … to exercise due and reasonable care to prevent the disposal and discharge" of PFAS. *See* First Amended Complaint [ECF Doc. 73] ("FAC") ¶ 162; Order at 99. This is

---

[1] 3M and Daikin respectfully disagree with the *Johnson* Order's rulings on the economic loss rule and nuisance claims, but will not reargue those issues here. 3M and Daikin rely on their motion to dismiss briefing. *See*, *generally*, 3M's Motion to Dismiss Brief [ECF Doc. 89-1] ("3M Br."); 3M's Reply Brief [ECF Doc. 110] ("3M Rep."); Daikin's Motion to Dismiss Brief [ECF Doc. 86] ("DAI Br."); Daikin's Reply Brief [ECF Doc. 109] ("DAI Rep.").

precisely the alleged duty Judge Totenberg held 3M and Daikin did not owe Plaintiff, and Count Five should be dismissed.[2] Op. at 111-12, 118.

**Second**, the *Johnson* Order's analysis on "duty" applies equally to Plaintiff's separate failure to warn claim. For that claim, too, the question is not whether 3M and Daikin owe a duty to warn *someone*—the question is whether they owe a duty *to this Plaintiff*. *See* Op. at 100 (citing *Dep't of Lab. v. McConnell*, 828 S.E.2d 352, 358 (Ga. 2019)); *id*. at 111 (PFAS suppliers owe no duty to "an unknown third-party, rather than its consumer."). And the answer is no. The cases Plaintiff cites in his Response recognize a manufacturer's duty to warn a product's *users*. *See* Resp. at 4 (collecting cases)[3]. But the Georgia Supreme Court, like the Order, has held that the duty does not extend to protect third parties like Plaintiff. *See, e.g.*, *Certainteed Corp. v. Fletcher*, 794 S.E.2d 641 (Ga. 2016) (holding that an asbestos-manufacturer

---

[2] To the extent Plaintiff now contends Counts Five and Seven are both based on the duty to warn, Count Five should be dismissed as duplicative. *See Hays v. Page Perry, LLC*, 26 F. Supp. 3d 1311, 1320 (N.D. Ga. 2014), *aff'd,* 627 F. App'x 892 (11th Cir. 2015) (dismissing claims as duplicative where all were based on alleged failure to meet professional standards of care) (Thrash, J.).

[3] Plaintiff's citation to *Air & Liquid Sys. Corp. v. DeVries*, 139 S. Ct. 986, 994 (2019), is confusing and misleading. Defendants have not argued, and the *Johnson* Court did not hold, that the question of control over third parties resolved the failure to warn claim. Indeed, Defendants' briefs addressed the two negligence claims separately. *See* 3M Br. at 11-16; 3M Rep. at 3-8; DAI Br. at 9-14; DAI Rep. at 1-6. It is Plaintiff who is now merging the claims.

had no duty to warn third parties because extending the duty to protect third parties would be "problematic" because the warning "would not [be] systematically distributed or available to the individuals to which it was targeted; instead, the onus would [be] on the *[user]* to keep those third parties safe."); *accord, e.g.*, *Reichwaldt v. Gen. Motors LLC*, 304 F. Supp. 3d 1312, 1319 (N.D. Ga. 2018) (Thrash, J.) (applying *Certainteed* to hold that a car manufacturer owes no duty to warn a non-purchaser of defects in the car).

Plaintiff here is even further removed from the product user, Mount Vernon Mills ("MVM"), than the plaintiffs in *Certainteed* and *Reichwaldt*. In fact, he is at least *three times* removed from MVM. *See* 3M's Br. at 1. Extending the duty to warn to protect Plaintiff would subject 3M and Daikin to the expansive, unlimited liability rejected in *Certainteed*. Thus, even if 3M and Daikin owed a duty to their users, that duty does not "bring the [P]laintiff within a class of people whose interests are entitled to protection from [Defendants'] conduct." *Certainteed*, 794 S.E.2d at 645 (quoting *CSX Transp., Inc. v. Williams*, 608 S.E.2d 208, 209 (Ga. 2005)).

**Third**, and in any event, Plaintiff ignores his own allegations that MVM knew of the alleged dangers of PFAS. FAC ¶¶ 60, 70. Under Georgia law, 3M and Daikin had no duty to warn MVM about alleged dangers of which it was already aware. *See Daniels v. Bucyrus-Erie Corp.*, 516 S.E.2d 848, 850 (Ga. Ct. App. 1999)

(manufacturer of crane was not liable to injured bystander for failing to warn crane operator of risk operator was aware of).

### B. The Court was not obligated to address every authority cited by the parties.

Without a way to distinguish this case from *Johnson* on the duty element of either of Plaintiff's negligence-related claims, Plaintiff takes issue with the duty ruling itself. He complains that the *Johnson* Court "failed to explain why the duty principles enunciated in the Restatement did not apply there" and "failed to explain why decisions from other jurisdictions did not constitute persuasive authority." Resp. at 8. But "courts are not required to address every [authority] cited by a litigant, and declining to distinguish a particular non-controlling [authority] can hardly constitute an abuse of discretion." *Siegmund v. Xuelian*, No. 12-62539-CIV, 2016 WL 3186004, at *2 (S.D. Fla. June 8, 2016), *aff'd sub nom. Siegmund v. Xuelian Bian*, 746 F. App'x 889 (11th Cir. 2018) (quoting *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014). The *Johnson* Order dedicates nearly 13 of its 180 pages to discussing Georgia law on duty (*see* Op. at 99-112), and the Court was not obligated to address every authority cited by the parties, particularly where there were more recent controlling and persuasive authorities on point.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in 3M's and Daikin's respective motions to dismiss and related briefing, Plaintiff's claims against 3M and Daikin should be dismissed.

Respectfully submitted this 4th day of November, 2021.

/s/ Robert B. Remar
Robert B. Remar, GA Bar No. 600575
S. Gardner Culpepper, GA Bar No. 201210
Monica P. Witte, GA Bar No. 405952
Katherine L. D'Ambrosio, GA Bar No. 780128
ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
Atlanta, GA 30303
Telephone (404) 522-4700
Email: rremar@rh-law.com
Email: sculpepper@rh-law.com
Email: mwitte@rh-law.com
Email: kdambrosio@rh-law.com

Jackson R. Sharman, III, GA Bar No. 637930
Benjamin P. Harmon, GA Bar No. 979043
Harlan I. Prater,
*Pro Hac Vice application forthcoming*
M. Christian King,
*Pro Hac Vice application forthcoming*
W. Larkin Radney,
*Pro Hac Vice application forthcoming*
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203

Telephone: (205) 581-0700
Email: jsharman@lightfootlaw.com
Email: bharmon@lightfootlaw.com
Email: hprater@lightfootlaw.com
Email: cking@lightfootlaw.com
Email: lradney@lightfootlaw.com

*Counsel for Defendant 3M Company*

/s/ *Theodore M. Grossman*
Theodore M. Grossman, *Pro Hac Vice*
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3480
Email: tgrossman@JonesDay.com

Richard H. Deane, Jr.
JONES DAY
1221 Peachtree Street, N.E.,
Suite 400
Atlanta, Georgia 30361
Telephone: (404) 521-3939
Email: rhdeane@jonesday.com

Steven F. Casey, *Pro Hac Vice*
Kary Bryant Wolfe, *Pro Hac Vice*
William Underwood, GA Bar No. 401805
JONES WALKER LLP
420 20th Street North, Suite 1100
Birmingham, AL 35203
Telephone: (205) 244-5200
Email: scasey@joneswalker.com
Email: kwolfe@joneswalker.com
Email: wunderwood@joneswalker.com

Chris Yeilding, *Pro Hac Vice*

7

                BALCH & BINGHAM LLP
                1901 Sixth Avenue North, Suite 1500
                Birmingham, AL 35203-4642
                Telephone (205) 226-8728
                Email: cyeilding@balch.com

*Counsel for Defendant Daikin America, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a class of persons similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>3M COMPANY, *et al.*,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:21-cv-00040-TWT<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE
AND COMPLIANCE WITH LOCAL RULE 5.1**

I hereby certify that I have this date electronically filed the within and foregoing, which has been prepared using 14-point Times New Roman font, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated: November 4, 2021.

                                             */s/ Robert B. Remar*
                                             Robert B. Remar, GA Bar No. 600575
                                             S. Gardner Culpepper, GA Bar No. 201210
                                             Monica P. Witte, GA Bar No. 405952
                                             Katherine L. D'Ambrosio, GA Bar No. 780128
                                             ROGERS & HARDIN LLP
                                             229 Peachtree Street, N.E.
                                             Atlanta, GA 30303
                                             Telephone (404) 522-4700

Email: rremar@rh-law.com
Email: sculpepper@rh-law.com
Email: mwitte@rh-law.com
Email: kdambrosio@rh-law.com

*Counsel for Defendant 3M Company*