IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a Class of persons similarly situated,<br><br>*Plaintiff*, and<br><br>CITY OF SUMMERVILLE, GA.,<br><br>*Intervenor Plaintiff*,<br><br>vs.<br><br>3M COMPANY, et al.,<br><br>*Defendants*. | Civil Action No. 4:21-cv-00040-TWT |

## ANSWER AND DEFENSES OF DEFENDANT MOUNT VERNON MILLS, INC. TO COMPLAINT IN INTERVENTION OF THE CITY OF SUMMERVILLE[1]

Defendant Mount Vernon Mills, Inc. ("Mount Vernon") hereby timely files its Answer to the Complaint in Intervention (the "Intervention Complaint") [Dkt. 137], filed by Intervenor City of Summerville, Georgia ("Summerville") on March 30, 2022.

---

[1] Mount Vernon submits its Answer and Defenses for avoidance of doubt and out of an abundance of caution in light of Summerville's statement that it asserts no legal claims against Mount Vernon. Compl. [Dkt. 137] at ¶11.

## AFFIRMATIVE DEFENSES

Mount Vernon states the following separate defenses without assuming the burden of proof that otherwise would rest with Summerville, and while reserving the right to assert additional defenses that may be available after further investigation:

## FIRST DEFENSE

The Intervention Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Summerville's claims are barred because Mount Vernon acted lawfully, in accordance with permits issued by the Town of Trion, and in good faith at all times.

## THIRD DEFENSE

Summerville's claims are barred because Mount Vernon complied with all applicable local, state, and federal laws and regulations.

## FOURTH DEFENSE

Summerville has no right of action to enforce the Georgia Water Quality Control Act.

## FIFTH DEFENSE

O.C.G.A. § 12-5-29(a) is not a law, regulation, standard, or requirement applicable to Mount Vernon and is not incorporated into Mount Vernon's industrial user permit.

Mount Vernon is entitled, without limitation, to all defenses allowed for by local ordinances and the Georgia Water Quality Control Act.

## SIXTH DEFENSE

Summerville's claims are barred as improper collateral attacks on properly issued permits.

## SEVENTH DEFENSE

Summerville's claims are barred in whole or in part by applicable statutes of limitation or statutes of repose.

## EIGHTH DEFENSE

Mount Vernon denies that Summerville has been harmed to the extent alleged in the Intervention Complaint.

## NINTH DEFENSE

If Summerville has suffered any injuries or damages as alleged, which is specifically denied by Mount Vernon, then those injuries or damages were caused

by independent actions and/or omissions of third parties over whom Mount Vernon had no control or influence and for whom Mount Vernon is not liable.

## TENTH DEFENSE

If Summerville has suffered any injuries or damages as alleged, which is specifically denied by Mount Vernon, then those damages were not proximately caused by Mount Vernon.

## ELEVENTH DEFENSE

If Summerville has sustained any damages as alleged, which is specifically denied by Mount Vernon, the damages are subject to apportionment and Mount Vernon is not jointly and severally liable to Summerville.

## TWELFTH DEFENSE

If Summerville has sustained any damages as alleged, which is specifically denied by Mount Vernon, any alleged interference with Summerville's property was de minimis and therefore is not compensable or actionable.  Summerville is not entitled to any relief or recovery from Mount Vernon.

## THIRTEENTH DEFENSE

Summerville's claims are barred in whole or in part because the utility of the conduct of which Summerville complains outweighs any alleged harm to the Summerville.

## FOURTEENTH DEFENSE

Summerville's claims are barred in whole or in part because Mount Vernon's conduct was in accordance with the applicable standards of care under all laws, regulations, industry practice, and state-of-the-art knowledge, and the activities of Mount Vernon were reasonable as a matter of law.

## FIFTEENTH DEFENSE

Summerville's claims are barred in whole or in part to the extent that they seek to impose liability based on a retroactive application of laws, regulations, standards, or guidelines.

## SIXTEENTH DEFENSE

Summerville's claims are preempted in whole or in part by state and/or federal statutes, rules, and regulations, including but not limited to, the Clean Water Act and RCRA.

## SEVENTEENTH DEFENSE

Summerville lacks standing to bring this action or one or more of the claims, to the extent asserted against Mount Vernon.

## EIGHTEENTH DEFENSE

Summerville's claims are barred in whole or in part because Mount Vernon did not owe or breach a legal duty to Plaintiff.

## NINETEENTH DEFENSE

Summerville's claims are barred in whole or in part by the doctrine of primary jurisdiction.

## TWENTIETH DEFENSE

Summerville's claims are barred in whole or in part by waiver, estoppel, laches, and/or unclean hands.

## TWENTY-FIRST DEFENSE

Summerville's claims are barred by collateral estoppel, res judicata, judicial estoppel, and/or pending prior actions.

## TWENTY-SECOND DEFENSE

Summerville's claims are barred in whole or in part by the Economic Loss Rule.

## TWENTY-THIRD DEFENSE

Summerville's claims are barred in whole or in part by the Public Service Doctrine.

## TWENTY-FOURTH DEFENSE

Summerville's claims are barred in whole or in part due to the failure to plead special damages with particularity pursuant to Fed.R.Civ.P. 9(g).

## TWENTY-FIFTH DEFENSE

Summerville's claims are barred in whole or in part by the assumption of risk.

## TWENTY-SIXTH DEFENSE

To the extent that Summerville proves the existence of any alleged nuisance, Summerville's claims are barred or limited in whole or in part under the doctrines of "coming to the nuisance," the prior nuisance doctrine, and/or the doctrine of consent.

## TWENTY-SEVENTH DEFENSE

Summerville failed to join one or more necessary or indispensable parties in this litigation.

## TWENTY-EIGHTH DEFENSE

Summerville's claims are barred in whole or in part because it has not suffered any special harm.

## TWENTY-NINTH DEFENSE

Summerville's claims are barred in whole or in part because its injuries were not foreseeable.

## THIRTIETH DEFENSE

Summerville's claims are barred in whole or in part by its failure to properly mitigate damages.

## THIRTY-FIRST DEFENSE

Summerville's claims were caused in whole or in part by Summerville's contributory or comparative negligence.

## THIRTY-SECOND DEFENSE

Summerville's request for damages is too speculative or remote.

## THIRTY-THIRD DEFENSE

Summerville is not entitled to injunctive or equitable relief because it has an adequate remedy at law.

## THIRTY-FOURTH DEFENSE

Summerville is not entitled to injunctive relief because issuing an injunction will not serve the public interest and Summerville cannot show an irreparable injury if an injunction does not issue, a likelihood of success on the merits, or a lack of an adequate remedy at law.

## THIRTY-FIFTH DEFENSE

Some or all of the damages alleged in the Intervenor Complaint constitute impermissible double recovery.

## THIRTY-SIXTH DEFENSE

Mount Vernon asserts all rights of set-off from any amount Summerville may receive in settlement or judgment from any other entity.

## THIRTY-SEVENTH DEFENSE

Mount Vernon asserts all rights of set-off from any collateral source payments paid or payable to Summerville.

## THIRTY-EIGHTH DEFENSE

Summerville's request for attorney's fees is barred because Mount Vernon has not acted in such a way to give rise to any claim for attorney's fees and expenses of litigation.

## THIRTY-NINTH DEFENSE

Summerville's claims are barred in whole or in part because they cannot be tried without violating Mount Vernon's Due Process rights under the Georgia or United States Constitutions and the Seventh Amendment to the United States Constitution.

## FORTIETH DEFENSE

Summerville's claims are barred in whole or in part by the voluntary payment doctrine.

## FORTY-FIRST DEFENSE

Mount Vernon adopts and incorporates herein by reference any applicable affirmative defense asserted by any other Defendant in this action.

## FORTY-SECOND DEFENSE

Mount Vernon reserves the right to assert any additional affirmative defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery.

## STATEMENT OF THE CASE

Without waiver of the foregoing affirmative defenses, which are expressly incorporated into the subsequent responses by reference, Mount Vernon responds to the enumerated paragraphs of the Intervenor Complaint as follows:

**1.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 1 of the Intervenor Complaint, and accordingly denies these allegations. Mount Vernon denies the allegations in the third and fourth sentences of Paragraph 1 of the Intervenor Complaint.

**2.**

Paragraph 2 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**3.**

Paragraph 3 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## JURISDICTION AND VENUE

**4.**

Paragraph 4 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**5.**

In response to the allegations in Paragraph 5 of the Intervenor Complaint, and without waiver of its pre-answer motion to dismiss, Mount Vernon admits only that venue is appropriate in the Northern District of Georgia. Mount Vernon denies any wrongdoing, denies that it has violated any governing statutes, and denies that venue may remain appropriate should federal claims in this action be dismissed. Except as specifically set forth herein, Mount Vernon denies the allegations in Paragraph 5 of the Intervenor Complaint.

## PARTIES

### 6.

On information and belief, Mount Vernon admits the allegations of the first sentence of Paragraph 6 of the Intervenor Complaint. As to the second sentence, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations, and accordingly denies these allegations.

### 7.

In response to the allegations of Paragraph 7 of the Intervenor Complaint, Mount Vernon admits only that, at times, it has used in its manufacturing process certain products from 3M. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Intervenor Complaint, and accordingly denies those allegations.

### 8.

In response to the allegations of Paragraph 8 of the Intervenor Complaint, Mount Vernon admits only that, at times, it has used in its manufacturing process certain products from Daikin. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Intervenor Complaint, and accordingly denies those allegations.

**9.**

In response to the allegations of Paragraph 9 of the Intervenor Complaint, Mount Vernon admits only that, at times, it has used in its manufacturing process certain products from Huntsman. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Intervenor Complaint, and accordingly denies those allegations.

**10.**

In response to the allegations of Paragraph 10 of the Intervenor Complaint, Mount Vernon admits only that, at times, it has used in its manufacturing process certain products from Huntsman. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Intervenor Complaint, and accordingly denies those allegations.

**11.**

Mount Vernon acknowledges that Summerville asserts no legal claims against these Defendants. The statement that these Defendants may be considered necessary parties sets forth a legal conclusion to which no answer is deemed required; to the extent any answer is required, said allegation is denied.

**12.**

Paragraph 12 of the Intervenor Complaint is not directed at Mount Vernon and consequently no answer is deemed required; to the extent any answer is required,

said paragraph is denied.  For the purpose of drafting this Answer, and consistent with Paragraph 12 of the Intervenor Complaint, Mount Vernon has interpreted the terms "PFAS Manufacturing Defendants" and "Defendants" to refer solely to 3M, Daikin, Huntsman, and Pulcra.

## FACTUAL ALLEGATIONS

### 13.

On information and belief, Mount Vernon admits that the City of Summerville provides water and sewer service to its residents.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Intervenor Complaint, and accordingly denies those allegations.

### 14.

On information and belief, Mount Vernon admits the allegations in the first sentence of Paragraph 14 of the Intervenor Complaint and that the City of Summerville provides treated drinking water to customers.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Intervenor Complaint, and accordingly denies those allegations.

**15.**

Due to the lack of specificity of the term "PFAS," Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 15 of the Intervenor Complaint, and accordingly denies those allegations.  The third sentence of Paragraph 15 refers to written documents that speak for themselves as to content, and Mount Vernon denies any allegations inconsistent therewith.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 15, and accordingly denies those allegations.

**16.**

Paragraph 16 of the Intervenor Complaint refers to written documents that speak for themselves as to content, and Mount Vernon denies any allegations inconsistent therewith.

**17.**

The first sentence of Paragraph 17 of the Intervenor Complaint refers to a written document that speaks for itself as to content, and Mount Vernon denies any allegations inconsistent therewith.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and accordingly denies those allegations.

**18.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Intervenor Complaint, and accordingly denies those allegations.

**19.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and accordingly denies those allegations.

**20.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Intervenor Complaint, and accordingly denies those allegations.

**21.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Intervenor Complaint, and accordingly denies those allegations.

**22.**

Mount Vernon admits that EPA published lifetime Drinking Water Health Water Advisories for PFOA and PFOS in May of 2016.  Mount Vernon is without knowledge or information sufficient to form a belief as to the exact date in May of

2016 on which either Advisory was published, and accordingly denies that aspect of the allegations in Paragraph 22 of the Intervenor Complaint.

**23.**

Paragraph 23 of the Intervenor Complaint refers to written documents that speak for themselves as to content, and Mount Vernon denies any allegations inconsistent therewith.

**24.**

Paragraph 24 of the Intervenor Complaint refers to a written document that speaks for itself as to content, and Mount Vernon denies any allegations inconsistent therewith.

**25.**

The allegations Paragraph 25 of the Intervenor Complaint relating to state guidelines refer to written documents that speak for themselves as to content, and Mount Vernon denies any allegations inconsistent therewith.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and accordingly denies those allegations.

**26.**

Mount Vernon denies the allegations of Paragraph 26 of the Intervenor Complaint to the extent they suggest improper disposal or discharge of materials by

Mount Vernon.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations.

**27.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 27 of the Intervenor Complaint.  To the extent Paragraph 27 refers to written documents, those documents speak for themselves as to content, and Mount Vernon denies any allegations inconsistent therewith.

**28.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 28 of the Intervenor Complaint.  To the extent Paragraph 28 refers to a written document, that document speaks for itself as to content, and Mount Vernon denies any allegations inconsistent therewith.

**29.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 29 of the Intervenor Complaint.  To the extent Paragraph 29 refers to a written document, that

document speaks for itself as to content, and Mount Vernon denies any allegations inconsistent therewith.

**30.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 30 of the Intervenor Complaint.

**31.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 31 of the Intervenor Complaint.  To the extent Paragraph 31 refers to a written document, that document speaks for itself as to content, and Mount Vernon denies any allegations inconsistent therewith.

**32.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 32 of the Intervenor Complaint.

**33.**

In response to the allegations in Paragraph 33 of the Intervenor Complaint, Mount Vernon admits only that it has received products from Huntsman.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth

of, and therefore denies, the allegations in Paragraph 33 as they pertain to other Defendants or non-parties.

**34.**

In response to the allegations in Paragraph 34 of the Intervenor Complaint, Mount Vernon admits only that, on occasion since 2010, it has received products from Pulcra.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 34 as they pertain to other Defendants.

**35.**

Paragraph 35 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 35 of the Intervenor Complaint.

**36.**

Mount Vernon denies the allegations in Paragraph 36 as they pertain to Mount Vernon.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 36 as they pertain to other Defendants.

**37.**

Paragraph 37 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required. To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 37 of the Intervenor Complaint.

**38.**

Mount Vernon admits that there is a document titled "Resolution Regarding City of Summerville Water Supply, October 12, 2020" attached to the Intervenor Complaint as Exhibit A, which speaks for itself as to content, and Mount Vernon denies any allegations inconsistent therewith. As to the remaining allegations in Paragraph 38 of the Intervenor Complaint, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 38 of the Intervenor Complaint.

## <u>COUNT ONE</u>

**39.**

In response to Paragraph 39 of the Intervenor Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 38 as if fully set forth herein.

**40.**

Paragraph 40 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Intervenor Complaint, and accordingly denies the allegations.

**41.**

Paragraph 41 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Intervenor Complaint, and accordingly denies the allegations.

**42.**

Paragraph 42 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Intervenor Complaint, and accordingly denies the allegations.

**43.**

Paragraph 43 refers to state authority that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

**44.**

Paragraph 44 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Intervenor Complaint, and accordingly denies the allegations.

**45.**

Paragraph 45 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Intervenor Complaint, and accordingly denies the allegations.

**46.**

Paragraph 46 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 46 of the Intervenor Complaint, and accordingly denies the allegations.

**47.**

Paragraph 47 of the Intervenor Complaint and the relief set forth in the "wherefore" paragraph are not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Intervenor Complaint, and accordingly denies the allegations and denies that any relief is due against Mount Vernon.

**COUNT TWO**

**48.**

In response to Paragraph 48 of the Intervenor Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 47 as if fully set forth herein.

**49.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 49 of the Intervenor Complaint, and accordingly denies these allegations.

**50.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 50 of the Intervenor Complaint, and accordingly denies these allegations.

**51.**

Mount Vernon admits that Summerville provides drinking water to its customers.  With regard to the remaining allegations of Paragraph 51, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations, and accordingly denies these allegations.

**52.**

Paragraph 52 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 52 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**53.**

Paragraph 53 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 53 of the Intervenor Complaint sets forth a legal conclusion for

which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**54.**

Paragraph 54 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 55 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**55.**

Paragraph 55 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 55 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**56.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Intervenor Complaint, and accordingly denies these allegations.

**57.**

Paragraph 57 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Intervenor Complaint, and accordingly denies the allegations.

**58.**

Paragraph 58 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 58 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**59.**

Paragraph 59 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 55 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.  Mount Vernon further denies that any of the relief set forth in the "wherefore" paragraph is due from Mount Vernon.

## COUNT THREE

### 60.

In response to Paragraph 60 of the Intervenor Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 59 as if fully set forth herein.

### 61.

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 61 of the Intervenor Complaint, and accordingly denies these allegations.

### 62.

Paragraph 62 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required. To the extent a response is required, Paragraph 62 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

### 63.

Paragraph 63 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required. To the extent a response is required, Paragraph 63 of the Intervenor Complaint sets forth a legal conclusion for

which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**64.**

Paragraph 64 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 64 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**65.**

Paragraph 65 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 65 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**66.**

Paragraph 66 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 66 of the Intervenor Complaint sets forth a legal conclusion for

which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 67.

Paragraph 67 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 67 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 68.

Paragraph 68 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 68 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 69.

Paragraph 69 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 69 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said

paragraph is denied.  Mount Vernon further denies that any relief set forth in the "wherefore" paragraph is due from Mount Vernon.

## COUNT FOUR

### 70.

In response to Paragraph 70 of the Intervenor Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 69 as if fully set forth herein.

### 71.

Paragraph 71 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

### 72.

Paragraph 72 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 72 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.  Mount Vernon further denies that any relief set forth in the "wherefore" paragraph is due from Mount Vernon.

## COUNT FIVE

**73.**

In response to Paragraph 73 of the Intervenor Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 72 as if fully set forth herein.

**74.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 74 of the Intervenor Complaint, and accordingly denies these allegations.

**75.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 75 of the Intervenor Complaint, and accordingly denies these allegations.

**76.**

Paragraph 76 refers to state authority that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

**77.**

Paragraph 77 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 77 of the Intervenor Complaint sets forth a legal conclusion for

which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**78.**

Paragraph 78 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 78 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**79.**

Paragraph 79 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 79 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**80.**

Paragraph 80 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 80 of the Intervenor Complaint sets forth a legal conclusion for

which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 81.

Paragraph 81 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 81 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 82.

Paragraph 82 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 82 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 83.

Paragraph 83 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 83 of the Intervenor Complaint sets forth a legal conclusion for

which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

### 84.

Paragraph 84 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 84 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.  Mount Vernon further denies that any relief set forth in the "wherefore paragraph" is due from Mount Vernon.

### <u>COUNT SIX</u>

### 85.

In response to Paragraph 85 of the Intervenor Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 84 as if fully set forth herein.

### 86.

Paragraph 86 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 86 of the Intervenor Complaint sets forth a legal conclusion for

which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**87.**

Paragraph 87 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 87 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**88.**

Paragraph 88 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 88 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**89.**

Paragraph 89 refers to state authority that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

**90.**

Paragraph 90 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is

required, Paragraph 90 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.  Further, Paragraph 90 refers to state authority that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

**91.**

Paragraph 91 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 91 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**92.**

Paragraph 92 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 92 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**93.**

Paragraph 93 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 93 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**94.**

Paragraph 94 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 94 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**95.**

Paragraph 95 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 95 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.  Mount Vernon further denies that any relief set forth in the "wherefore" paragraph is due from Mount Vernon.

## COUNT SEVEN

### 96.

In response to Paragraph 96 of the Intervenor Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 95 as if fully set forth herein.

### 97.

Paragraph 97 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required. To the extent a response is required, Paragraph 97 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

### 98.

Paragraph 98 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required. To the extent a response is required, Paragraph 98 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied. Mount Vernon further denies that any relief set forth in the "wherefore" paragraph is due from Mount Vernon.

## COUNT EIGHT

### 99.

In response to Paragraph 99 of the Intervenor Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 98 as if fully set forth herein.

### 100.

Paragraph 100 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 100 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied. Further, Paragraph 100 refers to state authority that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

## COUNT NINE

### 101.

In response to Paragraph 101 of the Intervenor Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 100 as if fully set forth herein.

**102.**

Paragraph 102 refers to state authority that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

**103.**

Paragraph 103 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 103 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied. Further, Paragraph 103 sets forth a legal conclusion for which no answer is deemed required.

**104.**

Paragraph 104 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 104 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied. Further, Paragraph 104 sets forth a legal conclusion for which no answer is deemed required.

**105.**

Paragraph 105 sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is admitted.

**106.**

Paragraph 106 refers to state authority that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

**107.**

On information and belief, Mount Vernon admits the allegations of Paragraph 107 of the Intervenor Complaint.

**108.**

Paragraph 108 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required. To the extent a response is required, Paragraph 108 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied. Mount Vernon further denies that any relief set forth in the "wherefore" paragraph is due from Mount Vernon.

## COUNT TEN

**109.**

In response to Paragraph 109 of the Intervenor Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 108 as if fully set forth herein.

**110.**

Paragraph 110 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 110 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**111.**

Paragraph 111 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 111 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**112.**

Paragraph 112 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 112 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**113.**

Paragraph 113 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 113 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**114.**

Paragraph 114 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Intervenor Complaint, and accordingly denies the allegations.

**115.**

Paragraph 115 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 115 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 116.

Paragraph 116 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 116 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 117.

Paragraph 117 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 117 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 118.

Paragraph 118 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 118 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**119.**

Paragraph 119 of the Intervenor Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Paragraph 119 of the Intervenor Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

\*\*\*\*\*

Except as expressly set forth herein, Mount Vernon denies all allegations in the Intervenor Complaint, including allegations in any unnumbered paragraphs or headings of the Intervenor Complaint.  Mount Vernon further denies that Plaintiff is entitled to any of the relief or awards prayed for in the Intervenor Complaint, or to any other or further relief from the Court relative to Mount Vernon.

\*\*\*\*\*

WHEREFORE, Mount Vernon respectfully requests:

(a)     that the Court dismiss all claims in the Intervenor Complaint and enter judgment in favor of Mount Vernon and against Plaintiff;

(b)     that all costs of this action be taxed against Summerville; and

(c)     that the Court grant Mount Vernon such other and further relief, as the Court deems just and proper.

This 21st day of April, 2022.

/s/ William M. Droze
WILLIAM M. DROZE
Georgia Bar No. 231039
T. MATTHEW BAILEY
Georgia Bar No. 194516
Troutman Pepper Hamilton Sanders, LLP
600 Peachtree Street, N.E. Suite 3000
Atlanta, GA 30308
william.droze@troutman.com
matt.bailey@troutman.com
(404) 885-3468
(404) 885-2716

*Attorneys for Defendant Mount Vernon Mills, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the within and foregoing **ANSWER AND DEFENSES OF DEFENDANT MOUNT VERNON MILLS, INC. TO COMPLAINT IN INTERVENTION OF THE CITY OF SUMMERVILLE** was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 21st day of April, 2022.

*/s/ William M. Droze*
William M. Droze
Georgia Bar No. 231039
william.droze@troutman.com

*Attorney for Defendant Mount Vernon Mills, Inc.*

**TROUTMAN PEPPER HAMILTON SANDERS LLP**
3000 Bank of America Plaza
600 Peachtree Street N.E.
Atlanta, GA 30308-2216
Telephone: 404-885-3000
Facsimile: 404-885-3900