**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| EARL PARRIS, JR., Individually, and on Behalf of a Class of Persons Similarly Situated, )<br><br>Plaintiff, )<br><br>City of SUMMERVILLE, GEORGIA, )<br><br>Intervenor-Plaintiff, )<br><br>vs. )<br><br>3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL, LLC, PULCRA CHEMICALS, LLC, MOUNT VERNON MILLS, INC., TOWN OF TRION, GEORGIA, and RYAN DEJUAN JARRETT, )<br><br>Defendants. ) | Case No.: 4:21-cv-00040-TWT |

**PULCRA CHEMICALS, LLC'S ANSWER TO CITY OF
SUMMERVILLE, GEORGIA'S COMPLAINT IN INTERVENTION**

Defendant Pulcra Chemicals, LLC ("Pulcra") for its Answer to the City of

Summerville, Georgia's ("Summerville" or "Intervenor") Complaint in Intervention

(the "Complaint in Intervention"), states and alleges that unless otherwise answered

1

or addressed in this Answer, each and every allegation in Intervenor's Complaint in Intervention is denied. Pulcra further responds paragraph-by-paragraph as follows:

## STATEMENT OF THE CASE

1.      Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 1 and therefore denies the same. The third and fourth sentences of Paragraph 1 are characterizations of the Complaint in Intervention, including Intervenor's claims and theories of liability, for which no response is required. To the extent a response is required, Pulcra denies all allegations in the third and fourth sentences of Paragraph 1 as to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 1 as to the other defendants and therefore denies the same.

2.      Paragraph 2 is a characterization of Intervenor's Complaint in Intervention, including Intervenor's claims and theories of liability, for which no response is required. To the extent a response is required, Pulcra admits that Intervenor seeks certain remedies, but denies that it is entitled to such remedies from Pulcra, and Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 as to the other defendants and therefore denies the same.

3.      Paragraph 3 is a characterization of Intervenor's Complaint in Intervention, including Intervenor's claims and theories of liability, for which no response is required. To the extent a response is required, Pulcra admits that Summerville seeks certain remedies, but denies that it is entitled to such remedies from Pulcra, and Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 as to the other defendants and therefore denies the same.

## JURISDICTION AND VENUE

4.      Pulcra admits that to the extent the Court has original jurisdiction, it also has proper supplemental jurisdiction over this action.

5.      Pulcra admits that it has conducted business in the Northern District of Georgia ("this District"). Except as so specifically admitted, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies the same.

## PARTIES

6.      Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the same.

7.      Paragraph 7 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required,

3

Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

8.   Paragraph 8 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same.

9.   Paragraph 9 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10.   Pulcra admits that it is a foreign corporation with its headquarters in South Carolina, conducting business in this District and that Pulcra has sold certain products, some of which contained PFAS, as defined in the Complaint in Intervention, to Mount Vernon Mills since approximately 2007. Pulcra denies it manufactures such products and otherwise, except as so specifically admitted, Pulcra denies all other allegations in Paragraph 10.

11.   Paragraph 11 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra admits that persons and entities identified in Paragraph 11 are named

Defendants in the Complaint in Intervention but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies the same.

12.     Paragraph 12 sets forth the naming conventions used by Intervenor in the Complaint in Intervention and no response from Pulcra is required. To the extent a response is required, Pulcra denies that it manufactures PFAS.

## FACTUAL ALLEGATIONS

13.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15.     Upon information and belief, Pulcra admits that the term PFAS includes per- and polyfluoroalkyl substances that are man-made products and are commonly referred to as "forever chemicals." Pulcra admits further that the PFAS category of substances includes perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS") and that PFOA and PFOS were identified in the Environmental Protection Agency ("EPA") Drinking Water Health Advisory released in 2016, which speaks for itself. Pulcra denies any statement or allegation in Paragraph 15 to the extent it is inconsistent with the EPA Drinking Water Health

Advisory. Pulcra denies that human diseases are definitively caused by exposure to PFAS, and further denies that any PFAS contained in any products it has sold to Mount Vernon Mills have caused any human disease. Except as so specifically admitted, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore denies the same.

16.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and therefore denies the same.

17.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore denies the same.

18.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and therefore denies the same.

19.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 19 and therefore denies the same. Pulcra denies all allegations in the second sentence of Paragraph 19 as they relate to Pulcra.  Pulcra is without knowledge or information sufficient to

form a belief as to the truth of the allegations in the second sentence of Paragraph 20 as they relate to other defendants and therefore denies the same.

20.    Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21.    Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

22.    Upon information and belief, Pulcra admits that EPA published lifetime Drinking Water Health Advisories for PFOA and PFOS in May 2016 (the "EPA Lifetime Drinking Water Health Advisories") and that they speak for themselves. Pulcra denies any statement or allegation in Paragraph 22 to the extent it is inconsistent with the EPA Lifetime Drinking Water Health Advisories. Except as so specifically admitted, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore denies the same.

23.    Upon information and belief, Pulcra admits only that EPA published the EPA Lifetime Drinking Water Health Advisories for PFOA and PFOS in 2016 and that they speak for themselves. Pulcra denies the allegations in the second sentence. Paragraph 23 to the extent they purport to imply or assert that the EPA Health Advisories calculated any short term PFAS advisory levels as opposed to

lifetime advisory levels. Pulcra further denies that the Health Advisories indicate that exposure to PFOA and PFOS over certain levels, alone, may result in adverse health effects, as such Advisories include various assumptions, including about the frequency and length of exposure in addition to the quantitative level of exposure. Pulcra denies any statement or allegation in Paragraph 23 to the extent it is inconsistent with the EPA Lifetime Drinking Water Health Advisories. Except as so specifically admitted, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies the same.

24.    Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies the same.

25.    Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies the same.

26.    Denied as to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 as to the other defendants and therefore denies the same.

27.    Pulcra denies the allegations in the first sentence of Paragraph 27 that relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 27 as to the

other defendants and therefore denies the same.  The second, third, and fourth sentences of Paragraph 27 contain allegations directed against defendants other than Pulcra, and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 27 and therefore denies the same.

28.    Pulcra denies the allegations in the first sentence of Paragraph 28 that relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 28 as to the other defendants and therefore denies the same. The second and third sentences of Paragraph 28 contain allegations directed against defendants other than Pulcra, and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 28 and therefore denies the same.

29.    Pulcra denies the allegations in the first sentence of Paragraph 29 that relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 29 as to the other defendants and therefore denies the same.  The second sentence of Paragraph

29 contains allegations directed against defendants other than Pulcra, and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 29 and therefore denies the same.

30.     Pulcra denies the allegations in the first sentence of Paragraph 30 that relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 30 as to the other defendants and therefore denies the same.  The second, third, fourth, and fifth sentences of Paragraph 30 contain allegations directed against defendants other than Pulcra, and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth, and fifth sentences of Paragraph 30 and therefore denies the same.

31.     Paragraph 31 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies the same.

32.     Paragraph 32 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required,

Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies the same.

33.     Paragraph 33 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies the same.

34.     Pulcra admits only that it has supplied certain products, some of which contained PFAS, as defined in the Complaint in Intervention, to Mount Vernon since at least 2010.  Pulcra denies all other allegations in Paragraph 34.

35.     Denied as to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 as to the other defendants and therefore denies the same.

36.     Denied as to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 as to the other defendants and therefore denies the same.

37.     Denied as to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 as to the other defendants and therefore denies the same.

38.     Pulcra admits that a Resolution allegedly executed by Intervenor in 2020 is attached to the Complaint in Intervention, which speaks for itself. Pulcra denies any statement or allegation in Paragraph 38 that mischaracterizes and/or misquotes that Resolution or takes it out of context. Pulcra further denies that it has created a public nuisance and denies that any legal action is available against Pulcra. Except as so specifically admitted, Pulcra denies all other allegations in Paragraph 38.

## COUNT ONE
### Negligence

39.     Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 38 of Intervenor's Complaint in Intervention as if fully set forth herein.

40.     Pulcra denies all allegations in Paragraph 40 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 as to the other defendants and therefore denies the same.

41.     Pulcra denies all allegations in Paragraph 41 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 as to the other defendants and therefore denies the same.

12

42.     Pulcra denies all allegations in Paragraph 42 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 as to the other defendants and therefore denies the same.

43.     Paragraph 43 purports to recite Ga. Comp. R. & Regs. § 391-3-6-.03 but misquotes subparts (5)(b) and (5)(c) of the regulation. Pulcra denies those statements or allegations, and any others in Paragraph 43 that mischaracterize and/or misquote the regulation or take it out of context.

44.     Pulcra denies all allegations in Paragraph 44 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 as to the other defendants and therefore denies the same.

45.     Pulcra denies all allegations in Paragraph 45 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 as to the other defendants and therefore denies the same.

46.     Pulcra denies all allegations in Paragraph 46 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 46 as to the other defendants and therefore denies the same.

47.     Pulcra denies all allegations in Paragraph 47.

## COUNT TWO
## Public Nuisance

48.     Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 47 of Intervenor's Complaint in Intervention as if fully set forth herein.

49.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies the same.

50.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies the same.

51.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies the same.

52.     Paragraph 52 contains one or more conclusions of law, to which no response is required. To the extent a response is required, Pulcra denies that it has contributed toxic contamination to the water used by Summerville and the members of the public.  Pulcra is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies the same.

53.      Pulcra denies all allegations in Paragraph 53 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 as to the other defendants and therefore denies the same.

54.      Pulcra denies all allegations in Paragraph 54 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 as to the other defendants and therefore denies the same.

55.      Pulcra denies all allegations in Paragraph 55 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 as to the other defendants and therefore denies the same.

56.      Pulcra denies all allegations in Paragraph 56 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 as to the other defendants and therefore denies the same.

57.      Pulcra denies all allegations in Paragraph 57 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 57 as to the other defendants and therefore denies the same.

58.     Pulcra denies all allegations in Paragraph 58 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 as to the other defendants and therefore denies the same.

59.     Pulcra denies all allegations in Paragraph 59 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 as to the other defendants and therefore denies the same.

## COUNT THREE
### Private Nuisance

60.     Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 59 of Intervenor's Complaint in Intervention as if fully set forth herein.

61.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies the same.

62.     Pulcra denies all allegations in Paragraph 62 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 62 as to the other defendants and therefore denies the same.

63.     Pulcra denies all allegations in Paragraph 63 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 as to the other defendants and therefore denies the same.

64.     Pulcra denies all allegations in Paragraph 64 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 as to the other defendants and therefore denies the same.

65.     Pulcra denies all allegations in Paragraph 65 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 as to the other defendants and therefore denies the same.

66.     Pulcra denies all allegations in Paragraph 66 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 as to the other defendants and therefore denies the same.

67.     Pulcra denies all allegations in Paragraph 67 as they relate to Pulcra and further denies that Intervenor is entitled to any relief whatsoever from Pulcra.  Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 as to the other defendants and therefore denies the same.

68.     Pulcra is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 68.

69.     Pulcra denies all allegations in Paragraph 69 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 as to the other defendants and therefore denies the same.

## COUNT FOUR
### Abatement of Nuisance

70.     Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 69 of Intervenor's Complaint in Intervention as if fully set forth herein.

71.     Paragraph 71 contains one or more conclusions of law, to which no response is required. To the extent a response is required, Pulcra denies that it has caused or continued to cause contamination of Summerville's water supply. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 as to the other defendants and therefore denies the same.

72.     Paragraph 72 is a characterization of Intervenor's Complaint in Intervention, including Intervenor's claims injunctive relief, for which no response is required.  To the extent a response is required, Pulcra denies that it has caused or continued to cause contamination of Summerville's water supply. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 as to the other defendants and therefore denies the same.

## COUNT FIVE
### Trespass

73.     Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 72 of Intervenor's Complaint in Intervention as if fully set forth herein.

74.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies the same.

75.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies the same.

76.     Paragraph 76 purports to recite O.C.G.A. § 51-9-7 but misquotes the statute. Pulcra denies those statements or allegations that are misquoted, and any others in Paragraph 76 that mischaracterize and/or misquote the statute or take it out of context.

77.     Paragraph 77 contains one or more conclusions of law, to which no response is required. To the extent a response is required, Pulcra denies that it has contributed pollution and toxic contamination to the water drawn from Raccoon Creek at Summerville's water intake site. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 as to the other defendants and therefore denies the same.

78.     Pulcra denies all allegations in Paragraph 78 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 as to the other defendants and therefore denies the same.

79.     Pulcra denies all allegations in Paragraph 79 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 as to the other defendants and therefore denies the same.

80.     Pulcra denies all allegations in Paragraph 80 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 as to the other defendants and therefore denies the same.

81.    Pulcra denies that it has committed any manner of invasion of Intervenor's property.  Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 as to the other defendants and therefore denies the same.

82.    Pulcra denies all allegations in Paragraph 82 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 as to the other defendants and therefore denies the same.

83.    Pulcra denies all allegations in Paragraph 83 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 as to the other defendants and therefore denies the same.

84.    Pulcra denies all allegations in Paragraph 84.

## COUNT SIX
## Wantonness and Punitive Damages

85.    Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 84 of Intervenor's Complaint in Intervention as if fully set forth herein.

86.    Pulcra denies all allegations in Paragraph 86 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 86 as to the other defendants and therefore denies the same.

87.    Pulcra denies all allegations in Paragraph 87 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 as to the other defendants and therefore denies the same.

88.    Paragraph 88 contains one or more conclusions of law, to which no response is required. To the extent a response is required, Pulcra denies that it has contaminated Summerville's water, property, or the surrounding environment. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 as to the other defendants and therefore denies the same.

89.    Paragraph 89 purports to recite Ga. Comp. R. & Regs. § 391-3-6-.03 but misquotes subparts (5)(b) and (5)(c) of the regulation. Pulcra denies those statements or allegations, and any others in Paragraph 89 that mischaracterize and/or misquote the regulation or take it out of context.

90.    Pulcra denies all allegations in Paragraph 90 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 90 as to the other defendants and therefore denies the same.

91.     Pulcra denies all allegations in Paragraph 91 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 as to the other defendants and therefore denies the same.

92.     Pulcra denies all allegations in Paragraph 92 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 as to the other defendants and therefore denies the same.

93.     Pulcra denies all allegations in Paragraph 93 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 as to the other defendants and therefore denies the same.

94.     Pulcra denies all allegations in Paragraph 94 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 as to the other defendants and therefore denies the same.

95.    Pulcra denies all allegations in Paragraph 95 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 as to the other defendants and therefore denies the same.

## COUNT SEVEN
### Injunctive Relief

96.    Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 95 of Intervenor's Complaint in Intervention as if fully set forth herein.

97.    Paragraph 97 is a characterization of Intervenor's Complaint in Intervention, including Intervenor's claims for injunctive relief, to which no response is required. To the extent a response is required, Pulcra denies all allegations in Paragraph 97 as they relate to Pulcra and further denies that Intervenor is entitled to any relief whatsoever from Pulcra.

98.    Pulcra denies all allegations in Paragraph 98 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 as to the other defendants and therefore denies the same.

## COUNT EIGHT
### Attorneys' Fees and Expenses of Litigation

99.   Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 98 of Intervenor's Complaint in Intervention as if fully set forth herein.

100.   Pulcra denies all allegations in Paragraph 100 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 as to the other defendants and therefore denies the same.

## COUNT NINE
### Georgia Water Quality Control Act

101.   Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 100 of Intervenor's Complaint in Intervention as if fully set forth herein.

102.   Paragraph 102 purports to recite O.C.G.A. § 12-5-51, which speaks for itself. Pulcra denies any statement or allegation in Paragraph 102 to the extent it is inconsistent with that statute or takes it out of context.

103. Admitted as to Pulcra.

104.   Pulcra denies all allegations in Paragraph 104 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 104 as to the other defendants and therefore denies the same.

105.   Pulcra admits that in some circumstances, PFAS may be considered industrial waste as defined in the Georgia Water Quality Control Act, but denies that Pulcra has caused or permitted any industrial waste to be spilled, discharged, or deposited to Raccoon Creek.

106.   Paragraph 106 purports to recite O.C.G.A. § 12-5-51, which speaks for itself. Pulcra denies any statement or allegation in Paragraph 106 to the extent it is inconsistent with that statute or takes it out of context.

107.   Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore denies the same.

108.   Pulcra denies all allegations in Paragraph 108 and further denies that Intervenor is entitled to any relief whatsoever from Pulcra.

**COUNT TEN**
**Negligent Failure to Warn**

109.   Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 108 of Intervenor's Complaint in Intervention as if fully set forth herein.

110.   Pulcra denies all allegations in Paragraph 110 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth

26

of the allegations in Paragraph 110 as to the other defendants and therefore denies the same.

111.   Pulcra denies all allegations in Paragraph 111 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 as to the other defendants and therefore denies the same.

112.   Pulcra denies all allegations in Paragraph 112 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 as to the other defendants and therefore denies the same.

113.   Pulcra denies all allegations in Paragraph 113 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 as to the other defendants and therefore denies the same.

114.   Pulcra denies all allegations in Paragraph 114 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 as to the other defendants and therefore denies the same.

115.   Pulcra denies all allegations in Paragraph 115 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 as to the other defendants and therefore denies the same.

116.   Pulcra denies all allegations in Paragraph 116 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 as to the other defendants and therefore denies the same.

117.   Pulcra denies all allegations in Paragraph 117 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 as to the other defendants and therefore denies the same.

118.   Pulcra denies all allegations in Paragraph 118 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 as to the other defendants and therefore denies the same.

119.   Pulcra denies all allegations in Paragraph 119 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 119 as to the other defendants and therefore denies the same.

In response to the unnumbered paragraph beginning "WHEREFORE…", including subparagraphs (a) through (f), Pulcra denies all allegations contained in this paragraph and further denies that Intervenor is entitled to any relief whatsoever from Pulcra.

## DEFENSES

The following are defenses Pulcra may assert based on the facts alleged in the Complaint in Intervention or based on facts adduced in discovery. In disclosing these defenses, Pulcra does not assume any burden of proof not otherwise required by law. Moreover, Pulcra undertakes the burden of proof only as to those defenses deemed "affirmative" defenses by law, regardless of how defenses are denominated herein. Finally, Pulcra reserves its right to assert further defenses that may become apparent during the course of discovery.

## FIRST DEFENSE

Intervenor's claims, in whole or in part, fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

Intervenor's claims for attorneys' fees and costs of litigation should be barred because Pulcra has at no time been stubbornly litigious, acted in bad faith, or caused Intervenor undue trouble or expense.

## THIRD DEFENSE

Intervenor's claims are barred, in whole or in part, based on the doctrines of waiver, release, and/or estoppel.

## FOURTH DEFENSE

Pulcra reserves any actions for contribution or indemnity against such third parties and reserves its right to remedies.

## FIFTH DEFENSE

Intervenor's failure to mitigate damages bars or reduces its recovery.

## SIXTH DEFENSE

Should this Court find that Intervenor has sustained damages for which Pulcra is responsible, which is expressly denied, Pulcra is entitled to a set-off for any collateral source payments paid or payable to Intervenor.

## SEVENTH DEFENSE

The doctrine of unclean hands bars Intervenor's claims.

## EIGHTH DEFENSE

Intervenor's claims are barred, in whole or in part, because any alleged conduct that led to their alleged injuries was lawful and/or because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in such conduct.

## NINTH DEFENSE

Intervenor's lack standing to assert some or all of the claims and demands it has asserted.

## TENTH DEFENSE

Intervenor's claims are barred, in whole or in part, by the applicable statute of limitations and/or repose.

## ELEVENTH DEFENSE

Intervenor's claims are barred by the Free Public Services Doctrine.

## TWELFTH DEFENSE

Intervenor's claims are barred in whole or in part by the Economic Loss Doctrine.

## THIRTEENTH DEFENSE

Intervenor's claims are barred by the applicable rule of repose.

## FOURTEENTH DEFENSE

Intervenor's claims are barred by assumption of risk.

## FIFTEENTH DEFENSE

Intervenor's claims are preempted by state and/or federal statutes, rules, and regulations, including but not limited to, the Clean Water Act, 33 U.S.C. § 1365, *et seq.*

## SIXTEENTH DEFENSE

Pulcra owed no legal duty to Intervenor as alleged in its Complaint.

## SEVENTEENTH DEFENSE

Intervenor's claims are barred, in whole or in part, based on a lack of causation. Pulcra did not cause the alleged injury described by Intervenor in its Complaint. The alleged damages, if any, were caused solely by the actions, omissions, or conduct of persons and/or entities for whom or which Pulcra is not responsible and/or were caused by acts, omissions, conduct, and/or factors beyond the control of Pulcra.

## EIGHTEENTH DEFENSE

Intervenor's claims are barred to the extent there is no proximate cause between any alleged act or omission on the part of Pulcra and any injury or damage allegedly suffered by Intervenor.

## NINETEENTH DEFENSE

Any recovery by Intervenor's may be barred or reduced by the negligence, fault, or carelessness of others for whose conduct Pulcra is not responsible. Any judgment rendered against Pulcra in this action, under all theories of liability plead, should be limited to the fault, if any, attributable to Pulcra. Pulcra is entitled to apportion its fault, if any, to the fault of all other persons who are or could be responsible for any of Intervenor's damages regardless of whether such persons are parties to this action, and regardless of whether it is ultimately shown that Intervenor was negligent.

## TWENTIETH DEFENSE

Intervenor's claims are barred to the extent they are caused by the acts or omissions of a third party.

## TWENTY-FIRST DEFENSE

Intervenor's claims are barred in whole or in part because Pulcra's conduct was in accordance with the applicable standards of care under all laws, regulations, industry practice, and state-of-the-art knowledge, and the activities of Pulcra in accordance with such standards were reasonable as a matter of law. Pulcra at all times acted reasonably, in good faith, and with the skill, prudence, and diligence of others in the industry at the time.

33

## TWENTY-SECOND DEFENSE

Intervenor failed to join one or more indispensable parties.

## TWENTY-THIRD DEFENSE

Intervenor's claims for injunctive relief are barred by the doctrine of primary jurisdiction.

## TWENTY-FOURTH DEFENSE

One or more independent, intervening, and superseding events or other negligence prevents any recovery by Intervenor against Pulcra.

## TWENTY-FIFTH DEFENSE

The damages sought by Intervenor are too speculative, remote, and not reasonably foreseeable.

## TWENTY-SIXTH DEFENSE

To the extent Intervenor failed to avail itself of funds from unnamed third parties, including, without limitation, insurance companies and unnamed potentially responsible parties, Pulcra is entitled to a set off including interest.

## TWENTY-SEVENTH DEFENSE

Although Pulcra denies Intervenor is entitled to punitive damages, Pulcra affirmatively pleads that any award of punitive damages would violate the Georgia and United States Constitutions, including, under the Fourth Fifth, Sixth, Eight

and/or Fourteenths Amendment to the United States Constitution.  Such violations include the following grounds:

(a)    that civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact;

(b)    that civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(c)    that civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors;

(d)    that civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants;

(e)    that civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

(f)    that civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages;

(g)    that civil procedures pursuant to which punitive damages are

awarded permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;

(h)     that civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act;

(i)     that civil procedures pursuant to which punitive damages are awarded fail to provide a clear, consistent appellate standard of review of an award of punitive damages;

(j)     that civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined;

(k)     that standards of conduct upon which punitive damages are awarded are vague;

(l)     that civil procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

(m)     that civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases;

(n)    that civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties;

(o)    that civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury in the award of punitive damages.

## TWENTY-EIGHTH DEFENSE

Pulcra may not be found liable for punitive damages where the conditions that form the basis of the claims are, and have been, the subject of state regulatory oversight or action, and where there has been substantial compliance with the findings, orders, and directives of the responsible state regulatory agency.

## TWENTY-NINTH DEFENSE

Intervenor's claims against Pulcra are barred in whole or in part by the doctrine of accord and satisfaction.

## THIRTIETH DEFENSE

Intervenor's claims are barred, in whole or in part, by the doctrine of laches.

## THIRTY-FIRST DEFENSE

Intervenor's claims are barred, in whole or in part, by the doctrine of res judicata.

## THIRTY-SECOND DEFENSE

Intervenor's claims are barred, in whole or in part, by the prior nuisance doctrine and/or prior trespass doctrine.

## THIRTY-THIRD DEFENSE

Pulcra did not owe or breach any duty to Intervenor.

## THIRTY-FOURTH DEFENSE

Intervenor's recovery, if any, should be barred or reduced in proportion to Intervenor's own culpable conduct, including own negligence, assumption of the risk, acquiescence, or misuse.

## THIRTY-FIFTH DEFENSE

Intervenor's claims are barred, in whole or in part, by contributory negligence.

## THIRTY-SIXTH DEFENSE

Pulcra denies that its conduct was in any manner negligent or wanton.

## THIRTY-SEVENTH DEFENSE

Intervenor's claims are barred, in whole or in part, by the doctrines of consent and/or release.

## THIRTY-EIGHTH DEFENSE

Intervenor's claims are barred in whole or in part because the harm is divisible and attributable to others.

## THIRTY-NINTH DEFENSE

Intervenor's claims are barred in whole or in part to the extent they seek to impose liability based on retroactive application of laws, regulations, standards, or guidelines.

## FORTIETH DEFENSE

Intervenor has not suffered a concrete and particularized injury.

## FORTY-FIRST DEFENSE

Pulcra did not have any duty to warn. Any such duty, if it existed, was either not necessary or was satisfied, discharged, or unnecessary due to the knowledge of risk by others, including without limitation Intervenor. The lack of or alleged inadequacy of any warnings were also not a proximate cause of any of Intervenor's injuries.

## FORTY-SECOND DEFENSE

Intervenor's public nuisance claim fails because Intervenor did not suffer or incur any special damage or special harm. Intervenor has not suffered or incurred

any damage or harm different from those exercising the right common to the general public that is the subject of the alleged interference.

## FORTY-THIRD DEFENSE

Intervenor's claims should be required to provide a more definite statement of their allegations as to each defendant. As currently pled, Intervenor's Complaint violates the group pleading and/or shotgun pleading doctrine(s).

## FORTY-FOURTH DEFENSE

Pulcra materially complied with all applicable federal, state, and local permitting requirements, regulations, standards, and guidelines.

## FORTY-FIFTH DEFENSE

Intervenor's claims are barred, in whole or in part, by the doctrine of comparative fault, and to the extent that any other Defendant has settled or may in the future settle with Intervenor, Pulcra asserts its entitlement to an appropriate credit, setoff, or reduction of any judgment against it.

## FORTY-SIXTH DEFENSE

Pulcra adopts by reference all affirmative defenses heretofore and hereafter pleaded by the other parties as may be applicable to the facts alleged against Pulcra and does not waive or relinquish any other available affirmative defenses. Pulcra expressly reserves the right to raise such additional affirmative defenses as may be

established or become appropriate through discovery, further investigation, or further events with respect to the subject matter of this action, through the date of trial.

## **RELIEF DEMANDED**

WHEREFORE, Pulcra respectfully requests that the Court dismiss Intervenor's Complaint in Intervention, award the costs of expenses of litigation to it, and grant such other relief to it as the Court deems equitable and just under the circumstances.

Respectfully submitted this 21st day of April, 2022.

*/s/ Robert D. Mowrey*
ROBERT D. MOWREY
GA Bar No. 527510
C. MAX ZYGMONT
GA Bar No. 567696
E. PEYTON NUNEZ
GA Bar No. 756017
KAZMAREK MOWREY CLOUD LASETER LLP
1230 Peachtree Street, NE
Suite 900
Atlanta, Georgia 30309
Telephone: (404) 812-0839
Email: bmowrey@kmcllaw.com
       mzygmont@kmcllaw.com
       pnunez@kmcllaw.com

*Attorneys for Defendant Pulcra Chemicals, LLC*

41

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 21st day of April, 2022, electronically filed the

foregoing **PULCRA CHEMICALS, LLC'S ANSWER TO CITY OF**

**SUMMERVILLE, GEORGIA'S COMPLAINT IN INTERVENTION** using the

CM/ECF system which will automatically send email notification of such filing to

all registered CM/ECF users.


/s/E. Peyton Nunez
E. Peyton Nunez