**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| EARL PARRIS, JR., individually, and on behalf of a Class of persons similarly situated, | ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Civil Action No. 4:21-cv-40-TWT |
| 3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL, LLC, PULCRA CHEMICALS, LLC, MOUNT VERNON MILLS, INC., TOWN OF TRION, GEORGIA, and RYAN DEJUAN JARRETT, | ) ) ) ) ) ) ) ) ) | |
| *Defendants*. | ) | |

**PULCRA CHEMICALS, LLC'S RESPONSE TO PLAINTIFF'S FIRST AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT**

Defendant Pulcra Chemicals, LLC ("Pulcra") for its Response to Plaintiff's First Amended Individual and Class Action Complaint (the "Complaint"), states and alleges that unless otherwise answered or addressed in this Answer, each and every allegation in Plaintiff's Complaint is denied. Pulcra further responds paragraph-by-paragraph as follows:

1

**STATEMENT OF THE CASE**

1.      Paragraph 1 is a characterization of Plaintiff's Complaint, including Plaintiff's claims and theories of liability, for which no response is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies the same.

2.      Paragraph 2 is a characterization of Plaintiff's Complaint, including Plaintiff's claims and theories of liability, for which no response is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies the same.

3.      Paragraph 3 is a characterization of Plaintiff's Complaint, including Plaintiff's claims and theories of liability, for which no response is required. To the extent a response is required, Pulcra denies all allegations in Paragraph 3 as to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 as to the other defendants and therefore denies the same.

4.      Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 4

and therefore denies the same. Pulcra denies the allegations in the third sentence of Paragraph 4 as they relate to Pulcra and is without information or knowledge sufficient to form a belief as to the truth of such allegations as they relate to other defendants.

5.     Pulcra admits only that it has supplied certain products since approximately 2007 to Defendant Mount Vernon Mills, Inc. ("Mount Vernon"), some of which contained various PFAS, as defined in the Complaint, for use in Mount Vernon's manufacturing process. Pulcra denies all remaining allegations in Paragraph 5 as to Pulcra.   Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 as to the other defendants and therefore denies the same.

6.     Pulcra admits only that it has sold certain formulations, some of which contained PFAS, to Mount Vernon since approximately 2007.   Pulcra denies all remaining allegations in Paragraph 6 as to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 as to the other defendants and therefore denies the same.

7.     Pulcra denies the allegations in the first and third sentences of Paragraph 7. The second sentence of Paragraph 7 contains characterizations of

Plaintiff's Complaint for which no response is required. To the extent a response is required, Pulcra denies the allegations in the second sentence of Paragraph 7 and further denies that Plaintiff is entitled to any relief whatsoever from Pulcra.

## JURISDICTION AND VENUE

8.      Paragraph 8 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same.

9.      Paragraph 9 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10.      Paragraph 10 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same.

11.      Paragraph 11 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is

4

required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12.     Paragraph 12 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

13.     Paragraph 13 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14.     Paragraph 14 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15.     Paragraph 15 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same.

16.     Paragraph 16 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same.

17.     Paragraph 17 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

18.     The allegations contained in Paragraph 18 constitute legal conclusions to which no response is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same.

19.     The allegations contained in Paragraph 19 constitute legal conclusions to which no response is required. To the extent a response is required, Pulcra admits that, if the Court has jurisdiction as alleged with respect to the federal claims, then the Court has supplemental jurisdiction over state law claims.

20.     Pulcra admits that it has conducted business in this District.  Pulcra denies it has caused harm to Plaintiff or to putative Class Members.  Otherwise,

6

Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies the same.

## PARTIES

21.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 21 and therefore denies the same. Pulcra denies the allegations in the third, fourth, and fifth sentences of Paragraph 21 as to Pulcra. The sixth and seventh sentences of Paragraph 21 do not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra denies the allegations in the sixth and seventh sentences of Paragraph 21 as to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 as to the other defendants and therefore denies the same.

22.     Paragraph 22 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. Further, Paragraph 22 sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the same.

23.     Paragraph 23 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. Further, Paragraph 23 sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Pulcra admits that Mr. Parris is a "person" as defined in the cited statutory section.

24.     Paragraph 24 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra admits that Mount Vernon Mills operates a facility in Trion, Georgia.  Except as so specifically admitted, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies the same.

25.     Paragraph 25 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra admits the Town of Trion is a municipality in Georgia.  Except as so specifically admitted, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies the same.

26.     Paragraph 26 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is

required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies the same.

27.    Paragraph 27 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. Further, Paragraph 27 sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Pulcra admits that Mount Vernon Mills, Trion, and Jarrett are "person[s]" within the meaning of the cited statutory provision.

28.    Paragraph 28 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. Further, Paragraph 28 sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Pulcra admits that Mount Vernon Mills, Trion, and Jarrett are "person[s]" within the meaning of the cited statutory provision.

29.    Paragraph 29 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies the same.

30.    Paragraph 30 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is

required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies the same.

31.   Paragraph 31 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies the same.

32.   Pulcra admits that it is a foreign corporation with its headquarters in South Carolina, conducting business in this District and that Pulcra has sold certain products, some of which contained PFAS, as defined in the Complaint, to Mount Vernon Mills since approximately 2007. Pulcra denies it manufactures such products and otherwise, except as so specifically defined above, Pulcra denies the remaining allegations in Paragraph 32.

## FACTUAL ALLEGATIONS

33.   Pulcra admits only that Mount Vernon Mills has operated a facility in Trion, Georgia and that Pulcra has sold certain products, some of which contained PFAS, as defined in the Complaint, to Mount Vernon Mills since approximately 2007. Except as so specifically admitted, all other allegations in Paragraph 33 are denied as to Pulcra. Pulcra is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 as to the other defendants and therefore denies the same.

34.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies the same.

35.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies the same.

36.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies the same.

37.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies the same.

38.     Upon information and belief, Pulcra admits that PFAS are man-made chemicals that do not occur naturally in the environment and are useful in industrial and commercial applications including for their stain, soil, water and/or oil repellant properties. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and therefore denies the same.

39.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies the same.

40.     Upon information and belief, Pulcra admits Perfluorooctanoic Acid ("PFOA") and Perfluorooctanesulfonic Acid ("PFOS") are the most studied PFAS. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore denies the same.

41.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies the same.

42.     Pulcra denies that human diseases are definitively or exclusively caused by exposure to PFAS, and further denies that any PFAS contained in any products it has sold to Mount Vernon Mills have caused any human disease. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and therefore denies the same.

43.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies the same.

44.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies the same.

45.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies the same.

46.    Upon information and belief, Pulcra admits only that EPA released lifetime health advisories in May 2016 ("EPA Health Advisories" or "Health Advisories") that identify concentrations of PFOA and PFOS in drinking water at or below which adverse health effects are not anticipated to occur over a lifetime of exposure and that they otherwise speak for themselves. Pulcra denies that the Health Advisories reflect health effects, if any at all, are associated with any exposures less than those specifically assumed in such Health Advisories in terms of quantity, frequency, and length of exposure.   Pulcra further denies any statement or allegation in Paragraph 46 to the extent it is inconsistent with the EPA Health Advisories. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and therefore denies the same.

47.    Upon information and belief, Pulcra admits only that EPA released lifetime Health Advisories for PFOA and PFOS in 2016 and that those Health Advisories speak for themselves. Pulcra denies that the Health Advisories indicate that exposure to PFOA and PFOS over certain levels, alone, may result in adverse health effects, as such Advisories include assumptions about the frequency and length of exposure in addition to the quantitative level of exposure. Pulcra denies any statement or allegation in Paragraph 47 to the extent it is

13

inconsistent with the EPA Health Advisories. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and therefore denies the same.

48.     Upon information and belief, Pulcra admits only that EPA released lifetime Health Advisories for PFOA and PFOS in 2016 and that they speak for themselves. Pulcra denies any statement or allegation in Paragraph 48 to the extent it is inconsistent with the EPA Health Advisories. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and therefore denies the same.

49.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies the same.

50.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies the same.

51.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies the same.

52.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies the same.

53.     Paragraph 53 purports to characterize a statutory enactment, which speaks for itself, and as such no response is required.  To the extent a response is

required, Pulcra generally is aware that additional specific PFAS-related substances were added to the TRI list, but denies that any such substances have been sold by Pulcra to Mount Vernon. Except as so specifically admitted, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies the same.

54.     Denied as to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 as to the other defendants and therefore denies the same.

55.     Paragraph 55 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies the same.

56.     Paragraph 56 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies the same.

57.     Pulcra denies the allegations in the first sentence of Paragraph 57 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph

57 as to the other defendants and therefore denies the same. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 57 and therefore denies the same.

58.     Pulcra denies the allegations in the first sentence of Paragraph 58 as they relate Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 58 as to the other defendants and therefore denies the same. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 58 and therefore denies the                                                                     same.

59.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies the same.

60.     Pulcra denies the allegations in the first sentence of Paragraph 60 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 60 as to the other defendants and therefore denies the same. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 60 and therefore denies the same.

16

61.     Pulcra denies the allegations in the first sentence of Paragraph 61 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 61 as to the other defendants and therefore denies the same. The second, third, fourth, and fifth sentences of Paragraph 61 contain allegations directed against defendants other than Pulcra, and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth, and fifth sentences of Paragraph 61 and therefore denies the same.

62.     Paragraph 62 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies the same.

63.     Paragraph 63 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies the same.

64.     Paragraph 64 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is

required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies the same.

65.    Paragraph 65 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies the same.

66.    Paragraph 66 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies the same.

67.    Paragraph 67 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies the same.

68.    Pulcra admits only that it has supplied certain products, some of which contained PFAS, as defined in the Complaint, to Mount Vernon Mills since approximately 2007.   Except as so specifically admitted, Pulcra denies all remaining allegations in Paragraph 68.

69.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 69 and therefore denies the same. Pulcra denies the allegations in the fourth, fifth, and sixth sentences of Paragraph 69 that relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth, fifth, and sixth sentences of Paragraph 69 as to the other defendants and therefore denies the same.

70.     Denied as to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 as to the other defendants and therefore denies the same.

71.     Denied as to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 as to the other defendants and therefore denies the same.

72.     Denied as to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 as to the other defendants and therefore denies the same.

73.     Denied as to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 as to the other defendants and therefore denies the same.

74.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies the same.

75.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies the same.

76.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies the same.

77.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies the same.

78.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies the same.

79.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies the same.

80.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies the same.

81.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies the same.

82.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore denies the same.

83.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 83 and therefore denies the same. Pulcra denies all allegations in the fourth sentence of Paragraph 83 as to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence of Paragraph 84 and therefore denies the same.

84.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 and therefore denies the same.

85.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore denies the same.

86.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore denies the same.

87.     Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore denies the same.

88.     Pulcra denies all allegations in Paragraph 88 and further denies that Plaintiff is entitled to any relief whatsoever from Pulcra.

89.     Pulcra denies all allegations in Paragraph 89 and further denies that Plaintiff is entitled to any relief whatsoever from Pulcra.

90.     Pulcra denies all allegations in Paragraph 90 and further denies that Plaintiff is entitled to any relief whatsoever from Pulcra.

## COUNT ONE
### DEFENDANTS TRION AND JARRETT'S DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT

91.     Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 90 of Plaintiff's Complaint as if fully set forth herein. Pulcra further states that Count One is not alleged against Pulcra.

92.     Count One is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

93.     Count One is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

94.     Count One is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

95.     Count One is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

96.    Count One is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

97.    Count One is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

98.    Count One is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

99.    Count One is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

100.   Count One is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

101.   Count One is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

102.   Count One is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

103.   Count One is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

104.   Count One is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

**COUNT TWO**
DEFENDANT TRION'S VIOLATIONS OF ITS NPDES PERMIT, THE GEORGIA WATER QUALITY CONTROL ACT, AND THE CLEAN WATER ACT

105.   Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 104 of Plaintiff's Complaint as if fully set forth herein. Pulcra further states that Count Two is not alleged against Pulcra.

106.   Count Two is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

107.   Count Two is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

108.   Count Two is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

109.   Count Two is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

110.   Count Two is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

111.   Count Two is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

112.   Count Two is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

113.   Count Two is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

114.   Count Two is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

115.   Count Two is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

## **COUNT THREE**
DEFENDANT MOUNT VERNON MILLS' VIOLATIONS OF FEDERAL PROHIBITIONS, SEWER USE RULES AND REGULATIONS, AND THE CLEAN WATER ACT

116.   Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 115 of Plaintiff's Complaint as if fully set forth herein. Pulcra further states that Count Three is not alleged against Pulcra.

117.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

118.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

119.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

120.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

121.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

122.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

123.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

124.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

125.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

126.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

127.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

128.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

129.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

130.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

131.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

132.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

133.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

134.   Count Three is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

## **COUNT FOUR**
### RCRA IMMINENT AND SUBSTANTIAL ENDANGERMENT CREATED BY DEFENDANTS MOUNT VERNON, TRION, AND JARRETT

135.   Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 134 of Plaintiff's Complaint as if fully set forth herein. Pulcra further states that Count Four is not alleged against Pulcra.

136.   Count Four is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

137.   Count Four is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

138.   Count Four is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

139.   Count Four is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

140.   Count Four is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

141.   Count Four is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

142.   Count Four is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

143.   Count Four is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

## CLASS ALLEGATIONS FOR STATE LAW CLAIMS

144.  Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 143 of Plaintiff's Complaint as if fully set forth herein.

145.  The first sentence of Paragraph 145 is a characterization of Plaintiff's claims and theories of liability, and as such, no response from Pulcra is required. To the extent a response to the first sentence of Paragraph 145 is required, Pulcra admits only that Plaintiff seeks to bring an action on his behalf

and on behalf of a class of persons, but denies that Plaintiff satisfies the legal requirements for doing so. Pulcra denies all allegations in the second sentence of Paragraph 145.

146.  Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 pertaining to the status of Plaintiff or the Proposed Class Members as water subscribers or ratepayers with the City of Summerville and therefore denies the same. Pulcra denies all remaining allegations in Paragraph 146.

147.  Pulcra admits only that Plaintiff seeks to bring an action on behalf of a class of persons as proposed in Paragraph 147, but denies that Plaintiff satisfies the legal requirements for doing so. Pulcra denies all remaining allegations in Paragraph 147.

148.  Pulcra admits only that Plaintiff purports to exclude from the proposed class the individuals described in Paragraph 148 and subparagraphs a. through e. Pulcra denies all remaining allegations in Paragraph 148.

149.  Pulcra admits only that Plaintiff purports to reserve the right(s) described in Paragraph 149, but denies that Plaintiff satisfies the legal requirements for doing so. Pulcra denies all remaining allegations in Paragraph 149.

<u>Numerosity</u>

150.   Pulcra denies all allegations in Paragraph 150.

151.   Pulcra denies all allegations in Paragraph 151.

<u>Typicality</u>

152.   Pulcra denies all allegations in Paragraph 152.

<u>Adequate Representation</u>

153.   Pulcra denies all allegations in Paragraph 153.

154.   Pulcra denies all allegations in Paragraph 154.

<u>Predominance of Common Questions of Law and Fact</u>

155.   Pulcra denies all allegations in Paragraph 155, including subparagraphs (a) through (m).

156.   Pulcra denies all allegations in Paragraph 156.

157.   Pulcra denies all allegations in Paragraph 157.

<u>Fed. R. Civ. P. 23(a) and 23(b)(2) Injunctive or Declaratory Relief</u>

158.   Pulcra denies all allegations in Paragraph 158.

<u>Superiority</u>

159.   Pulcra denies all allegations in Paragraph 159.

160.   Pulcra denies all allegations in Paragraph 160.

## **COUNT FIVE**
### NEGLIGENCE
### (PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)

161.   Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 160 of Plaintiff's Complaint as if fully set forth herein.

162.   Pulcra denies all allegations in Paragraph 162.

163.   Denied as to Pulcra.  Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 as to the other defendants and therefore denies the same.

164.   Denied as to Pulcra.  Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 as to the other defendants and therefore denies the same.

165.   Paragraph 165 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. Paragraph 165 further asserts a legal conclusion for which no response is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and therefore denies the same.

166.   Paragraph 166 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is

required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and therefore denies the same.

167.   Paragraph 167 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and therefore denies the same.

168.   Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and therefore denies the same.

169.   Pulcra denies all allegations in Paragraph 169 and further denies that Plaintiff is entitled to any relief whatsoever from Pulcra.

## COUNT SIX
### NEGLIGENCE PER SE
### (MOUNT VERNON MILLS)

170.   Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 169 of Plaintiff's Complaint as if fully set forth herein. Pulcra further states that Count Six is not alleged against Pulcra.

171.   Count Six is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

172.   Count Six is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

173.   Count Six is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

174.   Count Six is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

175.   Count Six is not alleged against Pulcra, and therefore no response is required. To the extent a response is required, Pulcra denies any allegations to the extent they could be construed against Pulcra.

## **COUNT SEVEN**
### NEGLIGENT FAILURE TO WARN
### (PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)

176.   Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 175 of Plaintiff's Complaint as if fully set forth herein.

177.   Paragraph 177 sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Pulcra denies the allegations in Paragraph 177 as they relate to Pulcra. Pulcra is without knowledge or

36

information sufficient to form a belief as to the truth of the allegations in Paragraph 177 as to the other defendants and therefore denies the same.

178.   Paragraph 178 sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Pulcra denies the allegations in Paragraph 178 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 as to the other defendants and therefore denies the same.

179.   Denied as to Pulcra.  Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 as to the other defendants and therefore denies the same.

180.   Denied as to Pulcra.  Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 as to the other defendants and therefore denies the same.

181.   Paragraph 181 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and therefore denies the same.

182.   Paragraph 182 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is

required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and therefore denies the same.

183.   Paragraph 183 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and therefore denies the same.

184.   Denied as to Pulcra.  Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 as to the other defendants and therefore denies the same.

185.   Denied as to Pulcra.  Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 as to the other defendants and therefore denies the same.

186.   Denied as to Pulcra.  Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 as to the other defendants and therefore denies the same.

## **COUNT EIGHT**
### WANTON CONDUCT AND PUNITIVE DAMAGES
### (PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)

187.   Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 186 of Plaintiff's Complaint as if fully set forth herein.

38

188.   Paragraph 188 sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Pulcra denies the allegations in Paragraph 188 as they relate to Pulcra. Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 as to the other defendants and therefore denies the same.

189.   Paragraph 189 sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Pulcra denies the allegations in Paragraph 189.

190.   Denied as to Pulcra.  Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 as to the other defendants and therefore denies the same.

191.   Denied as to Pulcra.  Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 as to the other defendants and therefore denies the same.

192.   Denied as to Pulcra.  Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 as to the other defendants and therefore denies the same.

193.   Denied as to Pulcra.  Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 as to the other defendants and therefore denies the same.

194.   Denied as to Pulcra.  Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 as to the other defendants and therefore denies the same.

## COUNT NINE
PUBLIC NUISANCE/DAMAGES
(ALL DEFENDANTS EXCEPT TRION AND JARRETT)

195.   Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 194 of Plaintiff's Complaint as if fully set forth herein.

196.   Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and therefore denies the same.

197.   Denied as to Pulcra.  Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 as to the other defendants and therefore denies the same.

198.   Paragraph 198 does not address or allege any facts concerning Pulcra and as such, no response from Pulcra is required. To the extent a response is

required, Pulcra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and therefore denies the same.

199.  Pulcra denies all allegations in Paragraph 199.

200.  Pulcra denies all allegations in Paragraph 200.

201.  Pulcra denies all allegations in Paragraph 201 and further denies that Plaintiff is entitled to any relief whatsoever from Pulcra.

202.  Pulcra denies all allegations in Paragraph 202 and further denies that Plaintiff is entitled to any relief whatsoever from Pulcra.

203.  Pulcra denies all allegations in Paragraph 203.

204.  Pulcra denies all allegations in Paragraph 204 and further denies that Plaintiff is entitled to any relief whatsoever from Pulcra.

## COUNT TEN
ABATEMENT OF PUBLIC NUISANCE
(ALL DEFENDANTS)

205.  Pulcra restates and incorporates by reference its responses to Paragraphs 1 through 204 of Plaintiff's Complaint as if fully set forth herein.

206.  Paragraph 206 purports to characterize the provisions of certain statutory provisions, which speak for themselves, and no response is required.

207.  Pulcra denies all allegations in Paragraph 207 and further denies that Plaintiff is entitled to any relief whatsoever from Pulcra.

208.   Pulcra admits only that Plaintiff purports to request injunctive relief, but denies that Plaintiff or the purported class are entitled to any relief whatsoever from Pulcra. Pulcra denies all remaining allegations Paragraph 208.

209.   Pulcra admits only that Plaintiff purports to request injunctive relief, but denies that Plaintiff or the purported class are entitled to any relief whatsoever from Pulcra. Pulcra denies all remaining allegations Paragraph 209.

210.   Pulcra denies all allegations in Paragraph 210 and further denies that Plaintiff is entitled to any relief whatsoever from Pulcra.

In response to the unnumbered paragraph beginning "WHEREFORE…", including subparagraphs (a) through (q), Pulcra denies all allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief whatsoever from Pulcra.

## **DEFENSES**

The following are defenses Pulcra may assert based on the facts alleged in the Complaint or based on facts adduced in discovery. In disclosing these defenses, Pulcra does not assume any burden of proof not otherwise required by law. Moreover, Pulcra undertakes the burden of proof only as to those defenses deemed "affirmative" defenses by law, regardless of how defenses are

denominated herein. Finally, Pulcra reserves its right to assert further defenses that may become apparent during the course of discovery.

## FIRST DEFENSE

The claims of Plaintiff and the purported class, in whole or in part, fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

The claims of Plaintiff and the purported class for attorneys' fees and costs of litigation should be barred because Pulcra has at no time been stubbornly litigious, acted in bad faith, or caused plaintiff undue trouble or expense.

## THIRD DEFENSE

The claims of Plaintiff and the purported class are barred, in whole or in part, based on the doctrines of waiver, release, and/or estoppel.

## FOURTH DEFENSE

Pulcra reserves any actions for contribution or indemnity against such third parties and reserves its right to remedies.

## FIFTH DEFENSE

The failure of Plaintiff and/or the purported class to mitigate damages bars or reduces its recovery.

**SIXTH DEFENSE**

Should this Court find that Plaintiff and/or members of the purported class have sustained damages for which Pulcra is responsible, which is expressly denied, Pulcra is entitled to a set-off for any collateral source payments paid or payable to plaintiff and/or the purported class.

**SEVENTH DEFENSE**

The doctrine of unclean hands bars the claims of Plaintiff and/or members of the purported class.

**EIGHTH DEFENSE**

Plaintiff and/or the purported class members' claims are barred, in whole or in part, because any alleged conduct that led to their alleged injuries was lawful and/or because federal, state, and/or local authorizes authorized, ratified, or were aware of and acquiesced in such conduct.

**NINTH DEFENSE**

Plaintiff and/or members of the purported class lack standing to assert some or all of the claims and the demands for relief in the Complaint.

**TENTH DEFENSE**

The claims of Plaintiff and the purported class are barred, in whole or in part, by the applicable statute of limitations and/or repose.

## ELEVENTH DEFENSE

The claims of Plaintiff and the purported class are barred by the Free Public Services Doctrine.

## TWELFTH DEFENSE

The claims of Plaintiff and the purported class are barred in whole or in part by the Economic Loss Doctrine.

## THIRTEENTH DEFENSE

The claims of Plaintiff and the purported class are barred by the applicable rule of repose.

## FOURTEENTH DEFENSE

The claims of Plaintiff and the purported class are barred by assumption of risk.

## FIFTEENTH DEFENSE

The claims of Plaintiff and the purported class are preempted by state and/or federal statutes, rules, and regulations, including but not limited to, the Clean Water Act, 33 U.S.C. § 1365, *et seq.*

## SIXTEENTH DEFENSE

The claims of Plaintiff and the purported class are barred because Pulcra owed no legal duty to Plaintiff as alleged in the Complaint.

## SEVENTEENTH DEFENSE

The claims of Plaintiff and the purported class are barred, in whole or in part, based on a lack of causation. Pulcra did not cause the alleged injury described by Plaintiff in its Complaint. The alleged damages, if any, were caused solely by the actions, omissions, or conduct of persons and/or entities for whom or which Pulcra is not responsible and/or were caused by acts, omissions, conduct, and/or factors beyond the control of Pulcra.

## EIGHTEENTH DEFENSE

The claims of Plaintiff and the purported class are barred to the extent there is no proximate cause between any alleged act or omission on the part of Pulcra and any injury or damage allegedly suffered by Plaintiff and/or the purported class.

## NINETEENTH DEFENSE

Plaintiff and the purported class's claims are barred, in whole or in part, by the doctrine of comparative fault, and to the extent that any other defendant has settled or may in the future settle with Plaintiff or members of the purported class, Pulcra asserts its entitlement to an appropriate credit, setoff, or reduction of any judgment against it.

## TWENTIETH DEFENSE

The claims of Plaintiff and the purported class are barred to the extent they are caused by the acts or omissions of a third party.

## TWENTY-FIRST DEFENSE

The claims of Plaintiff and the purported class are barred in whole or in part because Pulcra's conduct was in accordance with the applicable standards of care under all laws, regulations, industry practice, and state-of-the-art knowledge, and the activities of Pulcra in accordance with such standards were reasonable as a matter of law. Pulcra at all times acted reasonably, in good faith, and with the skill, prudence, and diligence of others in the industry at the time.

## TWENTY-SECOND DEFENSE

Plaintiff failed to join one or more indispensable parties.

## TWENTY-THIRD DEFENSE

The claims of Plaintiff and the purported class for injunctive relief are barred by the doctrine of primary jurisdiction.

## TWENTY-FOURTH DEFENSE

One or more independent, intervening, and superseding events or other negligence prevents any recovery by Plaintiff and/or members of the purported class against Pulcra.

## TWENTY-FIFTH DEFENSE

The damages sought by Plaintiff and the purported class are too speculative, remote, and not reasonably foreseeable.

## TWENTY-SIXTH DEFENSE

To the extent Plaintiff and/or members of the purported class has availed and/or failed to avail itself of funds from unnamed third parties, including, without limitation, insurance companies and unnamed potentially responsible parties, Pulcra is entitled to a set off including interest.

## TWENTY-SEVENTH DEFENSE

Although Pulcra denies Plaintiff and/or the purported class is entitled to punitive damages, Pulcra affirmatively pleads that any award of punitive damages would violate the Georgia and United States Constitutions, including, under the Fourth Fifth, Sixth, Eight and/or Fourteenths Amendment to the United States Constitution.  Such violations include the following grounds:

> (a)     that civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact;

> (b)     that civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple

defendants for different alleged acts of wrongdoing;

(c)     that civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors;

(d)     that civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants;

(e)     that civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

(f)     that civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages;

(g)     that civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;

(h)     that civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act;

(i)     that civil procedures pursuant to which punitive damages are awarded fail to provide a clear, consistent appellate standard of review of an award of punitive damages;

(j)     that civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined;

(k)     that standards of conduct upon which punitive damages are awarded are vague;

(l)     that civil procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

(m)     that civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases;

(n)     that civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties;

(o)     that civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury in the award of punitive damages.

## TWENTY-EIGHTH DEFENSE

Pulcra may not be found liable for punitive damages where the conditions that form the basis of the claims are, and have been, the subject of state regulatory

50

oversight or action, and where there has been substantial compliance with the findings, orders, and directives of the responsible state regulatory agency.

## TWENTY-NINTH DEFENSE

Any recovery by Plaintiff or members of the purported class may be barred or reduced by the negligence, fault, or carelessness of others for whose conduct Pulcra is not responsible. Any judgment rendered against Pulcra in this action, under all theories of liability plead, should be limited to the fault, if any, attributable to Pulcra. Pulcra is entitled to apportion its fault, if any, to the fault of all other persons who are or could be responsible for any of Plaintiff's and the purported class's damages regardless of whether such persons are parties to this action, and regardless of whether it is ultimately shown that Plaintiff or members of the purported class were negligent.

## THIRTIETH DEFENSE

The proposed class action fails to meet the numerosity requirement of Fed. R. Civ. P. 23(a)(1).

## THIRTY-FIRST DEFENSE

The proposed class action fails to meet the commonality requirement of Fed. R. Civ. P. 23(a)(2).

## THIRTY-SECOND DEFENSE

The proposed class action fails to meet the typicality requirement of Fed. R. Civ. P. 23(a)(3).

## THIRTY-THIRD DEFENSE

The named Plaintiff will not adequately and fairly protect the interests of the proposed class, as required by Fed. R. Civ. P. 23(a)(4).

## THIRTY-FOURTH DEFENSE

The proposed class lacks common questions of law or fact, as required by Fed. R. Civ. P. 23(b)(3).

## THIRTY-FIFTH DEFENSE

The Complaint should be dismissed because the named Plaintiff is not an adequate representative of the proposed class.

## THIRTY-SIXTH DEFENSE

The claims of Plaintiff and the purported class against Pulcra are barred in whole or in part by the doctrine of accord and satisfaction.

## THIRTY-SEVENTH DEFENSE

The claims of Plaintiff and the purported class are barred, in whole or in part, by the doctrine of laches.

Case 4:21-cv-00040-TWT   Document 147   Filed 04/21/22   Page 53 of 57


## THIRTY-EIGHTH DEFENSE

The claims of Plaintiff and the purported class are barred, in whole or in part, by the doctrine of res judicata.

## THIRTY-NINTH DEFENSE

The claims of Plaintiff and the purported class are barred, in whole or in part, by the prior nuisance doctrine and the prior trespass doctrine.

## FORTIETH DEFENSE

Pulcra did not owe or breach any duty to Plaintiff or the purported class.

## FORTY-FIRST DEFENSE

Plaintiff and the purported class's recovery, if any, should be barred or reduced in proportion to each plaintiff's own culpable conduct, including each plaintiff's own negligence, assumption of the risk, acquiescence, or misuse.

## FORTY-SECOND DEFENSE

Plaintiff and the purported class's claims are barred, in whole or in part, by contributory negligence.

## FORTY-THIRD DEFENSE

Pulcra denies that its conduct was in any manner negligent or wanton.

## FORTY-FOURTH DEFENSE

Plaintiff and the purported class's claims are barred, in whole or in part, by the doctrines of consent and/or release.

## FORTY-FIFTH DEFENSE

Plaintiff and the purported class's claims are barred in whole or in part because the harm is divisible and attributable to others.

## FORTY-SIXTH DEFENSE

Plaintiff and the purported class's claims are barred in whole or in part to the extent they seek to impose liability based on retroactive application of laws, regulations, standards, or guidelines.

## FORTY-SEVENTH DEFENSE

Neither Plaintiff nor the purported class have suffered a concrete and particularized injury.

## FORTY-EIGHTH DEFENSE

Pulcra did not have any duty to warn. Any such duty, if it existed, was either not necessary or was satisfied, discharged, or unnecessary due to the knowledge of risk by others, including Plaintiff and the purported class. The lack of or alleged inadequacy of any warnings were also not a proximate cause of any of Plaintiff's or the purported class's injuries.

54

## FORTY-NINTH DEFENSE

Plaintiff and the purported class's public nuisance claim fails because Plaintiff/the purported class did not suffer or incur any special damage or special harm. Neither Plaintiff nor the purported class have suffered or incurred any damage or harm different from those exercising the right common to the general public that is the subject of the alleged interference.

## FIFTIETH DEFENSE

Plaintiff should be required to provide a more definite statement of his allegations as to each defendant. As currently pled, Plaintiff's Complaint violates the group pleading and/or shotgun pleading doctrine(s).

## FIFTY-FIRST DEFENSE

Pulcra materially complied with all applicable federal, state, and local permitting requirements, regulations, standards, and guidelines.

## FIFTY-SECOND DEFENSE

Pulcra adopts by reference all affirmative defenses heretofore and hereafter pleaded by the other parties as may be applicable to the facts alleged against Pulcra and does not waive or relinquish any other available affirmative defenses. Pulcra expressly reserves the right to raise such additional affirmative defenses as may be established or become appropriate through discovery, further investigation, or

further events with respect to the subject matter of this action, through the date of trial.

WHEREFORE, Pulcra respectfully requests that the Court dismiss Plaintiff's Complaint, award the costs of expenses of litigation to it, and grant such other relief to it as the Court deems equitable and just under the circumstances.

Respectfully submitted this 21st day of April, 2022.

/s/ Robert D. Mowrey
ROBERT D. MOWREY
GA Bar No. 527510
C. MAX ZYGMONT
GA Bar No. 567696
E. PEYTON NUNEZ
GA Bar No. 756017

KAZMAREK MOWREY CLOUD LASETER LLP
1230 Peachtree Street, NE
Suite 900
Atlanta, Georgia 30309
Telephone: (404) 812-0839
Email: bmowrey@kmcllaw.com
          mzygmont@kmcllaw.com
          pnunez@kmcllaw.com

**Attorneys for Defendant Pulcra Chemicals, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 21st day of April, 2022, electronically filed the foregoing **PULCRA CHEMICALS, LLC'S RESPONSE TO PLAINTIFF'S FIRST AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT** using the CM/ECF system which will automatically send email notification of such filing to all registered CM/ECF users.

<u>/s/ E. Peyton Nunez</u>
 E. Peyton Nunez