## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

EARL PARRIS, JR., individually and )
on behalf of a Class of persons similarly )
situated, )
                           )
        *Plaintiff,* )
                           )     Civil Action No. 4:21-cv-40-TWT
v. )
                           )     TRIAL BY JURY REQUESTED
3M COMPANY, DAIKIN AMERICA, )
INC., HUNTSMAN INTERNATIONAL )
LLC, MOUNT VERNON MILLS, INC, )
TOWN OF TRION, GEORGIA, and )
RYAN DEJUAN JARRETT, )
                           )
        *Defendants.* )

## HUNTSMAN INTERNATIONAL LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO EARL PARRIS, JR.'S FIRST AMENDED COMPLAINT

Defendant Huntsman International LLC ("Huntsman") hereby files it answer and affirmative defenses to Plaintiff Earl Parris, Jr.'s First Amended Complaint (ECF Doc. 73) ("Complaint"). Huntsman's answer is based upon its investigation to date, and Huntsman reserves the right to amend this answer if and when new information is learned.

## I.
## AFFIRMATIVE DEFENSES

Without assuming any burden of proof it would not otherwise bear, Huntsman hereby asserts the following as affirmative and other defenses to the Complaint:

#3357124v1

1.     The Complaint fails to state a claim against Huntsman upon which relief can be granted.

2.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring such claims.

3.     Plaintiff's claims are barred by the applicable statutes of limitations. Plaintiff's claims for damages are barred to the extent Plaintiff's damages, if any, were incurred outside the applicable statutes of limitations. Such statutes of limitations include a four-year limitations period applying to Plaintiff's claims for damages to property and a two-year limitations period applying to claims for personal injury.

4.     Plaintiff's claims are barred, in whole or in part, by laches, license, res judicata, acquiescence, release, unclean hands, and/or permit.

5.     Plaintiff's claims are barred, in whole or in part, under the economic-loss doctrine.

6.     Plaintiff's claims are barred, in whole or in part, by the bulk-supplier doctrine, the learned-intermediary doctrine, and/or the sophisticated-user doctrine.

7.     Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver and/or estoppel.

8.     Plaintiff's claims are barred, in whole or in part, by assumption of risk.

9.     Plaintiff's claims are barred, in whole or in part, because Huntsman did

not exercise control over the cause of the harm or the discharge alleged. Plaintiff's claim for abatement of an alleged nuisance is barred because Huntsman does not have control over or access to the property that constitutes the alleged nuisance.

10.    Plaintiff's claims are barred, in whole or in part, because Plaintiff and his proposed class did not suffer special damages.

11.    Plaintiff's    claims    are    barred    because    Plaintiff's    alleged injuries/damages, if any, were not caused by any alleged act or omission by Huntsman.

12.    Plaintiff's claims are barred because Huntsman owed no duty to Plaintiff.

13.    Plaintiff's claims are barred because Plaintiff's injuries/damages, if any, were caused by superseding, unforeseen, and/or intervening causes.

14.    Plaintiff's claims are barred, in whole or in part, because they are preempted by federal law.

15.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to impose liability based on retroactive application of any law, regulation, standard, and/or guideline.

16.    Plaintiff's claims are barred, in whole or in part, for failure to mitigate damages.

17.    Plaintiff's claims are barred, in whole or in part, by the doctrines of

setoff, credit, and/or recoupment.

18.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the United States Constitution and the Georgia Constitution. Plaintiff's claims for punitive damages are further subject to the limitations and protections contained in O.C.G.A. § 51-12-1, *et seq.*

19.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of repose, including O.C.G.A. § 51-1-11.

20.    Plaintiff's claims and any recovery against Huntsman are barred, in whole or in part, by the negligence, fault, conduct, or carelessness of others over whose conduct Huntsman had no control and for whose conduct Huntsman is not responsible. Any judgment or damages awarded to Plaintiff against Huntsman should be limited to the fault attributable to Huntsman. Any damages awarded to Plaintiff in this action should be subject to apportionment among any parties or non-parties who are or could be responsible for Plaintiff's injuries or damages.

21.    Plaintiff's claims are barred, in whole or in part, because Huntsman's conduct was in accordance with applicable standards of care under all laws, regulations, and industry practices.

22.    Plaintiff's claims for damages, if any, are barred, in whole or in part, to the extent there was no practical or technically feasible alternative design or formulation that would have prevented the harm to Plaintiff, if any, without

4

substantially impairing the usefulness or intended purpose of the product.

23.     Plaintiff's claim for attorneys' fees is barred because Huntsman has not acted in a manner that gives rise to a claim for attorneys' fees or for the expenses of litigation.

24.     Plaintiff's claims are barred, in whole or in part, by his own contributory negligence.

25.     Plaintiff's claims are barred due to the failure to join indispensable parties and real-parties-in-interest.

26.     Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative fault.

Huntsman at this time lacks sufficient information to set forth all affirmative defenses and hereby reserves the right to assert additional affirmative defenses as facts are discovered throughout this case or to remove affirmative defenses that it later determines are not applicable.

## II.
## ANSWER

## STATEMENT OF THE CASE

1.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent required, Huntsman admits that Plaintiff seeks to bring this action pursuant to Section 505(a)(1) of the federal Clean Water Act, 33 U.S.C. § 1365(a)(1), and that this paragraph describes Plaintiff's legal

#3357124v1

theories. To the extent this paragraph contains any allegations directed at Huntsman, Huntsman denies them and denies that Plaintiff is entitled to any relief from Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

2.      This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent required, Huntsman admits that Plaintiff seeks to bring this action pursuant to the citizen suit provision of the federal Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), and that this paragraph describes Plaintiff's legal theories. To the extent this paragraph contains any allegations directed at Huntsman, Huntsman denies them. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 as to the remaining Defendants.

3.      Huntsman admits that Plaintiff seeks to bring this action as a class action. Huntsman denies that it has caused and continues to cause PFAS to be discharged into Raccoon Creek. Huntsman denies any remaining allegations against it in paragraph 3. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 as to the remaining Defendants.

4.      Huntsman admits that Plaintiff seeks to bring this action on behalf of "All water subscribers (ratepayers) with the City of Summerville, Georgia Public

Works and Utilities Department." *See* First Am. Compl., ¶ 147. Huntsman denies the remaining allegations against it in paragraph 4. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 as to the remaining Defendants.

5.     Huntsman admits that Mount Vernon Mills, Inc. ("Mount Vernon") has operated a textile mill in Trion, Georgia. Huntsman admits that it supplied certain products containing PFAS to Mount Vernon for use in the manufacturing process to provide stain resistance and water resistance to fabrics. Huntsman denies the remaining allegations against it in paragraph 5. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 as to the remaining Defendants.

6.     Huntsman admits that it supplied certain products containing PFAS to Mount Vernon. Huntsman denies the remaining allegations against it in paragraph 6. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 as to the remaining Defendants.

7.     Huntsman admits that paragraph 7 contains Plaintiff's legal theories and requests for relief. Huntsman denies the allegations against it in paragraph 7 and denies that Plaintiff and the proposed class members are entitled to any of the relief sought against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 as to the remaining

#3357124v1

Defendants.

## JURISDICTION AND VENUE

8.      This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman admits that Plaintiff has attached Exhibit A to the Complaint, and Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.      This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.      This paragraph does not contain allegations against Huntsman and, as

#3357124v1

such, no response is required. To the extent a response is required, Huntsman admits that Plaintiff has attached Exhibit A to the Complaint, and Huntsman lacks knowledge or information sufficient to form a belief as to the truth the allegations in paragraph 12.

13.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

#3357124v1

17.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     Huntsman admits that the Court has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1332(d)(2)(A). Huntsman denies that there is a certifiable class in this case.

19.     To the extent a response is required, Huntsman denies the allegations asserted against it. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 as to the remaining Defendants.

20.     Huntsman admits that venue is proper in the Northern District of Georgia as to Huntsman. Huntsman denies that it caused harm to Plaintiff and to members of the putative class residing in this District. To the extent required, Huntsman denies any remaining allegations in this paragraph.

## **PARTIES**

21.     Huntsman denies that Raccoon Creek has been and continues to be contaminated with PFAS as a result of any act or omission of Huntsman. Huntsman denies that Plaintiff has been, and will continue to be, directly and substantially injured in his use and enjoyment of his property as a direct result of Huntsman's

10

violations of the CWA and RCRA (although none are alleged) or the contamination of Raccoon Creek. Huntsman denies that Plaintiff has been injured or is entitled to any of the relief he seeks. Huntsman denies that Plaintiff has a special interest in protecting the water quality of Raccoon Creek. Huntsman denies that it disposed of any solid waste containing PFAS. Huntsman further denies the allegations in paragraph 21 as to Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21.

22.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman admits that Mount Vernon Mills, Inc. operates a textile mill in Trion, Georgia. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24.

25.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman admits that the Town of Trion is a municipal corporation organized under the laws of the State of Georgia. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25.

26.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations

#3357124v1

in paragraph 29.

30.    This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.    Huntsman admits that it is a foreign corporation authorized to do business in the State of Georgia and was conducting business in this District. Huntsman admits that it has supplied certain products containing PFAS to Mount Vernon Mills. Huntsman denies the remaining allegations in paragraph 31.

32.    This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

## FACTUAL ALLEGATIONS

**Mount Vernon's Discharges of PFAS to Trion WPCP[1]**

33.    Huntsman admits that Mount Vernon has operated a textile mill in Trion, Georgia. Huntsman admits that it has supplied certain products containing PFAS to Mount Vernon for use in the manufacturing process to provide stain

---

[1] For ease of reference, Huntsman includes the headings from Plaintiff's First Amended Complaint. To the extent required, Huntsman denies any and allegations made in the headings of the First Amended Complaint.

13

resistance and water resistance to fabrics. Huntsman denies the remaining allegations contained in paragraph 33 as to Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33.

34.    Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.    This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.    This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.    This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

**Persistence and Toxicity of PFAS**

38.    Huntsman admits that per- and polyfluoroalkyl substances are man-

14

made chemicals and that certain PFAS have stable carbon-fluorine bonds and are used to treat textiles to confer stain, soil, water, and/or oil resistance. Huntsman admits that certain PFAS have a wide variety of industrial and commercial applications. Huntsman denies any allegations against it in paragraph 38. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38.

39.    Huntsman admits that certain PFAS have stable carbon-fluorine bonds. Huntsman admits that certain PFAS may persist in the environment. Huntsman denies that PFAS do not biodegrade. Huntsman denies any allegations against it in paragraph 39. Huntsman lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 39.

40.    Huntsman does not have sufficient information to form a belief on whether Perfluorooctanoic Acid ("PFOA") and Perfluorooctanesulfonic Acid ("PFOS") "are the most studied PFAS," but Huntsman admits that PFOA and PFOS have been studied and appear capable of persistence. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40.

41.    Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.    Huntsman admits that the C8 Science Panel conducted certain studies

related to PFOA and that the panel issued "C8 Probable Link Reports." Huntsman denies that the allegations in paragraph 42 accurately state or describe any reports or findings of the C8 Science Panel. Huntsman denies any remaining allegations in paragraph 42.

43.    Huntsman admits that the C8 Science Panel conducted certain studies related to PFOA and that the panel issued "C8 Probable Link Reports." Huntsman denies that the allegations in paragraph 43 accurately state or describe any reports or findings of the C8 Science Panel. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43.

44.    Huntsman admits that the International Agency for Research on Cancer ("IARC") has designated PFOA as being "possibly carcinogenic to humans" based on limited epidemiologic evidence and that the EPA stated there is suggestive evidence of carcinogenic potential for PFOA. Huntsman denies any remaining allegations in paragraph 44.

45.    Huntsman admits that the United States Department of Health and Human Service's National Toxicology Program ("NTP") conducted a study on PFOA and PFOS. Huntsman denies that the allegations in paragraph 45 accurately state or describe the NTP study. Huntsman denies any remaining allegations in paragraph 45.

#3357124v1

46.     Huntsman admits that the EPA published non-enforceable and non-regulatory lifetime health advisories for PFOA and PFOS in 2016. Huntsman admits that the advisory for PFOA was 0.07 micrograms/liter. Huntsman admits that the advisory for PFOS was 0.07 micrograms/liter. Huntsman denies any remaining allegations in paragraph 46.

47.     Huntsman denies that the allegations in paragraph 47 completely and accurately state or describe the studies or report upon which the EPA based its PFOA and PFOS health advisories. Huntsman denies any remaining allegations in paragraph 47.

48.     Huntsman admits that the EPA published non-enforceable and non-regulatory lifetime health advisories for PFOA and PFOS in 2016. Huntsman denies that the allegations in paragraph 48 completely and accurately state or describe the content of those advisories. Huntsman denies the allegations in paragraph 48 to the extent they are inconsistent with those advisories.

49.     Huntsman admits that the Agency for Toxic Substances and Disease Registry ("ATSDR") issued an updated draft Toxicological Profile for Perfluoroalkyls in 2018. Huntsman denies that the allegations in paragraph 49 completely and accurately state or describe the content of the draft Toxicological Profile. Huntsman denies the allegations in paragraph 49 to the extent they are inconsistent with the draft Toxicological Profile.

17

50.     Huntsman admits that the Agency for Toxic Substances and Disease Registry ("ATSDR") issued an updated draft Toxicological Profile for Perfluoroalkyls in 2018. Huntsman denies that the allegations in paragraph 50 completely and accurately state or describe the content of the draft Toxicological Profile. Huntsman denies the allegations in paragraph 50 to the extent they are inconsistent with the draft Toxicological Profile.

51.     Huntsman admits that certain states have issued or adopted regulatory guidance concerning levels for PFOA and/or PFOS in drinking water that are lower than the EPA health advisory levels. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51.

52.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.     Huntsman admits that Section 7321 of the National Defense Authorization Act for Fiscal Year 2020 ("NDAA") added 172 PFAS to the list of chemicals covered by the Toxics Release Inventory ("TRI") under Section 313 of the Emergency Planning and Community Right to Know Act ("EPCRA"). Huntsman denies any remaining allegations in paragraph 53.

**Defendants' Knowledge of the Toxicity and Persistence of PFAS**

54.     Huntsman denies the allegations directed against it in paragraph 54.

Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations directed against other Defendants in paragraph 54.

55.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     Huntsman denies the first sentence of paragraph 57 as to Huntsman's knowledge. Huntsman denies any remaining allegations in paragraph 57 that are directed at it. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57.

58.     Huntsman denies the first sentence of paragraph 58 as to Huntsman's knowledge. Huntsman denies any remaining allegations in paragraph 58 that are directed at it. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58.

59.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

19

60.     Huntsman denies the first sentence of paragraph 60 as to Huntsman's knowledge. Huntsman denies any remaining allegations in paragraph 60 that are directed at it. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60.

61.     Huntsman denies the first sentence of paragraph 61 as to Huntsman's knowledge. Huntsman denies any remaining allegations in paragraph 61 that are directed at it. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61.

62.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.     Huntsman admits that it has supplied certain products containing PFAS to certain customers in the textile industry since 2007. Huntsman admits that DuPont provided certain information to Huntsman regarding PFAS. Huntsman lacks sufficient knowledge or information regarding whether DuPont supplied "available" information. Huntsman denies the remaining allegations in paragraph 63.

64.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.     This paragraph does not contain allegations against Huntsman and, as

#3357124v1

such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.     Huntsman admits that the EPA published certain Significant New Use Rules in 2002 concerning PFOA and PFOS. Huntsman admits that "Short-Chain" PFAS (i.e., PFAS with six or fewer carbon atoms) exist. Huntsman denies any allegations in this paragraph directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in paragraph 69.

70.     Huntsman denies the allegations in paragraph 70 directed against it. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70, including those directed at other Defendants.

71.     Huntsman denies the allegations in paragraph 71 directed against it. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71, including those directed at other Defendants.

72.     Huntsman denies the allegations in paragraph 72 directed against it. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72, including those directed at other Defendants.

73.     Huntsman denies the allegations in paragraph 73 directed against it. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73, including those directed at other Defendants.

**Contamination of Raccoon Creek and City of Summerville Water Supply with PFAS**

74.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the in paragraph 74.

22

75.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

#3357124v1

85.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88.     Huntsman denies the allegations in paragraph 88 directed against it and that allege that Plaintiff and the proposed class suffered damages as a result of any act or omission by Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88, including those directed at other Defendants.

89.     Huntsman denies the allegations in paragraph 89 directed against it and that allege that Plaintiff and the proposed class suffered damages as a result of any act or omission by Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 89, including those directed at other Defendants.

90.     Huntsman denies the allegations in paragraph 90 directed against it and that allege that Plaintiff and the proposed class suffered damages as a result of any act or omission by Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 90, including

24

those directed at other Defendants.

## COUNT ONE:
### DEFENDANTS TRION AND JARRETT'S DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT

91.     Huntsman incorporates its responses to paragraphs 1 to 90 of the Complaint as if fully set forth herein.

92.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations

in paragraph 95.

96.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

98.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

99.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

100.    This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations

#3357124v1

in paragraph 100.

101.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101.

102.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102.

103.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103.

104.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104.

## COUNT TWO: DEFENDANT TRION'S VIOLATIONS OF ITS NPDES PERMIT, THE GEORGIA WATER QUALITY CONTROL ACT, AND THE CLEAN WATER ACT

105.   Huntsman incorporates its responses to paragraphs 1 to 104 of the

Complaint as if fully set forth herein.

106.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106.

107.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107.

108.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.

109.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.

110.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks

#3357124v1

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111.

112.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112.

113.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

114.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114.

115.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks

#3357124v1

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115.

## COUNT THREE: DEFENDANT TRION'S VIOLATIONS OF ITS NPDES PERMIT, THE GEORGIA WATER QUALITY CONTROL ACT, AND THE CLEAN WATER ACT

116.   Huntsman incorporates its responses to paragraphs 1 to 115 of the Complaint as if fully set forth herein.

117.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117.

118.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

119.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks

#3357124v1

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

121.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121.

122.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122.

123.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123.

124.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124.

125.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks

#3357124v1

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125.

126.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126.

127.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127.

128.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128.

129.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129.

130.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks

#3357124v1

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130.

131.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131.

132.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132.

133.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133.

134.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

#3357124v1

## COUNT FOUR:
## RCRA IMMINENT AND SUBSTANTIAL ENDANGERMENT CREATED BY DEFENDANTS MOUNT VERNON, TRION, AND JARRETT

135.   Huntsman incorporates its responses to paragraphs 1 to 134 of the Complaint as if fully set forth herein.

136.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136.

137.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137.

138.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138.

139.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139.

#3357124v1

140.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140.

141.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141.

142.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent this paragraph directs allegations at Huntsman, those allegations are denied. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 142.

143.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143.

## CLASS ALLEGATIONS FOR STATE LAW CLAIMS

144.   Huntsman incorporates its responses to paragraphs 1 to 143 of the Complaint as if fully set forth herein.

145.   Huntsman admits that Plaintiff brings his state law claims as a putative class action pursuant to Federal Rule of Civil Procedure 23. Huntsman denies that Plaintiff's action satisfies the requirements of Federal Rules 23(a) & 23(b)(3) and that this action is otherwise appropriate for class action treatment. Huntsman denies any remaining allegations in paragraph 145.

146.   Huntsman denies the allegations contained in paragraph 146.

147.   Huntsman admits that Plaintiff brings a putative class action on behalf of the proposed class alleged in paragraph 147. Huntsman denies that this action is appropriate for class action treatment. Huntsman denies any remaining allegations.

148.   Huntsman admits that Plaintiff's proposed class excludes the categories of persons listed in subparagraphs 148(a)-(e). Huntsman denies that this action is appropriate for class action treatment. Huntsman denies any remaining allegations.

149.   Huntsman admits that paragraph 149 includes Plaintiff's reservation of rights to amend or modify his proposed class. To the extent further response is necessary, Huntsman denies that this action is appropriate for class action treatment and, as such, denies that Plaintiff should be permitted to amend or modify his proposed class. Huntsman denies any remaining allegations.

### Numerosity

150.   Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size. Huntsman denies that this action is appropriate for

36

class action treatment. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that the number of his proposed class "probably exceeds 11,000 people (over 4,000 service connections)." Huntsman denies any remaining allegations.

151.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151.

## Typicality

152.   Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size. Huntsman denies that this action is appropriate for class action treatment. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that he is a water subscriber and a property owner. Huntsman denies any remaining allegations.

## Adequate Representation

153.   Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size. Huntsman denies that this action is appropriate for class action treatment. Huntsman denies any allegations directed against it in this paragraph. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

154.   Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size. Huntsman denies that this action is appropriate for

37

class action treatment. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**Predominance of Common Questions of Law and Fact**

155.   Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size. Huntsman denies that this action is appropriate for class action treatment. Huntsman denies that common questions of fact and law among the Representative Plaintiffs and Proposed Class Members predominate over questions affecting only individual Class Members. Huntsman denies any remaining allegations in paragraph 155, including subparts (a)-(m).

156.   Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size. Huntsman denies that this action is appropriate for class action treatment. Huntsman denies that common questions of fact and law among the Representative Plaintiffs and Proposed Class Members predominate over questions affecting only individual Class Members. Huntsman denies that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Huntsman denies any remaining allegations.

157.   Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size. Huntsman denies that this action is appropriate for class action treatment. Huntsman denies that common questions of fact and law among the Representative Plaintiffs and Proposed Class Members predominate over

questions affecting only individual Class Members. Huntsman notes that paragraph 157 presumably contains an incorrect reference to Paragraph 137. Huntsman denies any remaining allegations.

### Fed. R. Civ. P. 23(a) and 23(b)(2) Injunctive or Declaratory Relief

158.   Huntsman admits that Plaintiff seeks to bring a class action requesting injunctive and declaratory relief. Huntsman denies that this action is appropriate for class action treatment and denies that Plaintiff or his proposed class is entitled to the relief sought against Huntsman. Huntsman denies any remaining allegations.

### Superiority

159.   Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size. Huntsman denies that this action is appropriate for class action treatment. Huntsman denies that class action treatment is a superior method to other available methods for fairly and effectively adjudicating the controversy. Huntsman denies that certification would be proper for the reasons Plaintiff describes in paragraph 159. Huntsman denies any remaining allegations.

160.   Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size. Huntsman denies that this action is appropriate for class action treatment. Huntsman denies that class action treatment is preferable to other available methods of fairly and efficiently adjudicating the controversy. Huntsman denies any remaining allegations.

## COUNT FIVE:
## NEGLIGENCE
## (PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)

161.   Huntsman incorporates its responses to paragraphs 1 to 160 of the Complaint as if fully set forth herein.

162.   Huntsman denies the allegations in paragraph 162 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

163.   Huntsman denies the allegations in paragraph 163 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

164.   Huntsman denies the allegations in paragraph 164 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

165.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165.

166.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks

#3357124v1

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166.

167.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167.

168.   Huntsman denies the allegations in paragraph 168 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

169.   Huntsman denies the allegations in paragraph 169 directed against Huntsman and denies that Plaintiff or his proposed class suffered damages as a result of any act or omission by Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

## COUNT SIX:
## NEGLIGENCE PER SE
## (MOUNT VERNON MILLS)

170.   Huntsman incorporates its responses to paragraphs 1 to 169 of the Complaint as if fully set forth herein.

171.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171.

172.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172.

173.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173.

174.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174.

175.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175.

**COUNT SEVEN:**
**NEGLIGENT FAILURE TO WARN**
**(PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)**

176.   Huntsman incorporates its responses to paragraphs 1 to 175 of the Complaint as if fully set forth herein.

177.   Huntsman denies the allegations in paragraph 177 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

178.   Huntsman denies the allegations in paragraph 178 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

179.   Huntsman denies the allegations in paragraph 179 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

180.   Huntsman denies the allegations in paragraph 180 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

181.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181.

#3357124v1

182.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182.

183.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183.

184.   Huntsman denies the allegations in paragraph 184 directed against Huntsman and denies that Plaintiff or his proposed class suffered injuries as a result of any act or omission by Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

185.   Huntsman denies the allegations in paragraph 185 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

186.   Huntsman denies the allegations in paragraph 186 directed against Huntsman and denies that Plaintiff or his proposed class suffered damages as a result of any act or omission by Huntsman. Huntsman lacks knowledge or information

#3357124v1

sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

**COUNT EIGHT:**
**WANTON CONDUCT AND PUNITIVE DAMAGES**
**(PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)**

187.   Huntsman incorporates its responses to paragraphs 1 to 186 of the Complaint as if fully set forth herein.

188.   Huntsman denies the allegations in paragraph 188 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

189.   Huntsman denies the allegations in paragraph 189 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

190.   Huntsman denies the allegations in paragraph 190 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

191.   Huntsman denies the allegations in paragraph 191 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

192.   Huntsman denies the allegations in paragraph 192 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations against other Defendants.

193.   Huntsman denies the allegations in paragraph 193 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

194.   Huntsman denies the allegations in paragraph 194 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

## COUNT NINE:
## PUBLIC NUISANCE/DAMAGES
## (ALL DEFENDANTS EXCEPT TRION AND JARRETT)

195.   Huntsman incorporates its responses to paragraphs 1 to 194 of the Complaint as if fully set forth herein.

196.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 196.

197.   Huntsman denies the allegations in paragraph 197 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

198.   Huntsman denies the allegations in paragraph 198 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

199.   Huntsman denies the allegations in paragraph 199 directed against

46

Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

200.  Huntsman denies the allegations in paragraph 200 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

201.  Huntsman denies the allegations in paragraph 201 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

202.  Huntsman denies the allegations in paragraph 202 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

203.  Huntsman denies the allegations in paragraph 203 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

204.  Huntsman denies the allegations in paragraph 204 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

## COUNT TEN:
## ABATEMENT OF PUBLIC NUISANCE
## (ALL DEFENDANTS)

205.  Huntsman incorporates its response to paragraph 1 to 204 of the

47

Complaint as if fully set forth herein.

206.   Huntsman denies the allegations in paragraph 206 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

207.   Huntsman denies the allegations in paragraph 207 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

208.   Huntsman admits that Plaintiff seeks the relief requested in paragraph 208 but denies that Plaintiff or his proposed class is entitled to the relief requested. Huntsman denies the remaining allegations in paragraph 208 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

209.   Huntsman admits that Plaintiff seeks the relief requested in paragraph 209 but denies that Plaintiff or his proposed class is entitled to the relief requested. Huntsman denies the remaining allegations in paragraph 209 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

210.   Huntsman denies the allegations in paragraph 210 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants

**RELIEF REQUESTED**

Huntsman denies the allegations contained in this section of the Complaint, including subparagraphs (a)-(q). Huntsman denies that Plaintiff or his proposed class is entitled to the relief requested in this section. Unless specifically admitted in this Answer, Huntsman denies any allegations contained in the Complaint.

**III.**
**CONCLUSION AND PRAYER**

WHEREFORE, Defendant Huntsman International LLC respectfully requests that the Court dismiss Plaintiff's First Amended Complaint against it, award costs, fees, and expenses of litigation to Huntsman, and grant such other relief to Huntsman as the Court deems equitable and just.

Respectfully submitted this 21st day of April, 2022.

/s/ *Benjamin E. Fox*
Benjamin E.  Fox
Georgia Bar. No. 329427
BONDURANT, MIXSON & ELMORE, LLP
1201 W. PEACHTREE ST. NW, STE. 3900
Atlanta, Georgia 30308
Telephone: (404) 881-4117
Facsimile: (404) 881-4111
fox@bmelaw.com
**ATTORNEY IN CHARGE FOR**
**DEFENDANT HUNTSMAN**
**INTERNATIONAL LLC**

**OF COUNSEL:**

REYNOLDS FRIZZELL LLP
Jean Frizzell (*Pro Hac Vice*)
Solace Kirkland Southwick (*Pro Hac Vice*)
Zach Burford (*Pro Hac Vice*)
1100 Louisiana Street, Suite 3500
Houston, Texas 77002
Telephone: (713) 485-7200
Facsimile: (713) 485-7250
jfrizzell@reynoldsfrizzell.com
ssouthwick@reynoldsfrizzell.com

**ATTORNEYS FOR DEFENDANT
HUNTSMAN INTERNATIONAL LLC**

#3357124v1

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022, I electronically filed the within and foregoing *HUNTSMAN INTERNATIONAL LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO EARL PARRIS, JR.'S FIRST AMENDED COMPLAINT*, which has been prepared using 14-point Times New Roman font, with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Gary A. Davis (*Pro Hac Vice*)
James S. Whitlock (*Pro Hac Vice*)
Davis & Whitlock, P.C.
Attorneys at Law
21 Battery Park Avenue, Suite 206
Ashville, North Carolina 28801
Telephone: (828) 622-0044
gadavis@environattorney.com
jwhitlock@environattorney.com

Jeffrey Jerome Dean
Thomas Causby
Morris & Dean
P.O. Box 2005
The Landmark Building Ste. 300, 3rd Floor
101 E. Crawford St.
Dalton, Georgia 30720
Telephone: (706) 229-0300
jeff@morrisanddean.com
tom@morrisanddean.com
brenda@morrisanddean.com

*Attorneys for Plaintiff Earl Parris*

J. Anderson Davis
Brinson, Askew, Berry, Seigler, Richardson & Davis, LLP
P.O. Box 5007
Rome, GA 30162-5007
Telephone: (706) 291-8853
Facsimile: (706) 234-3574
adavis@brinson-askew.com

Jeff Friedman (*Pro Hac Vice*)
Lee Patterson (*Pro Hac Vice*)
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
Telephone: (205) 278-7000
Facsimile: (205) 278-7001
jfriedman@friedman-lawyers.com
lpatterson@friedman-lawyers.com

*Attorneys for Plaintiff City of Summerville, Georgia*

Jackson R. Sharman, III
Benjamin P. Harmon
Harlan I. Prater (*Pro Hac Vice*)
M. Christian King (*Pro Hac Vice*)
W. Larkin Radney (*Pro Hac Vice*)
Lightfoot & White, LLC
The Clark Building, 400 20th St. North
Birmingham, Alabama 35203
Telephone: (205) 581-0700
jsharman@lightfootlaw.com
bharmon@lightfootlaw.com
hparter@lightfootlaw.com
cking@lightfootlaw.com
lradney@lightfootlaw.com

Robert B. Remar
S. Gardner Culpepper
Monica P. Witte
Katherine L. D'Ambrosio
Smith Gambrell & Russell, LLP
1105 W. Peachtree Street, NE, Ste. 1000
Atlanta, GA 30309
Telephone: (404) 815-3500
rremar@sgrlaw.com
gculpepper@sgrlaw.com
kdambrosio@sgrlaw.com
mwitte@sgrlaw.com

*Counsel for Defendant 3M Company*

Kimberly Council Sheridan
Ann Marie Alexander (*Pro Hac Vice*)
Gordon Rees Scully Mansukhani
55 Ivan Allen Blvd., NW, Ste. 750
Atlanta, GA 30308
Telephone: (404) 978-7324
Facsimile: (678) 389-8475
ksheridan@gordonrees.com
amalexander@grsm.com

*Counsel for Defendant the Town of Trion, Georgia*

Steven F. Casey, (*Pro Hac Vice*)
Kary Bryant Wolfe, (*Pro Hac Vice*)
Jones Walker, LLP
420 20th Street North, Suite 100
Birmingham, AL 35203
Telephone: (205) 244-5200
scasey@joneswalker.com
kwolfe@joneswalker.com

William E. Underwood
Jones Walker, LLP
1360 Peachtree Street, Suite 1030
Atlanta, Georgia 30309
Telephone: (404) 870-7514
wunderwood@joneswalker.com

Chris Yielding (*Pro Hac Vice*)
Balch & Bingham, LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203-4642
Telephone: (205) 22-8728
cyielding@balch.com

Theodore M. Grossman (*Pro Hac Vice*)
Jones Day
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3480
tgrossman@jonesday.com

Richard H. Deane, Jr.
Jeffrey A. Kaplan, Jr.
Jones Day
1221 Peachtree Street, N.E., Ste. 400
Atlanta, GA 30361
Telephone: (404) 521-3939
rhdeane@jonesday.com
jkaplan@jonesday.com

*Counsel for Defendant Daikin America, Inc.*

#3357124v1

Craig K. Pendergrast
Taylor English Duma LLP
1600 Parkwood Circle, Ste. 200
Atlanta, GA 30339
Telephone: (678) 336-7245
Facsimile: (770) 434-7376
cpendergrast@taylorenglish.com

*Counsel for Defendant Ryan Dejuan Jarrett*

William M. Droze
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street, N.E., Ste. 3000
Atlanta, GA 30308
Telephone: (404) 885-3468
Facsimile: (404) 885-3750
william.droze@troutman.com

*Counsel for Defendant Mount Vernon Mills, Inc.*

/s/ Benjamin E. Fox
Benjamin E. Fox
Ga. Bar No. 329427
fox@bmelaw.com