# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

EARL PARRIS, JR., individually and )
on behalf of a Class of persons similarly )
situated, )
                         )
        *Plaintiff,* )
                         )     Civil Action No. 4:21-cv-40-TWT
v. )
                         )     TRIAL BY JURY REQUESTED
3M COMPANY, DAIKIN AMERICA, )
INC., HUNTSMAN INTERNATIONAL )
LLC, MOUNT VERNON MILLS, INC, )
TOWN OF TRION, GEORGIA, and )
RYAN DEJUAN JARRETT, )
                         )
       *Defendants.* )

## HUNTSMAN INTERNATIONAL LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE CITY OF SUMMERVILLE, GEORGIA'S COMPLAINT IN INTERVENTION

Defendant Huntsman International LLC ("Huntsman") hereby files it answer and affirmative defenses to Intervenor-Plaintiff the City of Summerville, Georgia's ("Plaintiff" or "Summerville") Complaint in Intervention (ECF Doc. 137) ("Complaint"). Huntsman's answer is based upon its investigation to date, and Huntsman reserves the right to amend this answer if and when new information is learned.

# I.
## AFFIRMATIVE DEFENSES

Without assuming any burden of proof it would not otherwise bear, Huntsman hereby asserts the following as affirmative and other defenses to the Complaint:

1.     The Complaint fails to state a claim against Huntsman upon which relief can be granted.

2.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring such claims.

3.     Plaintiff's claims are barred by the applicable statutes of limitations. Plaintiff's claims for damages are barred to the extent Plaintiff's damages, if any, were incurred outside the applicable statutes of limitations. Such statutes of limitations include a four-year limitations period applying to Plaintiff's claims for damages to property.

4.     Plaintiff's claims are barred, in whole or in part, by laches, license, res judicata, acquiescence, release, unclean hands, and/or permit.

5.     Plaintiff's claims are barred, in whole or in part, under the economic-loss doctrine.

6.     Plaintiff's claims are barred, in whole or in part, by the bulk-supplier doctrine, the learned-intermediary doctrine, and/or the sophisticated-user doctrine.

7.     Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver and/or estoppel.

#3357122v1

8.    Plaintiff's claims are barred, in whole or in part, by assumption of risk.

9.    Plaintiff's claims are barred, in whole or in part, because Huntsman did not exercise control over the cause of the harm alleged or the alleged discharge. Plaintiff's claim for abatement of an alleged nuisance is barred because Huntsman does not have control over or access to the property that constitutes the alleged nuisance.

10.    Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer special damages.

11.    Plaintiff's claims are barred because Plaintiff's alleged injuries/damages, if any, were not caused by any alleged act or omission by Huntsman.

12.    Plaintiff's claims are barred because Huntsman owed no duty to Plaintiff.

13.    Plaintiff's claims are barred because Plaintiff's injuries/damages, if any, were caused by superseding, unforeseen, and/or intervening causes.

14.    Plaintiff's claims are barred, in whole or in part, because they are preempted by federal law.

15.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to impose liability based on retroactive application of any law, regulation, standard, and/or guideline.

#3357122v1

16.     Plaintiff's claims are barred, in whole or in part, for failure to mitigate damages.

17.     Plaintiff's claims are barred, in whole or in part, by the doctrines of setoff, credit, and/or recoupment.

18.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the United States Constitution and the Georgia Constitution. Plaintiff's claims for punitive damages are further subject to the limitations and protections contained in O.C.G.A. § 51-12-1, *et seq.*

19.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of repose, including O.C.G.A. § 51-1-11.

20.     Plaintiff's claims and any recovery against Huntsman are barred, in whole or in part, by the negligence, fault, conduct, or carelessness of others over whose conduct Huntsman had no control and for whose conduct Huntsman is not responsible. Any judgment or damages awarded to Plaintiff against Huntsman should be limited to the fault attributable to Huntsman. Any damages awarded to Plaintiff in this action should be subject to apportionment among any parties or non-parties who are or could be responsible for Plaintiff's injuries or damages.

21.     Plaintiff's claims are barred, in whole or in part, because Huntsman's conduct was in accordance with applicable standards of care under all laws, regulations, and industry practices.

22.     Plaintiff's claims for damages, if any, are barred, in whole or in part, to the extent there was no practical or technically feasible alternative design or formulation that would have prevented the harm to Plaintiff, if any, without substantially impairing the usefulness or intended purpose of the product.

23.     Plaintiff's claim for attorneys' fees is barred because Huntsman has not acted in a manner that gives rise to a claim for attorneys' fees or for the expenses of litigation.

24.     Plaintiff's claims are barred, in whole or in part, by Summerville's own contributory negligence.

25.     Plaintiff's claims are barred due to the failure to join indispensable parties and real-parties-in-interest.

26.     Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative fault.

27.     Plaintiff's claims are barred, in whole or in part, to the extent some or all of the damages Plaintiff seeks constitute impermissible double recovery.

Huntsman at this time lacks sufficient information to set forth all affirmative defenses and hereby reserves the right to assert additional affirmative defenses as facts are discovered throughout this case or to remove affirmative defenses that it later determines are not applicable.

#3357122v1

## II.
## ANSWER

## STATEMENT OF THE CASE

1.      This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent this paragraph contains any allegations directed at Huntsman, Huntsman denies them. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

2.      This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent this paragraph contains any allegations directed at Huntsman, Huntsman denies them and denies that Plaintiff is entitled to any relief from Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 as to the remaining Defendants.

3.      This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent this paragraph contains any allegations directed at Huntsman, Huntsman denies them and denies that Plaintiff is entitled to any relief from Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 as to the remaining Defendants.

#3357122v1

## JURISDICTION AND VENUE

4.     To the extent a response is required, Huntsman denies the allegations asserted against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 as to the remaining Defendants.

5.     Huntsman admits that venue is proper in the Northern District of Georgia as to Huntsman. Huntsman denies that it caused harm to Summerville or to "Proposed Class Members" residing in this District. To the extent required, Huntsman denies any remaining allegations in this paragraph.

## PARTIES

6.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks

#3357122v1

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.　　Huntsman admits that it is a foreign corporation authorized to do business in the State of Georgia and was conducting business in this District. Huntsman admits that it has supplied certain products containing PFAS to Mount Vernon Mills. Huntsman denies the remaining allegations in paragraph 9.

10.　　This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.　　This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman admits that Mount Vernon Mills, Inc., Town of Trion, Georgia, and Ryan Dejuan Jarrett are named defendants in the First Amended Individual and Class Action Complaint separately filed in this action and that Summerville asserts no legal claims against these defendants. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12.　　Huntsman admits that the Complaint refers to Defendants 3M, Daikin, Huntsman, and Pulcra as "PFAS Manufacturing Defendants" or "Defendants." Huntsman denies any remaining allegations in paragraph 12.

## FACTUAL ALLEGATIONS

13.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman admits that the Complaint uses the term "PFAS" to refer to per- and polyfluoroalkyl substances. Huntsman admits that per- and polyfluoroalkyl substances are man-made chemicals. Huntsman admits that in 2016 the EPA published non-enforceable and non-regulatory lifetime health advisories for PFOA and PFOS. Huntsman admits that the International Agency for Research on Cancer ("IARC") has designated PFOA as "possibly carcinogenic to humans" based on limited epidemiologic evidence. Huntsman admits that the EPA Science Advisory Board was tasked to review certain EPA proposals regarding PFOA and PFOS. However, after four days of hearings, the Science Advisory Board raised significant concerns regarding: lack of transparency, the EPA potentially failing to adequately explain its rationale for certain conclusions related to PFOA and PFOS, flawed data, errors and inconsistencies in the documentation, exclusion of certain studies without appropriate justification, inconsistent methodologies, and potentially unsound

#3357122v1

scientific foundations for some conclusions. Accordingly, Huntsman denies that the allegations in paragraph 15 accurately or completely state or describe these advisories, studies, and/or reports from these agencies. Huntsman denies any remaining allegations in paragraph 15.

16.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     To the extent this paragraph contains any allegations directed at Huntsman, Huntsman denies them and denies that Plaintiff is entitled to any relief from Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18.

19.     To the extent this paragraph contains any allegations directed at Huntsman, Huntsman denies them and denies that Plaintiff is entitled to any relief from Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20.     Huntsman admits that the International Agency for Research on Cancer ("IARC") has designated PFOA as "possibly carcinogenic to humans" based upon limited epidemiologic evidence and that the EPA stated there is suggestive evidence of carcinogenic potential for PFOA. Huntsman denies that the allegations in

paragraph 20 accurately or completely state or describe these statements and/or designations from these agencies. Huntsman denies any remaining allegations in paragraph 20.

21.    Huntsman admits that the United States Department of Health and Human Service's National Toxicology Program ("NTP") conducted a study on PFOA and PFOS. Huntsman denies that the allegations in paragraph 21 accurately state or describe the NTP study. Huntsman denies any remaining allegations in paragraph 21.

22.    Huntsman admits that the EPA published non-enforceable and non-regulatory lifetime health advisories for PFOA and PFOS in 2016. Huntsman denies any remaining allegations in paragraph 22.

23.    Huntsman admits that the EPA published non-enforceable and non-regulatory lifetime health advisories for PFOA and PFOS in 2016. Huntsman denies that the allegations in paragraph 23 completely and accurately state or describe the studies or report upon which the EPA based its PFOA and PFOS health advisories. Huntsman denies any remaining allegations in paragraph 23.

24.    Huntsman admits that the Agency for Toxic Substances and Disease Registry ("ATSDR") issued an updated draft Toxicological Profile for Perfluoroalkyls in 2018. Huntsman denies that the allegations in paragraph 24 completely and accurately state or describe the content of the Draft Toxicological

11

Profile. Huntsman denies the allegations in paragraph 24 to the extent they are inconsistent with the Draft Toxicological Profile.

25.    Huntsman admits that certain states have issued or adopted regulatory guidance concerning levels for PFOA and/or PFOS in drinking water that are lower than the EPA health advisory levels. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25.

26.    Huntsman denies the allegations in paragraph 26 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations directed against other Defendants in paragraph 26.

27.    Huntsman denies the first sentence of paragraph 27 as to Huntsman's knowledge. Huntsman denies any remaining allegations in paragraph 27 that are directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27.

28.    Huntsman denies the first sentence of paragraph 28 as to Huntsman's knowledge. Huntsman denies any remaining allegations in paragraph 28 that are directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28.

29.    Huntsman denies the first sentence of paragraph 29 as to Huntsman's

knowledge. Huntsman denies any remaining allegations in paragraph 29 that are directed against Hunstman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29.

30.     Huntsman denies the first sentence of paragraph 30 as to Huntsman's knowledge. Huntsman denies any remaining allegations in paragraph 30 that are directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30.

31.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     Huntsman admits that it has supplied certain products containing PFAS to certain customers in the textile industry since 2007. Huntsman admits that DuPont provided certain information to Huntsman regarding PFAS. Huntsman lacks sufficient knowledge or information to form a belief as to whether DuPont provided the "available information." Huntsman denies the remaining allegations in paragraph 33.

34.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations

in paragraph 34.

35.     Huntsman denies the allegations in paragraph 35 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35, including those directed at other Defendants.

36.     Huntsman denies the allegations in paragraph 36 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36, including those directed at other Defendants.

37.     Huntsman denies the allegations in paragraph 37 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37, including those directed at other Defendants.

38.     Huntsman admits that attached to the Complaint is Summerville's Exhibit A. To the extent paragraph 38 directs allegations against Huntsman, Huntsman denies them. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38.

## COUNT ONE
### Negligence

39.     Huntsman incorporates its responses to paragraphs 13 to 38 of the Complaint as if fully set forth herein.

#3357122v1

40.     Huntsman denies the allegations in paragraph 40 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

41.     Huntsman denies the allegations in paragraph 41 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

42.     Huntsman denies the allegations in paragraph 42 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

43.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman admits that paragraph 43 of the Complaint partially quotes from provisions of the Georgia Water Quality Control Act. Huntsman denies any remaining allegations in paragraph 43.

44.     Huntsman denies the allegations in paragraph 44 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

45.     Huntsman denies the allegations in paragraph 45 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

#3357122v1

46.    Huntsman denies the allegations in paragraph 46 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

47.    Huntsman denies the allegations in paragraph 47 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

With respect to the paragraph starting "WHEREFORE" following paragraph 47, Huntsman admits that Summerville seeks compensatory damages but denies that Summerville is entitled to such relief from Huntsman. Huntsman denies any remaining allegations in this unnumbered paragraph.

## COUNT TWO
**Public Nuisance**

48.    Huntsman incorporates its responses to paragraphs 13 to 38 of the Complaint as if fully set forth herein.

49.    This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50.    This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations

16

in paragraph 50.

51.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.     Huntsman denies the allegations in paragraph 52 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52.

53.     Huntsman denies the allegations in paragraph 53 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

54.     Huntsman denies the allegations in paragraph 54 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

55.     Huntsman denies the allegations in paragraph 55 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

56.     Huntsman denies the allegations in paragraph 56 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

57.     Huntsman denies the allegations in paragraph 57 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

58.     Huntsman denies the allegations in paragraph 58 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

59.     Huntsman denies the allegations in paragraph 59 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

With respect to the paragraph starting "WHEREFORE" following paragraph 59, Huntsman admits that Summerville seeks compensatory and punitive damages but denies that Summerville is entitled to such relief from Huntsman. Huntsman denies any remaining allegations in this unnumbered paragraph.

## COUNT THREE
### Private Nuisance

60.     Huntsman incorporates its responses to paragraphs 13 to 38 of the Complaint as if fully set forth herein.

61.     This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

#3357122v1

62.    Huntsman denies the allegations in paragraph 62 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

63.    Huntsman denies the allegations in paragraph 63 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

64.    Huntsman denies the allegations in paragraph 64 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

65.    Huntsman denies the allegations in paragraph 65 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

66.    Huntsman denies the allegations in paragraph 66 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

67.    Huntsman denies the allegations in paragraph 67 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

68.    Huntsman denies the allegations in paragraph 68 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as

#3357122v1

to the truth of the remaining allegations against other Defendants.

69.    Huntsman denies the allegations in paragraph 69 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

With respect to the paragraph starting "WHEREFORE" following paragraph 69, Huntsman admits that Summerville seeks compensatory and punitive damages but denies that Summerville is entitled to such relief from Huntsman. Huntsman denies any remaining allegations in this unnumbered paragraph.

## COUNT FOUR
### Abatement of Nuisance

70.    Huntsman incorporates its responses to paragraphs 13 to 38 of the Complaint as if fully set forth herein.

71.    Huntsman denies the allegations in paragraph 71 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71, including those directed at other Defendants.

72.    Huntsman admits that Summerville seeks an injunction to abate the alleged nuisance but denies that Summerville is entitled to such relief from Huntsman. Huntsman denies the remaining allegations in paragraph 72 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 72, including those directed at other Defendants.

With respect to the paragraph starting "WHEREFORE" following paragraph 72, Huntsman admits that Summerville seeks an abatement of the alleged nuisance but denies that Summerville is entitled to such relief from Huntsman. Huntsman denies any remaining allegations in this unnumbered paragraph.

**COUNT FIVE**
**Trespass**

73.    Huntsman incorporates its responses to paragraphs 13 to 38 of the Complaint as if fully set forth herein.

74.    This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.    This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.    Huntsman admits that the Complaint partially quotes O.C.G.A. § 51-8-7 in paragraph 76. Huntsman denies any remaining allegations.

21

77.     Huntsman denies the allegations in paragraph 77 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77, including those directed at other Defendants.

78.     Huntsman denies the allegations in paragraph 78 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

79.     Huntsman denies the allegations in paragraph 79 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

80.     Huntsman denies the allegations in paragraph 80 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80, including those directed at other Defendants.

81.     Huntsman denies the allegations in paragraph 81 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81, including those directed at other Defendants.

82.     Huntsman denies the allegations in paragraph 82 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations against other Defendants.

83.    Huntsman denies the allegations in paragraph 83 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

84.    Huntsman denies the allegations in paragraph 84 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 84, including those directed at other Defendants.

With respect to the paragraph starting "WHEREFORE" following paragraph 84, Huntsman admits that Summerville seeks compensatory damages but denies that Summerville is entitled to such relief from Huntsman. Huntsman denies any remaining allegations in this unnumbered paragraph.

## COUNT SIX
### Wantonness and Punitive Damages

85.    Huntsman incorporates its responses to paragraphs 13 to 38 of the Complaint as if fully set forth herein.

86.    Huntsman denies the allegations in paragraph 86 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

87.    Huntsman denies the allegations in paragraph 87 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations against other Defendants.

88.     Huntsman denies the allegations in paragraph 88 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

89.     Huntsman admits that the Complaint partially quotes portions of the Georgia Water Quality Control Act in paragraph 89. Huntsman denies any remaining allegations in paragraph 89.

90.     Huntsman denies the allegations in paragraph 90 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

91.     Huntsman denies the allegations in paragraph 91 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

92.     Huntsman denies the allegations in paragraph 92 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

93.     Huntsman denies the allegations in paragraph 93 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

94.     Huntsman denies the allegations in paragraph 94 directed against

#3357122v1

Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

95.    Huntsman denies the allegations in paragraph 95 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

With respect to the paragraph starting "WHEREFORE" following paragraph 95, Huntsman admits that Summerville seeks punitive damages but denies that Summerville is entitled to such relief from Huntsman. Huntsman denies any remaining allegations in this unnumbered paragraph.

## COUNT SEVEN
### Injunctive Relief

96.    Huntsman incorporates its responses to paragraphs 13 to 38 of the Complaint as if fully set forth herein.

97.    Huntsman admits that Summerville seeks an injunction as alleged in paragraph 97 but denies that Summerville is entitled to such relief from Huntsman. Huntsman denies any remaining allegations in paragraph 97.

98.    Huntsman denies the allegations in paragraph 98 directed against Huntsman and denies that Summerville is entitled to injunctive relief from Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

#3357122v1

With respect to the paragraph starting "WHEREFORE" following paragraph 98, Huntsman admits that Summerville seeks injunctive relief but denies that Summerville is entitled to such relief from Huntsman. Huntsman denies any remaining allegations in this unnumbered paragraph.

## COUNT EIGHT
### Attorneys' Fees and Expenses of Litigation

99.    Huntsman incorporates its responses to paragraphs 13 to 38 of the Complaint as if fully set forth herein.

100.   Huntsman denies the allegations in paragraph 100 directed against Huntsman and denies that Summerville is entitled to attorneys' fees or other expenses from Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

## COUNT NINE
### Georgia Water Quality Control Act

101.   Huntsman incorporates its responses to paragraphs 12 to 36 of the Complaint as if fully set forth herein.

102.   Huntsman admits that paragraph 102 partially quotes from a subsection of O.C.G.A. § 12-5-51. Huntsman denies any remaining allegations in paragraph 102.

103.   Huntsman admits that paragraph 103 quotes a defined term in the Georgia Water Quality Control Act. Huntsman denies any remaining allegations in paragraph 103.

104.   Huntsman denies the allegations in paragraph 104 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

105.   Huntsman denies the allegations in paragraph 105.

106.   Huntsman admits that paragraph 106 partially quotes from a subsection of O.C.G.A. § 12-5-51. Huntsman denies any remaining allegations in paragraph 106.

107.   This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107.

108.   Huntsman denies the allegations in paragraph 108 directed against Huntsman and denies that Summerville incurred damages as a result of any act or omission by Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

With respect to the paragraph starting "WHEREFORE" following paragraph 108, Huntsman admits that Summerville seeks statutory damages under O.C.G.A. §

27

12-5-51 but denies that Summerville is entitled to such relief from Huntsman. Huntsman denies any remaining allegations in this unnumbered paragraph.

## COUNT TEN
### Negligent Failure to Warn

109.  Huntsman incorporates its responses to paragraphs 13 to 38 of the Complaint as if fully set forth herein.

110.  Huntsman denies the allegations in paragraph 110 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

111.  Huntsman denies the allegations in paragraph 111 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

112.  Huntsman denies the allegations in paragraph 112 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

113.  Huntsman denies the allegations in paragraph 113 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

114.  Huntsman denies the allegations in paragraph 114 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

115.   Huntsman denies the allegations in paragraph 115 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

116.   Huntsman denies the allegations in paragraph 116 directed against Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

117.   Huntsman denies the allegations in paragraph 117 directed against Huntsman and denies that Summerville suffered any injury or harm as a result of an act or omission of Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

118.   Huntsman denies the allegations in paragraph 118 directed against Huntsman and denies that Summerville suffered any injury or harm as a result of an act or omission of Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

119.   Huntsman denies the allegations in paragraph 119 directed against Huntsman and denies that Summerville suffered any injury or harm as a result of an act or omission of Huntsman. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

## **RELIEF DEMANDED**

Huntsman denies the allegations contained in this section of the Complaint,

#3357122v1

including subparagraphs (a)-(f). Huntsman denies that Summerville is entitled to the relief requested in this section. Unless specifically admitted in this Answer, Huntsman denies any allegations contained in the Complaint.

## III.
## CONCLUSION AND PRAYER

WHEREFORE, Defendant Huntsman International LLC respectfully requests that the Court dismiss Intervenor-Plaintiff the City of Summerville, Georgia's Complaint in Intervention against it, award costs, fees, and expenses of litigation to Huntsman, and grant such other relief to Huntsman as the Court deems equitable and just.

Respectfully submitted this 21st day of April, 2022.

*/s/ Benjamin E. Fox*
Benjamin E. Fox
Georgia Bar. No. 329427
BONDURANT, MIXSON & ELMORE, LLP
1201 W. PEACHTREE ST. NW, STE. 3900
Atlanta, Georgia 30308
Telephone:   (404) 881-4100
Facsimile:   (404) 881-4111
fox@bmelaw.com
**ATTORNEY IN CHARGE FOR
DEFENDANT HUNTSMAN
INTERNATIONAL LLC**

#3357122v1

**OF COUNSEL:**

REYNOLDS FRIZZELL LLP
Jean Frizzell (*Pro Hac Vice*)
Solace Kirkland Southwick (*Pro Hac Vice*)
Zach Burford (*Pro Hac Vice*)
1100 Louisiana Street, Suite 3500
Houston, Texas 77002
Telephone: (713) 485-7200
Facsimile: (713) 485-7250
jfrizzell@reynoldsfrizzell.com
ssouthwick@reynoldsfrizzell.com

**ATTORNEYS FOR DEFENDANT**
**HUNTSMAN INTERNATIONAL LLC**

#3357122v1

# CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022, I electronically filed the within and foregoing, HUNTSMAN INTERNATIONAL LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE CITY OF SUMMERVILLE, GEORGIA'S COMPLAINT IN INTERVENTION which has been prepared using 14-point Times New Roman font, with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Gary A. Davis (*Pro Hac Vice*)
James S. Whitlock (*Pro Hac Vice*)
Davis & Whitlock, P.C.
Attorneys at Law
21 Battery Park Avenue, Suite 206
Ashville, North Carolina 28801
Telephone: (828) 622-0044
gadavis@environattorney.com
jwhitlock@environattorney.com

Jeffrey Jerome Dean
Thomas Causby
Morris & Dean
P.O. Box 2005
The Landmark Building Ste. 300, 3rd Floor
101 E. Crawford St.
Dalton, Georgia 30720
Telephone: (706) 229-0300
jeff@morrisanddean.com
tom@morrisanddean.com
brenda@morrisanddean.com

*Attorneys for Plaintiff Earl Parris*

J. Anderson Davis
Brinson, Askew, Berry, Seigler,
Richardson & Davis, LLP
P.O. Box 5007
Rome, GA 30162-5007
Telephone: (706) 291-8853
Facsimile: (706) 234-3574
adavis@brinson-askew.com

Jeffrey E. Friedman (*Pro Hac Vice*)
Lee Patterson (*Pro Hac Vice*)
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
Telephone: (205) 278-7000
Facsimile: (205) 278-7001
jfriedman@friedman-lawyers.com
lpatterson@friendman-lawyers.com

*Attorneys for Plaintiff City of Summerville, GA*

Jackson R. Sharman, III
Benjamin P. Harmon
Harlan I. Prater (*Pro Hac Vice*)
M. Christian King (*Pro Hac Vice*)
W. Larkin Radney (*Pro Hac Vice*)
Lightfoot & White, LLC
The Clark Building, 400 20th St. North
Birmingham, Alabama 35203
Telephone: (205) 581-0700
jsharman@lightfootlaw.com
bharmon@lightfootlaw.com
hparter@lightfootlaw.com
cking@lightfootlaw.com
lradney@lightfootlaw.com

Robert B. Remar
S. Gardner Culpepper
Monica P. Witte
Katherine L. D'Ambrosio
Smith Gambrell & Russell, LLP
1105 W. Peachtree Street, NE, Ste. 1000
Atlanta, GA 30309
Telephone: (404) 815-3500
rremar@sgrlaw.com
gculpepper@sgrlaw.com
kdambrosio@sgrlaw.com
mwitte@sgrlaw.com

*Counsel for Defendant 3M Company*

Kimberly Council Sheridan
Ann Marie Alexander (*Pro Hac Vice*)
Gordon Rees Scully Mansukhani
55 Ivan Allen Blvd., NW, Ste. 750
Atlanta, GA 30308
Telephone: (404) 978-7324
Facsimile: (678) 389-8475
ksheridan@gordonrees.com
amalexander@grsm.com

*Counsel for Defendant the Town of Trion, Georgia*

Steven F. Casey, (*Pro Hac Vice*)
Kary Bryant Wolfe, (*Pro Hac Vice*)
Jones Walker, LLP
420 20th Street North, Suite 100
Birmingham, AL 35203
Telephone: (205) 244-5200
scasey@joneswalker.com
kwolfe@joneswalker.com

William E. Underwood
Jones Walker, LLP
1360 Peachtree Street, Suite 1030
Atlanta, Georgia 30309
Telephone: (404) 870-7514
wunderwood@joneswalker.com

Chris Yielding (*Pro Hac Vice*)
Balch & Bingham, LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203-4642
Telephone: (205) 22-8728
cyielding@balch.com

Theodore M. Grossman (*Pro Hac Vice*)
Jones Day
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3480
tgrossman@jonesday.com

Richard H. Deane, Jr.
Jeffrey A. Kaplan, Jr.
Jones Day
1221 Peachtree Street, N.E., Ste. 400
Atlanta, GA 30361
Telephone: (404) 521-3939
rhdeane@jonesday.com
jkaplan@jonesday.com

*Counsel for Defendant Daikin America, Inc.*

#3357122v1

Craig K. Pendergrast
Taylor English Duma LLP
1600 Parkwood Circle, Ste. 200
Atlanta, GA 30339
Telephone: (678) 336-7245
Facsimile: (770) 434-7376
cpendergrast@taylorenglish.com

*Counsel for Defendant Ryan Dejuan Jarrett*

William M. Droze
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street, N.E., Ste. 3000
Atlanta, GA 30308
Telephone: (404) 885-3468
Facsimile: (404) 885-3750
william.droze@troutman.com

*Counsel for Defendant Mount Vernon Mills, Inc.*

*/s/ Benjamin E. Fox*
Benjamin E. Fox
Ga. Bar No. 329427
fox@bmelaw.com