IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and ) <br> On behalf of a Class of persons ) <br> similarly Situated, ) <br>            Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> 3M COMPANY, DAIKIN ) <br> AMERICA, INC., HUNTSMAN ) <br> INTERNATIONAL LLC, MOUNT ) <br> VERNON MILLS, INC., TOWN OF ) <br> TRION, GEORGIA, and RYAN ) <br> DEJUAN JARRETT, ) <br> ) <br>            Defendants. ) | Civil Action No.: <br> 4:21-CV-40-TWT |

### DEFENDANT RYAN DEJUAN JARRETT'S ANSWER AND CROSSCLAIM TO PLAINTIFF'S FIRST AMENED COMPLAINT

Defendant Ryan Dejuan Jarrett ("Defendant Jarrett") files this Answer and Crossclaim to Plaintiff Earl Parris, Jr.'s First Amended Individual and Class Action Complaint ("Complaint").

### AFFIRMATIVE DEFENSES

1.     Defendant Jarrett is not a proper or necessary party to this action.

2.     Assuming without admitting that Plaintiff's allegation that farm fields like those owned by Defendant Jarrett upon which the Town of Trion has placed its sludge are material sources of PFAS impacts that are the subject of this case and that

1

Defendant Jarrett is a proper or necessary party to this action, then Plaintiff has failed to join necessary parties by failing to join other property owners upon whose land such sludge has been placed.

3. Plaintiff has failed to state a claim against Defendant Jarrett upon which relief can be granted.

4. Plaintiff's claims against Defendant Jarrett, if any, are barred, in part or whole, by the statute of limitations.

5. Plaintiff lacks standing to assert any claims against Defendant Jarrett.

## ANSWERS TO NUMBERED PARAGRAPHS OF COMPLAINT

1. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 1-4 of the Complaint.

2. Defendant Jarrett admits that the Town of Trion has occasionally placed sludge from what he understood to be its wastewater treatment plant on farm properties owned by him and others in the Raccoon Creek watershed. Except as admitted, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Complaint.

3. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 6-9 of the Complaint.

4. Defendant Jarrett denies that he received the mailed notice alleged in Paragraph 10 of the Complaint and denies that such notice was compliant as

to him. Except as admitted, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint.

5. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Complaint.

6. Defendant Jarrett denies that he received the mailed notice alleged in Paragraph 12 of the Complaint and denies that such notice was compliant as to him. Except as admitted, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Complaint.

7. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 13-20 of the Complaint.

8. On information and belief, Defendant Jarrett admits that Plaintiff is a resident of Chattooga County, Georgia. Except as admitted, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of the Complaint.

9. On information and belief, Defendant Jarrett admits the allegations contained in Paragraphs 22-25 of the Complaint.

10. Defendant Jarrett admits that he owns property in Chattooga County, Georgia on which he permitted the Town of Trion to place sludge that he understood

to be safe for the beneficial purpose of providing nutrients to his farm fields. Except as admitted, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 of the Complaint.

11. Defendant Jarrett admits that he is a person.  Except as admitted, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27-28 of the Complaint.

12. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 29-90 of the Complaint.

13. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-90 of the Complaint as if stated in response to paragraph 91 of the Complaint.

14. Defendant Jarrett responds to Paragraphs 92-96 as containing legal contentions or contentions of mixed fact and law as to which he is without sufficient knowledge or information to admit or deny.

15. Defendant Jarrett denies having discharged PFAS into Raccoon Creek. Except as admitted, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 97-98 of the Complaint.

16. Defendant Jarrett denies having been or being in violation of the Clean Water Act and denies that he should be subject to an enforcement order or an

assessment of civil penalties under the Clean Water Act. Subject to such denial, Defendant Jarrett states that he will make his property available to appropriate persons who wish to take appropriate samples of soil, groundwater, or surface water on his property for purposes of such sampling, and should harmful concentrations of PFAS be discovered there then he will cooperate with appropriate remedial activities that may need to be undertaken with respect to such PFAS, while reserving all rights against others with respect to such matters. Except as admitted, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 99-104 of the Complaint.

17. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-104 of the Complaint as if stated in response to paragraph 105 of the Complaint.

18. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 106-115 of the Complaint.

19. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-115 of the Complaint as if stated in response to paragraph 116 of the Complaint.

20. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 117-134 of the Complaint.

21. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-134 of the Complaint as if stated in response to paragraph 135 of the Complaint.

22. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 136-142 of the Complaint.

23. Defendant Jarrett denies that an enforcement order or injunction is necessary against him as alleged in Paragraph 143 of the Complaint. As stated above, Defendant Jarrett will make his property available to appropriate persons who wish to take appropriate samples of soil, groundwater, or surface water on his property for purposes of such sampling, and should harmful concentrations of PFAS be discovered there then he will cooperate with appropriate remedial activities that may need to be undertaken with respect to such PFAS, while reserving all rights against others with respect to such matters. Except as stated above, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 143 of the Complaint.

24. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-143 of the Complaint as if stated in response to paragraph 144 of the Complaint.

25. In light of Defendant Jarrett's willingness to allow appropriate sampling and possibly appropriate remedial action on his property, Defendant Jarrett denies that declaratory or injunctive relief would be necessary or appropriate as to him as requested in Paragraphs 155(m) and 158 of the Complaint. Otherwise, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 145-160 of the Complaint.

26. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-160 of the Complaint as if stated in response to paragraph 161 of the Complaint.

27. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 162-169 of the Complaint.

28. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-169 of the Complaint as if stated in response to paragraph 170 of the Complaint.

29. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 171-175 of the Complaint.

30. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-175 of the Complaint as if stated in response to paragraph 176 of the Complaint.

31. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 177-186 of the Complaint.

32. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-186 of the Complaint as if stated in response to paragraph 187 of the Complaint.

33. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 188-194 of the Complaint.

34. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-194 of the Complaint as if stated in response to paragraph 195 of the Complaint.

35. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 196-204 of the Complaint.

36. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-204 of the Complaint as if stated in response to paragraph 205 of the Complaint.

37. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 162-169 of the Complaint.

38. Defendant Jarrett denies that he has caused, created, and/or contributed to a public nuisance as alleged in Paragraph 207 of the Complaint. In light of Defendant Jarrett's above-stated willingness to allow appropriate sampling and possibly appropriate remedial action on his property, Defendant Jarrett denies that injunctive relief would be necessary or appropriate as to him to abate an alleged public nuisance as alleged in Paragraphs 206-210 of the Complaint. Otherwise, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 206-210 of the Complaint.

## CROSSCLAIM

Without admitting any liability or other allegations of the Complaint, Defendant Jarrett asserts this crossclaim against each of the other defendants in this action for contribution and indemnity for any costs, harms, damages, and litigation expenses, including but not limited to reasonable attorney's fees, that he incurs in connection with this action. Should Defendant Jarrett be found to have any liability in this action or should he or his property suffer PFAS-related harm as a result of the

placement of sludge from the Town of Trion's wastewater treatment plant on his property, then each of the other defendants should be deemed to have caused or contributed to such harm, with each such defendant having caused or contributed to a trespass upon his property through the placement of unauthorized PFAS substances within the sludge placed upon his property.

**WHEREFORE,** Defendant Jarrett respectfully requests that the Court grant it the following relief:

a) That Plaintiff's claims be denied and dismissed as to Defendant Jarrett;

b) That Defendant Jarrett be awarded his expenses of litigation, including reasonable attorney's fees, against Plaintiff;

c) That the relief requested in Defendant Jarrett's Crossclaim be awarded, if and as appropriate;

d) That Defendant Jarrett be granted such other and further relief as is just and proper.

Respectfully submitted, this 21st day of April, 2022.

/s/ Craig Pendergrast
Craig Pendergrast, GA Bar. No. 571155
Daniel H. Weigel, GA Bar No. 956419
Taylor English Duma LLP
1600 Parkwood Circle NW, Suite 200
Atlanta, GA 30339
Email: cpendergrast@taylorenglish.com

Counsel for Defendant Ryan Dejuan Jarrett

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and On behalf of a Class of persons similarly Situated, )<br>) )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL LLC, MOUNT VERNON MILLS, INC., TOWN OF TRION, GEORGIA, and RYAN DEJUAN JARRETT, )<br>)<br>Defendants. ) | Civil Action No.:<br>4:21-CV-40-TWT |

## CERTIFICATE OF SERVICE
## AND COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that I have this date electronically filed this brief, which has been prepared using 14-point Times New Roman font, using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated: April 21, 2022.

/s/ Craig Pendergrast
Craig Pendergrast, GA Bar. No. 571155
Taylor English Duma LLP
1600 Parkwood Circle NW, Suite 200
Atlanta, GA 30339
Email: cpendergrast@taylorenglish.com