IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and On behalf of a Class of persons similarly Situated,<br>            Plaintiff,<br><br>vs.<br><br>3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL LLC, MOUNT VERNON MILLS, INC., TOWN OF TRION, GEORGIA, and RYAN DEJUAN JARRETT,<br>            Defendants. | Civil Action No.:<br>4:21-CV-40-TWT |

## DEFENDANT RYAN DEJUAN JARRETT'S ANSWER AND CROSSCLAIM TO INTERVENOR-PLAINTIFF CITY OF SUMMERVILLE GEORGIA'S COMPLAINT IN INTERVENTION

Defendant Ryan Dejuan Jarrett ("Defendant Jarrett") files this Answer and Crossclaim to Intervenor-Plaintiff the City of Summerville, Georgia's ("Plaintiff") Complaint in Intervention ("Complaint").

### AFFIRMATIVE DEFENSES

1. Defendant Jarrett is not a proper or necessary party to this action.

2. Assuming without admitting that Plaintiff's allegation that farm fields like those owned by Defendant Jarrett upon which the Town of Trion has placed its

02306389-2

sludge are material sources of PFAS impacts that are the subject of this case and that Defendant Jarrett is a proper or necessary party to this action, then Plaintiff has failed to join necessary parties by failing to join other property owners upon whose land such sludge has been placed.

3.  Plaintiff has failed to state a claim against Defendant Jarrett upon which relief can be granted.

4.  Plaintiff's claims against Defendant Jarrett, if any, are barred, in part or whole, by the statute of limitations.

5.  Plaintiff lacks standing to assert any claims against Defendant Jarrett.

## ANSWERS TO NUMBERED PARAGRAPHS OF COMPLAINT

1.  On information and belief, Defendant Jarrett admits that Plaintiff provides water and sewer services to its customers, which include residential and commercial customers within the Summerville city limits. Except as admitted, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2.  Defendant Jarrett denies that he should be subject to equitable or injunctive relief as alleged in Paragraph 2 of the Complaint. Subject to such denial, Defendant Jarrett states that he will make his property available to appropriate persons who wish to take appropriate samples of soil, groundwater, or surface water on his property for purposes of such sampling, and should harmful concentrations of

PFAS be discovered there then he will cooperate with appropriate remedial activities that may need to be undertaken with respect to such PFAS, while reserving all rights against others with respect to such matters.  Except as admitted, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of the Complaint.

3.   Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4.   Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 4-10 of the Complaint.

5.   Defendant Jarrett denies that he is a necessary party to this action and appreciates Plaintiff's affirmation that it asserts no legal claims against him. Defendant Jarrett is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 11 of the Complaint.

6.   Defendant Jarrett appreciates Plaintiff's statement in Paragraph 12 of the Complaint that limits its definition of "Defendants" for purposes of the Complaint to certain named defendants other than Defendant Jarrett.  No further response to Paragraph 12 is required from Defendant Jarrett, but for purposes of responsive pleading, he is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 12 of the Complaint.

7.   On information and belief, Defendant Jarrett admits that Plaintiff

provides water and sewer services to its customers. Except as admitted, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Complaint.

8. On information and belief, Defendant Jarrett admits that Plaintiff owns and operates a water treatment plant, the Raccoon Creek Water Treatment Facility, located at 1082 Filter Plant Road in Summerville, Georgia, providing treated drinking water to its customers. Except as admitted, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Complaint.

9. Defendant Jarrett denies any allegations that may be related to him in Paragraph 15 of the Complaint. Subject to such denial, Defendant Jarrett is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 15 of the Complaint.

10. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of the Complaint.

11. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of the Complaint.

12. Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18-38 of the Complaint.

13. Defendant Jarrett incorporates by reference his responses to Paragraphs

1-38 of the Complaint as if stated in response to paragraph 39 of the Complaint.

14. Defendant Jarrett denies any allegations against him that may be contained in Paragraphs 40-47 of the Complaint. Subject to such denial, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 40-47 of the Complaint.

15. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-47 of the Complaint as if stated in response to paragraph 48 of the Complaint.

16. Defendant Jarrett denies any allegations against him that may be contained in Paragraphs 49-59 of the Complaint. Subject to such denial, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 49-59 of the Complaint.

17. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-59 of the Complaint as if stated in response to paragraph 60 of the Complaint.

18. Defendant Jarrett denies any allegations against him that may be contained in Paragraphs 60-69 of the Complaint. Subject to such denial, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 60-69 of the Complaint.

19. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-69 of the Complaint as if stated in response to paragraph 70 of the Complaint.

20. Defendant Jarrett denies any allegations against him that may be

contained in Paragraphs 71-72 of the Complaint. Subject to such denial, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 71-72 of the Complaint.

21. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-72 of the Complaint as if stated in response to paragraph 73 of the Complaint.

22. Defendant Jarrett denies any allegations against him that may be contained in Paragraphs 74-84 of the Complaint. Subject to such denial, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 74-84 of the Complaint.

23. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-84 of the Complaint as if stated in response to paragraph 85 of the Complaint.

24. Defendant Jarrett denies any allegations against him that may be contained in Paragraphs 86-95 of the Complaint. Subject to such denial, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 86-95 of the Complaint.

25. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-95 of the Complaint as if stated in response to paragraph 96 of the Complaint.

26. Defendant Jarrett denies any allegations against him that may be contained in Paragraphs 97-98 of the Complaint. Subject to such denial, Defendant Jarrett is without sufficient knowledge or information to admit or deny the

allegations contained in Paragraphs 97-98 of the Complaint.

27. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-98 of the Complaint as if stated in response to paragraph 99 of the Complaint.

28. Defendant Jarrett denies any allegations against him that may be contained in Paragraph 100 of the Complaint. Subject to such denial, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 100 of the Complaint.

29. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-100 of the Complaint as if stated in response to paragraph 101 of the Complaint.

30. Defendant Jarrett denies any allegations against him that may be contained in Paragraphs 102-108 of the Complaint. Subject to such denial, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 102-108 of the Complaint.

31. Defendant Jarrett incorporates by reference his responses to Paragraphs 1-108 of the Complaint as if stated in response to paragraph 109 of the Complaint.

32. Defendant Jarrett denies any allegations against him that may be contained in Paragraphs 110-119 of the Complaint. Subject to such denial, Defendant Jarrett is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 110-119 of the Complaint.

## CROSSCLAIM

Without admitting any liability or other allegations of the Complaint, Defendant Jarrett asserts this crossclaim against each of the other defendants in this action for contribution and indemnity for any costs, harms, damages, and litigation expenses, including but not limited to reasonable attorney's fees, that he incurs in connection with this action.  Should Defendant Jarrett be found to have any liability in this action or should he or his property suffer PFAS-related harm as a result of the placement of sludge from the Town of Trion's wastewater treatment plant on his property, then each of the other defendants should be deemed to have caused or contributed to such harm, with each such defendant having caused or contributed to a trespass upon his property through the placement of unauthorized PFAS substances within the sludge placed upon his property.

**WHEREFORE,** Defendant Jarrett respectfully requests that the Court grant it the following relief:

a) That Plaintiff's claims be denied and dismissed as to Defendant Jarrett;

b) That Defendant Jarrett be awarded his expenses of litigation, including reasonable attorney's fees, against Plaintiff;

c) That the relief requested in Defendant Jarrett's Crossclaim be awarded, if and as appropriate;

d) That Defendant Jarrett be granted such other and further relief as is just and proper.

Respectfully submitted, this 21st day of April, 2022.

/s/ Craig Pendergrast
Craig Pendergrast, GA Bar. No. 571155
Daniel H. Weigel, GA Bar No. 956419
Taylor English Duma LLP
1600 Parkwood Circle NW, Suite 200
Atlanta, GA 30339
Email: cpendergrast@taylorenglish.com

Counsel for Defendant Ryan Dejuan Jarrett

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and On behalf of a Class of persons similarly Situated, <br>        Plaintiff, <br><br> vs. <br><br> 3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL LLC, MOUNT VERNON MILLS, INC., TOWN OF TRION, GEORGIA, and RYAN DEJUAN JARRETT, <br><br>        Defendants. | Civil Action No.: <br> 4:21-CV-40-TWT |

## CERTIFICATE OF SERVICE
## AND COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that I have this date electronically filed this brief, which has been prepared using 14-point Times New Roman font, using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated: April 21, 2022.

/s/ Craig Pendergrast
Craig Pendergrast, GA Bar. No. 571155
Taylor English Duma LLP
1600 Parkwood Circle NW, Suite 200
Atlanta, GA 30339
Email: cpendergrast@taylorenglish.com