## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a Class of persons similarly situated,<br><br>    *Plaintiff*, and<br><br>CITY OF SUMMERVILLE, GA.,<br><br>    *Intervenor Plaintiff*,<br><br>vs.<br><br>3M COMPANY, et al.,<br><br>    *Defendants*. | Civil Action No. 4:21-cv-00040-TWT |

## ANSWER AND DEFENSES OF DEFENDANT MOUNT VERNON MILLS, INC. TO CROSSCLAIM OF RYAN DEJUAN JARRETT FILED IN RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Mount Vernon Mills, Inc. ("Mount Vernon") hereby timely files its Answer to the Crossclaim filed by Jarrett on April 21, 2022 in response to the First Amended Complaint of Plaintiff Earl Parris, Jr. [ECF No. 152].

## AFFIRMATIVE DEFENSES

Mount Vernon states the following separate defenses without assuming the burden of proof that otherwise would rest with Jarrett, and while reserving the right to assert additional defenses that may be available after further investigation:

## FIRST DEFENSE

The Crossclaim fails to state a claim for which relief can be granted.

## SECOND DEFENSE

The Crossclaim is barred because Mount Vernon acted lawfully, in accordance with permits issued by the Town of Trion, and in good faith at all times.

## THIRD DEFENSE

The Crossclaim is barred because Mount Vernon complied with all applicable local, state, and federal laws and regulations.

## FOURTH DEFENSE

Jarrett has no right of action to enforce the Georgia Water Quality Control Act.

## FIFTH DEFENSE

O.C.G.A. § 12-5-29(a) is not a law, regulation, standard, or requirement applicable to Mount Vernon and is not incorporated into Mount Vernon's industrial user permit.

## SIXTH DEFENSE

Mount Vernon is entitled, without limitation, to all defenses allowed for by local ordinances and the Georgia Water Quality Control Act.

## SEVENTH DEFENSE

Jarrett's claim is barred as improper collateral attacks on properly issued permits.

## EIGHTH DEFENSE

Jarrett's claim is barred in whole or in part by applicable statutes of limitation or statutes of repose.

## NINTH DEFENSE

Mount Vernon denies that Jarrett has been harmed to the extent alleged in the Crossclaim.

## TENTH DEFENSE

If Jarrett has suffered any injuries or damages as alleged, which is specifically denied by Mount Vernon, then those injuries or damages were caused by independent actions and/or omissions of third parties over whom Mount Vernon had no control or influence and for whom Mount Vernon is not liable.

## ELEVENTH DEFENSE

If Jarrett has suffered any injuries or damages as alleged, which is specifically denied by Mount Vernon, then those damages were not proximately caused by Mount Vernon.

## TWELFTH DEFENSE

If Jarrett has sustained any damages as alleged, which is specifically denied by Mount Vernon, the damages are subject to apportionment and Mount Vernon is not jointly and severally liable to Jarrett.

## THIRTEENTH DEFENSE

If Jarrett has sustained any damages as alleged, which is specifically denied by Mount Vernon, any alleged interference with Jarrett's property was de minimis and therefore is not compensable or actionable.  Jarrett is not entitled to any relief or recovery from Mount Vernon.

## FOURTEENTH DEFENSE

Jarrett's claim is barred in whole or in part because the utility of the conduct of which Jarrett complains outweighs any alleged harm to the Jarrett.

## FIFTEENTH DEFENSE

The Crossclaim is barred in whole or in part because Mount Vernon's conduct was in accordance with the applicable standards of care under all laws, regulations, industry practice, and state-of-the-art knowledge, and the activities of Mount Vernon were reasonable as a matter of law.

## SIXTEENTH DEFENSE

The Crossclaim is barred in whole or in part to the extent that they seek to impose liability based on a retroactive application of laws, regulations, standards, or guidelines.

## SEVENTEENTH DEFENSE

The Crossclaim is preempted in whole or in part by state and/or federal statutes, rules, and regulations, including but not limited to, the Clean Water Act and RCRA.

## EIGHTEENTH DEFENSE

Jarrett lacks standing to bring this action or the Crossclaim, to the extent asserted against Mount Vernon.

## NINETEENTH DEFENSE

The Crossclaim is barred in whole or in part because Mount Vernon did not owe or breach a legal duty to Plaintiff.

## TWENTIETH DEFENSE

The Crossclaim is barred in whole or in part by the doctrine of primary jurisdiction.

## TWENTY-FIRST DEFENSE

The Crossclaim is barred in whole or in part by waiver, estoppel, laches, and/or unclean hands.

### TWENTY-SECOND DEFENSE

The Crossclaim is barred by collateral estoppel, res judicata, judicial estoppel, and/or pending prior actions.

### TWENTY-THIRD DEFENSE

The Crossclaim is barred in whole or in part by the Economic Loss Rule.

### TWENTY-FOURTH DEFENSE

The Crossclaim is barred in whole or in part by the Public Service Doctrine.

### TWENTY-FIFTH DEFENSE

The Crossclaim is barred in whole or in part due to the failure to plead special damages with particularity pursuant to Fed.R.Civ.P. 9(g).

### TWENTY-SIXTH DEFENSE

The Crossclaim is barred in whole or in part by the assumption of risk.

### TWENTY-SEVENTH DEFENSE

To the extent that Jarrett proves the existence of any alleged nuisance, Jarrett's claim is barred or limited in whole or in part under the doctrines of "coming to the nuisance," the prior nuisance doctrine, and/or the doctrine of consent.

### TWENTY-EIGHTH DEFENSE

Jarrett failed to join one or more necessary or indispensable parties in this litigation.

## TWENTY-NINTH DEFENSE

The Crossclaim is barred in whole or in part because Jarrett has not suffered any special harm.

## THIRTIETH DEFENSE

The Crossclaim is barred in whole or in part because its injuries were not foreseeable.

## THIRTY-FIRST DEFENSE

The Crossclaim is barred in whole or in part by its failure to properly mitigate damages.

## THIRTY-SECOND DEFENSE

The Crossclaim was caused in whole or in part by Jarrett's contributory or comparative negligence.

## THIRTY-THIRD DEFENSE

Jarrett's request for damages is too speculative or remote.

## THIRTY-FOURTH DEFENSE

Jarrett is not entitled to injunctive or equitable relief because it has an adequate remedy at law.

## THIRTY-FIFTH DEFENSE

Jarrett is not entitled to injunctive relief because issuing an injunction will not serve the public interest and Jarrett cannot show an irreparable injury if an injunction

does not issue, a likelihood of success on the merits, or a lack of an adequate remedy at law.

## THIRTY-SIXTH DEFENSE

Some or all of the damages alleged in the Crossclaim constitute impermissible double recovery.

## THIRTY-SEVENTH DEFENSE

Mount Vernon asserts all rights of set-off from any amount Jarrett may receive in settlement or judgment from any other entity.

## THIRTY-EIGHTH DEFENSE

Mount Vernon asserts all rights of set-off from any collateral source payments paid or payable to Jarrett.

## THIRTY-NINTH DEFENSE

Jarrett's request for attorney's fees is barred because Mount Vernon has not acted in such a way to give rise to any claim for attorney's fees and expenses of litigation.

## FORTIETH DEFENSE

The Crossclaim is barred in whole or in part because it cannot be tried without violating Mount Vernon's Due Process rights under the Georgia or United States Constitutions and the Seventh Amendment to the United States Constitution.

### FORTY-FIRST DEFENSE

The Crossclaim is barred in whole or in part by the voluntary payment doctrine.

### FORTY-SECOND DEFENSE

Mount Vernon adopts and incorporates herein by reference any applicable affirmative defense asserted by any other Defendant in this action.

### FORTY-THIRD DEFENSE

Mount Vernon reserves its rights of setoff, indemnity, and recoupment to the extent of any apportionment of proven liability in this case.

### FORTY-FOURTH DEFENSE

Mount Vernon reserves the right to assert any additional affirmative defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery.

### STATEMENT OF THE CASE

Without waiver of the foregoing affirmative defenses, which are expressly incorporated into the subsequent responses by reference, Mount Vernon responds to the Crossclaim as follows:

### 1.

The first sentence of Jarrett's Crossclaim sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, Mount

Vernon denies the allegations of this sentence. The second sentence of Jarrett's Crossclaim sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, Mount Vernon denies the allegations of this sentence. To the extent the allegations of the Crossclaim are directed at other Defendants, Mount Vernon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and accordingly denies these allegations.

## 2.

Except as expressly set forth herein, Mount Vernon denies all allegations in the Crossclaim, including allegations in any unnumbered paragraphs or headings of the Crossclaim, and reserves its right to assert any cross-claim against Jarrett at an appropriate time. Mount Vernon further denies that Jarrett is entitled to any of the relief or awards prayed for in the Crossclaim, or to any other or further relief from the Court relative to Mount Vernon.

## 3.

WHEREFORE, Mount Vernon respectfully requests:

(a)     that the Court dismiss the Crossclaim and enter judgment in favor of Mount Vernon and against Jarrett;

(b)     that all costs of this action be taxed against Jarrett; and

- 10 -

(c)     that the Court grant Mount Vernon such other and further relief, as the

Court deems just and proper.

This 11th day of May, 2022.

 */s/ William M. Droze*
WILLIAM M. DROZE
Georgia Bar No. 231039
T. MATTHEW BAILEY
Georgia Bar No. 194516
Troutman Pepper Hamilton Sanders, LLP
600 Peachtree Street, N.E. Suite 3000
Atlanta, GA 30308
william.droze@troutman.com
matt.bailey@troutman.com
(404) 885-3468
(404) 885-2716

*Attorneys for Defendant Mount Vernon Mills,
Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the within and foregoing ANSWER AND DEFENSES OF DEFENDANT MOUNT VERNON MILLS, INC. TO CROSSCLAIM OF RYAN DEJUAN JARRETT FILED IN RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 11th day of May, 2022.

*/s/ William M. Droze*
William M. Droze
Georgia Bar No. 231039
william.droze@troutman.com

*Attorney for Defendant Mount Vernon Mills, Inc.*

TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Bank of America Plaza
600 Peachtree Street N.E.
Atlanta, GA 30308-2216
Telephone: 404-885-3000
Facsimile: 404-885-3900

126006748