# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a Class of persons similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> 3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL, LLC, PULCRA CHEMICALS, LLC, MOUNT VERNON MILLS, INC., TOWN OF TRION, GEORGIA, and RYAN DEJUAN JARRETT, <br><br> *Defendants*. | Civil Action No. 4:21-cv-40-TWT |

## PULCRA CHEMICALS, LLC'S RESPONSE TO DEFENDANT RYAN DEJUAN JARRETT'S CROSSCLAIMS

Defendant Pulcra Chemicals, LLC ("Pulcra"), for its Response to Defendant Ryan Dejuan Jarrett's Crossclaims set forth in his (1) Answer and Crossclaim to Plaintiff's First Amended Complaint [ECF No. 152] and (2) Answer and Crossclaim to Intervenor-Plaintiff City of Summerville Georgia's Complaint in Intervention [ECF No. 153], states and alleges that unless otherwise answered or addressed in

1

this Response, each and every allegation in Defendant Jarrett's Crossclaims is denied.

## RESPONSE TO CROSSCLAIMS

Pulcra denies that Defendant Jarrett is entitled to any relief from Pulcra whatsoever, including but not limited to contribution or indemnity for costs, harms, damages, and litigation expenses (including but not limited to reasonable attorney's fees) that Defendant Jarrett has incurred or may incur in connection with this action. By way of further response, Pulcra denies that it has caused or contributed to any trespass or harm, including but not limited to PFAS-related trespasses or harm, on Defendant Jarrett's property. Pulcra denies all remaining allegations contained in Defendant Jarrett's Crossclaims.

## DEFENSES

The following are defenses Pulcra may assert based on the facts alleged in the Crossclaims or based on facts adduced in discovery. In disclosing these defenses, Pulcra does not assume any burden of proof not otherwise required by law. Moreover, Pulcra undertakes the burden of proof only as to those defenses deemed "affirmative" defenses by law, regardless of how defenses are denominated herein. Finally, Pulcra reserves its right to assert further defenses that may become apparent during the course of discovery.

## FIRST DEFENSE

The claims of Defendant Jarrett, in whole or in part, fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

The claims of Defendant Jarrett for attorneys' fees and costs of litigation should be barred because Pulcra has at no time been stubbornly litigious, acted in bad faith, or caused Defendant Jarrett undue trouble or expense.

## THIRD DEFENSE

The claims of Defendant Jarrett are barred, in whole or in part, based on the doctrines of waiver, release, and/or estoppel.

## FOURTH DEFENSE

Pulcra reserves any actions for contribution or indemnity against Defendant Jarrett and reserves its right to remedies.

## FIFTH DEFENSE

The failure of Defendant Jarrett to mitigate damages bars or reduces his recovery.

## SIXTH DEFENSE

Should this Court find that Defendant Jarrett has sustained damages for which Pulcra is responsible, which is expressly denied, Pulcra is entitled to a set-off for any collateral source payments paid or payable to Defendant Jarrett.

## SEVENTH DEFENSE

The doctrine of unclean hands bars the claims of Defendant Jarrett.

## EIGHTH DEFENSE

Defendant Jarrett's claims are barred, in whole or in part, because any alleged conduct that led to his alleged injuries was lawful and/or because federal, state, and/or local authorizes authorized, ratified, or were aware of and acquiesced in such conduct.

## NINTH DEFENSE

The claims of Defendant Jarrett are barred, in whole or in part, by the applicable statute of limitations and/or repose.

## TENTH DEFENSE

Any recovery by Defendant Jarrett may be barred or reduced by the negligence, fault, or carelessness of others for whose conduct Pulcra is not responsible. Any judgment rendered against Pulcra in this action, under all theories of liability plead, should be limited to the fault, if any, attributable to Pulcra. Pulcra

4

is entitled to apportion its fault, if any, to the fault of all other persons who are or could be responsible for any of Defendant Jarrett's damages regardless of whether such persons are parties to this action, and regardless of whether it is ultimately shown that any other party to this action was negligent.

## ELEVENTH DEFENSE

Pulcra materially complied with all applicable federal, state, and local permitting requirements, regulations, standards, and guidelines.

## TWELFTH DEFENSE

The claims of Defendant Jarrett are barred in whole or in part by the Economic Loss Doctrine.

## THIRTEENTH DEFENSE

The claims of Defendant Jarrett are barred by the applicable rule of repose.

## FOURTEENTH DEFENSE

The claims of Defendant Jarrett are barred by assumption of risk.

## FIFTEENTH DEFENSE

Defendant Jarrett's claims are barred in whole or in part to the extent they seek to impose liability based on retroactive application of laws, regulations, standards, or guidelines.

## SIXTEENTH DEFENSE

The claims of Defendant Jarrett are barred because Pulcra owed no legal duty to Defendant Jarrett.

## SEVENTEENTH DEFENSE

The claims of Defendant Jarrett are barred, in whole or in part, based on a lack of causation. Pulcra did not cause the alleged injury described by Defendant Jarrett in his Crossclaims. The alleged damages, if any, were caused solely by the actions, omissions, or conduct of persons and/or entities for whom or which Pulcra is not responsible and/or were caused by acts, omissions, conduct, and/or factors beyond the control of Pulcra.

## EIGHTEENTH DEFENSE

The claims of Defendant Jarrett are barred to the extent there is no proximate cause between any alleged act or omission on the part of Pulcra and any injury or damage allegedly suffered by Defendant Jarrett.

## NINETEENTH DEFENSE

Defendant Jarrett's claims are barred, in whole or in part, by the doctrine of comparative fault, and to the extent that he or any other defendant has settled or may in the future settle with Plaintiff, Intervenor Plaintiff, or members of the purported

class, Pulcra asserts its entitlement to an appropriate credit, setoff, or reduction of any judgment against it.

## TWENTIETH DEFENSE

The claims of Defendant Jarrett are barred to the extent they are caused by the acts or omissions of a third party.

## TWENTY-FIRST DEFENSE

The claims of Defendant Jarrett are barred in whole or in part because Pulcra's conduct was in accordance with the applicable standards of care under all laws, regulations, industry practice, and state-of-the-art knowledge, and the activities of Pulcra in accordance with such standards were reasonable as a matter of law. Pulcra at all times acted reasonably, in good faith, and with the skill, prudence, and diligence of others in the industry at the time.

## TWENTY-SECOND DEFENSE

Defendant Jarrett failed to join one or more indispensable parties.

## TWENTY-THIRD DEFENSE

Defendant Jarrett's claims are barred in whole or in part because the harm is divisible and attributable to others.

## TWENTY-FOURTH DEFENSE

One or more independent, intervening, and superseding events or other negligence prevents any recovery by Defendant Jarrett against Pulcra.

## TWENTY-FIFTH DEFENSE

The damages sought by Defendant Jarrett are too speculative, remote, and not reasonably foreseeable.

## TWENTY-SIXTH DEFENSE

To the extent Defendant Jarrett has availed and/or failed to avail himself of funds from unnamed third parties, including, without limitation, insurance companies and unnamed potentially responsible parties, Pulcra is entitled to a set off including interest.

## TWENTY-SEVENTH DEFENSE

The claims of Defendant Jarrett against Pulcra are barred in whole or in part by the doctrine of accord and satisfaction.

## TWENTY-EIGHTH DEFENSE

The claims of Defendant Jarrett are barred, in whole or in part, by the doctrine of laches.

### TWENTY-NINTH DEFENSE

The claims of Defendant Jarrett are barred, in whole or in part, by the doctrine of res judicata.

### THIRTIETH DEFENSE

The claims of Defendant Jarrett are barred, in whole or in part, by the prior nuisance doctrine and the prior trespass doctrine.

### THIRTY-FIRST DEFENSE

Pulcra did not owe or breach any duty to Defendant Jarrett.

### THIRTY-SECOND DEFENSE

Defendant Jarrett's recovery, if any, should be barred or reduced in proportion to Jarrett's own negligence, assumption of the risk, acquiescence, or misuse.

### THIRTY-THIRD DEFENSE

Defendant Jarrett's claims are barred, in whole or in part, by contributory negligence.

### THIRTY-FOURTH DEFENSE

Pulcra denies that its conduct was in any manner negligent or wanton.

### THIRTY-FIFTH DEFENSE

Defendant Jarrett's claims are barred, in whole or in part, by the doctrines of consent and/or release.

## **THIRTY-SIXTH DEFENSE**

Pulcra adopts by reference all affirmative defenses heretofore and hereafter pleaded by the other parties as may be applicable to the facts alleged against Pulcra and does not waive or relinquish any other available affirmative defenses. Pulcra expressly reserves the right to raise such additional affirmative defenses as may be established or become appropriate through discovery, further investigation, or further events with respect to the subject matter of this action, through the date of trial.

WHEREFORE, Pulcra respectfully requests that the Court dismiss Defendant Jarrett's Crossclaims, award the costs of expenses of litigation to it, and grant such other relief to it as the Court deems equitable and just under the circumstances.

*Signatures begin on next page*

Respectfully submitted this 12th day of May, 2022.

                                              */s/ Robert D. Mowrey*
                                              ROBERT D. MOWREY
                                              GA Bar No. 527510
                                              C. MAX ZYGMONT
                                              GA Bar No. 567696
                                              E. PEYTON NUNEZ
                                              GA Bar No. 756017

                                              KAZMAREK MOWREY CLOUD LASETER LLP
                                              1230 Peachtree Street, NE
                                              Suite 900
                                              Atlanta, Georgia 30309
                                              Telephone: (404) 812-0839
                                              Email: bmowrey@kmcllaw.com
                                                            mzygmont@kmcllaw.com
                                                             pnunez@kmcllaw.com


                                              ***Attorneys for Defendant Pulcra***
                                              ***Chemicals, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 12th day of May, 2022, electronically filed the foregoing **PULCRA CHEMICALS, LLC'S RESPONSE TO DEFENDANT RYAN DEJUAN JARRETT'S CROSSCLAIMS** using the CM/ECF system which will automatically send email notification of such filing to all registered CM/ECF users.

                                                  /s/ E. Peyton Nunez
                                                   E. Peyton Nunez