IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| EARL PARRIS, JR., individually, and On behalf of a Class of persons similarly Situated, <br>    Plaintiff, <br> <br> City of SUMMERVILLE, GEORGIA, <br> <br>    Intervenor-Plaintiff, <br> vs. <br> <br> 3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL LLC, MOUNT VERNON MILLS, INC., TOWN OF TRION, GEORGIA, and RYAN DEJUAN JARRETT, <br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: <br> 4:21-CV-00040-TWT <br> <br> JURY TRIAL REQUESTED |

**ANSWER AND AFFIRMATIVE DEFENSES OF THE TOWN OF TRION TO CROSSCLAIM OF DEFENDANT RYAN DEJUAN JARRETT FILED IN RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Defendant Town of Trion, Georgia ("Town of Trion"), by and through its undersigned counsel, and hereby submits its Answer and Affirmative Defenses to the Crossclaim filed by Defendant Ryan Dejuan Jarrett ("Jarrett") on April 21, 2022 in response to the First Amended Complaint. [ECF No. 152].

**AFFIRMATIVE DEFENSES**

By asserting the affirmative defenses below, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these

defenses. Nor does Defendant admit that Jarrett is relieved of his burden to prove each element of the claims and damages, if any, to which he is entitled.

### FIRST DEFENSE

The Crossclaim fails to state a claim upon which relief may be granted against the Town of Trion.

### SECOND DEFENSE

The Crossclaim is barred because the Town of Trion complied with all applicable local, state, and federal laws and regulations.

### THIRD DEFENSE

Jarrett has no right of action to enforce the Georgia Water Quality Control Act.

### FOURTH DEFENSE

Jarrett's claim is barred in whole or in part by applicable statutes of limitation or statutes of repose.

### FIFTH DEFENSE

If Jarrett has suffered any injuries or damages as alleged, which is specifically denied by the Town of Trion, then those injuries or damages were caused by independent actions and/or omissions of third-parties over whom the Town of Trion had no control or influence and for whom the Town of Trion is not liable.

## SIXTH DEFENSE

If Jarrett has suffered any injuries or damages as alleged, which is specifically denied by the Town of Trion, then those damages were not proximately caused by the Town of Trion.

## SEVENTH DEFENSE

If Jarrett has sustained any damages as alleged, which is specifically denied by the Town of Trion, the damages are subject to apportionment and the Town of Trion is not jointly and severally liable to Jarrett.

## EIGHTH DEFENSE

If Jarrett has sustained any damages as alleged, which is specifically denied by the Town of Trion, any alleged interference with Jarrett's property was de minimis and therefore is not compensable or actionable. Jarrett is not entitled to any relief or recovery from the Town of Trion.

## NINTH DEFENSE

The Crossclaim is barred in whole or in part to the extent that it seeks to impose liability based on a retroactive application of laws, regulations, standards, or guidelines.

## TENTH DEFENSE

The Crossclaim is barred in whole or in part by waiver, estoppel, laches, and/or unclean hands.

### ELEVENTH DEFENSE

The Crossclaim is barred by collateral estoppel, res judicata, judicial estoppel, and/or pending prior actions.

### TWELFTH DEFENSE

The Crossclaim is barred in whole or in part by the Economic Loss Rule.

### THIRTEENTH DEFENSE

The Crossclaim is barred in whole or in part due to the failure to plead special damages with particularity pursuant to Fed. R. Civ. P. 9(g).

### FOURTEENTH DEFENSE

The Crossclaim is barred in whole or in part by the assumption of risk.

### FIFTEENTH DEFENSE

To the extent that Jarrett proves the existence of any alleged nuisance, Jarrett's claim is barred or limited, in whole or in part, under the doctrines of "coming to the nuisance," the prior nuisance doctrine, and/or the doctrine of consent.

### SIXTEENTH DEFENSE

Jarrett failed to join one or more necessary or indispensable parties in this litigation.

### SEVENTEENTH DEFENSE

Some or all of the damages alleged in the Crossclaim constitute impermissible double recovery.

### EIGHTEENTH DEFENSE

Town of Trion asserts all rights of set-off from any collateral source payments paid or payable to Jarrett.

### NINETEENTH DEFENSE

Defendant will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend this answer to include additional defenses after discovery is completed.

### TWENTIETH DEFENSE

Town of Trion expressly adopts and incorporates those affirmative defenses raised by co-Defendants, to the extent consistent with Town of Trion's defenses.

### **CROSSCLAIM**

Jarret's Crossclaim sets forth numerous legal conclusions to which no answers are required; to the extent answers are required, the Town of Trion denies the allegations set forth in Jarret's Crossclaim.

**WHEREFORE**, Defendant, Town of Trion, Georgia, denies that Jarrett is entitled to judgment in his favor and against the Town of Trion. The Town of Trion

further respectfully requests that this Court dismiss the Crossclaim, with prejudice, and that costs be assessed against Jarret.

Respectfully submitted, this 12th day of May, 2022.

                               **GORDON REES SCULLY MANSUKHANI, LLP**

                               By: */s/ Kimberly C. Sheridan*
                               Kimberly Sheridan
                               Georgia Bar No. 624547
                               55 Ivan Allen Junior Blvd., NW, Suite 750
                               Atlanta, Georgia 30308
                               Phone: (404) 978-7324
                               Fax: (678) 389-8475
                               ksheridan@grsm.com

                               *Attorney for Defendant Town of Trion*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| EARL PARRIS, JR., individually, and On behalf of a Class of persons similarly Situated, | ) ) ) | |
|     Plaintiff, | ) ) ) | |
| City of SUMMERVILLE, GEORGIA, | ) ) | |
|     Intervenor-Plaintiff, | ) ) | Civil Action No.: |
| vs. | ) ) | 4:21-CV-00040-TWT |
| 3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL LLC, MOUNT VERNON MILLS, INC., TOWN OF TRION, GEORGIA, and RYAN DEJUAN JARRETT, | ) ) ) ) ) ) | JURY TRIAL REQUESTED |
|     Defendants. | ) ) | |

## CERTIFICATE OF SERVICE
## AND COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that I have this date electronically filed the within and foregoing, Answer and Affirmative Defenses to Defendant Ryan Dejuan Jarret's Crossclaim in Response to Plaintiff's First Amended Complaint, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record. Further, all pleadings were prepared using Times New Roman 14-point font.

This <u>12th</u> day of May, 2022.

        By: */s/ Kimberly C. Sheridan*
        Kimberly Sheridan
        Georgia Bar No.  624547
        55 Ivan Allen Junior Blvd., NW, Suite 750
        Atlanta, Georgia  30308
        Phone: (404) 978-7324
        Fax: (678) 389-8475
        Email: ksheridan@grsm.com

        *Attorney for Defendant Town of Trion*