IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a class of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:21-cv-00040-TWT<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT 3M COMPANY'S ANSWER TO DEFENDANT RYAN DEJUAN JARRETT'S CROSSCLAIM FILED IN RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant 3M Company ("3M") hereby files its answer and defenses to the crossclaim contained in Defendant Ryan Dejuan Jarrett's ("Defendant Jarrett") Answer and Crossclaim to Plaintiff's First Amended Complaint (ECF Doc. 152) ("Crossclaim").

I. **AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Defendant Jarrett's Crossclaim fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of Defendant Jarrett's Crossclaim is barred by the applicable statute of limitations, and Defendant Jarrett's alleged damages are barred to the extent that any damages were incurred outside the applicable statute of limitations.

## THIRD DEFENSE

Defendant Jarrett's Crossclaim is barred, in whole or in part, by the bulk supplier and sophisticated user doctrines.

## FOURTH DEFENSE

Defendant Jarrett's Crossclaim is barred, in whole or in part, as to 3M because 3M did not exercise control over the cause of the harm alleged.

## FIFTH DEFENSE

Any injuries or damages complained of in the Crossclaim were not caused by 3M's alleged actions.

## SIXTH DEFENSE

3M denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of 3M, or at the instruction or subject to the control of 3M with regard to any of the

actions described in the Crossclaim. Accordingly, 3M is not liable for any acts or omissions of such third parties as a matter of law.

## SEVENTH DEFENSE

3M owed no duty to Defendant Jarrett.

## EIGHTH DEFENSE

The proximate cause of any injury sustained by Defendant Jarrett was an event or incident which was not legally foreseeable by 3M, and, therefore, 3M has no legal liability for any of Defendant Jarrett's damages.

## NINTH DEFENSE

Defendant Jarrett's Crossclaim is barred, in whole or in part, to the extent it attempts to impose liability based on retroactive application of laws, regulations, standards, or guidelines.

## TENTH DEFENSE

Defendant Jarrett is barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged to Defendant Jarrett without substantially impairing the usefulness or intended purpose of the product.

**ELEVENTH DEFENSE**

Defendant Jarrett's claim for attorneys' fees is barred because 3M has not acted in a manner that gives rise to a claim for attorneys' fees or for the expenses of litigation.

**TWELFTH DEFENSE**

Defendant Jarrett is not entitled to injunctive or equitable relief against 3M, as Defendant Jarrett has an adequate remedy at law.

**THIRTEENTH DEFENSE**

Defendant Jarrett's Crossclaim against 3M is barred, in whole or in part, because 3M's conduct complied with the standards of care under applicable law, regulation, and industry practice.

**FOURTEENTH DEFENSE**

3M asserts as a defense, credit, or set-off against the damages claimed by Defendant Jarrett in the event any monies are paid to Defendant Jarrett in connection with a settlement (or settlements) between Defendant Jarrett and any other entity.

### FIFTEENTH DEFENSE

Defendant Jarrett's Crossclaim against 3M is barred, in whole or in part, because any damage allegedly suffered by Defendant Jarrett was caused by the acts, omissions, or conduct of others constituting an intervening cause.

### SIXTEENTH DEFENSE

Defendant Jarrett's Crossclaim is barred, in whole or in part, by the economic loss doctrine.

### SEVENTEENTH DEFENSE

Defendant Jarrett's Crossclaim is barred, in whole or in part, as to 3M because 3M is alleged to have done nothing more than lawfully and properly sell a lawful product.

### EIGHTEENTH DEFENSE

Defendant Jarrett's Crossclaim is barred, in whole or in part, by applicable statutes of repose, including O.C.G.A. §51-1-11.

### NINETEENTH DEFENSE

Defendant Jarrett's Crossclaim is barred, in whole or in part, by his failure to mitigate damages.

## TWENTIETH DEFENSE

Any recovery by Defendant Jarrett may be barred or reduced by the negligence, fault, conduct, or carelessness of others for whose conduct 3M is not responsible. Any judgment rendered against 3M in this action, under all theories of liability, must be limited to the fault, if any, attributable to 3M. If any judgment in Defendant Jarrett's favor is entered in this matter, including against 3M, then said judgment must be apportioned among any and all other persons or entities, whether parties or non-parties, who are or could be responsible for any of Defendant Jarrett's injuries or damages. *See, e.g.*, O.C.G.A. § 51-12-33.

## TWENTY-FIRST DEFENSE

Any damages awarded in this case are subject to apportionment and 3M is not jointly and severally liable with Defendant Jarrett. Any claim for contribution or indemnity is therefore barred by law. *See* O.C.G.A. § 51-12-33.

## TWENTY-SECOND DEFENSE

The Crossclaim for indemnity and contribution is not a cognizable claim to the extent fault is apportioned.

## TWENTY-THIRD DEFENSE

Any claims against 3M for abatement of an alleged nuisance are barred as 3M does not have control over or access to the property that constitutes the alleged nuisance.

## TWENTY-FOURTH DEFENSE

Defendant Jarrett's Crossclaim is barred in whole or in part by the doctrines of laches, waiver, estoppel, and unclean hands.

## TWENTY-FIFTH DEFENSE

Some or all of the damages sought in Defendant Jarrett's Crossclaim constitute impermissible double recovery for the alleged injuries.

## TWENTY-SIXTH DEFENSE

An independent, intervening, and superseding event or other negligence prevents any recovery by Defendant Jarrett against 3M.

## TWENTY-SEVENTH DEFENSE

Defendant Jarrett's Crossclaim against 3M is barred, in whole or in part, by Defendant Jarrett's consent, assumption of the risk, or contributory negligence.

## TWENTY-EIGHTH DEFENSE

3M reserves its rights of setoff, indemnity, and recoupment.

## TWENTY-NINTH DEFENSE

3M reserves the right to include additional affirmative defenses if warranted by facts and evidence uncovered during discovery or otherwise.

## II.   ANSWER

Without waiver of the foregoing affirmative defenses, 3M responds to the Crossclaim as follows:

Defendant Jarrett's Crossclaim states a legal conclusion to which no response is required; to the extent a response is required and Defendant Jarrett's Crossclaim is directed to 3M, denied. To the extent Defendant Jarrett's Crossclaim is directed at other Defendants, 3M is without knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

3M further denies that Defendant Jarrett is entitled to any relief.

WHEREFORE, Defendant 3M Company requests that the claims against it be denied and that costs and fees in this action be assessed upon Defendant Jarrett.

Respectfully submitted this 12th day of May, 2022.

*/s/ Benjamin P. Harmon*
Jackson R. Sharman, III, GA Bar No. 637930
Benjamin P. Harmon, GA Bar No. 979043
Harlan I. Prater, *Pro Hac Vice*
M. Christian King, *Pro Hac Vice*
W. Larkin Radney, *Pro Hac Vice*
LIGHTFOOT, FRANKLIN & WHITE LLC

The Clark Building
400 20th Street North
Birmingham, AL 35203
Telephone: (205) 581-0700
Email: jsharman@lightfootlaw.com
Email: bharmon@lightfootlaw.com
Email: hprater@lightfootlaw.com
Email: cking@lightfootlaw.com
Email: lradney@lightfootlaw.com

Robert B. Remar, GA Bar No. 600575
S. Gardner Culpepper, GA Bar No. 201210
Monica P. Witte, GA Bar No. 405952
Katherine L. D'Ambrosio, GA Bar No. 780128
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, NE
Suite 1000
Atlanta, GA  30309
Telephone:  (404) 815-3500
rremar@sgrlaw.com
sculpepper@sgrlaw.com
mwitte@sgrlaw.com
kdambrosio@sgrlaw.com

*Counsel for Defendant 3M Company*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a class of persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>3M COMPANY, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:21-cv-00040-TWT<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE
## AND COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that I have this date electronically filed the within and foregoing, which has been prepared using 14-point Times New Roman font, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated: May 12, 2022.

                                      */s/ Benjamin P. Harmon*
                                      Jackson R. Sharman, III, GA Bar No. 637930
                                      Benjamin P. Harmon, GA Bar No. 979043
                                      Harlan I. Prater, *Pro Hac Vice*
                                      M. Christian King, *Pro Hac Vice*
                                      W. Larkin Radney, *Pro Hac Vice*
                                      LIGHTFOOT, FRANKLIN & WHITE LLC
                                      The Clark Building
                                      400 20th Street North

Birmingham, AL 35203
Telephone: (205) 581-0700
Email: jsharman@lightfootlaw.com
Email: bharmon@lightfootlaw.com
Email: hprater@lightfootlaw.com
Email: cking@lightfootlaw.com
Email: lradney@lightfootlaw.com

Robert B. Remar, GA Bar No. 600575
S. Gardner Culpepper, GA Bar No. 201210
Monica P. Witte, GA Bar No. 405952
Katherine L. D'Ambrosio, GA Bar No. 780128
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, NE
Suite 1000
Atlanta, GA  30309
Telephone:  (404) 815-3500
rremar@sgrlaw.com
sculpepper@sgrlaw.com
mwitte@sgrlaw.com
kdambrosio@sgrlaw.com

*Counsel for Defendant 3M Company*