UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually and on behalf of a Class of persons similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> 3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL LLC, MOUNT VERNON MILLS, INC, TOWN OF TRION, GEORGIA, and RYAN DEJUAN JARRETT, <br><br> *Defendants.* | Civil Action No. 4:21-cv-40-TWT <br><br> TRIAL BY JURY REQUESTED |

### HUNTSMAN INTERNATIONAL LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT RYAN DEJUAN JARRETT'S CROSSCLAIM FILED IN RESPONSE TO PLAINTIFF EARL PARRIS, JR.'S FIRST AMENDED COMPLAINT

Defendant Huntsman International LLC ("Huntsman") hereby files its answer and affirmative defenses to Defendant Ryan Dejuan Jarrett's ("Jarrett") Crossclaim filed in response to Plaintiff Earl Parris, Jr.'s First Amended Complaint (ECF Doc. 152) ("Crossclaim"). Huntsman's answer is based upon its investigation to date, and Huntsman reserves the right to amend this answer if and when new information is learned.

#3377049v1

# I.
# **AFFIRMATIVE DEFENSES**

Without assuming any burden of proof it would not otherwise bear, Huntsman hereby asserts the following as affirmative and other defenses to the Crossclaim:

1. The Crossclaim fails to state a claim against Huntsman upon which relief can be granted.

2. Jarrett's claims are barred, in whole or in part, because Jarrett lacks standing to bring such claims.

3. Jarrett's claims are barred by the applicable statutes of limitations. Jarrett's claims for damages are barred to the extent Jarrett's damages, if any, were incurred outside the applicable statutes of limitations.

4. Jarrett's claims are barred, in whole or in part, by laches, license, res judicata, acquiescence, release, unclean hands, and/or permit.

5. Jarrett's claims are barred, in whole or in part, under the economic-loss doctrine.

6. Jarrett's claims are barred, in whole or in part, by the bulk-supplier doctrine, the learned-intermediary doctrine, and/or the sophisticated-user doctrine.

7. Jarrett's claims are barred, in whole or in part, under the doctrines of waiver and/or estoppel.

8. Jarrett's claims are barred, in whole or in part, by assumption of risk.

9. Jarrett's claims are barred, in whole or in part, because Huntsman did

not exercise control over the cause of the harm or the discharge alleged.

10. Jarrett's claims are barred, in whole or in part, because Jarrett did not suffer special damages.

11. Jarrett's claims are barred because Jarrett's alleged injuries/damages, if any, were not caused by any alleged act or omission by Huntsman.

12. Jarrett's claims are barred because Huntsman owed no duty to Plaintiff, Intervenor Plaintiff, or Jarrett.

13. Jarrett's claims are barred because Jarrett's injuries/damages, if any, were caused by superseding, unforeseen, and/or intervening causes.

14. Jarrett's claims are barred, in whole or in part, because they are preempted by federal law.

15. Jarrett's claims are barred, in whole or in part, to the extent Jarrett seeks to impose liability based on retroactive application of any law, regulation, standard, and/or guideline.

16. Jarrett's claims are barred, in whole or in part, for failure to mitigate damages.

17. Jarrett's claims are barred, in whole or in part, by the doctrines of setoff, credit, and/or recoupment.

18. To the extent Jarrett claims that Huntsman is liable for any punitive damages, Jarrett's claims are barred, in whole or in part, by the United States

#3377049v1

Constitution and the Georgia Constitution, and are further subject to the limitations and protections contained in O.C.G.A. § 51-12-1, *et seq.*

19. Jarrett's claims are barred, in whole or in part, by the applicable statutes of repose, including O.C.G.A. § 51-1-11.

20. Jarrett's claims and any recovery against Huntsman are barred, in whole or in part, by the negligence, fault, conduct, or carelessness of others over whose conduct Huntsman had no control and for whose conduct Huntsman is not responsible. Any judgment or damages awarded to Jarrett against Huntsman should be limited to the fault attributable to Huntsman. Any damages awarded to Jarrett in this action should be subject to apportionment among any parties or non-parties who are or could be responsible for Jarrett's injuries or damages.

21. Jarrett's claims are barred, in whole or in part, because Huntsman's conduct was in accordance with applicable standards of care under all laws, regulations, and industry practices.

22. Jarrett's claims for damages, if any, are barred, in whole or in part, to the extent there was no practical or technically feasible alternative design or formulation that would have prevented the harm to Jarrett, if any, without substantially impairing the usefulness or intended purpose of the product.

23. Jarrett's claim for attorneys' fees is barred because Huntsman has not acted in a manner that gives rise to a claim for attorneys' fees or for the expenses of

litigation.

24.   Jarrett's claims are barred, in whole or in part, by his own contributory negligence.

25.   Jarrett's claims are barred due to the failure to join indispensable parties and real-parties-in-interest.

26.   Jarrett's claims are barred, in whole or in part, by the doctrine of comparative fault.

27.   Jarrett's claims are barred, in whole or in part, to the extent Jarrett seeks to recover under common law theories of indemnity, contribution, or apportionment, which were eliminated by Georgia's apportionment statute.

28.   Jarrett's claims are barred, in whole or in part, to the extent some or all of the damages Jarrett seeks constitute impermissible double recovery.

Huntsman at this time lacks sufficient information to set forth all affirmative defenses and hereby reserves the right to assert additional affirmative defenses as facts are discovered throughout this case or to remove affirmative defenses that it later determines are not applicable.

## II.
## ANSWER

The first sentence of the Crossclaim sets forth legal conclusions and describes Jarrett's crossclaim against each of his co-defendants named in Plaintiff Parris's First Amended Complaint. No response is required. To the extent a response is

required, Huntsman admits that Jarrett brings a crossclaim against "each of the other defendants" for contribution and indemnity "for any costs, harms, damages, and litigation expenses" incurred by Jarrett in connection with this action, but Huntsman denies any allegations in this sentence directed against Huntsman and denies that Jarrett is entitled to any relief from Huntsman. To the extent that this sentence raises allegations concerning other Defendants, Huntsman does not have sufficient knowledge or information to form a belief as to the truth of those allegations.

The second sentence of the Crossclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Huntsman denies any allegations in this sentence directed at Huntsman and denies that Jarrett is entitled to any relief from Huntsman. To the extent that this sentence raises allegations concerning other Defendants, Huntsman does not have sufficient knowledge or information to form a belief as to the truth of those allegations.

Except as expressly set forth herein, Huntsman denies all allegations in the Crossclaim, including allegations in any unnumbered paragraphs or headings. Huntsman denies that Jarrett is entitled to any of the relief requested against Huntsman in his Crossclaim.

### III.
### CONCLUSION AND PRAYER

WHEREFORE, Defendant Huntsman International LLC respectfully requests that the Court dismiss Defendant Jarrett's Crossclaim against it, award costs, fees,

#3377049v1

and expenses of litigation to Huntsman, and grant such other relief to Huntsman as the Court deems equitable and just.

Respectfully submitted this 12th day of May, 2022.

        /s/ *Benjamin E. Fox*
        Benjamin E. Fox
        Georgia Bar. No. 329427
        BONDURANT, MIXSON & ELMORE, LLP
        1201 W. PEACHTREE ST. NW, STE. 3900
        Atlanta, Georgia 30308
        Telephone: (404) 881-4117
        Facsimile: (404) 881-4111
        fox@bmelaw.com
        **ATTORNEY IN CHARGE FOR DEFENDANT HUNTSMAN INTERNATIONAL LLC**

**OF COUNSEL:**

REYNOLDS FRIZZELL LLP
Jean Frizzell (*Pro Hac Vice*)
Solace Kirkland Southwick (*Pro Hac Vice*)
Zach Burford (*Pro Hac Vice*)
1100 Louisiana Street, Suite 3500
Houston, Texas 77002
Telephone: (713) 485-7200
Facsimile: (713) 485-7250
jfrizzell@reynoldsfrizzell.com
ssouthwick@reynoldsfrizzell.com

**ATTORNEYS FOR DEFENDANT
HUNTSMAN INTERNATIONAL LLC**

# CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, I electronically filed the within and foregoing *HUNTSMAN INTERNATIONAL LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT RYAN DEJUAN JARRETT'S CROSSCLAIM FILED IN RESPONSE TO PLAINTIFF EARL PARRIS, JR.'S FIRST AMENDED COMPLAINT*, which has been prepared using 14-point Times New Roman font, with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Gary A. Davis (*Pro Hac Vice*)
James S. Whitlock (*Pro Hac Vice*)
Davis & Whitlock, P.C.
Attorneys at Law
21 Battery Park Avenue, Suite 206
Ashville, North Carolina 28801
Telephone: (828) 622-0044
gadavis@environattorney.com
jwhitlock@environattorney.com

Jeffrey Jerome Dean
Thomas Causby
Morris & Dean
P.O. Box 2005
The Landmark Building Ste. 300, 3rd Floor
101 E. Crawford St.
Dalton, Georgia 30720
Telephone: (706) 229-0300
jeff@morrisanddean.com
tom@morrisanddean.com
brenda@morrisanddean.com

*Attorneys for Plaintiff Earl Parris*

J. Anderson Davis
Brinson, Askew, Berry, Seigler, Richardson & Davis, LLP
P.O. Box 5007
Rome, GA 30162-5007
Telephone: (706) 291-8853
Facsimile: (706) 234-3574
adavis@brinson-askew.com

Jeff Friedman (*Pro Hac Vice*)
Lee Patterson (*Pro Hac Vice*)
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
Telephone: (205) 278-7000
Facsimile: (205) 278-7001
jfriedman@friedman-lawyers.com
lpatterson@friedman-lawyers.com

*Attorneys for Plaintiff City of Summerville, Georgia*

#3377049v1

Jackson R. Sharman, III
Benjamin P. Harmon
Harlan I. Prater (*Pro Hac Vice*)
M. Christian King (*Pro Hac Vice*)
W. Larkin Radney (*Pro Hac Vice*)
Lightfoot & White, LLC
The Clark Building, 400 20th St. North
Birmingham, Alabama 35203
Telephone: (205) 581-0700
jsharman@lightfootlaw.com
bharmon@lightfootlaw.com
hparter@lightfootlaw.com
cking@lightfootlaw.com
lradney@lightfootlaw.com

Robert B. Remar
S. Gardner Culpepper
Monica P. Witte
Katherine L. D'Ambrosio
Smith Gambrell & Russell, LLP
1105 W. Peachtree Street, NE, Ste. 1000
Atlanta, GA 30309
Telephone: (404) 815-3500
rremar@sgrlaw.com
gculpepper@sgrlaw.com
kdambrosio@sgrlaw.com
mwitte@sgrlaw.com

*Counsel for Defendant 3M Company*

Kimberly Council Sheridan
Ann Marie Alexander (*Pro Hac Vice*)
Gordon Rees Scully Mansukhani
55 Ivan Allen Blvd., NW, Ste. 750
Atlanta, GA 30308
Telephone: (404) 978-7324
Facsimile: (678) 389-8475
ksheridan@gordonrees.com
amalexander@grsm.com

*Counsel for Defendant the Town of Trion, Georgia*

Steven F. Casey, (*Pro Hac Vice*)
Kary Bryant Wolfe, (*Pro Hac Vice*)
Jones Walker, LLP
420 20th Street North, Suite 100
Birmingham, AL 35203
Telephone: (205) 244-5200
scasey@joneswalker.com
kwolfe@joneswalker.com

William E. Underwood
Jones Walker, LLP
1360 Peachtree Street, Suite 1030
Atlanta, Georgia 30309
Telephone: (404) 870-7514
wunderwood@joneswalker.com

Chris Yielding (*Pro Hac Vice*)
Balch & Bingham, LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203-4642
Telephone: (205) 22-8728
cyielding@balch.com

Theodore M. Grossman (*Pro Hac Vice*)
Jones Day
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3480
tgrossman@jonesday.com

Richard H. Deane, Jr.
Jeffrey A. Kaplan, Jr.
Jones Day
1221 Peachtree Street, N.E., Ste. 400
Atlanta, GA 30361
Telephone: (404) 521-3939
rhdeane@jonesday.com
jkaplan@jonesday.com

*Counsel for Defendant Daikin America, Inc.*

#3377049v1

Craig K. Pendergrast
Taylor English Duma LLP
1600 Parkwood Circle, Ste. 200
Atlanta, GA 30339
Telephone: (678) 336-7245
Facsimile: (770) 434-7376
cpendergrast@taylorenglish.com

*Counsel for Defendant Ryan Dejuan Jarrett*

William M. Droze
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street, N.E., Ste. 3000
Atlanta, GA 30308
Telephone: (404) 885-3468
Facsimile: (404) 885-3750
william.droze@troutman.com

*Counsel for Defendant Mount Vernon Mills, Inc.*

 */s/ Benjamin E. Fox*
Benjamin E. Fox
Ga. Bar No. 329427
fox@bmelaw.com