**Exhibit B**
**April 5, 2022 Order on**
**Defendant Daikin America, Inc.'s Motion to Dismiss**

BARBARA H. PENSON
CLERK OF SUPERIOR COURT
FLOYD COUNTY, GA

**IN THE SUPERIOR COURT OF FLOYD COUNTY**
**STATE OF GEORGIA**

2022 APR -5  PM 1: 25

FILED IN OFFICE

| | |
|---|---|
| CITY OF ROME, GEORGIA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CIVIL ACTION FILE |
| v. | )   NO. 19-CV-02405-JFL003 |
| | ) |
| 3M COMPANY, et al., | ) |
| | ) |
| Defendant. | ) |

---

## ORDER ON DEFENDANT DAIKIN AMERICA, INC'S MOTION TO DISMISS

On September 22, 2021, Defendant Daikin America, Inc. ("Daikin") filed a motion to dismiss the claims made by the City of Rome ("Rome") against it.  Daikin arguing that Rome's Complaint, as amended, (the "Complaint") fails to state a claim upon which relief can be granted against Daikin, in that the complaint allegedly gives Daikin no notice of what it supposedly did wrong and that the complaint alleges no set of facts or legal theories on which Rome could state a claim against Daikin; and that the public services doctrine precludes Rome's complaint.

For the reasons set out below, Daikin's motion to dismiss is DENIED.

### Standard of Review

"A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the

claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor." PV Holding Co. v. Poe, 360 Ga. App. 381, 382 (2021)(quoting Hendon Properties, LLC v. Cinema Dev., LLC, 275 Ga.App. 434, 435 (2005).

<em>Rome's Complaint State's a Viable Claim</em>

Daikin argues Rome's complaint must be dismissed in part because while Rome complains Daikin "is causing a trespass, nuisance, and injury," Rome supposedly fails to allege how, where, and when Daikin did so.  This argument seems to ignore pretty straight forward notice pleading in the Complaint:  Daikin is alleged to be causing a nuisance, trespass, and injury in Floyd County, beginning some forty years ago and continuing through present day.  See the Complaint, ¶¶ 20, 57, 102, 124, and 127.  Daikin, along with other Defendants, is alleged to have caused injury by collectively manufacturing precursor materials to carpets containing PFC's and manufacturing carpets in a method discharges those chemicals into waterways, despite knowing those chemicals cause injury.  See for example the Complaint, ¶¶ 40, 70-71, 73, 90, 115, 126.

Daikin, in its briefing, essentially ignores certain paragraphs of the Complaint by explaining that *it* is not a carpet manufacturer and thus did not participate in any activity that would directly place PFC's in the waterways in

question.  That may prove to be so, but at this point there is no evidence before the Court to support that conclusion.  If there were, the Court would find itself ruling on a motion for summary judgment, rather than a motion to dismiss.  Under the standard of review appropriate the motion Daikin made, Daikin's proffer of its own role in the manufacturing process is irrelevant and not proper for consideration.

Likewise, Daikin's arguments regarding legal theories under which it could not be held liable and lack of duty similarly fail at this stage.  All Daikin's arguments are premised on the presumption that Daikin did not discharge or control any discharges of any substances into the watersheds at issue.  Daikin claims Rome has failed to even make this allegation.  Yet, the Complaint states *"Defendants'* intentional acts in manufacturing, supplying, and discharging PFCs..." The Complaint, ¶ 122.  Rome alleged all Defendants manufactured, supplied, and *discharged* PFCs, not all Defendants except Daikin.  Again, while Daikin may possess evidence which would support the conclusion that they were not a discharger, that is not what was alleged.  And the allegation is all that matters at this stage.  Rome has sufficiently plead several theories of recovery under which the Defendants collectively owed it a duty.[1]

### *The Action is Not Barred by the Public Services Doctrine*

First, Rome's providing of water to its inhabitants for a fee and the whole selling of water to Floyd County is not a free public service as would trigger the

---

[1] At summary judgment, perhaps individual defendants will find that the evidence does not support recovery from that particular defendant.  Only time will tell.

doctrine.  See <u>McCrary Eng'g Corp. v. City of Bowdon</u>, 170 Ga. App. 462, 465 (1984).

Secondly, even if it were a free public service that would implicate the doctrine, the doctrine permits recovery of the costs of carrying out public services from a tortfeasor when government owned property is damaged.  See <u>Walker Cty. v. Tri-State Crematory</u>, 284 Ga. App. 34, 37 (2007).  Here, the water Daikin is alleged to have polluted is collected by Rome on property it has an interest in.  Plaintiffs correctly point out that "Running water belongs to the owner of the land on which it runs."  See O.C.G.A. § 44-8-1.  The Complaint clearly alleges that "Rome owns and occupies property used to serve its water customers, including a water intake site..."

Finally, both an action under the Georgia Water Quality Act and the abatement of a public nuisance under O.C.G.A. § 41-2-1 *et seq.* were pled by Plaintiffs in the Complaint.  Those statutes specifically authorize this type of action, thus removing it from the bar of the Public Services Doctrine.  See <u>Walker</u> at 37.

*Conclusion*

For the foregoing reasons, Daikin's motion to dismiss is DENIED.

SO ORDERED this 4th day of April, 2022.

_____
Bryan Thomas Johnson,
Judge, Superior Court,
Rome Judicial Circuit

## IN THE SUPERIOR COURT OF FLOYD COUNTY
## STATE OF GEORGIA

CITY OF ROME,                          )
                                       )
     Plaintiff,             )
                                       )        CIVIL ACTION FILE
v.                                     )        NO.  19CV02405-JFL003
                                       )
3M COMPANY, et. al,                    )
                                       )
     Defendant.             )

---

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I have served the foregoing *ORDER*

*ON DEFENDANT DAIKIN AMERICA, INC'S MOTION TO DISMISS* to the

following parties via electronic mail as follows:


William E. Underwood
wunderwood@joneswalker.com

Steven F. Casey
scasey@joneswalker.com

Kary Bryant Wolfe
kwolfe@joneswalker.com

J. Anderson Davis
adavis@brinson-askew.com

Franklin Beacham
fbeacham@brinson-askew.com

Samuel L. Lucas
slucas@brinson-askew.com

Sarah C. Martin
smartin@brinson-askew.com

The City of Rome v. 3M Company, et. Al.
19CV02405-3
Order on Defendant Daikin America, Inc.'s Motion to Dismiss
Page 1 of 2

Jeffrey E. Friedman
jfriedman@friedman-lawyers.com

Lee T. Patterson
lpatterson@friedman-lawyers.com

Matt D. Conn
mconn@griedman-lawyers.com

This 5th day of APRIL, 2022.

Brenda Dempsey
Assistant to Judge Bryan Thomas Johnson
Superior Courts
Rome Judicial Circuit

The City of Rome v. 3M Company, et. Al.
19CV02405-3
Order on Defendant Daikin America, Inc.'s Motion to Dismiss
Page **2** of 2