# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| **EARL PARRIS, JR.,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **3M COMPANY,** *et al.*, <br><br> **Defendants.** | **Civil Action No.: 4:21-cv-40-TWT** |

## DAIKIN AMERICA, INC.'S INITIAL DISCLOSURES

Defendant Daikin America, Inc. ("DAI") makes the following initial disclosures ("Initial Disclosures") as its good faith effort to comply with Fed. R. Civ. P. 26(a)(1)(A) and Local Rule 26.1.  DAI makes these disclosures pursuant to its good-faith investigation to-date based on information reasonably known and available to DAI at the present time without the benefit of any discovery. Accordingly, in making these disclosures, DAI does not represent that it is identifying all conceivable facts, legal theories, individuals, documents, electronically stored information, or tangible things upon which it may rely to support its defenses.  Discovery and further investigation, research, and analysis may supply additional facts and new meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to changes,

1

additions to, and variation from these Initial Disclosures. As such, DAI reserves the right to supplement these Initial Disclosures under the applicable court rules and any other relevant legal authorities.

DAI makes these disclosures subject to and without waiver of its right to protect from disclosure any work product of its attorneys, consultants, and/or other representatives, or any material protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege. DAI also makes these disclosures subject to the right to protect from disclosure information and/or documents protected by the privacy rights and/or interests of persons who may be identified in the documents and also by federal or state statute, regulation, or other law.

**(1)  If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Although DAI denies any liability in this lawsuit, DAI does not dispute that DAI is the correct corporate entity to be named.

**(2)  Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

14755537.1

DAI is not presently aware of any necessary parties who have not been named by Plaintiff Earl Parris, Jr. ("Parris") or Intervenor-Plaintiff City of Summerville, Georgia ("Summerville"), or any misjoinder of parties. Discovery has not begun, and investigation continues. DAI will supplement this response as appropriate.

**(3)  Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Parris's and Summerville's claims arise from allegations of the presence of per- and polyfluoroalkyl substances ("PFAS") in drinking and other domestic water supplied by Summerville. Parris and Summerville claim the PFAS allegedly in Summerville's water are traceable to DAI and the other suppliers via the following numerous steps. Parris and Summerville allege: (1) DAI supplied Mt. Vernon with PFAS; (2) Mt. Vernon next used PFAS to manufacture fabrics and textiles; (3) Mt. Vernon then discharged PFAS used in its processes to the Town of Trion Water Pollution Control Plant ("Trion WPCP"); (4) Trion WPCP then allegedly treated the waste through a process that included dumping sludge on separate property owned by Ryan Dejuan Jarrett; (5) run-off from Jarrett's property allegedly reached Racoon Creek; (6) Summerville drew and treated water from Racoon Creek; and (7) Summerville sold metered water to Parris and others, which they allege contained PFAS traceable to DAI and the other suppliers through the above convoluted series of steps.

3

Importantly, DAI is not a manufacturer of textiles and does not have any facility in or near Trion, Summerville, or anywhere else in north Georgia. DAI has not discharged or generated any waste to Trion WPCP or anywhere near Summerville. It is undisputed that neither set of Plaintiffs alleges that DAI discharged any PFAS at issue in this case. Also conspicuously absent are any allegations that DAI had any control over Mt. Vernon's treatment and discharge of wastewater.

Parris and Summerville fail to identify any facts establishing that DAI owed them any legal duty cognizable under Georgia law. They fail to identify any facts establishing that DAI breached any duty owed to them under Georgia law. Parris and Summerville fail to allege facts establishing that DAI proximately caused their alleged injuries.

Both sets of plaintiffs fail to allege facts establishing that DAI created or controlled a nuisance. Parris fails to allege facts that he has suffered any special harm requisite to stating a claim for public nuisance.

Additional factual bases for DAI's defenses include the following:

- Any PFAS containing product(s) manufactured and sold by DAI are, and have been, consistent with available technological, medical, scientific, and industrial state-of-the-art information. Federal and state statutory schemes comprise a comprehensive regulatory policy governing PFAS, and DAI has complied with those regulatory regimes.

14755537.1

- DAI has only existed since 1991 and did not begin selling products for use in textile manufacturing until the 1990s. Any alleged activity occurring before that date cannot be attributed to DAI.
- DAI has never had any manufacturing facilities in Georgia. DAI did not manufacture, release, discharge, or dispose of any PFAS in Georgia.

DAI does not assert any counterclaims or crossclaims at this time.

Discovery has not started, and investigation continues. It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts and add meaning to the known facts, all of which may lead to additions to, changes in, and variations from the contents herein. DAI expressly reserves its right to amend or supplement its response as appropriate.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

DAI relies on, and hereby incorporates by reference, the legal arguments, case law, and other authorities set forth in its Motion to Dismiss (ECF No. 86) and all of DAI's submissions to the Court related thereto, including ECF Nos. 109, 115, 120, 123, 126, 128, and 157. As set forth in more detail in those filings, numerous relevant legal principles and authorities bar Parris's and Summerville's claims against DAI. Those principles and authorities include, but are not limited to:

- The Economic Loss Rule: a "bright line" rule providing that "a plaintiff can recover in tort only those economic losses resulting from injury to his person or damage to his property." *Gen. Elec. Co. v. Lowe's Home Centers, Inc.*, 608 S.E.2d 636, 637 (Ga. 2005);

5

- The Public Services Doctrine: the legal principle barring suits in tort to "recover the costs of carrying out public services." *Walker Cnty v. Tri-State Crematory*, 643 S.E.2d 324, 327 (Ga. Ct. App. 2007);

- Federal Pleading Standards and Related Case Law: the requirements of Fed. R. Civ. P. 8 and 12(b)(6), including the principle that a plaintiff allege facts sufficient "to state a claim for relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and the related case law within the Eleventh Circuit "consistently condemning" shotgun pleadings. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008), abrogated on other grounds;

- The Requirement of Legal Duty: the requirement that a plaintiff establish a legal duty owed by the defendant as a prerequisite to recovery in tort, *John Crane, Inc. v. Jones*, 278 Ga. 747, 751 (2004), and the line of case law in Georgia rejecting the notion of a "duty to the world" or using "mere foreseeability" "as a basis for extending a duty of care." *Dep't of Labor v. McConnell*, 305 Ga. 812, 816 (Ga. 2019); *CSX Transp., Inc. v. Williams*, 608 S.E.2d 208, 209 (2005);

- Proximate Causation: the requirement that "a plaintiff must show a legally attributable causal connection between the defendant's conduct and the alleged injury." *Alexander v. Hulsey Env't Servs.*, 702 S.E.2d 435, 439 (Ga. Ct. App. 2010); *see also Yearty v. Scott Holder Enters.*, 824 S.E.2d 817, 821 (Ga. Ct. App. 2019) (defining proximate cause as "that which, in the natural and continuous sequence, unbroken by other causes, produces an event, and without which the event would not have occurred") (quoting *Zwiren v. Thompson*, 276 Ga. 498, 500 (Ga. 2003));

- The Legal Principles Governing Private Claims for Public Nuisance: the principles, under Georgia law, that a plaintiff seeking to pursue a private claim for public nuisance must show that the defendant exercised control over the instrumentality of the nuisance, and that the plaintiff establish special harm. *Sumitomo Corp. of Am. v. Deal*, 569 S.E.2d 608, 613 (Ga. Ct. App. 2002) (control); *Patten v. Mauldin*, 132 S.E.2d 664, 667 (Ga. 1963) (special harm); *T. Co. of Ga. v. Ray*, 54 S.E. 145, 146 (Ga. 1906) (special harm);

- <u>The Legal Principles Governing Claims for Injunctive Relief, Punitive Damages, and Attorneys' Fees</u>: the legal principle that claims for injunctive relief, punitive damages, and attorneys' fees cannot stand alone, and instead must be based on a valid underlying claim. *Rigby v. Flue-Cured Tobacco Coop. Stabilization Corp.*, 794 S.E.2d 413, 415 (Ga. Ct. App. 2016).

- <u>Filed Rate Doctrine</u>: Each of Plaintiff's claims fail because they effectively seek to alter the duly promulgated rate that the Rome Water and Sewer Division ("RWSD") has charged the class for water. *E.g., Taffet v. Southern Co.*, 967 F.2d 1483, 1490–91 (11th Cir. 1993).

Discovery has not begun, and investigation continues. It is anticipated that discovery, independent investigation, legal research, and analysis may supply additional facts and add meaning to the known facts, all of which may lead to additions to, changes in, and variations from the contents herein. DAI expressly reserves its right to amend or supplement its response as appropriate.

**(5)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

See Attachment A.

**(6)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

See Attachment B.

**(7)   Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and**

**tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

See Attachment C.

**(8)   In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34.**

DAI does not claim any damages at this time.

**(9)   If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

DAI is not presently aware of any party who is liable to Parris or Summerville

for the claims asserted in this matter and further denies they are entitled to any relief

at all.

**(10)   Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.**

After reasonable investigation and inquiry, and based on current information,

DAI is not aware of any insurance policies that provide coverage for this lawsuit.

Dated:  May 23, 2022

/s/ William E. Underwood

William E. Underwood, Ga. Bar No. 401805
JONES WALKER LLP
1360 Peachtree Street
Suite 1030
Atlanta, GA 30309
Telephone: (770) 870-7506
Email: wunderwood@joneswalker.com

Steven F. Casey, Pro Hac Vice
Kary Bryant Wolfe, Pro Hac Vice
JONES WALKER LLP
420 20th Street North, Suite 1100
Birmingham, AL 35203
Telephone: (205) 244-5200
Email: scasey@joneswalker.com
Email: kwolfe@joneswalker.com

Theodore M. Grossman, Pro Hac Vice
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3480
Email: tgrossman@jonesday.com

Richard H. Deane, Jr., Ga. Bar No. 214875
Jeffrey A. Kaplan, Jr., Ga. Bar No. 859280
JONES DAY
1221 Peachtree St., N.E., Suite 400
Atlanta, GA 30361
Telephone: (404) 521-3939
Email: rhdeane@JonesDay.com
Email: jkaplan@jonesday.com

Christopher L. Yeilding, Pro Hac Vice
BALCH & BINGHAM LLP

9

                1901 Sixth Avenue North, Suite 1500
                Birmingham, AL 35203-4642
                Telephone (205) 226-8728
                Email: cyeilding@balch.com

**Counsel for Defendant Daikin America, Inc.**

**Attachment A**

Based on its investigation to date, DAI identifies the following individuals who may have discoverable information related to the defenses asserted by DAI in this litigation. DAI reserves the right to supplement this list as information becomes available. DAI anticipates that corporate representative(s) may also be identified to discuss documents that relate to its defenses.

(1) Parris, putative Parris class members, and Summerville. These witnesses may have knowledge concerning their claims and purported damages, or lack thereof, in this case.

(2) Company representatives and employees (current and former) of any co-defendants in this lawsuit.

(3) Company representative(s) and employee(s) of DAI, including:

    a. Trevor Oleson: Mr. Oleson is the Business Director – Surface Modification Technologies. He has knowledge of DAI's sales of certain products and customer relationships in the textile and fabric industry, including DAI's relationship with Mt. Vernon, among other things. Mr. Oleson may be contacted through undersigned counsel.

      b.    Ralph Werling: Mr. Werling is DAI's Vice President of Manufacturing and Deputy Plant Manager. He has knowledge of, among other things, manufacturing, environmental, and regulatory matters. Mr. Werling may be contacted through undersigned counsel

      c.    Don Harris: Mr. Harris is DAI's Technical Service Manager for Surface Modification Technologies. He has knowledge of DAI's products sold to and customer relationships in the textile and fabric industry, including DAI's relationship with Mt. Vernon, among other things. Mr. Harris may be contacted through undersigned counsel.

      d.    DAI company representative(s) and employees regarding DAI's Material Safety Data Sheets, Safety Data Sheets, and Technical Data Sheets provided to DAI customers.

(4)    Certain unknown third parties with relevant knowledge relating to the claims and defenses in this lawsuit.

(5)    Expert witnesses who will be disclosed pursuant to the Scheduling Order entered in this case.

(6)    Any potential witness identified by any other party to this lawsuit.

14755537.1

(7)   Any individual needed for impeachment or rebuttal.

## **Attachment B**

DAI has not yet identified any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence or falling within the scope of Fed. R. Civ. P. 26(a)(2)(B).  DAI will supplement this response in accordance with Fed. R. Civ. P. 26(e), and this Court's Orders.

14755537.1

## **Attachment C**

DAI identifies the following documents it may use to support its defenses. By virtue of this disclosure, DAI does not concede the admissibility of any such documents on any grounds, including, but not limited to, authenticity, hearsay, or relevance. DAI expressly reserves all objections to any documents identified herein.

1. Relevant sales documentation sufficient to identify any DAI sales to Mt. Vernon.
2. Any and all Material Safety Data Sheets / Safety Data Sheets, Technical Data Sheets, and/or product labels for any product at issue in this case with respect to DAI.
3. Any and all of the documents identified in Parris's, Summerville's, or any other party's Rule 26(a) disclosures, and those items identified in the depositions, expert disclosures, Answers to Interrogatories, Responses to Requests for Production, or Responses to Requests for Admissions and other matters of record in this case.
4. All documents or exhibits provided by DAI or any other party in response to any and all discovery or otherwise referred to in DAI's or any other parties' response to discovery or expert disclosures.
5. All records referred to in or produced pursuant to any subpoena by reason of the pendency of this case.

DAI reserves the right to supplement this list to include any other documents identified during the course of discovery that contain information that may be used by it to support its claims or defenses.  Further, DAI reserves the right to withhold production of any such documents or other materials for any reason authorized by law.

14755537.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| **EARL PARRIS, JR.,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **3M COMPANY,** *et al.*, <br><br> Defendants. | Civil Action No.: 4:21-cv-40-TWT |

## CERTIFICATE OF SERVICE
## AND COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that I have served the foregoing, which has been prepared using 14-point Times New Roman font, on all attorneys of record by electronic mail.

Dated:  May 23, 2022

> */s/ William E. Underwood*
>
> William E. Underwood, Ga. Bar No. 401805
> JONES WALKER LLP
> 1360 Peachtree Street
> Suite 1030
> Atlanta, GA 30309
> Telephone: (770) 870-7506
> Email: wunderwood@joneswalker.com

14755537.1

Steven F. Casey, Pro Hac Vice
Kary Bryant Wolfe, Pro Hac Vice
JONES WALKER LLP
420 20th Street North, Suite 1100
Birmingham, AL 35203
Telephone: (205) 244-5200
Email: scasey@joneswalker.com
Email: kwolfe@joneswalker.com

Theodore M. Grossman, Pro Hac Vice
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3480
Email: tgrossman@jonesday.com

Richard H. Deane, Jr., Ga. Bar No. 214875
Jeffrey A. Kaplan, Jr., Ga. Bar No. 859280
JONES DAY
1221 Peachtree St., N.E., Suite 400
Atlanta, GA 30361
Telephone: (404) 521-3939
Email: rhdeane@JonesDay.com
Email: jkaplan@jonesday.com

Christopher L. Yeilding, Pro Hac Vice
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203-4642
Telephone (205) 226-8728
Email: cyeilding@balch.com

**Counsel for Defendant Daikin America, Inc.**