IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a Class of persons similarly situated, ) ) ) ) | |
| *Plaintiff*, and ) | Civil Action No. 4:21-cv-00040-TWT |
| ) | |
| CITY OF SUMMERVILLE, GA., ) | |
| ) | |
| *Intervenor Plaintiff*, ) | |
| ) | |
| vs. ) | |
| ) | |
| 3M COMPANY, et al., ) | |
| ) | |
| *Defendants*. ) | |

## INITIAL DISCLOSURES OF DEFENDANT MOUNT VERNON MILLS

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1, Defendant Mount Vernon Mills, Inc. ("Mount Vernon") hereby makes the following initial disclosures.

These disclosures are based on information presently known and reasonably available to Mount Vernon. Mount Vernon's assessment may be modified by discovery in this action. Mount Vernon does not admit that any subject matter identified with respect to any particular individual or category of documents is relevant to this proceeding or will actually lead to the discovery of admissible

evidence. Mount Vernon reserves the right to supplement, clarify, and revise these disclosures to the extent additional information becomes available or is obtained through discovery.

These disclosures are made without any waiver of Mount Vernon's right to object on any grounds to any discovery request or proceeding involving or relating to the subject matter of these disclosures, including without limitation the individuals identified herein. Mount Vernon reserves the right to object to the admissibility and/or production of any documents or other information on any ground, including relevance, materiality, and undue burden, and to assert any applicable privilege, including the attorney-client privilege, the work product doctrine, the common interest doctrine, and any other applicable privilege, immunity, or protection.

By providing these initial disclosures, Mount Vernon does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this action, but only that reasonable and appropriate efforts have been made to locate and identify documents and information. Each and every disclosure set forth below is subject to the above qualifications and limitations.

126208232

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

**RESPONSE**: Mount Vernon is properly identified.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

**RESPONSE**: Plaintiff has named Ryan Dejuan Jarrett as a defendant in this action; however the Town of Trion used land application of biosolids on real property other than that owned by Mr. Jarrett. During the discovery process Mount Vernon will explore the possibility that entities, including but not limited to other manufacturers of PFAS or others responsible for water discharge or treatment, may be necessary parties to this litigation. Mount Vernon reserves all rights as to party joinder subject to the Federal Rules of Civil Procedure, Local Rules of the Northern District of Georgia, and common law.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

**RESPONSE**: Plaintiff Earl Parris, Jr. ("Plaintiff") brings claims under the Clean Water Act ("CWA") and Resource Conservation and Recovery Act ("RCRA") as well as a putative class action and further alleges state-law claims of nuisance and negligence. All of Plaintiff's claims arise out of the alleged impact of

a class of chemical known as PFAS (a family of over 4,500 compounds) upon drinking water of the City of Summerville.  Plaintiff alleges the Town of Trion's land application of biosolids resulting from the operation of the town's wastewater treatment operations caused him to incur economic costs.  Plaintiff further alleges that Mount Vernon is responsible for these damages because it allegedly discharged some unspecified PFAS compound into wastewater.

Intervenor City of Summerville ("Intervenor") brings claims under the Georgia Water Quality Control Act and for negligence, public and private nuisance, trespass, injunctive relief, and punitive and compensatory damages against certain of the defendants in this action alleging that Raccoon Creek, the primary source of Intervenor's drinking water was polluted with PFAS as a result of these defendants' wrongful acts and omissions. Intervenor does not assert these claims against Mount Vernon or codefendants Town of Trion, Georgia and Ryan Dejuan Jarrett ("Jarrett").[1] *See* Complaint in Intervention, ¶ 11 [Dkt. No. 137].

---

[1] Because Summerville does not assert claims against Mount Vernon in its Intervenor Complaint, Mount Vernon maintains that no Initial Disclosures with respect to that Intervenor Complaint are necessary and objects to any such obligation. However, to the extent a response is deemed necessary, these Initial Disclosures should be deemed to reference both Plaintiff's Complaint and the Intervenor Complaint.

126208232

Defendant Jarrett, along with his answers to Plaintiff's Complaint and Intervenor's Complaint, asserts crossclaims against all other defendants for contribution and indemnity to the extent Jarrett is found to have any liability in this action.

Mount Vernon currently asserts the following defenses, for which it will develop additional evidentiary support through the discovery process:

1. The First Amended Complaint fails to state a claim for the reasons stated in Mount Vernon's Motion to Dismiss and brief in support [Dkt. No. 87, 87-1], which are incorporated herein by reference.

2. Mount Vernon at all times acted in accordance with the discharge permit issued to Mount Vernon by the City of Trion, and therefore Plaintiff cannot show that Mount Vernon acted unlawfully.

3. Further, Plaintiff cannot establish that Mount Vernon violated any applicable local, state, or federal laws or regulations.

4. Plaintiff failed to comply with the notice requirements of the Clean Water Act ("CWA"), as Plaintiff's pre-suit notice letter provided no locations or dates of any alleged violations.

5.  For the same reason, Plaintiff cannot show that Mount Vernon violated the CWA, as Plaintiff cannot establish a violation of any applicable effluent standard or limitation.

6.  Plaintiff cannot rely on local ordinances to support its CWA claim to the extent those ordinances fail to meet federal and state procedural notice requirements.

7.  Plaintiff cannot rely on local ordinances to support its CWA claim to the extent those ordinances are unconstitutionally vague or fail to provide due process.

8.  Plaintiff cannot rely on local ordinances, the Georgia Water Quality Control Act (the "GWQCA"), or any other standards to support its CWA claim to the extent they fail to provide fair notice as required by due process.

9.  Plaintiff's CWA claim is barred because Mount Vernon at all times met the requirements of 40 C.F.R. § 403.5(a)(2).

10. Plaintiff's CWA claim and any derivative state regulatory claim is barred by the permit shield doctrine because Mount Vernon had a valid discharge permit issued by the Town of Trion with which Mount Vernon always complied.

126208232

11. Plaintiff has no right of action to enforce the GWQCA against Mount Vernon because Mount Vernon did not control the Town of Trion's land application of biosolids.

12. O.C.G.A. § 12-5-29(a) is not a law, regulation, standard, or requirement applicable to Mount Vernon and is not incorporated into Mount Vernon's industrial user permit.

13. Plaintiff failed to comply with the notice requirements of the Resource Conservation and Recovery Act ("RCRA"), as Plaintiff's pre-suit notice letter provided no locations or dates of any alleged violations.

14. Plaintiff's RCRA claim is barred by the doctrine of diligent prosecution because Plaintiff failed to diligently prosecute same.

15. Plaintiff's RCRA claim is barred for lack of fair notice and due process, as Plaintiff's pre-suit notice letter provided no locations or dates of any alleged violations.

16. In addition to the foregoing, Mount Vernon is entitled, without limitation, to all defenses allowed for by the Clean Water Act, the local ordinances, the Georgia Water Quality Control Act, or RCRA.

17. Plaintiff's claims are barred as improper collateral attacks on the valid discharge permit issued by the Town of Trion to Mount Vernon.

126208232

18. Plaintiff's claims are barred in whole or in part by applicable statutes of limitation or statutes of repose.

19. Mount Vernon denies that Plaintiff has been harmed to the extent alleged in the First Amended Complaint, as Plaintiff cannot show the diminution in the value of his land that Plaintiff claims.

20. To the extent Plaintiff has been harmed, that harm was caused by third parties over whom Mount Vernon had no control or influence and for whom Mount Vernon is not liable, as Mount Vernon exercises no control over wastewater after it leaves Mount Vernon's facilities.

21. For the same reason, if Plaintiff has suffered any injuries or damages as alleged, which is specifically denied by Mount Vernon, then those damages were not proximately caused by Mount Vernon.

22. For the same reason, if Plaintiff has sustained any damages as alleged, which is specifically denied by Mount Vernon, the damages are subject to apportionment and Mount Vernon is not jointly and severally liable to Plaintiff.

23. If Plaintiff has sustained any damages as alleged, which is specifically denied by Mount Vernon, any alleged interference with Plaintiff's property was de minimis and therefore is not compensable or

actionable.  Plaintiff is not entitled to any relief or recovery from Mount Vernon.

24. Plaintiff's claims are barred in whole or in part because the utility of the conduct of which Plaintiff complains—Mount Vernon's compliant discharges pursuant to a validly issued permit—outweighs any alleged harm to the Plaintiff.

25. Because Mount Vernon at all times acted in accordance with its discharge permit from the Town of Trion and with all applicable legal requirements, Plaintiff's claims are barred in whole or in part because Mount Vernon's conduct was in accordance with the applicable standards of care under all laws, regulations, industry practice, and state-of-the-art knowledge, and the activities of Mount Vernon were reasonable as a matter of law.

26. Plaintiff's claims are barred in whole or in part to the extent that they seek to impose liability based on a retroactive application of laws, regulations, standards, or guidelines, in particular guidelines with respect to PFAS developed and applied after the conduct of which Plaintiff complains.

27. Plaintiff's claims are preempted in whole or in part by state and/or federal statutes, rules, and regulations, including but not limited to, the Clean Water Act and RCRA.

28. Plaintiff lacks standing to bring this action or one or more of the claims asserted against Mount Vernon, because Plaintiff pleads no special injury (different from the putative class he defines) as is required to maintain a public nuisance claim.

29. Mount Vernon owed Plaintiff no legal duty to prevent the disposal and discharge of PFAS chemicals, as alleged in Plaintiff's First Amended Complaint. Neither statute nor common law recognizes any such duty, and Mount Vernon was not responsible for the land application of biosolids.

30.  The doctrine of primary jurisdiction bars Plaintiff's claims, as Georgia Department of Environmental Protection ("EPD") has initiated the process of investigating PFAS for purposes of regulation and enforcement.

31. Plaintiff's claims are barred in whole or in part by waiver, estoppel, laches, and/or unclean hands.

126208232

32. Plaintiff's claims are barred by collateral estoppel, res judicata, judicial estoppel, and/or pending prior actions.

33. Plaintiff's claims are barred by the economic loss rule, which requires that Plaintiff can only recover in tort economic losses resulting from injury to person or property, which is not alleged here.

34. Plaintiff's claims are barred in whole or in part by the Public Service Doctrine.

35. Plaintiff fails to plead special damages with the particularity required by Fed.R.Civ.P. 9(g).

36. Plaintiff's claims are barred in whole or in part by the assumption of risk.

37. To the extent that Plaintiff proves the existence of any alleged nuisance, Plaintiff's claims are barred or limited in whole or in part under the doctrines of "coming to the nuisance," the prior nuisance doctrine, and/or the doctrine of consent, as, on information and belief, Plaintiff purchased its property well after Mount Vernon began discharging in compliance with its discharge permit.

38. Plaintiff has named Ryan Dejuan Jarrett as a defendant in this action; however the Town of Trion used land application of biosolids to real

property other than that owned by Mr. Jarrett. During the discovery process Mount Vernon will explore the possibility that entities, including but not limited to other manufacturers of PFAS or others responsible for water discharge or treatment, may be necessary parties to this litigation.

39. Plaintiff's claims are barred in whole or in part because he has not suffered any special harm different from the putative class he defines.

40. Plaintiff's claims are barred in whole or in part because his injuries were not foreseeable, as they are based on rapidly developing scientific study of PFAS that is still underway.

41. Plaintiff's claims are barred in whole or in part by his failure to properly mitigate damages in response to the alleged impact of PFAS-containing biosolids on Plaintiff's land.

42. Plaintiff's claims were caused in whole or in part by Plaintiff's contributory or comparative negligence.

43. Plaintiff's request for damages is too speculative or remote, as Plaintiff cannot establish that he suffered the damages he alleges as a result of any wrongful act by Mount Vernon.

126208232

44. Plaintiff is not entitled to injunctive relief because he has an adequate remedy at law (monetary damages, though Mount Vernon denies Plaintiff is entitled to such damages).

45. Plaintiff is not entitled to injunctive relief because an injunction would not serve the public interest, and because he cannot show likelihood of success on the merits for the reasons stated herein.

46. Some or all of the damages alleged in the First Amended Complaint constitute an impermissible double recovery.

47. Mount Vernon asserts all rights of set-off from any amount Plaintiff may receive in settlement or judgment from any other entity.

48. Mount Vernon asserts all rights of set-off from any collateral source payments paid or payable to Plaintiff.

49. Plaintiff's request for attorney's fees is barred because Mount Vernon has not acted with bad faith or stubborn litigiousness or caused Plaintiff unnecessary trouble and expense

50. Plaintiff's proposed class fails to meet the requirements for class certification as required by Federal Rule of Civil Procedure 23, including numerosity, commonality, typicality, and adequacy, as Plaintiff cannot establish that its alleged injuries (which are diminution

126208232

in value damages specific to Plaintiff's property, are representative of the proposed class Plaintiff defines.

51. Plaintiff's claims are barred in whole or in part because they cannot be tried without violating Mount Vernon's Due Process rights under the Georgia or United States Constitutions and the Seventh Amendment to the United States Constitution.

52. Plaintiff's claims are barred in whole or in part by the voluntary payment doctrine.

53. Mount Vernon adopts and incorporates herein by reference any applicable affirmative defense asserted by any other Defendant in this action.

54. Mount Vernon preserves and incorporates herein by reference all defenses asserted in its pre-answer motion to dismiss pursuant to Fed. R. Civ. P. 12.

Mount Vernon does not assert any counterclaims or crossclaims at this time. Discovery has not started, and investigation continues. It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts and add meaning to the known facts, all of which may lead to

126208232

additions to, changes in, and variations from the contents herein. Mount Vernon expressly reserves its right to amend or supplement its response as appropriate.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usage, and illustrative case law which defendant contends are applicable to this action.**

**RESPONSE:** In addition to the authorities cited in Mount Vernon's Motion to Dismiss the First Amended Complaint and brief in support [Dkts. No. 87, 87-1] which Mount Vernon incorporates by reference herein, Mount Vernon anticipates relying on the following authorities in its defense of the claims asserted in this litigation: 1) Rule 23 of the Federal Rules of Civil Procedure and federal precedent interpreting and applying same; 2) O.C.G.A. § 12-5-1, *et seq.*, and Georgia statutory and caselaw related to water resources; 3) O.C.G.A. § 41-1-1, *et seq.*, and Georgia statutory and caselaw related to nuisance claims; 4) O.C.G.A. §§ 51-1-1, *et seq.*, 5-12-1, *et seq.*, and Georgia statutory and caselaw related to negligence and torts; 5) O.C.G.A. § 5-12-33, *et seq.*, and Georgia statutory and caselaw related to recoverable damages; 6) the Clean Water Act, 33 U.S.C. § 1251, *et. seq.*, and Federal and state precedent interpreting and applying same; 7) the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, *et seq.*, and Federal and state precedent interpreting and applying same; and 8) the Georgia Water Quality Control Act, O.C.G.A. § 12-5-20, *et seq.*, and state precedent interpreting and applying same.

- 15 -

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**RESPONSE**: See Attachment A.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

**RESPONSE**: Mount Vernon has not yet made a determination as to any expert to be used at the trial of this matter, Mount Vernon reserves the right to supplement this disclosure at such time as any such determination is made.

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE**: See Attachment C.

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

- 16 -

**RESPONSE**: At this time, Mount Vernon has not made any claim for damages in this matter. Mount Vernon reserves its rights to setoff, recoupment, indemnity, and contribution and its right to supplement this disclosure as discovery may indicate.

(9) If Defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE**: At this time, Mount Vernon has not yet determined all other entities that may be, in whole or in part, liable to Plaintiff, Summerville, or Jarrett. Mount Vernon will supplement this response as necessary as additional information is collected through the discovery process. Subject to and without waiving the foregoing, Mount Vernon identifies: 1) all other Defendants in this action; 2) any other person or entity that has discharged PFAS into any wastewater treatment facility that discharges into the drinking water of the City of Summerville; 3) all persons or entities responsible for the treatment of wastewater that is later discharged into the drinking water of the City of Summerville; 4) all persons or entities responsible for the land application of biosolids disposed of in the Raccoon Creek watershed; 5) all persons or entities that use or consume products containing PFAS in and around the Raccoon Creek watershed and/or any water bodies that are upstream of the drinking water of the City of Summerville; and 5) any manufacturer of PFAS not already named as a defendant.

126208232

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE**: See Attachment E.

_/s/ William M. Droze_
WILLIAM M. DROZE
Georgia Bar No. 231039
T. MATTHEW BAILEY
Georgia Bar No. 194516
Troutman Pepper Hamilton Sanders, LLP
600 Peachtree Street, N.E. Suite 3000
Atlanta, GA 30308
william.droze@troutman.com
matt.bailey@troutman.com
(404) 885-3468
(404) 885-2716

_Attorneys for Defendant Mount Vernon Mills, Inc._

- 18 -

## ATTACHMENT A

## PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION[2]

Ron Beegle (Corporate Director of Environmental Affairs); Mr. Beegle is generally familiar with the properties of chemicals utilized by Mount Vernon and the wastewater generated by the plant.

*Ned Cochrane* (Retired General Counsel – Privilege Applies[3]); Mr. Cochrane is generally familiar with the claims and allegations of this litigation.

*Bill Sabo* (Vice President of Dyeing and Finishing); Mr. Sabo is generally familiar with the manufacturing processes and their associated chemicals.

*Tony Strickland* (Director of Piece Dyed Merchandising & Project Development); Mr. Strickland is generally familiar with product development and associated chemicals and product marketing.

*Gary Williams* (Vice President of Administration and Corporate Secretary); Mr. Williams is generally familiar with corporate policies and procedures and the high-level circumstances of this litigation.

(All of the individuals affiliated with Mount Vernon should be contacted solely through counsel for Mount Vernon.)

*Representatives* of the Georgia Department of Natural Resources, Environmental Protection Division (EPD). 2 Martin Luther King Jr. Drive SE, Suite 1456, East Tower, Atlanta, GA 30334; (404) 463-1511. EPD has general familiarity with permitting decision, regulatory oversight, and the circumstances underlying this litigation.

---

[2] Mount Vernon identifies any witness who may be listed within the Initial Disclosures of other parties to this litigation as having potential discoverable information.

[3] Mr. Cochrane remains retained despite his retirement.

*Andy Melton*, Superintendent, Town of Trion Water Pollution Control Plant, P.O. Box 850, Trion, GA 30753, 706-734-7014. Mr. Melton has general familiarity with the interactions between Mount Vernon and the Town of Trion relative to wastewater.

**ATTACHMENT B**

**EXPERT WITNESS LIST AND WRITTEN REPORTS**

See statement in Initial Disclosures at Paragraph 6 – Mount Vernon has not identified any testifying expert witnesses at this time.

**ATTACHMENT C**

**DOCUMENTS WHICH SUPPORT**
**MOUNT VERNON'S CLAIMS AND DEFENSES**

Mount Vernon does not waive any issue as to admissibility of any document listed herein, nor the applicability of any privilege.  Some of the categories of documents listed herein may be proprietary or confidential and no waiver is intended by virtue of such listing.

Permits associated with wastewater discharges and regulatory communications associated therewith.

Records and communications with the Town of Trion related to wastewater discharges.

Records and communications with manufacturers of products utilized for the production of textile materials.

Internal records stored on internal company servers associated with the production and manufacturing process of products made by Mount Vernon Mills (which may include proprietary materials).

Safety Data Sheets associated with chemicals utilized in the manufacturing process.

**ATTACHMENT D**

**<u>DAMAGES DOCUMENTS</u>**

See statement in Initial Disclosures at Paragraph 8 – Mount Vernon has not made any claim for damages in this matter at this time but reserves its rights as to setoff, recoupment, indemnity, and contribution.

**ATTACHMENT E**

**INSURANCE AGREEMENTS**

None.

Mount Vernon continues to investigate whether there are any potentially applicable insurance policies.  If additional, potentially applicable policies are identified and are within Mount Vernon's possession, custody, or control, it will make such policies available for inspection or copying under Federal Rule of Civil Procedure 34.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the within and foregoing INITIAL DISCLOSURES OF DEFENDANT MOUNT VERNON MILLS was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 23rd day of May, 2022.

/s/ William M. Droze
William M. Droze
Georgia Bar No. 231039
william.droze@troutman.com

*Attorney for Defendant Mount Vernon Mills, Inc.*

**TROUTMAN PEPPER HAMILTON SANDERS LLP**
3000 Bank of America Plaza
600 Peachtree Street N.E.
Atlanta, GA 30308-2216
Telephone: 404-885-3000
Facsimile: 404-885-3900

126208232