**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| EARL PARRIS, JR., Individually, and on Behalf of a Class of Persons Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:21-cv-00040-TWT |
| CITY OF SUMMERVILLE, GEORGIA, | ) ) ) | |
| Intervenor-Plaintiff, | ) ) | |
| v. | ) ) | |
| 3M COMPANY, *et al.*, | ) ) | |
| Defendants. | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

1. **Description of Case**

    (a)  **Describe briefly the nature of this action.**

    This is an individual and putative class action by Plaintiff Earl Parris, Jr. ("Plaintiff") on behalf of himself and ratepayers with the City of Summerville arising from the Defendants' alleged contamination of Raccoon Creek and the City of Summerville's drinking water with per- and poly-fluoroalkyl substances (collectively "PFAS"). Plaintiff asserts individual claims under federal

environmental statutes against Defendants Town of Trion, Ryan Jarrett, and Mount Vernon Mills, Inc., and state law class claims against Defendants 3M Company, Daikin America, Inc., Huntsman International, LLC, Pulcra Chemicals, LLC, Mount Vernon Mills, Inc. and Ryan Jarrett. [1]

Intervenor-Plaintiff the City of Summerville ("Intervenor-Plaintiff" or the "City") brings similar claims against 3M Company, Daikin America, Inc., Huntsman International, LLC, and Pulcra Chemicals, LLC arising from their alleged manufacture and supply of products containing PFAS to Mount Vernon Mills. While Defendants Town of Trion, Jarrett, and Mount Vernon Mills are named as Defendants in this action, no claims are asserted against them by the City.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff and the members of the proposed class receive their drinking water from the City of Summerville, through the City's Public Works and Utility Department. Plaintiff and the City allege that Defendants have engaged in the following conduct in a manner leading to the contamination of the City of Summerville's drinking water with PFAS: the Manufacturing Defendants supplied

---

[1] Plaintiff asserts no state law claims for monetary damages against Defendant Jarrett.

products containing PFAS substances to Mount Vernon for use at its manufacturing facility in Trion; that Mount Vernon used products containing PFAS substances at its Trion manufacturing facility and discharged wastewater containing PFAS to the Town of Trion's Water Pollution Control Plant ("WPCP"); and that the Town of Trion disposed of sludge containing PFAS on various properties, including Mr. Jarrett's. Defendants deny Plaintiff's allegations of purported wrongdoing and liability.

**(c)     The legal issues to be tried are as follows:**

1. Whether Trion, Jarrett, and/or Mount Vernon Mills have violated the CWA.
2. Whether the disposal of the sludge may present an imminent and substantial endangerment to human health and the environment under RCRA.
3. Whether Plaintiff Parris' allegations satisfy the requirements of class certification.
4. Whether the injuries alleged by Plaintiff and the City are cognizable under Georgia law.
5. Whether any Defendant can be liable for the injuries alleged by Plaintiff and the City.
6. How liability, if any, may be apportioned.
7. Whether damages or injunctive relief are warranted.

**(d) The cases listed below (include both style and action number) are:**

    **(1)  Pending Related Cases:** None.[2]

    **(2)  Previously Adjudicated Related Cases:** None

**2.**    **This case is complex because it possesses the following features listed below (please check):**

  X   (1)    Unusually large number of parties

  X   (2)    Unusually large number of claims or defenses

  X   (3)    Factual issues are exceptionally complex

  X   (4)    Greater than normal volume of evidence

  X   (5)    Extended discovery period is needed

       (6)    Problems locating or preserving evidence

       (7)    Pending parallel investigations or action by government

  X   (8)    Multiple use of experts

  X   (9)    Need for discovery outside United States boundaries

  X   (10)    Existence of highly technical issues and proof

  X   (11)    Unusually complex discovery of electronically stored information

**3.**    **Counsel.** The following individually-named attorneys are hereby designated as lead counsel for the parties:

---

[2] *Johnson v. 3M Company, et al.*, Case No. 4:20-cv-00008-AT (N.D. Ga.), and *City of Rome, Georgia v. 3M Company, et al.*, Civil Action File No. 19CV02405, Superior Court of Floyd County, Georgia, address legal issues that overlap with issues in this case.

**<u>Plaintiffs</u>**

**Plaintiff Earl Parris, Jr. :**

Gary A. Davis
James S. Whitlock
DAVIS & WHITLOCK, P.C.

**Intervenor-Plaintiff City of Summerville, Georgia:**

Jeff Friedman
Lee Patterson
FRIEDMAN, DAZZIO & ZULANAS

J. Anderson Davis
BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP

**<u>Defendants</u>**

**Defendant 3M Company:**

Robert B. Remar
SMITH, GAMBRELL & RUSSELL, LLP

Benjamin P. Harmon
LIGHTFOOT, FRANKLIN & WHITE LLC

**Defendant Daikin America, Inc.:**

Theodore M. Grossman
JONES DAY

**Defendant Huntsman International, LLC:**

Jean C. Frizzell
REYNOLDS FRIZZELL LLP

**Defendant Pulcra Chemicals, LLC:**

Robert D. Mowrey
KAZMAREK MOWREY CLOUD LASETER LLP

**Defendant Mount Vernon Mills, Inc.:**

William M. Droze
TROUTMAN PEPPER HAMILTON SANDERS LLP

**Defendant Town of Trion, Georgia:**

Kimberly C. Sheridan
GORDON REES SCULLY MANSUKHANI, LLP

**Defendant Ryan Dejuan Jarrett:**

Craig K. Pendergrast
TAYLOR ENGLISH DUMA LLP

**4.    Jurisdiction.**

Is there any question regarding this Court's jurisdiction?

___Yes                 __X_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

The parties are not presently aware of any questions regarding this Court's jurisdiction. The parties reserve any and all rights to later raise jurisdictional issues subject to the Federal Rules of Civil Procedure, Local Rules of the Northern District of Georgia, and common law.

**5.    Parties to this Action:**

(a)    The following persons are necessary parties who have not been joined:

Defendant Ryan Dejuan Jarrett takes the position that other persons who owned land upon which sludge containing PFAS was disposed are necessary parties. (*See* ECF No. 152 at 2.) The parties are not presently aware of any other necessary parties who have not been joined to this action. The parties reserve any and all rights

as to party joinder subject to the Federal Rules of Civil Procedure, Local Rules of the Northern District of Georgia, and common law. The Defendants also reserve their rights under Georgia law to apportion fault among parties and non-parties.

(b)   The following persons are improperly joined as parties:

None.

(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)   The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

## 6.   Amendments to the Pleadings

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

(a)   List separately any amendments to the pleadings that the parties anticipate will be necessary:

Plaintiff anticipates amendments pertaining to newly-discovered violations of the federal CWA and/or RCRA, which require statutory notice and amendment of the operative complaint. Defendants reserve the right to oppose any and all amendments on these grounds.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions**

The parties submit proposed motion deadlines in the proposed scheduling

order filed herewith, attached as <u>Exhibit A</u>.

**8.     Initial Disclosures**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

The parties agree that Initial Disclosures are appropriate in this case.

Pursuant to the Court's Order dated April 12, 2022 (ECF No. 139), the parties'

Initial Disclosures are due on May 23, 2022.

**9.     Scheduling Conference**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time.

**10.    Discovery Period**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

     **Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

     **Please state below the subjects on which discovery may be needed:**

Plaintiff anticipates that discovery will be needed on the following:

- The manufacture, supply, sale, purchase, delivery, use and disposal of PFAS, including the Manufacturing Defendants' supply of PFAS and Defendant Mount Vernon Mills' processes, use and disposal of PFAS;

- The properties of PFAS, including Defendants' knowledge thereof and communications pertaining thereto;

- The Trion WPCP's wastewater treatment processes

- The City of Summerville's drinking water treatment processes

- The land application of sludge generated by the Trion WPCP in the Raccoon Creek watershed;

- The membership of the putative class and Plaintiff's and the putative class's damages;

- Additional subject matters not presently known that may arise through discovery and investigation.

Intervenor-Plaintiff anticipates that discovery will be needed on the following:

- The manufacture, supply, sale, purchase, delivery, use and disposal of PFAS, including the Manufacturing Defendants' supply of PFAS and Defendant Mount Vernon Mills' processes, use and disposal of PFAS;

- The properties of PFAS, including Defendants' knowledge thereof and communications pertaining thereto;

- The Trion WPCP's wastewater treatment processes

- The City of Summerville's drinking water treatment processes

- The land application of sludge generated by the Trion WPCP in the Raccoon Creek watershed;

- The City of Summerville's damages;

- Additional subject matters not presently known that may arise through discovery and investigation.

Defendants presently anticipate needing discovery related to:

- Plaintiff Parris's class allegations, including but not limited to the requirements imposed by Fed. R. Civ. P. 23;

- Plaintiff Parris's individual allegations;

- The City's allegations;

- The basis for the Plaintiff and the City's allegations that its water supply has been contaminated with PFAS as a result of acts by the Defendants;

- Apportionment of alleged fault among the parties and non-parties;

- Additional subject matters not presently known that may arise through discovery and investigation.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Due to the complexity of this case for the reasons listed above, the parties believe that an extended discovery period is necessary and request a 360-day discovery period as set forth in the parties' proposed scheduling order, attached as Exhibit A.

**11.    Discovery Limitation and Discovery of Electronically Stored Information**

**(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

In addition to the items discussed above, the parties will seek entry of a stipulated protective order governing the production and treatment of confidential discovery materials.

**(b)    Is any party seeking discovery of electronically stored information?**

    \_\_\_X\_\_\_    Yes

    _____    No

**If "yes,"**

> **(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties will seek entry of an order regarding the sources and scope of the

production of documents and electronically stored information.

> **(2)** **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties will seek entry of an order regarding the format for the

production of documents and electronically stored information.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

## 12.   Other Orders

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties will meet and confer about whether any stipulated administrative

orders or other orders are necessary and appropriate.

The parties consent to service by email under Federal Rule of Civil

Procedure 5(b)(2)(E), provided that copies are emailed to all attorneys of record.

## 13.   Settlement Potential

**(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference by telephone that was held on May 9,**

2022, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

### For Plaintiffs

| Plaintiff Earl Parris, Jr. : | Intervenor-Plaintiff City of Summerville, Georgia: |
|---|---|
| /s/ *James S. Whitlock*<br>James S. Whitlock<br>DAVIS & WHITLOCK, P.C.<br><br>Other participants:<br>Thomas Causby<br>MORRIS & DEAN, LLC | /s/ *Lee Patterson*<br>Lee Patterson<br>FRIEDMAN, DAZZIO & ZULANAS<br><br>Other participants:<br>J. Anderson Davis<br>BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP |

### For Defendants

| Defendant 3M Company: | Defendant Daikin America, Inc.: |
|---|---|
| /s/ *Robert B. Remar*<br>Robert B. Remar<br>SMITH, GAMBRELL & RUSSELL, LLP<br><br>/s/ *Benjamin P. Harmon*<br>Benjamin P. Harmon<br>LIGHTFOOT, FRANKLIN & WHITE LLC<br><br>Other participants:<br><br>W. Larkin Radney, IV (*PHV application forthcoming*) | /s/ *Theodore M. Grossman*<br>Theodore M. Grossman, *Pro Hac Vice*<br>JONES DAY<br><br>Other participants:<br><br>Richard H. Deane, Jr.<br>Louis A. Chaiten (*PHV application forthcoming*)<br>James R. Saywell (*PHV application forthcoming*)<br>Jeffrey A. Kaplan, Jr.<br>JONES DAY |

| | |
|---|---|
| LIGHTFOOT, FRANKLIN & WHITE LLC<br><br>Katherine L. D'Ambrosio<br>SMITH, GAMBRELL & RUSSELL, LLP | Steven F. Casey, *Pro Hac Vice*<br>Kary Bryan Wolfe, *Pro Hac Vice*<br>William E. Underwood<br>JONES WALKER<br><br>Christopher L. Yeilding, *Pro Hac Vice*<br>BALCH & BINGHAM LLP |
| **Defendant Huntsman International, LLC:**<br><br>/s/ *Jean C. Frizzell*<br>Jean C. Frizzell<br>REYNOLDS FRIZZELL LLP<br><br>Other participants:<br><br>Benjamin E. Fox<br>BONDURANT, MIXSON & ELMORE, LLP<br><br>Zach Burford<br>REYNOLDS FRIZZELL LLP | **Defendant Pulcra Chemicals, LLC:**<br><br>/s/ *Robert D. Mowrey*<br>Robert D Mowrey<br>KAZMAREK MOWREY CLOUD LASETER LLP<br><br>Other participants:<br><br>C. Max Zygmont<br>KAZMAREK MOWREY CLOUD LASETER LLP |
| **Defendant Mount Vernon Mills, Inc.:**<br><br>/s/ *William M. Droze*<br>William M. Droze<br>TROUTMAN PEPPER HAMILTON SANDERS LLP<br><br>Other participants:<br><br>T. Matthew Bailey<br>TROUTMAN PEPPER HAMILTON SANDERS, LLP | **Defendant Town of Trion, Georgia:**<br><br>/s/ *Kimberly C. Sheridan*<br>GORDON REES SCULLY MANSUKHANI, LLP<br><br>Other participants:<br><br>Erich P. Nathe (*PHV forthcoming*)<br>GORDON REES SCULLY MANSUKHANI, LLP<br><br>Katie S. Lonze (*PHV pending*)<br>GORDON REES SCULLY MANSUKHANI, LLP |

| | |
|---|---|
| **Defendant Ryan Dejuan Jarrett:**<br><br>*/s/ Craig K. Pendergrast*<br>Craig K. Pendergrast<br>TAYLOR ENGLISH DUMA LLP | |

**(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(__)   A possibility of settlement before discovery.

( X )   A possibility of settlement after discovery.

(__)   A possibility of settlement, but a conference with the judge is needed.

(__)   No possibility of settlement.

**(c)   Counsel (X) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**  If necessary, counsel intend to mediate this case following briefing on class certification or as otherwise agreed prior to or after such date.

**(d)   The following specific problems have created a hindrance to settlement of this case:** N/A

**14.   Trial by Magistrate Judge**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)   The parties (__) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b)     The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted, this 23rd day of May, 2022.

[*Signatures on following page*]

/s/James S. Whitlock
Gary A. Davis, *Pro Hac Vice*
James S. Whitlock, *Pro Hac Vice*
DAVIS & WHITLOCK, P.C.
21 Battery Park Avenue, Suite 206
Asheville, NC 28801
(828) 622-0044
(828) 398-0435
jwhitlock@enviroattorney.com
gadavis@enviroattorney.com

Jeffrey J. Dean
GA Bar No. 006890
Thomas Causby
GA Bar No. 968006
MORRIS & DEAN, LLC
101 E. Crawford St.
Dalton, GA 30720
(706) 226-0300
(706) 229-4363
jeff@morrisanddean.com
tom@morrisanddean.com

*Attorneys for Plaintiff*

/s/ William M. Droze
William M. Droze
Georgia Bar No. 231039
T. Matthew Bailey
Georgia Bar No. 194516
TROUTMAN PEPPER HAMILTON
SANDERS, LLP
600 Peachtree Street, N.E. Suite 3000
Atlanta, GA 30308
william.droze@troutman.com
matt.bailey@troutman.com

/s/ J. Anderson Davis
J. Anderson Davis
GA Bar No. 211077
BRINSON, ASKEW, BERRY,
SEIGLER, RICHARDSON & DAVIS,
LLP
Post Office Box 5007
Rome, GA 30162
(706) 291-8853
(706) 234-3574
adavis@brinson-askew.com

/s/ Lee Patterson
Jeff Friedman, *Pro Hac Vice*
Lee Patterson, *Pro Hac Vice*
FRIEDMAN, DAZZIO & ZULANAS,
P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
(205) 278-7000
(205) 278-7001
jfriedman@friedman-lawyers.com
lpatterson@friedman-lawyers.com

*Counsel for the City of Summerville,
Georgia*

/s/ Benjamin P. Harmon
Jackson R. Sharman, III,
GA Bar No. 637930
Benjamin P. Harmon,
GA Bar No. 979043
M. Christian King (*PHV forthcoming*)
Harlan I. Prater, IV (*PHV forthcoming*)
W. Larkin Radney, IV (*PHV
forthcoming*)

17

(404) 885-3468
(404) 885-2716

*Attorneys for Defendant Mount Vernon Mills, Inc.*

*/s/ Robert D. Mowrey*
GA Bar No.527510
C. Max Zygmont
GA Bar No. 567696
E. Peyton Nunez
GA Bar No. 756017
KAZMAREK MOWREY CLOUD
LASETER LLP
Promenade III
1230 Peachtree Street, Suite 900
Atlanta, GA 30309
Telephone: (404) 969-0737
Email: bmowrey@kmcllaw.com
Email: mzygmont@kmcllaw.com
Email: pnunez@kmcllaw.com

*Counsel for Defendant Pulcra Chemicals, LLC*

*/s/ Craig K. Pendergrast*
Craig K. Pendergrast
GA Bar No. 571155
Daniel H. Weigel
GA Bar No. 956419
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770-434-6868
Facsimile: 770-434-7376

LIGHTFOOT, FRANKLIN AND
WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
Telephone: (205) 581-0700
Email: jsharman@lightfootlaw.com
Email: bharmon@lightfootlaw.com
Email: cking@lightfootlaw.com
Email: hprater@lightfootlaw.com
Email: lradney@lightfootlaw.com

*/s/ Robert B. Remar*
Robert B. Remar,
GA Bar No. 600575
S. Gardner Culpepper, III
GA Bar No. 201210
Monica P. Witte,
GA Bar No. 405952
Katherine L. D'Ambrosio,
GA Bar No. 780128
SMITH, GAMBRELL & RUSSELL,
LLP
1105 W. Peachtree St. NE
Suite 1000
Atlanta, GA 30309
Phone: (404) 815-3500
Facsimile: (404) 815-3509
rremar@sgrlaw.com
mwitte@sgrlaw.com
kdambrosio@sgrlaw.com

*Counsel for Defendant 3M Company*

*/s/ Benjamin E. Fox*
Benjamin E. Fox
Georgia Bar No. 329427

| | |
|---|---|
| *Counsel for Defendant Ryan Dejuan Jarrett* | BONDURANT, MIXSON & ELMORE, LLP<br>1201 W. Peachtree St. NW, Ste. 3900<br>Atlanta, GA 30309 |
| */s/ Kimberly C. Sheridan*<br>Kimberly C. Sheridan<br>Georgia Bar No.  624547<br>Erich P. Nathe (*pro hac vice forthcoming*<br>Katie S. Lonze (*pro hac vice pending*)<br>GORDON REES SCULLY MANSUKHANI, LLP<br>55 Ivan Allen Junior Blvd., NW, Suite 750<br>Atlanta, Georgia 30308<br>Telephone: (404) 978-7324<br>Facsimile: (678) 389-8475<br>ksheridan@grsm.com<br>enathe@grsm.com<br>klonze@grsm.com | Tel: 404-881-4100<br>Fax: 404-881-4111<br>fox@bmelaw.com<br><br>*/s/ Jean Frizzell*<br>Jean Frizzell (*admitted pro hac vice*)<br>Solace Kirkland Southwick (*admitted pro hac vice*)<br>Zach Burford (*admitted pro hac vice*)<br>REYNOLDS FRIZZELL LLP<br>1100 Louisiana Street, Suite 3500<br>Houston, Texas 77002<br>Telephone: (713) 485-7200<br>Facsimile: (713) 485-7250<br>jfrizzell@reynoldsfrizzell.com<br>ssouthwick@reynoldsfrizzell.com<br>zburford@reynoldsfrizzell.com |
| *Counsel for Defendant Town of Trion, Georgia* | *Counsel for Defendant Huntsman International LLC*<br><br>*/s/ Theodore M. Grossman*<br>Theodore M. Grossman, *Pro Hac Vice*<br>JONES DAY<br>250 Vesey Street<br>New York, New York 10281<br>Telephone: (212) 326-3939<br>Facsimile:    (212) 755-7306<br>tgrossman@jonesday.com<br><br>*/s/Richard H. Deane, Jr.*<br>Richard H. Deane, Jr.<br>    Georgia Bar No. 214875<br>Jeffrey A. Kaplan, Jr. |

|  | Georgia Bar No. 859280 |
|  | JONES DAY |
|  | 1221 Peachtree Street, N.E., |
|  | Suite 400 |
|  | Atlanta, Georgia 30361 |
|  | Telephone: (404) 521-3939 |
|  | rhdeane@jonesday.com |
|  | jkaplan@jonesday.com |
|  |  |
|  | Steven F. Casey, *Pro Hac Vice* |
|  | Kary Bryant Wolfe, *Pro Hac Vice* |
|  | JONES WALKER LLP |
|  | 420 20th Street North, Suite 1100 |
|  | Birmingham, AL 35203 |
|  | Telephone: (205) 244-5200 |
|  | scasey@joneswalker.com |
|  | kwolfe@joneswalker.com |
|  |  |
|  | William E. Underwood |
|  | Ga. Bar No. 401805 |
|  | JONES WALKER LLP |
|  | 1360 Peachtree Street |
|  | Suite 1030 |
|  | Atlanta, GA 30309 |
|  | Telephone: (770) 870-7506 |
|  | wunderwood@joneswalker.com |
|  |  |
|  | Christopher L. Yeilding, *Pro Hac Vice* |
|  | BALCH & BINGHAM LLP |
|  | 1901 Sixth Avenue North, Suite 1500 |
|  | Birmingham, AL 35203-4642 |
|  | Telephone (205) 226-8728 |
|  | cyeilding@balch.com |
|  |  |
|  | *Counsel for Defendant Daikin* |
|  | *America, Inc.* |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the clerk of court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

This 23rd day of May, 2022.

*/s/James S. Whitlock*