## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| EARL PARRIS, JR., individually, and On behalf of a Class of persons similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| City of SUMMERVILLE, GEORGIA, | ) ) | |
| Intervenor-Plaintiff, | ) | Civil Action No.: |
| vs. | ) ) | 4:21-CV-00040-TWT |
| 3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL LLC, MOUNT VERNON MILLS, INC., TOWN OF TRION, GEORGIA, and RYAN DEJUAN JARRETT, | ) ) ) ) ) ) | JURY TRIAL REQUESTED |
| Defendants. | ) | |

## TOWN OF TRION, GEORGIA'S INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.1(b), Defendant Town of Trion, Georgia ("Town of Trion" or "Defendant"), by and through its counsel, GORDON REES SCULLY MANSUKHANI, LLP, makes the following initial disclosures based on information currently available to the Town of Trion.  The Town of Trion reserves the right to modify, amend, clarify, or supplement these initial disclosures pursuant to Fed. R. Civ. P. 26(e).

By making these disclosures, the Town of Trion does not represent that it is

identifying every document, tangible thing, or witness which may be relevant to the issues in this action, or on which the Town of Trion may rely in support of its claims.  Nor does the Town of Trion waive its rights in connection with any discovery request or proceeding involving or relating to the subject matter of this disclosure.

By reference hereto, the Town of Trion expressly incorporates any and all evidence and witnesses previously disclosed at any time in this action by any party to this litigation, including both current and former parties.

By reference hereto, the Town of Trion expressly reserves its right to call at trial any and all retained or non-retained expert witnesses, including both opening and rebuttal experts, previously disclosed by any current or prior party pursuant to Fed. R. Civ. P. 16.1(a)(2), regardless of whether such experts are called at trial by the disclosing party.

By reference hereto, the Town of Trion expressly reserves its right to challenge the admissibility of any and all evidence and witnesses including, but not limited to, the evidence and witnesses referenced in any pretrial disclosure, motion, or brief filed by any current or former party to this litigation.

These disclosures are being made for disclosure and pretrial discovery purposes only, and the Town of Trion expressly reserves its right: (i) to object at

trial to the admissibility of any and all evidence and witnesses disclosed by any current or former party to this litigation including, but not limited to, objections to disclosure of information protected by the attorney-client privilege or information that constitutes attorney work product, and (ii) to withdraw and/or de-designate any and all evidence and witnesses disclosed by any current or former party to this litigation.

The Town of Trion continues to evaluate these claims and possible defenses thereto. Therefore, the Town of Trion reserves the right to supplement this Initial Disclosure to provide additional information.

1.

If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**RESPONSE:**

**Although the Town of Trion denies any liability in this lawsuit, the Town of Trion, Georgia does not dispute that "Town of Trion, Georgia" is identified correctly.**

2.

Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**RESPONSE:**

**The Town of Trion is not aware of any additional necessary parties to this action at this time and is not aware of any misjoinder of parties.**

3.

Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**RESPONSE:**

**The Town of Trion has not asserted any counterclaims or crossclaims at this time, but reserves the right to assert appropriate and applicable counterclaims or crossclaims.**

**The Town of Trion is a municipality duly organized by the State of Georgia located in Chattooga County, Georgia. The Town of Trion was organized in the mid -1800's around a fabric mill that is still in operation today as Mount Vernon Mills, Inc., which is also a defendant in this lawsuit. The Town of Trion sits on well-flowing springs that provide water for the**

operation of the Mill, the town, and the surrounding area.  Mount Vernon Mills owns the water supply for the Town of Trion, but has leased its use back to the town.

The Town's Wastewater Treatment Plant (hereinafter "WWTP") treats the wastewater from the Mill and town residents.  Ninety-four (94%) percent of the wastewater treated by the WWTP is from the operation of the mill.

The Plaintiff's First Amended Complaint alleges that the Mill discharged PFAS substances into the Town of Trion's WWTP via its wastewater.  Although the Town of Trion WWTP personnel formerly hauled and spread bio-solids on farmers' properties, this activity was performed pursuant to a permit for the land application of bio-solids, approved by the Environmental Protection Division of the Georgia Department of Natural Resources ("the EPD").  As part of this approved land application program, the Town of Trion has applied bio-solids in the Raccoon Creek Watershed since 1992.  Twenty-six years later, PFAS were discovered in the sludge. Following this discovery, the Town of Trion ceased the application of bio-solids in the Raccoon Creek Watershed.

In 2020, the Environmental Protection Agency ("EPA") issued an advisory to the City of Summerville that the drinking water had high levels of

PFAS in it and that certain consumers should not drink the water due to the levels reported.  The Town of Trion was unaware of the discharge of PFAS into the WWTP by the Mill.  The Town of Trion was similarly unaware that the application of bio-solids on agricultural fields could create ramifications for those downstream, especially the City of Summerville and its water customers, as alleged by Plaintiff.

In 2020, testing at Summerville's Raccoon Creek revealed that the levels of PFOA and PFOS were 98 parts per trillion. Upon receiving the advisory from the EPD, the Town of Trion began working to rectify the situation.

Prior to the filing of this suit, as a means of rectifying the situation, the Town of Trion entered into a consent agreement with the EPA and the EPD. Under that consent agreement, it ceased land application of sludge from the WWTP. The Town of Trion maintains that the consent agreement and cessation renders this suit moot and a waste of taxpayer money.  The Consent Order memorializes that the Town of Trion has an active National Pollutant Discharge Elimination System ("NPDES") Permit numbered GA0025607, but the permit did not specify the regulation of PFOA and PFOAS.  It further confirms that the Town of Trion was unaware of these substances being in the wastewater. Through this Consent Order, the Town of Trion entered a PFAS Monitoring

**Plan with the EPD.  It has complied with the Order and Monitoring Plan. No further action is anticipated by Federal or State Authorities.  The Town of Trion has cooperated and complied with all federal and state authorities charged with overseeing, monitoring, regulating, and enforcing all manner of operations of its WWTP.**

**The Town of Trion reserves the right to supplement this Response following discovery and expert disclosures in this matter.**

4.

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**RESPONSE**:

**The Town of Trion relies on the statutes and legal principles referenced in its Motion to Dismiss Plaintiff's First Amended Complaint and Reply in Support of the same, as well as the applicable statutes, codes, legal principles, legal standards, case law, defenses, and arguments asserted by the other defendants that are the subject of the PFAS-related allegations for discharges purportedly affecting the relevant water supply in this case, given that the other defendants' pleadings contain detailed descriptions of the legal**

principles and case law that are generally applicable to this action. Those principles and authorities include, but are not limited to:

The Clean Water Act, 33 U.S.C. § 1251, et seq., including but not limited to §§1317-1365; 40 C.F.R. § 403.3; 40 C.F.R. § 403.5; 40 C.F.R. § 135.3; O.C.G.A. § 12-5-30; the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, et seq; NPDES Permit No. GA0025607; *County of Maui v. Hawaii Wildlife Fund*, 140 S. Ct. 1462, 1476 (2020); *Piney Run Preservation Ass'n v. Cnty. Commissioners of Carrol Cnty.*, 268 F.3d 255 (4th Cir. 2001); *Black Warrior Riverkeeper, Inc. v. Black Warrior Mins.*, Inc., 734 F.3d 1297, 1304 (11th Cir. 2013); Georgia Common Law regarding water, water rights, and adulteration of water sources, including statutory codifications of common law as applicable.

This list is not intended to be an exhaustive list of all authority applicable to this litigation.  The Town of Trion intends to rely on federal law applying to the provisions of both the Clean Water Act and the Resource Conservation and Recovery Act.

5.

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your

claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**RESPONSE:**

**Town of Trion provides the following list of individuals who are likely to have discoverable information that Town of Trion may use to support its claims or defenses, other than solely for impeachment. Town of Trion reserves the right to rely on any individuals disclosed by any other parties in their initial disclosures. The Town of Trion continues to evaluate these claims and possible defenses thereto. Therefore, the Town of Trion reserves the right to supplement this Initial Disclosure to provide additional information.**

**See Attachment A.**

6.

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**RESPONSE:**

**Town of Trion has not yet identified any witness(es) who may be used at**

**trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Also, Town of Trion has not yet determined whether Town of Trion will identify any testifying expert witness(es) subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B). Town of Trion will timely amend this disclosure consistent with the Federal Rules of Civil Procedure and in accordance with the Court's Case Management Order.**

7.

Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**<u>RESPONSE</u>**:

**See Attachment C.**

8.

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on

the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.

**RESPONSE:**

**Town of Trion is not making a claim for damages at this time.  Town of Trion reserves the right to amend this disclosure in the event it files any claims or counterclaims relating to this matter.**

9.

If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE: Town of Trion does not presently contend that any party is liable to it or to Plaintiff in this matter, but will timely amend this disclosure pursuant to the Federal Rules of Civil Procedure and in accordance with the Court's Case Management Order in the event that new information arises during discovery that alters Town of Trion's position.**

10.

Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance

agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE**:

**At this time, Town of Trion is not aware of any insurance agreements that provide Town of Trion with coverage for any of the claims asserted against it in this matter.**

Respectfully submitted, this 23rd day of May, 2022.

GORDON REES SCULLY
MANSUKHANI, LLP

By:  */s/ Kimberly C. Sheridan*
Kimberly C. Sheridan
Georgia Bar No.  624547
55 Ivan Allen Junior Blvd., NW, Suite 750
Atlanta, Georgia  30308
Telephone: (404) 978-7324
Fax: (678) 389-8475
ksheridan@grsm.com

Katie Suzanne Lonze
*Admitted Pro Hac Vice*
One North Franklin Street
Chicago, IL 60606
Telephone: (312) 565-1400
klonze@grsm.com

*Attorneys for Defendant Town of Trion*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of May, 2022, a true and correct copy of the foregoing was served upon all parties to this action via the Court's ECF/CM electronic filing system, which will provide a copy to all parties of record.

*/s/ Kimberly C. Sheridan*
Counsel for Defendant Town of Trion

**ATTACHMENT A**
**TO TOWN OF TRION'S INITIAL DISCLOSURES**

1.      Lanny Thomas; Mayor, Town of Trion.  Mayor Thomas may be contacted through Town of Trion's counsel of record, Gordon Rees Scully Mansukhani, LLP;

2.      Larry Stansell; Former Mayor, Town of Trion.  Mr. Stansell may be contacted through Town of Trion's counsel of record, Gordon Rees Scully Mansukhani, LLP;

3.      Andy Melton; Supervisor Wastewater Treatment Plant, Town of Trion.  Mr. Melton may be contacted through Town of Trion's counsel of record, Gordon Rees Scully Mansukhani, LLP;

4.      Jason Boyd, Lab Analyst, Town of Trion.  Mr. Boyd may be contacted through Town of Trion's counsel of record, Gordon Rees Scully Mansukhani, LLP;

5.      Richard Dunn; Director, Georgia Environmental Protection Division;

6.      Chad Sipes; Carter & Sloope, Inc., Consulting Engineers

7.      Representatives from Enthalpy Analytical;

8.      Representatives from Pace Analytical Services, LLC;

9.      Plaintiff, who can be contacted through his counsel of record.  This witness is anticipated to have discoverable information regarding Plaintiff's allegations and claimed rights and also information and other facts in support of Town of Trion's affirmative defenses;

10.     Any and all persons identified in the Rule 26(a) initial disclosures submitted in this action by Plaintiff;

11.     Any and all persons identified in the Rule 26(a) initial disclosures submitted in this action by Co-Defendants;

12.     Any persons necessary to produce, identify, or authenticate any document; and

13.     Any witness necessary to rebut or impeach any witness offered in this matter.

**ATTACHMENT C**
**TO TOWN OF TRION'S INITIAL DISCLOSURES**

The Town of Trion discloses the following categories of documents and tangible things in its custody or control that it may use to support its claims and/or defenses.  Unless otherwise noted below, all documents, data compilations or tangible things related to this case are in the possession, custody and control of Town of Trion or Town of Trion's counsel.

1.     The pleadings, motions, memoranda, including any declarations, attachments, and exhibits attached thereto, other court papers, transcripts, court orders, and other documents filed or served in this litigation;

2.     Documents and tangible things relating to EPD's Consent Order EPD-WP-8894 and the implementation thereof;

3.     Documents and tangible things relating to NPDES Permit No.: GA0025607;

4.     Documents and tangible things relating to certain testing performed by Enthalpy Analytical;

5.     Documents and tangible things relating to certain testing performed by Pace Analytical Services;

6.     Documents and tangible things relating to Town of Trion Industrial User Permit No. 001, issued to Mount Vernon Mills, Inc., on or about May 16, 2018;

7.      Documents and tangible things relating to the PFAS Monitoring Plan submitted to the Georgia Environmental Protection Division on or about April 22, 2020 and revised and submitted to the Georgia Environmental Protection Division on or about July 10, 2020.

8.      Documents produced by Plaintiff in connection with this litigation.  All such documents are unknown at this time as they are within the possession, custody or control of Plaintiff;

9.      Documents relating to the parties' affirmative claims and affirmative defenses.

Because discovery and investigation are continuing, Town of Trion anticipates that it may later become aware of, or appreciate the significance of, additional documents and things in its possession, custody, or control.  Town of Trion reserves its right to supplement its initial disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

By identifying the document categories above, Town of Trion does not waive the right to object to the production of other documents and things on the basis of any applicable privilege or work product protection.