**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| EARL PARRIS, JR., Individually, and on Behalf of a Class of Persons Similarly Situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| City of SUMMERVILLE, GEORGIA, | ) ) | |
| | ) | |
| Intervenor-Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 4:21-cv-00040-TWT |
| | ) | |
| 3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL, LLC, PULCRA CHEMICALS, LLC, MOUNT VERNON MILLS, INC., TOWN OF TRION, GEORGIA, and RYAN DEJUAN JARRETT, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT RYAN DEJUAN JARRETT'S INITIAL DISCLOSURES

COMES NOW, Defendant Ryan Dejuan Jarrett ("Defendant") and pursuant to Fed.R.Civ.P.26(a)(1) and LR 26.1A, NDGa, sets forth its Initial Disclosures, stating the following:

1

1.      If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

*Response*: N/A

2.      Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

*Response*: Jarrett is unaware of the identities of other owners of property where sludge from the Trion WWTP has been placed, but Plaintiff and Trion should be able to identify them.

3.      Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

*Response*: As to Jarrett's defense of failure to join necessary parties, if the sludge spread on his property by Trion was contaminated with PFAS which is a source of PFAS contamination of the City of Summerville's water supply, then, on

information and belief, the same type of sludge was allegedly spread on other properties in the Raccoon Creek watershed.

As to Jarrett's cross-claims against his co-defendants, Jarrett is an innocent land owner who was unaware that the sludge that Trion spread on his property contained any hazardous substance such as PFAS as alleged by Plaintiff.

4.     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

*Response*: Principles applicable to joinder of necessary parties pursuant to F.R.C.P. 19; common law and statutory principles and grounds for indemnity and contribution; statutory grounds for recovery of expenses of litigation, including attorney's fees.  Jarrett reserves the right to supplement this response.

5.     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

*Response*: Defendant Jarrett. He is aware of his lack of information regarding any potentially hazardous substance contained in the sludge that Trion spread on his

property.   As per a 1994 letter from GAEPD to Trion's mayor that was shared with Ruth Jarrett, GAEPD provided approval for the addition of the Mahan Road property now owned by Ryan Jarrett to Trion's GAEPD-approved sludge management program.  A copy of that letter is attached hereto.

6.     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

*Response*: None at this time. Jarrett reserves the right to supplement this response.

7.     Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

*Response*: See attached 1994 letter from GAEPD as referenced above.

4

8.      In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

*Response*: Other than Jarrett's expenses of litigation, including attorney's fees, which are ongoing, none at this time.  Jarrett reserves the right to supplement this response.

9.      If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

*Response*: See responses above.

10.     Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or

to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

*Response*: None.

This 23rd day of May, 2022.

/s/ Craig K. Pendergrast
Craig K. Pendergrast
GA Bar No. 571155
Daniel H. Weigel
GA Bar No. 956419
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770-434-6868
Facsimile: 770-434-7376
cpendergrast@taylorenglish.com
dweigel@taylorenglish.com

*Counsel for Defendant*
*Ryan Dejuan Jarrett*

# ATTACHMENT A

Georgia Department of Natural Resources

205 Butler Street, S.E., East Floyd Tower, Atlanta, Georgia 30334
Joe D. Tanner, Commissioner
Harold F. Reheis, Director
David Word, Assistant Director
Environmental Protection Division
404/656-4713

December 21, 1994

Honorable Allen Plunkett
Mayor of Trion
128 Park Avenue, Town Hall
Trion, Georgia 30753

RE:   Town of Trion
      Sludge Management Plan Amendment
      Ruth Jarrett Property

Dear Mayor Plunkett:

The procedures for approval of the referenced Sludge Management Plan (SMP) amendment required the publication of public notices by the Environmental Protection Division (EPD) and the Town of Trion. The requirement has been fulfilled and the required comment period has expired. Therefore, the amendment is approved and the Town may begin to land apply sludge on the above referenced site. Please refer to the attachment for the 1994 application rate.

The conditions listed on the attachment to this letter must be incorporated into the final SMP amendment. The Town must implement the land application in accordance with the final approved SMP amendment, the EPD's "Guidelines for Land Application of Sewage Sludge (Biosolids) at Agronomic Rates," and Section 391-3-6-.17 of the Georgia Rules and Regulations for Water Quality Control. The SMP amendment is now a part of NPDES Permit No. GA0025607 (refer to Parts I A.2. and I A.3. of the permit).

Sincerely,

Harold F. Reheis
Director

HFR/nrpe
Attachment
cc:   Municipal Engineering Program

Jarrett-0001

Town of Trion
Sludge Management Plan Amendment
Conditions
December 1994

The following conditions apply to the Ruth Jarrett Property:

1.   The maximum application rate shall not exceed 6.2 dry tons of sludge per acre per year in 1994. New rates based on 1994 application data, sludge analyses, mineralization rates, and any crop rotations will need to be calculated for 1995 and for each year thereafter.

2.   The sludge application shall be in accordance with the EPD "Guidelines for Land Application of Sewage Sludge (Biosolids) at Agronomic Rates," 1994 or latest revision, unless a more stringent requirement is stated in this document or is required by federal regulations.

3.   Usable areas of the site should be staked or otherwise identified to ensure that sludge is applied only on approved land.

4.   All other conditions of the sludge management plan as already approved by the EPD remain in effect.

6.   Sludge shall not be applied in areas with seasonal flooding.

NRP/lde

Jarrett-0002

## TOWN OF TRION
## SLUDGE MANAGEMENT PLAN
## MONITORING REQUIREMENTS

1.  The Town will be required to submit monitoring data on an annual basis. The data from the required analyses may be compiled throughout the year and submitted to the EPD by January 31st of the following year. The Town's next report will be due on January 31, 1995.

2.  The pH of the sludge and soil from each site shall be measured once per year.

3.  The sludge shall be monitored for the parameters and at the frequencies listed below:

| | |
|---|---|
| Amount Applied, dry weight | Continuous |
| Total N, % | Six/Year |
| Ammonia as N, % | Six/Year |
| Total Kjeldahl Nitrogen, % | Six/Year |
| Nitrate as N, % | Six/Year |
| % Volatile Solids | Six/Year |
| % Total Solids | Six/Year |
| pH, standard units | Six/Year |
| Pb, mg/kg | Six/Year |
| Zn, mg/kg | Six/Year |
| Ni, mg/kg | Six/Year |
| Cd, mg/kg | Six/Year |
| Cu, mg/kg | Six/Year |
| As, mg/kg | Six/Year |
| Cr, mg/kg | Six/Year |
| Hg, mg/kg | Six/Year |
| Mo, mg/kg | Six/Year |
| Se, mg/kg | Six/Year |

Sampling is to be conducted every other month.

NRP\lde

Jarrett-0003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| EARL PARRIS, JR., Individually, and on Behalf of a Class of Persons Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| City of SUMMERVILLE, GEORGIA, | ) ) ) | |
| Intervenor-Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 4:21-cv-00040-TWT |
| 3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL, LLC, PULCRA CHEMICALS, LLC, MOUNT VERNON MILLS, INC., TOWN OF TRION, GEORGIA, and RYAN DEJUAN JARRETT, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I have served **DEFENDANT RYAN DEJUAN JARRETT'S INITIAL DISCLOSURES** upon all counsel of record via the Court's electronic court filing and service system.

7

This 23rd day of May, 2022.

> _/s/ Craig K. Pendergrast_
> Craig K. Pendergrast
> GA Bar No. 571155
> Daniel H. Weigel
> GA Bar No. 956419
> **TAYLOR ENGLISH DUMA LLP**
> 1600 Parkwood Circle, Suite 200
> Atlanta, GA 30339
> Telephone: 770-434-6868
> Facsimile: 770-434-7376
> cpendergrast@taylorenglish.com
> dweigel@taylorenglish.com
>
> _Counsel for Defendant_
> _Ryan Dejuan Jarrett_