IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., <br><br> Plaintiff, <br><br> v. <br><br><br> 3M COMPANY, et al, <br><br> Defendants. | CIVIL ACTION NO.<br>4:21-cv-040-TWT |

## SCHEDULING ORDER

The above-entitled action is presently before the Court pursuant to the filing of the parties' Joint Preliminary Report and Discovery Plan [Doc. 180]. The Court has reviewed and approves the parties' Joint Preliminary Report and Discovery Plan. In the report, the parties have indicated the need for additional time beyond the assigned discovery track to complete discovery. Should there be a further extension of time of the discovery deadline, the deadlines for motions for summary judgment and filing of the Consolidated Pretrial Order shall be adjusted accordingly. Accordingly,

IT IS HEREBY ORDERED that the request for an extension of the discovery deadline in this case is GRANTED, and the discovery deadline in this case is outlined in the attached Exhibit A. Permission to amend the pleadings must be obtained by the Court prior to filing. The parties may not evade the page limitations

of Local Rule 7.1(D) by filing multiple Motions for Summary Judgment after the close of the discovery period.

IT IS FURTHER ORDERED that the parties are directed to adhere to the deadlines outlined in Exhibit A.  Any motions requesting extensions of time must be made prior to the existing deadline and will be granted <u>only</u> in exceptional cases where the circumstances on which the request is based did not exist or the attorney(s) could not have anticipated that such circumstances would arise at the time the Preliminary Planning Report was filed.  Failure to comply with this order, may result in the imposition of sanctions, including the dismissal of this action.

Within 14 days from the entry of this Order, counsel for the parties are directed to confer and determine whether any party will likely be requested to disclose or produce substantial information from electronic or computer-based media.  If so, the parties are directed to determine: (a) whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business; (b) the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business; (c) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production; (d) whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

and (e) whether there are other problems which the parties anticipate that may arise in connection with electronic or computer-based discovery. Counsel are directed to the American Bar Association Section of Litigation Civil Discovery Standards § 29 (August 1999) (available upon request from the Court) for guidance. Any agreements as to the foregoing shall be set forth in a written agreement or consent order. If there are substantial disagreements, a discovery conference with the Court should be requested.

Counsel are directed to comply with the Federal Bar Association's Standards for Civility in Professional Conduct (1998) (available from the FBA web site or upon request from the Court). In the conduct of depositions, counsel are ordered to comply with Federal Rule of Civil Procedure 30(c)(2) ("An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."); and may be sanctioned for obstructionist tactics pursuant to Rule 30(d)(2)("The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.").

Parties wishing any document filed as part of the record **under seal** must first present a motion and/or consent order regarding said document to the Court. The

Clerk of Court is not authorized to accept for filing any document designated as sealed without an order from the Court approving specific documents to be filed under seal.

SO ORDERED, this 24th day of May, 2022.

                                               *[signature: Thomas W. Thrash]*
                                               THOMAS W. THRASH, JR.
                                               UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a Class of persons similarly situated, <br><br> *Plaintiff,* <br><br> CITY OF SUMMERVILLE, GEORGIA, <br> *Intervenor-Plaintiff,* <br><br> v. <br><br> 3M COMPANY, et al., <br><br> *Defendants*. | Civil Action No. 4:21-cv-40-TWT |

## SCHEDULING ORDER

| | EVENT | DEADLINE |
|---|---|---|
| 1. | Initial Disclosures | May 23, 2022. |
| 2. | Beginning of Fact Discovery Period (including discovery regarding class certification) | May 23, 2022. |
| 3. | Amended Pleadings to Add Parties as of Right | Any amended pleadings to add additional parties as of right to be filed within 180 days of entry of this Order. |
| 4. | Parties to confer and submit Proposed Briefing Order (or competing proposals if no agreement) regarding the number of briefs, page limitations, and related issues for Class Certification, Summary Judgment, and Daubert Motions | 120 days after fact discovery begins. |


EXHIBIT A

| 5. | Fact Discovery Closes | 360 days after fact discovery begins. |
|---|---|---|
| 6. | Plaintiffs' Expert Disclosures (Class Certification and Merits)[1] | 60 days after fact discovery closes. |
| 7 | Plaintiff's Class Certification Motion | 30 days after Plaintiffs' Expert Disclosures |
| 8. | Depositions of Plaintiffs' Experts | 30 days after Plaintiff's Class Certification Motion |
| 9. | Defendants' Expert Disclosures (Class Certification and Merits) | Within 30 days of deadline for Depositions of Plaintiffs' Experts |
| 10. | Defendants' Response to Plaintiff's Class Certification Motion | 30 days after Defendants' Expert Disclosures |
| 11. | Depositions of Defendants' Experts | 30 days after Defendants' Response to Plaintiff's Class Certification Motion |
| 12. | Rebuttal Experts | Within 30 days of the date for completion of Depositions of Defendants' Experts, any party may serve Rebuttal Expert Reports to address expert opinions disclosed for the first time after that party's |

---

[1] For all deadlines contained herein, "Plaintiff" shall pertain to Plaintiff Earl Parris, Jr. and Intervenor-Plaintiff City of Summerville, Georgia, except those deadlines pertaining to class certification, which shall pertain only to Plaintiff Earl Parris, Jr.

|  |  |  |
|---|---|---|
|  |  | Expert Reports were served. Depositions of Rebuttal Experts, if any, to be completed within 30 days of service of Rebuttal Expert Reports. |
| 13. | Plaintiff's Reply in Support of Class Certification Motion | Within 30 days of deadline for Depositions of Rebuttal Experts |
| 14. | Motions for Summary Judgment/Daubert Motions | 120 days after Plaintiff's Reply in Support of Class Certification |
| 15. | Responses to Motions for Summary Judgment/Daubert Motions | Within 30 days of Motions for Summary Judgment/Daubert Motions |
| 16. | Replies in Support of Motions of Summary Judgment/Daubert Motions | Within 30 days of Responses to Motions for Summary Judgment/Daubert Motions |
| 17. | Trial Date | TBD |