IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., Individually and on behalf of a Class of persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br><br> 3M COMPANY, et al., <br><br> Defendants. | CIVIL ACTION FILE NO. 4:21-CV-40-TWT |

**OPINION AND ORDER**

This is a water pollution case. It is before the Court on Defendant Daikin America, Inc.'s Motion to Certify Questions to the Georgia Supreme Court or for Interlocutory Appeal [Doc. 157]. For the reasons set forth below, Defendant Daikin America, Inc.'s Motion to Certify Questions to the Georgia Supreme Court or for Interlocutory Appeal [Doc. 157] is DENIED.

On March 30, 2022, this Court denied Daikin's Motion to Dismiss various common law claims arising from its manufacture and sale of "PFAS" chemicals (the "Order"). *See Parris v. 3M Co.*, 2022 WL 976007 (N.D. Ga. Mar. 30, 2022). Among other holdings, the Court found that the Plaintiff had adequately alleged both a duty of care and control over PFAS discharges as required to maintain negligence and public nuisance claims, respectively, against Daikin. *See id.* at *18-20, 29-30. These holdings required the Court to interpret and apply Georgia case law in an admittedly novel environmental

context. In the process, the Court split from another judge in this district, Judge Totenberg, on the duty question: she held that no Georgia authorities "establish[] a duty on the part of a chemical supplier [like Daikin] to protect an unknown third-party, rather than its consumer, from harm resulting from the negligent use or disposal of the chemical." *Johnson v. 3M*, 563 F. Supp. 3d 1253, 1325 (N.D. Ga. 2021). Based on this intra-district split and a purported trend against products-based public nuisance claims, Daikin argues that the Georgia Supreme Court or the Eleventh Circuit should immediately be allowed to reevaluate this Court's duty and control conclusions. (Daikin's Br. in Supp. of Daikin's Mot. to Certify, at 1-4.)

### A. Certification to the Georgia Supreme Court

Federal courts may certify questions of law to the Georgia Supreme Court for an answer on "determinative" state law issues in the cases before them. O.C.G.A. § 15-2-9(a). Under Eleventh Circuit precedents, certification is appropriate when there is "substantial" or "significant" doubt—not just any doubt, as Daikin claims—regarding the status of state law. *People Gas Sys. v. Posen Constr., Inc.*, 931 F.3d 1337, 1340 (11th Cir. 2019); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 827 F.3d 1016, 1025 (11th Cir. 2016). At bottom, the decision to certify questions to a state supreme court is an exercise of judgment, restraint, and discretion that should be informed by several factors. *See Royal Cap. Dev., LLC v. Md. Cas. Co.*, 659 F.3d 1050, 1054-55 (11th Cir. 2011).

> The most important are the closeness of the question and the existence of sufficient sources of state law to allow a principled rather than conjectural conclusion. But also to be considered is the degree to which considerations of comity are relevant. And we must also take into account practical limitations of the certification process.

*Id.* at 1055 (quotation marks and alterations omitted). These factors, the Court determines, weigh against certification to the Georgia Supreme Court.

First, Daikin suggests the following question with respect to the Plaintiff's negligence claim: Does a manufacturer of a product owe a negligence-based duty to unknown third parties to protect them from another entity's negligent disposal of the manufacturer's product? (Daikin's Br. in Supp. of Daikin's Mot. to Certify, at 6.) The Court previously held that Daikin, as the supplier of a knowingly hazardous product, owed the Plaintiff and the Proposed Class Members a duty under section 389 of the Second Restatement of Torts. *See Parris*, 2022 WL 976007, at *20. This conclusion was not the product of mere guesswork, as Daikin makes it out to be. (*See* Daikin's Br. in Supp. of Daikin's Mot. to Certify, at 5, 7.) Instead, the concept of supplier negligence has been deeply rooted in Georgia law ever since the Georgia Court of Appeals adopted section 389 in *Moody v. Martin Motor Co.*, 76 Ga. App. 456 (1948).[1] The Court specifically relied on two more recent decisions—*Dupree v.*

---

[1] To be clear, Daikin's proposed question reflects a fundamental misunderstanding (or worse, misrepresentation) of the Court's duty holding. The Court determined that Daikin owed a duty to "reasonably foreseeable"— not "unknown"—third parties who are harmed by the normal, probable use of

3

*Keller Industries, Inc.*, 199 Ga. App. 138 (1991), and *Ogletree v. Navistar Int'l Transp. Corp.*, 194 Ga. App. 41 (1989)—which further clarified the scope of a supplier's duty to third parties. *See Parris*, 2022 WL 976007, at *19.

Daikin's second proposed question relates to the Plaintiff's public nuisance and abatement claims: Can a manufacturer be liable in public nuisance for an alleged nuisance created only after the manufacturer sells its products? (Daikin's Br. in Supp. of Daikin's Mot. to Certify, at 6.) On this issue, both the Court and Judge Totenberg agreed that Daikin could be liable if, as the Plaintiff alleges, it was at least a concurrent cause of the nuisance and it failed to abate the nuisance within a reasonable time despite having the knowledge and right to do so. *See Parris*, 2022 WL 976007, at *29-30; *Johnson*, 563 F. Supp. 3d at 1335-38. Daikin attempts to sow doubt in this holding by citing a "clear national trend" of limiting public nuisance to land or property use and not product use. (Daikin's Br. in Supp. of Daikin's Mot. to Certify, at 10 (quoting *State ex rel. Hunter v. Johnson & Johnson*, 499 P.3d 719, 730 (Okla. 2021)). But that national trend, whether valid or not, has no apparent basis in Georgia's public nuisance jurisprudence. The two Georgia federal court opinions cited by Daikin—*Jordan v. Southern Wood Piedmont Co.*, 805 F. Supp. 1575 (S.D. Ga. 1992), and *Corp. of Mercer Univ. v. Nat'l Gypsum Co.*, 1986 WL 12447 (M.D. Ga. Mar. 9, 1986)—also did not make such a sweeping

---

its PFAS products. *See Parris*, 2022 WL 976007, at *19-20.

4

pronouncement. In any event, those decisions are distinguishable on causation and control grounds since Daikin allegedly continuously sold PFAS for decades with knowledge of their environmental and health risks. *See Parris*, 2022 WL 976007, at \*30; *see also Johnson*, 563 F. Supp. 3d at 1343-44.

So on the most important factor for certification, the Court finds there were sufficient sources of state law to make principled conclusions as to both proposed questions. Still, Daikin seizes on language in the Order that "no Georgia court has ever applied section 389 in an environmental pollution case[.]" *Id.* at \*20. (Daikin's Br. in Supp. of Daikin's Mot. to Certify, at 2, 7.) True, the particular facts of this case may be unique among Georgia decisions, but the applicable law is not. It is well within this Court's competence to apply old law to new facts; indeed, it would be untenable to certify questions to a state supreme court every time an unfamiliar fact pattern emerges. As the Eleventh Circuit has acknowledged, federal courts are often called upon to anticipate the decisions of state courts and at times to decide unsettled issues of state law. *See Escareno v. Noltina Crucible & Refractory Corp.*, 139 F.3d 1456, 1461 (11th Cir. 1998) ("On many occasions this court has resolved difficult or uncertain questions of state law without recourse to certification."). Whatever doubt exists in this case is not significant enough to warrant an imposition on the Georgia Supreme Court's time and resources.[2]

---

[2] Nor does the existence of an intra-district split, on its own, compel certification on the duty question. *See, e.g., Osborne Constr. Co. v. Zurich Am.*

Other practical considerations point toward the same conclusion. Certification would do little to conserve the parties' own time and resources since at least one claim against Daikin—for negligent failure to warn—would survive no matter the outcome of certification.[3] Thus, success at the Georgia Supreme Court would not even spare Daiken the burden and expense of defending a negligence claim, and by extension, Daikin's proposed questions are not "determinative of the case"—a threshold requirement under Georgia's certification statute. O.C.G.A. § 15-2-9. Also, any advantages to be had from certification are outweighed by the inevitable delay it would cause in this case. *See Smigiel v. Aetna Cas. & Sur. Co.*, 785 F.2d 922, 924 (11th Cir. 1986) ("This court must take into account the likelihood of further delay in this case."). The Plaintiff filed his original complaint nearly 16 months ago and was not able to

---

*Ins. Co.*, 2019 WL 859220, at *1 (W.D. Wash. Feb. 22, 2019). As noted in the Order, this Court and Judge Totenberg addressed and relied on entirely different authorities in reaching our respective conclusions. *See Parris*, 2022 WL 976007, at *20 n.10. There was no express disagreement in the opinions over the viability or meaning of section 389 of the Second Restatement.

[3] The Court is not persuaded that Daikin's first proposed question deals with both the claims for ordinary negligence and for negligent failure to warn. (*Contra* Reply Br. in Supp. of Daikin's Mot. to Certify, at 11-12.) In the Order, the Court gave distinct legal and factual reasons for finding a duty of care under each claim. *Compare Parris*, 2022 WL 976007, at *18-20, *with id.* at *24-26. By folding these two duties into a single certified question, Daikin runs the risk of the Georgia Supreme Court declining to answer the question altogether. *See Bulloch Cnty. Hosp. Auth. v. Fowler*, 227 Ga. 638, 641 (1971) ("A question is improper which is so broad and indefinite as to admit of one answer under one set of circumstnaces [sic], and a different answer under another.").

6

begin taking discovery from the Defendants until a few weeks ago. (Scheduling Order, Ex. A at 1.) Because this case is already on an extended 360-day discovery track, and summary judgment motions are not expected until June 2024 at the earliest, the Court will endeavor to avoid as much additional delay as possible.

### B. Interlocutory Appeal

Alternatively, Daikin asks the Court to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b). Interlocutory appeal should only be used in "exceptional cases" when an appellate decision could avoid the need for protracted and expensive litigation. *McFarlin v. Conseco Servs., Inc.*, 381 F.3d 1251, 1256 (11th Cir. 2004) (citation omitted). To qualify for section 1292(b) certification, a litigant must show that a non-final order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This standard is intended to set a "high threshold for certification to prevent piecemeal appeals," and the decision to grant interlocutory appeal is "wholly discretionary" with the district court. *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1358-59 (11th Cir. 2008).

Interlocutory appeals "should be reserved[] for situations in which the courts of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts."

7

*McFarlin*, 381 F.3d at 1259. "The antithesis of a proper [section] 1292(b) appeal is one that turns on . . . whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* But Daikin's negligence and nuisance questions are intertwined with numerous factual issues—for example, whether and when Daikin knew about the harmful effects of PFAS, whether it was foreseeable that PFAS would be improperly disposed of and discharged into surface waters, whether Daikin had a right to abate the improper disposal of PFAS, and whether the harm to the Plaintiff was foreseeable. *See Parris*, 2022 WL 976007, at *19-20, 29-30. These fact-intensive questions are ill-suited to interlocutory review, especially when the actual Georgia law relied upon in the Order appears to be settled. For this reason, and based on the practical considerations given above, it would be inappropriate to certify the Order for interlocutory appeal.

For the reasons set forth above, Defendant Daikin America, Inc.'s Motion to Certify Questions to the Georgia Supreme Court or for Interlocutory Appeal [Doc. 157] is DENIED.

SO ORDERED, this ___27th___ day of June, 2022.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge