# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| EARL PARRIS, JR., Individually, and on Behalf of a Class of Persons Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| City of SUMMERVILLE, GEORGIA, | ) ) ) | |
| Intervenor-Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 4:21-cv-00040-TWT |
| 3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL, LLC, PULCRA CHEMICALS, LLC, MOUNT VERNON MILLS, INC., TOWN OF TRION, GEORGIA, and RYAN DEJUAN JARRETT, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## [PROPOSED] CONSENT DECREE AS TO DEFENDANT RYAN JARRETT

## RECITALS

WHEREAS, Plaintiff Earl Parris, Jr. ("Plaintiff") has alleged various claims in the above-styled action, including claims under the federal Clean Water Act, 33 U.S.C. § 1251 *et seq.,* with respect to Defendant Ryan Dejuan Jarrett ("Jarrett") based upon his status as the current owner of two parcels of land in Chattooga

County, Georgia upon which sewage sludge, aka biosolids, have been placed by co-Defendant Town of Trion ("Trion"), which biosolids were a product of Trion's wastewater treatment plant ("WWTP").

WHEREAS, Plaintiff has alleged that the above-referenced biosolids contained PFAS and are a source of PFAS impact to Raccoon Creek upstream of the City of Summerville's drinking water supply intake.

WHEREAS, Intervenor-Plaintiff City of Summerville in its Complaint in the above-styled action does not allege any legal claims against Jarrett.

WHEREAS, Jarrett has alleged cross-claims for contribution and indemnification against his co-defendants in the above-styled action.

WHEREAS, Jarrett acknowledges that biosolids from the Trion WWTP were placed by Trion on his properties, one of which borders Raccoon Creek.

WHEREAS, Jarrett has answered the Complaints filed by Plaintiff and Plaintiff-Intervenor by denying any liability thereunder and expressing his willingness to make such properties reasonably available for sampling and potential remediation.

WHEREAS, Plaintiff, Intervenor-Plaintiff City of Summerville, and Jarrett recognize, and the Court by entering this Consent Decree finds, that: a) the Consent Decree has been negotiated by them in good faith to avoid further involvement by

Jarrett in this litigation and to make Jarrett's properties available for sampling and potential remediation; b) the Consent Decree is fair, reasonable, and in the public interest; c) the Consent Decree shall not be deemed to constitute an admission of liability by Jarrett, which liability he denies, and d) while Jarrett's crossclaims in this action are dismissed without prejudice in this action, he reserves all rights and claims against his co-defendants and others that he may have now or in the future with respect to the subject matter of this action.

NOW, THEREFORE, pursuant to and consistent with the above-stated recitals, it is hereby Ordered, Adjudged, and Decreed as follows:

**Access for Sampling and Potential Remedial Activity**

1. Jarrett shall make his properties where biosolids from the Town of Trion WWTP were placed available: a) for reasonable sampling for PFAS with respect to the biosolids placed on such properties as a potential source of discharge to Raccoon Creek; and b) for potential remedial activities in the event it is determined hereafter that such activities are necessary to provide appropriate protection against future discharges of PFAS to Raccoon Creek and resulting impacts to Plaintiff-Intervenor's water supply from Raccoon Creek.

2. Prior to the conduct of any sampling activity on Jarrett's property pursuant to this Consent Decree, he shall be provided not less than fifteen (15 ) days advance

written notice of such proposed sampling activity and of the access, sampling, analysis, and reporting plan associated with such sampling. Following such notice, Jarrett shall have fifteen (15) days to raise any comments, questions, or suggestions that he may have with respect to such plan.  In the absence of any such comments, questions, or suggestions, the proponent of the plan shall be allowed to proceed in accordance with such plan, and Jarrett shall coordinate with the proponent of such plan to allow access to his property for the purpose of implementation of such plan.  Any disputes relating to such plan shall be resolved in accordance with the dispute resolution provisions of this Consent Decree.

3.   Prior to the conduct of any remedial activity on Jarrett's property pursuant to this Consent Decree, he shall be provided not less than forty-five (45) days advance written notice of such proposed remedial activity, the reason(s) and purpose(s) of such activity, and the access and remedial activity plan associated therewith. Following such notice, Jarrett shall have thirty (30) days to raise any comments, questions, or suggestions that he may have with respect to such plan.  In the absence of any such comments, questions, or suggestions, the proponent of the plan shall be allowed to proceed in accordance with such plan, and Jarrett shall coordinate with the proponent of such plan to allow access to his property for the purpose of implementation of such plan.  Any disputes relating to such plan shall

be resolved in accordance with the dispute resolution provisions of this Consent Decree.

4. Plaintiff shall indemnify Jarrett against all costs, claims, liabilities, damages, injuries, demands and harms arising from the conduct of sampling by Plaintiff on Jarrett's property pursuant to this Consent Decree.

**Effect of Consent Decree on Claims and Cross-Claims**

5. This Consent Decree resolves all claims which were alleged or could have been alleged against Jarrett by Plaintiff or Intervenor-Plaintiff, and all such claims against Jarrett shall be deemed to have been dismissed with prejudice.  Jarrett shall not be required to participate further as a party in this action, so long as he complies with the provisions of this Consent Decree.  The Court will retain jurisdiction over Jarrett in this action for the sole purpose of enforcing the terms of this Consent Decree with respect to him, if necessary.

6. Pursuant to this Consent Decree, Jarrett's cross-claims against his co-defendants shall be deemed to be dismissed without prejudice, with Jarrett reserving all rights and claims referenced in his cross-claims or otherwise.

**Dispute Resolution**

7. Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this section shall be the exclusive mechanism to resolve

disputes arising under or with respect to this Consent Decree. Any party's failure to seek resolution of a dispute under this section shall preclude the party from raising any such issue to enforce any obligation of the other party arising under this Consent Decree.

(1) Informal Dispute Resolution. Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations between the parties to such dispute. A dispute shall be considered to have arisen when a disputing party sends the other party a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute. The period of informal negotiations shall not exceed 14 days from service of the Notice of Dispute unless that period is modified by written agreement. If the parties cannot resolve a dispute by informal negotiations, then either party may invoke formal dispute resolution procedures with the Court.

(2) Formal Dispute Resolution. Either party may invoke formal dispute resolution procedures with the Court by filing a written Statement of Position regarding the matter in dispute. The initiating party's Statement of Position shall include information and argument supporting the party's position and any supporting documentation. The

other party shall file its Statement of Position within 21 days of its receipt of the initiating party's Statement of Position, which shall include information and argument supporting that party's position and any supporting documentation The initiating party may, but is not required to, submit a reply within 7 days thereafter.

(3)  In invoking formal dispute resolution, a party seeks judicial determination of the dispute. The Court shall determine, in its discretion, whether to hold a hearing to take testimony from witnesses on any issue or whether to resolve the dispute on the papers, including any declarations, submitted. The Court may also elect to refer any dispute to a magistrate judge for determination by hearing or on the papers through a report and recommendation.

**Notices and Communications**

8.  Except as otherwise specified by Plaintiff, Intervenor-Plaintiff, or Jarrett, any written notification, submission, or communication required by the terms of this Consent Decree shall be addressed as follows both to the mailing address and email address of the recipient as follows:

To Jarrett:

Craig Pendergrast, Esq.
Taylor English Duma, LLP
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
cpendergrast@taylorenglish.com

To Plaintiff:

James S. Whitlock, Esq.
Davis & Whitlock, P.C.
21 Battery Park Avenue, Suite 206
Asheville, NC 28801
jwhitlock@enviroattorney.com

To Intervenor-Plaintiff:

J. Anderson Davis, Esq.
Brinson, Askew, Berry, Seigler, Richardson & Davis, LLP
Post Office Box 5007
Rome, GA 30162-5007
adavis@brinson-askew.com

**Lodging and Approval of Consent Decree**

9.   Pursuant to 33 U.S.C. § 1365(b)(3), this Consent Decree has been lodged with

the Court and presented to the United States for its review for a period of at least

forty (45) days prior to the date of its entry by the Court.

ENTERED and DECREED, this _____ day of _____, 2022

_____
Thomas Thrash
United States District Judge


Consented to:

*/s/ Craig K. Pendergrast*
Craig K. Pendergrast
GA Bar No. 571155
Daniel H. Weigel
GA Bar No. 956419
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770-434-6868
Facsimile: 770-434-7376
cpendergrast@taylorenglish.com
dweigel@taylorenglish.com
*Counsel for Defendant*
*Ryan Dejuan Jarrett*


*/s/ James S. Whitlock*
Gary A. Davis (*phv*)
James S. Whitlock (*phv*)
**DAVIS & WHITLOCK, P.C.**
Attorneys at Law
21 Battery Park Avenue, Suite 206
Asheville, NC 28801
Telephone: (828) 622-0044
Fax: 828-398-0435
jwhitlock@enviroattorney.com
gadavis@enviroattorney.com

Jeffrey J. Dean
Ga. Bar #006890
Thomas Causby
Ga. Bar # 968006
**MORRIS & DEAN, LLC**
101 E. Crawford St.
Dalton, GA 30720
jeff@morrisanddean.com
tom@morrisanddean.com
Phone: 706-226-0300
Fax: 706-229-4363
*Attorneys for Plaintiff*

*/s/J. Anderson Davis*
J. Anderson Davis, Esq.
Ga. Bar # 21107
**BRINSON, ASKEW, BERRY, SEIGLER,
RICHARDSON & DAVIS, LLP**
Post Office Box 5007
Rome, GA 30162-5007
adavis@brinson-askew.com
Phone: 706-291-8853
Fax: 706-234-3574

Jeff Friedman, *Pro Hac Vice*
Lee Patterson, *Pro Hac Vice*
**FRIEDMAN, DAZZIO, & ZULANAS, P.C.**
3800 Corporate Woods Drive
Birmingham, AL 35242
Phone: 205-278-7000
Fax: 205-278-70001
jfriedman@friedman-lawyers.com
lpatterson@friedman-lawyers.com
*Attorneys for Intervenor-Plaintiff City of Summerville*