## Jamie Whitlock

| | |
|---|---|
| **From:** | McDonald, Chelsea (ENRD) <Chelsea.McDonald@usdoj.gov> |
| **Sent:** | Thursday, July 21, 2022 11:13 AM |
| **To:** | Gary Davis; 'Jfriedman@friedman-Lawyers.Com'; Jamie Whitlock; 'Cpendergrast@taylorenglish.Com'; Lee Patterson |
| **Cc:** | Chiu, Lucy (ENRD) |
| **Subject:** | CWA CIT SUIT - (Defendant Ryan Dejuan Jarrett) - Parris v. 3M Co., et al (NDGA 4:21-cv-40-TWT) |

Counsel –

The Department of Justice has received the proposed consent judgment in the above-referenced case. The reviewing attorney assigned to this matter is Lucy Chiu, who is cc'd on this email.

Under Section 505(c)(3) of the Clean Water Act, 33 U.S.C. 1251 *et seq.*, and 40 C.F.R. 135.5(b), the United States has 45 days from receipt of a proposed consent judgment by the DOJ Citizen Suit Coordinator (on behalf of the Attorney General) and EPA to complete the federal review and provide any comments to the court. ==In this case, the DOJ Citizen Suit Coordinator received the proposed consent judgment on July 21, 2022. **We have determined that the 45-day review and comment period ends on September 5, 2022.**==

    1. *DOJ's End Date Calculation Is Presumptively Binding*. We believe that our determination of DOJ's date of receipt is authoritative. Occasionally, a party will arrive at a different calculation of the due date for comments. To eliminate uncertainty as to the due date at the time the United States is submitting its comments (and to avoid associated waste of judicial resources), we ask that you raise any such concerns without delay. Questions or concerns regarding the due date for comments can generally be resolved quickly and amicably if they are discussed at the beginning of the review period with the DOJ reviewing attorney. Thus, if you have concerns about the due date, please raise them within seven days of receipt of this email. We may otherwise notify the Court that you have agreed with our determination of the end date.

    2. *Communicating End Date to the Court*. 40 C.F.R. 135.5(b) requires that the plaintiff notify the Court of the statutory requirement that the consent judgment shall not be entered prior to 45 days following the receipt by DOJ and EPA. Plaintiff must further notify the Court of the date on which the Attorney General and the Administrator received copies of the proposed consent judgment in the case at hand. It is important to timely comply with these obligations. The above paragraph hereby notifies you of the date of receipt by the DOJ Citizen Suit Coordinator. If counsel has previously communicated a due date to the Court that is different from the date calculated by DOJ, please notify us and the Court immediately. Also, if you believe there is a risk of premature entry by the Court, please let us know so that we may notify the Court that we are in the process of reviewing the consent judgment. These steps will help ensure compliance with Section 505 of the Clean Water Act and avoid potential questions of validity arising from premature entry of a proposed consent judgment in violation of that section. Finally, please be aware that future revisions to the version you have submitted for review may restart the 45-day review period. (We may, however, choose to waive such subsequent review on request.)

    3. *Supplemental Environmental Projects*. If the consent judgment provides for a supplemental environmental project (SEP) or similar payment to a third party, we require a letter from the organization receiving funds with specified representations before we can file our comment letter. In that initial letter The SEP organization must represent: that (1) it is a 501(c)(3) tax-exempt entity; (2) it has read the proposed consent judgment; (3) it will spend any monies it receives under the proposed consent judgment only for the

EXHIBIT A

purposes specified in the proposed consent judgment; (4) it will not use any money received under the proposed consent judgment for political lobbying activities; and (5) following the expenditure of funds provided by the settlement instrument it will submit to the Court, the United States, and the parties a letter describing how the SEP funds were spent. We additionally request that the initial SEP organization letter include a project description detailing how the funds will be spent. The parties are requested to transmit this request promptly to the SEP organization and copy the undersigned DOJ contact on that communication. **This letter is due August 24, 2022**.

The proposed consent judgment has been distributed internally for review. We will contact you if we have any questions or comments. If there are any features of the consent judgment that you would like to discuss, we welcome your comments or thoughts. Prior to the end of the 45-day period, the United States intends to notify the Court of any United States objections or comments.


Regards,
Chelsea


**Chelsea McDonald**
*Paralegal Specialist-Student Trainee*
U.S. Department of Justice
ENRD – Law & Policy Section
Office: 202.307.0124   Mobile: 202.532.3229