IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

EARL PARRIS, JR., individually, and on
behalf of a Class of persons similarly
situated,

          *Plaintiff*,

CITY OF SUMMERVILLE,
GEORGIA,

          *Intervenor-Plaintiff*,

      v.

3M COMPANY, et al.,

          *Defendants*.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

4:21-cv-40-TWT

## AGREED PROTECTIVE ORDER

Plaintiff Earl Parris, Jr. ("Plaintiff"), Intervenor-Plaintiff City of Summerville

("Intervenor"), Defendant 3M Company ("3M"), Defendant Daikin America, Inc.

("Daikin"), Defendant Huntsman International LLC ("Huntsman"), Defendant

Pulcra Chemicals, LLC ("Pulcra"), Defendant Mount Vernon Mills, Inc. ("MVM"),

and Defendant Town of Trion, Georgia ("Town of Trion") (collectively,

"Defendants") (altogether, "Parties") by and through their attorneys, have stipulated

and agreed to the entry of a protective order governing the production and handling of confidential information in the above-captioned litigation (the "Action").

The Parties anticipate engaging in discovery proceedings in this Action, including producing documents and information to each other that contain confidential, proprietary, personal, or otherwise sensitive information. The Parties are willing to provide these documents to each other for inspection and review under a protective order containing the hereinafter stated terms and conditions. The Parties' purpose in stipulating to this protective order is to enable the flow of discovery material and adequately protect material that is entitled to be kept protected. By entering this Protective Order, the Court is not ordering that any confidential, proprietary, personal or otherwise sensitive information that is sought by any Party in their requests for production and inspection is, or is not, subject to the disclosure and discovery process. Nothing in this Order creates a presumption or implies that material or information designated by a Party pursuant to this Order actually constitutes confidential, proprietary, personal, or otherwise sensitive information under applicable law, and such determination may be made at a later time by this Court.

This Order is intended to supplement the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Georgia. This Order is intended to

promote a "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

The Court, having reviewed the agreement and stipulations of the Parties, finds that good cause supports the entry of this Order, and that justice so requires.

Accordingly, pursuant to Rule 26 of the Federal Rules of Civil Procedure, it is hereby ORDERED that all information, testimony, documents and other things, including the substance and content thereof produced, deemed produced under the provisions of this Order, or otherwise disclosed by any Party or non-party in discovery in this case shall be subject to the terms and provisions set forth below.

1.    **Definitions.** As used in this Order, these terms have the following meanings:

(a)    **"Action"** refers to this litigation captioned *Earl Parris, Jr.*, *v. 3M Company, et al.*, Case No. 4:21-cv-040- TWT (N.D. Ga.).

(b)    **"Producing Party" or "Designating Party"** is the Party or non- party producing Documents or Information, as defined below, and/or designating Documents or Information as Confidential, Highly Confidential, or Export Control Information, as defined below.

(c)    **"Receiving Party"** is a Party or non-party receiving or having access to Documents or Information.

(d)     **"Challenging Party"** is the Party that challenges a particular designation of Documents or Information as Confidential, Highly Confidential, or Export Control Information pursuant to Paragraph 18 of this Order.

(e)     **"Confidential Information"** means Documents, Information, and any other material designated as Confidential in accordance with this Order unless (a) the Party which designated the material or information withdraws the Confidential designation, or (b) the Court has determined that the material or information does not constitute Confidential material or information.

A Party may only designate a Document or Information as Confidential if it has a good-faith basis to believe that the Document or Information is, constitutes, or contains Information that is confidential under statute, rule, or other applicable law, including Documents, Information, or other tangible things that are confidential, proprietary, or commercially sensitive business or financial information, trade secrets, information that is not publiclyavailable, Confidential Health Information as defined herein, Protected Health Information as defined herein, Personal Data as defined herein, or information that otherwise meets the standard for

4

protection set forth in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Notwithstanding the foregoing, a Producing Party may not designate as confidential any documents that have been made publicly available, including through unsealed court filings, public administrative agency dockets, and/or other similar means by which information was placed in the public domain. Certain information, such as Personal Data, may compel alternative or additional protections beyond those afforded Confidential Information, in which event the parties shall meet and confer in good faith, and if unsuccessful, shall move the court for appropriate relief.

(f)  **"Highly Confidential Information"** means Documents, Information, and any other material designated as Highly Confidential in accordance with this Order unless (a) the Party which designated the material or information withdraws the Highly Confidential designation, or (b) the Court has determined that the material or information does not constitute Highly Confidential material or information.

A Party may only designate a Document or Information Highly Confidential if it has a good-faith basis to believe that (a) the Document or Information is, constitutes, or contains Information that is confidential under statute, rule, or other applicable law, including Documents,

Information, or other tangible things that are confidential, proprietary, or commercially sensitive business or financial information, trade secrets, Confidential Health Information as defined herein, Protected Health Information as defined herein, Personal Data as defined herein, or information that otherwise meets the standard for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure; and (b) the Party believes in good faith that disclosure of such information could result in civil or criminal liability or significant competitive, commercial, or financial disadvantages to the Producing Party or its agents, affiliates, or employees, or that the Document or Information could provide its Competitor(s) with an advantage, including, for example, economic. Certain information, such as Personal Data, may compel alternative or additional protections beyond those afforded Confidential Information, in which event the parties shall meet and confer in good faith, and if unsuccessful, shall move the court for appropriate relief. If Document(s) and/or Information are not designated as Highly Confidential, then they may be shared with a Competitor(s). Further, only Document(s) and/or Information designated as "Highly Confidential" pursuant to Section (b) of this Paragraph are not permitted to be shared with a Competitor(s).

(g)   **"Export Control Information"** means Documents, Information, and any other material designated as Export Control in accordance with this Order unless (a) the Party that designated the material or information withdraws the Export Control designation, or (b) the Court has determined that the material or information does not constitute Export Control material or information.

A Party may only designate a Document or Information Export Control Information if it has a good-faith basis to believe that the Document or Information is subject to United States' export control law and regulations. The regulatory obligations with regard to such documents are specified, respectively, in the Export Administration Regulations ("EAR") at 15 C.F.R. Parts 730-772, and the International Traffic in Arms Regulations ("ITAR") at 22 C.F.R. Parts 120-130. Except as to documents that have already been produced in other litigation and are being re-produced in this litigation, when a Producing Party produces Document(s) that it believes to be subject to an Expert Control designation, the Producing Party will likewise simultaneously provide a description log to the Receiving Party that provides the basis(es) upon which the Document(s) is subject to a claim of ITAR and/or EAR and which precisely identifies such

7

Document(s) bates number.

(h) **"Confidential Health Information"** shall mean any patient health information protected by any state, federal law, or other applicable law, including, but not limited to patient/insured/member medical records, patient/insured/member claims information, and other information that the Parties reasonably believe might contain sensitive personal health information. The Parties agree that any Confidential Health Information whether contained in documents produced in this litigation or otherwise shall be deemed "Confidential" and, as such, subject to the terms of this Order.

"Confidential Health Information" does not include any document or information in which the Producing Party has redacted the identifiers listed above and does not have actual knowledge that the information could be used alone or in combination with other information to identify an individual who is the subject of the information. A Producing Party may, but is not required to, perform such redactions before producing documents that originally contained "Confidential Health Information," but a Producing Party may not redact information that is relevant to any claim or defense in the Litigation.

(i)      "**Protected Health Information**" shall mean the definition of this term as set forth in 45 C.F.R. §160.103, including but not limited to: health information, including demographic information, relating to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual; medical bills; claims forms; charges sheets; medical records; medical charts; test results; notes; dictation; invoices; itemized billing statements; remittance advice forms; explanation of benefits; checks; notices; and requests; and includes all notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from Protected Health Information, regardless of formor format, to the extent that they identify or reasonably could be expected to identify an individual. Protected Health Information also includes information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member:

1. Names;

2. All geographic subdivisions smaller than a State, including

street address, city, county, precinct, and zip code;

3. All elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age to a level of detail greater than in years, and date of death;

4. Telephone numbers;

5. Fax numbers;

6. Electronic mail addresses;

7. Social security numbers;

8. Medical record numbers;

9. Health plan beneficiary numbers;

10. Account numbers;

11. Certificate/license numbers;

12. Vehicle identifiers and serial numbers, including license plate numbers;

13. Device identifiers and serial numbers;

14. Web universal resource locators ("URLs");

15. Internet protocol ("IP") address numbers;

16. Biometric identifiers, including finger and voice prints;

17. Full face photographic images and any comparable images;

18. Any other unique identifying number, characteristic, or code;

19. Any other information that the Producing Party knows could be used alone or in combination with other Protected Health Information to identify an individual who is subject of the information; and

20. Family health or social information.

The Parties agree that any Protected Health Information whether contained in documents produced in this litigation or otherwise shall be deemed "Confidential" and, as such, subject to the terms of this Order.

(j)     **"Personal Data"** means any Documents, Information, and any other material that a Party believes in good faith to be Personally Identifiable Information or subject to federal, state, or foreign data protection laws or other privacy obligations, including, without limitation, the California Consumer Privacy Act (California Civil Code, § 1798.100); the Regulation 2016/679 of the European Parliament and of the Council of 27 April 2016 on the protection of natural persons with regard to the processing of personal data and on the free movement of such data, and repealing Directive 95/46/EC (General Data Protection Regulation); Data

Protection Act 2018 (c. 12) (United Kingdom personal information); Articles 162, 271, and 273 of the Swiss Criminal Code; Article 328b of the Swiss Code of Obligations; the Swiss Federal Act on Data Protection of June 19, 1992 and related ordinances and regulations; any other foreign or domestic data protection laws or regulations.

The Parties agree that any Personal Data whether contained in documents produced in this litigation or otherwise shall be deemed "Confidential" or "Highly Confidential" and, as such, subject to the terms of this Order; provided, however, that nothing herein shall be construed as waiving any objections any Party may have to the production of Personal Data, including, without limitation, objections that discovery of such Personal Data may, in some instances, need to proceed in accordance with foreign law or international protocols rather than pursuant to the Federal Rules of Civil Procedure.

The Parties also seek to ensure that any person who receives and stores Personal Data in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Personal Data, and to prevent unpermitted use or disclosure of any Personal

Data they may receive from any person in connection with this Proceeding.

(k)     **"Personally Identifiable Information"** shall include the following types of information:

1.   Social security numbers;

2.   Account numbers;

3.   Certificate/license numbers;

4.   Device identifiers and serial numbers;

5.   Medical record numbers;

6.   Health plan beneficiary numbers;

7.   Biometric identifiers, including finger and voice prints;

8.   Full face photographic images and any comparable images; and

9.   Any other unique identifying number, characteristic, or code.

(l)     **"Competitor"** shall mean any manufacturer (including affiliates) involved in (i) the manufacture or sale of any per- or polyfluoroalkyl substances ("PFAS") as that term is used in the Complaint in this Action and/or (ii) in the manufacture or sale of carpet or fabric materials or products, as well as any finisher of carpet or fabric materials.

(m)     **"Documents"** includes all materials within the scope of Rule

34(a) of the Federal Rules of Civil Procedure.

(n)     **"Information"** includes all materials within the scope of Documents, exhibits, evidence or things used at trial, depositions or other proceedings; any testimony, whether given at trial or a deposition; and any other means of presenting, producing or revealing information.

2.     **Access to Confidential Information.** All "Confidential Information" produced in discovery, if any, shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation of this Action, consistent with the restrictions on use of "Confidential Information" contained in this Order. Access to any Confidential Information shall be limited to:

(a)     Judges, court reporters, court personnel, videographers, and special masters at trial, hearings, arguments, depositions and any other judicial proceedings in this Action.

(b)     The parties and counsel of record for the parties in this Action, including the outside and in-house counsel of the parties, and the attorneys, secretaries, paralegals, assistants, and other employees in the same firm/company of such counsel, in all cases disclosure may only be made to the extent reasonably necessary to render professional services in this Action. No Confidential Information may be disclosed to any class member

14

other than the named Plaintiff(s) unless a class is certified and the class member receiving Confidential Information first executes the Acknowledgement and Agreement attached as Exhibit A to this Protective Order.

(c)     Messenger, copy, and other clerical services vendors not employed by a party or its counsel of record, only to the extent reasonably necessary to assist the parties and counsel of record for the parties in rendering professional services in this Action.

(d)     The insurers or indemnitors of the defendants or any agents retained by the insurers or indemnitors including independent claims management personnel.

(e)     Subject to Paragraph 5 below, witnesses during depositions, hearings and trial testimony in this Action, either during deposition or trial testimony or to the extent reasonably necessary to prepare such persons to testify, and counsel for such persons to the extent not included in Section 2(b).

(f)     Subject to Paragraph 5 below, consultants or experts retained for the purpose of assisting counsel of record in this Action, including consulting and testifying experts, jury/trial consultants, and mock jurors or

focus group members.

(g)     Subject to Paragraph 5 below, third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving Documents or Information or maintaining database programs for handling Documents or Information for this Action.

(h)     Other persons who may be designated by written consent of the Producing Party or pursuant to Court order so long as said persons agree to be bound as set forth in this Order, including Paragraph 5 herein.

3.     **Access to Highly Confidential Information.** All "Highly Confidential Information" produced in discovery, if any, shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation of this Action, consistent with the restrictions on use of "Highly Confidential Information" contained in this Order. Access to any Highly Confidential Information shall be limited to:

(a)     Judges, court reporters, court personnel, videographers, and special masters at trial, hearings, arguments, depositions and any other judicial proceedings in this Action.

(b)     Counsel of record for the parties in this Action, including the outside counsel of the parties and the attorneys, secretaries, paralegals,

assistants, and other employees in the same firm/company of such counsel, and the in-house counsel of the parties who do not directly advise on business issues and the secretaries, paralegals, assistants, and other employees of such counsel (or, in the event that a party does not have in-house counsel, an officer, director, or person otherwise authorized to make settlement decisions on behalf of the party, provided such person executes Exhibit A in compliance with Paragraph 5 below), and litigation counsel for insurers and indemnitors handling this litigation, in all cases only to the extent reasonably necessary to render professional services in this Action. No Highly Confidential Information may be disclosed to any class member other than the named Plaintiff(s) unless a class is certified and the class member receiving Highly Confidential Information first executes the Acknowledgement and Agreement attached as Exhibit A to this Protective Order.

(c)     Subject to Paragraph 5 below, personnel of a Receiving Party necessary to assist with the litigation who agree to not disclose any information to other personnel and to use the information disclosed solely for the purpose of assisting with the litigation may have access to "Highly Confidential Information" dated prior to January 1, 2006, to the extent

necessary to assist with the litigation.

(d)   Messenger, copy, and other clerical services vendors not employed by a Party or its counsel of record, only to the extent reasonably necessary to assist the parties and counsel of record for the parties in rendering professional services in this Action.

(e)   Subject to Paragraph 5 below, witnesses during depositions and trial testimony in this Action.

(f)   Subject to Paragraph 5 below, persons noticed for depositions or designated as trial witnesses in this Action to the extent reasonably necessary to prepare such persons to testify.

(g)   Subject to Paragraph 5 below, consultants or experts retained for the purpose of assisting counsel of record in this Action, including consulting and testifying experts, jury/trial consultants, and mock jurors or focus group members.

(h)   Subject to Paragraph 5 below, third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving Documents or Information or designing database programs for handling Documents or Information for this Action.

(i)   Other persons who may be designated by written consent of

the Producing Party or pursuant to Court order so long as said persons agree

to be bound as set forth in this Order, including Paragraph 5 herein.

4.      **Access to Export Control Information.** All "Export Control

Information" produced in discovery shall not be further disclosed, disseminated, or

used for any purpose other than in connection with the preparation for trial and

litigation of this Action, consistent with the restrictions on use of "Export Control

Information" contained in this Order and under applicable United States law.  Export

Control Information shall not be disclosed to any individual who is not a U.S. Person

or stored on cloud servers or any media physically located outside of the United

States. By entering into this Order, the Parties and their counsel hereby give their

assurances that they will implement practices and controls to ensure that access to

Export Control Information is restricted to "U.S. persons" in compliance with the

International Traffic in Arms Regulations and Export Administration Regulations.

5.      **Signing Exhibit A.**      Before disclosing Confidential or Highly

Confidential Information to any person listed in Paragraphs 2(e)-(h) or Paragraphs

3(b), (c), or (e)-(i), the Party proposing such disclosure must provide a copy of this

Order to such person, who must sign the attached Exhibit A. That Party must retain

a signed copy on file for inspection by the Court. If the person to whom disclosure

is contemplated refuses to sign Exhibit A and is a witness being deposed or

compelled to testify pursuant to a subpoena, notice, or other order of this Court, then the Parties will work cooperatively to seek a ruling on the issue by the Court prior to the person's scheduled testimony. While awaiting a ruling on the issue by the Court, no one may disclose Confidential Information or Highly Confidential information to the person at issue.

6.  **Designating Information as Confidential, Highly Confidential, or Export Control  Information.**      The Parties may only designate Documents Confidential, Highly Confidential and/or Export Control if they have a good-faith basis to believe that the Documents are Confidential, Highly Confidential and/or Export Control Information, as the case may be, under statute, rule, or other applicable law and subject to Paragraph 1 above.

Subject to and consistent with the provisions of a separate ESI and Discovery Protocol Order, with respect to documents that are produced in TIFF format, the designation of confidentiality shall be made by including the words "CONFIDENTIAL - SUBJECT TO PARRIS PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL, SUBJECT TO PARRIS PROTECTIVE ORDER" and/or "EXPORT CONTROL – SUBJECT TO PARRIS PROTECTIVE ORDER" in the document in a manner reasonably calculated to be observed by anyone who obtains possession of the electronic document. The addition of any designation

pursuant to this Order shall not be deemed an alteration of the document. With respect to documents that are produced in native format, the designation of confidentiality shall be made by including the words "CONFIDENTIAL - SUBJECT TO PARRIS PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PARRIS PROTECTIVE ORDER" and/or "EXPORT CONTROL – SUBJECT TO PARRIS PROTECTIVE ORDER" on a cover sheet produced in TIFF format along with the native file and may include, at the Producing Party's discretion, the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and/or "EXPORT CONTROL" in the file name of the native file as produced. If a Party adds a designation to the file name for documents produced in native format pursuant to the Document Production Protocol entered in this litigation, then such additions will not be considered an alteration of the file.

7. **Re-Production of Materials from Other Litigation.** To the extent that any Party re-produces documents from other litigation(s), all such documents clearly marked as being "Confidential" and subject to a protective order in such litigation will be deemed designated as "Confidential" in this Action; all such documents clearly marked "Export Control Information" will be deemed designated as "Export Control" in this Action; and all such documents clearly marked "Highly Confidential" will be deemed designated as "Highly Confidential" in this Action.

Provided, however, that the Parties shall meet and confer with respect to designations of re-productions only if re-produced documents were previously produced and designated pursuant to a protective order setting forth materially different or inconsistent categories of protected information than those established by this Order. For the avoidance of doubt, for purposes of re-productions, nothing contained within this Order is intended to modify, supersede, or nullify the respective protective orders entered in other litigations, except that no person shall assert or argue that production or use of such re-produced documents in this Action is a violation of any such prior protective orders because of any person not signing the confidentiality acknowledgement of such prior protective orders if the person has signed the Exhibit A to this Order.

8. **Designating Deposition Transcripts & Exhibits as Confidential, Highly Confidential, or Export Control.** Deposition testimony and other pretrial testimony, the transcripts thereof and exhibits thereto may be designated as Confidential Information, Highly Confidential Information, and/or Export Control Information pursuant this Order on the record at the time the testimony is given, at which time such testimony shall be marked "Confidential," "Highly Confidential" and/or "Export Control Information" by the court reporter and shall be subject to the full protection of this Order. If testimony is not so designated at the time it is given,

but counsel for a Party subsequently determines that it qualifies as Confidential Information, Highly Confidential Information, and/or Export Control Information, counsel must make a "line and page" designationby written notice to other Parties and the court reporter within thirty (30) days after receipt of the final transcript, in which case such designations shall be subject to the full protection of this Order. A transcript is not final until the deadline for witness submission of errata has expired. Until expiration of the aforementioned 30-day period, all deposition and other pretrial transcripts, as well as the information contained therein, shall be deemed Highly Confidential under this Order. The cover page of any transcript containing testimony or exhibits which have been designated pursuant to this Order shall include a prominent designation, such as "Contains Confidential Information, Subject to Protective Order," or equivalent language.

9.    **Use of Designated Information.** Each person given access to Confidential Information, Highly Confidential Information, and Export Control Information shall treat it as appropriate under this Order and shall take all actions necessary to protect the information. Confidential Information, Highly Confidential Information, and Export Control Information shall be used by a Party or person receiving such material solely for purposes of this Action, and must not be used for any business, competitive, legal, or any other purpose unrelated to this Action without

the express written consent of counsel for Producing Party or by order of the Court. Nothing in this Order shall restrict a Producing Party's ability to control, manage, or disseminate its own internal documents or information (i.e., documents and information that the Producing Party produced), even if such material is or would otherwise be designated as Confidential Information, Highly Confidential Information, or Export Control Information under this Order.

10. **Filing Confidential, Highly Confidential, or Export Control Information with the Court.** Pursuant to the Northern District of Georgia's Local Civil Rules, specifically Appendix H §II.J., the Parties may seek to restrict public access to Confidential Information, Highly Confidential Information, and/or Export Control Information contained in Documents filed with the Court. Any request to restrict access to materials designated under this Order and filed with the Court must comply with the requirements of the Northern District of Georgia's Local Civil. Any Party may from time to time initiate a review of any Document(s) or Information(s) filed under seal and to unseal for the public record any Document for(s) which a prior confidentiality designation has since been lifted since the time of the under seal filing.

12. **Use of Designated Documents or Information in Court.** A Party may, subject to the Federal Rules of Evidence and any objections by the Producing

Party, use Confidential Information, Highly Confidential Information, and/or Export Control Information at a trial or public hearing in this Action only after the Producing Party or its counsel is given reasonable advance written notice of not less than 2 business days prior to such use to allow the Producing Party or its counsel to move for a supplemental protective order or other conditions, if necessary; provided that the Producing Party and the other Parties involved may by agreement, or the Court may by order (so long as the Producing Party has a reasonable opportunity to be heard) excuse or shorten this 2 business day period. If an objection is raised, Documents or Information designated pursuant to this Order shall not be disclosed until the Court resolves the dispute or the Parties otherwise reach agreement regarding the disclosure.

13.     **Data Security.** Any person receiving Documents or Information designated as "Confidential", "Highly Confidential" and/or "Export Control Information" shall not reveal it to any person not entitled to receive it and shall use reasonable measures to store and maintain such Documents and Information to prevent unauthorized disclosure. The recipient of any Documents or Information designated as "Confidential", "Highly Confidential" and/or "Export Control Information" that is provided under this Order shall maintain such information in a fully secure and safe manner that ensures that access is limited to the persons

authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own confidential and proprietary information. Any person in possession of Documents or Information designated as "Confidential", "Highly Confidential" and/or "Export Control Information" shall take appropriate steps to protect against any reasonably anticipated threats or hazards to the security of such Documents and Information, and protect against unauthorized access to Protected Information.

14.     **<u>Inadvertent or Improper Disclosure</u>.** If a Receiving Party or authorized recipient discovers any loss of Documents or Information designated as "Confidential", "Highly Confidential" and/or "Export Control Information" or a breach of security, including any actual or suspected unauthorized access, relating to another party's Documents or Information designated as "Confidential", "Highly Confidential" and/or "Export Control Information", the Receiving Party or authorized recipient shall: (1) promptly provide written notice to Disclosing Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Disclosing Party with assurances reasonably satisfactory to Disclosing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Disclosing Party can reasonably ascertain the

size and scope of the breach. The Receiving Party or authorized recipient agrees to cooperate with the Producing Party in investigating any such security incident. In any event, the Receiving Party or authorized recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

15. **<u>Non-Termination & Return or Destruction Post-Litigation</u>**. The duty to treat Confidential Information, Highly Confidential Information, and/or Export Control Information as set forth in this Order survives the completion of this Action. At the final conclusion of this case, including any and all appeals, and only upon request of the Producing Party made within a reasonable time after such conclusion (the "Request"), all documents or other materials containing Confidential Information, Highly Confidential Information, and/or Export Control Information shall be either destroyed or returned to counsel of record for the Producing Party, except for any documents or other materials filed with the Court or otherwise admitted into the record of this case or which any Party is otherwise instructed and/or ordered by the Court to maintain. The Parties will certify, within 90 days of receipt of a Request for certification, or such other time frame agreed among the Parties, that all Confidential Information, Highly Confidential Information, and/or Export Control Information required to be returned or destroyed has been so returned or destroyed.

(a)     If any documents are re-produced in this Action from other litigation, and such other litigation is still pending at the time of the final conclusion of this case, a counsel or a Receiving Party involved in such other litigation may keep Confidential Information, Highly Confidential Information, and/or Export Control Information produced in such litigation and re-produced in this Action in accordance with the terms of the protective order(s) entered in the other litigation.

(b)     The Producing Party may in the Request specify whether it wishes the documents or other materials containing designated Documents or Information to be returned or destroyed, and if it specifies return, the Producing Party shall be responsible for the expense of such return. The Receiving Party need not follow the specification and may elect itself whether to return or destroy the documents and other materials, but if the Receiving Party elects to return rather than destroy, then the Receiving Party shall be responsible for the expense of such return, unless the Parties agreeotherwise. If a Receiving Party destroys (either upon its own election or the specification of the Producing Party) rather than returns, then the Receiving Party must provide to the Producing Party an affidavit from an officer or counsel of record stating that the Receiving Party has destroyed

all documents and materials containing Confidential, Highly Confidential, and/or Export Control Information, including all copies thereof.

(c)     Notwithstanding the foregoing and excluding any document productions or document production sets, counsel shall be entitled to maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, along with their attorney work product which refers or is related to any Confidential Information, Highly Confidential Information, and/or Export Control Information for archival purposes only. To the extent any such materials are maintained after the final conclusion of this action, all of the obligations to protect those materials contained in this Protective Order shall survive and apply until such time the Confidential Information, Highly Confidential Information, and/or Export Control Information is returned to the Producing Party or destroyed by the Receiving Party pursuant to the terms of Paragraph 13.

16.     **Inadvertent Failure to Designate Documents, Information or**

**Things.**  Any Party who inadvertently fails to identify Documents as Confidential, Highly Confidential, and/or Export Control shall have fourteen (14) business days from the discovery of its oversight to correct its failure.  Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced Documents with the appropriate designation. Any Receiving Party of such inadvertently unmarked Documents shall make reasonable efforts to retrieve the original versions of such Documents from any person to whom they were provided that would not be entitled to receive the Documents or Information under this Protective Order; provided, however, that any Party who had received such inadvertently unmarked Documents shall have no liability for having received or shared any such Documents or Information contained within such documents prior to receipt of their proper designation as Confidential, Highly Confidential, or Export Control Information as provided herein, and subject to the Receiving Party's right to challenge any such Confidential, Highly Confidential or Export Control Information designation under the terms of this Order. Such inadvertent or unintentional disclosure will not on its own be deemed a waiver in whole or in part of the Producing Party's claimed designation, either as to specific Documents or Information disclosed or on the same or related subject matter.  Notice of inadvertent or erroneous disclosure will be deemed to apply to all copies of the Document or

Information disclosed.

Any Receiving Party of Documents not designated as Confidential, Highly Confidential, or Export Control Information may request that the Producing Party designate such Documents as Confidential, Highly Confidential, or Export Control Information. Within fourteen (14) business days of receiving such a request, the Producing Party may designate such Documents as Confidential, Highly Confidential, or Export Control Information pursuant to the same procedures as apply when a Producing Party inadvertently fails to designate Documents, which procedures are detailed in the immediately preceding paragraph.

17. **No Waiver of Any Privilege Upon Inadvertent Production.** The Parties have agreed that, in discovery in this lawsuit, they do not intend to disclose information subject to a claim of attorney-client privilege or attorney work product protection, except as required under Fed. R. Civ. Proc. 26(b)(5), common law, and local rules, if any, pertaining to privilege logs. Inadvertent or mistaken production of documents or electronically stored information ("ESI") (collectively "Inadvertently Produced Documents") subject to work-product or attorney-client privilege shall not constitute a waiver of the privilege in this Action or any other federal or state proceeding, provided that the Producing Party shall notify the Receiving Party in writing as set forth herein. In the event that a Partyinadvertently

or mistakenly produces Inadvertently Produced Documents, the Producing Party shall, within fourteen (14) days of discovery of the inadvertent or mistaken disclosure, notify the other Parties in writing of the inadvertent or mistaken disclosure including a description of the Document that was inadvertently produced (including the format of the production – e.g., paper, ESI) and the date(s) the Document was produced. The Producing Party may, in the notice, request a "clawback" of Inadvertently Produced Documents. A Receiving Party is under a good faith obligation to promptly alert the Producing Party if Information that is produced, disclosed, exhibited, or communicated by a Producing Party appears to be privileged or protected either on its face or in light of facts known to the Receiving Party. If the Producing Party claims that only a portion of a document, ESI, or tangible thing produced constitutes Inadvertently Produced Documents, the Producing Party shall provide a new copy of the Information with the allegedly privileged information or protected portions redacted. The Receiving Party of such clawback notice shall immediately and diligently act to retrieve the Inadvertently Produced Documents, and all copies, including any loaded to databases, and return them to the Producing Party or destroy them as agreed between the Parties. All notes or other work product of the Receiving Party reflecting the contents of such materials shall be destroyed and not used. No use shall be made of such Inadvertently

Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless otherwise ordered by the Court. The Receiving Party may, after receipt of the Producing Party's notice of the inadvertent or mistaken production, move the Court to dispute the claim of privilege.  If the Receiving Party elects to file a motion, the Receiving Party may retain possession of the Inadvertently Produced Documents as well as any notes or other product of the Receiving Party reflecting the contents of such materials pending the resolution by the Court of the motion but shall segregate and not use them or further disclose them to any person pending resolution of the motion. If the Receiving Party's motion is denied, the Receiving Party shall promptly comply with the immediately preceding provisions of this Paragraph.

18.   **Contesting Designation of Documents.** If a Receiving Party believes that any Document or Information designated Confidential, Highly Confidential and/or Export Control Information does not constitute Confidential, Highly Confidential and/or Export Control Information, and wishes to challenge such designation, such Party shall give notice to counsel for the Producing Party, andthe Parties shall promptly and in good faith use their best efforts to resolve any dispute over the designation. In the event the Parties are unable to resolve such dispute within ten (10) business days of notice to the Producing Party of such challenge, or

the Producing Party does not respond within such time, the Party challenging the designation may request resolution by the Court, and the burden shall be on the Producing Party to establish to the satisfaction of the Court that the designation is proper. Pending resolution of the Parties' dispute over a designation, the Document and/or Information in question shall be treated as originally designated by the Producing Party.

19.   **Legal Process for Designated Information.** If any government entity or agency or third party requests Confidential Information, Highly Confidential Information, and/or Export Control Information through subpoena, order, or other form of legal process from or by any person, court, or administrative or legislative body from a person other than the Producing Party, the Party receiving the request shall immediately notify the Producing Party. The Producing Party shall have standing to object to the request. If the person receiving the request is compelled to produce Confidential Information, Highly Confidential Information, and/or Export Control Information to the government or any agency thereof, the Party must follow the governmental entity's or agency's rules for maintaining the confidentiality of such Documents or Information.

20.   **Application to Third Parties.** Third-parties that produce Documents or Information that qualify as Confidential Information, Highly Confidential

34

Information, and/or Export Control Information in this case may obtain protection under this Order by agreeing to the terms of this Order and executing Exhibit A to this Order.

21.     **No Admissions or Prejudice.** Nothing in this Order, or any action taken in compliance with it, shall (a) operate as an admission against interest by any Party, (b) prejudice in any way the right of any Party to seek a determination that designated Documents or Information should or must be disclosed, (c) prejudice in any way the right of a Party to seek a determination that any designated Documents or Information are required to be disclosed, or (d) prejudice in any way the right of any Receiving Party to seek a determination that designated Documents or Information were not properly designated. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information.

22.     **Enforcement.**   This Order shall continue to be effective following termination of this case, and the Court shall retain jurisdiction with respect to this Order after the final judgment or dismissal of this case. For purposes of enforcement and other matters related to this Order, each person given access to designated Documents or Information under this Order will be deemed to have agreed and will be subject to the jurisdiction of this Court and to the jurisdiction of

the state and federal courts where such person received the Documents or Information for purposes of enforcement.

23. **Modification.**    This Order may be modified or amended for good cause shown, after appropriate notice and opportunity to be heard is provided to the affected Parties, if and when the Court believes the interests of justice require modification.

SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated this the ____1st____ day of ____September____, 2022.

_____
**UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| /s/ Gary A . Davis | /s/ J. Anderson Davis |
| Gary A. Davis, *Pro Hac Vice* | J. Anderson Davis |
| James S. Whitlock, *Pro Hac Vice* | GA Bar No. 211077 |
| DAVIS & WHITLOCK, P.C. | BRINSON, ASKEW, BERRY, |
| 21 Battery Park Avenue, Suite 206 | SEIGLER, RICHARDSON & |
| Asheville, NC 28801 | DAVIS, LLP |
| (828) 622-0044 | Post Office Box 5007 Rome, GA |
| (828) 398-0435 | 30162 |
| jwhitlock@enviroattorney.com | (706) 291-8853 |
| gadavis@enviroattorney.com | (706) 234-3574 |
| | adavis@brinson-askew.com |
| Jeffrey J. Dean | |
| GA Bar No. 006890 | /s/ Jeff Friedman |
| Thomas Causby | Jeff Friedman, *Pro Hac Vice* |

GA Bar No. 968006
MORRIS & DEAN, LLC
101 E. Crawford St.
Dalton, GA 30720
(706) 226-0300
(706) 229-4363
jeff@morrisanddean.com
tom@morrisanddean.com

*Attorneys for Plaintiff*

*/s/ William M. Droze*
William     M.     Droze
Georgia Bar No. 231039
T.     Matthew     Bailey
Georgia Bar No. 194516
TROUTMAN PEPPER HAMILTON
SANDERS, LLP
600 Peachtree Street, N.E. Suite 3000
Atlanta, GA 30308
william.droze@troutman.com
(404) 885-3468
(404) 885-2716

*Attorneys for Defendant Mount Vernon Mills, Inc.*

*/s/ E. Peyton Nunez*
Robert D. Mowrey
GA Bar No.527510
C. Max Zygmont
GA Bar No. 567696
E. Peyton Nunez
GA Bar No. 756017
KAZMAREK MOWREY CLOUD
LASETER LLP
Promenade III

Lee Patterson, *Pro Hac Vice*
FRIEDMAN, DAZZIO
& ZULANAS, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
(205) 278-7000
(205) 278-7001
jfriedman@friedman-lawyers.com
lpatterson@friedman-lawyers.com

*Counsel   for   the   City   of Summerville, Georgia*

*/s/ Benjamin P. Harmon*
Jackson R. Sharman, III,
GA Bar No. 637930
Benjamin P. Harmon,
GA Bar No. 979043
M. Christian King (*PHV*)
Harlan I. Prater, IV (*PHV*)
W. Larkin Radney, IV (*PHV*)
LIGHTFOOT,     FRANKLIN
AND WHITE LLC
The Clark Building 400 20th Street
North
Birmingham, AL 35203
Telephone: (205) 581-0700
jsharman@lightfootlaw.com
bharmon@lightfootlaw.com
cking@lightfootlaw.com
hprater@lightfootlaw.com
lradney@lightfootlaw.com

*/s/ Robert B. Remar*
Robert B. Remar,
GA Bar No. 600575
S. Gardner Culpepper, III

1230 Peachtree Street, Suite 900
Atlanta, GA 30309
Telephone: (404) 969-0737
bmowrey@kmcllaw.com
mzygmont@kmcllaw.com
pnunez@kmcllaw.com

*Counsel for Defendant Pulcra Chemicals, LLC*

*/s/ Kimberly C. Sheridan*
Kimberly    C.    Sheridan
Georgia Bar No. 624547
Erich P. Nathe (*pro hac vice forthcoming*
Katie S. Lonze (*admitted pro hac vice*)
GORDON    REES    SCULLY
MANSUKHANI, LLP
55 Ivan Allen Junior Blvd., NW, Suite 750
Atlanta, Georgia 30308
Telephone: (404) 978-7324
Facsimile: (678) 389-8475
ksheridan@grsm.com
enathe@grsm.com
klonze@grsm.com

*Counsel for Defendant Town of Trion, Georgia*

*/s/ Zach Burford*
Jean Frizzell (*admitted pro hac vice*)
Solace Kirkland Southwick (*admitted pro hac vice*)
Zach Burford (*admitted pro hac vice*)
REYNOLDS FRIZZELL LLP
1100 Louisiana Street, Suite 3500

GA Bar No. 201210
Monica P. Witte,
GA Bar No. 405952
Katherine L. D'Ambrosio,
GA Bar No. 780128
SMITH,    GAMBRELL    &
RUSSELL, LLP
1105 W. Peachtree St. NE Suite 1000
Atlanta, GA 30309
Phone: (404) 815-3500
Facsimile:    (404)    815-3509
rremar@sgrlaw.com
mwitte@sgrlaw.com
kdambrosio@sgrlaw.com

*Counsel   for   Defendant   3M Company*

*/s/ Jeffrey A. Kaplan*
Richard H. Deane, Jr.
Georgia Bar No. 214875
Jeffrey A. Kaplan, Jr.
Georgia Bar No. 859280
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, Georgia 30361
Telephone:    (404)    521-3939
rhdeane@jonesday.com
jkaplan@jonesday.com

Theodore M. Grossman, *Pro Hac Vice*
JONES DAY
250 Vesey Street

| | |
|---|---|
| Houston, Texas 77002<br>Telephone: (713) 485-7200<br>Facsimile:      (713)      485-7250<br>jfrizzell@reynoldsfrizzell.com<br>ssouthwick@reynoldsfrizzell.com<br>zburford@reynoldsfrizzell.com<br><br>Benjamin E. Fox<br>Georgia Bar No. 329427<br>Laurie Ann Taylor<br>Georgia Bar No. 170118<br>BONDURANT, MIXSON & ELMORE, LLP<br>1201 W. Peachtree St. NW, Ste. 3900<br>Atlanta, GA 30309<br>Tel: 404-881-4100<br>Fax: 404-881-4111<br>fox@bmelaw.com<br>ltaylor@bmelaw.com<br><br><br>*Counsel for Defendant Huntsman International LLC* | New York, New York 10281<br>Telephone: (212) 326-3939<br>Facsimile:      (212)      755-7306<br>tgrossman@jonesday.com<br><br>Christopher L. Yeilding, *Pro Hac Vice*<br>BALCH & BINGHAM LLP<br>1901 Sixth Avenue North, Suite 1500<br>Birmingham, AL 35203-4642<br>Telephone      (205)      226-8728<br>cyeilding@balch.com<br><br>*Counsel for Defendant Daikin America, Inc.* |

**EXHIBIT A**
**Acknowledgment and**
**Agreement To Be Bound by**
**Protective Order**

_____declares that:

I reside at_____.  I am

currently employed by_____, located at

_____,

and my current job title is_____.

I have read and understand the terms of the Protective Order entered in this

Action, *Earl Parris, Jr.*, *v. 3M Company, et al.*, Case No. 4:21-cv-040- TWT (N.D.

Ga.). I understand and agree to comply with and be bound by the provisions of the

Protective Order. I understand that any violation of the Protective Order may subject

me to sanctions by the Court.

I will not divulge any information, documents, or copies of Confidential

Information, Highly Confidential Information, or Export Control Information

obtained pursuant to such Protective Order, or the contents of such documents, to

any person other than those specifically authorized by the Protective Order. I will

not copy or use such information or documents except for the purposes of this Action

and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 90 days after final termination of this

Action, I will return to the attorney from whom I have received them any documents in my possession that are Confidential Information, Highly Confidential Information, or Export Control Information and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the above Court for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Signature                                                          Date