## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| EARL PARRIS, JR., individually, and On behalf of a Class of persons similarly Situated, | ) ) ) | |
| Plaintiff, | ) | |
| | ) | |
| CITY OF SUMMERVILLE, GEORGIA, | ) ) | |
| | ) | |
| Intervenor-Plaintiff | ) | |
| | ) | Civil Action No.: |
| vs. | ) | 4:21-CV-00040-TWT |
| | ) | |
| 3M COMPANY, DAIKIN AMERICA, INC., E.I. DU PONT DE NEMOURS AND COMPANY, HUNTSMAN INTERNATIONAL, LLC, PULCRA CHEMICALS, LLC, MOUNT VERNON MILLS, INC., TOWN OF TRION, GEORGIA, | ) ) ) ) ) ) ) ) | TRIAL BY JURY |
| | ) | |
| Defendants. | ) | |

## <u>TOWN OF TRION, GEORGIA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT</u>

COMES NOW, Defendant Town of Trion, Georgia ("Town of Trion"), by and through its undersigned counsel, and hereby submits its Answer and Affirmative Defenses to Plaintiff's Second Amended Individual and Class Action Complaint and shows this Court as follows:

# I.   <u>AFFIRMATIVE DEFENSES</u>

By asserting the affirmative defenses below, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these defenses.  Nor does Defendant admit that Plaintiff is relieved of its burden to prove each element of its claims and the damages, if any, to which it is entitled.

## <u>FIRST DEFENSE</u>

Plaintiff's claims are moot as the United States Environmental Protection Agency ("EPA") and Environmental Protection Division of the State of Georgia ("EPD") have taken enforcement action against the Town of Trion and the Town of Trion has consented to said action.  Further, the Town of Trion no longer applies sludge from the Wastewater Treatment Plant to any agricultural property.  Said action by the EPA and EPD and the subsequent consent agreement were taken prior to the filing of this action, rendering the Plaintiff's claims moot.

## <u>SECOND DEFENSE</u>

Plaintiff filed this suit in bad faith because the Plaintiff knew that the Town of Trion had ceased application of sludge from the Wastewater Treatment Plant prior to filing this suit and that the EPA and EPD had taken the action necessary to rectify the problem under the Clean Water Act and Resource Conservation and Recovery Act.

## THIRD DEFENSE

The Plaintiff's claims do not meet the criteria of the Clean Water Act or Resource Conservation and Recovery Act as PFAS are not a regulated solid or hazardous waste contemplated by either Act.

## FOURTH DEFENSE

Defendant will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend this answer to include additional defenses after discovery is completed.

## FIFTH DEFENSE

Town of Trion expressly adopts and incorporates those affirmative defenses raised by co-defendants, to the extent consistent with Town of Trion's defenses, in its Answer and Affirmative Defenses to Plaintiff's Second Amended Individual and Class Action Complaint.

## SIXTH DEFENSE

The Town of Trion incorporates the preceding defenses as if specifically set out herein and as its Sixth Defense answers the individual paragraphs of Plaintiff's Second Amended Complaint as follows:

## STATEMENT OF THE CASE

### 1.

Paragraph 1 of Plaintiff's Second Amended Complaint is a summary of its case, to which no response is required. In the event an answer is deemed required, Town of Trion denies the allegations in Paragraph 1 of Plaintiff's Second Amended Complaint.   Town of Trion denies any culpability for any alleged contamination of Raccoon Creek.

### 2.

Paragraph 2 of Plaintiff's Second Amended Complaint is a summary of its case, to which no response is required. In the event an answer is deemed required, Town of Trion denies the allegations in Paragraph 2 of Plaintiff's Second Amended Complaint.  The Town of Trion denies any culpability for any alleged contamination of Raccoon Creek.

### 3.

The Town of Trion denies that the Plaintiff is a representative of any class that may be capable of maintaining an action such as this due to his bias in failing to include necessary Defendants due to his personal feelings and/or relationships. Plaintiff failed to sue all potentially culpable parties, namely two agricultural landowners who own property where sludge was allegedly applied within the

Raccoon Creek watershed.  All allegations within Paragraph 3 of the Plaintiff's Second Amended Complaint are denied.

4.

The prior objection and denial as to the Plaintiff's representative status is asserted as to Paragraph 4 of the Plaintiff's Second Amended Complaint.  Further, the Town of Trion denies the allegations contained in Paragraph 4 of the Plaintiff's Second Amended Complaint except for the fact that the City of Summerville uses Raccoon Creek as a primary water source, which is admitted.

5.

As to the allegations contained in Paragraph 5 of the Plaintiff's Second Amended Complaint, the Town of Trion lacks knowledge or information sufficient to form a belief about the truth of the allegations with the following exceptions: (1) chemicals used by Mount Vernon Mills could be discharged into the Wastewater Treatment Plant; (2) the Town of Trion was made aware that levels of PFAS did not meet standards by the EPA and EPD; and, (3) sludge from the Wastewater Treatment Plant has been applied to various agricultural sites with the proper permitting. Accordingly, the Town of Trion denies all remaining allegations.

6.

Paragraph 6 of Plaintiff's Compliant does not contain any allegations against

Town of Trion to which a response is necessary. In the event an answer is deemed required, Town of Trion denies the allegations contained in Paragraph 6 of Plaintiff's Second Amended Complaint.

7.

Town of Trion denies the allegations in Paragraph 7 of Plaintiff's Second Amended Complaint, to the extent they are plead against it.

**JURISDICTION AND VENUE**

8.

Paragraph 8 of Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed required, Town of Trion denies the allegations contained in Paragraph 8 of Plaintiff's Second Amended Complaint.

9.

Paragraph 9 of Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed required, Town of Trion denies the allegations contained in Paragraph 9 of Plaintiff's Second Amended Complaint.

10.

Town of Trion lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.  Answering further, Town of Trion admits that Exhibit A speaks for itself.

11.

The allegations contained in Paragraph 11 of the Plaintiff's Second Amended Complaint are admitted in that no prosecution of any civil or criminal action has taken place regarding the allegations made by the Plaintiff against the Town of Trion by the EPA or EPD.  As previously stated, the Town of Trion entered into a consent agreement with the EPA and EPD and stopped the use of agricultural application of sludge from the Wastewater Treatment Plant prior to the filing of this suit.  The Town of Trion maintains that said action renders this suit moot and a waste of taxpayer money.

12.

Town of Trion lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands

strict proof thereof.  Answering further, Town of Trion admits that Exhibit A speaks for itself.

13.

The allegations contained in Paragraph 13 of the Plaintiff's Second Amended Complaint are admitted in that no prosecution of any civil action or otherwise has taken place regarding the allegations made by the Plaintiff against the Town of Trion by the EPA or EPD.  As previously stated, the Town of Trion entered into a consent agreement with the EPA and EPD and stopped the use of agricultural application of sludge from the Wastewater Treatment Plant prior to the filing of this suit.  The Town of Trion maintains that said action renders this suit moot and a waste of taxpayer money.

14.

The allegations contained in Paragraph 14 of the Plaintiff's Second Amended Complaint are admitted in that no prosecution of any civil action or otherwise has taken place regarding the allegations made by the Plaintiff against the Town of Trion by the EPA or EPD.  As previously stated, the Town of Trion entered into a consent agreement with the EPA and EPD and stopped the use of agricultural application of sludge from the Wastewater Treatment Plant prior to the filing of this suit.  The Town of Trion maintains that said action renders this suit moot and a waste of

taxpayer money.

15.

Paragraph 15 of Plaintiff's Compliant does not contain any allegations against Town of Trion to which a response is necessary. In the event an answer is deemed required, Town of Trion denies the allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint.

16.

Paragraph 16 of Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed required, Town of Trion denies the allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint.

17.

Paragraph 17 of Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed required, Town of Trion denies the allegations contained in Paragraph 17 of Plaintiff's Second Amended Complaint.

18.

Paragraph 18 of Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed

required, Town of Trion denies the allegations contained in Paragraph 18 of Plaintiff's Second Amended Complaint.

19.

Paragraph 19 of Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required. In the event an answer is deemed required, Town of Trion denies the allegations contained in Paragraph 19 of Plaintiff's Second Amended Complaint.

20.

The allegations contained in Paragraph 20 of the Plaintiff's Second Amended Complaint are admitted insofar as venue is proper; however, the Town of Trion denies causing any harm to Plaintiff or any potential class members.

**PARTIES**

21.

As to the allegations contained in Paragraph 21 of the Plaintiff's Second Amended Complaint, upon information and belief, the Town of Trion admits that the Plaintiff is a resident of Chattooga County and the City of Summerville. Further, upon information and belief, the Town of Trion admits the Plaintiff is a customer of the City of Summerville Public Works and Utility Department. The remaining allegations of the paragraph are denied.

22.

Paragraph 22 of Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed required, Town of Trion denies the allegations contained in Paragraph 22 of Plaintiff's Second Amended Complaint.

23.

Paragraph 23 of Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed required, Town of Trion denies the allegations contained in Paragraph 23 of Plaintiff's Second Amended Complaint.

24.

Town of Trion lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

25.

The allegations contained in Paragraph 25 of the Plaintiff's Second Amended Complaint are admitted.

26.

Paragraph 26 of Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed required, Town of Trion denies the allegations contained in Paragraph 26 of Plaintiff's Second Amended Complaint.

27.

Paragraph 27 of Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed required, Town of Trion denies the allegations contained in Paragraph 27 of Plaintiff's Second Amended Complaint.

28.

As to the allegations contained in Paragraph 28 of the Plaintiff's Second Amended Complaint, the Town of Trion lacks knowledge or information sufficient to form a belief about the truth of the allegations.

29.

As to the allegations contained in Paragraph 29 of the Plaintiff's Second Amended Complaint, the Town of Trion lacks knowledge or information sufficient to form a belief about the truth of the allegations.

30.

As to the allegations contained in Paragraph 30 of the Plaintiff's Second Amended Complaint, the Town of Trion lacks knowledge or information sufficient to form a belief about the truth of the allegations.

31.

As to the allegations contained in Paragraph 31 of the Plaintiff's Second Amended Complaint, the Town of Trion lacks knowledge or information sufficient to form a belief about the truth of the allegations.

32.

As to the allegations contained in Paragraph 32 of the Plaintiff's Second Amended Complaint, the Town of Trion lacks knowledge or information sufficient to form a belief about the truth of the allegations.

33.

As to the allegations contained in Paragraph 33 of the Plaintiff's Second Amended Complaint, the Town of Trion lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## FACTUAL ALLEGATIONS

**Mount Vernon's Discharges of PFAS to Trion WPCP**

34.

The Town of Trion admits that Mount Vernon Mills discharges to its Wastewater Treatment Plant ("WWTP") and that approximately 94% of the wastewater treated is from operation of the mill.  As to the allegations contained in Paragraph 34 of the Plaintiff's Second Amended Complaint, the Town of Trion lacks knowledge or information sufficient to form a belief about the truth of the allegations.

35.

As to the allegations contained in Paragraph 35 of the Plaintiff's Second Amended Complaint, the Town of Trion lacks knowledge or information sufficient to form a belief about the truth of the allegations, and accordingly denies the same.

36.

The Town of Trion admits that Raccoon Creek is a tributary of the Chattooga River and is in the United States and State of Georgia.  The remaining allegations contained in Paragraph 36 of the Plaintiff's Second Amended Complaint are denied as stated.

37.

As to the allegations contained in Paragraph 37 of the Plaintiff's Second Amended Complaint, the allegations as to sludge being applied in various locations

including the Raccoon Creek watershed is admitted. All land application sites and amount of tons applied per acre were approved by the EPD.   The Town of Trion denies the remaining allegations contained in Paragraph 37.

38.

The Town of Trion admits that it operates the WWTP pursuant to NPDES Permit GA0025607 and that it administers a pretreatment program for industrial discharges.   Answering further, the permit speaks for itself and all allegations inconsistent therewith are denied.

**Persistence and Toxicity of PFAS**

39.

Paragraph 38 of Plaintiff's Second Amended Complaint calls for an expert opinion, as such no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

40.

Paragraph 40 of Plaintiff's Second Amended Complaint calls for an expert opinion, as such no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 40 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

41.

Paragraph 41 of Plaintiff's Second Amended Complaint calls for an expert opinion, as such no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

42.

Paragraph 42 of Plaintiff's Second Amended Complaint calls for an expert opinion, as such no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

43.

Paragraph 43 of Plaintiff's Second Amended Complaint calls for an expert opinion, as such no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of Plaintiff's Second Amended Complaint, and

therefore, neither admits nor denies the same, but demands strict proof thereof.

44.

Paragraph 44 of Plaintiff's Second Amended Complaint calls for an expert opinion, as such no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

45.

Paragraph 45 of Plaintiff's Second Amended Complaint calls for an expert opinion, as such no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

46.

Paragraph 46 of Plaintiff's Second Amended Complaint calls for an expert opinion, as such no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

47.

Paragraph 47 of Plaintiff's Second Amended Complaint calls for an expert opinion, as such no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

48.

Paragraph 48 of Plaintiff's Second Amended Complaint calls for an expert opinion, as such no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

49.

Paragraph 49 of Plaintiff's Second Amended Complaint calls for an expert opinion, as such no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

50.

Paragraph 50 of Plaintiff's Second Amended Complaint calls for an expert opinion, as such no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

51.

Paragraph 51 of Plaintiff's Second Amended Complaint calls for an expert opinion, as such no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

52.

Paragraph 52 of Plaintiff's Second Amended Complaint calls for an expert opinion, as such no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof. Answering further, any state guidelines concerning PFAS speak for themselves.

53.

Paragraph 53 of Plaintiff's Second Amended Complaint calls for an expert opinion, as such no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

54.

Paragraph 54 of Plaintiff's Second Amended Complaint calls for an expert opinion, as such no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

**Defendants' Knowledge of the Toxicity and Persistence of PFAS**

55.

The allegations contained in Paragraph 55 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

56.

The allegations contained in Paragraph 56 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

57.

The allegations contained in Paragraph 57 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

58.

The allegations contained in Paragraph 58 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

59.

The allegations contained in Paragraph 59 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the

allegation is denied.

60.

The allegations contained in Paragraph 60 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

61.

The allegations contained in Paragraph 61 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

62.

The allegations contained in Paragraph 62 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

63.

The allegations contained in Paragraph 63 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any

allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

64.

The allegations contained in Paragraph 64 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

65.

The allegations contained in Paragraph 65 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

66.

The allegations contained in Paragraph 66 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

67.

The allegations contained in Paragraph 67 of the Plaintiff's Second Amended

Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

68.

The allegations contained in Paragraph 68 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

69.

The allegations contained in Paragraph 69 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer as to this Defendant, the allegation is denied.

70.

The allegations contained in Paragraph 70 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

71.

The allegations contained in Paragraph 71 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

72.

The allegations contained in Paragraph 72 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

73.

The allegations contained in Paragraph 73 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

74.

The allegations contained in Paragraph 74 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the

allegation is denied.

75.

The allegations contained in Paragraph 75 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

76.

The allegations contained in Paragraph 76 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

77.

The allegations contained in Paragraph 77 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

78.

The allegations contained in Paragraph 78 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any

allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

79.

The allegations contained in Paragraph 79 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

80.

The allegations contained in Paragraph 80 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

81.

The allegations contained in Paragraph 81 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

82.

The allegations contained in Paragraph 82 of the Plaintiff's Second Amended

Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

83.

The allegations contained in Paragraph 83 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

84.

The allegations contained in Paragraph 84 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

85.

The allegations contained in Paragraph 85 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

**Contamination of Raccoon Creek and City of Summerville Water Supply with PFAS**

86.

The allegations contained in Paragraph 86 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

87.

The allegations contained in Paragraph 87 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

88.

The allegations contained in Paragraph 88 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

89.

The allegations contained in Paragraph 89 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the

allegation is denied.

90.

The allegations contained in the first two sentences of Paragraph 90 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.  The remaining allegations contained in Paragraph 78 of the Plaintiff's Second Amended Complaint are denied.

91.

The allegations contained in Paragraph 91 of the Plaintiff's Second Amended Complaint are admitted insofar as the City of Summerville primarily takes its drinking water from Raccoon Creek and that sludge from the Trion Wastewater Treatment Plant has been dispersed upon certain lands within the Raccoon Creek Watershed.  As to the samples from the City of Summerville's Raccoon Creek Treatment Plant, the Town of Trion lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, neither admits nor denies the same, but demands strict proof thereof.  Answering further, the Town of Trion denies that the water is or was contaminated.

92.

Town of Trion lacks knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 92 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.  Answering further, the Town of Trion denies that the water is "contaminated" with PFAS.

93.

Town of Trion lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.  Answering further, the Town of Trion denies that the water is "contaminated" with PFAS.

94.

The allegations contained in Paragraph 94 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, as to this Defendant, the allegation is denied.

95.

Town of Trion lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands

strict proof thereof.  Answering further, the Town of Trion denies that the water is "contaminated" with PFAS.

96.

Town of Trion lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

97.

Town of Trion lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiff's Second Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.

98.

As to the allegations contained in Paragraph 98 of the Plaintiff's Second Amended Complaint, the Town of Trion lacks knowledge or information sufficient to form a belief about the truth of the allegations.

99.

Town of Trion lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of Plaintiff's Second

Amended Complaint, and therefore, neither admits nor denies the same, but demands strict proof thereof.  Answering further, the Town of Trion denies that the sludge is "contaminated" with PFAS.

### 100.

The allegations contained in Paragraph 100 of the Plaintiff's Second Amended Complaint are denied.

### 101.

The allegations contained in Paragraph 101 of the Plaintiff's Second Amended Complaint are denied.

### 102.

The allegations contained in Paragraph 102 of the Plaintiff's Second Amended Complaint are denied.

## COUNT ONE:
## DEFENDANT TRION'S DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT NPDES PERMIT IN VIOLATION OF CLEAN WATER ACT

### 103.

Town of Trion incorporates its answers by reference to the common allegations of this Second Amended Complaint as if set forth fully herein.

### 104.

In response to Paragraph 104 of the Plaintiff's Second Amended Complaint,

the Town of Trion states that the Clean Water Act speaks for itself and all allegations inconsistent therewith are denied.

105.

Paragraph 105 of the Plaintiff's Second Amended Complaint states legal conclusions, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies all allegations inconsistent with the identified authorities.

106.

Paragraph 106 of the Plaintiff's Second Amended Complaint states legal conclusions, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies all allegations inconsistent with the identified authorities.

107.

Paragraph 107 of the Plaintiff's Second Amended Complaint states legal conclusions, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies all allegations inconsistent with the identified authorities.

108.

Paragraph 108 of the Plaintiff's Second Amended Complaint states legal

conclusions, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies all allegations inconsistent with the identified authorities.

109.

The allegations contained in Paragraph 109 of the Plaintiff's Second Amended Complaint are denied.

110.

The allegations contained in Paragraph 110 of the Plaintiff's Second Amended Complaint are denied.

111.

The allegations contained in Paragraph 111 of the Plaintiff's Second Amended Complaint are denied.

112.

The allegations contained in Paragraph 112 of the Plaintiff's Second Amended Complaint are denied.

113.

The allegations contained in Paragraph 113 of the Plaintiff's Second Amended Complaint are denied.

114.

The allegations contained in Paragraph 114 of the Plaintiff's Second Amended Complaint are denied.

115.

The allegations contained in Paragraph 115 of the Plaintiff's Second Amended Complaint are denied.

116.

The allegations contained in Paragraph 116 of the Plaintiff's Second Amended Complaint are denied.

**COUNT TWO: DEFENDANT TRION'S VIOLATIONS OF ITS NPDES PERMIT, THE GEORGIA WATER QUALITY CONTROL ACT, AND THE CLEAN WATER ACT**

117.

Town of Trion incorporates its answers by reference to the common allegations of this Second Amended Complaint as if set forth fully herein

118.

In response to the allegations contained in Paragraph 118 of the Plaintiff's Second Amended Complaint, the Town of Trion admits that it has an active permit for its WWTP; however, the Town of Trion denies that it is in violation of this permit.

119.

In response to the allegations contained in Paragraph 119 of the Plaintiff's Second Amended Complaint, the Town of Trion admits that it has an active NPDES permit for its WWTP.  The language of the NPDES permit speaks for itself and all allegations inconsistent therewith are denied.  Answering further, Town of Trion denies the remaining allegations of Paragraph 107.

120.

In response to the allegations contained in Paragraph 120 of the Plaintiff's Second Amended Complaint, the Town of Trion admits that it has an active NPDES permit for its WWTP.  The language of the NPDES permit speaks for itself and all allegations inconsistent therewith are denied.

121.

In response to the allegations contained in Paragraph 121 of the Plaintiff's Second Amended Complaint, the Town of Trion admits that it has an active NPDES permit for its WWTP.  The language of the NPDES permit speaks for itself and all allegations inconsistent therewith are denied.

122.

The allegations contained in Paragraph 122 of the Plaintiff's Second Amended Complaint are denied.

123.

Paragraph 123 of the Plaintiff's Second Amended Complaint states legal conclusions, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies all allegations inconsistent with the identified authorities.

124.

The allegations contained in Paragraph 124 of the Plaintiff's Second Amended Complaint are denied.

125.

The allegations contained in Paragraph 125 of the Plaintiff's Second Amended Complaint are denied.

126.

The allegations contained in Paragraph 126 of the Plaintiff's Second Amended Complaint are denied.

127.

The allegations contained in Paragraph 127 of the Plaintiff's Second Amended Complaint are denied.

## COUNT THREE: DEFENDANT MOUNT VERNON MILLS' VIOLATIONS OF FEDERAL PROHIBITIONS, SEWER USE RULES AND REGULATIONS, AND THE CLEAN WATER ACT

128.

Town of Trion incorporates its answers by reference to the common allegations of this Second Amended Complaint as if set forth fully herein.

129.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

130.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

131.

Town of Trion makes no answer to the allegations contained in Count Three

of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

132.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

133.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

134.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at

Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

135.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

136.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

137.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's

Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

138.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

139.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

140.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion

denies the same.

141.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

142.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

143.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

144.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

145.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

146.

Town of Trion makes no answer to the allegations contained in Count Three of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Three of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

**COUNT FOUR: RCRA IMMINENT AND SUBSTANTIAL
ENDANGERMENT CREATED BY DEFENDANTS MOUNT VERNON
AND TRION**

147.

Town of Trion incorporates its answers by reference to the common allegations of this Second Amended Complaint as if set forth fully herein.

148.

Paragraph 148 of the Plaintiff's Second Amended Complaint states legal conclusions, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies all allegations inconsistent with the identified authorities.

149.

Paragraph 149 of the Plaintiff's Second Amended Complaint states legal conclusions, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies all allegations inconsistent with the identified authorities.

150.

Paragraph 150 of the Plaintiff's Second Amended Complaint states legal conclusions, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies all allegations inconsistent with the identified

authorities.

151.

Paragraph 151 of the Plaintiff's Second Amended Complaint states legal conclusions, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies all allegations inconsistent with the identified authorities.

152.

Paragraph 152 of the Plaintiff's Second Amended Complaint states legal conclusions, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies all allegations inconsistent with the identified authorities.

153.

Paragraph 153 of the Plaintiff's Second Amended Complaint states legal conclusions, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies all allegations inconsistent with the identified authorities.

154.

The allegations contained in Paragraph 154 of the Plaintiff's Second Amended Complaint are denied.

155.

The allegations contained in Paragraph 155 of the Plaintiff's Second Amended Complaint are denied.

## CLASS ALLEGATIONS FOR STATE LAW CLAIMS

156.

Town of Trion incorporates its answers by reference to the common allegations of this Second Amended Complaint as if set forth fully herein.

157.

Paragraph 157 of the Plaintiff's Second Amended Complaint states legal conclusions, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies all allegations inconsistent with the identified authorities.

158.

As to the allegations contained in Paragraph 158 of the Plaintiff's Second Amended Complaint, the Town of Trion lacks knowledge or information sufficient to form a belief about the truth of the allegations, and accordingly denies the same.

159.

The allegations contained in Paragraph 159 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial;

however, as to any allegation contained therein requiring a specific answer, the allegation is denied.

**All water subscribers (ratepayers) with the City of Summerville, Georgia Public Works and Utilities Department.**

160.

The allegations contained in Paragraph 160 of the Plaintiff's Second Amended Complaint, inclusive of subparts (a) through (e), are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, the allegation is denied.

161.

The allegations contained in Paragraph 162 of the Plaintiff's Second Amended Complaint are statements requiring no direct admission or denial; however, as to any allegation contained therein requiring a specific answer, the allegation is denied.

## <u>Numerosity</u>

162.

Paragraph 162 of Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies the allegations contained in Paragraph 162 of Plaintiff's Second Amended Complaint.

163.

Paragraph 163 of the Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies the allegations contained in Paragraph 163 of Plaintiff's Second Amended Complaint.

## Typicality

164.

Paragraph 164 of the Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies the allegations contained in Paragraph 164 of Plaintiff's Second Amended Complaint.

## Adequate Representation

165.

Paragraph 165 of the Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies the allegations contained in Paragraph 165 of Plaintiff's Second Amended Complaint.

166.

As to the allegations contained in Paragraph 166 of the Plaintiff's Second

Amended Complaint, the Town of Trion lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## **Predominance of Common Questions of Law and Fact**

167.

Paragraph 167 of the Plaintiff's Second Amended Complaint, inclusive of subparts (a) through (m), states a legal conclusion, to which no response is required. In the event an answer is deemed required, the Town of Trion denies the allegations contained in Paragraph 167 of Plaintiff's Second Amended Complaint.

168.

Paragraph 168 of the Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies the allegations contained in Paragraph 168 of Plaintiff's Second Amended Complaint.

169.

Paragraph 169 of the Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies the allegations contained in Paragraph 169 of Plaintiff's Second Amended Complaint.

**Fed. R. Civ. P. 23(a) and 23(b)(2) Injunctive or Declaratory Relief**

170.

The allegations contained in Paragraph 170 of the Plaintiff's Second Amended Complaint are denied.

**Superiority**

171.

Paragraph 159 of the Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies the allegations contained in Paragraph 171 of Plaintiff's Second Amended Complaint.

172.

Paragraph 172 of the Plaintiff's Second Amended Complaint states a legal conclusion, to which no response is required.  In the event an answer is deemed required, the Town of Trion denies the allegations contained in Paragraph 172 of Plaintiff's Second Amended Complaint.

**COUNT FIVE:**
**NEGLIGENCE**
**(PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)**

173.

Town of Trion makes no answer to the allegations contained in Count Five of

Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Five of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

174.

Town of Trion makes no answer to the allegations contained in Count Five of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Five of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

`75.

Town of Trion makes no answer to the allegations contained in Count Five of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Five of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

176.

Town of Trion makes no answer to the allegations contained in Count Five of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town

of Trion. To the extent allegations contained in Count Five of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

177.

Town of Trion makes no answer to the allegations contained in Count Five of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Five of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

178.

Town of Trion makes no answer to the allegations contained in Count Five of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Five of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

179.

Town of Trion makes no answer to the allegations contained in Count Five of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Five of Plaintiff's Second

Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

180.

Town of Trion makes no answer to the allegations contained in Count Five of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Five of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

181.

Town of Trion makes no answer to the allegations contained in Count Five of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Five of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

**COUNT SIX:**
**NEGLIGENCE PER SE**
**(MOUNT VERNON MILLS)**

182.

Town of Trion makes no answer to the allegations contained in Count Six of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town

of Trion. To the extent allegations contained in Count Six of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

183.

Town of Trion makes no answer to the allegations contained in Count Six of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Six of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

184.

Town of Trion makes no answer to the allegations contained in Count Six of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Six of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

185.

Town of Trion makes no answer to the allegations contained in Count Six of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Six of Plaintiff's Second

Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

186.

Town of Trion makes no answer to the allegations contained in Count Six of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Six of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

187.

Town of Trion makes no answer to the allegations contained in Count Six of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Six of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

**COUNT SEVEN:**
**NEGLIGENT FAILURE TO WARN**
**(PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)**

188.

Town of Trion makes no answer to the allegations contained in Count Seven of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Seven of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

189.

Town of Trion makes no answer to the allegations contained in Count Seven of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Seven of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

190.

Town of Trion makes no answer to the allegations contained in Count Seven of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Seven of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion

denies the same.

191.

Town of Trion makes no answer to the allegations contained in Count Seven of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Seven of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

192.

Town of Trion makes no answer to the allegations contained in Count Seven of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Seven of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

193.

Town of Trion makes no answer to the allegations contained in Count Seven of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Seven of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

194.

Town of Trion makes no answer to the allegations contained in Count Seven of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Seven of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

195.

Town of Trion makes no answer to the allegations contained in Count Seven of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Seven of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

196.

Town of Trion makes no answer to the allegations contained in Count Seven of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Seven of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

197.

Town of Trion makes no answer to the allegations contained in Count Seven of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Seven of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

198.

Town of Trion makes no answer to the allegations contained in Count Seven of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Seven of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

**COUNT EIGHT:**
**WANTON CONDUCT AND PUNITIVE DAMAGES**
**(PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)**

199.

Town of Trion makes no answer to the allegations contained in Count Eight of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Eight of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion

denies the same.

200.

Town of Trion makes no answer to the allegations contained in Count Eight of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Eight of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

201.

Town of Trion makes no answer to the allegations contained in Count Eight of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Eight of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

202.

Town of Trion makes no answer to the allegations contained in Count Eight of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Eight of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

203.

Town of Trion makes no answer to the allegations contained in Count Eight of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Eight of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

204.

Town of Trion makes no answer to the allegations contained in Count Eight of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Eight of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

205.

Town of Trion makes no answer to the allegations contained in Count Eight of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Eight of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

206.

Town of Trion makes no answer to the allegations contained in Count Eight of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Eight of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

## COUNT NINE:
## PUBLIC NUISANCE/DAMAGES
## (ALL DEFENDANTS EXCEPT TRION)

207.

Town of Trion makes no answer to the allegations contained in Count Nine of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Nine of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

208.

Town of Trion makes no answer to the allegations contained in Count Nine of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Nine of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion

denies the same.

209.

Town of Trion makes no answer to the allegations contained in Count Nine of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Nine of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

210.

Town of Trion makes no answer to the allegations contained in Count Nine of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Nine of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

211.

Town of Trion makes no answer to the allegations contained in Count Nine of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Nine of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

212.

Town of Trion makes no answer to the allegations contained in Count Nine of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Nine of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

213.

Town of Trion makes no answer to the allegations contained in Count Nine of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Nine of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

214.

Town of Trion makes no answer to the allegations contained in Count Nine of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Nine of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

215.

Town of Trion makes no answer to the allegations contained in Count Nine of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Nine of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

216.

Town of Trion makes no answer to the allegations contained in Count Nine of Plaintiff's Second Amended Complaint, as said allegations are not directed at Town of Trion. To the extent allegations contained in Count Nine of Plaintiff's Second Amended Complaint can be construed against Town of Trion, Town of Trion denies the same.

**COUNT TEN:**
**ABATEMENT OF PUBLIC NUISANCE**
**(ALL DEFENDANTS)**

217.

Town of Trion incorporates its answers by reference to the common allegations of this Second Amended Complaint as if set forth fully herein.

218.

As to the allegations contained in Paragraph 218 of the Plaintiff's Second

Amended Complaint are denied.

219.

As to the allegations contained in Paragraph 219 of the Plaintiff's Second Amended Complaint are denied.

220.

As to the allegations contained in Paragraph 220 of the Plaintiff's Second Amended Complaint are denied.

221.

As to the allegations contained in Paragraph 221 of the Plaintiff's Second Amended Complaint are denied.

222.

As to the allegations contained in Paragraph 222 of the Plaintiff's Second Amended Complaint are denied.

**WHEREFORE**, Defendant, Town of Trion, Georgia, denies that Plaintiff is entitled to judgment in any amount, whatsoever against it, and prays that this Court Dismiss Plaintiff's Second Amended Complaint, with prejudice, and costs assessed against the Plaintiff.

JURY DEMAND

Defendant Town of Trion, Georgia respectfully demands a jury trial on all claims alleged against it.

Respectfully submitted, this 5th day of December 2022.

**GORDON REES SCULLY MANSUKHANI, LLP**

By:  */s/ Kimberly C. Sheridan*
Kimberly Sheridan
Georgia Bar No.  624547
55 Ivan Allen Junior Blvd., NW, Suite 750
Atlanta, Georgia  30308
Phone: (404) 978-7324
Fax: (678) 389-8475
Email: ksheridan@grsm.com

*Attorney for Defendant Town of Trion*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| EARL PARRIS, JR., individually, and | ) | |
| On behalf of a Class of persons similarly | ) | |
| Situated, | ) | |
| Plaintiff, | ) | |
| | ) | |
| CITY OF SUMMERVILLE, | ) | |
| GEORGIA, | ) | |
| | ) | |
| Intervenor-Plaintiff | ) | |
| | ) | Civil Action No.: |
| vs. | ) | 4:21-CV-00040-TWT |
| | ) | |
| 3M COMPANY, DAIKIN AMERICA, | ) | TRIAL BY JURY |
| INC., E.I. DU PONT DE NEMOURS | ) | |
| AND COMPANY, HUNTSMAN | ) | |
| INTERNATIONAL, LLC, PULCRA | ) | |
| CHEMICALS, LLC, MOUNT | ) | |
| VERNON MILLS, INC., | ) | |
| TOWN OF TRION, GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**
**AND COMPLIANCE WITH LOCAL RULE 5.1**

I hereby certify that I have this date electronically filed the within and foregoing Answer and Affirmative Defenses to Plaintiff's Second Amended Individual and Class Action Complaint and Defenses of Law with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record. Further, all pleadings were prepared using Times

New Roman 14-point font.

This 5th day of December 2022.

By:  */s/ Kimberly C. Sheridan*
Kimberly Sheridan
Georgia Bar No.  624547
55 Ivan Allen Junior Blvd., NW, Suite 750
Atlanta, Georgia  30308
Phone: (404) 978-7324
Fax: (678) 389-8475
Email: ksheridan@grsm.com

*Attorney for Defendant Town of Trion*