IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a Class of persons similarly situated, ) ) ) )| |
| *Plaintiff*, ) | Civil Action No. 4:21-cv-00040-TWT |
| ) | |
| vs ) ) | |
| 3M COMPANY, et al., ) ) | |
| *Defendants*. ) | |

## ANSWER OF DEFENDANT MOUNT VERNON MILLS, INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Mount Vernon Mills, Inc. ("Mount Vernon") hereby timely files

its Answer to the Second Amended Individual and Class Action Complaint ("Second

Amended Complaint") filed by Plaintiff Earl Parris, Jr. on November 21, 2022 [Dkt.

280].[1]

## AFFIRMATIVE DEFENSES

Mount Vernon states the following separate defenses without assuming the

---

[1] Mount Vernon reserves those arguments set forth in its Motion to Dismiss (Dkt. 87) and incorporates those arguments herein by reference, noting the Court's ruling as to that motion, but not intending to waive those arguments by the filing of this responsive pleading.

burden of proof that otherwise would rest with Plaintiff, and while reserving the right to assert additional defenses that may be available after further investigation:

## FIRST DEFENSE

The Second Amended Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred because Mount Vernon acted lawfully, in accordance with permits issued by the Town of Trion, and in good faith at all times.

## THIRD DEFENSE

Plaintiff's claims are barred because Mount Vernon complied with all applicable local, state, and federal laws and regulations.

## FOURTH DEFENSE

Plaintiff's Clean Water Act claim is barred because Plaintiff failed to meet the notice requirements of the Clean Water Act.

## FIFTH DEFENSE

Plaintiff's Clean Water Act claim is barred because Plaintiff cannot allege or establish an ongoing or intermittent violation of an applicable effluent standard or limitation.

## SIXTH DEFENSE

Plaintiff's Clean Water Act claim is barred because any local ordinances imposed by the Town of Trion were not promulgated in a manner that complies with federal and state procedures for notice.

## SEVENTH DEFENSE

Plaintiff's Clean Water Act claim is barred because any local ordinances, provisions of the Georgia Water Quality Control Act, or other putative standards relied upon by Plaintiff are unconstitutionally vague and fail to provide due process.

## EIGHTH DEFENSE

Plaintiff's Clean Water Act claim is barred because any local ordinances, provisions of the Georgia Water Quality Control Act, or other putative standards relied upon by Plaintiff fail to provide fair notice as required for due process of law.

## NINTH DEFENSE

Plaintiff's Clean Water Act claim is barred because Mount Vernon satisfied the requirements of 40 C.F.R. § 403.5(a)(2).

## TENTH DEFENSE

Plaintiff's Clean Water Act claim and any derivative state regulatory claim is barred by the permit shield doctrine.

## ELEVENTH DEFENSE

Plaintiff has no right of action to enforce the Georgia Water Quality Control Act.

## TWELFTH DEFENSE

O.C.G.A. § 12-5-29(a) is not a law, regulation, standard, or requirement applicable to Mount Vernon and is not incorporated into Mount Vernon's industrial user permit.

## THIRTEENTH DEFENSE

Plaintiff's RCRA claim is barred because Plaintiff failed to meet the notice requirements of RCRA.

## FOURTEENTH DEFENSE

Plaintiff's RCRA claim is barred by the doctrine of diligent prosecution.

## FIFTEENTH DEFENSE

Plaintiff's RCRA claim is barred for lack of fair notice and due process.

## SIXTEENTH DEFENSE

Mount Vernon is entitled, without limitation, to all defenses allowed for by the Clean Water Act, the local ordinances, the Georgia Water Quality Control Act, or RCRA.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred as improper collateral attacks on properly issued permits.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by applicable statutes of limitation or statutes of repose.

## NINETEENTH DEFENSE

Mount Vernon denies that Plaintiff has been harmed to the extent alleged in the Second Amended Complaint.

## TWENTIETH DEFENSE

If Plaintiff has suffered any injuries or damages as alleged, which is specifically denied by Mount Vernon, then those injuries or damages were caused by independent actions and/or omissions of third parties over whom Mount Vernon had no control or influence and for whom Mount Vernon is not liable.

## TWENTY-FIRST DEFENSE

If Plaintiff has suffered any injuries or damages as alleged, which is specifically denied by Mount Vernon, then those damages were not proximately caused by Mount Vernon.

## TWENTY-SECOND DEFENSE

If Plaintiff has sustained any damages as alleged, which is specifically denied by Mount Vernon, the damages are subject to apportionment and Mount Vernon is not jointly and severally liable to Plaintiff.

## TWENTY-THIRD DEFENSE

If Plaintiff has sustained any damages as alleged, which is specifically denied by Mount Vernon, any alleged interference with Plaintiff's property was de minimis and therefore is not compensable or actionable.  Plaintiff is not entitled to any relief or recovery from Mount Vernon.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because the utility of the conduct of which Plaintiff complains outweighs any alleged harm to the Plaintiff.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because Mount Vernon's conduct was in accordance with the applicable standards of care under all laws, regulations, industry practice, and state-of-the-art knowledge, and the activities of Mount Vernon were reasonable as a matter of law.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that they seek to

impose liability based on a retroactive application of laws, regulations, standards, or guidelines.

<h3 style="text-align:center">TWENTY-SEVENTH DEFENSE</h3>

Plaintiff's claims are preempted in whole or in part by state and/or federal statutes, rules, and regulations, including but not limited to, the Clean Water Act and RCRA.

<h3 style="text-align:center">TWENTY-EIGHTH DEFENSE</h3>

Plaintiff lacks standing to bring this action or one or more of the claims asserted against Mount Vernon.

<h3 style="text-align:center">TWENTY-NINTH DEFENSE</h3>

Plaintiff's claims are barred in whole or in part because Mount Vernon did not owe or breach a legal duty to Plaintiff as alleged in the Second Amended Complaint.

<h3 style="text-align:center">THIRTIETH DEFENSE</h3>

Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

<h3 style="text-align:center">THIRTY-FIRST DEFENSE</h3>

Plaintiff's claims are barred in whole or in part by waiver, estoppel, laches, and/or unclean hands.

## THIRTY-SECOND DEFENSE

Plaintiff's claims are barred by collateral estoppel, res judicata, judicial estoppel, and/or pending prior actions.

## THIRTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the Economic Loss Rule.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the Public Service Doctrine.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part due to the failure to plead special damages with particularity pursuant to Fed.R.Civ.P. 9(g).

## THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part by the assumption of risk.

## THIRTY-SEVENTH DEFENSE

To the extent that Plaintiff proves the existence of any alleged nuisance, Plaintiff's claims are barred or limited in whole or in part under the doctrines of "coming to the nuisance," the prior nuisance doctrine, and/or the doctrine of consent.

## THIRTY-EIGHTH DEFENSE

Plaintiff failed to join one or more necessary or indispensable parties in this litigation.

**THIRTY-NINTH DEFENSE**

Plaintiff's claims are barred in whole or in part because he has not suffered any special harm.

**FORTIETH DEFENSE**

Plaintiff's claims are barred in whole or in part because his injuries were not foreseeable.

**FORTY-FIRST DEFENSE**

Plaintiff's claims are barred in whole or in part by his failure to properly mitigate damages.

**FORTY-SECOND DEFENSE**

Plaintiff's claims were caused in whole or in part by Plaintiff's contributory or comparative negligence.

**FORTY-THIRD DEFENSE**

Plaintiff's request for damages is too speculative or remote.

**FORTY-FOURTH DEFENSE**

Plaintiff is not entitled to injunctive or equitable relief because he has an adequate remedy at law.

**FORTY-FIFTH DEFENSE**

Plaintiff is not entitled to injunctive relief because issuing an injunction will

not serve the public interest and Plaintiff cannot show an irreparable injury if an injunction does not issue, a likelihood of success on the merits, or a lack of an adequate remedy at law.

## FORTY-SIXTH DEFENSE

Some or all of the damages alleged in the Second Amended Complaint constitute impermissible double recovery.

## FORTY-SEVENTH DEFENSE

Mount Vernon asserts all rights of set-off from any amount Plaintiff may receive in settlement or judgment from any other entity.

## FORTY-EIGHTH DEFENSE

Mount Vernon asserts all rights of set-off from any collateral source payments paid or payable to Plaintiff.

## FORTY-NINTH DEFENSE

Plaintiff's request for attorney's fees is barred because Mount Vernon has not acted in such a way to give rise to any claim for attorney's fees and expenses of litigation.

## FIFTIETH DEFENSE

Plaintiff's proposed class fails to meet the requirements for class certification as required by Federal Rule of Civil Procedure 23, including numerosity,

commonality, typicality, and adequacy.

## FIFTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because they cannot be tried without violating Mount Vernon's Due Process rights under the Georgia or United States Constitutions and the Seventh Amendment to the United States Constitution.

## FIFTY-SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the voluntary payment doctrine.

## FIFTY-THIRD DEFENSE

Plaintiff's amendment is barred in whole or in part by its improper joinder of E.I. du Pont De Nemours and Company and The Chemours Company without invoking the discretion of, or obtaining leave from, the Court prior to purportedly adding a party.

## FIFTY-FOURTH DEFENSE

Mount Vernon adopts and incorporates herein by reference any applicable affirmative defense asserted by any other Defendant in this action.

## FIFTY-FIFTH DEFENSE

Mount Vernon preserves and incorporates herein by reference all defenses asserted in its pre-answer motion to dismiss pursuant to Fed. R. Civ. P. 12.

## STATEMENT OF THE CASE

Without waiver of the foregoing affirmative defenses, which are expressly incorporated to the subsequent responses by reference, Mount Vernon responds to the enumerated paragraphs of the Second Amended Complaint as follows:

**1.**

In response to the allegations in the first sentence of Paragraph 1 of the Second Amended Complaint, Mount Vernon admits only that Plaintiff has filed a putative class action, but Mount Vernon denies that Plaintiff has shown any entitlement to class certification or class relief and further denies any wrongdoing, denies that Plaintiff is entitled to the relief sought, and denies that it has violated the Clean Water Act or any environmental statute or regulation.  Mount Vernon denies the remaining allegations in Paragraph 1 of the Second Amended Complaint.

**2.**

Mount Vernon admits only that Plaintiff has filed an individual action, but Mount Vernon denies any wrongdoing, denies that Plaintiff is entitled to the relief sought, and denies that it has violated the Resource Conservation and Recovery Act or any environmental statute or regulation. The remaining allegations in this Paragraph 2 refer to legal authority or legal conclusions that speak for themselves as to content and legal effect, and Mount Vernon denies any allegations inconsistent

therewith.

**3.**

In response to the allegations in the first sentence of Paragraph 3 of the Second Amended Complaint, Mount Vernon admits only that Plaintiff has filed a putative class action, but Mount Vernon denies that Plaintiff has shown any entitlement to class certification or class relief and further denies any wrongdoing or that Plaintiff is entitled to the relief sought.  Mount Vernon denies the remaining allegations in Paragraph 3 of the Second Amended Complaint.  Except as specifically set forth herein, Mount Vernon denies the allegations in Paragraph 3 of the Second Amended Complaint.

**4.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 4 of the Second Amended Complaint, and accordingly denies these allegations. Mount Vernon denies the allegations in the third sentence of Paragraph 4 of the Second Amended Complaint.

**5.**

With regard to the allegations in the first sentence of Paragraph 5 of the Second Amended Complaint, Mount Vernon admits that it operates a textile mill

near Trion, Georgia, and that at various points in time it has used products sold by Defendants 3M Company ("3M"), Daikin America, Inc. ("Daikin"), Huntsman International, LLC ("Huntsman"), Pulcra Chemicals, LLC ("Pulcra"), and that it may have used formulations originating from E.I. du Pont de Nemours and Company ("Dupont"), and The Chemours Company ("Chemours"),[2] provided however use of those formulations may have preceded the applicable statute of limitations (collectively "Manufacturing Defendants"). In response to the second sentence, Mount Vernon admits only that it has discharged wastewater to the Trion WPCP in accordance with its permits and applicable law. In response to the third sentence of Paragraph 5 of the Second Amended Complaint, Mount Vernon denies the allegation as Plaintiff fails to specify what particular type of PFAS it contends was discharged; Mount Vernon is without knowledge or information sufficient to form a belief as to the extent to which the Trion WPCP treatment process is capable of destroying or degrading any of the innumerable compounds that Plaintiff might characterize as PFAS and therefore denies such allegations. In response to the allegations in the fourth sentence, Mount Vernon admits that Trion WPCP dewaters its sludge, and

---

[2] Plaintiff did not seek leave of Court before joining Dupont and Chemours as defendants in this action. As such, this joinder is improper under Federal Rule of Civil Procedure 21 and this Court's Scheduling Order [Dkt. 187].

has at time provided its sludge for land application.  Mount Vernon is without knowledge or information sufficient to form a belief as to the remaining allegations in sentence four and accordingly denies those allegations.  Except as specifically set forth herein, Mount Vernon denies the allegations in Paragraph 5 of the Second Amended Complaint.

**6.**

Mount Vernon admits that it has used various formulation of products supplied by the Manufacturing Defendants but denies the remaining allegations of Paragraph 6 of the Complaint where Plaintiff fails to specify the type of PFAS it contends was supplied or discharged.

**7.**

Mount Vernon denies the allegations in the first sentence of Paragraph 7 of the Second Amended Complaint. In response to the allegations in the second and third sentences of Paragraph 7 of the Second Amended Complaint, Mount Vernon admits only that Plaintiff seeks relief as described in those sentences, but Mount Vernon denies any wrongdoing and denies that Plaintiff is entitled to the relief sought.

## JURISDICTION AND VENUE

### 8.

Without waiver of the arguments set forth in its pre-answer motion to dismiss, Mount Vernon admits the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and denies the remaining allegations in Paragraph 8 of the Second Amended Complaint.

### 9.

Without waiver of the arguments set forth in its pre-answer motion to dismiss, Mount Vernon admits the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and denies the remaining allegations in Paragraph 9 of the Second Amended Complaint.

### 10.

Mount Vernon denies the allegations in the first sentence of Paragraph 10 of the Second Amended Complaint. In response to the allegations in the second sentence of Paragraph 10 of the Second Amended Complaint, Mount Vernon is without knowledge or belief as to whether Plaintiff mailed notices of intent to file suit under the CWA to Defendants Trion, Jarrett, the Administrator of the U.S. Environmental Protection Agency ("EPA"), the Regional Administrator of the EPA, the Georgia Department of Natural Resources' Environmental Protection Division ("EPD"), and the United States Attorney General but admits that it received a letter

dated November 20, 2020, and Mount Vernon admits that a copy of that letter is attached to the Second Amended Complaint as Exhibit A.  Mount Vernon denies the allegations in the third sentence of Paragraph 10 of the Second Amended Complaint. In response to the fourth sentence of Paragraph 10 of the Second Amended Complaint, Mount Vernon admits that more than 60 days passed between the date of the letter sent to Mount Vernon (November 20, 2020) and the date on which Mount Vernon was first served with Plaintiff's original Complaint.  Except as specifically set forth herein, Mount Vernon denies the allegations in Paragraph 10 of the Second Amended Complaint.

## 11.

In response to the allegations in the first and second sentences of Paragraph 11 of the Second Amended Complaint, and without waiver of its pre-answer motion to dismiss, Mount Vernon admits only that neither EPA nor EPD has commenced a civil or criminal action or an administrative penalty action under the Clean Water Act against Mount Vernon, but Mount Vernon denies any wrongdoing that would necessitate such a proceeding and denies that it has violated the Clean Water Act or any other environmental statute or regulation.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 11 of the Second Amended Complaint as they

pertain to other Defendants, and accordingly denies the allegations. The allegations in the third sentence of Paragraph 11 of the Second Amended Complaint refer to legal authority that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

**12.**

Mount Vernon denies the allegations in the first sentence of Paragraph 12 of the Second Amended Complaint. In response to the allegations in the second sentence of Paragraph 12 of the Second Amended Complaint, Mount Vernon is without knowledge or belief as to whether Plaintiff mailed notices of intent to file suit under the CWA to Defendants Trion, Jarrett, the Administrator of the U.S. Environmental Protection Agency ("EPA"), the Regional Administrator of the EPA, the Georgia Department of Natural Resources' Environmental Protection Division ("EPD"), and the United States Attorney General but admits that it received a letter dated November 20, 2020, and Mount Vernon admits that a copy of that letter is attached to the Second Amended Complaint as Exhibit A. In response to the fourth sentence of Paragraph 11 of the Second Amended Complaint, Mount Vernon admits that more than 60 days passed between the date of the letter sent to Mount Vernon (November 20, 2020) and the date on which Mount Vernon was first served with Plaintiff's original Complaint. Except as specifically set forth herein, Mount Vernon

denies the allegations in Paragraph 12 of the Second Amended Complaint.

**13.**

In response to the allegations in Paragraph 13 of the Second Amended Complaint, and without waiver of its pre-answer motion to dismiss, Mount Vernon admits only that EPA has not commenced a civil or removal action, initiated a Remedial Investigation and Feasibility Study, nor issued an administrative order or commenced a remedial action under the RCRA against Mount Vernon, but Mount Vernon denies any wrongdoing that would necessitate such a proceeding and denies that it has violated the RCRA.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 13 of the Second Amended Complaint as they pertain to other Defendants, and accordingly denies the allegations.

**14.**

In response to the allegations in Paragraph 14 of the Second Amended Complaint, and without waiver of its pre-answer motion to dismiss, Mount Vernon admits only that EPA has not commenced a civil or removal action, initiated a Remedial Investigation and Feasibility Study, nor issued an administrative order or commenced a remedial action under the RCRA against Mount Vernon, but Mount Vernon denies any wrongdoing that would necessitate such a proceeding and denies

that it has violated the RCRA.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 14 of the Second Amended Complaint as they pertain to other Defendants, and accordingly denies the allegations.

**15.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Second Amended Complaint, and accordingly denies the allegations.

**16.**

In response to the allegations in Paragraph 16 of the Second Amended Complaint, and without waiver of its pre-answer motion to dismiss, Mount Vernon admits only that venue is appropriate in the Northern District of Georgia, but Mount Vernon denies any wrongdoing, denies that it has violated the Clean Water Act, and denies that venue may remain appropriate should federal claims in this action be dismissed.   Except as specifically set forth herein, Mount Vernon denies the allegations in Paragraph 16 of the Second Amended Complaint.

**17.**

In response to the allegations in Paragraph 17 of the Second Amended Complaint, and without waiver of its pre-answer motion to dismiss, Mount Vernon

admits only that venue is appropriate in the Northern District of Georgia, but Mount Vernon denies any wrongdoing, denies that it has violated RCRA, and denies that venue may remain appropriate should federal claims in this action be dismissed. Except as specifically set forth herein, Mount Vernon denies the allegations in Paragraph 17 of the Second Amended Complaint.

**18.**

In response to the allegations in Paragraph 18 of the Second Amended Complaint, and without waiver of its pre-answer motion to dismiss, Mount Vernon admits only that this Court has jurisdiction over the state law claims in this action at the present time, but Mount Vernon denies any wrongdoing, denies the jurisdictional amount, and denies that a class should be certified in this action or that the case should remain in this Court if the federal claims are resolved adversely to Plaintiff. Except as specifically set forth herein, Mount Vernon denies the allegations in Paragraph 18 of the Second Amended Complaint.

**19.**

In response to the allegations in Paragraph 19 of the Second Amended Complaint, and without waiver of its pre-answer motion to dismiss, Mount Vernon admits only that this Court has jurisdiction over the state law claims in this action at the present time, but Mount Vernon denies any wrongdoing and denies that the case

should remain in this Court if the federal claims are resolved adversely to Plaintiff. Except as specifically set forth herein, Mount Vernon denies the allegations in Paragraph 19 of the Second Amended Complaint.

**20.**

In response to the allegations in Paragraph 20 of the Second Amended Complaint, and without waiver of its pre-answer motion to dismiss, Mount Vernon admits only that venue is appropriate in the Northern District of Georgia, but Mount Vernon denies any wrongdoing or harms and denies that a class should be certified in this action. Mount Vernon is without knowledge or information sufficient to form a belief as to the business conducted by other defendants, other than the Town of Trion, Georgia, and consequently denies allegations as to those defendants. Except as specifically set forth herein, Mount Vernon denies the allegations in Paragraph 20 of the Second Amended Complaint.

**<u>PARTIES</u>**

**21.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 21 of the Second Amended Complaint, and accordingly denies the allegations. Except as specifically set forth herein, Mount Vernon denies the allegations in Paragraph 21

of the Second Amended Complaint.

## 22.

Paragraph 22 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 23.

Paragraph 23 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 24.

Mount Vernon admits that it is a foreign corporation with its headquarters in South Carolina which owns and operates a textile mill in Trion, Georgia. Mount Vernon further admits that it has discharged wastewater to the Trion WPCP.  To the extent that Plaintiff alleges in this sentence that all such chemicals used by Mount Vernon have been or are discharged to the Trion WPCP, Mount Vernon denies the allegation.  Mount Vernon further states that Plaintiff's allegations are non-specific as to any type of PFAS, and, consequently, Mount Vernon is without knowledge or belief as to the specific type of PFAS that Plaintiff contends was discharged.  Except as specifically set forth herein, Mount Vernon denies the allegations in Paragraph 24

of the Second Amended Complaint.

**25.**

On information and belief, Mount Vernon admits the Town of Trion is a municipal corporation organized under the laws of the State of Georgia which owns and operates the Trion WPCP. Except as specifically set forth herein, Mount Vernon denies the allegations in Paragraph 25 of the Second Amended Complaint.

**26.**

Paragraph 26 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**27.**

Paragraph 27 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**28.**

In response to the allegations of Paragraph 28 of the Second Amended Complaint, Mount Vernon admits only that, at times, it has used in its manufacturing process certain products produced by 3M. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Second Amended Complaint, and accordingly denies those

allegations.

**29.**

In response to the allegations of Paragraph 29 of the Second Amended Complaint, Mount Vernon admits only that, at times, it has used in its manufacturing process certain products from Daikin. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Second Amended Complaint, and accordingly denies those allegations.

**30.**

In response to the allegations of Paragraph 30 of the Second Amended Complaint, Mount Vernon admits only that, at times, it has used in its manufacturing process certain products from Huntsman and its predecessor Ciba, Inc., provide however any use of Ciba products preceded the applicable statute of limitations. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Second Amended Complaint, and accordingly denies those allegations.

**31.**

In response to the allegations of Paragraph 31 of the Second Amended Complaint, Mount Vernon admits only that, at times, it has used in its manufacturing

process certain products from Huntsman. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Second Amended Complaint, and accordingly denies those allegations.

## 32.

In response to the allegations of Paragraph 32 of the Second Amended Complaint, Mount Vernon admits only that, at times, it has used in its manufacturing process certain products which formulations may have originated from DuPont provided however that such use may have preceded the applicable statute of limitations. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the Second Amended Complaint, and accordingly denies those allegations.

## 33.

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Second Amended Complaint, and accordingly denies those allegations.

## FACTUAL ALLEGATIONS

## 34.

Mount Vernon admits the allegations in the first sentence of Paragraph 34 of the Second Amended Complaint.  In response to the allegations in the second

sentence, Mount Vernon admits only that, at times, it has used in its manufacturing process certain products from the Manufacturing Defendants.  In response to the allegations in the third sentence, Mount Vernon admits only that it has discharged wastewater to the Trion WPCP.  To the extent that Plaintiff alleges in this sentence that all manufacturing chemicals used by Mount Vernon have been or are discharged to the Trion WPCP, Mount Vernon denies the allegation.  In response to the allegations in the fourth sentence, Mount Vernon admits only that, based on descriptions in documents created by the Town, the wastewater from Mount Vernon has, at some point, constituted 94% of the wastewater received by the Trion WPCP.  Mount Vernon is without knowledge as to the accuracy of the descriptions in these documents or as to the percentage of wastewater attributable to Mount Vernon over all periods of time and denies any allegation inconsistent with actual proof of use at specific times.

**35.**

Mount Vernon denies the allegations in the first sentence to Paragraph 35 of the Second Amended Complaint.  In response to the allegations in the second sentence, Mount Vernon admits only that an August 4, 2020 sample of the Trion WPCP's influent shows a result of 31.6 parts per trillion for PFOA and 135 parts per trillion for PFOS.  Mount Vernon denies that these results constitute a sample "of

Mount Vernon's discharge" or that they show "elevated levels of numerous PFAS." Mount Vernon denies the allegations in the third sentence to the extent that they attempt to characterize Mount Vernon's discharge and to the extent that they describe results as "similar" to the August 4, 2020 results. Mount Vernon denies the allegations in the fourth sentence.

**36.**

In response to the allegations in the first sentence of Paragraph 36 of the Second Amended Complaint, Mount Vernon admits only that part of the treatment process employed by the Trion WPCP can be described as an activated sludge biological treatment process. Mount Vernon is without knowledge or information sufficient to form a belief as to the extent to which the Trion WPCP treatment process is capable of destroying or degrading any of the innumerable compounds that Plaintiff might characterize as PFAS and therefore denies such allegations. In response to the allegations in the second sentence, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations. In response to the allegations in the third sentence, Mount Vernon admits only that the Trion WPCP dewaters its sludge and has, at some times in the past, provided its sludge for land application. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore

denies, the remaining allegations in the third sentence.  The fourth sentence refers to federal and state statutes and federal and state authorities that speak for themselves as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

**37.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 37 of the Second Amended Complaint.

**38.**

Mount Vernon admits the allegations in the first and second sentence of Paragraph 38 of the Second Amended Complaint.  In response to the third sentence, Mount Vernon admits that the Town of Trion administers a pretreatment program for industrial dischargers, including Mount Vernon.  The remaining allegations in the third sentence refer to federal and state statutes and federal and state authorities that speak for themselves as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

**39.**

Upon information and belief, Mount Vernon admits the allegations in the first sentence of Paragraph 39 of the Second Amended Complaint.  Because Plaintiff fails

to identify specific PFAS compounds, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in second and third sentences.

## 40.

Because Plaintiff fails to identify specific PFAS compounds, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 40 of the Second Amended Complaint.

## 41.

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in the first sentence of Paragraph 41 of the Second Amended Complaint. Mount Vernon denies the allegations of the second sentence of Paragraph 41 of the Second Amended Complaint.

## 42.

Because Plaintiff cites no peer-reviewed human studies using specific PFAS compounds in support of his allegations, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 42 of the Second Amended Complaint.

## 43.

Because Plaintiff cites no peer-reviewed human studies using specific PFAS

compounds in support of his allegations, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 43 of the Second Amended Complaint.

**44.**

Because Plaintiff cites no peer-reviewed human studies using specific PFAS compounds in support of his allegations, and no relevant C8 exposures here, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 44 of the Second Amended Complaint.

**45.**

Because Plaintiff cites no peer-reviewed human studies using specific PFAS compounds in support of his allegations, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 45 of the Second Amended Complaint.

**46.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 46 of the Second Amended Complaint.

**47.**

Paragraph 47 of the Second Amended Complaint refers to written documents

that speak for themselves as to content, and Mount Vernon denies any allegations inconsistent therewith.

### 48.

Paragraph 48 of the Second Amended Complaint refers to written documents that speak for themselves as to content, and Mount Vernon denies any allegations inconsistent therewith.

### 49.

Paragraph 49 of the Second Amended Complaint refers to written documents that speak for themselves as to content, and Mount Vernon denies any allegations inconsistent therewith.

### 50.

Paragraph 50 of the Second Amended Complaint refers to a written document that speak for itself as to content, and Mount Vernon denies any allegations inconsistent therewith.

### 51.

Paragraph 51 of the Second Amended Complaint refers to a written document that speak for itself as to content, and Mount Vernon denies any allegations inconsistent therewith.

### 52.

In response to the allegations in the Paragraph 52 of the Second Amended

Complaint, the state guidelines refer to written documents that speak for themselves as to content, and Mount Vernon denies any allegations inconsistent therewith. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations.

**53.**

Because Plaintiff cites no peer-reviewed human studies using specific PFAS compounds in support of his allegations, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 53 of the Second Amended Complaint.

**54.**

Paragraph 54 of the Second Amended Complaint refers to federal statutes and federal authorities that speak for themselves as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.  Answering further, Plaintiff fails to allege that any of the specific compounds listed are involved.

**55.**

Mount Vernon denies the allegations of Paragraph 55 of the Second Amended Complaint to the extent they suggest improper disposal or discharge of materials by Mount Vernon.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations.

**56.**

In response to the allegations in Paragraph 56 of the Second Amended Complaint, Mount Vernon admits only that, at times, it has utilized products produced by 3M. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations.

**57.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 57 of the Second Amended Complaint. To the extent Paragraph 57 refers to a written document, that document speaks for itself as to content, and Mount Vernon denies any allegations inconsistent therewith.

**58.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 58 of the Second Amended Complaint. To the extent Paragraph 58 refers to a written document, that document speaks for itself as to content, and Mount Vernon denies any allegations inconsistent therewith.

**59.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 59 of the Second

Amended Complaint.  To the extent Paragraph 59 refers to a written document, that document speaks for itself as to content, and Mount Vernon denies any allegations inconsistent therewith.

**60.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 60 of the Second Amended Complaint.  To the extent Paragraph 60 refers to a written document, that document speaks for itself as to content, and Mount Vernon denies any allegations inconsistent therewith.

**61.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 61 of the Second Amended Complaint.  To the extent Paragraph 61 refers to a written document, that document speaks for itself as to content, and Mount Vernon denies any allegations inconsistent therewith.

**62.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 62 of the Second Amended Complaint.

**63.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 63 of the Second Amended Complaint.

**64.**

In response to the allegations in Paragraph 64 of the Second Amended Complaint, Mount Vernon admits only that it has received products from Huntsman. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 64 as they pertain to other Defendants or non-parties.

**65.**

In response to the allegations in Paragraph 65 of the Second Amended Complaint, Mount Vernon admits only that it has received formulations which may have originated from or been owned by DuPont provided however they may have preceded the applicable statute of limitations. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 65 as they pertain to other Defendants or non-parties.

**66.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 66 of the Second

Amended Complaint.

## 67.

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 67 of the Second Amended Complaint.

## 68.

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 68 of the Second Amended Complaint.

## 69.

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 69 of the Second Amended Complaint.

## 70.

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 70 of the Second Amended Complaint.

## 71.

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 71 of the Second

Amended Complaint.

**72.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 72 of the Second Amended Complaint.

**73.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 73 of the Second Amended Complaint.

**74.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 74 of the Second Amended Complaint.

**75.**

In response to Paragraph 75 of the Second Amended Complaint, Mount Vernon admits only that it has received formulations from DuPont provided that such formulations may have pre-dated the applicable statute of limitations. Mount Vernon has in the past received technical bulletins from DuPont. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations in Paragraph 75 of the Second Amended

Complaint.

**76.**

In response to Paragraph 76 of the Second Amended Complaint, Mount Vernon admits only that it has received products from Huntsman, both before and after 2015, provided however that Zonyl has not been received since 2011. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations in Paragraph 76 of the Second Amended Complaint.

**77.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 77 of the Second Amended Complaint.

**78.**

In response to Paragraph 78 of the Second Amended Complaint, Mount Vernon admits only that it has received products from Huntsman. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations in Paragraph 78 of the Second Amended Complaint.

**79.**

In response to Paragraph 79 of the Second Amended Complaint, Mount Vernon admits only that it has received products from Huntsman, including Zonyl-branded products until 2011. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations in Paragraph 79 of the Second Amended Complaint.

**80.**

In response to the allegations in Paragraph 80 of the Second Amended Complaint, Mount Vernon admits only that it has received products from Pulcra since at least 2007. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 80 as they pertain to other Defendants.

**81.**

In response to the allegations of Paragraph 81 of the Second Amended Complaint, Mount Vernon admits only that, at times, it has received certain products from the Manufacturing Defendants with six or fewer carbon atoms. Mount Vernon denies the allegations in Paragraph 81 as they pertain to Mount Vernon's awareness of the toxicological, environmental, or other properties of any materials Plaintiff might characterize as PFAS. Mount Vernon is without knowledge or information

sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 81 as they pertain to other Defendants.

## 82.

Mount Vernon denies the allegations in Paragraph 82 as they pertain to Mount Vernon.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 82 as they pertain to other Defendants.

## 83.

Mount Vernon denies the allegations in Paragraph 83 as they pertain to Mount Vernon.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 83 as they pertain to other Defendants.

## 84.

Mount Vernon denies the allegations in Paragraph 84 as they pertain to Mount Vernon.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 84 as they pertain to other Defendants.

## 85.

Paragraph 85 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said

paragraph is denied.

**86.**

Paragraph 86 of the Second Amended Complaint refers to written documents that speak for themselves as to content, and Mount Vernon denies any allegations inconsistent therewith.

**87.**

Paragraph 87 of the Second Amended Complaint refers to written documents that speak for themselves as to content, and Mount Vernon denies any allegations inconsistent therewith.

**88.**

Paragraph 88 of the Second Amended Complaint refers to written documents that speak for themselves as to content, and Mount Vernon denies any allegations inconsistent therewith.

**89.**

Paragraph 89 of the Second Amended Complaint refers to written documents that speak for themselves as to content, and Mount Vernon denies any allegations inconsistent therewith.

**90.**

The allegations in the first and second sentences of Paragraph 90 of the Second Amended Complaint refer to written documents that speak for themselves

as to content, and Mount Vernon denies any allegations inconsistent therewith. Mount Vernon denies the allegations in the third sentence of Paragraph 90 as they pertain to Mount Vernon.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in in the third sentence of Paragraph 90 as they pertain to other Defendants.

**91.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in the first sentence of Paragraph 91 of the Second Amended Complaint.  Mount Vernon denies the allegations in the second sentence of Paragraph 91 as they pertain to Mount Vernon. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in the second sentence of Paragraph 91 as they pertain to other Defendants.  The allegations in the third sentence of Paragraph 91 refer to written documents that speak for themselves as to content, and Mount Vernon denies any allegations inconsistent therewith. Further, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in the third and fourth sentences of Paragraph 91.

**92.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 92.

**93.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 93.

**94.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 94.

**95.**

The allegations in the first and second sentences of Paragraph 95 of the Second Amended Complaint refer to written documents that speak for themselves as to content, and Mount Vernon denies any allegations inconsistent therewith. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in the third sentence of Paragraph 95. Mount Vernon denies the allegations in the fourth sentence of Paragraph 95 of the Second Amended Complaint as they pertain to Mount Vernon. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 83 as they pertain to other Defendants.

**96.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 96.

**97.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 97.

**98.**

Paragraph 98 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**99.**

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 99.

**100.**

Mount Vernon denies the allegations in Paragraph 100 of the Second Amended Complaint as they pertain to Mount Vernon.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 100 as they pertain to other Defendants.

**101.**

Mount Vernon denies the allegations in Paragraph 101 of the Second Amended Complaint as they pertain to Mount Vernon. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 101 as they pertain to other Defendants.

**102.**

Mount Vernon denies the allegations in Paragraph 102 of the Second Amended Complaint as they pertain to Mount Vernon. Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 102 as they pertain to other Defendants.

## <u>COUNT ONE</u>

**103.**

In response to Paragraph 103 of the Second Amended Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 102 as if fully set forth herein.

**104.**

Paragraph 104 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 105.

Paragraph 105 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 106.

Paragraph 106 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 107.

Paragraph 107 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 108.

Paragraph 108 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 109.

Mount Vernon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 of the Second Amended Complaint, and accordingly Mount Vernon denies the allegations. Further, Paragraph 109 refers

to federal authority that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

## 110.

Mount Vernon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 of the Second Amended Complaint, and accordingly Mount Vernon denies the allegations. Further, Paragraph 110 refers to federal authority that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

## 111.

Mount Vernon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 of the Second Amended Complaint, and accordingly Mount Vernon denies the allegations. Further, Paragraph 111 refers to federal authority that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

## 112.

Mount Vernon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 of the Second Amended Complaint, and accordingly Mount Vernon denies the allegations. Further, Paragraph 112 refers to federal authority that speaks for itself as to content and legal effect, and Mount

Vernon denies any allegations inconsistent therewith.

**113.**

Mount Vernon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 of the Second Amended Complaint, and accordingly Mount Vernon denies the allegations. Further, Paragraph 113 refers to federal authority that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

**114.**

Paragraph 114 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**115.**

Paragraph 115 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**116.**

Paragraph 116 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## COUNT TWO

### 117.

In response to Paragraph 117 of the Second Amended Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 116 as if fully set forth herein.

### 118.

Mount Vernon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 of the Second Amended Complaint, and accordingly Mount Vernon denies the allegations. Further, Paragraph 118 refers to federal authority that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

### 119.

Mount Vernon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 119 of the Second Amended Complaint, and accordingly Mount Vernon denies the allegations. Further, Paragraph 119 refers to a written document that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.  With regard to the second sentence of Paragraph 119 of the Second Amended Complaint, it sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**120.**

Mount Vernon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 of the Second Amended Complaint, and accordingly Mount Vernon denies the allegations. Further, Paragraph 120 refers to a written document that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

**121.**

Paragraph 121 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**122.**

Paragraph 122 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**123.**

Paragraph 123 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**124.**

Mount Vernon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 of the Second Amended Complaint, and accordingly Mount Vernon denies the allegations. Further, Paragraph 124 refers to state and federal authority that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

**125.**

Paragraph 125 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**126.**

Paragraph 126 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**127.**

Paragraph 127 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## COUNT THREE

### 128.

In response to Paragraph 128 of the Second Amended Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 127 as if fully set forth herein.

### 129.

Paragraph 129 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

### 130.

Paragraph 130 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

### 131.

Paragraph 131 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

### 132.

Paragraph 132 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is

required, said paragraph is denied.

## 133.

Mount Vernon denies the allegations in the first sentence of Paragraph 133 of the Amended Complaint. In response to the second sentence of Paragraph 133 of the Second Amended Complaint, Mount Vernon states that Paragraph 133 refers to state and federal authority that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith.

## 134.

Mount Vernon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 134 of the Second Amended Complaint, and accordingly Mount Vernon denies the allegations. Mount Vernon denies the allegations in the second sentence of Paragraph 134. In response to the third sentence of Paragraph 134 of the Second Amended Complaint, Mount Vernon denies that it has caused any violations of law or applicable permits. Further, as to the text of the NPDES Permit quoted in the third sentence of Paragraph 134, Mount Vernon states that this sentence refers to authority that speaks for itself as to content and legal effect, and Mount Vernon denies any allegations inconsistent therewith. Except as specifically set forth herein, Mount Vernon denies the allegations in Paragraph 134 of the Second Amended Complaint.

**135.**

With respect to the sampling referenced in the first sentence of Paragraph 135 of the Second Amended Complaint, Mount Vernon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of those allegations, and accordingly Mount Vernon denies the allegations. Mount Vernon denies the remaining allegations in Paragraph 135 of the Second Amended Complaint, and specifically denies that it has violated national pretreatment standards, Georgia law, Trion's NPDES permit, or the CWA.

**136.**

Paragraph 136 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**137.**

Paragraph 137 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**138.**

Paragraph 138 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**139.**

Paragraph 139 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**140.**

With respect to the sampling referenced in the first sentence of Paragraph 140 of the Second Amended Complaint, Mount Vernon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of those allegations, and accordingly Mount Vernon denies the allegations. Mount Vernon denies the remaining allegations in Paragraph 140 of the Second Amended Complaint, and specifically denies that it has violated the Code of the Town of Trion, EPA Pretreatment Regulations, or the Trion Industrial User Ordinance.

**141.**

Paragraph 141 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**142.**

Paragraph 142 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**143.**

Mount Vernon denies the allegations of the first sentence of Paragraph 143 to the extent they suggest improper disposal or discharge of materials by Mount Vernon. In response to the remaining allegations of the first sentence of Paragraph 143 of the Second Amended Complaint, Mount Vernon states that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and accordingly Mount Vernon denies the allegations. Mount Vernon denies the allegations of the second sentence of Paragraph 143, and specifically denies that it has violated the GWQCA or the CWA.

**144.**

Paragraph 144 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**145.**

Paragraph 145 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**146.**

Paragraph 145 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is

required, said paragraph is denied.

## COUNT FOUR:
## RCRA IMMINENT AND SUBSTANTIAL ENDANGERMENT CREATED BY DEFENDANTS MOUNT VERNON, TRION, AND JARRETT

### 147.

In response to Paragraph 147 of the Second Amended Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 146 as if fully set forth herein.

### 148.

Paragraph 148 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

### 149.

Paragraph 149 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

### 150.

Paragraph 150 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**151.**

Paragraph 151 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**152.**

Paragraph 152 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**153.**

Paragraph 153 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**154.**

Paragraph 154 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**155.**

Paragraph 155 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## CLASS ALLEGATIONS FOR STATE LAW CLAIMS

### 156.

In response to Paragraph 156 of the Second Amended Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 155 as if fully set forth herein.

### 157.

Paragraph 157 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

### 158.

Mount Vernon states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the Second Amended Complaint, and accordingly Mount Vernon denies the allegations. Except as specifically set forth herein, Mount Vernon denies the allegations in Paragraph 158 of the Second Amended Complaint.

### 159.

Paragraph 159 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

### 160.

Paragraph 160 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

### 161.

Paragraph 161 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

### **Numerosity**

### 162.

Mount Vernon denies the allegations in the first and third sentences of Paragraph 162 of the Second Amended Complaint.  Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 162 of the Second Amended Complaint, and accordingly denies the allegations.

### 163.

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Second Amended Complaint, and accordingly denies the allegations.

## Typicality

### 164.

In response to the first and second sentences of Paragraph 164 of the Second Amended Complaint, Mount Vernon denies that that any class should be certified in this action. With respect to the remaining allegations in these two sentences, Mount Vernon states that it is without knowledge or information sufficient to form a belief as to the allegations, and therefore denies the allegations. Mount Vernon denies the allegations in the third sentence of Paragraph 164 of the Second Amended Complaint.

## Adequate Representation

### 165.

Mount Vernon denies the allegations in Paragraph 165 of the Second Amended Complaint.

### 166.

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 of the Second Amended Complaint, and accordingly denies the allegations.

## Predominance of Common Questions of Law and Fact

### 167.

Mount Vernon denies the allegations in Paragraph 167 of the Second

Amended Complaint.

**168.**

Mount Vernon denies the allegations in Paragraph 168 of the Second Amended Complaint.

**169.**

Mount Vernon denies the allegations in Paragraph 169 of the Second Amended Complaint.

## Fed. R. Civ. P. 23(a) and 23(b)(2) Injunctive or Declaratory Relief

**170.**

Paragraph 170 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## Superiority

**171.**

Mount Vernon denies the allegations in Paragraph 171 of the Second Amended Complaint.

**172.**

Mount Vernon denies the allegations in Paragraph 172 of the Second Amended Complaint.

## COUNT FIVE

### 173.

In response to Paragraph 173 of the Second Amended Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 172 as if fully set forth herein.

### 174.

Paragraph 174 of the Second Amended Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required. To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Second Amended Complaint, and accordingly denies the allegations.

### 175.

In response to Paragraph 175 of the Second Amended Complaint, Mount Vernon admits only that, at times, it has used in its manufacturing process certain products from the Manufacturing Defendants. The remaining allegations of Paragraph 175 of the Second Amended Complaint are not directed at Mount Vernon; as a result, a response from Mount Vernon is not required. To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of these allegations, and accordingly denies the allegations.

**176.**

The first sentence of Paragraph 176 of the Second Amended Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required. To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of these allegations, and accordingly denies the allegations. Mount Vernon further denies sentence one to the extent it suggests that Mount Vernon wrongfully contaminated surface waters and downstream water supplies. To the extent the second sentence of Paragraph 176 of the Second Amended Complaint is directed at Mount Vernon, Mount Vernon denies the allegations in that sentence. To the extent the second sentence of Paragraph 176 of the Second Amended Complaint is directed at other Defendants, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of these allegations, and accordingly denies the allegations.

**177.**

Mount Vernon denies the allegations in Paragraph 177 of the Second Amended Complaint, and specifically denies that it failed to exercise due and reasonable care.

**178.**

Mount Vernon denies the allegations in Paragraph 178 of the Second

Amended Complaint.

## 179.

Mount Vernon denies the allegations in Paragraph 179 of the Second Amended Complaint.

## 180.

Paragraph 180 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 181.

Mount Vernon denies the allegations in Paragraph 181 of the Second Amended Complaint.

## **COUNT SIX**

## 182.

In response to Paragraph 182 of the Second Amended Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 181 as if fully set forth herein.

## 183.

Paragraph 183 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**184.**

Paragraph 184 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**185.**

As to the status of Plaintiff and Proposed Class Members with respect to the CWA and GWQCA, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 185 of the Second Amended Complaint, and accordingly denies the allegations. Further, Mount Vernon denies that any class should be certified or that Plaintiff or any Proposed Class Members sustained harm as the result of any wrongful acts of Mount Vernon.

**186.**

Mount Vernon denies the allegations of Paragraph 186 of the Second Amended Complaint.

**187.**

Mount Vernon denies the allegations of Paragraph 187 of the Second Amended Complaint.

## **COUNT SEVEN**

### **188.**

In response to Paragraph 188 of the Second Amended Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 187 as if fully set forth herein.

### **189.**

Paragraph 189 of the Second Amended Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Second Amended Complaint, and accordingly denies the allegations.

### **190.**

Paragraph 190 of the Second Amended Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 of the Second Amended Complaint, and accordingly denies the allegations.

### **191.**

Paragraph 191 of the Second Amended Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a

response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 of the Second Amended Complaint, and accordingly denies the allegations.

## 192.

Paragraph 192 of the Second Amended Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 of the Second Amended Complaint, and accordingly denies the allegations.

## 193.

Mount Vernon denies the allegations of Paragraph 193 of the Second Amended Complaint.

## 194.

Mount Vernon denies the allegations of Paragraph 194 of the Second Amended Complaint.

## 195.

Mount Vernon denies the allegations of Paragraph 195 of the Second Amended Complaint.

## 196.

Mount Vernon denies the allegations of Paragraph 196 of the Second

Amended Complaint.

**197.**

Paragraph 197 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**198.**

Paragraph 198 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## COUNT EIGHT

**199.**

In response to Paragraph 199 of the Second Amended Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 198 as if fully set forth herein.

**200.**

To the extent Paragraph 200 of the Second Amended Complaint is directed at Mount Vernon, Mount Vernon denies the allegations. To the extent Paragraph 200 is directed at other Defendants, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 of the Second Amended Complaint, and accordingly denies the allegations.

**201.**

Paragraph 201 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**202.**

To the extent Paragraph 202 of the Second Amended Complaint is directed at Mount Vernon, Mount Vernon denies the allegations. To the extent Paragraph 202 is directed at other Defendants, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 of the Second Amended Complaint, and accordingly denies the allegations.

**203.**

To the extent Paragraph 203 of the Second Amended Complaint is directed at Mount Vernon, Mount Vernon denies the allegations. To the extent Paragraph 203 is directed at other Defendants, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 of the Second Amended Complaint, and accordingly denies the allegations.

**204.**

To the extent Paragraph 204 of the Second Amended Complaint is directed at Mount Vernon, Mount Vernon denies the allegations. To the extent Paragraph 204 is directed at other Defendants, Mount Vernon is without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 204 of the Second Amended Complaint, and accordingly denies the allegations.

## 205.

Paragraph 205 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## 206.

Paragraph 206 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## COUNT NINE

## 207.

In response to Paragraph 207 of the Second Amended Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 206 as if fully set forth herein.

## 208.

Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 of the Second Amended Complaint, and accordingly denies the allegations.

**209.**

Paragraph 209 of the Second Amended Complaint is not directed at Mount Vernon; as a result, a response from Mount Vernon is not required.  To the extent a response is required, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 of the Second Amended Complaint, and accordingly denies the allegations.

**210.**

Mount Vernon denies the allegations of Paragraph 210 of the Second Amended Complaint.

**211.**

Mount Vernon denies the allegations Paragraph 211 of the Second Amended Complaint. To the extent Paragraph 211 is directed at other Defendants, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 of the Second Amended Complaint, and accordingly denies the allegations.

**212.**

Paragraph 212 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

**213.**

In response to Paragraph 213 of the Second Amended Complaint, Mount Vernon denies that Plaintiff or any Proposed Class Members are entitled to recover special damages from Mount Vernon. As to the remaining allegations in Paragraph 213, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of those allegations, and accordingly denies the allegations.

**214.**

Mount Vernon denies the allegations in Paragraph 214 of the Second Amended Complaint.

**215.**

Mount Vernon denies the allegations of Paragraph 215 of the Second Amended Complaint. To the extent Paragraph 215 is directed at other Defendants, Mount Vernon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 of the Second Amended Complaint, and accordingly denies the allegations.

**216.**

Paragraph 216 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

## COUNT TEN

### 217.

In response to Paragraph 217 of the Second Amended Complaint, Mount Vernon incorporates its affirmative defenses and responses to Paragraphs 1 through 216 as if fully set forth herein.

### 218.

Paragraph 218 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

### 219.

Paragraph 219 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

### 220.

Paragraph 220 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

### 221.

Paragraph 221 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is

required, said paragraph is denied.

## 222.

Paragraph 222 of the Second Amended Complaint sets forth a legal conclusion for which no answer is deemed required; to the extent any answer is required, said paragraph is denied.

Except as expressly set forth herein, Mount Vernon denies all allegations in the Second Amended Complaint, including allegations in any unnumbered paragraphs or headings of the Second Amended Complaint. Mount Vernon further denies that Plaintiff is entitled to any of the relief or awards prayed for in the Second Amended Complaint, or to any other or further relief from the Court.

WHEREFORE, Mount Vernon respectfully requests:

(a)    that the Court dismiss all claims in the Second Amended Complaint and enter judgment in favor of Mount Vernon and against Plaintiff;

(b)    that all costs of this action be taxed against Plaintiff;

(c)    that the claims be tried by a jury of twelve; and

(d)    that the Court grant Mount Vernon such other and further relief, including its attorney's fees and expenses, as the Court deems just and proper.

This 5th day of December, 2022.

       */s/William M. Droze*
WILLIAM M. DROZE
Georgia Bar No. 231039
T. MATTHEW BAILEY
Georgia Bar No. 194516
KADEISHA A. WEST
Georgia Bar No. 640699
Troutman Pepper Hamilton Sanders, LLP
600 Peachtree Street, N.E. Suite 3000
Atlanta, GA 30308
william.droze@troutman.com
matt.bailey@troutman.com
kadeisha.west@troutman.com
(404) 885-3468
(404) 885-2716

*Attorneys for Defendant Mount Vernon Mills, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the within and foregoing **ANSWER OF DEFENDANT MOUNT VERNON MILLS, INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 5th day of December, 2022.

*/s/William M. Droze*
William M. Droze
Georgia Bar No. 231039
william.droze@troutman.com

*Attorney for Defendant Mount Vernon Mills, Inc.*

**TROUTMAN PEPPER HAMILTON SANDERS LLP**
3000 Bank of America Plaza
600 Peachtree Street N.E.
Atlanta, GA 30308-2216
Telephone: 404-885-3000
Facsimile: 404-885-3900