IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

EARL PARRIS, JR., individually, and
on behalf of a Class of persons similarly
situated,

    *Plaintiff*,

CITY OF SUMMERVILLE,
GEORGIA,

    *Intervenor-Plaintiff,*

v.

3M COMPANY, et al.,

    *Defendants*.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

4:21-cv-00040-TWT

## DEFENDANT 3M COMPANY'S BRIEF IN SUPPORT OF MOTION FOR A MORE DEFINITE STATEMENT

On November 21, 2022, pursuant to the Court's Scheduling Order [Doc. 187], Plaintiff Parris filed a Second Amended Individual and Class Action Complaint (the "second amended complaint"). The second amended complaint purports to add E.I. du Pont de Nemours and Company ("DuPont") and The Chemours Company ("Chemours") as defendants, with corresponding allegations as to each; drops Ryan Dejuan Jarrett as a defendant and deletes corresponding allegations as to him; and adds an allegation against Defendant 3M regarding a 1997

material safety data sheet that cites studies conducted jointly by 3M and DuPont.
[Doc. 280.]

Shortly thereafter, rather than filing its own amended complaint, Intervenor
Plaintiff City of Summerville ("Summerville"), filed a Notice captioned "Intervenor
Plaintiff City Of Summerville, Georgia Joinder In Plaintiff's Second Amended
Individual and Class Action Complaint." [Doc. 281.] The Notice states that
Summerville joins in the filing of Plaintiff's second amended complaint and "further
adopts and incorporates the relevant provisions of Plaintiff's Second Amended
Individual and Class Action Complaint [Doc. 280] and new allegations against
DuPont and Chemours by reference." *Id.* The "Notice," however, does not specify
what portions of Plaintiff Parris's second amended complaint Summerville is
incorporating nor how it is incorporating any of those allegations into its currently
filed complaint. [Doc. 137[1].]

Fed. R. Civ. P. 12(e) provides that a "party may move for a more definite
statement of a pleading to which a responsive pleading is allowed but which is so
vague or ambiguous that the party cannot reasonably prepare a response". While it

---

[1] On May 4, 2021 Summerville filed its motion for leave to intervene. [Doc. 79.]
By Order entered March 30, 2022 the Court granted Summerville's motion [Doc.
136] and Summerville filed its Complaint In Intervention that day [Doc. 137]. That
remains the currently operative complaint.

is unclear whether Summerville's Notice qualifies as a pleading under Rule 7, or whether it is intended to amend Summerville's current complaint, out of an abundance of caution 3M assumes that it is required to file a responsive pleading as required by Rule 15.  However characterized, the Notice is so vague and ambiguous that 3M cannot reasonably prepare a response.

Rather than filing an amended complaint which complies with the pleading requirements of Fed. R. Civ. P. 8(a), Summerville has chosen to file a Notice which purports to join in Plaintiff Parris's second amended complaint and incorporate "relevant provisions" of that complaint. *See, e.g.*, *Palma Vista Condo. Ass'n of Hillsborough Cnty., Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 8:09-CV-0155-T-27EAJ, 2010 WL 2293265, at *1 (M.D. Fla. June 7, 2010) ("When considering a motion for more definite statement, courts look to the requirements of [Rule 8]."). It is impossible, however, to discern what provisions Summerville contends are "relevant" because Plaintiff Parris's second amended complaint contains a number of material, substantive allegations and prayers for relief that are not contained in Summerville's current complaint.

For example, Plaintiff Parris's second amended complaint is an individual action brought under the citizen suit provisions of the Federal Clean Water Act ("CWA") and the Federal Resource Conservation and Recovery Act ("RCRA").

Summerville's current complaint does not bring any CWA or RCRA claims. Plaintiff Parris's second amended complaint is also a class action complaint on behalf of a proposed class defined as all water subscribers (taxpayers) with the City of Summerville, Georgia Public Works and Utilities Department. Summerville's current complaint has no class-action allegations. Nor is it clear how Summerville could adopt (and thereby pursue) class allegations seeking repayment of surcharges that are allegedly being paid to Summerville by its customers.

In addition, Parris's second amended complaint removes Mr. Jarrett as a defendant as a result of a consent decree Plaintiff Parris entered into with Mr. Jarrett [Doc. 243]. It does not appear that Summerville has entered into a consent decree with Mr. Jarrett and it is unclear whether Summerville also seeks to remove Mr. Jarrett as a defendant. *See Omanwa v. Catoosa County*, No. 4:16-CV-0211-HLM, 2016 WL 10537383, at *9–10 (N.D. Ga. Sept. 16, 2016) (granting motion for more definite statement where complaint failed to comply with the requirements of Rule 8 and did not "clearly specify against which Defendants certain claims [were] asserted"). Lastly, in the section of its Notice title "RELIEF DEMANDED," Summerville seeks an award of damages, "an injunction requiring Defendants to abate their nuisance," and an award of punitive damages and attorney's fees. Summerville's current complaint, while adopting the substantive allegations against

Mount Vernon Mills and Trion, seeks no relief against them.  It is unclear whether by joining Plaintiff Parris's second amended complaint Summerville is now seeking relief against Mount Vernon Mills, the Town of Trion and Mr. Jarrett.  *See, e.g.*, *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (a pleading that fails to specify "which of the defendants the claim is brought against" is an impermissible shotgun pleading).

Because the Notice fails to specify what particular provisions of Parris's second amended complaint are being adopted, what relief is sought, and against which defendants, 3M cannot reasonably prepare a response to the Notice. Moreover, neither the Court nor the parties will know what claims Summerville is asserting and against which defendants. Summerville's notice of joinder is precisely the type of defective, ambiguous and vague filing that Rule 12(e) is intended to address. The remedy is for Summerville to be directed to file an actual second amended complaint and, if it fails to do so, the Notice should be stricken.

Respectfully submitted this the 5th of December, 2022.

/s/ Robert B. Remar
Robert B. Remar
GA Bar No. 600575
Monica P. Witte
GA Bar No. 405952
SMITH, GAMBRELL &
RUSSELL, LLP
1105 W. Peachtree St. NE

5

Suite 1000
Atlanta, GA 30309
Phone: (404) 815-3500
Facsimile: (404) 815-3509
rremar@sgrlaw.com
mwitte@sgrlaw.com


Jackson R. Sharman, III
GA Bar No. 637930
Benjamin P. Harmon
GA Bar No. 979043
M. Christian King (*PHV)*
Harlan I. Prater, IV (*PHV)*
W. Larkin Radney, IV (*PHV)*
Tatum Jackson (*PHV)*

LIGHTFOOT, FRANKLIN
AND WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
Telephone: (205) 581-0700
jsharman@lightfootlaw.com
bharmon@lightfootlaw.com
cking@lightfootlaw.com
hprater@lightfootlaw.com
lradney@lightfootlaw.com
tjackson@lightfootlaw.com

*Counsel for Defendant 3M
Company*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **DEFENDANT 3M COMPANY'S BRIEF IN SUPPORT OF MOTION FOR A MORE DEFINITE STATEMENT** has been filed electronically with the Clerk of Court by using the CM/ECF system which will automatically email all counsel of record.

This the 5th day of December, 2022.

*/s/ Robert B. Remar*
Robert B. Remar
GA Bar No. 600575
rremar@sgrlaw.com

8