**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| EARL PARRIS, JR., individually, and on behalf of a class of persons similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:21-cv-00040-TWT |
| CITY OF SUMMERVILLE, GEORGIA, | ) ) | |
| | ) | |
| Intervenor-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 3M COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT 3M COMPANY'S ANSWER TO PLAINTIFFS' SECOND
AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT**

Defendant 3M Company ("3M") hereby files its answer and defenses to the

Second Amended Individual and Class Action Complaint (ECF Doc. 280)

("Complaint") filed by Earl Parris, Jr.

## I.   AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations, and Plaintiff's alleged damages are barred to the extent that any damages were incurred outside the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the bulk supplier and sophisticated user doctrines.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as to 3M because 3M did not exercise control over the cause of the harm alleged.

## FIFTH DEFENSE

Any injuries or damages complained of in the Complaint were not caused by 3M's alleged actions.

## SIXTH DEFENSE

3M denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of 3M, or at the instruction or subject to the control of 3M with regard to any of the actions described in the Complaint. Accordingly, 3M is not liable for any acts or omissions of such third parties as a matter of law.

2

## SEVENTH DEFENSE

3M owed no duty to Plaintiff.

## EIGHTH DEFENSE

The proximate cause of any injury sustained by Plaintiff was an event or incident which was not legally foreseeable by 3M, and therefore, 3M has no legal liability for any of Plaintiff's damages.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent they attempt to impose liability based on retroactive application of laws, regulations, standards, or guidelines.

## TENTH DEFENSE

Plaintiff is barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged to Plaintiff without substantially impairing the usefulness or intended purpose of the product.

## ELEVENTH DEFENSE

Plaintiff's claim for attorneys' fees is barred because 3M has not acted in a manner that gives rise to a claim for attorneys' fees or for the expenses of litigation.

## TWELFTH DEFENSE

Plaintiff is not entitled to injunctive or equitable relief against 3M, as Plaintiff has an adequate remedy at law.

## THIRTEENTH DEFENSE

Plaintiff's claims against 3M are barred, in whole or in part, because 3M's conduct complied with the standards of care under applicable law, regulation, and industry practice.

## FOURTEENTH DEFENSE

3M asserts as a defense, credit, or set-off against the damages claimed by Plaintiff any monies paid to Plaintiff in connection with a settlement (or settlements) between Plaintiff and any other entity.

## FIFTEENTH DEFENSE

Plaintiff's claims against 3M are barred, in whole or in part, because any damage allegedly suffered by the Plaintiff was caused by the acts, omissions, or conduct of others constituting an intervening cause.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

## SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages against 3M fails as a matter of law because Plaintiff is not entitled to recovery against 3M in tort, and 3M has not acted in a wanton, willful, reckless, or grossly negligent manner. The imposition of punitive damages would violate the United States Constitution and the Georgia Constitution.

## EIGHTEENTH DEFENSE

Plaintiff's claim for punitive damages is subject to the limitations cap, and the substantive and procedural legal protections, contained in O.C.G.A. §51-12-1, *et seq.*

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as to 3M because 3M is alleged to have done nothing more than lawfully and properly sell a lawful product.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of repose, including O.C.G.A. §51-1-11.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

## TWENTY-SECOND DEFENSE

Any recovery by Plaintiff may be barred or reduced by the negligence, fault, conduct, or carelessness of others for whose conduct 3M is not responsible. Any judgment rendered against 3M in this action, under all theories of liability, must be limited to the fault, if any, attributable to 3M. If any judgment in Plaintiff's favor is entered in this matter, including against 3M, then said judgment must be apportioned among any and all other persons or entities, whether parties or non-parties, who are or could be responsible for any of Plaintiff's injuries or damages. *See, e.g.*, O.C.G.A. § 51-12-33.

## TWENTY-THIRD DEFENSE

Any claims against 3M for abatement of an alleged nuisance are barred as 3M does not have control over or access to the property that constitutes the alleged nuisance.

## TWENTY-FOURTH DEFENSE

Any claims against 3M for abatement of an alleged nuisance are barred because nuisance claims against the Town of Trion are barred by sovereign immunity.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches, waiver, estoppel, and unclean hands.

### TWENTY-SIXTH DEFENSE

Some or all of the damages sought in Plaintiff's Complaint constitute impermissible double recovery for the alleged injuries.

### TWENTY-SEVENTH DEFENSE

An independent, intervening, and superseding event or other negligence prevents any recovery by Plaintiff against 3M.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims against 3M are barred, in whole or in part, by Plaintiff's consent, assumption of the risk, or contributory negligence.

### TWENTY-NINTH DEFENSE

3M reserves the right to include additional affirmative defenses if warranted by facts and evidence uncovered during discovery or otherwise.

## II.   ANSWER

### STATEMENT OF THE CASE

1.     This paragraph does not assert any allegations against 3M and therefore, pursuant to Federal Rule of Civil Procedure 8(b)(1)(b), no response is

required. To the extent a response is required, 3M admits that Plaintiff seeks to bring this action pursuant to Section 505(a)(1) of the federal Clean Water Act ("CWA" or "Act"), 33 U.S.C. § 1365(a)(1), against the Town of Trion, and Mount Vernon Mills, admits that the Town of Trion operates a water pollution control plant, and denies the remaining allegations in paragraph 1 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1.

2.     This paragraph does not assert any allegations against 3M and therefore, pursuant to Federal Rule of Civil Procedure 8(b)(1)(b), no response is required. To the extent a response is required, 3M admits that Plaintiff seeks to bring this action pursuant to the federal Resource Conservation Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), against the Town of Trion, and Mount Vernon Mills, admits that the Town of Trion operates a water pollution control plant, and denies the remaining allegations in paragraph 2 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2.

3.     Defendant admits that Plaintiff purports to bring this action as a class action. 3M denies that it has discharged PFAS into the Raccoon Creek and denies the remaining allegations in paragraph 3 as to 3M. 3M lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 as to the remaining Defendants. By way of further answer 3M denies that this case is properly brought as a class action.

4.      Defendant admits that Plaintiff purports to bring this action on behalf of individuals who purchase water from the City of Summerville. 3M further admits that the City of Summerville has a water intake on Raccoon Creek. 3M denies the remaining allegations contained in paragraph 4. By way of further answer 3M denies that this case is properly brought as a class action.

5.      3M admits that 3M supplied certain products containing PFAS to Defendant Vernon Mills, Inc.'s manufacturing facilities in or near the Trion, Georgia area. 3M admits that Defendant Mount Vernon Mills, Inc. has used certain products containing PFAS to provide stain resistance and water resistance to its fabrics. 3M denies the remaining allegations in paragraph 5 as to 3M. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

6.      3M admits that 3M supplied certain products containing PFAS to Mount Vernon Mills, Inc. in or near the Trion, Georgia area. 3M denies the remaining allegations in paragraph 6 as to 3M. 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 as to other Defendants.

7.     3M denies the allegations in paragraph 7 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 as to the other Defendants. 3M specifically denies that Plaintiff and the Proposed Class Members are entitled to any of the relief sought in this action against 3M.

<strong><u>JURISDICTION AND VENUE</u></strong>

8.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M admits that Plaintiff has attached Exhibit A to the Complaint. 3M lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 and the exhibit cited therein.

11.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M admits that Plaintiff has attached Exhibit A to the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and the exhibit cited therein.

13.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.     3M admits that this Court has jurisdiction over the state law claims in this action in accordance with 20 U.S.C. § 1332(d)(2)(A). By way of further answer, 3M denies that this case is certifiable as a class action.

19.     3M admits that this Court has supplemental jurisdiction over the state law claims in this action in accordance with 28 U.S.C. § 1367(a) as to 3M.

20.     3M admits that venue is properly in this Court as to 3M. By way of further answer, 3M denies that it has caused harm to Plaintiff or to any putative class

member. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 20.

## PARTIES

21.     3M admits that the City of Summerville Public Works and Utility Department uses water from Raccoon Creek. 3M denies that 3M has caused any contamination of Plaintiff's domestic water supply or Raccoon Creek. 3M further denies that 3M has disposed of solid waste containing PFAS in or around Raccoon Creek, the City of Summerville, or the Town of Trion. 3M denies that Plaintiff is entitled to any of the relief sought in this action against 3M or that Plaintiff has a special interest in protecting the water quality of Raccoon Creek and its tributaries upstream of the intake for the Summerville water treatment plant. 3M denies the remaining allegations as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21.

22.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M admits that Defendant Mount Vernon Mills, Inc. owns and operates a textile mill in Trion, Georgia. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M admits that the Town of Trion is a municipal corporation organized under the laws of the State of Georgia. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.      3M admits that the 3M Company is a foreign corporation qualified to do business in the state of Georgia, and was conducting business in this District. 3M admits that 3M manufactured and supplied certain products containing PFAS to Mount Vernon Mills. 3M denies the remaining allegations contained in paragraph 28.

29.      This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.      This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.      This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

## FACTUAL ALLEGATIONS

**Mount Vernon's Discharge of PFAS to Trion WPCP**

34.     3M admits that Mount Vernon Mills, Inc., operates a textile mill in Trion, Georgia. 3M admits that 3M supplied certain products containing PFAS to Mount Vernon Mills in Trion, Georgia. 3M denies that it discharges PFAS into the Trion WPCP. 3M denies the remaining allegations contained in paragraph 34. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34.

35.     3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36.     3M admits that Raccoon Creek is a tributary of the Chattooga River. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37.     3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38.     3M admits that the Town of Trion operates a water pollution control plant. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

**Persistence and Toxicity of PFAS**

39.     3M admits that perfluoroalkyl substances are man-made chemicals that do not occur naturally in the environment. 3M further admits these substances have stable carbon-fluourine bonds, and that they have been used globally for treating carpets, rugs, or other home textiles to confer stain, soil, water and/or oil resistance. However, 3M lacks information as to whether "a large percentage of PFAS produced worldwide" have been used for this purpose. 3M denies any remaining allegations in paragraph 39.

40.     3M admits that perfluoroalkyl substances have stable carbon-fluorine bonds. 3M further admits that the carbon-fluorine bond is relevant to the function of PFAS in industrial and consumer products. 3M admits that certain PFAS may persist

in the environment and resist degradation. 3M admits that humans may be exposed to perfluoroalkyl substances through drinking water. By way of further answer, 3M states that each PFAS has varying physical and environmental properties, such as sorption, mobility, and solubility. Accordingly, 3M denies the remaining allegations in paragraph 40.

41.     Defendant admits that Perfluorooctanic Acid ("PFOA") and Perfluorooctanesulfonic Acid ("PFOS") have been extensively studied. 3M further admits that it phased out these chemistries. 3M admits that under certain conditions some PFOA and PFOS are capable of persistence and have been found in wastewater treatment processes. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41.

42.     3M admits that certain perfluoroalkyl substances that are ingested by humans may bind to plasma proteins in blood, that some PFAS may resist metabolic degradation, and that PFOS is capable of crossing the placenta to some extent in humans and has been detected in umbilical cord blood. 3M denies the remaining allegations in paragraph 42.

43.     3M admits that the C8 Health Project conducted studies related to PFOA exposure and made certain assertations as to "probable links," which is not a finding of causation. 3M denies that the allegations contained in paragraph 43

accurately summarize or state the results of those studies. 3M denies the remaining allegations in paragraph 43.

44.    3M admits that the C8 Health Project conducted studies related to PFOA exposure and asserted a "probable link" as to PFOA exposure and kidney cancer and testicular cancer. By way of further answer, 3M states that no such link was asserted as to any of the other cancers considered by the C8 Science Panel. 3M denies that the allegations contained in paragraph 44 accurately summarize or state the results of those studies. 3M admits that a majority of a United States Environmental Protection Agency ("EPA") Science Advisory Board expert committee made a recommendation in 2006 regarding the carcinogenicity of PFOA, but denies that the allegation in paragraph 44 constitutes an accurate recitation of the event. 3M admits that the C8 Science Panel conducted a series of studies in connection with a settlement agreement in litigation unrelated to 3M and that the panel purported to find a "probable link" as that term was defined in the settlement agreement between exposure to PFOA and pregnancy-induced hypertension, ulcerative colitis, and diagnosed high cholesterol. 3M denies that these or other studies support a causal association between exposure to PFOA and/or other perfluoroalkyl substances and any of these health conditions. 3M denies the remaining allegations in paragraph 44.

45.    3M admits that the International Agency for Research on Cancer ("IARC") has designated PFOA as a Group 2B carcinogen (i.e., possibly carcinogenic to humans). By way of further answer, 3M states that IARC's classification of PFOA as Group 2B recognized that there is only "limited evidence" of carcinogenicity in humans. 3M admits that EPA stated there was "suggestive" evidence of PFOA having an association with cancer. 3M denies the remaining allegations in paragraph 45.

46.    3M admits that in 2016, the U.S. Department of Health and Human Service's National Toxicology Program ("NTP") concluded that PFOA and PFOS are "presumed" immune hazards to humans, while also recognizing that limitations in then-available toxicological and epidemiological evidence. 3M denies the remaining allegations in paragraph 46.

47.    3M admits that EPA released non-enforceable and non-regulatory lifetime health advisories for Perfluorooctanoic Acid (PFOA) and Perfluorooctane Sulfonate (PFOS) in May 2016. 3M admits that the EPA's health advisories identify the concentration of PFOA and PFOS in drinking water at or below which adverse health effects are not anticipated to occur over a lifetime of exposure are 0.07 parts per billion (70 parts per trillion) for PFOA and PFOS. 3M denies the remaining allegations in paragraph 47.

20

48.     3M admits that EPA cited various studies when it released a "Drinking Water Health Advisory for Perfluorooctanoic Acid (PFOA)" and a "Drinking Water Health Advisory for Perfluorooctane Sulfonate (PFOS)."   3M denies that the allegations of paragraph 48 comprehensively and accurately describe the EPA health advisories or the studies cited therein. 3M denies the remaining allegations contained in paragraph 48.

49.     3M admits that the health advisories state that PFOA and PFOS are "persistent," and that the "developing fetus and newborn are particularly sensitive to" PFOS- and PFOA- induced toxicity. However, 3M denies that the allegations of paragraph 49 comprehensively and accurately describe the EPA health advisories or the studies cited therein. 3M denies the remaining allegations contained in paragraph 49.

50.     3M admits that in 2018, the Agency for Toxic Substances and Disease Registry ("ATSDR") issued an updated draft Toxicology Profile for Perfluoroalkyls. 3M denies that the allegations of paragraph 50 comprehensively and accurately describe the 2018 Draft Toxicological Profile for Perfluoroalkyls and the studies cited therein. 3M denies the remaining allegations of paragraph 50. By way of further answer, 3M states that ATSDR has since issued a final Toxicological Profile for

Perfluoroalkyls which concluded that causal associations have not been established between any PFAS and any disease in humans.

51.     3M admits that ATSDR's 2021 Toxicological Profile for Perfluoroalkyls provided MRLs for PFOA and PFOS that were more conservative than the health advisory levels set by the EPA in 2016. 3M denies the remaining allegations in paragraph 51.

52.     3M admits that certain states have recommended or adopted regulatory levels for PFOA and/or PFOS in drinking water that are lower than the EPA health advisory levels, but denies that those standards are relevant to this case. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52.

53.     3M denies the allegations contained in paragraph 53.

54.     3M admits that Section 7321 of the National Defense Authorization Act for Fiscal Year 2020 ("NDAA") added 172 per- and polyfluoroalkyl substances (PFAS) to the list of chemicals covered by the Toxic Release Inventory (TRI) under Section 313 of the Emergency Planning and Community Right-to-Know Act. 3M denies the remaining allegations contained in paragraph 54.

**Defendants' Knowledge of Toxicity and Persistence of PFAS**

55.     3M admits that it has been aware that under certain conditions some perfluoroalkyl substances may persist in the environment. 3M admits that Raccoon Creek has supplied drinking water to the City of Summerville and its water subscribers 3M denies the remaining allegations contained in this paragraph as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55.

56.     3M denies that it invented PFAS chemicals. 3M admits that it manufactured certain PFAS from the late 1940s, including by electrochemical fluorination, and that it voluntarily phased out its production of these chemistries beginning in 2000. 3M further admits that it manufactured certain PFAS, and that at certain times it sold certain PFAS-containing products that it manufactured to other parties. 3M also admits that it marketed certain PFAS and products containing PFAS, and it shipped certain PFAS to manufacturers throughout the United States and certain locations outside the United States, including to Defendant Mount Vernon. 3M denies it exclusively manufactured PFOS until 2000. 3M lacks knowledge or information sufficient to firm a belief as to the truth of the remaining allegations in paragraph 56.

57.     3M denies that it "knew as early as 1960 that chemical wastes from its PFAS manufacturing facilities that were dumped to landfills would likely leach into

groundwater and otherwise enter the environment." In addition, this paragraph refers to an internal memorandum, and 3M denies Plaintiff's characterization of such document. 3M also denies the remaining allegations as phrased because the allegations are an incomplete and incorrect description of complex scientific and technical matters.

58.    3M admits that it has known that under certain conditions some perfluoroalkyl substances may persist in the environment. 3M admits that blood tests of 3M workers conducted in 1978 found elevated organic fluorine levels "proportional to the length of time that had been spent by employees in the production areas" and that "laboratory workers, with former exposure, but none for 15-20 years, had elevated [organic fluorine levels] above literature normal." By way of further answer, 3M states that in 1980, 3M published worker and toxicological studies regarding findings of certain PFAS. One of those publications reported on the findings of 3M's blood tests of workers including that: "[t]he highest levels [of organic fluorine] were found in workers with the longest work history in fluorochemical production" and that the "blood and urine values suggest that some fluorochemicals are very slowly eliminated in humans." 3M admits that 3M conducted a fish study in 1979 that suggested presence of fluorochemicals in fish caught from the Wheeler Dam. 3M denies that Plaintiff's allegations concerning

both the test and the study constitute an accurate recitation of the testing, or comprehensively or accurately reflect the results of the study. 3M denies the remaining allegations in paragraph 58 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 as to the remaining Defendants.

59.    Defendant admits that it has studied the toxicological properties of PFOA, PFOA, and other perfluoroalkyl substances for at least 40 years. As to Plaintiff's allegations purporting to refer to "a 1978 3M study," 3M denies any characterization of that study by Plaintiff. 3M admits that in May 1983, certain scientists from 3M prepared a proposal regarding the further study of environmental properties of 3M fluorochemicals. 3M denies any characterization of that study by Plaintiff. 3M denies the remaining allegations contained in paragraph 59 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 as to the remaining Defendants.

60.    Paragraph 60 purports to refer to an unidentified MSDS, and 3M denies any characterization of that MSDS by Plaintiff.

61.    3M denies any characterization of its material safety data sheets by Plaintiff, especially to the extent that Plaintiff fails to identify the product for which the MSDS relates. 3M admits that certain of its MSDSs indicate that product waste

may be disposed of by incineration or at landfills equipped to handle hazardous waste. 3M denies the remaining allegations contained in paragraph 61 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 as to the remaining Defendants.

62.     3M admits that certain conventional wastewater treatment facilities may not remove certain perfluoroalkyl substances. 3M further admits that it is possible that certain of these compounds could reach the environment through sludge and wastewater discharge from such facilities. 3M denies the remaining allegations contained in paragraph 62 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 as to the remaining Defendants.

63.     3M admits that in 2006 3M agreed to pay $1.5 million as part of a settlement with the EPA, but denies Plaintiff's characterization of that settlement, and denies the remaining allegations in paragraph 63.

64.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64.

65.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

66.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66.

67.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67.

68.     3M admits that, at certain times, it exchanged data and other information with DuPont related to PFOA. 3M denies the remaining allegations contained in paragraph 68 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 as to the other Defendants.

69.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

70.     Paragraph 70 purports to refer to an unidentified MSDS, and 3M denies any characterization of that MSDS by Plaintiff.

71.     3M admits that it was a sponsor of a study of groups of monkeys who were given various doses of PFOA. 3M refers to the study for its true and complete contents and denies any characterization of that study by Plaintiff. 3M denies the remaining allegations contained in paragraph 71 as they pertain to 3M, including on the basis that they are incomplete and incorrect descriptions of complex scientific and technical matters. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 71.

72.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72.

73.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73.

74.     3M admits that it in the past manufactured PFOA and supplied PFOA to DuPont. 3M also admits that in May 2000 it announced its decision to phase out its production of perfluorooctanyl chemistries, including PFOA. 3M denies the remaining allegations contained in paragraph 74. 3M lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 74.

75.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75.

76.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76.

77.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78.

79.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79.

80.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

81.     3M admits that on March 11, 2002 and December 9, 2022, the EPA published significant new use rules governing the manufacture of certain perfluoroalkyl sulfonates, including PFOS. 3M further admits that after 2002, it manufactured certain Short-Chain PFAS compounds, which are PFAS having six or fewer carbons. 3M denies the remaining allegations contained in paragraph 81.

82.     3M admits that it has been aware that under certain conditions some perfluoroalkyl substances may persist in the environment. 3M denies the remaining

allegations contained in this paragraph as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 82.

83.    3M denies the allegations contained in paragraph 83.

84.    3M admits that under certain conditions some perfluoroalkyl substances may persist in the environment. 3M further admits that under certain conditions some perfluoroalkyl substances may be mobile, capable of bioaccumulation and/or biomagnification. 3M denies the remaining allegations contained in this paragraph as to 3M.

85.    3M denies the allegations contained in paragraph 85.

**Contamination of Raccoon Creek and City of Summerville Water Supply with PFAS**

86.    3M denies that PFOA and PFOS are "considered toxic to humans." 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86.

87.    3M denies that PFOA and PFOS are "considered toxic to humans." 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87.

88.     3M denies that PFOA and PFOS are "considered toxic to humans." 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88.

89.     3M denies that PFOA and PFOS are "considered toxic to humans." 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89.

90.     3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90.

91.     3M denies that PFOA and PFOS are "considered toxic to humans." 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.

92.     3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92.

93.     3M denies Plaintiff's characterization of water used by Members of the Proposed class as "contaminated." 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93.

94.     3M admits that granulated activated carbon treatment, when designed and operated properly, may be used to effectively remove certain PFAS, including PFOA and PFOS. 3M denies Plaintiff's further characterization of granulated

activated carbon treatment systems on the basis that it is an incomplete and incorrect description of complex scientific and technical matters. 3M further denies that Plaintiff and Members of the Proposed Class must obtain alternate sources of potable water. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 94.

95. 3M denies that Plaintiff's domestic water and that of Class members poses a risk to their health and safety and interferes with the use and enjoyment of their property. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95.

96. 3M denies the allegations contained in paragraph 96.

97. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97.

98. 3M admits that the City's water rates are not subject to regulation by the Georgia Public Service Commission. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98.

99. 3M denies the allegations contained in paragraph 99.

100. 3M denies the allegations contained in paragraph 100.

101. 3M denies the allegations contained in paragraph 101.

102.   3M denies the allegations contained in paragraph 102.

**COUNT ONE:**
**DEFENDANT TRION'S DISCHARGE OF POLLUTANTS TO SURFACE**
**WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE**
**CLEAN WATER ACT**

103.   3M incorporates its responses to paragraphs 1-102 of the Complaint as if fully set forth herein.

104.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104.

105.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105.

106.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106.

107.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107.

108.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108.

109.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109.

110.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110.

111.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111.

112.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112.

113.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113.

114.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114.

115.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115.

116.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

## COUNT TWO:
## DEFENDANT TRION'S VIOLATIONS OF ITS NPDES PERMIT, THE GEORGIA WATER QUALITY CONTROL ACT, AND THE CLEAN WATER ACT

117.   3M incorporates its responses to paragraphs 1-116 of the Complaint as if fully set forth herein.

118.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118.

119.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119.

120.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120.

121.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121.

122.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122.

123.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123.

124.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124.

125.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125.

126.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126.

127.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127.

## COUNT THREE:
## DEFENDANT MOUNT VERNON MILLS' VIOLATIONS OF FEDERAL PROHIBITIONS, SEWER USE RULES AND REGULATIONS, AND THE CLEAN WATER ACT

128.   3M incorporates its responses to paragraphs 1-127 of the Complaint as if fully set forth herein.

129.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129.

130.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130.

131.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131.

132.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132.

133.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133.

134.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134.

135.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135.

136.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136.

137.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137.

138.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138.

139.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139.

140.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140.

141.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141.

142.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142.

143.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143.

144.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144.

145.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145.

146.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146.

## COUNT FOUR:
## RCRA IMMINENT AND SUBSTANTIAL ENDANGERMENT CREATED BY DEFENDANTS MOUNT VERNON AND TRION

147.   3M incorporates its responses to paragraphs 1-146 of the Complaint as if fully set forth herein.

148.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148.

149.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149.

150.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150.

151.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151.

152.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152.

153.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153.

154.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154.

155.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155.

## **CLASS ALLEGATIONS FOR STATE LAW CLAIMS**

156.   3M incorporates its responses to paragraphs 1-155 of the Complaint as if fully set forth herein.

157.   3M admits that Plaintiff purports to bring this action as a class action but denies that the asserted causes of action are appropriate for class action treatment.

158.   3M denies the allegations contained in paragraph 158.

159.   3M admits that Plaintiff purports to bring this action as a class action but denies that the asserted causes of action are appropriate for class action treatment.

160.   3M admits that Plaintiff purports to bring this action as a class action but denies that the asserted causes of action are appropriate for class action treatment.

161.   3M denies the allegations in paragraph 161 that Plaintiff should have the right to modify or amend the definition of the Proposed Class because 3M denies that the asserted causes of action are appropriate for class action treatment.

## Numerosity

162.   3M denies that the asserted causes of action are appropriate for class action treatment. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 162.

163.   3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 163.

## Typicality

164.   Denied as to any claims asserted against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 164.

## Adequate Representation

165.   Denied as to any claims asserted against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 165.

166.   3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166.

## Predominance of Common Questions of Law and Fact

167.   3M denies that common questions of fact and law predominate over questions affecting only individual Class Members and denies any remaining allegations in paragraph 167.

168.   3M denies the allegations contained in paragraph 168.

169.   3M denies the allegations contained in paragraph 169 that common questions of fact and law predominate over questions affecting only individual Class Members and denies any remaining allegations in paragraph 169.

**Fed. R. Civ. P. 23(a) and 23(b)(2) Injunctive or Declaratory Relief**

170.   3M admits that Plaintiff purports to bring this action as a class action but denies that the asserted causes of action are appropriate for class action treatment. 3M denies that Plaintiff and the Members of the proposed Class are entitled to declaratory or injunctive relief and denies any remaining allegations in paragraph 170.

**Superiority**

171.   3M denies that class action treatment is a superior method of treatment for this controversy. 3M further denies that certification of a class would be proper. 3M denies the remaining allegations contained in paragraph 171.

172.   3M denies that class action treatment is preferable to other available methods in providing a fair and efficient method for the adjudication of the controversy described in the Complaint. 3M denies the remaining allegations in paragraph 172.

**COUNT FIVE:**
**NEGLIGENCE**
**(PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)**

173.   3M incorporates its responses to paragraphs 1-172 of the Complaint as if fully set forth herein.

174.   3M denies that it owed a duty to Plaintiff and Proposed Class Members. 3M denies the allegations contained in paragraph 174.

175.   3M denies that it owed a duty to Plaintiff and Proposed Class Members. 3M further denies that it knowingly breached a duty to Plaintiff and Proposed Class Members. 3M denies the allegations contained in paragraph 175.

176.   3M denies the allegations contained in paragraph 176.

177.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 177 as to other defendants. 3M denies the allegations contained in paragraph 177 as to 3M.

178.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 178 as to other defendants. 3M denies the allegations contained in paragraph 178 as to 3M.

179.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 179 as to other defendants. 3M denies the allegations contained in paragraph 179 as to 3M.

180.   3M denies the allegations contained in paragraph 180.

181.   3M denies the allegations contained in paragraph 181.

## COUNT SIX:
## NEGLIGENCE PER SE
## (MOUNT VERNON MILLS)

182.   3M incorporates its responses to paragraphs 1-181 of the Complaint as if fully set forth herein.

183.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 183.

184.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 184.

185.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185.

186.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 186.

187.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 187.

## COUNT SEVEN:
## NEGLIGENT FAILURE TO WARN
## (PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)

188.   3M incorporates its responses to paragraphs 1-187 of the Complaint as if fully set forth herein.

189.   3M denies the allegations contained in paragraph 189.

190.   3M denies the allegations contained in paragraph 190.

191.   3M denies the allegations contained in paragraph 191.

192.   3M denies the allegations contained in paragraph 192.

193.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 193 as to other defendants. 3M denies the allegations contained in paragraph 193 as to 3M.

194.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194 as to other defendants. 3M denies the allegations contained in paragraph 194 as to 3M.

195.   This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195 as to other defendants. 3M denies the allegations contained in paragraph 195 as to 3M.

196.   3M denies the allegations contained in paragraph 196.

197.   3M denies the allegations contained in paragraph 197.

198.   3M denies the allegations contained in paragraph 198.

**COUNT EIGHT:**
**WANTON CONDUCT AND PUNITIVE DAMAGES**
**(PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)**

199.   3M incorporates its responses to paragraphs 1-198 of the Complaint as if fully set forth herein.

200.   3M denies the allegations contained in paragraph 200.

201.   3M denies the allegations contained in paragraph 201.

202.   3M denies the allegations contained in paragraph 202.

203.   3M denies the allegations contained in paragraph 203.

204.   3M denies the allegations contained in paragraph 204.

205.   3M denies the allegations contained in paragraph 205.

206.   3M denies the allegations contained in paragraph 206.

**COUNT NINE:**
**PUBLIC NUISANCE/DAMAGES**
**(ALL DEFENDANTS EXCEPT TRION AND JARRETT)**

207.   Defendant incorporates its responses to paragraphs 1-206 of the Complaint as if fully set forth herein.

208.   3M denies that drinking water by the City of Summerville "continues to be contaminated with PFAS." 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 208.

209.   3M denies the allegations contained in paragraph 209.

210.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 210 as to other defendants. 3M denies the allegations contained in paragraph 210 as to 3M.

211.    3M denies the allegations contained in paragraph 211.

212.    3M denies the allegations contained in paragraph 212.

213.    3M denies the allegations contained in paragraph 213.

214.    3M denies the allegations contained in paragraph 214.

215.    3M denies the allegations contained in paragraph 215.

216.    3M denies the allegations contained in paragraph 216.

**COUNT TEN:**
**ABATEMENT OF PUBLIC NUISANCE**
**(ALL DEFENDANTS)**

217.    3M incorporates its responses to paragraphs 1-216 of the Complaint as if fully set forth herein.

218.    3M denies the allegations contained in paragraph 218.

219.    3M denies the allegations contained in paragraph 219.

220.   3M admits that Plaintiff seeks the stated relief, however 3M denies that Plaintiff is entitled to any equitable remedy or injunctive relief. 3M denies any remaining allegations contained in paragraph 220.

221.   3M admits that Plaintiff seeks the stated relief, however 3M denies that Plaintiff is entitled to any equitable remedy or injunctive relief. 3M denies any remaining allegations contained in paragraph 221.

222.   3M denies the allegations contained in paragraph 222.

## **RELIEF REQUESTED**

3M denies the allegations included in this section of the Complaint. 3M denies that Plaintiff is entitled to the relief requested. 3M denies any allegation contained in the Complaint not specifically admitted herein.

WHEREFORE, 3M Company requests that the claims against it be denied and that costs and fees in this action be assessed upon the Plaintiff.

Respectfully submitted this 5th day of December 2022.

*/s/ W. Larkin Radney*

W. Larkin Radney, *Pro Hac Vice*
Jackson R. Sharman, III, GA Bar No. 637930
Benjamin P. Harmon, GA Bar No. 979043
Harlan I. Prater, *Pro Hac Vice*
M. Christian King, *Pro Hac Vice*
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building

400 20th Street North
Birmingham, AL 35203
Telephone: (205) 581-0700
Email: jsharman@lightfootlaw.com
Email: bharmon@lightfootlaw.com
Email: hprater@lightfootlaw.com
Email: cking@lightfootlaw.com
Email: lradney@lightfootlaw.com


Robert B. Remar, GA Bar No. 600575
Monica P. Witte, GA Bar No. 405952

SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree St. NE, Suite 1000
Atlanta, GA 30309
Telephone (404) 815-3500
Email: rremar@sgrlaw.com
Email: kdambrosio@sgrlaw.com
Email: mwitte@sgrlaw.com


*Counsel for Defendant 3M Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| EARL PARRIS, JR., individually, and on behalf of a class of persons similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:21-cv-00040-TWT |
| CITY OF SUMMERVILLE, GEORGIA, | ) ) ) | |
| Intervenor-Plaintiff, | ) ) | |
| v. | | |
| 3M COMPANY, *et al.*, | | |
| Defendants. | | |

## CERTIFICATE OF SERVICE
## AND COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that I have this date electronically filed the within and foregoing, which has been prepared using 14-point Times New Roman font, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated: December 5, 2022.

/s/ W. Larkin Radney

W. Larkin Radney, *Pro Hac Vice*
Jackson R. Sharman, III, GA Bar No. 637930
Benjamin P. Harmon, GA Bar No. 979043
Harlan I. Prater, *Pro Hac Vice*

M. Christian King, *Pro Hac Vice*
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
Telephone: (205) 581-0700
Email: jsharman@lightfootlaw.com
Email: bharmon@lightfootlaw.com
Email: hprater@lightfootlaw.com
Email: cking@lightfootlaw.com
Email: lradney@lightfootlaw.com


Robert B. Remar, GA Bar No. 600575
Monica P. Witte, GA Bar No. 405952

SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree St. NE, Suite 1000
Atlanta, GA 30309
Telephone (404) 815-3500
Email: rremar@sgrlaw.com
Email: kdambrosio@sgrlaw.com
Email: mwitte@sgrlaw.com


*Counsel for Defendant 3M Company*