# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| EARL PARRIS, JR., individually and on behalf of a Class of persons similarly situated, | ) ) ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action No. 4:21-cv-40-TWT |
| v. | ) | |
| | ) | TRIAL BY JURY REQUESTED |
| 3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL LLC, MOUNT VERNON MILLS, INC, TOWN OF TRION, GEORGIA, and RYAN DEJUAN JARRETT, | ) ) ) ) ) | |
| | ) | |
| *Defendants.* | ) | |

## HUNTSMAN INTERNATIONAL LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO EARL PARRIS, JR.'S SECOND AMENDED COMPLAINT AND TO THE CITY OF SUMMERVILLE'S JOINDER

Defendant Huntsman International LLC ("Huntsman") hereby files it answer

and affirmative defenses to Plaintiff Earl Parris, Jr.'s Second Amended Complaint

(ECF Doc. 280) and to the Joinder filed by Intervenor-Plaintiff City of Summerville

(Doc. 281) (collectively, "Complaint").[1]   Huntsman's answer is based upon its

---

[1] The City of Summerville filed a document entitled "Joinder in Plaintiff's Second Amended Individual and Class Action Complaint." (Doc. 281). While it is not clear from the Joinder whether and to what extent that document is purporting to amend

#3357124v1

investigation to date, and Huntsman reserves the right to amend this answer if and when new information is learned.

## I.
## AFFIRMATIVE DEFENSES

Without assuming any burden of proof it would not otherwise bear, Huntsman hereby asserts the following as affirmative and other defenses to the Complaint:

1.     The Complaint fails to state a claim against Huntsman upon which relief can be granted.

2.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring such claims.

3.     Plaintiff's claims are barred by the applicable statutes of limitations. Plaintiff's claims for damages are barred to the extent Plaintiff's damages, if any, were incurred outside the applicable statutes of limitations.  Such statutes of limitations include a four-year limitations period applying to Plaintiff's claims for damages to property and a two-year limitations period applying to claims for personal injury.

---

Summerville's Complaint in Intervention (Doc. 137), Huntsman incorporates and provides this answer in response to any portions of the Second Amended Complaint that Summerville seeks to adopt or incorporate through its Joinder (Doc. 281).

4.      Plaintiff's claims are barred, in whole or in part, by laches, license, res judicata, acquiescence, release, unclean hands, and/or permit.

5.      Plaintiff's claims are barred, in whole or in part, under the economic-loss doctrine.

6.      Plaintiff's claims are barred, in whole or in part, by the bulk-supplier doctrine, the learned-intermediary doctrine, and/or the sophisticated-user doctrine.

7.      Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver and/or estoppel.

8.      Plaintiff's claims are barred, in whole or in part, by assumption of risk.

9.      Plaintiff's claims are barred, in whole or in part, because Huntsman did not exercise control over the cause of the harm or the discharge alleged.  Plaintiff's claim for abatement of an alleged nuisance is barred because Huntsman does not have control over or access to the property that constitutes the alleged nuisance.

10.     Plaintiff's claims are barred, in whole or in part, because Plaintiff and his proposed class did not suffer special damages.

11.     Plaintiff's claims are barred because Plaintiff's alleged injuries/damages, if any, were not caused by any alleged act or omission by Huntsman.

#3357124v1

12.    Plaintiff's claims are barred because Huntsman owed no duty to Plaintiff.

13.    Plaintiff's claims are barred because Plaintiff's injuries/damages, if any, were caused by superseding, unforeseen, and/or intervening causes.

14.    Plaintiff's claims are barred, in whole or in part, because they are preempted by federal law.

15.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to impose liability based on retroactive application of any law, regulation, standard, and/or guideline.

16.    Plaintiff's claims are barred, in whole or in part, for failure to mitigate damages.

17.    Plaintiff's claims are barred, in whole or in part, by the doctrines of setoff, credit, and/or recoupment.

18.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the United States Constitution and the Georgia Constitution.  Plaintiff's claims for punitive damages are further subject to the limitations and protections contained in O.C.G.A. § 51-12-1, *et seq.*

19.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of repose, including O.C.G.A. § 51-1-11.

4

20.    Plaintiff's claims and any recovery against Huntsman are barred, in whole or in part, by the negligence, fault, conduct, or carelessness of others over whose conduct Huntsman had no control and for whose conduct Huntsman is not responsible.  Any judgment or damages awarded to Plaintiff against Huntsman should be limited to the fault attributable to Huntsman.  Any damages awarded to Plaintiff in this action should be subject to apportionment among any parties or non-parties who are or could be responsible for Plaintiff's injuries or damages.

21.    Plaintiff's claims are barred, in whole or in part, because Huntsman's conduct was in accordance with applicable standards of care under all laws, regulations, and industry practices.

22.    Plaintiff's claims for damages, if any, are barred, in whole or in part, to the extent there was no practical or technically feasible alternative design or formulation that would have prevented the harm to Plaintiff, if any, without substantially impairing the usefulness or intended purpose of the product.

23.    Plaintiff's claim for attorneys' fees is barred because Huntsman has not acted in a manner that gives rise to a claim for attorneys' fees or for the expenses of litigation.

24.    Plaintiff's claims are barred, in whole or in part, by his own contributory negligence.

5

25.    Plaintiff's claims are barred due to the failure to join indispensable parties and real-parties-in-interest.

26.    Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative fault.

27.    Huntsman adopts by reference all affirmative defenses pleaded by other parties as may be applicable to the facts alleged against Huntsman and does not waive or relinquish any other available affirmative defenses.

28.    Plaintiff's claims are barred, in whole or in part, by the prior nuisance or prior trespass doctrines.

29.    Huntsman reserves any actions for contribution or indemnity against such third parties and reserves its right to remedies.

Huntsman at this time lacks sufficient information to set forth all affirmative defenses and hereby reserves the right to assert additional affirmative defenses as facts are discovered throughout this case or to remove affirmative defenses that it later determines are not applicable.

## II.
## ANSWER

## STATEMENT OF THE CASE

1.    This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent required, Huntsman admits that Plaintiff

seeks to bring this action pursuant to Section 505(a)(1) of the federal Clean Water Act, 33 U.S.C. § 1365(a)(1), and that this paragraph describes Plaintiff's legal theories.  To the extent this paragraph contains any allegations directed at Huntsman, Huntsman denies them and denies that Plaintiff is entitled to any relief from Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph directed towards others and therefore denies those allegations.

2.      This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent required, Huntsman admits that Plaintiff seeks to bring this action pursuant to the citizen suit provision of the federal Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), and that this paragraph describes Plaintiff's legal theories.   To the extent this paragraph contains any allegations directed at Huntsman, Huntsman denies them. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 as to the remaining Defendants.

3.      Huntsman admits that Plaintiff seeks to bring this action as a class action.  Huntsman denies that it has caused and continues to cause PFAS to be discharged into Raccoon Creek.  Huntsman denies any remaining allegations against

it in paragraph 3.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 as to the remaining Defendants.

4.    Huntsman admits that Plaintiff seeks to bring this action on behalf of "All water subscribers (ratepayers) with the City of Summerville, Georgia Public Works and Utilities Department." *See* First Am. Compl., ¶ 147.  Huntsman denies the remaining allegations against it in paragraph 4.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 as to the remaining Defendants.

5.    Huntsman admits that Mount Vernon Mills, Inc. ("Mount Vernon") has operated a textile mill in Trion, Georgia.  Huntsman admits that it supplied certain products containing PFAS to Mount Vernon for use in the manufacturing process to provide stain resistance and water resistance to fabrics.  Huntsman admits that these products were sold to Mount Vernon pursuant to its marketing alliance with The Chemours Company ("Chemours") and previously E.I. du Pont de Nemours and Company ("DuPont") and that the base components for these products were perfluoroalkyl substances manufactured by Chemours and DuPont before it. Huntsman denies the remaining allegations against it in paragraph 5.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 as to the remaining Defendants.

#3357124v1

6.     Huntsman admits that it supplied certain products containing PFAS to Mount Vernon.  Huntsman admits that these products were sold to Mount Vernon pursuant to its marketing alliance with Chemours and DuPont and that the base components for these products were perfluoroalkyl substances manufactured by Chemours and DuPont before it.  Huntsman denies the remaining allegations against it in paragraph 6.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 as to the remaining Defendants.

7.     Huntsman admits that paragraph 7 contains Plaintiff's legal theories and requests for relief.  Huntsman denies the allegations against it in paragraph 7 and denies that Plaintiff and the proposed class members are entitled to any of the relief sought against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 as to the remaining Defendants.

## JURISDICTION AND VENUE

8.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

#3357124v1

9.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman admits that Plaintiff has attached Exhibit A to the Complaint, and Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman admits that Plaintiff has attached Exhibit A to the First Amended Complaint, and Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

#3357124v1

13.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks

#3357124v1

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.   Huntsman admits that the Court has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1332(d)(2)(A).  Huntsman denies that there is a certifiable class in this case.

19.   To the extent a response is required, Huntsman denies the allegations asserted against it.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 as to the remaining Defendants.

20.   Huntsman admits that venue is proper in the Northern District of Georgia as to Huntsman.  Huntsman denies that it caused harm to Plaintiff and to members of the putative class residing in this District.  To the extent required, Huntsman denies any remaining allegations in this paragraph.

## PARTIES

21.   Huntsman denies that Raccoon Creek has been and continues to be contaminated with PFAS as a result of any act or omission of Huntsman.  Huntsman denies that Plaintiff has been, and will continue to be, directly and substantially injured in his use and enjoyment of his property as a direct result of Huntsman's violations of the CWA and RCRA (although none are alleged) or the contamination

12

of Raccoon Creek.  Huntsman denies that Plaintiff has been injured or is entitled to any of the relief he seeks.  Huntsman denies that Plaintiff has a special interest in protecting the water quality of Raccoon Creek.  Huntsman denies that it disposed of any solid waste containing PFAS.  Huntsman further denies the allegations in paragraph 21 as to Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21.

22.    This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.    This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.    This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman admits that Mount Vernon Mills, Inc. operates a textile mill in Trion, Georgia.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24.

13

25.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman admits that the Town of Trion is a municipal corporation organized under the laws of the State of Georgia.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25.

26.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks

#3357124v1

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Huntsman admits that it is a foreign corporation authorized to do business in the State of Georgia and was conducting business in this District. Huntsman admits that it has supplied certain products containing PFAS to Mount Vernon Mills.  Huntsman admits that Ciba Specialty Chemicals Holding, Inc. was the predecessor entity that supplied products to Mount Vernon Mills.  Huntsman denies the remaining allegations in paragraph 30.

31.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     Huntsman admits that DuPont has manufactured and supplied certain products containing PFAS to Huntsman and that Huntsman sold PFAS-containing products to Mount Vernon that were based on or comprised of the products manufactured and supplied by DuPont.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     Huntsman admits that Chemours has manufactured and supplied certain products containing PFAS to Huntsman and that Huntsman sold PFAS-containing

#3357124v1

products to Mount Vernon that were based on or comprised of the products manufactured and supplied by Chemours.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

## FACTUAL ALLEGATIONS

**Mount Vernon's Discharges of PFAS to Trion WPCP[2]**

34.    Huntsman admits that Mount Vernon has operated a textile mill in Trion, Georgia.  Huntsman admits that it has supplied certain products containing PFAS to Mount Vernon for use in the manufacturing process to provide stain resistance and water resistance to fabrics.   Huntsman denies the remaining allegations contained in paragraph 34 as to Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34.

35.    Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.    This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks

---

[2] For ease of reference, Huntsman includes the headings from Plaintiff's Second Amended Complaint.  To the extent required, Huntsman denies any and allegations made in the headings of the Second Amended Complaint.

#3357124v1

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

**Persistence and Toxicity of PFAS**

39.     Huntsman admits that per- and polyfluoroalkyl substances are man-made chemicals and that certain PFAS have stable carbon-fluorine bonds and are used to treat textiles to confer stain, soil, water, and/or oil resistance.  Huntsman admits that certain PFAS have a wide variety of industrial and commercial applications.  Huntsman denies any allegations against it in paragraph 38.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39.

#3357124v1

40.    Huntsman admits that certain PFAS have stable carbon-fluorine bonds. Huntsman admits that certain PFAS may persist in the environment.   Huntsman denies that PFAS do not biodegrade.  Huntsman denies any allegations against it in paragraph 40.  Huntsman lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 40.

41.    Huntsman does not have sufficient information to form a belief on whether Perfluorooctanoic Acid ("PFOA") and Perfluorooctanesulfonic Acid ("PFOS") "are the most studied PFAS," but Huntsman admits that PFOA and PFOS have been studied and appear capable of persistence.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41.

42.    Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.    Huntsman admits that the C8 Science Panel conducted certain studies related to PFOA and that the panel issued "C8 Probable Link Reports." Huntsman denies that the allegations in paragraph 43 accurately state or describe any reports or findings of the C8 Science Panel.  Huntsman denies any remaining allegations in paragraph 43.

#3357124v1

44.     Huntsman admits that the C8 Science Panel conducted certain studies related to PFOA and that the panel issued "C8 Probable Link Reports." Huntsman denies that the allegations in paragraph 44 accurately state or describe any reports or findings of the C8 Science Panel.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44.

45.     Huntsman admits that the International Agency for Research on Cancer ("IARC") has designated PFOA as being "possibly carcinogenic to humans" based on limited epidemiologic evidence and that the EPA stated there is suggestive evidence of carcinogenic potential for PFOA.   Huntsman denies any remaining allegations in paragraph 45.

46.     Huntsman admits that the United States Department of Health and Human Service's National Toxicology Program ("NTP") conducted a study on PFOA and PFOS.  Huntsman denies that the allegations in paragraph 46 accurately state or describe the NTP study.   Huntsman denies any remaining allegations in paragraph 46.

47.     Huntsman admits that the EPA published non-enforceable and non-regulatory lifetime health advisories for PFOA and PFOS in 2016.  Huntsman admits that the advisory for PFOA was 0.07 micrograms/liter.  Huntsman admits that the

advisory for PFOS was 0.07 micrograms/liter.   Huntsman denies any remaining allegations in paragraph 47.

48.     Huntsman denies that the allegations in paragraph 48 completely and accurately state or describe the studies or report upon which the EPA based its PFOA and PFOS health advisories.   Huntsman denies any remaining allegations in paragraph 48.

49.     Huntsman admits that the EPA published non-enforceable and non-regulatory lifetime health advisories for PFOA and PFOS in 2016.  Huntsman denies that the allegations in paragraph 49 completely and accurately state or describe the content of those advisories.  Huntsman denies the allegations in paragraph 49 to the extent they are inconsistent with those advisories.

50.     Huntsman admits that the Agency for Toxic Substances and Disease Registry ("ATSDR") issued an updated draft Toxicological Profile for Perfluoroalkyls in 2018.   Huntsman denies that the allegations in paragraph 50 completely and accurately state or describe the content of the draft Toxicological Profile.   Huntsman denies the allegations in paragraph 50 to the extent they are inconsistent with the draft Toxicological Profile.

51.     Huntsman admits that the Agency for Toxic Substances and Disease Registry ("ATSDR") issued an updated draft Toxicological Profile for

#3357124v1

Perfluoroalkyls in 2018.   Huntsman denies that the allegations in paragraph 51 completely and accurately state or describe the content of the draft Toxicological Profile.   Huntsman denies the allegations in paragraph 51 to the extent they are inconsistent with the draft Toxicological Profile.

52.    Huntsman admits that certain states have issued or adopted regulatory guidance concerning levels for PFOA and/or PFOS in drinking water that are lower than the EPA health advisory levels.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52.

53.    Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.    Huntsman admits that Section 7321 of the National Defense Authorization Act for Fiscal Year 2020 ("NDAA") added 172 PFAS to the list of chemicals covered by the Toxics Release Inventory ("TRI") under Section 313 of the Emergency Planning and Community Right to Know Act ("EPCRA"). Huntsman denies any remaining allegations in paragraph 54.

**Defendants' Knowledge of the Toxicity and Persistence of PFAS**

55.    Huntsman denies the allegations directed against it in paragraph 55. Huntsman lacks knowledge or information sufficient to form a belief as to the truth

of the remaining allegations directed against other Defendants in paragraph 55.

56.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.     Huntsman denies the first sentence of paragraph 58 as to Huntsman's knowledge.  Huntsman denies any remaining allegations in paragraph 58 that are directed at it.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58.

59.     Huntsman denies the first sentence of paragraph 59 as to Huntsman's knowledge.  Huntsman denies any remaining allegations in paragraph 59 that are directed at it.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59.

60.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

#3357124v1

61.     Huntsman denies the first sentence of paragraph 61 as to Huntsman's knowledge.  Huntsman denies any remaining allegations in paragraph 61 that are directed at it.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61.

62.     Huntsman denies the first sentence of paragraph 62 as to Huntsman's knowledge.  Huntsman denies any remaining allegations in paragraph 62 that are directed at it.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62.

63.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64.     Huntsman admits that it has supplied certain products containing PFAS to certain customers in the textile industry since 2006.  Huntsman admits that DuPont provided certain information to Huntsman regarding PFAS.  Huntsman lacks sufficient knowledge or information regarding whether DuPont supplied "available" information.  Huntsman denies the remaining allegations in paragraph 64.

65.     Huntsman admits that it has supplied certain products containing PFAS to certain customers in the textile industry since 2006 when it acquired the textile effects business of Ciba Specialty Chemicals Holding Inc.  Huntsman admits that DuPont sold PFAS-containing products to Huntsman and that Huntsman generally

sold these products under Huntsman's branding either as resale products that were not modified or as formulated products that were combined with other non-PFAS products. Some of these PFAS-containing products were further reacted by Huntsman to create intermediate products before sale to end users such as Mount Vernon. Huntsman denies the remaining allegations in paragraph 65.

66.    This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67.    This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68.    This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.    This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

#3357124v1

74.    This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.    Huntsman admits that DuPont licensed the use of its trademark Teflon for use in the textile industry.  Huntsman admits that DuPont provided Huntsman with technical and performance information concerning products containing PFAS that DuPont sold to Huntsman.  Huntsman admits that it has utilized DuPont products with the tradename Zonyl.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 75.

76.    Huntsman admits that in 2007, Huntsman acquired from DuPont a segment of the Zonyl product line used exclusively on nonwoven textile products. Huntsman admits that DuPont has manufactured and supplied certain products containing PFAS to Huntsman and that Huntsman sold PFAS-containing products to Mount Vernon that were based on or comprised of the products manufactured and supplied by DuPont until 2015.  Huntsman denies the remaining allegations in paragraph 76.

#3357124v1

77.    This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.    Huntsman admits that Chemours has manufactured and supplied certain products containing PFAS to Huntsman and that Huntsman sold PFAS-containing products to Mount Vernon that were based on or comprised of the products manufactured and supplied by Chemours.   Huntsman denies the remaining allegations in paragraph 78.

79.    Huntsman admits that Chemours licensed the use of its trademark Teflon for use in the textile industry.  Huntsman admits that Chemours provided Huntsman with technical and performance information concerning products containing PFAS that Chemours sold to Huntsman.  Huntsman admits that it has utilized products with Chemours tradenames.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79.

80.    This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81.     Huntsman admits that the EPA published certain Significant New Use Rules in 2002 concerning PFOA and PFOS.  Huntsman admits that "Short-Chain" PFAS (i.e., PFAS with six or fewer carbon atoms) exist.  Huntsman denies any allegations in this paragraph directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81.

82.     Huntsman denies the allegations in paragraph 82 directed against it. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82, including those directed at other Defendants.

83.     Huntsman denies the allegations in paragraph 83 directed against it. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83, including those directed at other Defendants.

84.     Huntsman denies the allegations in paragraph 84 directed against it. Huntsman lacks knowledge or information sufficient to form a belief as to the truth

of the remaining allegations in paragraph 84, including those directed at other Defendants.

85.     Huntsman denies the allegations in paragraph 85 directed against it. Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85, including those directed at other Defendants.

**Contamination of Raccoon Creek and City of Summerville Water Supply with PFAS**

86.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the in paragraph 86.

87.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

98.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

99.     Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

100.    Huntsman denies the allegations in paragraph 100 directed against it and that allege that Plaintiff and the proposed class suffered damages as a result of any act or omission by Huntsman.  Huntsman lacks knowledge or information

#3357124v1

sufficient to form a belief as to the truth of the remaining allegations in paragraph 100, including those directed at other Defendants.

101.   Huntsman denies the allegations in paragraph 101 directed against it and that allege that Plaintiff and the proposed class suffered damages as a result of any act or omission by Huntsman.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 101, including those directed at other Defendants.

102.   Huntsman denies the allegations in paragraph 102 directed against it and that allege that Plaintiff and the proposed class suffered damages as a result of any act or omission by Huntsman.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 102, including those directed at other Defendants.

## COUNT ONE:
### DEFENDANTS TRION AND JARRETT'S DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT

103.   Huntsman incorporates its responses to paragraphs 1 to 102 of the Complaint as if fully set forth herein.

104.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks

#3357124v1

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104.

105.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105.

106.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106.

107.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107.

108.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.

#3357124v1

109.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.

110.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111.

112.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112.

113.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks

#3357124v1

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

114.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114.

115.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115.

116.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116.

## COUNT TWO: DEFENDANT TRION'S VIOLATIONS OF ITS NPDES PERMIT, THE GEORGIA WATER QUALITY CONTROL ACT, AND THE CLEAN WATER ACT

117.   Huntsman incorporates its responses to paragraphs 1 to 116 of the Complaint as if fully set forth herein.

#3357124v1

118.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

119.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

121.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121.

122.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122.

123.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123.

124.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124.

125.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125.

126.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126.

127.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127.

**COUNT THREE: DEFENDANT TRION'S VIOLATIONS OF ITS NPDES PERMIT, THE GEORGIA WATER QUALITY CONTROL ACT, AND THE CLEAN WATER ACT**

128.   Huntsman incorporates its responses to paragraphs 1 to 127 of the Complaint as if fully set forth herein.

129.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129.

130.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130.

131.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks

37

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131.

132. This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132.

133. This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133.

134. This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

135. This paragraph does not contain allegations against Huntsman and, as such, no response is required. To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135.

136.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136.

137.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137.

138.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138.

139.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139.

140.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140.

141.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141.

142.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142.

143.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143.

144.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144.

#3357124v1

145.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145.

146.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146.

## COUNT FOUR:
## RCRA IMMINENT AND SUBSTANTIAL ENDANGERMENT CREATED BY DEFENDANTS MOUNT VERNON, TRION, AND JARRETT

147.   Huntsman incorporates its responses to paragraphs 1 to 146 of the Complaint as if fully set forth herein.

148.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148.

149.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149.

150.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150.

151.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151.

152.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152.

153.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153.

#3357124v1

154.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent this paragraph directs allegations at Huntsman, those allegations are denied.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 154.

155.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155.

## CLASS ALLEGATIONS FOR STATE LAW CLAIMS

156.   Huntsman incorporates its responses to paragraphs 1 to 155 of the Complaint as if fully set forth herein.

157.   Huntsman admits that Plaintiff brings his state law claims as a putative class action pursuant to Federal Rule of Civil Procedure 23.  Huntsman denies that Plaintiff's action satisfies the requirements of Federal Rules 23(a) & 23(b)(3) and that this action is otherwise appropriate for class action treatment.  Huntsman denies any remaining allegations in paragraph 157.

158.   Huntsman denies the allegations contained in paragraph 158.

159.   Huntsman admits that Plaintiff brings a putative class action on behalf of the proposed class alleged in paragraph 159.  Huntsman denies that this action is appropriate for class action treatment.  Huntsman denies any remaining allegations.

160.   Huntsman admits that Plaintiff's proposed class excludes the categories of persons listed in subparagraphs 160(a)-(e).  Huntsman denies that this action is appropriate for class action treatment.  Huntsman denies any remaining allegations.

161.   Huntsman admits that paragraph 161 includes Plaintiff's reservation of rights to amend or modify his proposed class.  To the extent further response is necessary, Huntsman denies that this action is appropriate for class action treatment and, as such, denies that Plaintiff should be permitted to amend or modify his proposed class.  Huntsman denies any remaining allegations.

**Numerosity**

162.   Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size.  Huntsman denies that this action is appropriate for class action treatment.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that the number of his proposed class "probably exceeds 11,000 people (over 4,000 service connections)." Huntsman denies any remaining allegations.

#3357124v1

163.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163.

## **Typicality**

164.   Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size.  Huntsman denies that this action is appropriate for class action treatment.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that he is a water subscriber and a property owner.  Huntsman denies any remaining allegations.

## **Adequate Representation**

165.   Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size.  Huntsman denies that this action is appropriate for class action treatment.  Huntsman denies any allegations directed against it in this paragraph.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

166.   Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size.  Huntsman denies that this action is appropriate for class action treatment.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

#3357124v1

## **Predominance of Common Questions of Law and Fact**

167.    Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size.  Huntsman denies that this action is appropriate for class action treatment.  Huntsman denies that common questions of fact and law among the Representative Plaintiffs and Proposed Class Members predominate over questions affecting only individual Class Members.  Huntsman denies any remaining allegations in paragraph 167, including subparts (a)-(m).

168.    Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size.  Huntsman denies that this action is appropriate for class action treatment.  Huntsman denies that common questions of fact and law among the Representative Plaintiffs and Proposed Class Members predominate over questions affecting only individual Class Members.  Huntsman denies that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Huntsman denies any remaining allegations.

169.    Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size.  Huntsman denies that this action is appropriate for class action treatment.  Huntsman denies that common questions of fact and law among the Representative Plaintiffs and Proposed Class Members predominate over questions affecting only individual Class Members.

#3357124v1

## **Fed. R. Civ. P. 23(a) and 23(b)(2) Injunctive or Declaratory Relief**

170.   Huntsman admits that Plaintiff seeks to bring a class action requesting injunctive and declaratory relief.  Huntsman denies that this action is appropriate for class action treatment and denies that Plaintiff or his proposed class is entitled to the relief sought against Huntsman.  Huntsman denies any remaining allegations.

## **Superiority**

171.   Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size.  Huntsman denies that this action is appropriate for class action treatment.  Huntsman denies that class action treatment is a superior method to other available methods for fairly and effectively adjudicating the controversy.  Huntsman denies that certification would be proper for the reasons Plaintiff describes in paragraph 171.  Huntsman denies any remaining allegations.

172.   Huntsman admits that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size.  Huntsman denies that this action is appropriate for class action treatment.  Huntsman denies that class action treatment is preferable to other available methods of fairly and efficiently adjudicating the controversy.  Huntsman denies any remaining allegations.

#3357124v1

## COUNT FIVE:
## NEGLIGENCE
## (PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)

173.   Huntsman incorporates its responses to paragraphs 1 to 172 of the Complaint as if fully set forth herein.

174.   Huntsman denies the allegations in paragraph 174 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

175.   Huntsman denies the allegations in paragraph 175 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

176.   Huntsman denies the allegations in paragraph 176 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

177.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177.

178.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks

#3357124v1

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178.

179.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179.

180.   Huntsman denies the allegations in paragraph 180 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

181.   Huntsman denies the allegations in paragraph 181 directed against Huntsman and denies that Plaintiff or his proposed class suffered damages as a result of any act or omission by Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

**COUNT SIX:**
**NEGLIGENCE PER SE**
**(MOUNT VERNON MILLS)**

182.   Huntsman incorporates its responses to paragraphs 1 to 181 of the Complaint as if fully set forth herein.

183.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183.

184.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184.

185.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185.

186.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186.

187.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187.

## COUNT SEVEN:
## NEGLIGENT FAILURE TO WARN
## (PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)

188.   Huntsman incorporates its responses to paragraphs 1 to 187 of the Complaint as if fully set forth herein.

189.   Huntsman denies the allegations in paragraph 189 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

190.   Huntsman denies the allegations in paragraph 190 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

191.   Huntsman denies the allegations in paragraph 191 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

192.   Huntsman denies the allegations in paragraph 192 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

193.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193.

194.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194.

195.   This paragraph does not contain allegations against Huntsman and, as such, no response is required.  To the extent a response is required, Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195.

196.   Huntsman denies the allegations in paragraph 196 directed against Huntsman and denies that Plaintiff or his proposed class suffered injuries as a result of any act or omission by Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

#3357124v1

197.   Huntsman denies the allegations in paragraph 197 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

198.   Huntsman denies the allegations in paragraph 198 directed against Huntsman and denies that Plaintiff or his proposed class suffered damages as a result of any act or omission by Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

## COUNT EIGHT:
## WANTON CONDUCT AND PUNITIVE DAMAGES
## (PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)

199.   Huntsman incorporates its responses to paragraphs 1 to 198 of the Complaint as if fully set forth herein.

200.   Huntsman denies the allegations in paragraph 200 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

201.   Huntsman denies the allegations in paragraph 201 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

202.   Huntsman denies the allegations in paragraph 202 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

203.   Huntsman denies the allegations in paragraph 203 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

204.   Huntsman denies the allegations in paragraph 204 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

205.   Huntsman denies the allegations in paragraph 205 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

206.   Huntsman denies the allegations in paragraph 206 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

## COUNT NINE:
## PUBLIC NUISANCE/DAMAGES
## (ALL DEFENDANTS EXCEPT TRION AND JARRETT)

207.   Huntsman incorporates its responses to paragraphs 1 to 206 of the Complaint as if fully set forth herein.

#3357124v1

208.   Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 208.

209.   Huntsman denies the allegations in paragraph 209 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

210.   Huntsman denies the allegations in paragraph 210 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

211.   Huntsman denies the allegations in paragraph 211 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

212.   Huntsman denies the allegations in paragraph 212 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

213.   Huntsman denies the allegations in paragraph 213 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

214.   Huntsman denies the allegations in paragraph 214 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

215.   Huntsman denies the allegations in paragraph 215 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

216.   Huntsman denies the allegations in paragraph 216 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

## COUNT TEN:
## ABATEMENT OF PUBLIC NUISANCE
## (ALL DEFENDANTS)

217.   Huntsman incorporates its response to paragraph 1 to 216 of the Complaint as if fully set forth herein.

218.   Huntsman denies the allegations in paragraph 218 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

219.   Huntsman denies the allegations in paragraph 219 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

220.   Huntsman admits that Plaintiff seeks the relief requested in paragraph 220 but denies that Plaintiff or his proposed class is entitled to the relief requested. Huntsman denies the remaining allegations in paragraph 220 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

221.   Huntsman admits that Plaintiff seeks the relief requested in paragraph 221 but denies that Plaintiff or his proposed class is entitled to the relief requested. Huntsman denies the remaining allegations in paragraph 221 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

222.   Huntsman denies the allegations in paragraph 222 directed against Huntsman.  Huntsman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against other Defendants.

## RELIEF REQUESTED

Huntsman denies the allegations contained in this section of the Complaint, including subparagraphs (a)-(q).  Huntsman denies that Plaintiff or his proposed class is entitled to the relief requested in this section.  Unless specifically admitted in this Answer, Huntsman denies any allegations contained in the Complaint.

#3357124v1

# III.
# CONCLUSION AND PRAYER

WHEREFORE, Defendant Huntsman International LLC respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint against it, award costs, fees, and expenses of litigation to Huntsman, and grant such other relief to Huntsman as the Court deems equitable and just.

Respectfully submitted this 5th day of December, 2022.

/s/ *Benjamin E. Fox*
Benjamin E. Fox
Georgia Bar. No. 329427
fox@bmelaw.com
Laurie Ann Taylor
Georgia Bar No. 170118
ltaylor@bmelaw.com
BONDURANT, MIXSON & ELMORE, LLP
1201 W. PEACHTREE ST. NW, STE. 3900
Atlanta, Georgia 30308
Facsimile: (404) 881-4111
Telephone: (404) 881-4100

**COUNSEL IN CHARGE FOR**
**DEFENDANT HUNTSMAN**
**INTERNATIONAL LLC**

#3357124v1

**OF COUNSEL:**

Jean Frizzell (*Pro Hac Vice*)
jfrizzell@reynoldsfrizzell.com
Solace Kirkland Southwick (*Pro Hac Vice*)
ssouthwick@reynoldsfrizzell.com
Zach Burford (*Pro Hac Vice*)
zburford@reynoldsfrizzell.com
Insiya Aziz (*Pro Hac Vice*)
iaziz@reynoldsfrizzell.com
REYNOLDS FRIZZELL LLP
1100 Louisiana Street, Suite 3500
Houston, Texas 77002
Telephone: (713) 485-7200
Facsimile: (713) 485-7250

**ATTORNEYS FOR DEFENDANT
HUNTSMAN INTERNATIONAL LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2022, the within and foregoing

**HUNTSMAN INTERNATIONAL LLC'S ANSWER AND AFFIRMATIVE**

**DEFENSES TO EARL PARRIS, JR.'S SECOND AMENDED COMPLAINT**

**AND TO THE CITY OF SUMMERVILLE'S JOINDER** was electronically filed

with the Clerk of Court using the CM/ECF system, which automatically provides

notification of such filing to all counsel of record.

/s/ Benjamin E. Fox
Benjamin E. Fox
Ga. Bar No. 329427
fox@bmelaw.com

**Attorney for Defendant Huntsman**
**International LLC**