IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

|  |  |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a class of persons similarly situated, | |
| Plaintiff, | Case No. 4:21-CV-00040-TWT |
| CITY OF SUMMERVILLE, GEORGIA | Hon. Thomas W. Thrash Jr. |
| Intervenor-Plaintiff | |
| v. | |
| 3M COMPANY, et al., | |
| Defendants. | |

## THE CHEMOURS COMPANY'S ANSWER TO PLAINTIFF'S SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT

Defendant The Chemours Company ("Chemours") hereby answers the

Second Amended Individual and Class Action Complaint by Plaintiff Earl Parris,

Jr., individually and as representative of the putative class ("Plaintiff"), as follows:

## STATEMENT OF THE CASE[1]

1.      These allegations relate to events prior to Chemours' existence, and a response is not required from Chemours.  To the extent a response is required, this paragraph is a description of Plaintiff's claims and theories of liability and therefore requires no response.  To the extent there are allegations in this paragraph asserted against Chemours, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

2.      This paragraph is a description of Plaintiff's claims and theories of liability and therefore requires no response.  To the extent there are allegations in this paragraph asserted against Chemours, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

3.      This paragraph is a description of Plaintiff's claims and theories of liability and therefore requires no response.  To the extent there are allegations in this paragraph asserted against Chemours, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

---

[1] Chemours's Answer includes the subheadings found within Plaintiff's Second Amended Individual and Class Action Complaint for ease of reference.  Chemours denies any legal conclusions or characteristics of fact contained within the subheadings.

4.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

5.     Denied as to Chemours.   Chemours specifically denies that it discharged PFAS into the Raccoon Creek watershed and any other water supply of the City of Summerville.   Chemours further denies that it provided any FPAS-containing products to Mount Vernon.   Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

6.     Denied as to Chemours.   Chemours specifically denies that it provided any PFAS-containing products to Mount Vernon.   Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

7.     This paragraph contains a description of Plaintiff's claims and theories of liability and therefore requires no response.   To the extent a response is necessary, denied as to Chemours.   Chemours specifically denies that is committed any misconduct or harmed or injured Plaintiff.   Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

## JURISDICTION AND VENUE

8.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

9.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

10.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

11.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

12.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

13.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

14.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

15.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

16.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

17.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

18.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

19.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

20.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

## PARTIES

21.     Chemours is without sufficient information to admit or deny the allegations of this paragraph pertaining to Plaintiff's residency and therefore denies them.  Chemours is without sufficient information to admit or deny the allegations of this paragraph pertaining to Plaintiff's status as a customer of the City of Summerville Public Works and Utility Department and therefore denies them. Chemours is without sufficient information to admit or deny the allegations of this paragraph pertaining to the City of Summerville's water supply and potable water. The remaining allegations of this paragraph are denied as to Chemours.  Chemours specifically denies that it disposed "of solid waste containing PFAS".  Chemours is

without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

22.    This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

23.    This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

24.    The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

25.    The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

26.    This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

27.    This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

28.    The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

29.    The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

30.    The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary,

Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

31.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

32.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

33.     Chemours admits that it is a corporation with its principal place of business in Delaware and that it is registered to do business in the State of Georgia. The remaining allegations of this paragraph pertaining to Chemours are denied.

## FACTUAL ALLEGATIONS

**Mount Vernon's Discharges of PFAS to Trion WPCP**

34.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

35.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

36.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

37.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

38.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

**Presence and Toxicity of PFAS**

39.    Admitted only that certain PFAS are chemically stable and can persist in the environment under certain circumstances. The remaining allegations of this paragraph are denied as stated as to Chemours. Chemours is without sufficient information to admit or deny the remaining allegations of this paragraph as to the other defendants and therefore denies them.

40.    Admitted only that certain PFAS can persist in the environment under certain circumstances and may be absorbed by certain biota. Chemours is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies them.

41.    Admitted only that PFOA and PFOS have largely been phased out by industry.  Chemours is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies them.

42.    Admitted only that certain PFAS may be ingested by humans. Chemours is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies them.

43.    These allegations relate to events prior to Chemours' existence and a response is not required from Chemours.  To the extent a response is required, admitted only that the C8 Science Panel was established pursuant to the terms of the *Leach* class action settlement agreement.   To the extent these allegations mischaracterize the specific terms of the Leach class action settlement agreement and the reports of the C8 Science Panel, they are denied.  Denied to the extent that the allegations of this paragraph do not accurately state in full context and further denied to the extent the allegations of this paragraph are inconsistent with those Reports.  Any remaining allegations in this paragraph are denied as stated.

44.    These allegations relate to events prior to Chemours' existence and a response is not required from Chemours.  To the extent a response is required, admitted only that the C8 Science Panel conducted certain as specified and limited by the terms of the *Leach* class action settlement agreement, and issued "C8 Probable Link Reports".  Denied to the extent that the allegations of this paragraph do not accurately state those Reports in full context and further denied to the extent the allegations of this paragraph are inconsistent with those Reports.  Admitted only that

in 2006, a science advisory board recommended that the EPA classify PFOA as a carcinogen, although the EPA has not classified PFOA as to its carcinogenicity. Any agency publications speak for themselves, and the allegations are denied to the extent that the allegations of this paragraph do not accurately describe the 2006 report in full context and further denied to the extent the allegations of this paragraph are inconsistent with that recommendation.  Any remaining allegations in this paragraph are denied as stated.

45.    Admitted as to the classification of PFOA by IARC, and that EPA's Guideline for Carcinogenic Risk Assessment (US EPA 2005) stated there is suggestive evidence of carcinogenic potential for PFOA.  Any agency publications speak for themselves and the allegations are denied to the extent the allegations of this paragraph are inconsistent with agency publications or do not accurately describe the full context of the statements pulled from those publications.  Any remaining allegations in this paragraph are denied as stated.

46.    These allegations relate to events prior to Chemours' existence and a response is not required from Chemours.  To the extent a response is required, this paragraph purports to summarize a study by the NTP that speaks for itself.  Chemours denies the allegations in this paragraph to the extent they do not accurately

describe the referenced study in full context and further denies the allegations of this paragraph to the extent they are inconsistent with the study.

47.     These allegations relate to events prior to Chemours' existence and a response is not required from Chemours.  To the extent a response is required, admitted that the EPA released lifetime health advisories for PFOA and PFOS in 2016, that the PFOA advisory was .07 µg/L (.07 ppb), and that the PFOS advisory was .07 µg/L (.07 ppb).  Denied to the extent the allegations of this paragraph are inconsistent with or mischaracterize that advisory.

48.     Admitted that the EPA released lifetime health advisories for PFOA and PFOS in 2016.  Denied to the extent that the allegations of this paragraph do not accurately describe those advisories in full context and further denied to the extent the allegations of this paragraph are inconsistent with those advisories.

49.     Admitted that the EPA released lifetime health advisories for PFOA and PFOS in 2016.  Denied to the extent that the allegations of this paragraph do not accurately describe those advisories in full context and further denied to the extent the allegations of this paragraph are inconsistent with those advisories.

50.     This paragraph references a draft Toxicological Profile for Perfluoroalkyls that speaks for itself.  Chemours denies any allegations of this paragraph purporting to describe the findings in the Profile that are inconsistent with

that Profile or do not describe the full context of those findings.  Chemours denies the remaining allegations of this paragraph as stated.

51.    This paragraph references a draft Toxicological Profile that speaks for itself.  Chemours denies any allegations of this paragraph to the extent they are inconsistent with that Profile.  Chemours denies the remaining allegations of this paragraph as stated.

52.    Admitted only that certain states have adopted regulatory guidance or levels for PFOA and PFOS that are lower than the 2016 EPA lifetime health advisories.  Denied to the extent the allegations of this paragraph are inconsistent with those regulatory levels or guidance.

53.    Chemours is without sufficient information to admit or deny the allegations of this paragraph as this paragraph does not identify the referenced studies and, therefore, this paragraph is denied.

54.    This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, Chemours denies any and all allegations directed at Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

**Defendants' Knowledge of the Toxicity and Persistence of PFAS**

55.     Denied as to Chemours.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies them.

56.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

57.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

58.     Denied as to Chemours's alleged knowledge.  This paragraph quotes from and/or characterizes certain documents or studies which speak for themselves within the appropriate context; without these documents or studies, however, Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies the same.  Chemours lacks knowledge or information sufficient to form a belief as to

the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

59.    Denied as to Chemours's alleged knowledge.  This paragraph quotes from and/or characterizes certain documents or studies which speak for themselves within the appropriate context; without these documents or studies, however, Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies the same.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

60.    The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

61.    Denied as to Chemours's alleged knowledge.  This paragraph quotes from and/or characterizes certain documents or studies which speak for themselves within the appropriate context; without these documents or studies, however, Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies the

same.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

62.    Denied as to Chemours's alleged knowledge.  This paragraph quotes from and/or characterizes certain documents or studies which speak for themselves within the appropriate context; without these documents or studies, however, Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies the same.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

63.    The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

64.    The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

65.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

66.      The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

67.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

68.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

69.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary,

Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

70.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

71.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

72.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

73.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

74.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

75.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

76.     The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

77.     Admitted only that DuPont created a new publicly held company pursuant to a spinoff that was completed July 1. 2015.  The remaining allegation pertain to a company other than Chemours and no response is required.

78.     Chemours admits that it continues to manufacture and supply Defendant Huntsman with certain textile chemistries.  No PFOS or PFOA was used in producing this chemistry; however, it may be possible that trace amounts of PFOA were an unintended byproduct in some instances.   Chemours lacks knowledge or

information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.  Any remaining allegations in this paragraph are denied as stated as to Chemours.

79.    Chemours admits that it has licensed the use of Teflon™ to Defendant Huntsman and provided Defendant Huntsman with performance specifications related to Defendant Huntsman's use of the Teflon™ license.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.  Any remaining allegations in this paragraph are denied as stated as to Chemours.

80.    The allegations of this paragraph are directed at a defendant other than Chemours and therefore require no response.  To the extent a response is necessary, Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

81.    Denied as to Chemours.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

82.    Denied as to Chemours.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

83.    Denied as to Chemours.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

84.    Denied as to Chemours.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

85.    Denied as to Chemours.  Chemours lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

## Contamination of Raccoon Creek and City of Summerville Water Supply with PFAS

86.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

87.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

88.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

89.    Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

90.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

91.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

92.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

93.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

94.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

95.     Denied as to Chemours.  Chemours is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies them.

96.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

97.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

98.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, Chemours is without sufficient

information to admit or deny the allegations of this paragraph and therefore denies them.

99.     Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

100.   Denied.

101.   Denied.

102.   Denied.

**COUNT ONE:**
**DEFENDANT TRION'S DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT**

103.   Chemours adopts and incorporates by references its responses to Paragraphs 1 though 102 as it restated therein.

104.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

105.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

106.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

107.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

108.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

109.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

110.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

111.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

112.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

113.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

114.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

115.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

116.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

## COUNT TWO:  DEFENDANT TRION'S VIOLATIONS OF ITS NPDES PERMIT, THE GEORGIA WATER QUALITY CONTROL ACT, AND THE CLEAN WATER ACT

117.   Chemours adopts and incorporates by references its responses to Paragraphs 1 through 116 as it restated therein.

118.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

119.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

120.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

121.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

122.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

123.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

124.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

125.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

126.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

127.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

## COUNT THREE:
## DEFENDANT MOUNT VERNON MILLS' VIOLATIONS OF FEDERAL PROHIBITIONS, SEWER USE RULES AND REGULATIONS, AND THE CLEAN WATER ACT

128.   Chemours adopts and incorporates by references its responses to Paragraphs 1 through 127 as if restated therein.

129.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

130.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

131.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

132.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

133.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

134.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

135.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

136.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

137.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

138.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

139.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

140.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

141.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

142.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

143.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

144.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

145.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

146.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

## COUNT FOUR:
## RCRA IMMINENT AND SUBSTANTIAL ENDANGERMENT CREATED BY DEFENDANTS MOUNT VERNON AND TRION

147.   Chemours adopts and incorporates by references its responses to Paragraphs 1 through 146 as if restated therein.

148.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

149.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

150.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

151.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

152.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

153.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

154.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

155.   This paragraph is not directed to Chemours, and therefore no response is required.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

## CLASS ALLEGATIONS FOR STATE LAW CLAIMS

156.   Chemours incorporates by references its responses to Paragraphs 1 through 155 as it restated therein.

157.   This paragraph is a description of Plaintiff's claims and theories of liability and therefore requires no response.  To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons but denied that Plaintiff satisfies the legal requirements for doing so.  Any remaining allegations in this paragraph are denied.

158.   Chemours is without sufficient information to admit or deny the allegations of this paragraph pertaining to Plaintiff's status or the status of any proposed class members as water subscribers or ratepayers with the City of Summerville and therefore denies them.   The remaining allegations of this paragraph are denied as to Chemours.  Chemours specifically denies that it harmed,

injured, or damaged Plaintiff or any proposed class members, that it contaminated any "drinking water" or that it caused Plaintiff or any proposed class members to pay "surcharges."

159.   This paragraph is a description of Plaintiff's claims regarding the proposed class and therefore requires no response.  To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons but denied that Plaintiff satisfies the legal requirements for doing so.  Any remaining allegations in this paragraph are denied.

160.   This paragraph is a description of individuals who would be excluded from Plaintiff's proposed class and therefore requires no response.  To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons but denied that Plaintiff satisfies the legal requirements for doing so.  Any remaining allegations in this paragraph are denied.

161.   This paragraph is Plaintiff's reservation of his right to modify or amend his proposed class definition and therefore requires no response.  To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons but denied that Plaintiff satisfies the legal requirements for doing so.  Any remaining allegations in this paragraph are denied.

**<u>Numerosity</u>**

162.   This paragraph is a description of Plaintiff's claims regarding a proposed class and therefore requires no response.   To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size but denied that Plaintiff satisfies the legal requirements for doing so.   Further denied that the separate joinder of each proposed class members would be impractical.   Any remaining allegations in this paragraph are denied.

163.   This paragraph is a description of Plaintiff's claims regarding a proposed class and therefore requires no response.   To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size but denied that Plaintiff satisfies the legal requirements for doing so.   Further denied that those persons are readily identifiable.   Any remaining allegations in this paragraph are denied.

**<u>Typicality</u>**

164.   This paragraph is a description of Plaintiff's claims regarding a proposed class and therefore requires no response.   To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size but denied that Plaintiff satisfies the legal requirements for

doing so.  Further denied that Plaintiff's injuries, if any, are typical of the proposed class.  Any remaining allegations in this paragraph are denied.

## Adequate Representation

165.  This paragraph is a description of Plaintiff's claims regarding a proposed class and therefore requires no response.  To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size but denied that Plaintiff satisfies the legal requirements for doing so.  Further denied that Plaintiff can fairly and adequately represent the interests of all members of the proposed class and that all members of the proposed class are similarly damages or seeking the same remedies.  Any remaining allegations in this paragraph are denied.

166.  This paragraph is a description of the competency of Plaintiff's counsel to prosecute Plaintiff's proposed class and therefore requires no response.  To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons but denied that Plaintiff satisfies the legal requirements for doing so.

## Predominance of Common Questions of Law and Fact

167.  This paragraph is a description of Plaintiff's claims regarding a proposed class and therefore requires no response.  To the extent a response is

necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size but denied that Plaintiff satisfies the legal requirements for doing so. Further denied that any of the factual and /or legal questions listed in subparagraphs (a) through (m) are common to all members of Plaintiff's proposed class or to the defendants. Any remaining allegations in this paragraph are denied.

168. This paragraph is a description of Plaintiff's claims regarding a proposed class and therefore requires no response. To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size but denied that Plaintiff satisfies the legal requirements for doing so. Further denied that a class action is superior to other methods for the fair and efficient adjudication of this action. Any remaining allegations in this paragraph are denied.

169. This paragraph is a description of Plaintiff's claims regarding a proposed class and therefore requires no response. To the extent a response is necessary, admitted that Plaintiff seeks to bring an action on behalf of a class of persons of unknown size but denied that Plaintiff satisfies the legal requirements for doing so. Further denied that a class action is superior to other methods for the fair and efficient adjudication of this action. Any remaining allegations in this paragraph are denied.

**<u>Fed. R. Civ. P. 23(a) and 23(b)(2) Injunctive or Declaratory Relief</u>**

170.   Denied as to Chemours.

## **<u>Superiority</u>**

171.   Denied.

172.   Denied.

## **COUNT FIVE:**
## **NEGLIGENCE**
## **(PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)**

173.   Chemours adopts and incorporates by references its responses to Paragraphs 1 through 173 as if restated therein.

174.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

175.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

176.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

177.   This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

178.   This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

179.   This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

180.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

181.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

## COUNT SIX:
## NEGLIGENCE PER SE
## (MOUNT VERNON MILLS)

182.   Chemours adopts and incorporates by references its responses to Paragraphs 1 through 181 as if restated therein.

183.   This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

184.   This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

185.   This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

186.   This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

187.   This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

## COUNT SEVEN:
## NEGLIGENT FAILURE TO WARN
## (PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)

188.   Chemours adopts and incorporates by references its responses to Paragraphs 1 through 187 as it restated therein.

189.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

190.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

191.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

192.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

193.   This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

194.   This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

195.   This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

196.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

197.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

198.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

**COUNT EIGHT:**
**WANTON CONDUCT AND PUNITIVE DAMAGES**
**(PFAS MANUFACTURING DEFENDANTS AND MOUNT VERNON)**

199.   Chemours adopts and incorporates by references its responses to Paragraphs 1 through 198 as if restated therein.

200.   Denied as to Chemours.   Chemours specifically denies that it manufactured, handles, distributed, or discharged PFAS or any other toxic chemicals into surface waters and downstream water supplies of the City of Summerville's

water supply.  Chemours is without sufficient information to admit or deny the allegations as to the other defendants and therefore denies them.

201.  This paragraph is a description of Plaintiff's claims regarding a proposed class and therefore requires no response.  To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

202.  Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

203.  Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

204.  Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

205.  Denied as to Chemours.  Specifically, Chemours denies that Plaintiff is entitled to the relief sought therein or any other relief from Chemours.

206.   Denied.  Further denied that Plaintiff is entitled to any relief whatsoever from Chemours.

## COUNT NINE:
## PUBLIC NUISANCE/DAMAGES
## (ALL DEFENDANTS EXCEPT TRION)

207.   Chemours adopts and incorporates by references its responses to Paragraphs 1 through 206 as if restated therein.

208.   Chemours is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

209.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

210.   This paragraph is not directed to Chemours, and therefore no response is required. To the extent a response is required, Chemours denies all allegations and statements of damages against Chemours.

211.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

212.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

213.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

214.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

215.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

216.   Denied as to Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

## COUNT TEN:
## ABATEMENT OF PUBILC NUISANCE
## (ALL DEFENDANTS)

217.   Chemours adopts and incorporates by references its responses to Paragraphs 1 through 216 as if restated herein.

218.   This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied that Plaintiff is entitled to any relief from Chemours and further denied that Chemours discharged PFOA, PFOS, or related chemicals into Plaintiff's or the proposed class members' water supply.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

219.   This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied that Plaintiff is entitled to any relief from Chemours.  Chemours is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

220.   This paragraph is a description of Plaintiff's claims and theories of liability and therefore requires no response.  To the extent a response is necessary, denied that Plaintiff is entitled to the relief sought therein or any other relief from Chemours.

221.   This paragraph is a description of Plaintiff's claims and theories of liability and therefore requires no response.  To the extent a response is necessary, denied that Plaintiff is entitled to the relief sought therein or any other relief from Chemours.

222.   This paragraph is a description of Plaintiff's claims and theories of liability and therefore requires no response.  To the extent a response is necessary, denied that Plaintiff is entitled to the relief sought therein or any other relief from Chemours.

Chemours denies that Plaintiff is entitled to the relief sought in the WHEREFORE clause following paragraph 222 or to any other relief against it. Unless specifically admitted herein, Chemours denies allegations and statements of damages against it. Chemours further denies each and every allegation contained in Plaintiff's Second Amended Complaint to which no response has previously been made.

### THE CHEMOURS COMPANY'S
### AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, it would not otherwise bear, Defendant The Chemours Company ("Chemours") hereby asserts the following as its affirmative and other defenses to the Second Amended Individual and Class Action Complaint by Plaintiff Earl Parris, Jr., individually and as the representative of a putative class ("Plaintiff"):

1.   Chemours denies the material allegations of the Second Amended Individual and Class Action Complaint, both separately and severally, and demands strict proof thereof.

2.     The Second Amended Individual and Class Action Complaint fails to state a claim upon which relief can be granted.

3.     Plaintiff's claims may be barred, in whole or in part, because the Plaintiff lacks standing to bring such claims.

4.     Venue is improper and/or maybe more convenient in another forum.

5.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute(s) of limitations.

6.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches.

7.     Chemours asserts the defense of failure to join a party.

8.     Plaintiff's claims may be barred, in whole or in part, because they fail to adequately identify and name the appropriate defendants.

9.     Plaintiff's claims may be barred, in whole or in part, under the Economic Injury/Loss Doctrine.

10.    Plaintiff's claims may be barred, in whole or in part, under the doctrines of waiver and/or estoppel.

11.    Plaintiff's claims may be barred, in whole or in part, because Plaintiff and/or members of the putative class assumed the risk.

12.    Chemours avers that Plaintiff's injuries and damages were caused, in

whole or in part, by the acts or omissions of others over whom Chemours has no control and for whom Chemours owes no legal responsibility. Chemours never manufactured or sold PFOS or PFOA as a commercial product.

13.   Any damages awarded to Plaintiff should be subject to apportionment among any parties and non-parties and offset to the extent of fault apportioned to those parties and non-parties.

14.   Chemours avers that Plaintiff's injuries and damages were caused, in whole or in part, by superseding, unforeseen, and/or intervening causes.

15.   If it is established that Chemours is in any manner legally responsible for any of the damages claimed by Plaintiff, such damages were proximately contributed to and caused by other persons or entities not yet parties to this action, and, therefore, Chemours is entitled to equitable and applied indemnity or contribution, or both, from each such person and entity in an amount in direct proportion to the culpable conduct of the other persons or entities.

16.   Plaintiff's claims may be barred, in whole or in part, by his own contributory or comparative negligence or the contributory or comparative negligence of those for whom he bears legal responsibility.

17.   Chemours asserts that Plaintiff's claims are preempted by federal law.

18.   Chemours has complied with all relevant federal and state regulations

and industry practices.

19.    Plaintiff's claims may be barred, in whole or in part, to the extent they seek to impose liability based on retroactive application of laws, regulations, standards, or guidelines.

20.    Chemours is not liable for the matters and things alleged in the Second Amended Complaint.

21.    Chemours denies that it owed any duty to Plaintiff.  Alternatively, Chemours denies that it breached any duty or obligation owed to Plaintiff.

22.    Chemours denies that its conduct was in any manner negligent  or wanton.

23.    Chemours asserts that its conduct was not the proximate cause of the claimed injuries.

24.    Plaintiff's claim for nuisance may be barred, in whole or in part, because Plaintiff failed to request that Chemours abate the nuisance prior to filing this action as required by O.C.G.A. § 41-1-5.

25.    Chemours asserts that its conduct was lawful, privileged, and taken in good faith exercise of its rights and duties under the law.

26.    All or parts of the claims in this case are arbitrable.

27.    Chemours contests the extent and nature of Plaintiff's alleged damages.

28.  Plaintiff's claims fail, in whole or in part, due to a failure to mitigate damages.

29.  Plaintiff's claims may be barred, in whole or in part, by operation of the sophisticated purchaser, sophisticated/learned intermediary, bulk supplier, and/or sophisticated user doctrine.

30.  Chemours asserts as a defense, credit, or set-off against the damages claimed by Plaintiff, the settlement (and any monies paid pursuant thereto) between Plaintiff and any other person or entity.

31.  Plaintiff's claim for damages may be limited pursuant to applicable limitation of damages provisions.

32.  The Second Amended Individual and Class Action Complaint fails to state a claim for punitive or exemplary damages and fails to allege the existence of clear and convincing evidence required to support such a claim.

33.  Plaintiff's claims for punitive or exemplary damages are subject to the limitations of O.C.G.A. § 51-12-5.1(b) in that Plaintiff cannot demonstrate that Chemours showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences.

34.  Chemours did not engage in any conduct which would warrant or form

a valid basis for an award of punitive or exemplary damages.

35.   Plaintiff is not entitled to recover punitive or exemplary damages against Chemours because:

(a)   Any claim by Plaintiff for punitive damages is barred because an award of punitive damages would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the due process clause of the Georgia Constitution, in that:

(i)   The jury will be allowed to consider evidence of Chemours's wealth in assessing punitive damages.

(ii)   There are no definite standards whereby the judiciary may determine the propriety of punitive damages or the amount of any such award.

(iii)   There are no effective procedures whereby the judiciary can review either the propriety or the magnitude of punitive damages.

(iv)   The guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

(v)     The vague and inconsistent legal standards for the imposition of punitive damages deprive Chemours of sufficient notice of thetype of conduct and mental state upon which an award of punitive damages could be based.

(vi)    No objective limitations or standards have been established concerning the amount or severity of any punitive damages, including the severity of the penalty.

(b)     Any claim by Plaintiff for punitive damages is barred because such claims are essentially criminal in nature and a form of punishment, and they seek to deny Chemours the rights guaranteed to defendants in criminal proceedings under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution and the Constitution of Georgia.

(c)     Any claim by Plaintiff for punitive damages is barred because such claims seek to impose punishment that is excessive and grossly disproportionate to the misconduct alleged, in violation of the Constitution of the State of Georgia.

(d)     Any claim by Plaintiff for punitive damages is barred to the extent it seeks the admission of evidence of Chemours's net worth or wealth in

determining whether punitive damages are to be awarded and/or in what amount, because punitive damages are a form of punishment, and punishment that is grounded in Chemours's status, rather than in specific misconduct, has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Georgia.

(e)     Any claim by Plaintiff for punitive damages is barred because punitive damages are a form of punishment and any such award under the laws of the State of Georgia would violate Chemours's procedural and substantive Due Process rights, and Equal Protection rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 1, Paragraph I of the Constitution of the State of Georgia where a jury:

(i)     is not provided with standards of sufficient clarity, objectivity and uniformity for determining the appropriateness of awarding, or the appropriate size of any punitive damages;

(ii)    is not instructed on the limits of punitive damages awards imposed by the applicable principles of punishment and

deterrence;

(iii)   is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics;

(iv)   is permitted to award punitive damages under standards for determining liability for, and amount of, punitive damages that are vague and arbitrary and do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and

(v)    is not subject to judicial review on the basis of objective and uniform standards.

(f)    Any claim by Plaintiff for punitive damages is barred because an award of punitive damages in this action would be an unconstitutional burden on interstate commerce in violation of the Commerce Clause of Article I, Section 8 of the United States Constitution.

(g)    Any claim by Plaintiff for punitive damages in this lawsuit is a request to impose economic sanctions in violation of the sovereignty of other states.

(h)     Any such recovery would violate Chemours's rights under Article I, Section 9 of the United States Constitution because such is an ex post facto law.

(i)     An award of punitive damages is a violation of the Contract Clause of the Constitution of the United States of America.

(j)     Georgia's scheme for punitive damages, including but not limited to statutes, rules, jury instructions, violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and in violation of Article I, Section 1, Paragraph XVII of the Georgia Constitution, for the reasons set forth above in this section.

36.     With respect to Plaintiff's demand for punitive damages, Chemours specifically raises and incorporates by reference any and all standards or limitations regarding the determination and enforceability of such damage awards as held in *BMW v. Gore*, 116 S. Ct. 1589 (1996), *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003), *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), and *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605 (2008).

37.     Chemours has not acted or failed to act in such a way as to give rise to

any claim for attorneys' fees or expenses of litigation.

38.     Plaintiff is not entitled to injunctive or other equitable relief against Chemours, as Plaintiff cannot show an irreparable injury if an injunction does not issue, a likelihood of success on the merits, or a lack of an adequate remedy at law.

39.     The proposed claims of the class are precluded because the alleged conduct would have affected, if anyone, only an insubstantial number of putative class members.

40.     The proposed class cannot be certified because the  putative class, class representatives and/or class counsel failed to meet the typicality, commonality, numerosity, adequacy, superiority, and predominance requirements for the pursuit of the claims as a class action.

41.     To avoid waiving affirmative defenses which may subsequently develop, Chemours asserts each affirmative defense stated in O.C.G.A. § 9-11-8 and O.C.G.A. § 9-11-12 to the extent not otherwise stated herein.

42.     Chemours hereby gives notice that it may rely upon such other defenses (affirmative or otherwise) that may become available or apparent during the course of discovery or otherwise and thus reserve the right to add or withdraw defenses.

**WHEREFORE**, Chemours respectfully requests that the Court dismiss Plaintiff's Second Amended Individual and Class Action Complaint, award the costs and expenses of litigation to it, and grant such other relief to it as the Court deems equitable and just under the circumstances.

Dated: January 13, 2023          Respectfully submitted,


*/s/ Blair Cash*

Blair Cash
Georgia Bar No. 360457
**Moseley Marcinak Law Group LLP**
P.O. Box 1688
Kennesaw, Georgia 30156
(470) 480-7258
Email: blair.cash@momarlaw.com


John M. Johnson
AL Bar No.: asb-7318-o52j
*Pro Hac Vice forthcoming*
jjohnson@lightfootlaw.com
Lana A. Olson
AL Bar No.: asb-6841-a59l
*Pro Hac Vice forthcoming*
lolson@lightfootlaw.com
R. Ashby Pate
AL Bar No. asb-3130-e64p
*Pro Hac Vice forthcoming*
apate@lightfootlaw.com
Meghan S. Cole
AL Bar No.: asb-6544-b10l
*Pro Hac Vice forthcoming*

mcole@lightfootlaw.com
Mary Parrish McCracken
AL Bar No. asb-2432-o18x
*Pro Hac Vice forthcoming*
mmcracken@lightfootlaw.com
**Lightfoot Franklin & White, LLC**
The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700


*Counsel for Defendant The Chemours
Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

EARL PARRIS, JR., individually, and
on behalf of a class of persons similarly
situated,

     Plaintiff,

CITY OF SUMMERVILLE,
GEORGIA

     Intervenor-Plaintiff

v.

3M COMPANY, et al.,

     Defendants.

Case No. 4:21-CV-00040-TWT

Hon. Thomas W. Thrash Jr.

## CERTIFICATE OF SERVICE
## AND COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that I have this date electronically filed the within and foregoing, which has been prepared using 14-point Times New Roman font, with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated:  January 13, 2023

Respectfully submitted,

*/s/ Blair Cash*

Blair Cash
Georgia Bar No. 360457
**Moseley Marcinak Law Group LLP**
P.O. Box 1688
Kennesaw, Georgia 30156
(470) 480-7258
Email: blair.cash@momarlaw.com

John M. Johnson
AL Bar No.: asb-7318-o52j
*Pro Hac Vice forthcoming*
jjohnson@lightfootlaw.com
Lana A. Olson
AL Bar No.: asb-6841-a59l
*Pro Hac Vice forthcoming*
lolson@lightfootlaw.com
R. Ashby Pate
AL Bar No.  asb-3130-e64p
*Pro Hac Vice forthcoming*
apate@lightfootlaw.com
Meghan S. Cole
AL Bar No.: asb-6544-b10l
*Pro Hac Vice forthcoming*
mcole@lightfootlaw.com
Mary Parrish McCracken
AL Bar No. asb-2432-o18x
*Pro Hac Vice forthcoming*
mmcracken@lightfootlaw.com
**Lightfoot Franklin & White, LLC**
The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700


*Counsel for Defendant The Chemours Company*