# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

EARL PARRIS, JR., individually, )
and on behalf of a class of persons )
similarly situated, )
                      )
       Plaintiff, )
                      )   Case No. 4:21-cv-00040-TWT
City of SUMMERVILLE, )
GEORGIA, )
                      )
       Intervenor-Plaintiff, )
                      )
v. )
                      )
3M COMPANY, *et al.*, )
                      )
       Defendants. )

## DEFENDANT 3M COMPANY'S ANSWER TO THE CITY OF SUMMERVILLE, GEORGIA'S AMENDED COMPLAINT IN INTERVENTION

Defendant 3M Company ("3M") hereby files its answer and defenses to the Amended Proposed Complaint in Intervention (ECF Doc. 301-1) ("Complaint") filed by the City of Summerville, Georgia.

## I.    AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The City's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of the City's claims are barred by the applicable statute of limitations, and the City's alleged damages are barred to the extent that any damages were incurred outside the applicable statute of limitations.

### THIRD DEFENSE

The City's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, and unclean hands.

### FOURTH DEFENSE

Some or all of the damages sought in the City's Complaint constitute impermissible double recovery for the alleged injuries.

### FIFTH DEFENSE

Any injuries or damages complained of in the Complaint were not caused by 3M's alleged actions.

### SIXTH DEFENSE

3M denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of 3M, or at the instruction or subject to the control of 3M with regard to any of the actions described in the Complaint. Accordingly, 3M is not liable for any acts or omissions of such third parties as a matter of law.

## SEVENTH DEFENSE

3M owed no duty to the City.

## EIGHTH DEFENSE

The proximate cause of any injury sustained by the City was an event or incident which was not legally foreseeable by 3M, and, therefore, 3M has no legal liability for any of the City's damages.

## NINTH DEFENSE

An independent, intervening, and superseding event or other negligence prevents any recovery by the City against 3M.

## TENTH DEFENSE

The City is barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged to the City without substantially impairing the usefulness or intended purpose of the product.

## ELEVENTH DEFENSE

The City's claim for attorneys' fees is barred because 3M has not acted in a manner that gives rise to a claim for attorneys' fees or for the expenses of litigation.

## TWELFTH DEFENSE

The City is not entitled to injunctive or equitable relief against 3M, as the City has an adequate remedy at law.

## THIRTEENTH DEFENSE

The City's claims against 3M are barred, in whole or in part, because 3M's conduct complied with the standards of care under applicable law, regulation, and industry practice.

## FOURTEENTH DEFENSE

3M asserts as a defense, credit, or set-off against the damages claimed by the City any monies paid to the City in connection with a settlement (or settlements) between the City and any other entity.

## FIFTEENTH DEFENSE

The City's claims against 3M are barred, in whole or in part, because any damage allegedly suffered by the City was caused by the acts, omissions, or conduct of others constituting an intervening cause.

## SIXTEENTH DEFENSE

The City's claims against 3M are barred, in whole or in part, by the City's consent, assumption of the risk, or contributory negligence.

## SEVENTEENTH DEFENSE

The City's claim for punitive damages against 3M fails as a matter of law because the City is not entitled to recovery against 3M in tort, and 3M has not acted in a wanton, willful, reckless, or grossly negligent manner. The imposition of punitive damages would violate the United States Constitution and the Georgia Constitution.

## EIGHTEENTH DEFENSE

The City's claim for punitive damages is subject to the limitations cap, and the substantive and procedural legal protections, contained in O.C.G.A. §51-12-1, *et seq*.

## NINETEENTH DEFENSE

The City's claims are barred, in whole or in part, as to 3M because 3M is alleged to have done nothing more than lawfully and properly sell a lawful product.

## TWENTIETH DEFENSE

The City's claims are barred, in whole or in part, by its failure to mitigate damages.

## TWENTY-FIRST DEFENSE

The City's claims are barred, in whole or in part, by applicable statutes of repose, including O.C.G.A. §51-1-11.

### TWENTY-SECOND DEFENSE

The City's claims are barred, in whole or in part, by the bulk supplier and sophisticated user doctrines.

### TWENTY-THIRD DEFENSE

The City's claims are barred in whole or in part to the extent they attempt to impose liability based on retroactive application of laws, regulations, standards, or guidelines.

### TWENTY-FOURTH DEFENSE

The City's claims are barred, in whole or in part, as to 3M because 3M did not exercise control over the cause of the harm alleged.

### TWENTY-FIFTH DEFENSE

The City's claims are barred, in whole or in part, by the economic loss doctrine.

### TWENTY-SIXTH DEFENSE

Any recovery by the City may be barred or reduced by the negligence, fault, conduct, or carelessness of others for whose conduct 3M is not responsible. Any judgment rendered against 3M in this action, under all theories of liability, must be limited to the fault, if any, attributable to 3M. if any judgment in the City's favor is entered in this matter against 3M, then said judgment must be apportioned among

any and all other persons or entitles, whether parties or non-parties, who are or could be responsible for any of the City's injuries or damages. *See, e.g.*, O.C.G.A. §51-12-33.

## TWENTY-SEVENTH DEFENSE

Any claims against 3M for abatement of an alleged nuisance are barred as 3M does not have control over or access to the property that constitutes the alleged nuisance.

## TWENTY-EIGHTH DEFENSE

3M reserves the right to include additional affirmative defenses if warranted by facts and evidence uncovered during discovery or otherwise.

## II.    ANSWER

## STATEMENT OF THE CASE

1.     3M admits that the City provides water and sewer services to its customers and that the City has a water intake on Raccoon Creek. 3M denies the remaining allegations contained in paragraph 1 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1.

2.     3M admits that the City seeks equitable and injunctive relief, but denies that the City is entitled to any of the relief sought in this action against 3M.

3.      3M admits that the City seeks compensatory damages, but denies that the City is entitled to any of the relief sought in this action against 3M.

4.      3M admits that Defendant Mount Vernon Mills, Inc. operated a textile mill in Trion, Georgia, and used products from 3M. 3M denies the remaining allegations contained in paragraph 4 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.

5.      3M admits that it in the past provided products containing PFAS to Defendant Mount Vernon Mills, Inc. 3M denies the remaining allegations contained in paragraph 5 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5.

## JURISDICTION AND VENUE

6.      3M admits that this Court has supplemental jurisdiction over the state law claims in this action in accordance with 27 U.S.C. § 1367(a) as to 3M.

7.      3M admits that venue is properly in this Court as to 3M. By way of further answer, 3M denies that it has caused harm to the City and Proposed Class Members. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 7.

## PARTIES

8.     3M admits that the City is a municipal corporation organized under the laws of the State of Georgia and that Raccoon Creek flows through Chattooga County. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

9.     3M admits that the 3M Company is a foreign corporation qualified to do business in the state of Georgia, and was conducting business in this District. 3M further admits that 3M manufactured and supplied certain products containing PFAS to Mount Vernon Mills and other companies in Georgia. 3M denies the remaining allegations contained in paragraph 9.

10.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M admits that the City states that it is not asserting legal claims against named Defendants Mount Vernon Mills, Inc., Town of Trion, Georgia, and Ryan Dejuan Jarrett. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.     3M admits that Defendants 3M, Daikin, Huntsman, Pulcra, DuPont and Chemours are referred to in the Complaint as "PFAS Manufacturing Defendants" or "Defendants." 3M denies that it has any liability to the City.

## FACTUAL ALLEGATIONS

17.     3M admits that the City provides water and sewer service to its residents for certain charges. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17.

18.     3M admits that the City operates a water treatment plant, the Raccoon Creek Water Treatment Facility in Summerville, Georgia, and that it provides treated drinking water ("finished water") to its customers. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18.

19.     3M admits that the City has defined "PFAS" as used in its Complaint to mean per- and polyfluoroalkyl substances and that such a definition includes PFOA and PFOS. 3M admits that the EPA issued Drinking Water Health Advisories for PFOA and PFOS in 2016. 3M denies that the City's characterization of the findings of the EPA Science Advisory Board and the International Agency for Research on Cancer with respect to PFAS. 3M lacks knowledge or information

sufficient to form a belief as to the remainder of the allegations contained in paragraph 19.

20.     3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21.     3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22.     3M denies the City's characterization of the "levels of PFAS detected in the City's water supply" as "dangerous." 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22.

23.     3M denies the City's characterization of PFAS as "dangerous" at the levels present in the environment. 3M further denies that it releases PFAS "into the environment and specifically Raccoon Creek." 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23.

24.     3M admits that the International Agency for Research on Cancer ("IARC") has designated PFOA as a Group 2B carcinogen (i.e., possible carcinogenic to humans). By way of further answer, 3M states that IARC's classification of PFOA as Group 2B recognized that there is only "limited evidence"

of carcinogenicity in humans. 3M admits that EPA stated there was "suggestive" evidence of PFOA having an association with cancer. 3M denies the remaining allegations contained in paragraph 24.

25.   3M admits that in 2016, the U.S. Department of Health and Human Service's National Toxicology Program ("NTP") concluded that PFOA and PFOS are "presumed" immune hazards to humans, while also recognizing that limitations in then-available toxicological and epidemiological evidence. 3M denies the remaining allegations contained in paragraph 25.

26.   3M admits that EPA released non-enforceable and non-regulatory lifetime health advisories for Perfluorooctanoic Acid (PFOA) and Perfluorooctane Sulfonate (PFOS) in May 2016.

27.   3M admits that the health advisories state that PFOA and PFOS are "persistent," and that the "developing fetus and newborn are particularly sensitive to" PFOS- and PFOA- induced toxicity. However, 3M denies that the allegations contained in paragraph 27 comprehensively and accurately describe the EPA health advisories or the studies cited therein. 3M denies the remaining allegations contained in paragraph 27.

28.   3M admits that ATSDR's 2021 Toxicological Profile for Perfluoroalkyls provided MRLs for PFOA and PFOS that were more conservative

than the health advisory levels set by the EPA in 2016. 3M denies the remaining allegations contained in paragraph 28.

29.    3M admits that certain states have recommended or adopted regulatory levels for PFOA and/or PFOS in drinking water that are lower than the EPA health advisory levels, but denies that those standards are relevant to this case. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29.

30.    3M admits that it has been aware that under certain conditions some perfluoroalkyl substances may persist in the environment. 3M admits that Raccoon Creek has supplied drinking water to the City of Summerville and its water subscribers. 3M denies the remaining allegations contained in this paragraph as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30.

31.    3M admits that it has known that under certain conditions some perfluoroalkyl substances may persist in the environment. 3M admits that blood tests of 3M workers conducted in 1978 found elevated organic fluorine levels "proportional to the length of time that had been spent by employees in the production areas" and that "laboratory workers, with former exposure, but none for 15-20 years, had elevated [organic fluorine levels] above literature normal." By way

of further answer, 3M states that in 1980, 3M published worker and toxicological studies regarding findings of certain PFAS. One of those publications reported on the findings of 3M's blood tests of workers including that: "[t]he highest levels [of organic fluorine] were found in workers with the longest work history in fluorochemical production" and that the "blood and urine values suggest that some fluorochemicals are very slowly eliminated in humans." 3M admits that 3M conducted a fish study in 1979 that suggested presence of fluorochemicals in fish caught from the Wheeler Dam. 3M denies that the City's allegations concerning both the test and the study constitute an accurate recitation of the testing, or comprehensively or accurately reflect the results of the study. 3M denies the remaining allegations in paragraph 31 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 as to the remaining Defendants.

32.    3M admits that it has studied the toxicological properties of PFOA, PFOA, and other perfluoroalkyl substances for at least 40 years. As to the City's allegations purporting to refer to "a 1978 3M study," 3M denies any characterization of that study by the City. 3M admits that in May 1983, certain scientists from 3M prepared a proposal regarding the further study of environmental properties of 3M fluorochemicals. 3M denies any characterization of that study by the City. 3M denies

the remaining allegations contained in paragraph 32 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 as to the remaining Defendants.

33.     3M denies any characterization of its material safety data sheets by the City, especially to the extent that the City fails to identify the product for which the MSDS relates. 3M admits that certain of its MSDSs indicate that product waste may be disposed of by incineration or at landfills equipped to handle hazardous waste. 3M denies the remaining allegations contained in paragraph 33 as to 3M. 3M lacks knowledge or information sufficient to firm a belief as to the truth of the allegations contained in paragraph 33 as to the remaining Defendants.

34.     3M admits that certain conventional wastewater treatment facilities may not remove certain perfluoroalkyl substances. 3M further admits that it is possible that certain of these compounds could reach the environment through sludge and wastewater discharge from such facilities. 3M denies the remaining allegations contained in paragraph 34 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 as to the remaining Defendants.

35.     Paragraph 35 purports to refer to an unidentified MSDS, and 3M denies any characterization of that MSDS by the City.

36.     3M admits that in 2006 3M agreed to pay $1.5 million as part of a settlement with the EPA, but denies the City's characterization of that settlement, and denies the remaining allegations in paragraph 36.

37.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42.     3M admits that it shared certain internal studies concerning the health and environmental effects associated with PFOA-exposure with DuPont. 3M denies the remaining allegations contained in paragraph 42. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44.     Paragraph 44 purports to refer to an unidentified MSDS, and 3M denies any characterization of that MSDS by the City.

45.     3M denies any characterization of its 1996 study by the City. 3M denies the remaining allegations contained in paragraph 45.

46.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is

required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48.    3M admits that it in the past manufactured PFOA and supplied PFOA to DuPont. 3M also admits that in May 2000 it announced its decision to phase out its production of perfluorooctanyl chemistries, including PFOA. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48, and therefore denies the same.

49.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50.    This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54.     This paragraph does not assert an allegation against 3M and therefore, pursuant to Rule 8(b)(1)(b), no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55.     3M admits that it has been aware that under certain conditions some perfluoroalkyl substances may persist in the environment. 3M denies the remaining allegations contained in this paragraph as to 3M. 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55.

56.     3M denies the allegations contained in paragraph 56.

57.     3M admits that under certain conditions some perfluoroalkyl substances may persist in the environment. 3M further admits that under certain conditions some perfluoroalkyls substances may be mobile, capable of bioaccumulation and/or biomagnification. 3M denies the remaining allegations contained in this paragraph as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 as to the remaining Defendants.

## COUNT ONE
### Negligence

58.     3M incorporates its responses to paragraphs 1-57 of the Complaint as if fully set forth herein.

59.     3M denies the allegations contained in paragraph 59.

60.     3M denies the allegations contained in paragraph 60.

61.     3M denies the allegations contained in paragraph 61.

62.     3M admits that the Georgia Water Quality Control Act governs water usage of certain types in the state of Georgia. The Act speaks for itself. 3M denies the remaining allegations contained in paragraph 62.

63.     3M denies the allegations contained in paragraph 63 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63.

64.     3M denies the allegations contained in paragraph 64 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 64.

65.     3M denies the allegations contained in paragraph 65.

66.     3M denies the allegations contained in paragraph 66 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 66.

3M denies the allegations included in the demand made immediately after paragraph 66.

## COUNT TWO
**Public Nuisance**

67.     3M incorporates its responses to paragraphs 1-66 of the Complaint as if fully set forth herein.

68.     3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68.

69.     3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

70.   3M admits that the City provides drinking water to its customers. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.

71.   3M admits that the City and the members of the public have a right to safe drinking water. 3M denies that the City's drinking water contains "toxic contamination" caused by PFAS, and denies any remaining allegations contained in paragraph 71.

72.   3M denies the allegations contained in paragraph 72.

73.   3M denies the allegations contained in paragraph 73.

74.   3M denies the allegations contained in paragraph 74.

75.   3M denies the allegations contained in paragraph 75.

76.   3M denies the allegations contained in paragraph 76.

77.   3M denies the allegations contained in paragraph 77.

78.   3M denies the allegations contained in paragraph 78.

3M denies the allegations included in the demand made immediately after paragraph 78.

### COUNT THREE
**Private Nuisance**

79.   3M incorporates its responses to paragraphs 1-78 of the Complaint as if fully set forth herein.

80.    3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

81.    3M denies the allegations contained in paragraph 81.

82.    3M denies the allegations contained in paragraph 82.

83.    3M denies the allegations contained in paragraph 83.

84.    3M denies the allegations contained in paragraph 84 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 84.

85.    3M denies the allegations contained in paragraph 85.

86.    3M denies the allegations contained in paragraph 86.

87.    3M denies the allegations contained in paragraph 87.

88.    3M denies the allegations contained in paragraph 88.

3M denies the allegations included in the demand made immediately after paragraph 88.

## COUNT FOUR
### Abatement of Nuisance

89.    3M incorporates its responses to paragraphs 1-88 of the Complaint as if fully set forth herein.

90.    3M denies the allegations contained in paragraph 90.

91.    3M denies the allegations contained in paragraph 91.

3M denies the allegations included in the demand made immediately after paragraph 91.

## COUNT FIVE
### Trespass

92.     3M incorporates its responses to paragraphs 1-91 of the Complaint as if fully set forth herein.

93.     3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93, and therefore denies the same.

94.     3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94, and therefore denies the same.

95.     3M admits that the Georgia Water Quality Control Act governs water usage of certain types in the state of Georgia. The Act speaks for itself. 3M denies the remaining allegations contained in paragraph 95.

96.     3M denies the allegations contained in paragraph 96.

97.     3M denies the allegations contained in paragraph 97.

98.     3M denies the allegations contained in paragraph 98.

99.     3M denies the allegations contained in paragraph 99 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 99, and therefore denies the same.

100.    3M denies the allegations contained in paragraph 100.

101.   3M denies the allegations contained in paragraph 101.

102.   3M denies the allegations contained in paragraph 102.

103.   3M denies the allegations contained in paragraph 103.

3M denies the allegations included in the demand made immediately after paragraph 103.

## <u>COUNT SIX</u>
**Wantonness and Punitive Damages**

104.   3M incorporates its responses to paragraphs 1-103 of the Complaint as if fully set forth herein.

105.   3M denies the allegations contained in paragraph 105.

106.   3M denies the allegations contained in paragraph 106.

107.   3M denies the allegations contained in paragraph 107.

108.   3M admits that the Georgia Water Quality Control Act governs water usage of certain types in the state of Georgia. The Act speaks for itself. 3M denies the remaining allegations contained in paragraph 108.

109.   3M denies the allegations contained in paragraph 109.

110.   3M denies the allegations contained in paragraph 110.

111.   3M denies the allegations contained in paragraph 111.

112.   3M denies the allegations contained in paragraph 112.

113.   3M denies the allegations contained in paragraph 113.

114.   3M denies the allegations contained in paragraph 114.

3M denies the allegations included in the demand made immediately after paragraph 114.

## COUNT SEVEN
### Injunctive Relief

115.   3M incorporates its responses to paragraphs 1-114 of the Complaint as if fully set forth herein.

116.   3M admits that the City seeks the stated relief, however, 3M denies that the City is entitled to any equitable remedy or injunctive relief.

117.   3M denies the allegations contained in paragraph 117.

3M denies the allegations included in the demand made immediately after paragraph 117.

## COUNT EIGHT
### Attorneys' Fees and Expenses of Litigation

118.   3M incorporates its responses to paragraphs 1-117 of the Complaint as if fully set forth herein.

119.   3M denies the allegations contained in paragraph 119.

## COUNT NINE
### Georgia Water Quality Control Act

120.   3M incorporates its responses to paragraphs 1-119 of the Complaint as if fully set forth herein.

121.   3M admits that the Georgia Water Quality Control Act governs water usage of certain types in the state of Georgia. The Act speaks for itself. 3M denies the remaining allegations contained in paragraph 121.

122.   The allegations contained in paragraph 122 constitute a mere legal conclusion, requiring no response. To the extent that a response is nevertheless required, 3M denies the allegations contained in paragraph 122.

123.   3M specifically denies that it has spilled, discharged, or deposited PFCs into Raccoon Creek or related tributaries or watersheds, and denies the remaining allegations contained in paragraph 123.

124.   The allegations contained in paragraph 124 constitute a mere legal conclusion, requiring no response. To the extent that a response is nevertheless required, 3M denies the allegations contained paragraph 124.

125.   3M admits that the Georgia Water Quality Control Act governs water usage of certain types in the state of Georgia. The Act speaks for itself. 3M denies the remaining allegations contained in paragraph 125.

126.   Admitted.

127.   3M denies the allegations contained in paragraph 127.

3M denies the allegations included in the demand made immediately after paragraph 127.

28

## COUNT 10
## Negligent Failure to Warn

128.   3M incorporates its responses to paragraphs 1-127 of the Complaint as if fully set forth herein.

129.   3M denies the allegations contained in paragraph 129.

130.   3M denies the allegations contained in paragraph 130.

131.   3M denies the allegations contained in paragraph 131.

132.   3M denies the allegations contained in paragraph 132.

133.   3M denies the allegations contained in paragraph 133.

134.   3M denies the allegations contained in paragraph 134.

135.   3M denies the allegations contained in paragraph 135.

136.   3M denies the allegations contained in paragraph 136.

137.   3M denies the allegations contained in paragraph 137.

138.   3M denies the allegations contained in paragraph 138.

## RELIEF DEMANDED

3M denies the allegations included in this section of the Complaint. 3M denies that the City is entitled to the relief requested in sub-paragraphs a through f of this section of the Complaint. 3M denies any allegation contained in the Complaint not specifically admitted herein.

WHEREFORE, 3M Company requests that the claims against it be denied and that costs and fees in this action be assessed upon the City.

Respectfully submitted this 20th day of January, 2023.

*/s/ W. Larkin Radney, IV*

Jackson R. Sharman, III, GA Bar No. 637930
Benjamin P. Harmon, GA Bar No. 979043
Harlan I. Prater, *Pro Hac Vice*
M. Christian King, *Pro Hac Vice*
W. Larkin Radney, *Pro Hac Vice*
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
Telephone: (205) 581-0700
Email: jsharman@lightfootlaw.com
Email: bharmon@lightfootlaw.com
Email: hprater@lightfootlaw.com
Email: cking@lightfootlaw.com
Email: lradney@lightfootlaw.com

Robert B. Remar, GA Bar No. 600575
Monica P. Witte, GA Bar No. 405952
W. Cole McFerren, GA Bar No. 409248
Emma H. Cramer, GA Bar No. 661985
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street NE, Suite 1000
Atlanta, GA 30309
Telephone (404) 815-3500
Email: rremar@sgrlaw.com
Email: mwitte@sgrlaw.com
Email: cmcferren@sgrlaw.com
Email: ecramer@sgrlaw.com

*Counsel for Defendant 3M Company*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | | |
|---|---|---|
| EARL PARRIS, JR., individually, and on behalf of a class of persons similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:21-cv-00040-TWT |
| v. | ) ) | |
| 3M COMPANY, *et al.*, | ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE
## AND COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that I have this date electronically filed the within and foregoing, which has been prepared using 14-point Times New Roman font, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated: January 20, 2023.

/s/ W. Larkin Radney, IV
Jackson R. Sharman, III, GA Bar No. 637930
Benjamin P. Harmon, GA Bar No. 979043
Harlan I. Prater, *Pro Hac Vice*
M. Christian King, *Pro Hac Vice*
W. Larkin Radney, *Pro Hac Vice*
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building

400 20th Street North
Birmingham, AL 35203
Telephone: (205) 581-0700
Email: jsharman@lightfootlaw.com
Email: bharmon@lightfootlaw.com
Email: hprater@lightfootlaw.com
Email: cking@lightfootlaw.com
Email: lradney@lightfootlaw.com


Robert B. Remar, GA Bar No. 600575
Monica P. Witte, GA Bar No. 405952
W. Cole McFerren, GA Bar No. 409248
Emma H. Cramer, GA Bar No. 661985
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street NE, Suite 1000
Atlanta, GA 30309
Telephone (404) 815-3500
Email: rremar@sgrlaw.com
Email: mwitte@sgrlaw.com
Email: cmcferren@sgrlaw.com
Email: ecramer@sgrlaw.com

*Counsel for Defendant 3M Company*