IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a Class of persons similarly situated,<br><br>*Plaintiff,* and<br><br>CITY OF SUMMERVILLE, GA.,<br><br>*Intervenor Plaintiff,*<br><br>v.<br><br>3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL, LLC, PULCRA CHEMICALS, LLC, MOUNT VERNON MILLS, INC., TOWN OF TRION, GEORGIA, RYAN DEJUAN JARRETT, and E.I. DU PONT DE NEMOURS AND COMPANY; and THE CHEMOURS COMPANY,<br><br>*Defendants*. | CIVIL ACTION FILE NO.:<br>4:21-cv-00040-TWT |

**PLAINTIFF AND INTERVENOR-PLAINTIFF'S OBJECTION TO ASSERTION OF PRIVILEGE AND MOTION FOR *IN CAMERA* REVIEW OF DOCUMENTS**

Plaintiff Earl Parris, Jr., and Intervenor-Plaintiff, the City of Summerville, Georgia ("Summerville"), move pursuant to Fed. R. Civ. P. 26(b)(5)(B) and the Agreed Protective Order (Doc. 239) ¶ 17 to dispute Defendant Mount Vernon Mills,

Inc.'s claim of privilege for two inadvertently produced documents and request an *in camera* review of the contested documents.

## BACKGROUND

On November 16, 2022, counsel for Mount Vernon Mills notified counsel for the City of Summerville that Mount Vernon Mills had inadvertently produced a document that it contended was protected as attorney work product.[1] (Ex. A, Summerville-Mount Vernon Mills Email Exchange.) The document in question consists of two emails: one from an employee of Mount Vernon Mills asking questions to an employee of the Town of Trion Wastewater Treatment Plant ("Trion WWTP"), and the other a reply email from the Trion WWTP representative answering those questions. No attorneys are copied on either email. Neither email mentions that the information contained therein is privileged, confidential, or subject to work product protection.

However, the first email mentions an individual named "Greg," who Mount Vernon Mills contends is an attorney.[2] It is on this single reference that Mount Vernon Mills stakes its claim that the emails are attorney work product.

---

[1] The documents in question were produced by Mount Vernon Mills as MVM_00003074 and MVM_00003075. Mount Vernon Mills later identified two duplicates as well, MVM_0036719 and MVM_000036720.

[2] No last name is given in the email exchange, nor is it stated directly in either email that the individual named Greg is an attorney. However, given Plaintiff's knowledge

On December 1, 2022, Summerville informed counsel for Mount Vernon Mills that it intended to dispute Mount Vernon Mills' claim of privilege because the documents in question are public records under the Georgia Open Records Act. (Ex. A.) *See also* O.C.G.A. §§ 50-18-70–71. As Summerville has previously pointed out to counsel for Mount Vernon Mills, the emails that Mount Vernon Mills is attempting to claw back are discoverable public records for which no exceptions exist. (Ex. B, Summerville Letter to Mount Vernon Mills.) Moreover, even if the documents in question would otherwise be protected by attorney work product, that privilege has been waived.

The Parties have met and conferred by telephone about this matter, in addition to exchanging correspondence, and have not been able to resolve this dispute.

## ARGUMENT

I. **THE DOCUMENTS THAT MOUNT VERNON MILLS PRODUCED ARE PUBLIC RECORDS THAT ARE NOT PROTECTED BY ATTORNEY CLIENT PRIVILEGE OR ATTORNEY WORK PRODUCT.**

---

of the law firms involved, Mount Vernon Mills will likely argue that this email references Gregory Blount, an attorney who practiced at the time with Troutman Pepper Hamilton Sanders, LLP, the law firm that represents Mount Vernon Mills. Mr. Blount has since left Troutman Pepper and is now practicing at Kazmarek Mowrey Cloud Laseter, LLP, the law firm that represents Defendant Pulcra Chemicals, LLC in this case. (Doc. 121.)

3

The emails that Mount Vernon Mills is attempting to claw back were sent to and received from the Trion WWTP, part of the Town of Trion and an "agency" within the meaning of the Georgia Open Records Act (the "Act"). *See* O.C.G.A. § 50-18-70(b)(1). Therefore, the emails are public records subject to disclosure under the Act. *See id.* §§ 50-18-70(b)(2)–71. The General Assembly has expressly indicated that the Act is to be "broadly construed to allow the inspection of governmental records." *Id.* § 50-18-70(a). The Act provides public access to governmental records and requires that any exceptions to disclosure "be interpreted narrowly." *Id.*

Mount Vernon Mills asserts that O.C.G.A. § 50-18-72(a)(41), (42) are exceptions to disclosure. (Ex. A.) The first exception that Mount Vernon Mills raises, O.C.G.A. § 50-18-72(a)(41) (attorney client privilege), does not apply because it is undisputed that the emails were not between an attorney and a client. *See McKinnon v. Smock*, 264 Ga. 375, 376, 445 S.E.2d 526, 527 (1994) (finding attorney-client privilege inapplicable because there was no "communication between [the client] and his attorney").

The second exception that Mount Vernon Mills points to, O.C.G.A. § 50-18-72(a)(42) (attorney work product), does not apply for two reasons. First, like with attorney-client privilege, the attorney work product doctrine is inapplicable because

4

the emails did not involve an attorney. *See McSweeney v. Kahn*, No. 4:05-CV-0132-HLM, 2010 WL 11623058, at *3 n.3 (N.D. Ga. July 14, 2010) ("Defendant Kahn's assertion of the work-product doctrine . . . included a number of documents that clearly were not protected because they were not between attorneys.").

Second, the attorney work product exception to Georgia's public disclosure statute was narrowly drafted to apply only to the "factual findings" and "legal conclusions" of an attorney. O.C.G.A. § 50-18-72(a)(42). The emails that Mount Vernon Mills is attempting to claw back do not contain the "factual findings" or "legal conclusions" of any attorney. They merely contain questions asked by one non-attorney and answered by another non-attorney. This is not what attorney work product protects.

In fact, even if Mount Vernon Mills' email had been sent directly by an attorney to the Trion WWTP, and even if the email had contained the "factual findings" or "legal conclusions" of that attorney, disclosure would still be required. Because O.C.G.A. § 50-18-70(a) requires that exceptions to disclosure of public records "be interpreted narrowly to exclude only those portions of records addressed

5

by such exception," Mount Vernon Mills would be required to produce the documents but could redact the findings and conclusions of its attorney.[3]

## II. EVEN IF THE DOCUMENTS WERE OTHERWISE PROTECTED BY ATTORNEY WORK PRODUCT, THAT PRIVILEGE HAS BEEN WAIVED.

Even if attorney work product immunity would otherwise attach to an email from one non-attorney to another asking a series of non-legal questions, Mount Vernon Mills has waived its right to raise that immunity. Disclosure to a third-party generally waives work product protection unless the two parties share "strong common interests." *Jones v. Tauber & Balser*, P.C., 503 B.R. 510 (N.D. Ga. 2013).[4]

Even if Mount Vernon Mills could unilaterally show that it shares "strong common interests" with the Town of Trion, it would not matter. Trion itself produced the same documents that Mount Vernon Mills now seeks to claw back.

---

[3] Of course, because no attorney sent—or was even copied on—the emails in question, and the emails do not contain any attorney's "factual findings" or "legal conclusions," the work product exception does not apply, and such a redaction is not necessary here.

[4] While the court in *Jones* found the attorney work product doctrine applicable, the communications in that case were "between an *attorney* and a claim specialist." *Jones*, 503 B.R. at 513 (emphasis added). Moreover, that case did not involve documents that would otherwise be subject to public inspection under the Georgia Open Records Act, so it was not subject to "the strong public policy of this state" in favor of public access to governmental records. *See* O.C.G.A. § 50-18-70(a).

Mount Vernon Mills can hardly object to the disclosure of emails sent and received on behalf of Trion when Trion itself has voluntarily disclosed those same emails.

## **CONCLUSION**

Based on the foregoing, Plaintiff and Intervenor-Plaintiff respectfully request that the Court review the contested documents *in camera* and enter an order determining that they were properly produced pursuant to Fed. R. Civ. P. 34 and the Agreed Protective Order.

Respectfully submitted this the 20th day of January, 2023.

>  */s/ Gary A. Davis*
>  Gary A. Davis (*phv*)
>  Keith A. Johnston (*phv*)
>  DAVIS ATTORNEYS, P.C.
>  21 Battery Park Avenue, Suite 206
>  Asheville, NC 28801
>  Telephone: (828) 622-0044
>  Fax: 828-398-0435
>  gadavis@enviroattorney.com
>
>  Jeffrey J. Dean
>  Ga. Bar #006890
>  Thomas Causby
>  Ga. Bar # 968006
>  MORRIS & DEAN, LLC
>  101 E. Crawford St.
>  Dalton, GA 30720
>  jeff@morrisanddean.com
>  tom@morrisanddean.com
>  Phone: 706-226-0300
>  Fax: 706-229-4363
>  *Attorneys for Plaintiff*

        */s/ J. Anderson Davis*
        J. Anderson Davis (Ga. Bar No. 211077)
        BRINSON, ASKEW, BERRY, SEIGLER,
        RICHARDSON & DAVIS, LLP
        P.O. Box 5007
        Rome, Georgia 30162-5007
        Ph# (706) 291-8853
        Fax# (706) 234-3574
        adavis@brinson-askew.com

        */s/ Jeffrey E. Friedman*
        Jeff Friedman *(Pro Hac Vice)*
        FRIEDMAN, DAZZIO & ZULANAS, P.C.
        3800 Corporate Woods Drive
        Birmingham, AL 35242
        Ph# (205) 278-7000
        Fax# (205) 278-7001
        jfriedman@friedman-lawyers.com

        *Attorneys for Plaintiff-Intervenor*

## CERTIFICATE OF COMPLIANCE

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing **PLAINTIFF AND INTERVENOR-PLAINTIFF'S OBJECTION TO ASSERTION OF PRIVILEGE AND MOTION FOR IN CAMERA REVIEW OF DOCUMENTS** was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 20th day of January, 2023.

                                              /s/ Gary A. Davis