# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a Class of persons similarly situated, | )<br>)<br>)<br>) |
| *Plaintiff*, and | ) Civil Action No. 4:21-cv-00040-TWT |
| CITY OF SUMMERVILLE, GA., | )<br>) |
| *Intervenor Plaintiff*, | )<br>) |
| vs. | )<br>) |
| 3M COMPANY, et al., | )<br>) |
| *Defendants*. | ) |

## DEFENDANT MOUNT VERNON MILLS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF EARL PARRIS, JR.'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Mount Vernon Mills, Inc. ("Mount Vernon") responds as follows to Plaintiff Earl Parris, Jr.'s, ("Plaintiff") First Set of Interrogatories to Mount Vernon.

## PRELIMINARY STATEMENT

(a) The following responses and objections to Plaintiff's First Interrogatories are based upon information presently available to Mount Vernon, which Mount Vernon believes to be correct. Said responses are made without

prejudice to Mount Vernon's right to utilize subsequently discovered facts or documents. Responses to these Interrogatories may be supplemented upon Mount Vernon's further investigation and acquisition of information or documents that Mount Vernon either does not possess or cannot locate at this time. However, any such further supplementation shall only be made in accordance with the requirements of the Federal Rules of Civil Procedure. These responses are neither intended as, nor shall in any way be deemed, an admission or representation that further information or documents do or do not exist.

(b) Mount Vernon shows that these responses are true and correct to the best of its knowledge. However, the responses are not based solely on the knowledge of the executing party, but include information obtained by and through Mount Vernon's agents and attorneys.

(c) Mount Vernon objects to the definition of "PFAS" on the grounds that definition is vague, ambiguous, overbroad, and unduly burdensome; seeks information not relevant to the parties' claims and defenses; and is not proportional to the needs of the case. "PFAS"—per- and poly fluoroalkyl substances—are a group of many thousands of fluorine-containing chemicals. It is not practical and unduly burdensome to answer interrogatories and requests for production with respect to thousands of different substances which have different molecular structures and

different properties. The only PFAS the First Amended Complaint ("FAC") specifically identified and alleged to have contaminated the subject water supply are PFOA and PFOS. Subject to and without waiving its objections, Mount Vernon's search for responsive documents has included PFOA, PFOS, and "PFAS" generally.

(d)    Mount Vernon objects to and does not adopt Plaintiff's definitions of "communication," "communications," "document," or "documents" on the grounds that they are vague, ambiguous, circular, overbroad, unduly burdensome, and disproportionate to the needs of the case. In responding to these requests, Mount Vernon will interpret these terms consistent with Federal Rule 34(a) and the Court's order governing ESI previously entered in this action.

(e)    Mount Vernon objects to Plaintiff's definitions of the terms "identify" and identity," on the basis that they are vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case. Specifically, Mount Vernon objects to these definitions because they demand that Mount Vernon produce a minimum of four distinct pieces of information in order to "identify" a subject matter of a discovery request, effectively turning each request into multiple requests, thereby exceeding the number of permitted Interrogatories under Federal Rule 33(a)(1). In responding to these requests, Mount Vernon will interpret the terms "identify" and "identity" consistent with their ordinary and customary meanings.

(f) Mount Vernon objects to Plaintiff's definition of the terms "You," "Your," and "Defendant" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it is intended to include any entity other than Mount Vernon. The responses contained herein are based solely on information related to and/or available to Mount Vernon.

This Preliminary Statement is incorporated in each of the responses set forth below.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

INTERROGATORY NO. 1:

Identify each PFAS-containing product that You purchased from any of the named Defendants in Plaintiff's Complaint for use at the Trion facility, including the chemical names of the PFAS ingredients, the dates of each purchase, and the amount purchased.

RESPONSE TO INTERROGATORY NO. 1:

Mount Vernon objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome because it seeks information regarding "each PFAS-containing product" purchased without any limitation as to the date. Mount Vernon will limit its search to products identified after a reasonable search created between February 23, 2016 and the present. Mount Vernon further objects to this Interrogatory because it calls for confidential, proprietary information about Mount Vernon's purchases, suppliers, and products. Mount Vernon objects to the phrases

"PFAS-containing" and "PFAS ingredients" as vague and ambiguous, including based on Mount Vernon's objection to the phrase "PFAS" as stated above. Mount Vernon also objects to this Interrogatory as overly broad and unduly burdensome as it requires Mount Vernon to compile and/or generate voluminous information that is not maintained or kept in the format or manner requested in the ordinary course of business.

Subject to and without waiving the foregoing objections, Mount Vernon responds to Interrogatory No. 1 and states that in lieu of its response it will produce pursuant to Fed.R.Civ.P. 33(d) responsive, non-privileged documents containing the answer to this interrogatory upon entry of a protective order as contemplated by the Parties.

INTERROGATORY NO. 2:

Identify each PFAS-containing product that You purchased from any other entity, not named in Plaintiff's Complaint, for use at the Trion facility, including the chemical names of the PFAS ingredients, the dates of each purchase, and the amount purchased.

RESPONSE TO INTERROGATORY NO. 2:

Mount Vernon objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome because it seeks information regarding "each PFAS-containing product" purchased without any limitation as to the date. Mount Vernon will limit its search to products identified after a reasonable search created

between February 23, 2016 and the present. Mount Vernon further objects to this Interrogatory because it calls for confidential, proprietary information about Mount Vernon's purchases, suppliers, and products. Mount Vernon objects to the phrases "PFAS-containing" and "PFAS ingredients" as vague and ambiguous, including based on Mount Vernon's objection to the phrase "PFAS" as stated above. Mount Vernon also objects to this Interrogatory as overly broad and unduly burdensome as it requires Mount Vernon to compile and/or generate voluminous information that is not maintained or kept in the format or manner requested in the ordinary course of business.

Subject to and without waiving the foregoing objections, Mount Vernon responds to Interrogatory No. 2 and states that in lieu of its response it will produce pursuant to Fed.R.Civ.P. 33(d) responsive, non-privileged documents containing the answer to this interrogatory upon entry of a protective order as contemplated by the Parties.

INTERROGATORY NO. 3:

Identify each person at Mount Vernon responsible for purchasing or overseeing the purchase of PFAS-containing products for use at the Trion facility.

RESPONSE TO INTERROGATORY NO. 3:

Mount Vernon objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome because it seeks identification of "each person"

without any limitation as to the date. Mount Vernon will limit its search to persons identified after a reasonable search created between February 23, 2016 and the present. Mount Vernon objects to the phrase "PFAS-containing" as vague and ambiguous, including based on Mount Vernon's objection to the phrase "PFAS" as stated above. Subject to and without waiving the foregoing objections, Mount Vernon responds to Interrogatory No. 3 and states that in lieu of its response it will produce pursuant to Fed.R.Civ.P. 33(d) responsive, non-privileged documents containing the answer to this interrogatory upon entry of a protective order as contemplated by the Parties.

INTERROGATORY NO. 4:

Identify all engineers, laboratories, and other consultants who have been employed by You pertaining to PFAS, including, but not limited to, the presence of PFAS in Your wastewater discharges to the Trion WPCP.

RESPONSE TO INTERROGATORY NO. 4:

Mount Vernon objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome because it seeks "all" engineers, laboratories, and other consultants without any limitation as to the date, and without limitation as to geography. This Interrogatory seeks information relating to PFAS generally, which would sweep in information unrelated to Chattooga County, the only county at issue in this lawsuit. Mount Vernon will limit its search to persons identified

after a reasonable search created between February 23, 2016 and the present. Mount Vernon further objects that this Interrogatory is vague, overbroad, and unduly burdensome in that it cannot be determined what employment would be considered by Plaintiff to "pertain to" PFAS, and the terms "engineers," "laboratories," "consultants," and "employed," are not defined.  Mount Vernon further objects to this interrogatory to the extent it can be construed to encompass attorney work product or violate Fed.R.Civ.P. 26(b)(4).

Subject to and without waiving the foregoing objections, Mount Vernon responds to Interrogatory No. 4 and states that in lieu of its response it will produce pursuant to Fed.R.Civ.P. 33(d) responsive, non-privileged documents containing the answer to this interrogatory upon entry of a protective order as contemplated by the Parties.

This 10th day of August, 2022.

       /s/ William M. Droze
WILLIAM M. DROZE
Georgia Bar No. 231039
T. MATTHEW BAILEY
Georgia Bar No. 194516
KADEISHA A. WEST
Georgia Bar No. 640699
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street, N.E. Suite 3000
Atlanta, GA 30308
william.droze@troutman.com

matt.bailey@troutman.com
kadeisha.west@troutman.com

(404) 885-3468
(404) 885-2716
(404) 885-3831
*Attorneys for Defendant*
*Mount Vernon Mills, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that **DEFENDANT MOUNT VERNON MILLS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES** was served by electronic mail upon all counsel of record.

This the 10th day of August, 2022.

/s/William Droze
William M. Droze
Georgia Bar No. 231039
william.droze@troutman.com

*Attorney for Defendant*
*Mount Vernon Mills, Inc.*

**TROUTMAN PEPPER HAMILTON SANDERS LLP**
3000 Bank of America Plaza
600 Peachtree Street N.E.
Atlanta, GA 30308-2216
Telephone: 404-885-3000
Facsimile: 404-885-3900