# EXHIBIT 5

| | |
|---|---|
| **From:** | Gary Davis |
| **To:** | Droze, William M. |
| **Cc:** | Stacy Snow; Jeff Friedman; Andy Davis; Lee Patterson; West, Kadeisha A.; Bailey, Matt |
| **Subject:** | RE: Parris v. Mount Vernon Mills, et al. |
| **Date:** | Monday, October 31, 2022 12:57:32 PM |
| **Attachments:** | image001.png |

William,

The CWA statute of limitations has nothing to do with the sources of the PFAS in the sludge from the Town of Trion's POTW, which is highly relevant to the tort claims in this matter. Based on a document produced by MVM, the disposal of sludge by at farms in the Racoon Creek watershed goes back at least to 1992. PFAS being used by MVM that far back that stayed with the sludge is still a source of PFAS contaminating Summerville's water supply and creating the continuing nuisance. We know that by the fact that PFOS is still being found in Racoon Creek 20 years after 3M phased out products based on POSF in 2002. I would think that MVM would be more than willing to assist in the identification of all the potentially liable parties in this case.

The Northern District of Georgia has repeatedly rejected discovery objections like the one here. In *Upton v. McKerrow*, No. CIV.A.1:94-CV-353MHS, 1996 WL 193807, at *4 (N.D. Ga. Feb. 20, 1996), the court held that, "[i]n light of the liberal scope of discovery permitted under the federal rules" and because "relevant documents may have been created substantially prior to or after the proposed class period," defendant's proposed temporal limitations to discovery were unfounded. Similarly, in *Williams v. The Art Inst. of Atlanta*, No. 1:06 CV 0285 CC/AJB, 2006 WL 3694649, at *4 (N.D. Ga. Sept. 1, 2006), the court rejected defendant's discovery objections because the defendant "failed to suggest any reason why the time frame for [the requested] information [wa]s overbroad or burdensome other than its argument that the only relevant events occurred during and after January 2005."

The Northern District has also held that a party's "unilateral assertion of what it considers relevant is insufficient to deny [opposing party] access to the discovery of information that could be relevant at trial." *Hallmark Ins. Co. v. Fannin*, No. 1:17-CV-04839-CAP, 2018 WL 8929810, at *3 (N.D. Ga. July 16, 2018). *See also Kipperman v. Onex Corp.*, 260 F.R.D. 682, 693 (N.D. Ga. 2009) ("Defendants wanted the court to grant them relief from producing e-mails they unilaterally determined were irrelevant or unrelated to this action. This was merely another effort by Defendants to improperly control the scope of discovery."). Likewise, the relevant temporal scope of discovery is the time period of factual allegations contained in complaint. *See United States v. Am. Intercontinental Univ., Inc.*, No. 1:08-CV-2277-RWS-LTW, 2012 WL 12878365, at *2 (N.D. Ga. Jan. 20, 2012). Because the Complaint contains allegations going back into the early 2000s and even the 1990's, that is the relevant time frame to begin with for purposes of discovery.

Finally, even if the requested documents from prior to 2016 turn out to be inadmissible at trial, the information requested is relevant because it could lead to or otherwise shed light on other discoverable information. For example, in *Kemper v. Equity Ins. Co.*, No. 1:15-CV-2961-TCB, 2016 WL 7428215, at *3 (N.D. Ga. Apr. 29, 2016), the defendant argued that documents outside of a certain date range were "not discoverable because they are irrelevant and not proportional to the needs of the case." The court rejected this argument because the requested documents could have "shed

light" on other relevant and admissible information. *Id.*

I am happy to discuss this and have time open this week, particularly tomorrow 10-12 or 4-5.

Best,

Gary



21 Battery Park Avenue
Suite 206
Asheville, NC 28801
Phone: 828-622-0044
Fax: 828-398-0435
enviroattorney.com

The information contained in this electronic transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately notify the sender that you have received this communication in error and then destroy the documents.

**From:** Droze, William M. <william.droze@troutman.com>
**Sent:** Wednesday, October 26, 2022 3:44 PM
**To:** Gary Davis <gadavis@enviroattorney.com>
**Cc:** Stacy Snow <ssnow@enviroattorney.com>; Jeff Friedman <jfriedman@friedman-lawyers.com>; Andy Davis <adavis@brinson-askew.com>; Lee Patterson <lpatterson@friedman-lawyers.com>; West, Kadeisha A. <Kadeisha.West@troutman.com>; Bailey, Matt <matt.bailey@troutman.com>
**Subject:** RE: Parris v. Mount Vernon Mills, et al.

Good afternoon Gary. In regards to your inquiry about our objection, your complaint was filed on February 23, 2021. The longest statute of limitation applicable to your claims relates to the Clean Water Act which typically is viewed to have a five year lookback. Consequently, an appropriate temporal limitation is the time period within which a valid claim could be pursued; in this case February 23, 2016 (five years preceding the filing of