# EXHIBIT 6

| From: | Droze, William M. |
|---|---|
| To: | Gary Davis |
| Cc: | Stacy Snow; Jeff Friedman; Andy Davis; Lee Patterson; West, Kadeisha A.; Bailey, Matt |
| Subject: | RE: Parris v. Mount Vernon Mills et al. |
| Date: | Thursday, November 3, 2022 1:40:45 PM |
| Attachments: | image001.png |

Good afternoon Gary.  My apologies for the delay in response but I had court yesterday afternoon.  We also wanted to give consideration to the authorities you cite.  Having now had the opportunity to do so, we respectfully disagree with your analysis and find none of the cases controlling on the question presented here, namely, the proper temporal limitation of your discovery.

We start with the premise that your discovery contained no temporal limitations at all. That makes them facially overbroad, and a Court acts will within its discretion in limiting them to the proper scope.  *Bagnato v. Phoebe Putney Health Sys.*, 2008 U.S. Dist. LEXIS 130009 (N.D. Ga. November 13, 2008, 1:08-cv-2114-JOF-SSC)(holding that discovery requests without temporal limitations appeared overbroad).

Rule 26 is explicit in its insistence that discovery is available for "nonprivileged matter that is relevant to any party's claim of defense . . ." Fed.R.Civ.P. 26(b)(1).  Although you state that the CWA statute of limitations has nothing to do with the relevant issues, nothing could be further from the truth.  No "claim" can be asserted for any conduct that is barred by the statute of limitation.  Thus, any documents that cannot be used to state a claim are by definition not relevant to the dispute. Neither are they proportional to the issues in the case.

The Northern District of Georgia has embraced just such a claim specific analysis with regard to discovery.  *Beaulieu Grp., LLC v. Mohawk Carpet Distrib., Inc.*, 2016 U.S. Dist. LEXIS 203692 (N.D. Ga. August 3, 2016, 4:15-cv-0124-HLM)("In assessing relevance, the Court must 'focus on the specific claim or defense alleged in the pleadings.'" [Cit.Om.]). That case further notes that it is the burden of the party seeking the discovery to justify its relevance.  *Id.*   Simply alleging historical conduct does not make it relevant.  Rather, Plaintiff has the burden of showing that the conduct involved in the "claim" is relevant. Understandably, the Complaint focuses on issues within the limitations period, such as the 2019-2020 EPA sampling and EPD involvement (Am. Compl. at Paras. 74-78, 101), and permitting in 2019 (Am. Comp. Para. 106).  And Mount Vernon has produced documents, over 42,000 pages of material, within that period, at substantial cost.  However, Plaintiffs utterly fail to justify how documents pre-dating the limitations period by twenty years (or even in proximity to the bar date) would support their claims which amount to property devaluation and increased utility costs.

Though not a Northern District of Georgia case, the Northern District of Florida has succinctly noted that "Courts regularly narrow the scope of records requests that have no temporal limit or when the requested time period is too distant from the events giving rise to a plaintiff's claims."  *G.H. v. Marstiller*, 2020 U.S. Dist. LEXIS 265608 (N.D. Fla. March 24, 2020, 4:19-cv-431 MW/CAS).  That court further noted: "Implicit in these rulings is the understanding that there is an inverse relationship between time on one side, and relevance and proportionality on the other.  That is to say, the more distant in time the information is, the less relevant it is and the more likely it is that discovering it would be disproportional to the needs of the case.")  *Id.*

The Northern District of Georgia has employed in practice precisely that approach.  Even in a case you reference, *U.S. ex rel. Powell v. Am. Intercontinental Univ., Inc.*,  2013 U.S. Dist. LEXIS 201823 (N.D. Ga. February 22, 2013, 1:08-cv-2277-RWS-LTW), in a follow on decision to your cited decision the Magistrate Judge limited discovery based upon the claim advanced. Id. (holding that documents generated prior to 2005 were not discoverable notwithstanding the existence of prior investigations from 2002-2005). And in that case it was merely 3 years, not decades as you argue for in this case.  This is equally true as to the proportionality burden addressed in the Florida *Marstiller* case.  *See Tillman v. Gwinnett Co. Sch. Dist.*, 2005 U.S. Dist. LEXIS 57913 (N.D. Ga. April 18, 2005, 1:04-cv1180-BBM)(holding a district court has the discretion to limit discovery if the burden placed on the producing party would outweigh the benefit conferred on the other party).

Finally, although you cite no district court or appellate authority to demonstrate that a district court errs in limiting discovery to the limitations period (and in this case longer than the limitations period for the state law claims), the Northern District of Georgia has in fact limited discovery in that fashion.  *Peacock v. Retail Credit Co.*, 302 F. Supp. 418 (N.D. Ga. 1969)('[t]he conclusions which the court has reached dictate that any further discovery, either beyond the period of the statute of limitations, or from third parties, would be irrelevant, immaterial, and to no avail under the issues before the court.")

In light of the foregoing we believe our position is well-taken and that the Court would agree.  I do appreciate your willingness to continue a dialogue but wanted you to have the benefit of our authority since you provided yours.  Please feel free to reach out if you'd like to discuss the matter further and we can set a time.  Best, W

**William M. Droze**
**Partner**
**troutman pepper**
Direct: 404.885.3468 | Internal: 11-3468
william.droze@troutman.com


**From:** Gary Davis <gadavis@enviroattorney.com>
**Sent:** Monday, October 31, 2022 12:57 PM
**To:** Droze, William M. <william.droze@troutman.com>
**Cc:** Stacy Snow <ssnow@enviroattorney.com>; Jeff Friedman <jfriedman@friedman-lawyers.com>; Andy Davis <adavis@brinson-askew.com>; Lee Patterson <lpatterson@friedman-lawyers.com>; West, Kadeisha A. <Kadeisha.West@troutman.com>; Bailey, Matt <matt.bailey@troutman.com>
**Subject:** RE: Parris v. Mount Vernon Mills, et al.

**EXTERNAL SENDER**

William,

The CWA statute of limitations has nothing to do with the sources of the PFAS in the sludge from the Town of Trion's POTW, which is highly relevant to the tort claims in this matter. Based on a document produced by MVM, the disposal of sludge by at farms in the Racoon Creek watershed