# EXHIBIT 7

| | |
|---|---|
| **From:** | Gary Davis |
| **To:** | Droze, William M. |
| **Cc:** | Stacy Snow; Jeff Friedman; Andy Davis; Lee Patterson; West, Kadeisha A.; Bailey, Matt |
| **Subject:** | RE: Parris v. Mount Vernon Mills, et al. |
| **Date:** | Monday, November 7, 2022 4:57:22 PM |
| **Attachments:** | image001.png |

William,

Here is what we discussed in our meet and confer on MVM's discovery objections today.

Plaintiff is willing to limit the time period going back to 1992, which is when we currently understand the Trion sludge disposal began in the Racoon Creek watershed.

Here are the specific documents we would want to be produced for this timeframe.

REQUEST TO PRODUCE NO. 1:
All documents pertaining to Your purchase of any PFAS-containing products from any Defendant named in Plaintiff's Complaint for use at the Trion facility.

REQUEST TO PRODUCE NO. 2:
All documents pertaining to Your purchase of any PFAS-containing products from any other entity, not named in Plaintiff's Complaint, for use at the Trion facility.

REQUEST TO PRODUCE NO. 3:
All communications between You and any Defendant named in Plaintiff's Complaint pertaining to PFAS.

REQUEST TO PRODUCE NO. 4:
All documents, including, but not limited to, safety data sheets, material safety data sheets, product toxicity summary sheets, and product environmental evaluations, pertaining to PFAS-containing products used by You at the Trion facility.

REQUEST TO PRODUCE NO. 6:
All documents pertaining to Your knowledge of the presence of PFAS in wastewater treatment sludge resulting from the discharge of PFAS-containing intermediates or products into wastewater treatment facilities.

REQUEST TO PRODUCE NO. 8:
All documents pertaining to the sampling or analysis of Your wastewater discharge from the Trion facility for PFAS.

We believe requests 1-4 are reasonably specific, particularly because they only apply to one facility and to a relatively small number of suppliers (3M, Pulcra, Huntsman, Daikin, and, perhaps, DuPont). For numbers 6 and 8, we would expect MVM's documents to be mostly recent and to be minimal, but because these pertain to MVM's knowledge we wouldn't agree to limit these requests to the 2016 time period.

Please let us know by Friday if you agree with this compromise to resolve your objections.

Thanks,

Gary .



21 Battery Park Avenue
Suite 206
Asheville, NC 28801
Phone: 828-622-0044
Fax: 828-398-0435
enviroattorney.com

The information contained in this electronic transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately notify the sender that you have received this communication in error and then destroy the documents.

**From:** Droze, William M. <william.droze@troutman.com>
**Sent:** Thursday, November 3, 2022 1:40 PM
**To:** Gary Davis <gadavis@enviroattorney.com>
**Cc:** Stacy Snow <ssnow@enviroattorney.com>; Jeff Friedman <jfriedman@friedman-lawyers.com>; Andy Davis <adavis@brinson-askew.com>; Lee Patterson <lpatterson@friedman-lawyers.com>; West, Kadeisha A. <Kadeisha.West@troutman.com>; Bailey, Matt <matt.bailey@troutman.com>
**Subject:** RE: Parris v. Mount Vernon Mills, et al.

Good afternoon Gary. My apologies for the delay in response but I had court yesterday afternoon. We also wanted to give consideration to the authorities you cite. Having now had the opportunity to do so, we respectfully disagree with your analysis and find none of the cases controlling on the question presented here, namely, the proper temporal limitation of your discovery.

We start with the premise that your discovery contained no temporal limitations at all. That makes them facially overbroad, and a Court acts will within its discretion in limiting them to