IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a class of persons similarly situated,<br><br>    Plaintiff,<br><br>CITY OF SUMMERVILLE, GEORGIA<br><br>    Intervenor-Plaintiff<br><br>v.<br><br>3M COMPANY, et al.,<br><br>    Defendants. | Case No. 4:21-CV-00040-TWT<br><br>Hon. Thomas W. Thrash Jr. |

**MOTION TO STRIKE CITY OF SUMMERVILLE'S
JOINDER & PROPOSED AMENDED COMPLAINT
AS TO E.I. DUPONT DE NEMOURS & THE CHEMOURS COMPANY**

The City of Summerville (the City") has failed to comply with this Court's Scheduling Order (Doc. 187), failed to file timely an amended complaint against E.I. DuPont de Nemours and Company and The Chemours Company ("DuPont and Chemours" or "Defendants") under Federal Rules of Civil Procedure 7 and 8(a), and failed to serve DuPont and Chemours in any manner consistent with Federal Rule of Civil Procedure 4. Accordingly, Defendants jointly submit this Motion to Strike two documents recently filed by the City: (1) the City's November 21, 2022 Joinder in

{00907565-}

Plaintiff's Second Amended Complaint (Doc. 281) and (2) the City's January 6, 2023, Proposed Amended Complaint in Intervention (Doc. 301-1). These documents fail to adhere to the rules of federal pleading practice, are of no legal effect as to DuPont and Chemours, and should be stricken from the record entirely. As further grounds for this motion, Defendants state as follows.

## **ARGUMENT**

On May 24, 2022, this Court entered its Scheduling Order (Doc. 187) governing all deadlines in the above matter. Defendants were not parties at that time. In it, the Court set a deadline of November 21, 2022 for parties to amend pleadings and add parties. *See* Doc. 187 ("Any amended pleadings to add additional parties as of right to be filed within 180 days of this Order).

On November 21, 2022, Plaintiff Earl Parris, Jr. filed a Second Amended Individual and Class Action Complaint (the "Second Amended Complaint") (Doc. 280). Among other things, the Second Amended Complaint purported to add DuPont and Chemours as defendants with corresponding allegations as to each. Plaintiff Parris properly filed this Second Amended Complaint by the Court's November deadline and properly served it upon Defendants.[1]

---

[1] Defendants timely filed their Answers to Parris's Second Amended Complaint (Docs. 302 and 303).

{00907565-}  2

On the same day, rather than filing its own second amended complaint, the City just filed a document into the record captioned "Intervenor Plaintiff City Of Summerville, Georgia Joinder In Plaintiff's Second Amended Individual and Class Action Complaint." (Doc. 281.) The document essentially stated that the City intends to join in the filing of Plaintiff's Second Amended Complaint and "further adopts and incorporates the relevant provisions of Plaintiff's Second Amended Individual and Class Action Complaint [Doc. 280] and new allegations against DuPont and Chemours by reference." *Id*.

This so-called Joinder is both substantively and procedurally defective as to <u>all</u> defendants in this case—but especially so as it relates to DuPont and Chemours. First, Summerville is not—and could never be—a member of the purported class. Second, Summerville's pleading, if it has any legal effect at all, was late filed and is therefore procedurally improper. Third, to the extent the City intended the document to act as its own second amended complaint, it fails to meet even the most basic standards of pleading practice under Rules 7b and 8(a) of the Federal Rules of Civil Procedure. It contained no claims, no statement of the Court's jurisdiction, and no prayer for relief. It did not even specify what "relevant" portions of Parris's Second Amended Complaint it was attempting to incorporate therein. For example, Plaintiff Parris's Second Amended Complaint (Doc. 280) is an individual action brought

under the citizen suit provisions of the Federal Clean Water Act ("CWA") and the Federal Resource Conservation and Recovery Act ("RCRA"). But Summerville's original complaint in intervention (Doc. 137) does not bring any CWA or RCRA claims. Further, Plaintiff Parris's Second Amended Complaint is also a class action complaint on behalf of a proposed class defined as all water subscribers (taxpayers) with the City of Summerville, Georgia Public Works and Utilities Department. Summerville's original complaint in. intervention (Doc. 137) has no class-action allegations. Nor is it clear how Summerville could adopt (and thereby pursue) class allegations seeking repayment of surcharges that are allegedly being paid to Summerville by its customers.  And fourth, to the extent the City was seeking to bring claims against two new defendants—neither of whom had appeared in the lawsuit at that time—the City wholly failed to serve this so-called Joinder document on DuPont and Chemours pursuant to Fed. R. Civ. P. 4.  A pleading purporting to add new defendants to a case should be served on those defendants with the appropriate summons and due process. *See generally* Fed. R. Civ. P. 4.

The City's Joinder in no way qualifies as an operative pleading under Fed. R. Civ. P. 7 and 8(a), which together require that a complaint must clearly state the grounds for the court's jurisdiction, must contain a short plain statement showing the pleader is entitled to relief, and must include, at a minimum, a demand for the

relief sought. The City's Joinder fails in all of these respects and is so vague and ambiguous that, even if the City had properly served DuPont and Chemours with it pursuant to Rule 4 (which it did not), neither could reasonably prepare a meaningful response thereto.

Put simply, rather than filing a second amended complaint which complies with the pleading requirements of Rules 7 and 8(a) of the Federal Rules of Civil Procedure (which Plaintiff Parris did), and rather than serving DuPont and Chemours as Rule 4 plainly requires (which Plaintiff Parris did), the City simply filed its wholly-deficient Joinder on November 21, 2022, which was, of course, the deadline to amend its pleadings and add parties. For this reason alone, the City's November 21, 2022 Joinder should be stricken from the Court's record with respect to DuPont and Chemours.

A few weeks later, on December 5, 2022, prior to DuPont and Chemours' first appearance in this lawsuit, Defendant 3M Company filed a Motion for a More Definite Statement (Doc. 294) regarding the City's procedurally-deficient Joinder. That motion, like this one, outlined the Joinder's numerous and fundamental pleading deficiencies. The City filed its Response to 3M's Motion for a More Definite Statement (Doc. 301) on January 6, 2023. In it, the City argued that its Joinder document was filed in an effort to "adopt and incorporate by reference each

and every factual allegation against new Defendants DuPont and Chemours and thereafter plead [the City's] original legal claims and theories of recovery against DuPont and Chemours . . . ." (Doc. 301 at 2). The City went on to note that "in order to alleviate any confusion and to clarify [the City's] position, [the City] is prepared to file the proposed Amended Complaint in Intervention, attached hereto as Exhibit A." *Id*. at 3. Of course, filing an amended complaint is what the City should have done by or before the November deadline to amend the pleadings. Instead, the City's proposed Amended Complaint (Doc. 301), which it merely attached as an exhibit to the City's response and which purported to include new claims against unserved defendants, came nearly two months after this Court's deadline. Notably, even this provisional document fails to list DuPont and Chemours in its caption.

The procedural deficiencies with this document are also myriad. It is, by the City's own admission, only a proposed Amended Complaint. As such—and rightly so—this document has never been deemed filed or docketed by this Court. It stands today just as it was when it was filed a month ago—a provisional document, which was attached as a mere exhibit to a motion, which itself was filed long after the City's deadline to amend its pleadings as a matter of right. The City did not ask leave to file its proposed amended complaint out of time, and this Court never separately docketed it. And again, the City never attempted to serve this proposed amended

complaint on the very defendants—DuPont and Chemours—that it sought to add therein.

Neither the City's Joinder (doc. 281) nor its undocketed and untimely Proposed Amended Complaint (Doc. 301-1) comply with the Court's Scheduling Order, or with Rules 4, 7, and 8(a) of the Federal Rules of Civil Procedure. The City failed to meet its deadline to add parties or amend its pleadings and failed to seek leave to do so from this Court.  The City has no operative claims against DuPont and Chemours, and these documents should be stricken to the extent either seeks to bring claims or demand relief from either defendant.

## **CONCLUSION**

In conclusion, Defendants DuPont and Chemours request that this Court enter an Order STRIKING the following documents from the Record:

(1) The City of Summerville's November 21, 2022 Joinder in Plaintiff's Second Amended Complaint (Doc. 281); and,

(2) The City of Summerville's January 6, 2023, Proposed Amended Complaint in Intervention (Doc. 301-1).

[DATE AND SIGNATURE ON FOLLOWING PAGE]

Dated:  February 7, 2023          Respectfully submitted,

                                                  */s/ Blair J. Cash*

Blair Cash
Georgia Bar No. 360457
**Moseley Marcinak Law Group LLP**
P.O. Box 1688
Kennesaw, Georgia 30156
(470) 480-7258
Email: blair.cash@momarlaw.com

John M. Johnson
Lana A. Olson
Robert Ashby Pate
Meghan S. Cole
Mary Parrish McCracken
**Lightfoot, Franklin & White, LLC**
400 20th Street North
Birmingham, Alabama 35203
(205) 581-0700

*Attorneys for Defendants E.I. DuPont de Nemours and The Chemours Company*

{00907565-}                                8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a class of persons similarly situated,<br><br>    Plaintiff,<br><br>CITY OF SUMMERVILLE, GEORGIA<br><br>    Intervenor-Plaintiff<br><br>v.<br><br>3M COMPANY, et al.,<br><br>    Defendants. | Case No. 4:21-CV-00040-TWT<br><br>Hon. Thomas W. Thrash Jr. |

**CERTIFICATE OF SERVICE
AND COMPLIANCE WITH LOCAL RULE 5.1**

I hereby certify that I have this date electronically filed the within and foregoing, which has been prepared using 14-point Times New Roman font, with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

[DATE AND SIGNATURE ON FOLLOWING PAGE]

{00907565-}          9

Dated:  February 7, 2023            Respectfully submitted,

*/s/ Blair J. Cash*

Blair Cash
Georgia Bar No. 360457
**Moseley Marcinak Law Group LLP**
P.O. Box 1688
Kennesaw, Georgia 30156
(470) 480-7258
Email: blair.cash@momarlaw.com

*Attorneys for Defendants E.I. DuPont de Nemours and The Chemours Company*