# Exhibit A
**Mount Vernon Mills' Responses to Plaintiff's First Requests for Production**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| EARL PARRIS, JR., individually, and on behalf of a Class of persons similarly situated, | ) ) ) ) | |
| *Plaintiff*, and | ) ) | Civil Action No. 4:21-cv-00040-TWT |
| CITY OF SUMMERVILLE, GA., | ) ) | |
| *Intervenor Plaintiff*, | ) ) | |
| vs. | ) ) | |
| 3M COMPANY, et al., | ) ) | |
| *Defendants*. | ) | |

## DEFENDANT MOUNT VERNON MILLS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Mount Vernon Mills, Inc. ("Mount Vernon") responds as follows to Plaintiff Earl Parris, Jr.'s ("Plaintiff") First Requests for Production to Mount Vernon (the "First Requests").

## GENERAL OBJECTIONS

1.     Mount Vernon objects to the First Requests to the extent they purport to impose obligations and costs on Mount Vernon beyond those set forth in the

Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Northern District of Georgia Local Rules, or any other applicable rules or laws.

2.      Mount Vernon objects to the Requests to the extent that they seek documents that are not relevant to this litigation, not reasonably calculated to lead to the discovery of admissible evidence, or seek information that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3.      Mount Vernon objects to the Requests on the grounds that they are unduly burdensome, harassing, and oppressive in that considerable time and expense would be required to identify, locate, retrieve, and duplicate for production all of the materials requests.

4.      Mount Vernon objects to the Requests to the extent they seek proprietary or confidential business information, trade secrets, and other sensitive information.  Mount Vernon further objects to the Requests to the extent that they seek documents and information that are subject to certain confidentiality provisions between Mount Vernon and others that may not be disclosed without notice to and/or the consent of the parties to such contracts or otherwise. Mount Vernon will produce

such documents and information only subject to entry of an appropriate protective order that protects such competitively sensitive information from unwarranted disclosure and prevents any harm associated with any disclosure.

5.      Mount Vernon objects to the Requests to the extent they call for documents that were prepared or obtained for or in anticipation of litigation, constitute attorney work product, are subject to the attorney-client privilege or joint defense privilege, or are otherwise privileged under federal or state law. The production by Mount Vernon of any privileged or otherwise protected documents or information shall not be deemed a waiver or impairment of any claim of privilege or protection in this or any other litigation, proceeding, or dispute. Upon receiving notice from Mount Vernon that privilege or otherwise protected documents or information have been produced, all such documents or information, including copies or summaries thereof, shall be promptly returned to Mount Vernon.

6.      Mount Vernon objects to the Requests to the extent that they purport to require the production of documents that are not in Mount Vernon's possession, custody, or control, or that have not yet come into existence.

7.      Mount Vernon's responses to the Requests have been prepared in accordance with the Federal Rules of Civil Procedure pursuant to reasonable and diligent investigation and search for information requested.   Mount Vernon's

3

discovery and investigation into the matters raised by these Requests are ongoing. Accordingly, Mount Vernon responds to these Requests based on information presently available to it without prejudice to its right to amend, supplement, or clarify their responses or to present evidence later acquired or discovered by Mount Vernon. In addition to any documents produced in response to the Requests, Mount Vernon reserves the right to use later acquired, developed, or discovered information, documents, or legal theories for any purpose.

8. By providing responses to the Requests, Mount Vernon does not concede the relevance or admissibility of any information, response, or document produced pursuant thereto. Where Mount Vernon's response indicates that it will produce documents in response to a particular Request, in responding to such Request, Mount Vernon will conduct a reasonable search of those files that are within its possession, custody, or control or the possession, custody or control of its current employees believed to be the most likely to contain documents responsive to the Requests. Specifically, in accordance with the Stipulated Joint Protocol Governing Discovery of Documents and Electronically Stored Information (the "Discovery Protocol"). Mount Vernon's search for responsive documents, including reasonably accessible ESI, will be limited to (a) the custodial files of those employees most likely to possess responsive documents and (b) shared corporate

4

files in which responsive documents ordinarily would be expected to be found, subject to the Objections stated herein. In identifying responsive ESI, Mount Vernon will employ search terms and may use predictive coding technologies that are reasonably calculated to identify responsive documents. Mount Vernon does not undertake to search or review each and every file and record in its possession, custody, or control because to do so would be unduly burdensome, expensive, and disproportionate to the needs of the case.

9.     Mount Vernon objects to the definition of "PFAS" on the grounds that definition is vague, ambiguous, overbroad, and unduly burdensome; seeks information not relevant to the parties' claims and defenses; and is not proportional to the needs of the case. "PFAS"—per- and poly fluoroalkyl substances—are a group of many thousands of fluorine-containing chemicals. It is not practical and unduly burdensome to answer interrogatories and requests for production with respect to thousands of different substances which have different molecular structures and different properties. The only PFAS the First Amended Complaint ("FAC") specifically identified and alleged to have contaminated the subject water supply are PFOA and PFOS. Subject to and without waiving its objections, Mount Vernon's search for responsive documents has included PFOA, PFOS, and "PFAS" generally.

10.     Mount Vernon objects to and does not adopt Plaintiff's definitions of

"communication," "communications," "document," or "documents" on the grounds that they are vague, ambiguous, circular, overbroad, unduly burdensome, and disproportionate to the needs of the case. In responding to these requests, Mount Vernon will interpret these terms consistent with Federal Rule 34(a) and the Court's order governing ESI previously entered in this action. Mount Vernon reserves the right to supplement and/or amend its responses to the Requests.

11.     Mount Vernon objects to Plaintiff's definition of the terms "You," "Your," and "Defendant" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it is intended to include any entity other than Mount Vernon. The responses contained herein are based solely on information related to and/or available to Mount Vernon.

12.     Mount Vernon objects to the Requests to the extent they seek information or documents subject to third-party confidentiality or non-disclosure agreements. Some responsive documents may be subject to such agreement and intended production of such documents may be limited or delayed due to redaction and/or other needs associated with such agreements. Statements in these Responses indicating intent to produce documents related to third parties are subject to and qualified by this objection.

13.     Each of these General Objections is incorporated by reference into each

and every response as though fully set forth therein in addition to any specific responses stated.

14.    Mount Vernon stands ready to meet and confer regarding any objection or response.

## OBJECTIONS AND RESPONSES

REQUEST TO PRODUCE NO. 1:

All documents pertaining to Your purchase of any PFAS-containing products from any Defendant named in Plaintiff's Complaint for use at the Trion facility.

RESPONSE TO REQUEST TO PRODUCE NO. 1:

Mount Vernon objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" documents without any limitation as to the date.  On the basis of this objection, Mount Vernon will limit its search to documents located after a reasonable search created between February 23, 2016 and the present. Mount Vernon objects that this Request is overbroad and unduly burdensome in that the Requests define "pertaining to" to include documents "in any manner whatsoever pertinent to," which is an overly broad definition that is not reasonably calculated to lead to the discovery of admissible evidence or seek information proportional to the needs of the case.  Mount Vernon further objects to this Request to the extent it seeks protected proprietary information and documents

not known to the general public and which are competitively sensitive, and to the

extent it seeks documents protected by the attorney-client privilege, the work

product doctrine, and/or any other applicable privilege or protection and Mount

Vernon will not produce such documents. Mount Vernon objects to the phrase

"PFAS-containing" as vague and ambiguous, including based on Mount Vernon's

objection to the phrase "PFAS" as previously stated.

Subject to and without waiving the foregoing objections, and upon entry of

an appropriate Stipulated Protective Order, Mount Vernon will produce responsive

non-privileged documents pursuant to the Parties' Joint Protocol Governing

Discovery of Documents and Electronically Stored Information ("ESI Order"), to

the extent such documents exist, located after a reasonable search. Mount Vernon

further states that it has not yet identified documents that will be withheld on the

basis of the above objections.

REQUEST TO PRODUCE NO. 2:

All documents pertaining to Your purchase of any PFAS-containing
products from any other entity, not named in Plaintiff's Complaint, for use at the
Trion facility.

RESPONSE TO REQUEST TO PRODUCE NO. 2:

Mount Vernon objects to this Request on the grounds that it is overbroad and

unduly burdensome because it seeks "all" documents without any limitation as to

the date.  On the basis of the foregoing objection, Mount Vernon will limit its search to documents located after a reasonable search created between February 23, 2016 and the present. Mount Vernon objects that this Request is overbroad and unduly burdensome in that the Requests define "pertaining to" to include documents "in any manner whatsoever pertinent to," which is an overly broad definition that is not reasonably calculated to lead to the discovery of admissible evidence or seek information proportional to the needs of the case.  Mount Vernon further objects to this Request to the extent it seeks protected proprietary information and documents not known to the general public and which are competitively sensitive, and to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection and Mount Vernon will not produce such documents. Mount Vernon objects to the phrase "PFAS-containing" as vague and ambiguous, including based on Mount Vernon's objection to the phrase "PFAS" as previously stated.

Subject to and without waiving the foregoing objections, and upon entry of an appropriate Stipulated Protective Order, Mount Vernon will produce responsive non-privileged documents pursuant to the Parties' ESI Order, to the extent such documents exist, located after a reasonable search. Mount Vernon further states

that it has not yet identified documents that will be withheld on the basis of the above objections.

REQUEST TO PRODUCE NO. 3:

All communications between You and any Defendant named in Plaintiff's Complaint pertaining to PFAS.

RESPONSE TO REQUEST TO PRODUCE NO. 3:

Mount Vernon objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" documents without any limitation as to the date and scope. Mount Vernon further objects that this Request is overbroad and unduly burdensome in that the Requests define "pertaining to" to include documents "in any manner whatsoever pertinent to," which is an overly broad definition that is not reasonably calculated to lead to the discovery of admissible evidence or seek information proportional to the needs of the case. On the basis of the foregoing objections, Mount Vernon will limit its search to documents located after a reasonable search created between February 23, 2016 and the present and that specifically relate to discussions regarding PFAS compounds used at the Trion Facility. Mount Vernon further objects to this Request to the extent it seeks protected proprietary information and documents not known to the general public and which are competitively sensitive, and to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, and/or any

10

other applicable privilege or protection, including but not limited to Fed.R.Civ.P. 26(b)(4), and Mount Vernon will not produce such documents.

Subject to and without waiving the foregoing objections, and upon entry of an appropriate Stipulated Protective Order, Mount Vernon will produce responsive non-privileged communications pursuant to the Parties' ESI Order, to the extent such communications exist, located after a reasonable search. Mount Vernon further states that it has not yet identified communications that will be withheld on the basis of the above objections.

REQUEST TO PRODUCE NO. 4:

All documents, including, but not limited to, safety data sheets, material safety data sheets, product toxicity summary sheets, and product environmental evaluations, pertaining to PFAS-containing products used by You at the Trion facility.

RESPONSE TO REQUEST TO PRODUCE NO. 4:

Mount Vernon objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" documents without any limitation as to the date.  On the basis of the foregoing objection, Mount Vernon will limit its search to documents located after a reasonable search created between February 23, 2016 and the present. Mount Vernon further objects that this Request is overbroad and unduly burdensome in that the Requests define "pertaining to" to include documents "in any manner whatsoever pertinent to," which is an overly

11

broad definition that is not reasonably calculated to lead to the discovery of admissible evidence or seek information proportional to the needs of the case. Mount Vernon objects to the phrase "PFAS-containing" as vague and ambiguous, including based on Mount Vernon's objection to the phrase "PFAS" as previously stated.

Subject to and without waiving the foregoing objections, and upon entry of an appropriate Stipulated Protective Order, Mount Vernon will produce responsive non-privileged documents pursuant to the Parties' ESI Order, to the extent such documents exist, located after a reasonable search. Mount Vernon further states that it has not yet identified documents that will be withheld on the basis of the above objections.

REQUEST TO PRODUCE NO. 5:

All documents pertaining to Your knowledge of the toxicity, ecological impacts, persistence, bioaccumulation, biomagnification, or other adverse effects caused by or linked to PFAS.

RESPONSE TO REQUEST TO PRODUCE NO. 5:

Mount Vernon objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" documents without any limitation as to the date.  On the basis of the foregoing objection, Mount Vernon will limit its search to documents located after a reasonable search created between February

12

23, 2016 and the present. Mount Vernon further objects that this Request is

overbroad and unduly burdensome in that the Requests define "pertaining to" to

include documents "in any manner whatsoever pertinent to," which is an overly

broad definition that is not reasonably calculated to lead to the discovery of

admissible evidence or seek information proportional to the needs of the case.

Mount Vernon further objects to this Request because it calls for expert testimony

or opinion as to whether any alleged effect is "caused by or linked to PFAS,"

which is premature because expert disclosures are not yet due. Similarly, Mount

Vernon objects to this Request because it seeks information regarding "adverse

effects caused by or linked to "PFAS" which improperly states a legal argument or

conclusion concerning any alleged cause or link.  Mount Vernon further objects on

the grounds that the science around PFAS compounds continues to evolve.  Mount

Vernon objects to producing any privileged documents which are attorney work

product, and, including but not limited to Fed.R.Civ.P. 26(b)(4).

Subject to and without waiving the foregoing objections, and upon entry of

an appropriate Stipulated Protective Order, Mount Vernon will produce responsive

non-privileged documents pursuant to the Parties' ESI Order, to the extent such

documents exist, located after a reasonable search. Mount Vernon further states

that it has not yet identified documents that will be withheld on the basis of the
above objections.

REQUEST TO PRODUCE NO. 6:

    All documents pertaining to Your knowledge of the presence of PFAS in
wastewater treatment sludge resulting from the discharge of PFAS-containing
intermediates or products into wastewater treatment facilities.

    RESPONSE TO REQUEST TO PRODUCE NO. 6:

Mount Vernon objects to this Request on the grounds that the terms

"wastewater treatment sludge" is not defined and is vague and ambiguous. Mount

Vernon's response to the Request is based upon its understanding of this phrase to

refer to the residual material that is produced as a by-product during treatment of

industrial wastewater. Mount Vernon also objects to this Request on the grounds

that it is overbroad and unduly burdensome because it seeks "all" documents

without any limitation as to the date and scope.  Mount Vernon further objects that

this Request is overbroad and unduly burdensome in that the Requests define

"pertaining to" to include documents "in any manner whatsoever pertinent to,"

which is an overly broad definition that is not reasonably calculated to lead to the

discovery of admissible evidence or seek information proportional to the needs of

the case.  Mount Vernon objects to the phrase "PFAS-containing" as vague and

ambiguous, including based on Mount Vernon's objection to the phrase "PFAS" as

14

previously stated. Mount Vernon also objects to the term "intermediates" on the grounds that it is undefined, vague, ambiguous, and overbroad as used herein. Mount Vernon further objects to the extent this Request calls for expert testimony or opinion as to whether a particular chemical compound falls within the definitions of "PFAS-containing intermediates." On the basis of the foregoing objections, Mount Vernon will limit its search to documents located after a reasonable search created between February 23, 2016 and the present and that specifically relate to the presence of PFAS compounds used by Mount Vernon and documented to exist within the wastewater treatment sludge at the Trion Facility. Mount Vernon further objects to production of any documents that are attorney work product, and, including but not limited to Fed.R.Civ.P. 26(b)(4).

Subject to and without waiving the foregoing objections, and upon entry of an appropriate Stipulated Protective Order, Mount Vernon will produce responsive non-privileged documents pursuant to the Parties' ESI Order, to the extent such documents exist, located after a reasonable search. Mount Vernon further states that it has not yet identified documents that will be withheld on the basis of the above objections.

REQUEST TO PRODUCE NO. 7:

All documents pertaining to Your knowledge of contamination [sic] environmental media, including, but not limited to, groundwater or surface water,

15

as a result of disposal or land application of wastewater treatment sludge
containing PFAS.

RESPONSE TO REQUEST TO PRODUCE NO. 7:

Mount Vernon objects to this request insofar as it has not been involved in

the disposal or land application of wastewater treatment sludge and any response

hereto is made without actual knowledge of such process.  Mount Vernon objects

to this Request on the grounds that the terms "contamination [sic] environmental

media" and "wastewater treatment sludge" are not defined and are vague and

ambiguous. Mount Vernon's response to the Request is based upon its

understanding of the phrase "wastewater treatment sludge" to refer to the residual

material that is produced as a by-product during treatment of industrial wastewater.

Mount Vernon's response to the Request is based upon its understanding of this

phrase to refer to "contaminated environmental media" as actively managed

(excavated, dredged, pumped, or otherwise collected) soil, sediments,

groundwater, or surface water that have been affected by a release of a substance

that exceeds regulatory standards or permits, as it pertains to sludge disposal only.

Mount Vernon further objects to the extent this Request calls for expert testimony

or opinion as to the cause(s) of groundwater or surface water contamination, which

is premature and overbroad, unduly burdensome, and disproportionate to the needs

of the case.

Mount Vernon also objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" documents without any limitation as to the date. On the basis of the foregoing objection, Mount Vernon will limit its search to documents located after a reasonable search created between February 23, 2016 and the present. Mount Vernon further objects that this Request is overbroad and unduly burdensome in that the Requests define "pertaining to" to include documents "in any manner whatsoever pertinent to," which is an overly broad definition that is not reasonably calculated to lead to the discovery of admissible evidence or seek information proportional to the needs of the case. Mount Vernon also objects that this Request is duplicative of prior Requests. Mount Vernon further objected to production any privileged documents including attorney work product and including but not limited to Fed.R.Civ.P. 26(b)(4).

Subject to and without waiving the foregoing objections, and upon entry of an appropriate Stipulated Protective Order, Mount Vernon will produce responsive non-privileged documents pursuant to the Parties' ESI Order, to the extent such documents exist, located after a reasonable search. Mount Vernon further states that it has not yet identified documents that will be withheld on the basis of the above objections.

17

REQUEST TO PRODUCE NO. 8:

All documents pertaining to the sampling or analysis of Your wastewater discharge from the Trion facility for PFAS.

RESPONSE TO REQUEST TO PRODUCE NO. 8:

Mount Vernon objects to this request insofar as it does not discharge wastewater from the Trion facility and interprets this request as pertaining to discharges from Mount Vernon's facility.  Mount Vernon objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" documents without any limitation as to the date. On the basis of the foregoing objection, Mount Vernon will limit its search to documents located after a reasonable search created between February 23, 2016 and the present.  Mount Vernon further objects that this Request is overbroad and unduly burdensome in that the Requests define "pertaining to" to include documents "in any manner whatsoever pertinent to," which is an overly broad definition that is not reasonably calculated to lead to the discovery of admissible evidence or seek information proportional to the needs of the case.  Mount Vernon also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection, including but not limited to Fed.R.Civ.P. 26(b)(4), and Mount Vernon will not produce such documents.

18

Subject to and without waiving the foregoing objections, and upon entry of an appropriate Stipulated Protective Order, Mount Vernon will produce responsive non-privileged documents pursuant to the Parties' ESI Order, to the extent such documents exist, located after a reasonable search. Mount Vernon further states that it has not yet identified documents that will be withheld on the basis of the above objections.

REQUEST TO PRODUCE NO. 9:

All documents pertaining to the sampling or analysis of surface waters, including, but not limited to, Raccoon Creek, for PFAS.

RESPONSE TO REQUEST TO PRODUCE NO. 9:

Mount Vernon objects to this request insofar as it has no duty or obligation to sample or analyze surface waters of Raccoon Creek and given the undefined geographic boundary contained in the request. Mount Vernon objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" documents without any limitation as to the date and scope. Mount Vernon further objects that this Request is overbroad and unduly burdensome in that the Requests define "pertaining to" to include documents "in any manner whatsoever pertinent to," which is an overly broad definition that is not reasonably calculated to lead to the discovery of admissible evidence or seek information proportional to the needs of the case. On the basis of the foregoing objections,

19

Mount Vernon will limit its search to documents located after a reasonable search created between February 23, 2016 and the present, and that relate to the sampling or analysis of surface waters at Raccoon Creek for PFAS compounds utilized by Mount Vernon. Mount Vernon further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection, including but not limited to Fed.R.Civ.P. 26(b)(4), and Mount Vernon will not produce such documents. Mount Vernon objects to the extent that this Request is duplicative of prior Requests. Finally, Mount Vernon objects that this Request seeks documents not in the possession, custody, or control of Mount Vernon, and which may be attainable from public sources equally available to Plaintiff.

Subject to and without waiving the foregoing objections, and upon entry of an appropriate Stipulated Protective Order, Mount Vernon will produce responsive non-privileged documents pursuant to the Parties' ESI Order, to the extent such documents exist, located after a reasonable search. Mount Vernon further states that it has not yet identified documents that will be withheld on the basis of the above objections.

REQUEST TO PRODUCE NO. 10:

All communications and documents pertaining to Consent Order EDP-WP-8894 between the Georgia Environmental Protection Division and the Town of Trion.

RESPONSE TO REQUEST TO PRODUCE NO. 10:

Mount Vernon objects to this request insofar as it was not a party to the cited Consent Order and that any documents it may maintain are collateral to that order. Mount Vernon objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" documents without any limitation as to the date. On the basis of the foregoing objection, Mount Vernon will limit its search to documents located after a reasonable search created between February 23, 2016 and the present. Mount Vernon further objects that this Request is overbroad and unduly burdensome in that the Requests define "pertaining to" to include documents "in any manner whatsoever pertinent to," which is an overly broad definition that is not reasonably calculated to lead to the discovery of admissible evidence or seek information proportional to the needs of the case. Mount Vernon objects to this Request to the extent it seeks documents not within Mount Vernon's possession, custody, or control, which may be attainable from public sources equally available to Plaintiff, or which may be privileged, including but not limited to attorney work product or Fed.R.Civ.P. 26(b)(4).

21

Subject to and without waiving the foregoing objections, and upon entry of an appropriate Stipulated Protective Order, Mount Vernon will produce responsive non-privileged documents and communications pursuant to the Parties' ESI Order, to the extent such documents and communications exist, located after a reasonable search. Mount Vernon further states that it has not yet identified documents that will be withheld on the basis of the above objections.

REQUEST TO PRODUCE NO. 11:

All communications between You and the United States Environmental Protection Agency or the Georgia Environmental Protection Division pertaining to PFAS, including, but not limited to, Your discharge of wastewater containing PFAS into the Trion WPCP.

RESPONSE TO REQUEST TO PRODUCE NO. 11:

Mount Vernon objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" documents without any limitation as to the date.  On the basis of the foregoing objection, Mount Vernon will limit its search to documents located after a reasonable search created between February 23, 2016 and the present. Mount Vernon further objects that this Request is overbroad and unduly burdensome in that the Requests define "pertaining to" to include documents "in any manner whatsoever pertinent to," which is an overly broad definition that is not reasonably calculated to lead to the discovery of admissible evidence or seek information proportional to the needs of the case.

22

Mount Vernon also objects to this Request to the extent that it seeks documents and information that is confidential or privileged attorney/client communications, that is subject to any other protection or privilege, or are otherwise exempt from disclosure, including but not limited to Fed.R.Civ.P. 26(b)(4), and Mount Vernon will not produce any such documents.

Subject to and without waiving the foregoing objections, and upon entry of an appropriate Stipulated Protective Order, Mount Vernon will produce responsive non-privileged communications pursuant to the Parties' ESI Order, to the extent such communications exist, located after a reasonable search. Mount Vernon further states that it has not yet identified communications that will be withheld on the basis of the above objections.

REQUEST TO PRODUCE NO. 12:

All communications between You and the Town of Trion pertaining to PFAS, including, but not limited to, Your discharge of wastewater containing PFAS into the Trion WPCP.

RESPONSE TO REQUEST TO PRODUCE NO. 12:

Mount Vernon objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" documents without any limitation as to the date. On the basis of the foregoing objection, Mount Vernon will limit its search to documents located after a reasonable search created between February

23, 2016 and the present. Mount Vernon further objects that this Request is overbroad and unduly burdensome in that the Requests define "pertaining to" to include documents "in any manner whatsoever pertinent to," which is an overly broad definition that is not reasonably calculated to lead to the discovery of admissible evidence or seek information proportional to the needs of the case. Mount Vernon objects to this Request to the extent it seeks documents and information that is confidential or privileged attorney/client communications, that is subject to any other protection or privilege, including but not limited to Fed.R.Civ.P. 26(b)(4), or are otherwise exempt from disclosure, and Mount Vernon will not produce any such documents.

Subject to and without waiving the foregoing objections, and upon entry of an appropriate Stipulated Protective Order, Mount Vernon will produce responsive non-privileged communications pursuant to the Parties' ESI Order, to the extent such communications exist, located after a reasonable search. Mount Vernon further states that it has not yet identified communications that will be withheld on the basis of the above objections.

REQUEST TO PRODUCE NO. 13:

All documents pertaining to the technological capacity of the Trion WPCP to remove PFAS from wastewater or sludge/biosolids.

24

RESPONSE TO REQUEST TO PRODUCE NO. 13:

Mount Vernon objects to this request insofar as it does not own or operate the Trion WPCP and that any documents it maintains are collateral to such operations.  Mount Vernon objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" documents without any limitation as to the date. On the basis of the foregoing objection, Mount Vernon will limit its search to documents located after a reasonable search created between February 23, 2016 and the present. Mount Vernon objects that this Request is overbroad and unduly burdensome in that the Requests define "pertaining to" to include documents "in any manner whatsoever pertinent to," which is an overly broad definition that is not reasonably calculated to lead to the discovery of admissible evidence or seek information proportional to the needs of the case. Mount Vernon further objects to this Request to the extent it seeks protected proprietary information and documents not known to the general public and which are competitively sensitive, and to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection, including but not limited to Fed.R.Civ.P. 26(b)(4), and Mount Vernon will not produce such documents. Finally, Mount Vernon objects

that this Request seeks documents not in the possession, custody, or control of Mount Vernon.

Subject to and without waiving the foregoing objections, and upon entry of an appropriate Stipulated Protective Order, Mount Vernon will produce responsive non-privileged documents pursuant to the Parties' ESI Order, to the extent such documents exist, located after a reasonable search. Mount Vernon further states that it has not yet identified documents that will be withheld on the basis of the above objections.

REQUEST TO PRODUCE NO. 14:

All communications and documents, including, but not limited to, reports, analyses, or assessments pertaining to or prepared by any individual or entity identify [sic] in Your Response to Interrogatory No. 4.

RESPONSE TO REQUEST TO PRODUCE NO. 14:

Mount Vernon incorporates herein by reference all objections previously stated in its response to Interrogatory No. 4. Mount Vernon objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" documents without any limitation as to the date. On the basis of the foregoing objection, Mount Vernon will limit its search to documents located after a reasonable search created between February 23, 2016 and the present. Mount Vernon objects that this Request is overbroad and unduly burdensome in that the

Requests define "pertaining to" to include documents "in any manner whatsoever pertinent to," which is an overly broad definition that is not reasonably calculated to lead to the discovery of admissible evidence or seek information proportional to the needs of the case. Mount Vernon further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection, including but not limited to Fed.R.Civ.P. 26(b)(4), and Mount Vernon will not produce such documents. Mount Vernon further objects to the extent Interrogatory No. 4 is vague, overbroad, and unduly burdensome in that it cannot be determined what employment would be considered by Plaintiff to "pertain to" PFAS, and the terms "engineers," "laboratories," "consultants," and "employed," are not defined.

Subject to and without waiving the foregoing objection, and upon entry of an appropriate Stipulated Protective Order, Mount Vernon will produce responsive non-privileged documents and communications pursuant to the Parties' ESI Order, to the extent such documents and/or communications exist, located after a reasonable search. Mount Vernon further states that it has not yet identified documents that will be withheld on the basis of the above objections.

REQUEST TO PRODUCE NO. 15:

All communications and documents pertaining to Your applications for authorization or permit(s) to discharge industrial wastewater from the Trion facility to the Trion WPCP.

RESPONSE TO REQUEST TO PRODUCE NO. 15:

Mount Vernon objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" documents without any limitation as to the date. On the basis of the foregoing objection, Mount Vernon will limit its search to documents located after a reasonable search created between February 23, 2016 and the present. Mount Vernon further objects that this Request is overbroad and unduly burdensome in that the Requests define "pertaining to" to include documents "in any manner whatsoever pertinent to," which is an overly broad definition that is not reasonably calculated to lead to the discovery of admissible evidence or seek information proportional to the needs of the case. Mount Vernon further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection, including but not limited to Fed.R.Civ.P. 26(b)(4), and Mount Vernon will not produce such documents.

Subject to and without waiving the foregoing objection, and upon entry of an appropriate Stipulated Protective Order, Mount Vernon will produce responsive

non-privileged documents and communications pursuant to the Parties' ESI Order,

to the extent such documents and/or communications exist, located after a

reasonable search. Mount Vernon further states that it has not yet identified

documents that will be withheld on the basis of the above objections.

REQUEST TO PRODUCE NO. 16:

    All communications and documents pertaining to Your coverage under and compliance with Town of Trion Industrial User Permit No. 001.

    RESPONSE TO REQUEST TO PRODUCE NO. 16:

Mount Vernon objects to this Request on the grounds that it is overbroad and

unduly burdensome because it seeks "all" documents without any limitation as to

the date.  On the basis of the foregoing objection, Mount Vernon will limit its

search to documents located after a reasonable search created between February

23, 2016 and the present. Mount Vernon objects that this Request is overbroad and

unduly burdensome in that the Requests define "pertaining to" to include

documents "in any manner whatsoever pertinent to," which is an overly broad

definition that is not reasonably calculated to lead to the discovery of admissible

evidence or seek information proportional to the needs of the case.  Mount Vernon

further objects to this Request to the extent it seeks documents protected by the

attorney-client privilege, the work product doctrine, and/or any other applicable

privilege or protection, including but not limited to Fed.R.Civ.P. 26(b)(4), and Mount Vernon will not produce such documents.

Subject to and without waiving the foregoing objection, and upon entry of an appropriate Stipulated Protective Order, Mount Vernon will produce responsive non-privileged documents and communications pursuant to the Parties' ESI Order, to the extent such documents and/or communications exist, located after a reasonable search. Mount Vernon further states that it has not yet identified documents that will be withheld on the basis of the above objections.

REQUEST TO PRODUCE NO. 17:

All documents, not otherwise produced, identified in Attachment Your Initial Disclosures [sic] dated May 23, 2022.

RESPONSE TO REQUEST TO PRODUCE NO. 17:

Mount Vernon objects to this Request on the grounds that it is vague and ambiguous as to the specific Attachment to Mount Vernon's initial disclosures the Request is referring to. Mount Vernon will assume this Request seeks the documents identified in Attachment C appropriately limited by relevance, scope, and not subject to privilege, including but not limited to Fed.R.Civ.P. 26(b)(4).

Subject to and without waiving the foregoing objection, and upon entry of an appropriate Stipulated Protective Order, Mount Vernon will produce responsive non-privileged documents communications pursuant to the Parties' ESI Order, to

30

the extent such documents exist, located after a reasonable search. Mount Vernon further states that it has not yet identified documents that will be withheld on the basis of the above objections.

This the 10th day of August, 2022.

_/s/ William M. Droze_____
WILLIAM M. DROZE
Georgia Bar No. 231039
T. MATTHEW BAILEY
Georgia Bar No. 194516
KADEISHA A. WEST
Georgia Bar No. 640699
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street, N.E. Suite 3000
Atlanta, GA 30308
william.droze@troutman.com
matt.bailey@troutman.com
kadeisha.west@troutman.com
(404) 885-3468
(404) 885-2716
(404) 885-3831

*Attorneys for Defendant*
*Mount Vernon Mills, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that **DEFENDANT MOUNT VERNON MILLS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION** was served by U.S. Mail and electronic mail upon all counsel of record.

This the 10th day of August, 2022.

*/s/William M. Droze*
William M. Droze
Georgia Bar No. 231039
william.droze@troutman.com

*Attorney for Defendant*
*Mount Vernon Mills, Inc.*

**TROUTMAN PEPPER HAMILTON SANDERS LLP**
3000 Bank of America Plaza
600 Peachtree Street N.E.
Atlanta, GA 30308-2216
Telephone: 404-885-3000
Facsimile: 404-885-3900