# Exhibit B
**Town of Trion's Responses to Plaintiff's First Requests for Production**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| **EARL PARRIS, JR., individually, and** | ) | |
| **On behalf of a Class of persons similarly** | ) | |
| **Situated,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** |
| **vs.** | ) | **4:21-CV-40-TWT** |
| | ) | |
| **3M COMPANY, DAIKIN AMERICA,** | ) | **TRIAL BY JURY** |
| **INC., HUNTSMAN INTERNATIONAL** | ) | |
| **LLC, MOUNT VERNON MILLS, INC.,** | ) | |
| **TOWN OF TRION, GEORGIA, and** | ) | |
| **RYAN DEJUAN JARRETT,** | ) | |
| **Defendants.** | ) | |

## DEFENDANT TOWN OF TRION, GEORGIA'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION

COMES NOW, Defendant Town of Trion, Georgia (hereinafter "Town of Trion"), by and through its undersigned attorneys, and for its Objections and Responses to Plaintiff's First Set of Interrogatories and Requests for Production, answers as follows:

## PRELIMINARY STAEMENT

The Town of Trion has made a good faith effort to respond to the requests based on information presently available.  As discovery in this matter is in its initial stages and investigation continues, it is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts and add meaning to the known facts, all of which may lead to changes in, variations from, and additions to the responses and answers contained herein.  The Town of Trion expressly reserves its right to amend or supplement these responses, if any when additional responsive information is discovered.

1

## GENERAL OBJECTIONS TO PLAINTIFF'S DEFINITIONS

1.      The Town of Trion objects to Plaintiff's definition of the terms "You," "Your," and "Defendant" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it is intended to include any entity other than the Town of Trion.  The responses contained herein are based solely on information related to and/or available to the Town of Trion.  The Town of Trion has not withheld any non-privileged responsive documents located in its possession.

2.      The Town of Trion objects to Plaintiff's definition of "PFAS" on the ground that the definition is vague, ambiguous, overbroad, unduly burdensome, and further seeks information that is not relevant to the parties' claims and defenses.  "PFAS" – per- and polyfluoroalkyl substances – are a group of many thousands of fluorine containing chemicals.  It is impractical and unduly burdensome to answer interrogatories and requests for production with respect to thousands of different substances that have different molecular structures and different properties.  The only PFAS identified in Plaintiff's First Amended Complaint, which allegedly has contaminated the subject water supply are PFOA and PFS.  Subject to and without waiting its objections, the Town of Trion's search for responsive documents has included PFOA, PFOS, and PFAS generally.

3.      The Town of Trion does not adopt or incorporate Plaintiff's definitions herein.  To the extent that Plaintiff's definitions of certain words or phrases are (a) inconsistent with any definitions set forth by the Town of Trion in its responses, (b) inconsistent with customary and ordinary meanings of the said words or phrases, or (c) seek to impose obligations on the Tow of Trion that exceed those prescribed under the

Federal Rules of Civil Procedure and/or any applicable case management order, the Town of Trion objects.

## RESPONSE TO INTERROGATORIES

1.      Identify all persons or entities who hold Industrial User Permits issued by You to discharge industrial or process wastewater into the Trion WPCP for treatment.

**ANSWER:** Objection. This interrogatory is overly broad and unduly burdensome in that it is not sufficiently limited in time or scope and seeks information that is not reasonably related to any claim or defense in that it seeks the identities of *all* persons and entities who hold Industrial User Permits to discharge industrial or process wastewater into the Trion WPCP for treatment. Objecting further, this interrogatory is vague, ambiguous, not proportional to the needs of the case, and not limited to in geographic scope. Subject to and without waiving the same, Mount Vernon Mills.

2.      Identify all engineers, geologists, laboratories, or other consultants who have been employed by You pertaining to PFAS, including, but not limited to, discharges of PFAS by Defendant Mount Vernon Mills into the Trion WPCP and the presence of PFAS in sludge/biosolids generated by the Trion WPCP.

**ANSWER:** Objection. This interrogatory is overly broad and unduly burdensome in that it is not sufficiently limited in time or scope. Objecting further, this interrogatory is vague, ambiguous, and not proportional to the needs of the case. For example, the terms "engineers," "geologists," "laboratories," "consultants," and "employed," are not defined. Subject to and without waiving the same, Enthalpy Analytical; Pace Analytical Services, LLC; and Carter and Sloope, Consulting Engineers.

3

## RESPONSE TO REQUEST FOR PRODUCTION

1.      All documents pertaining to the land application or disposal of sludge/biosolids from the Trion WPCP at locations in the Raccoon Creek watershed.

**RESPONSE:**  Objection.  This request is overly broad and unduly burdensome in that it is not sufficiently limited in time or scope and not sufficiently specific.  Objecting further, this request is vague, ambiguous, and not proportional to the needs of the case.  Subject to and without waiving the same, *see* attached production.

2.      All documents pertaining to the sampling or analysis of sludge/biosolids generated by the Trion WPCP for PFAS.

**RESPONSE:** The Town of Trion incorporates by reference its Preliminary Statement.  Objecting further, this request is overly broad and unduly burdensome in that it is not sufficiently limited in time or scope, is vague, ambiguous, and not proportional to the needs of the case.  Subject to and without waiving the same, consistent with the Consent Order EPD-WP-8894, dated April 13, 2020, the Town of Trion has ceased completely the land application of biosolids and all data on PFAS concentrations in biosolids currently generated by the Town of Trion are irrelevant, as those biosolids are being sent to a permitted MSW landfill for disposal.  Answering further, *see* attached production.

3.      All documents pertaining to the sampling or analysis of surface waters, including, but not limited to Raccoon Creek, for PFAS.

**RESPONSE:** The Town of Trion incorporates by reference its Preliminary Statement.  Objecting further, this request seeks information in the possession of, known to, or otherwise equally available to the plaintiff, is overly broad and unduly burdensome in that it is not sufficiently limited in time or scope, and is vague and ambiguous in that the term "surface waters" is not defined, and is not proportional to the needs of the case.

4

Subject to and without waiving the same, consistent with the Consent Order EPD-WP-8894, dated April 13, 2020, the Town of Trion has ceased completely the land application of biosolids and all data on PFAS concentrations in biosolids currently generated by the Town of Trion are irrelevant, as those biosolids are being sent to a permitted MSW landfill for disposal.  Answering further, *see* attached production.

4.      All documents pertaining to the sampling or analysis of Defendant Mount Vernon Mills' wastewater discharge to the Trion WPCP for PFAS.

**RESPONSE:** The Town of Trion incorporates by reference its Preliminary Statement.  Objecting further, this request is best directed at Defendant Mount Vernon Mills.  Subject to and without waiving the same, the Town of Trion does not possess any documents regarding sampling or analysis of Mount Vernon Mill's discharge for PFAS.

5.      All communications and documents pertaining to Georgia Environmental Protection Division Enforcement Order EPD-WP-08894.

**RESPONSE:** The Town of Trion incorporates by reference its Preliminary Statement. Subject to and without waiving the same, *see* attached production.

6.      All communications and documents pertaining to Consent Order EPD-WP-8894.

**RESPONSE:** *See* Response to Request 6.

7.      All communications and documents pertaining to the July 10, 2020 PFAS Monitoring Plan, including, but not limited to, the analytical results of sampling for PFAS conducted pursuant to the PFAS Monitoring Plan.

**RESPONSE:** The Town of Trion incorporates by reference its Preliminary Statement.  Subject to and without waiving the same, *see* attached production.

8.      All communications between You and Defendant Mount Vernon Mills pertaining to PFAS, including, but not limited to, Mount Vernon's discharges of wastewater containing PFAS into the Trion WPCP.

**RESPONSE:** The Town of Trion incorporates by reference its Preliminary Statement.  Objecting further, this request is vague, ambiguous, and not proportional to the needs of the case.  Subject to and without waiving the same, *see* attached production.

9.      All communications between You and the Georgia Environmental Protection Division or Environmental Protection Agency pertaining to PFAS, including, but not limited to, discharges of PFAS by Defendant Mount Vernon Mills into the Trion WPCP and the presence of PFAS in sludge/biosolids generated by the Trion WPCP.

**RESPONSE:** The Town of Trion incorporates by reference its Preliminary Statement.  Objecting further, this request is vague, ambiguous, and not proportional to the needs of the case.  Subject to and without waiving the same, *see* attached production.

10.     All communications between You and any third-party pertaining to PFAS.

**RESPONSE:** The Town of Trion incorporates by reference its Preliminary Statement.  Objecting further, this request is overly broad and unduly burdensome in that it is not sufficiently limited in time or scope, is vague, ambiguous, and not proportional to the needs of the case.  Objecting further, this request seeks information that may be protected by attorney-client privilege.  Subject to and without waiving the same, *see* attached production.

11.     All documents pertaining to the technological capacity of the Trion WPCP to remove PFAS from wastewater.

**RESPONSE:** The Town of Trion incorporates by reference its Preliminary

Statement.  Objecting further, this request is overly broad and unduly burdensome in that it is not sufficiently limited in time or scope; moreover, it is vague and ambiguous in that "technological capacity" and "remove" are not defined, and is not proportional to the needs of the case.

12.    All Industrial User Discharge Permit Applications submitted to You by any person or entity identified in your Answer to Interrogatory No. 1, and all Industrial User Discharge Permits issued by You to these persons or entities.

**RESPONSE:** The Town of Trion incorporates by reference its Preliminary Statement.  Objecting further, this request is overly broad and unduly burdensome in that it is not sufficiently limited in time or scope and seeks information that is not reasonably related to any claim or defense in that it seeks the identities of all persons and entities who hold Industrial User Permits to discharge industrial or process wastewater into the Trion WPCP for treatment.  Subject to and without waiving the same, *see* attached production.

13.    All communications and documents, including, but not limited to, reports, analyses, or assessments pertaining to or prepared by any individuals or entities identified in Your Response to Interrogatory No. 2.

**RESPONSE:** Objection.  This request is overly broad and unduly burdensome in that it is not sufficiently limited in time or scope.  Objecting further, this interrogatory is vague and ambiguous in that the term "employed" in Interrogatory No. 2 is not defined, and is not proportional to the needs of the case. Subject to and without waiving the same, *see* attached production.  Answering further, to the extent this requests seeks proprietary, confidential business information, the Town of Trion will produce further documents subject to an appropriate protective order.

14.     All documents pertaining to the character and volume of pollutants contributed by Industrial Users to the Trion WPCP, including, but not limited to, Defendant Mount Vernon Mills.

**RESPONSE:**  Objection.  This request is overly broad and unduly burdensome in that it is not sufficiently limited in time or scope and seeks information that is not reasonably related to any claim or defense in that it seeks information that is unrelated to PFAS.  Objecting further, this request is vague, ambiguous, and not proportional to the needs of the case.

15.     Your Industrial User Ordinance governing discharges of industrial wastewater into the Trion WPCP.

**RESPONSE:**  Objection.  This request seeks information in the possession of, known to, or otherwise equally available to the Plaintiff.  Subject to and without waiving the same, the Town of Trion, Georgia does not have an Industrial User Ordinance. Ordinances pertaining to Natural Resources and Environmental Protection can be found in Chapter 109 of the Town of Trion City Ordinances.

16.     All Approved Pretreatment Program Annual Reports and any associated documents submitted by You to the Georgia Environmental Protection Division.

**RESPONSE:**  *See* attached production.

17.     All applications submitted by You for coverage for the Trion WPCP under National Pollutant Discharge Elimination System Permit No. GA00225607.

**RESPONSE:**  This request is unanswerable in its current form as the Town of Trion does not possess Permit No. GA00225607.  Answering further, the Town of Trion possesses Permit No. GA0025607.  *See* attached production.

18.     All documents, not otherwise produced, identified in Attachment C to Your

Initial Disclosures dated May 23, 2022.

**RESPONSE:**  Investigation continues.


Respectfully submitted, this <u>5th</u> day of August, 2022.

**GORDON REES SCULLY**
**MANSUKHANI, LLP**


By:   <u>*/s/ Kimberly C. Sheridan*</u>
        Kimberly Sheridan
        Georgia Bar No.  624547
        55 Ivan Allen Junior Blvd., NW, Suite 750
        Atlanta, Georgia  30308
        Phone: (404) 978-7324
        Fax: (678) 389-8475
        ksheridan@grsm.com
        *Attorney for Defendant Town of Trion*
