IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a Class of persons similarly situated,<br><br>    *Plaintiff,*<br><br>vs<br><br>3M COMPANY, et al.,<br><br>    *Defendants.* | Civil Action No. 4:21-cv-00040-TWT |

## DEFENDANT MOUNT VERNON MILLS, INC.'S RESPONSE TO PLAINTIFFS' JOINT MOTION TO COMPEL[1]

Defendant Mount Vernon Mills, Inc. ("Mount Vernon") opposes Plaintiff Earl Parris, Jr. ("Parris") and Intervenor-Plaintiff the City of Summerville, Georgia's ("Summerville) (Summerville and Parris are collectively referred to as "Plaintiffs") Joint Motion to Compel ("Motion") on the following grounds:

## INTRODUCTION

Plaintiff Parris served discovery without temporal limits. "Courts regularly narrow the scope of records requests that have no temporal limit or when the

---

[1] Mount Vernon's response is timely filed pursuant to granted extension. [Dkt. 348]

requested time period is too distant from the events giving rise to a plaintiff's claims." G.H. v. Marstiller, 4:19-cv-431 MW/CAS, 2020 U.S. Dist. LEXIS 265608 (N.D. Fla. Mar. 24, 2020). Plaintiffs take issue with Mount Vernon's objection to the overbroad temporal scope of Plaintiffs' discovery requests and its efforts to narrow those requests. Notwithstanding the fact that Mount Vernon has produced over 42,000 pages of documents and has spent more than $75,000.00 in the document review, collection, and production process, Plaintiffs disregard proportionality concerns and insist that this Court order Mount Vernon to review and produce documents that pre-date the longest statute of limitations period applicable to Plaintiffs' claims by nearly a quarter of a century. Plaintiffs also request that the Court order Mount Vernon to produce documents that are not responsive to any discovery requests, are contrary to the Joint Discovery Protocol entered in this case [Dkt. 195], and are irrelevant to Plaintiffs' claims.

Initially, Plaintiffs have failed to comply with Local Rule 37.1(A)(2-5), which requires a party filing a motion to compel to state verbatim the specific discovery requests that are in dispute as well as other information.[2] This failure alone is

---

[2] Mount Vernon objects in advance to any effort by Plaintiffs to cure this defect by reply brief. *See Smith-Jackson v. Chao*, 2017 U.S. Dist. LEXIS 132438, *37 (N.D. Ga. 2017)(declining to consider arguments advanced for the first time in reply brief).

sufficient to warrant denial of their motion. *Alcoa, Inc. v. Universal Alloy Corp.*, 2016 U.S. Dist. LEXIS 196144, *12 (N.D. Ga. 2016). Further, Plaintiffs' discovery requests, which largely contain no temporal limitations at all, are facially overbroad. Plaintiffs have failed to meet their burden to establish that a temporal scope dating back more than two decades from the relevant dates in the case, (and which Plaintiffs tout as a "compromise"), is proportional to the needs of the case. Moreover, none of the cases cited by Plaintiffs support their contention that courts have allowed such far-reaching discovery. On the contrary, courts, including this one, have held that it is reasonable to limit discovery based upon the applicable statute of limitations period, precisely as Mount Vernon proposed to do in this case. *See Peacock v. Retail Credit Co.*, 302 F. Supp. 418, 425 (N.D. Ga. 1969) ("The conclusions which the court has reached dictate that any further discovery, either beyond the period of the statute of limitations, or from third parties, would be irrelevant, immaterial, and to no avail under the issues before the court."). As more fully discussed herein, the Court should deny Plaintiffs' Motion.

## BACKGROUND

On June 8, 2022, Plaintiff Parris served interrogatories and requests to produce documents upon Mount Vernon. Plaintiff's discovery requests in most instances contained no temporal limitation. Mount Vernon objected to those

discovery requests on that ground (among others) and, in an effort to compromise, indicated that the relevant proportional temporal limitation should be January 1, 2016, a date slightly earlier than the bar imposed by the longest statute of limitations applicable to Parris's claims. (Motion, at Ex. 4). Mount Vernon has produced over 42,000 pages of documents (600 of which pre-date 2016, due to inadvertent production) and has spent more than $75,000.00 in the document review, collection, and production process.

Beginning on October 25, 2022 and continuing through November 2022, the issue of the proper temporal scope of discovery has been the subject of both email and telephonic communications between counsel. (Motion, at 4-6). On November 7, 2022, after a series of emails, counsel for Parris stated that Parris is only willing to limit the discovery time period to documents from 1992 or later. (Motion, at Ex. 7). On November 14, Plaintiffs conducted the Rule 30(b)(6) deposition of Mount Vernon's corporate representatives.

On December 5, Plaintiffs sent Mount Vernon a letter (the "December 5 Letter") identifying eleven enumerated documents that they believe are relevant to the case based on Mount Vernon's corporate deposition testimony and requesting

that Mount Vernon supplement its responses.[3]  (Motion, at Ex. 1). Further, Plaintiffs also suggested search terms and custodians as part of their request that documents be produced going back to 1992. (*Id.*) On December 15, 2022, Mount Vernon provided a detailed response letter ("December 15 Response[4]") to the Plaintiffs. In the December 15 Response, Mount Vernon advised Plaintiffs that, while referencing certain deposition testimony, Plaintiffs did not identify the specific discovery requests upon which they based their request for supplementation. (*Id.*) Further, Mount Vernon informed Plaintiffs that four of the items in the December 5 Letter did not fall within any outstanding discovery requests, that at least one is expressly negated by the Stipulated Joint Protocol Governing Discovery of Documents and

---

[3] The City of Summerville asserts no claims against Mount Vernon; further, it has not sent any Rule 34 discovery requests to Mount Vernon (and its corporate representative notice does not support this motion), so it is unclear why Summerville co-authored the December 5 Letter or joined in this Motion.  The violation of Local Rule 37.1(A)(2) is particularly sharp here. Mount Vernon should be treated as a third party as to Summerville and any discovery it seeks measured under that proportionality standard.  *See Glenn v. HMD Trucking, Inc.*, 2019 U.S. Dist. LEXIS 243935, *5, 2019 WL 13210639 (N.D. Ga. 2019)(applying F. R. Civ. P. 45 and holding "court must weigh factors such as relevance of the information requested, the party's need for the documents, the breadth of the document request, and the time period covered by the request against the burden imposed on the person ordered to produce the desired information, including potential expense and inconvenience to a non-party").

[4] A true and correct copy of Mount Vernon's December 15, 2022 response letter is attached hereto as Exhibit A.  (*See also* Motion at Exhibit 12).

Electronically Stored Information entered June 14, 2022 (Dkt. 195) ("Joint Protocol"), and that in several instances the cited testimony was either not relevant to the point asserted or is incorrectly cited. (*Id.*) Mount Vernon also disputed, as it consistently has, that production back to 1992 is necessary or required.

With regard to the searches already conducted, Mount Vernon advised Plaintiffs that it had already used the names of the manufacturer defendants as search terms and had also already employed a substantial number of the same proposed search terms (over twenty) Plaintiffs suggested in the December 5 Letter in the productions already made. (*Id.*) Finally, Mount Vernon proposed various compromises to Plaintiffs, suggesting ways to address specific issues raised by the Plaintiffs without the disproportionately onerous collection, review, and production of documents going back 24 years. (*Id.*) Plaintiffs did not respond, instead filing the instant Joint Motion to Compel over a month later.

## ARGUMENT

I.  **Plaintiffs Failed to State the Specific Discovery Requests They Contend Mount Vernon Has Not Responded to, Which is Required by the Local Rules.**

Plaintiffs' Motion fails to state the specific discovery requests[5] with which

---

[5] In its Motion, Plaintiffs generally reference Parris's Requests To Produce Documents, but cite only Mount Vernon's responses to Interrogatories. (*See* Motion

Mount Vernon has purportedly failed to comply. This both leaves the Court and Mount Vernon in the dark on which requests are in dispute, but also violates Local Rule 37.1(A)(2-5). That rule requires a party filing a motion to compel discovery responses to provide a verbatim quote of each "disclosure, interrogatory, deposition question, request for designation of deponent, or request for inspection to which objection is taken . . . ." Local Rule 37.1(A) also mandates that "[t]he motion shall be arranged so that the objection, grounds, authority, and supporting reasons follow the verbatim statement of each specific disclosure, interrogatory, deposition question, request for designation of deponent, or request for inspection to which an objection is raised." Violation of the rule is a basis for denying the motion. *Alcoa, Inc. v. Universal Alloy Corp.*, 2016 U.S. Dist. LEXIS 196144, *12 (N.D. Ga. 2016).

Here, Plaintiffs' Motion broadly addresses Mount Vernon's temporal objections to discovery requests but fails to state verbatim the specific discovery requests that are in dispute, the objections, the grounds for the objection, or authority specific to each. Even worse, Parris's request to produce to Mount Vernon are nowhere to be found in Plaintiffs' Motion, as the Plaintiffs have not even attached the requests to its filing. (*See generally* Motion). Further, with respect to the

---

at 4). Clearly, in this dispute over the production of documents, it is the Requests to Produce that are controlling. *See also* Local Rule 31.1(A).

enumerated documents in Plaintiffs' December 5 Letter, Mount Vernon has already advised Plaintiffs that documents responsive to many of the enumerated requests post-dating January 1, 2016 have already been produced along with certain pre-2016 documents that were inadvertently produced. (*See* Ex. A).

These omissions plague Plaintiffs' Motion with ambiguities. Plaintiffs contend that they listed thirteen enumerated categories of documents requested in the December 5 Letter; there were in fact only eleven categories. (Motion, at Ex. 1). Out of these eleven categories, Mount Vernon advised Plaintiffs that it already produced responsive documents for six. (*See* Ex. A). Mount Vernon also objected to providing documents responsive to one category based on the Joint ESI Protocol signed by the parties. (*Id.*) Finally, Mount Vernon objected to providing documents responsive to the four remaining categories because they were unconnected to any of the specific discovery requests promulgated by the Plaintiffs, sought irrelevant documents, and/or sought documents subject to privilege. (*Id.*)

Rather than address Mount Vernon's specific objections and responses provided in Mount Vernon's December 15 Response Letter, Plaintiffs simply ignored them, filed this motion, and now ask the Court to order Mount Vernon to respond, without even doing the basic work of showing the requests to produce they claim have been disregarded or giving the Court appropriate context for this

discovery dispute. (Motion, at 17). Plaintiffs have not met their burden and have failed to abide by the Local Rules. Accordingly, Plaintiffs' Motion should be denied.

## II. Parris's Discovery Requests to Mount Vernon Are Overbroad, Unduly Burdensome, and Not Proportional to the Needs of the Case.

Subject to its objections, Mount Vernon collected and produced relevant documents extending earlier than the longest statute of limitations period applicable to Plaintiffs' Clean Water Act claims in a good faith effort to compromise and avoid motions practice. "Courts regularly narrow the scope of records requests that have no temporal limit or when the requested time period is too distant from the events giving rise to a plaintiff's claims." *G.H. v. Marstiller*, 4:19-cv-431 MW/CAS, 2020 U.S. Dist. LEXIS 265608 (N.D. Fla. Mar. 24, 2020). This narrowing is based on

> the understanding that there is an inverse relationship between time on one side, and relevance and proportionality on the other. That is to say, the more distant in time the information is, the less relevant it is and the more likely it is that discovering it would be disproportional to the needs of the case.

*Id.* Likewise, the Northern District of Georgia has held that a court acts well within its discretion in limiting overbroad discovery requests by imposing a reasonable temporal scope. *Bagnato v. Phoebe Putney Health Sys.*, 1:08-cv-2114-JOF-SSC, 2008 U.S. Dist. LEXIS 130009 (N.D. Ga. 2008).

Plaintiffs contend that the Clean Water Act statute of limitations "has nothing to do with the relevant information discoverable in this case." (Motion, at 16). This

contention is misguided and incorrect on multiple fronts. A statute of limitations generally, not just in the Clean Water Act context, sets important boundaries around claims. As the Eleventh Circuit has held, "'Statutes of limitation are not mere technicalities; they serve an important purpose in our legal system by requiring "plaintiffs to pursue diligent prosecution of known claims.' *See CTS Corp. v. Waldburger*, 573 U.S. 1, 134 S.Ct. 2175, 2183, 189 L. Ed. 2d 62 (2014) (quotation omitted). 'Statutes of limitations promote justice by preventing surprises through plaintiffs' revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.' *Id*. (quotation and alteration omitted).'" *Zamudio v. Haskins*, 775 Fed. Appx. 614, 615 (11th Cir. 2019). Courts have dismissed Clean Water Act claims based on the statute of limitations, thus applying it in relevance and proportionality criteria for discovery purposes is not an empty exercise as Plaintiffs suggest. *See Mutual Life Ins. Co. v. Mobil Corp.*, 1998 U.S. Dist. LEXIS 4513, *14, 1998 WL 160820 (N.D. NY Mar. 31, 1998)(dismissing CWA claims based on statute of limitations).

Further, Federal Rule of Civil Procedure 26 is explicit in defining the scope of discovery as any "nonprivileged matter that is **relevant** to any party's **claim** or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1)(emphasis supplied). No "claim" can be asserted for any conduct that is

barred by the statute of limitation. *See Mutual Life Ins. Co. v. Mobil Corp.*, *supra*. Thus, any documents that cannot be used to state a "claim" are by definition not relevant under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 401(b)(defining relevance as "the fact is of consequence in determining the action"). Decades old documents in the context of this action and the specific claims Plaintiffs assert are simply not of consequence in determining the outcome of this case.

Further, even if a document is not per se irrelevant, discovery should not be ordered where the burden imposed is disproportionate to the benefit:

> [P]roportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the court is guided by the non-exclusive list of factors in Rule 26(b)(1) . . . "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses."

*Cottone v. Cottone*, No. 1:15-CV-3584-MHC, 2017 WL 9250366, at *2 (N.D. Ga. Oct. 11, 2017) (citations omitted). That need for proportionality purposes should be measured in part against documents already in the opposing party's possession, and Plaintiff Parris and Summerville both used documents they obtained from other defendants in the corporate representative deposition of Mount Vernon, proving that further access to duplicative materials is unnecessary. (Motion, at 10-11).

The Northern District of Georgia has embraced a claim specific analysis with regard to discovery. *Beaulieu Grp., LLC v. Mohawk Carpet Distrib., Inc*., 4:15-cv-0124-HLM, 2016 U.S. Dist. LEXIS 203692 (N.D. Ga. Aug. 3, 2016) ("In assessing relevance, the Court must 'focus on the specific claim or defense alleged in the pleadings.'" (citation omitted)). *Beaulieu* further notes that it is the burden of the party seeking the discovery to justify its relevance. *Id.*

In acknowledging that the relevant scope of discovery flows from the claims asserted, the Northern District of Georgia has repeatedly used the limitations period as an analog for relevance.[6] *See Peacock v. Retail Credit Co.*, 302 F. Supp. at 425 ("The conclusions which the court has reached dictate that any further discovery, either beyond the period of the statute of limitations, or from third parties, would be irrelevant, immaterial, and to no avail under the issues before the court."); *U.S. ex rel. Powell v. Am. Intercontinental Univ., Inc.*, 1:08-cv-2277-RWS-LTW, 2013 U.S. Dist. LEXIS 201823 (N.D. Ga. Feb. 22, 2013) (limiting discovery to the limitations period relevant to the claim advanced and holding that documents generated prior to

---

[6] Plaintiffs also vaguely assert that their state law claims are subject to differing limitations periods. (Motion at 16). Be that as it may, all of Plaintiffs' state law tort claims have a *shorter* limitations period than the five-year limitations period applicable to the Clean Water Act claim. *See* O.C.G.A. §§ 9-3-30, 9-3-33. Thus, Plaintiff Parris has already received at least a year more documents on those claims than is necessary.

2005 were not discoverable notwithstanding the existence of prior investigations which took place from 2002 to 2005).

The factual predicate for Plaintiffs' claims demonstrates that only the period of time within the limitations period is relevant. Understandably, Parris's complaint focuses on issues within the limitations period, such as the 2019-2020 EPA sampling and EPD involvement (Am. Compl., ¶¶ 74-78, 101), and permitting in 2019 (*id.* ¶ 106). Summerville's complaint follows suit. (Intervenor Compl., at ¶¶ 16-17). Plaintiffs utterly fail to justify how documents pre-dating the limitations period by almost two and a half decades would be relevant to claims post-dating 2016 and where their claims center on relatively recent alleged property devaluation and increased utility costs or prospective relief such as an injunction against certain wastewater flows. Records dating from 1992 have nothing to do with the five-year lookback for alleged federal environmental law violations (Am. Compl., Counts III, IV); the four-year lookback for state law claims (Am. Compl., Counts V-VII, IX, X); or Summerville's installation of treatment technology in 2020 (Am. Compl. at ¶ 94) or alleged utility rate increases for putative class members allegedly due to that installation – obviously after 2020 (Am. Compl., at ¶¶ 156-171). These are the claims against which both relevance and proportionality must be measured, not abstract allegations in the Plaintiffs' complaints or idle curiosity.

The cases cited by Plaintiffs do not support their argument that discovery far outside the applicable statute of limitations is appropriate. Instead, in *Kemper v. Equity Ins. Co.*, the Northern District allowed discovery of documents in an insurance settlement lawsuit, **after** the date the parties engaged in settlement discussions or **post-dating** the date of the insurance company's denial of an insurance claim. No. 1:15-CV-2961-TCB, 2016 WL 7428215, at *4 (N.D. Ga. Apr. 29, 2016). The court did not rule on the discoverability of documents **pre-dating** the relevant dates for a party's legal claim, as the Plaintiffs seek to do here. Similarly, in *Evans v. Loc. Union 2127*, although the Court held that the effective date of the Title VII act was not a cutoff date for discovery it also noted that "what the company did ten, twenty or thirty years before 1964 could not show violation of the Act." *Evans v. Loc. Union 2127, Int'l Bhd. of Elec. Workers, AFL-CIO*, 313 F. Supp. 1354, 1360 (N.D. Ga. 1969). Here, the Plaintiffs seek to obtain documents nearly a quarter of a century beyond the applicable statute of limitations period and have refused to limit the temporal scope to a reasonable timeframe or to avoid a disproportionate burden on Mount Vernon. Read properly, the cases Plaintiffs themselves cite make clear that discovery of documents dating back 20-plus years to 1992 is unreasonable.

Rather than propose a temporal limitation which befits the claims in this case, Plaintiffs continue to insist upon a collection date of 1992, twenty-four years before

the attachment of the longest statute of limitation in this case. This is flatly unreasonable and imposes a burden on Mount Vernon that is disproportionate and foreclosed by binding precedent. As noted in its December 15 Letter, Mount Vernon has already produced a significant number of documents and expended a large amount of financial and internal resources in responding to Parris' discovery requests. Expanding the scope of collection, document review, privilege review, and production to 1992 imposes a disproportionate burden upon Mount Vernon given the applicable claims in this case.

Neither do Plaintiffs make out a plausible case for expanding what Mount Vernon has already undertaken in responding to discovery. Mount Vernon has previously employed search terms using the names of the manufacturer defendants in this case and a substantial number of the same proposed search terms (over 20) indicated in Plaintiffs' December 5 Letter. Mount Vernon has also repeatedly attempted to compromise with the Plaintiffs to no avail. (*See* Ex. A).

Accordingly, Mount Vernon should not be subjected to the unduly burdensome search request demanded by Plaintiffs that precedes the attachment of the applicable statutes of limitation by decades. *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) (noting that "the discovery rules do not permit the [plaintiffs] to go on a fishing expedition"); *see also Tillman v. Gwinnett Co. Sch. Dist.*, 1:04-cv1180-

BBM, 2005 U.S. Dist. LEXIS 57913 (N.D. Ga. Apr. 18, 2005) (holding a district court has the discretion to limit discovery if the burden placed on the producing party would outweigh the benefit conferred on the other party).

## CONCLUSION

In sum, Plaintiffs have failed to comply with Local Rule 37.1(2) requiring a verbatim statement of the specific discovery requests that are in dispute. The Court may deny their motion on that basis alone. Should the Court reach the merits however, Plaintiff Parris' discovery requests included no temporal limitation and were overly broad requiring the Court to establish appropriate limits. Plaintiffs' effort to impose a temporal scope dating back to 1992, nearly a quarter century before the longest applicable statute of limitations, is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case. The applicable statute of limitations is a useful analog for measuring both relevance and proportionality. Here the longest limitations period, five years, does not justify the expense and burden of collecting, reviewing, sorting for privilege and producing more than two decades worth of documents pre-dating the limitations period that are not of consequence to the outcome of the specific claims Plaintiffs allege.

For the foregoing reasons, Mount Vernon respectfully urges the Court to deny Plaintiffs' Motion in its entirety.

This the 23rd day of February, 2023.

    /s/William M. Droze
WILLIAM M. DROZE
Georgia Bar No. 231039
T. MATTHEW BAILEY
Georgia Bar No. 194516
KADEISHA A. WEST
Georgia Bar No. 640699
Troutman Pepper Hamilton Sanders, LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
william.droze@troutman.com
matt.bailey@troutman.com
kadeisha.west@troutman.com
(404) 885-3000
*Attorneys for Defendant Mount Vernon Mills, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the within and foregoing DEFENDANT MOUNT VERNON MILLS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' JOINT MOTION TO COMPEL was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This the 23rd day of February, 2023.

/s/William M. Droze
William M. Droze
Georgia Bar No. 231039
william.droze@troutman.com
*Attorney for Defendant Mount Vernon Mills, Inc.*

TROUTMAN PEPPER HAMILTON
SANDERS LLP
Bank of America Plaza
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308-2216
Telephone: 404-885-3000
Facsimile: 404-885-3900

145914458