**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a Class of persons similarly situated, <br><br> *Plaintiff,* <br><br> CITY OF SUMMERVILLE, GEORGIA, <br><br> *Intervenor-Plaintiff,* <br><br> v. <br> 3M COMPANY, et al., <br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 4:21-cv-00040-TWT |

**PLAINTIFF AND INTERVNEOR-PLAINTIFF'S JOINT REPLY TO
DEFEDANT MOUNT VERNON MILLS RESPONSE TO PLAINTIFF'S
JOINT MOTION TO COMPEL**

Plaintiff Earl Parris, Jr., and Intervenor-Plaintiff, the City of Summerville,

Georgia, ("Plaintiffs," collectively below) in Reply to Defendant Mount Vernon

Mills, Inc.'s ("Mount Vernon Mills" or "Mount Vernon") Response to Plaintiff's

Joint Motion to Compel ("Response") set forth and show the following:

**ARGUMENT**

This discovery dispute boils down to this question—should Mount Vernon

Mills, on its own accord, be able to limit the temporal scope of discovery of relevant

information to 2016 based on the statute of limitations of the Clean Water Act? The answer is no. Discovery in this case can and should be tied to the period of the factual allegations found in Plaintiffs' Amended Complaint [Doc. 280] and the evidence revealed thus far. Probative and relevant discovery for this case reaches back into the 1980s, and damages continue today because of the pollution created, in part, by Mount Vernon Mills. Plaintiffs have, in good faith, offered to limit discovery until 1992, but Mount Vernon has refused that offer.

Mount Vernon relies on two arguments in its Response to Plaintiff's Joint Motion to Compel ("Motion to Compel") [Doc. 328]: 1) Plaintiffs did not follow Local Rules in their Motion to Compel and 2) Plaintiffs requests were overbroad, unduly burdensome, and not proportional. Plaintiffs' arguments to Mount Vernon's Response will be addressed in order below.

## I.   PLAINTIFFS' MOTION TO COMPEL ADHERES TO THE LOCAL RULES.

Mount Vernon tries to skirt their duties and improperly control the temporal scope of discovery by claiming that the Plaintiffs have not followed the Local Rules in their Motion to Compel. Specifically, Mount Vernon claims that Plaintiffs did not identify "verbatim" the discovery dispute in question and follow the requirements of

Local Rule 37.1(A)(2-5). (Response, at 7). However, there is no ambiguity about the disputed discovery claims in Plaintiffs' Motion to Compel.

The gravamen of Plaintiffs' motion is that information prior to 2016 is relevant and discoverable for this matter. Plaintiffs cite the very language that Mount Vernon relies upon which created this discovery dispute in the first place—"on the basis of the foregoing objection, Mount Vernon will limit its search to documents located after a reasonable search created between February 23, 2016, and the present." [Doc. 328, at 4]. Mount Vernon used this language in 16 of 17 responses to the Plaintiff's first set of interrogatories, and Plaintiffs attached these interrogatories as an exhibit to the Motion to Compel. [Doc. 328-2]. Mount Vernon also included this exact same, or very similar, language in 16 of 17 of its responses to requests for production—"on the basis of the foregoing objection, Mount Vernon will limit its search to documents located after a reasonable search created between February 23, 2016, and the present." These responses to requests for production were not cited in the Motion to Compel, but it is the same, rote Mount Vernon objections cited in the Motion to Compel and found in the interrogatories attached to the Motion to Compel as Exhibit 2. [Doc. 328-2]. Furthermore, in the seventeen (17) exhibits attached to the Motion to Compel, Plaintiffs clearly establish that this discovery dispute revolves around Mount Vernon's refusal to provide documents before 2016,

and these exhibits further establish Plaintiffs' objections and grounds for this dispute elaborated upon in the Motion to Compel. [Docs. 328, 1-17; Doc. 329-1; Doc. 329-2].

Mount Vernon cites *Alcoa v. Universal Alloy Corp.* for the proposition that a violation of Local Rule 37.1 is a basis for denial of the Plaintiff's Motion to Compel. No.1:15-CV-01466-ELR, 2016 WL 11499567, at *3 (N.D. Ga. Sept. 9, 2016). That court did indeed find that a violation of Local Rule 37.1 could provide a basis for denial of the motion, but Mount Vernon neglected to include in its brief that the court went on to address the merits of the arguments presented by both parties and granted in part and denied in part the motion to compel at issue. *Id*. at *3-5. The court also found that the party seeking the motion to compel was seeking relevant information, and that the party arguing proportionality was insufficient in its objection to the motion to compel. *Id*. at *4-5.

The Plaintiffs' Motion to Compel clearly lays out the dispute in question, states specific objections, cites authority to those objections, grounds for objections, and the authority supporting those objections. Plaintiffs' Motion to Compel satisfies the requirements of Local Rule 37.1(A)(2-5), NDGa.

## II. RULE 26 DOES NOT PERMIT MOUNT VERNON TO ARBITRARILY LIMIT THE TEMPORAL SCOPE OF DISCOVERY TO THE STATUTE OF LIMITATIONS OF THE PLAINTIFFS' CLAIMS.

The limitations period of claims may be used to determine a useful "analog" period for discovery, but it is not determinative of what information may be relevant and discoverable for a matter. *See generally*, *Upton v. McKerrow*, No. CIV.A.1:94-CV-353MHS, 1996 WL 193807, at *4 (N.D. Ga. Feb. 20, 1996) (documents created "*substantially prior to* or after proposed class period" relevant) (emphasis added). Mount Vernon continues to cling to the idea that discovery should be limited to 2016, despite overwhelming evidence that discoverable material pre-dates 2016 by years. Mount Vernon cannot unilaterally decide what it considers relevant or attempt to improperly control the scope of discovery. *Hallmark Ins. Co. v. Fannin*, No. 1:17-CV-04839-CAP, 2018 WL 8929810, at *3 (N.D. Ga. July 16, 2018); *Kipperman v. Onex Corp.*, 260 F.R.D. 682, 693 (N.D. Ga. 2009).

Mount Vernon relies on the *Marstiller* case for the proposition that courts will narrow the scope of records requests when no time limit exists in those requests, and that there is an " 'inverse relationship between time on one side, and relevance and proportionality on the other.' " *G.H. v. Marstiller*, No. 4:19CV431-MW/CAS, 2020 WL 13228155, at *3 (N.D. Fla. Mar. 24, 2020); (Response, at 2,9). However,

5

*Marstiller* concerned 28 *non-party subpoenas* seeking "all medical, mental health and school records" of children. *Id*. at *1. Importantly, the court narrowed those requests because the records sought pre-dated the children at issue reaching "adolescent age," and it was unclear how those earlier records would have any bearing to the issues in the case after the children had already aged. *Id*. at *3. *Marstiller* is easily distinguishable from the issues at hand. Similarly, Mount Vernon's reliance *Peacock v. Retail Credit Co.* does not resemble the situation in this case. 302 F. Supp. 418, 424 (N.D. Ga. 1969), aff'd, 429 F.2d 31 (5th Cir. 1970). In that case, summary judgement was granted to one party; and, therefore, "conclusions which the court has reached dictate that any further discovery, either beyond the period of the statute of limitations, or from third parties, would be irrelevant, immaterial and to no avail under the issues before the court." *Id*. at 424.

Plaintiffs' claims, and the entire case, are based on activities that extend back until at least the 1980s to the present. The First Amended Complaint alleges, and evidence discovered to date, shows that Mount Vernon used and was supplied with chemicals containing PFAS from, at least, 1980 until today. Evidence also shows that Mount Vernon sent processed wastewater from their industrial operations, contaminated with PFAS, to the Town of Trion's Water Pollution Control Plant ("WPCP"). Trion's WPCP, in turn, spread tons of sludge produced from that

wastewater within the Racoon Creek watershed, and this sludge contained PFAS. Evidence also shows that Mount Vernon and other defendants were aware of the potential contamination from this process in the 1990s. [Doc. 328-13]. Contamination from this whole process likely started in, at least, the 1980s and continues until today. This evidence shows that a limitation of discovery to 2016 does not comport with the Federal Rules of Civil Procedure.

Furthermore, it is important to note what Mount Vernon does not dispute in their Response. The two documents cited in the Motion to Compel are just two examples of undeniably discoverable information that predate, by years, Mount Vernon's self-dictated discovery date of 2016. [Doc. 328-13; Doc. 329-1]. One of these documents, which again, is not contested as discoverable in this case by Mount Vernon, is dated 1999, over 20 years before this case was filed. [Doc. 328-13]. If we applied Mount Vernon's unilateral assertion of the temporal scope of what is discoverable, these documents would have never been produced. Other defendants, such as 3M, have not sought to artificially limit discovery to 2016, and their compliance with the Federal Rules of Civil Procedure are the reason that this discoverable information came to light.

Mount Vernon also makes a proportionality argument in their Response, stating that discovery back until 1992 would impose a "disproportionate burden" on

Mount Vernon and that these discovery requests would be unduly burdensome. (Response, at 14-15). Mount Vernon, in part, states that it has already produced 42,000 pages of documents and spent more than $75,000.00 in "the document review, collection, and production process…." (Response, at 2). However, this "burden" does not compare to the issues at stake in this matter. Summerville's water supply, and the health of the people that rely on that water supply, are at stake. And the amount in controversy could far exceed five million dollars ($5,000,000) with the City of Summerville seeking damages to pay for the necessary treatment to permanently remove PFAS from its drinking water. *See* FED. R. CIV. P. 26(b)(1) (factors determining scope of discovery). Mount Vernon has already proved that it can produce these documents, as they inadvertently produced over 600 documents that pre-dated 2016. [Doc. 328-12, at 7, n. 6 (identifying inadvertent production)].

## CONCLUSION

Mount Vernon Mills has attempted to unilaterally determine and severely curtail the temporal scope of discovery in this matter. Plaintiffs have shown that documents prior to 2016, and reaching back until at least 1992, are relevant, probative, and discoverable in this case. Furthermore, Plaintiffs have also shown that production of these documents would not be unduly burdensome to Mount Vernon, and that discovery of these documents, back until 1992, would be proportional when

compared to the matters at stake, foremost the water quality of area residents. Other defendants have produced documents dated years prior to 2016.

For the foregoing reasons, Plaintiffs respectfully request the Court to grant Plaintiffs' Motion to Compel and require Mount Vernon to seek documents and other discovery information prior to 2016, until at least 1992.

Respectfully submitted, this the 9th day of March, 2023.

<div style="margin-left:40%">

*/s/ Gary A. Davis*
Gary A. Davis (*phv*)
Keith A. Johnston (*phv*)
DAVIS ATTORNEYS, P.C.
21 Battery Park Avenue, Suite 206
Asheville, NC 28801
Telephone: (828) 622-0044
Fax: 828-398-0435
gadavis@enviroattorney.com

Thomas Causby
Ga. Bar # 968006
101 E. Crawford St.
Dalton, GA 30720
tom@causbyfirm.com
Phone: 706-226-0300
Fax: 706-229-4363

*Attorneys for Plaintiff*

*/s/ Lee T. Patterson*
Jeff Friedman *(Pro Hac Vice)*
Lee Patterson (*Pro Hac Vice*)
FRIEDMAN, DAZZIO & ZULANAS, P.C.

</div>

3800 Corporate Woods Drive
Birmingham, AL 35242
Ph# (205) 278-7000
Fax# (205) 278-7001
jfriedman@friedman-lawyers.com

J. Anderson Davis (Ga. Bar No. 211077)
BRINSON, ASKEW, BERRY, SEIGLER,
RICHARDSON & DAVIS, LLP
P.O. Box 5007
Rome, Georgia 30162-5007
Ph# (706) 291-8853
Fax# (706) 234-3574
adavis@brinson-askew.com
*Attorneys for Plaintiff-Intervenor*

## CERTIFICATE OF COMPLIANCE

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within and foregoing **PLAINTIFF'S REPLY TO DEFEDANT MOUNT VERNON MILLS RESPONSE TO PLAINTIFF'S JOINT MOTION TO COMPEL** was electronically filed with the

Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This the 9th day of March, 2023.

/s/ Gary A. Davis