IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a class of persons similarly situated,<br><br>      Plaintiff,<br><br>CITY OF SUMMERVILLE, GEORGIA<br><br>      Intervenor-Plaintiff<br><br>v.<br><br>3M COMPANY, et al.,<br><br>      Defendants. | Case No. 4:21-CV-00040-TWT<br><br>Hon. Thomas W. Thrash Jr. |

## E.I. du PONT de NEMOURS AND COMPANY'S ANSWER TO INTERVENOR-PLAINTIFF'S AMENDED COMPLAINT IN INTERVENTION

Defendant E.I. du Pont de Nemours and Company ("EID") hereby answers the Amended Complaint in Intervention by Intervenor-Plaintiff the City of Summerville, Georgia ("Summerville" or "City"), as follows:

## STATEMENT OF THE CASE[1]

1.      Denied as to EID.  EID specifically denies that it discharged PFAS  into the Raccoon Creek watershed and any other water supply of the City.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

2.      This paragraph is a description of the City's claims and theories of liability and therefore requires no response.  To the extent there are allegations in this paragraph asserted against EID, EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

3.      This paragraph is a description of the City's claims and theories of liability and therefore requires no response.  To the extent there are allegations in this paragraph asserted against EID, EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

4.      Denied as to EID.  EID specifically denies that it discharged PFAS  into the Raccoon Creek watershed and any other water supply of the City of Summerville.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

---

[1] EID's Answer includes the subheadings found within the City's Amended Complaint in Intervention for ease of reference.  EID denies any legal conclusions or characteristics of fact contained within the subheadings.

5.     Denied as to EID.  EID specifically denies that it provided any PFAS-containing products directly to Mount Vernon.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

## JURISDICTION AND VENUE

6.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

7.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied.

## PARTIES

8.     EID is without sufficient information to admit or deny the allegations of this paragraph pertaining to the City's legal and therefore denies them.  EID is without sufficient information to admit or deny the allegations of this paragraph pertaining to the City's property ownership, water supply, and potable water.

9.     The allegations of this paragraph are directed at a defendant other than EID and therefore require no response.  To the extent a response is necessary, EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

10.     The allegations of this paragraph are directed at a defendant other than EID and therefore require no response.  To the extent a response is necessary, EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

11.     The allegations of this paragraph are directed at a defendant other than EID and therefore require no response.  To the extent a response is necessary, EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

12.     The allegations of this paragraph are directed at a defendant other than EID and therefore require no response.  To the extent a response is necessary, EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

13.     The allegations of this paragraph are directed at a defendant other than EID and therefore require no response.  To the extent a response is necessary, EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

14.     Admitted that EID is a corporation with its principal place of business in Indiana and that it is registered to do business in the State of Georgia.  The remaining allegations of this paragraph pertaining to EID are denied.  This paragraph

4

also contains allegations directed at a defendant other than EID which requires no response.   To the extent a response is necessary, EID is without sufficient information to admit or deny those allegations and therefore denies them.

15.    The allegations of this paragraph are directed at a defendant other than EID and therefore require no response.  To the extent a response is necessary, EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

16.    This paragraph requires no response.   To the extent a response is necessary, denied. EID further denies any legal conclusions or characteristics of fact contained within its identification of "the PFAS Manufacturing Defendants."

## FACTUAL ALLEGATIONS

17.    EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

18.    EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

19.    Admitted only that certain PFAS are chemically stable and can persist in the environment under certain circumstances.  The remaining allegations of this paragraph are denied as stated as to EID.  EID is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies them.

20.     EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

21.     EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

22.     Denied as to EID.  EID lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies them.

23.     Denied as to EID.  EID lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies them.

24.     Admitted as to the classification of PFOA by IARC, and that EPA's Guideline for Carcinogenic Risk Assessment (US EPA 2005) stated there is suggestive evidence of carcinogenic potential for PFOA.  Any agency publications speak for themselves and the allegations are denied to the extent the allegations of this paragraph are inconsistent with those agency publications or do not accurately describe the full context of the statements pulled from those publications.  Any remaining allegations in this paragraph are denied as stated.

25.     This paragraph purports to summarize a study by the NTP that speaks for itself.  EID denies the allegations in this paragraph to the extent they do not

accurately describe the referenced study in full context and further denies the allegations of this paragraph to the extent they are inconsistent with the study.

26.     Admitted that the EPA released lifetime health advisories for PFOA and PFOS in 2016. Denied to the extent that the allegations of this paragraph do not accurately describe those advisories in full context and further denied to the extent the allegations of this paragraph are inconsistent with those advisories.

27.     Admitted that the EPA released lifetime health advisories for PFOA and PFOS in 2016.  Denied to the extent that the allegations of this paragraph do not accurately describe those advisories in full context and further denied to the extent the allegations of this paragraph are inconsistent with those advisories.

28.     This paragraph references a draft Toxicological Profile for Perfluoroalkyls that speaks for itself.  EID denies any allegations of this paragraph purporting to describe the findings in the Profile that are inconsistent with that Profile or do not describe the full context of those findings.  EID denies the remaining allegations of this paragraph as stated.

29.     Admitted only that certain states have adopted regulatory guidance or levels for PFOA and PFOS that are lower than the 2016 EPA lifetime health advisories.  Denied to the extent the allegations of this paragraph are inconsistent with those regulatory levels or guidance.

30.     Denied as to EID.  EID lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies them.

31.     Denied as to EID.  EID lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies them.

32.     Denied as to EID.  EID lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies them.

33.     Denied as to EID.  EID lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies them.

34.     Denied as to EID.  EID lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies them.

35.     The allegations of this paragraph are directed at a defendant other than EID and therefore require no response.  To the extent a response is necessary, EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

36.     The allegations of this paragraph are directed at a defendant other than EID and therefore require no response.  To the extent a response is necessary, EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

37.     The allegations of this paragraph are directed at a defendant other than EID and therefore require no response.  To the extent a response is necessary, EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

38.     Admitted that, as a mere supplier, EID provided various information to Huntsman.  EID lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.  Any remaining allegations in this paragraph are denied as to EID.

39.     Admitted that, as a mere supplier, EID sold certain textile chemistries at certain times in the past to Defendants Huntsman and its predecessor Ciba Specialty Chemicals.  No PFOS or PFOA was used in producing this chemistry; however, it may be possible that trace amounts of PFOA were an unintended byproduct in some instances.  EID lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and

therefore denies the same.  Any remaining allegations in this paragraph are denied as to EID.

40.    Admitted that EID has in the past conducted certain studies involving PFOA.  Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies.  Any remaining allegations in this paragraph are denied as to EID.

41.    Admitted that EID has in the past conducted certain studies involving PFOA.  Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies.  Any remaining allegations in this paragraph are denied as to EID.

42.    Admitted that EID has in the past conducted certain studies involving PFOA.  Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies.  Any remaining allegations in this paragraph are denied as to EID.

43.    Admitted that EID has in the past conducted certain studies involving PFOA.  Denied to the extent the allegations of this paragraph do not accurately

describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies.  Any remaining allegations in this paragraph are denied as to EID.

44.     The allegations of this paragraph are directed at a defendant other than EID and therefore require no response.  To the extent a response is necessary, EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

45.     Admitted that EID has in the past conducted certain studies involving PFOA.  Denied to the extent the allegations of this paragraph do not accurately describe those studies in full context and further denied to the extent the allegations of this paragraph are inconsistent with those studies.  Any remaining allegations in this paragraph are denied as to EID.

46.     Admitted that, in 2005, EID reached a negotiated settlement to resolve contested allegations in an administrative matter with the EPA.  Denied to the extent the allegations of this paragraph do not accurately describe that settlement in full context and further denied to the extent the allegations of this paragraph are inconsistent with that settlement.  Further denied that EID has made false statements in public regarding the effects of PFOA.  Any remaining allegations of this paragraph are denied as to EID.

47.     Denied.  Specifically, EID denies that it has made false statements in public regarding the effects of PFOA.

48.     Admitted that EID purchased chemicals from 3M Company ("3M") in the past to use as a processing aid in production of fluoropolymers and that 3M announced in 2000 that it would discontinue manufacture of PFOA.  Admitted that EID manufactured PFOA in 2002 for its own use.  Any remaining allegations in this paragraph are denied as stated as to EID.

49.     EID admits that it has licensed the use of Teflon™ to Defendant Huntsman and provided Defendant Huntsman with performance specifications related to Defendant Huntsman's use of the Teflon™ license.  EID lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.  Any remaining allegations in this paragraph are denied as stated as to EID.

50.     EID admits that it has licensed the use of Teflon™ to Defendant Huntsman and provided Defendant Huntsman with performance specifications related to Defendant Huntsman's use of the Teflon™ license.  EID lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.  Any remaining allegations in this paragraph are denied as stated as to EID.

51.     Denied as stated.

52.      The allegations of this paragraph are directed at a defendant other than EID and therefore require no response.  To the extent a response is necessary, EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

53.     The allegations of this paragraph are directed at a defendant other than EID and therefore require no response.  To the extent a response is necessary, EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

54.     The allegations of this paragraph are directed at a defendant other than EID and therefore require no response.  To the extent a response is necessary, EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

55.     Denied as to EID.  EID lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

56.     Denied as to EID.  EID lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

57.     Denied as to EID.  EID lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations as to the other defendants and therefore denies the same.

## COUNT ONE
### Negligence

58.     EID adopts and incorporates by references its responses to Paragraphs 1 though 57 as if restated therein.

59.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

60.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

61.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

62.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied that the City is entitled to any relief from EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

63.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

64.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

65.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

66.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

EID denies that the City is entitled to the relief sought in the WHEREFORE clause following paragraph 66 or to any other relief against it.

## COUNT TWO
### Negligence

67.     EID adopts and incorporates by references its responses to Paragraphs 1 through 66 as if restated therein.

68.     EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

69.     EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

70.     EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

71.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied that the City is entitled to any relief from EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

72.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

73.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

74.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

75.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

76.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

77.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

78.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

EID denies that the City is entitled to the relief sought in the WHEREFORE clause following paragraph 78 or to any other relief against it.

## COUNT THREE
**Private Nuisance**

79.     EID adopts and incorporates by references its responses to Paragraphs 1 through 37 as if restated therein.

80.     EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

81.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

82.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

83.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

84.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

85.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

86.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

87.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

88.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

EID denies that the City is entitled to the relief sought in the WHEREFORE clause following paragraph 88 or to any other relief against it.

## COUNT FOUR
### Abatement of Nuisance

89.     EID adopts and incorporates by references its responses to Paragraphs 1 through 88 as if restated therein.

90.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied that the City is entitled to any relief from EID and further denied that EID discharged PFOA, PFOS, or related chemicals into the City's water supply.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

91.     This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied that the City is entitled to

any relief from EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

EID denies that the City is entitled to the relief sought in the WHEREFORE clause following paragraph 91 or to any other relief against it.

## COUNT FIVE
### Abatement of Nuisance

92.    EID adopts and incorporates by references its responses to Paragraphs 1 through 91 as if restated therein.

93.    EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

94.    EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

95.    This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied that the City is entitled to any relief from EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

96.    This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied that the City is entitled to any relief from EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

97.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

98.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

99.     Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

100.    Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

101.    Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

102.    Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

103.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

EID denies that the City is entitled to the relief sought in the WHEREFORE clause following paragraph 103 or to any other relief against it.

## COUNT SIX
**Wantonness and Punitive Damages**

104.   EID adopts and incorporates by references its responses to Paragraphs 1 through 103 as if restated therein.

105.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

106.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

107.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

108.   This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied that the City is entitled to

any relief from EID and further denied that EID discharged PFOA, PFOS, or related chemicals into the City's water supply.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

109.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

110.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

111.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

112.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

113.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

114.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

EID denies that the City is entitled to the relief sought in the WHEREFORE clause following paragraph 114 or to any other relief against it.

## COUNT SEVEN
### Injunctive Relief

115.   EID incorporates by references its responses to Paragraphs 1 through 114 as if restated therein.

116.   This paragraph is a description of the City's claims and theories of liability and therefore requires no response.  To the extent a response is necessary, denied that the City is entitled to the relief sought therein or any other relief from EID.

117.   This paragraph is a description of the City's claims and theories of liability and therefore requires no response.  To the extent a response is necessary, denied that the City is entitled to the relief sought therein or any other relief from EID.

EID denies that the City is entitled to the relief sought in the WHEREFORE clause following paragraph 117 or to any other relief against it.

## COUNT EIGHT

**Attorneys' Fees and Expenses of Litigation**

118.   EID incorporates by references its responses to Paragraphs 1 through 117 as if restated therein.

119.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

## COUNT NINE
## Georgia Water Quality Control Act

120.   EID incorporates by references its responses to Paragraphs 1 through 119 as if restated therein.

121.   This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied that the City is entitled to any relief from EID and further denied that EID discharged PFOA, PFOS, or related chemicals into the City's water supply.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

122.   This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied that the City is entitled to any relief from EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

123.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

124.   This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied that the City is entitled to any relief from EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

125.   This paragraph contains a legal conclusion and therefore requires no response.  To the extent a response is necessary, denied that the City is entitled to any relief from EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

126.   EID is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

127.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

EID denies that the City is entitled to the relief sought in the WHEREFORE clause following paragraph 127 or to any other relief against it.

## COUNT TEN
### Negligent Failure to Warn

128.   EID incorporates by references its responses to Paragraphs 1 through 127 as if restated therein.

129.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

130.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

131.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

132.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

133.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

134.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

135.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

136.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

137.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

138.   Denied as to EID.  EID is without sufficient information to admit or deny the allegations of this paragraph as to the other defendants and therefore denies them.

EID denies that The City is entitled to the relief sought in the WHEREFORE clause following paragraph 138 or to any other relief against it.  Unless specifically admitted herein, EID denies allegations and statements of damages against it.  EID

further denies each and every allegation contained in Plaintiff-Intervenor's Amended Complaint in Intervention to which no response has previously been made.

## E.I. du PONT de NEMOURS AND COMPANY'S AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, it would not otherwise bear, Defendant E.I. du Pont de Nemours and Company ("EID") hereby asserts the following as its affirmative and other defenses to the Amended Complaint in Intervention by Plaintiff-Intervenor the City of Summerville ("City"):

1.   EID denies the material allegations of the Amended Complaint in Intervention, both separately and severally, and demands strict proof thereof.

2.   The Amended Complaint in Intervention fails to state a claim upon which relief can be granted.

3.   The City's claims may be barred, in whole or in part, because the the City lacks standing to bring such claims.

4.   Venue is improper and/or maybe more convenient in another forum.

5.   The City's claims may be barred, in whole or in part, by the applicable statute(s) of limitations.

6.   The City's claims may be barred, in whole or in part, by the doctrine of laches.

7.   EID asserts the defense of failure to join a party.

8.    The City's claims may be barred, in whole or in part, because they fail to adequately identify and name the appropriate defendants.

9.    The City's claims may be barred, in whole or in part, under the Economic Injury/Loss Doctrine.

10.   The City's claims may be barred, in whole or in part, under the doctrines of waiver and/or estoppel.

11.   The City's claims may be barred, in whole or in part, because the City and/or members of the putative class assumed the risk.

12.   EID avers that the City's injuries and damages were caused, in whole or in part, by the acts or omissions of others over whom EID has no control and for whom EID owes no legal responsibility. EID never manufactured or sold PFOS or PFOA as a commercial product.

13.   Any damages awarded to the City should be subject to apportionment among any parties and non-parties and offset to the extent of fault apportioned to those parties and non-parties.

14.   EID avers that the City's injuries and damages were caused, in whole or in part, by superseding, unforeseen, and/or intervening causes.

15.   If it is established that EID is in any manner legally responsible for any of the damages claimed by the City, such damages were proximately contributed

to and caused by other persons or entities not yet parties to this action, and, therefore, EID is entitled to equitable and applied indemnity or contribution, or both, from each such person and entity in an amount in direct proportion to the culpable conduct of the other persons or entities.

16.   The City's claims may be barred, in whole or in part, by his own contributory or comparative negligence or the contributory or comparative negligence of those for whom he bears legal responsibility.

17.   EID asserts that the City's claims are preempted by federal law.

18.   EID has complied with all relevant federal and state regulations and industry practices.

19.   The City's claims may be barred, in whole or in part, to the extent they seek to impose liability based on retroactive application of laws, regulations, standards, or guidelines.

20.   EID is not liable for the matters and things alleged in the Second Amended Complaint.

21.   EID denies that it owed any duty to the City.  Alternatively, EID denies that it breached any duty or obligation owed to the City.

22.   EID denies that its conduct was in any manner negligent  or wanton.

23.   EID asserts that its conduct was not the proximate cause of the claimed

injuries.

24.   The City's claim for nuisance may be barred, in whole or in part, because the City failed to request that EID abate the nuisance prior to filing this action as required by O.C.G.A. § 41-1-5.

25.   EID asserts that its conduct was lawful, privileged, and taken in good faith exercise of its rights and duties under the law.

26.   All or parts of the claims in this case are arbitrable.

27.   EID contests the extent and nature of the City's alleged damages.

28.   The City's claims fail, in whole or in part, due to a failure to mitigate damages.

29.   The City's claims may be barred, in whole or in part, by operation of the sophisticated purchaser, sophisticated/learned intermediary, bulk supplier, and/or sophisticated user doctrine.

30.   EID asserts as a defense, credit, or set-off against the damages claimed by the City, the settlement (and any monies paid pursuant  thereto) between the City and any other person or entity.

31.   The City's claim for damages may be limited pursuant to applicable limitation of damages provisions.

32.   The Amended Complaint in Intervention fails to state a claim for

punitive or exemplary damages and fails to allege the existence of clear and convincing evidence required to support such a claim.

33.   The City's claims for punitive or exemplary damages are subject to the limitations of O.C.G.A. § 51-12-5.1(b) in that the City cannot demonstrate that EID showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences.

34.   EID did not engage in any conduct which would warrant or form a valid basis for an award of punitive or exemplary damages.

35.   The City is not entitled to recover punitive or exemplary damages against EID because:

(a)   Any claim by the City for punitive damages is barred because an award of punitive damages would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the due process clause of the Georgia Constitution, in that:

(i)   The jury will be allowed to consider evidence of EID's wealth in assessing punitive damages.

(ii)   There are no definite standards whereby the judiciary may determine the propriety of punitive damages or the amount of

any such award.

(iii)   There are no effective procedures whereby the judiciary can review either the propriety or the magnitude of punitive damages.

(iv)   The guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

(v)   The vague and inconsistent legal standards for the imposition of punitive damages deprive EID of sufficient notice of thetype of conduct and mental state upon which an award of punitive damages could be based.

(vi)   No objective limitations or standards have been established concerning the amount or severity of any punitive damages, including the severity of the penalty.

(b)   Any claim by the City for punitive damages is barred because such claims are essentially criminal in nature and a form of punishment, and they seek to deny EID the rights guaranteed to defendants in criminal proceedings under the Fourth, Sixth, and Fourteenth Amendments of

the United States Constitution and the Constitution of Georgia.

(c)     Any claim by the City for punitive damages is barred because such claims seek to impose punishment that is excessive and grossly disproportionate to the misconduct alleged, in violation of the Constitution of the State of Georgia.

(d)     Any claim by the City for punitive damages is barred to the extent it seeks the admission of evidence of EID's net worth or wealth in determining whether punitive damages are to be awarded and/or in what amount, because punitive damages are a form of punishment, and punishment that is grounded in EID's status, rather than in specific misconduct, has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Georgia.

(e)     Any claim by the City for punitive damages is barred because punitive damages are a form of punishment and any such award under the laws of the State of Georgia would violate EID's procedural and substantive Due Process rights, and Equal Protection rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and

Article I, Section 1, Paragraph I of the Constitution of the State of Georgia where a jury:

(i)     is not provided with standards of sufficient clarity, objectivity and uniformity for determining the appropriateness of awarding, or the appropriate size of any punitive damages;

(ii)    is not instructed on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence;

(iii)   is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics;

(iv)    is permitted to award punitive damages under standards for determining liability for, and amount of, punitive damages that are vague and arbitrary and do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and

(v)     is not subject to judicial review on the basis of objective and uniform standards.

(f)    Any claim by the City for punitive damages is barred because an award
of punitive damages in this action would be an unconstitutional burden
on interstate commerce in violation of the Commerce Clause of Article
I, Section 8 of the United States Constitution.

(g)    Any claim by the City for punitive damages in this lawsuit is a request
to impose economic sanctions in violation of the sovereignty of other
states.

(h)    Any such recovery would violate EID's rights under Article I, Section
9 of the United States Constitution because such is an ex postfacto law.

(i)    An award of punitive damages is a violation of the Contract Clause of
the Constitution of the United States of America.

(j)    Georgia's scheme for punitive damages, including but not limited to
statutes, rules, jury instructions, violate the Due Process Clauses of
the Fifth and Fourteenth Amendments of the United States
Constitution, the Excessive Fines Clause of the Eighth Amendment to
the United States Constitution, and in violation of Article I, Section 1,
Paragraph XVII of the Georgia Constitution, for the reasons set forth
above in this section.

36.    With respect to the City's demand for punitive damages, EID

specifically raises and incorporates by reference any and all standards or limitations regarding the determination and enforceability of such damage awards as held in *BMW v. Gore*, 116 S. Ct. 1589 (1996), *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003), *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), and *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605 (2008).

37.   EID has not acted or failed to act in such a way as to give rise to any claim for attorneys' fees or expenses of litigation.

38.   The City is not entitled to injunctive or other equitable relief against EID, as the City cannot show an irreparable injury if an injunction does not issue, a likelihood of success on the merits, or a lack of an adequate remedy at law.

39.   The proposed claims of the class are precluded because the alleged conduct would have affected, if anyone, only an insubstantial number of putative class members.

40.   The proposed class cannot be certified because the  putative class, class representatives and/or class counsel failed to meet the typicality, commonality, numerosity, adequacy, superiority, and predominance requirements for the pursuit of the claims as a class action.

41.   To avoid waiving affirmative defenses which may subsequently develop, EID asserts each affirmative defense stated in O.C.G.A. § 9-11-8 and

O.C.G.A. § 9-11-12 to the extent not otherwise stated herein.

42.    EID hereby gives notice that it may rely upon such other defenses (affirmative or otherwise) that may become available or apparent during the course of discovery or otherwise and thus reserve the right to add or withdraw defenses.

**WHEREFORE**, EID respectfully requests that the Court dismiss Plaintiff-Intervenor's Amended Complaint in Intervention, award the costs and expenses of litigation to it, and grant such other relief to it as the Court deems equitable and just under  the circumstances.

Dated:  March 14, 2023          Respectfully submitted,


*/s/ Blair Cash*

Blair Cash
Georgia Bar No. 360457
**Moseley Marcinak Law Group LLP**
P.O. Box 1688
Kennesaw, Georgia 30156
(470) 480-7258
Email: blair.cash@momarlaw.com

John M. Johnson
AL Bar No.: asb-7318-o52j
*Admitted Pro Hac Vice*
jjohnson@lightfootlaw.com
Lana A. Olson
AL Bar No.: asb-6841-a59l
*Admitted Pro Hac Vice*
lolson@lightfootlaw.com

R. Ashby Pate
AL Bar No.  asb-3130-e64p
Admitted *Pro Hac Vice*
apate@lightfootlaw.com
Meghan S. Cole
AL Bar No.: asb-6544-b10l
*Admitted Pro Hac Vice*
mcole@lightfootlaw.com
Mary Parrish McCracken
AL Bar No. asb-2432-o18x
*Admitted Pro Hac Vice*
mmcracken@lightfootlaw.com
**Lightfoot Franklin & White, LLC**
The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700


*Counsel for Defendant E.I. du Pont de
Nemours and Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

EARL PARRIS, JR., individually, and
on behalf of a class of persons similarly
situated,

      Plaintiff,

CITY OF SUMMERVILLE,
GEORGIA

      Intervenor-Plaintiff

v.

3M COMPANY, et al.,

      Defendants.

Case No. 4:21-CV-00040-TWT

Hon. Thomas W. Thrash Jr.

## CERTIFICATE OF SERVICE
## AND COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that I have this date electronically filed the within and foregoing, which has been prepared using 14-point Times New Roman font, with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated:  March 14, 2023      Respectfully submitted,

*/s/ Blair Cash*

41

Blair Cash
Georgia Bar No. 360457
**Moseley Marcinak Law Group LLP**
P.O. Box 1688
Kennesaw, Georgia 30156
(470) 480-7258
Email: blair.cash@momarlaw.com

John M. Johnson
AL Bar No.: asb-7318-o52j
*Pro Hac Vice forthcoming*
jjohnson@lightfootlaw.com
Lana A. Olson
AL Bar No.: asb-6841-a59l
*Pro Hac Vice forthcoming*
lolson@lightfootlaw.com
R. Ashby Pate
AL Bar No.  asb-3130-e64p
*Pro Hac Vice forthcoming*
apate@lightfootlaw.com
Meghan S. Cole
AL Bar No.: asb-6544-b10l
*Pro Hac Vice forthcoming*
mcole@lightfootlaw.com
Mary Parrish McCracken
AL Bar No. asb-2432-o18x
*Pro Hac Vice forthcoming*
mmcracken@lightfootlaw.com
**Lightfoot Franklin & White, LLC**
The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700


*Counsel for Defendant E.I. du Pont de*
*Nemours and Company*