IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a Class of persons similarly situated,<br><br>*Plaintiff*,<br><br>CITY OF SUMMERVILLE, GA.,<br><br>*Intervenor-Plaintiff*,<br><br>v.<br><br>3M COMPANY, DAIKIN AMERICA, INC., HUNTSMAN INTERNATIONAL, LLC, PULCRA CHEMICALS, LLC, MOUNT VERNON MILLS, INC., TOWN OF TRION, GEORGIA, and RYAN DEJUAN JARRETT,<br><br>*Defendants*. | Civil Action No. 4:21-cv-40-TWT |

### [PROPOSED] ORDER GRANTING PLAINTIFF AND INTERVENOR-PLAINTIFF'S OBJECTION TO ASSERTION OF PRIVILEGE AND MOTION FOR *IN CAMERA* REVIEW OF DOCUMENT

1.  Defendant, Mount Vernon Mills ("Mount Vernon"), inadvertently produced two e-mails[1] in this matter that it subsequently claimed were protected by the attorney/client privilege, attorney work product, and/or common interest

---

[1] Bates Numbers: MVM_00003074 - MVM_00003075; MVM_0036719-720.

doctrine. As a result, the Defendant attempted to claw back the documents from the Plaintiff and Intervenor-Plaintiff ("Plaintiffs") pursuant to the Agreed Protective Order among the parties. [Doc. 239].

2. After unsuccessful attempts to come to an agreement between the parties, on January 20, 2023, Plaintiffs filed an objection to this assertion of privilege and moved for *in camera* review by this Court. [Doc. 313]. Plaintiffs argued that the records were public records not privileged or protected by attorney work product, and, even if the documents were privileged, that the privilege had been waived by the Defendant.

3. On February 3, 2023, Mount Vernon responded. Mount Vernon argued that: the e-mails in question were privileged; there was a common intertest/ joint defense privilege attached to the e-mails; the e-mails did not constitute public records; and the e-mails were privileged work product information. [Doc. 333]. The Town of Trion, another defendant in this matter, joined Mount Vernon's Response ("Defendants"). [Doc. 336].

4. On February 17, 2023, Plaintiffs replied to the Defendants' Response. Plaintiffs argued that common-interest doctrine did not apply in this instance because no privileged existed, and that the e-mails in question did not include attorneys on the communications. [Doc. 356].

5. On March 13, 2023, a hearing in this matter was held before this Court.

2

Having considered the parties' pleadings and oral arguments on this issue, this Court finds that the e-mails in question are not protected by the attorney-client privilege, attorney work product protection, and/or the common interest doctrine. The communications in question did not include attorneys, and these communications did not expose the mental impressions or legal reasoning of Mount Vernon's attorneys. Therefore, these e-mails are not subject to claw back per Federal Rule of Evidence 502.

As a result of this ruling, Plaintiffs' Objection to Assertions of Privilege and Motion for *In Camera* Review of Documents is **GRANTED**. The emails subject to this motion may be treated as all other evidence subject to the Federal Rules of Civil Procedure and Federal Rules of Evidence.

SIGNED and ENTERED this ____ day of _____ 2023.

                                                    _____
The Honorable Thomas W. Thrash Jr.
Judge, United States District Court
Northern District of Georgia