IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

EARL PARRIS, JR.
Individually, and on behalf of a Class of
persons similarly situated,

    Plaintiff,

      v.

3M COMPANY, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 4:21-CV-40-TWT

**OPINION AND ORDER**

This is a water pollution case. It is before the Court on the Defendants E.I. du Pont de Nemours and Company ("EIDP"), The Chemours Company, 3M Company, Daikin America, Inc., Pulcra Chemicals, LLC, and the Town of Trion, Georgia's Motion to Stay [Doc. 421]. For the reasons set forth below, the Moving Defendants' Motion to Stay [Doc. 421] is GRANTED as amended by their reply.

**I.  Background**

The pertinent factual background to this case was set forth in detail in this Court's March 30, 2022 Order, so the Court will reiterate only the most relevant background information here. This case arises out of the contamination of surface waters and drinking water in Chattooga County, Georgia with per- and polyfluoroalkyl substances, known as "PFAS." *Parris v. 3M Co.*, 595 F. Supp. 3d 1288, 1306 (N.D. Ga. Mar. 30, 2022). Plaintiff Earl

Parris, Jr., is a Summerville, Georgia resident who receives his water supply from the Summerville Public Works and Utilities Department. *Id.* The City of Summerville is an intervening plaintiff in this matter whose claims against EIDP, Chemours, and 3M are presently stayed as a result of an injunction and stay order entered in a multi-district litigation suit involving PFAS contamination in the United States District Court for the District of South Carolina ("MDL Court"). *See In Re: Aqueous Film-Forming Foams Products Liability Litigation*, No. 2:18-mn-2873, Doc. 3603 (D.S.C. Aug. 22, 2023) ("MDL Stay Order").

The Defendants EIDP, Chemours, and 3M, Daikin, Pulcra Chemicals, and the Town of Trion ("Moving Defendants") now move to temporarily stay this case in its entirety pending a final fairness hearing on December 14, 2023, for the settlement with EIDP and Chemours, and another hearing on February 2, 2024 for the settlement with 3M. (Def.'s Mot. to Stay, at 3). The Moving Defendants explain that the MDL Stay Order does not prohibit the City of Summerville from proceeding with its claims against Defendants other than EIDP, Chemours, and 3M, and does not prevent any of Parris's claims from proceeding. (*Id.*). Thus, they contend, this action will continue in piecemeal fashion if the proceedings against some Defendants are allowed to continue while claims against other Defendants remain stayed until the final fairness hearings conclude. (*Id.* at 3-4). Therefore, they ask this Court to stay this action until after February 2, 2024, and to enter a new scheduling order at that time.

2

(*Id.*).

## II. Legal Standards

Courts enjoy broad discretion in managing their own dockets, including staying proceedings. *Patel v. Cuccinelli*, 2019 WL 13273211, at * 1 (N.D. Ga. Nov. 20, 2019); *Tomco Equip. Co. v. S.E. Agri-Systems, Inc.*, 542 F. Supp. 2d 1303, 1307 (Feb. 19, 2008). In determining whether a stay is warranted, courts generally consider the following factors: "(1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date has been set." *Tomco Equip. Co.*, 542 F. Supp. 2d at 1307. "Federal courts routinely exercise their power to stay a proceeding where a pending decision . . . would have a substantial or controlling effect on the claims and issues in the stayed case." *Patel*, 2019 WL 13273211, at *1.

## III. Discussion

In their Motion to Stay, the Moving Defendants argue that the *Tomco Equipment Co.* factors tip in favor of granting a stay. (Def.'s Mot. to Stay, at 5-12). First, they argue that not only will the Plaintiffs not be prejudiced by the stay due to its minimal impact on these proceedings, but the resolution of the Plaintiffs claims might actually be streamlined by the Public Water Provider Settlement resulting from the MDL action. (*Id.* at 5-6). Second, the Moving Defendants assert that a stay will simplify the issues in this case by allowing discovery and class certification to proceed on the same track for all

3

Defendants. (*Id.* at 6-7). Additionally, they contend that the City of Summerville's claims are intertwined with and to some extent, derivative of, Parris's claims, and resolution of part of the City of Summerville's claims in the MDL action may therefore help to resolve Parris's claims in this action. (*Id.* at 7-11). In that same vein, they argue, having discovery proceed on Parris's claims could cast an undue burden on the Moving Defendants by requiring them to repeat essentially the same discovery as to the City of Summerville's intertwined claims once the MDL Stay is lifted. (*Id.* at 7). Third, the Moving Defendants argue that discovery is ongoing in this matter, class certification briefing has not yet commenced, and no trial date has been set. (*Id.* at 11-12).

The Plaintiffs and Defendant Mount Vernon Mills, Inc. oppose the Motion to Stay. Mount Vernon Mills opposed the Motion to the extent that a deposition of Mount Vernon representative Ron Beegle was scheduled to be completed on October 10, 2023. (Def. Mount Vernon Mills's Resp. in Opp. to Mot. to Stay, at 2, 4-7). The City of Summerville argues that there is no reason discovery should be stayed in its entirety and asks the Court to order the parties to meet and confer on a revised scheduling order to facilitate continuing discovery in a manner that will not violate the MDL Stay Order. (City of Summerville's Resp. in Opp. to Mot. to Stay, at 2-3). Plaintiff Parris, however, adopts the Moving Defendants' Reply to the City of Summerville's Response to the Motion to Stay. (Parris's Resp. to Mot. to Stay, at 1-2). The reply proposes moving forward with certain discovery while the MDL Stay Order remains in

4

effect, including written discovery as to the non-stayed defendants and Parris's written discovery as to all defendants. (Def.'s Reply to City of Summerville's Resp. in Opp. to Mot. to Stay, at 2-3). Additionally, the reply proposes voluntarily postponing all depositions noticed by the Plaintiffs, the Moving Defendants, and Defendant Huntsman until after the MDL Stay is lifted and asks the Court to stay any other depositions until after the MDL Stay is lifted, with the parties conferring on a discovery schedule to ensure the remaining discovery is completed at that time. (*Id.* at 2-3). The Moving Defendants, Defendants Huntsman and Town of Trion, Plaintiff Parris, and Intervenor-Plaintiff City of Summerville are all in agreement on this proposal. (*See id.* at 3-9).

As an initial matter, the Court presumes that the Defendant Mount Vernon Mills's objection to the Motion to Stay is now moot, given that the deposition at issue was scheduled to take place October 10, 2023, and the Court has not been advised of any postponement. (*See* Def. Mount Vernon Mills's Resp. in Opp. to Mot. to Stay, at 2, 4-7). The remaining issues as to the requested stay have apparently been resolved with the parties' agreement outlined in the Moving Defendants' Reply to the City of Summerville's Response, and the Court will therefore construe that reply as an amendment to the Motion to Stay. Moreover, an application of the *Tomco Equipment Co.* factors supports granting a stay—a temporary stay will not unduly prejudice or disadvantage the nonmovants, a stay will simplify the issues in this case by

5

streamlining discovery, and discovery is not yet complete, nor has class certification briefing commenced. *See Tomco Equip. Co.*, 542 F. Supp. 2d at 1307. Therefore, the Court will grant the requested relief.

## IV. Conclusion

For the reasons set forth above, the Moving Defendants' Motion to Stay [Doc. 421] is GRANTED as amended by reply. Discovery in this action is hereby STAYED in part through February 2, 2024. Specifically, pursuant to the Moving Defendants agreement with Defendant Huntsman, Plaintiff Parris, and Intervenor-Plaintiff City of Summerville:

1. Written discovery as to all Defendants other than 3M, EIDP, and the Chemours Company shall proceed and shall not be stayed;

2. Plaintiff Parris may proceed with written discovery as to all parties, including 3M, EIDP, and the Chemours Company; and

3. All depositions are hereby stayed through and until February 2, 2024.

The parties are DIRECTED to submit a proposed scheduling order to the Court by February 16, 2024.

SO ORDERED, this \_\_\_15th\_\_\_ day of November, 2023.

THOMAS W. THRASH, JR.
United States District Judge