IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., individually, and on behalf of a Class of persons similarly situated,<br><br>    *Plaintiff,*<br><br>vs<br><br>3M COMPANY, et al.,<br><br>    *Defendants*. | )<br>)<br>)<br>)<br>) Civil Action No. 4:21-cv-00040-TWT<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT MOUNT VERNON MILLS, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S NOVEMBER 15, 2023 ORDER AND INCORPORATED MEMORANDUM OF LAW

COMES NOW Defendant Mount Vernon Mills, Inc. ("Mount Vernon") and hereby files this Motion for Partial Reconsideration pursuant to Local Rule 7.2(E). As described in detail below, Mount Vernon respectfully requests that the Court reconsider its November 15, 2023 Opinion and Order granting Defendants E.I. Du Pont De Nemours and Company ("Du Pont"), the Chemours Company ("Chemours"), 3M Company ("3M"), Daikin America Inc. ("Daikin"), Pulcra Chemicals LLC ("Pulcra"), and Town of Trion Georgia's ("Trion") (collectively, "Moving Defendants") Motion to Temporarily Stay this Case [Dkt. 438] insofar as

the Court's conclusion that Mount Vernon's objection to the deposition of its employee, Ron Beegle, due to the Motion to Stay is moot.

As further addressed herein, the deposition noticed for October 10, 2023 did not go forward as the Court's Order suggests, and all parties reserved their rights. Consequently, the consequences of the failure to attend the deposition remain a live controversy for resolution by the Court.

## ARGUMENT AND CITATION OF AUTHORITY[1]

I. <u>Standard of Review</u>

A motion for reconsideration is permitted under Local Rule 7.2. A party may move for reconsideration when at least one of the following three elements exists: (1) the discovery of new evidence; (2) an intervening development or change in the controlling law; or (3) the need to correct a clear error or manifest injustice. *Kemper v. Equity Ins. Co.,* No. 1:15-CV-02961-TCB, 2017 WL 11634616, at *1 (N.D. Ga. Sept. 5, 2017), citing *Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). Further, an order based upon an incorrect presumption of fact would constitute error. *See Pizarro v. Vida Cafe, LLC*, 440 F. App'x 861, 862 (11th Cir. 2011).

---

[1] Mount Vernon incorporates by reference the arguments made in its Response to the Moving Defendants Motion to Stay [Dkt. 422].

II. Argument

### a. Mount Vernon Respectfully Requests That The Court Reconsider Its Determination That Mount Vernon's Objection Is Moot, Based On The Court's Incorrect Presumption That the Deposition of Ron Beegle Proceeded on October 10, 2023.

Mount Vernon objected to the Moving Defendants' Motion to Stay this case to the extent that it would prohibit the individual deposition of Mount Vernon employee, Ron Beegle, from moving forward during the stay. [*See* Dkt. 422]. In the Court's November 15 Opinion and Order, the Court did not address the merits of Mount Vernon's objection to the Motion to Stay and, instead, stated "the Court presumes that the Defendant Mount Vernon Mills's objection to the Motion to Stay is now moot, given that the deposition at issue was scheduled to take place October 10, 2023, and the Court has not been advised of any postponement." [Dkt. 438 at p. 5]. The Court's assumption is understandable as there was no stay in place on October 10, 2023 that would have prevented the deposition from taking place. However, the Court's presumption was unfortunately incorrect.

Mount Vernon advised all parties that it intended to make Mr. Beegle available on October 10, 2023, as noticed, and that it was prepared to make a record of Mr. Beegle's appearance and the failure of deposing parties to appear. (*See* email from William Droze dated October 6, 2023, and attached hereto as **Exhibit 1**.) On October 6, 2023, in an effort to conserve resources, the Moving Defendants agreed that Mount Vernon and the other parties interested in the deposition did not need to

3

physically appear at the scheduled deposition on October 10, 2023, in order for Mount Vernon to make a record that it presented its witness for the deposition or to preserve Mount Vernon's objections to the stay of the deposition. (*See* email chain from Moving Defendants dated October 6, 2023 and attached hereto as **Exhibit 2**). The Moving Defendants did not move forward with Mr. Beegle's deposition on October 10, 2023, and left for the Court the determination of the merits of Mount Vernon's objections when it decided the Motion to Stay. At no point did Mount Vernon waive its objections, nor did it agree that Mr. Beegle's deposition should not be required to proceed while no stay was in place. Accordingly, the Court incorrectly concluded that Mount Vernon's objections to the postponement of the deposition were moot.

Mount Vernon would be prejudiced if its objections were deemed moot as the determination of mootness would be based upon an incorrect presumption of fact. *See Pizarro v. Vida Cafe, LLC*, 440 F. App'x at 862. Here, Mount Vernon timely objected to the Motion to Stay and made its witness available for his deposition on the scheduled date and, therefore, its arguments remain properly before the Court.

### b. Mount Vernon Respectfully Requests That The Court Reconsider Mount Vernon's Objection To The Deposition of Ron Beegle Where No Deposing Parties Attended On October 10, 2023.

Mr. Beegle was prepared to attend his noticed deposition of October 10, 2023, and to permit the continued deposition to be completed as noticed. However, as noted *supra*, Mr. Beegle's deposition did not move forward on October 10, 2023, despite the fact that the Court had not issued an order on the Motion to Stay. As discussed in Mount Vernon's response to the Motion to Stay [Dkt. 422], Mount Vernon witnesses have already been deposed for six days in either a corporate or individual capacity. Specifically, Mount Vernon designated Ron Beegle to testify as a corporate representative as to certain topics and he was initially deposed on August 3-4, 2023. That deposition in his corporate capacity exceeded the presumptive seven-hour limit.

Upon completion of that deposition, Mr. Beegle was then deposed again in an individual capacity by Plaintiffs' Counsel on August 4, 2023, for an additional approximately four hours. The questions asked by defense counsel during his corporate capacity deposition were broad ranging and at times ventured into individual knowledge. Thus, Mr. Beegle has already been deposed for two full days between his two capacities, made himself available to be deposed on October 10, 2023 as noticed, and requiring him to appear again for an individual deposition based

upon the Moving Defendants' unilateral litigation strategy and at their own convenience is patently unfair.

Moreover, on September 6 and September 7, two Mount Vernon witnesses were deposed even after Du Pont, Chemours, and 3M filed notices of stay, with no objection from the defendants that filed the notices. Not only did the Moving Defendants fail to object to the taking of these depositions, they also noted on the record that their participation was solely with respect to the non-stayed claims asserted by Plaintiff Earl Parris. Thus, it is clear that the Moving Defendants could have participated in Mr. Beegle's October 10, 2023 deposition, as agreed by all counsel, because Defendants attended the prior depositions notwithstanding their awareness of the existence of a stay in the other litigation.

The Moving Defendants' refusal to move forward with the scheduled deposition despite the fact that no stay was in place merits consequences. *See Rhodes v. Hallam*, No. 3:19CV3210/RV/EMT, 2021 WL 5044839, at *4 (N.D. Fla. Jan. 8, 2021)(imposing sanctions where a deposing party failed to appear at their scheduled deposition); *see also* Fed. R. Civ. P. 30(g)(1). Further delaying Mr. Beegle's deposition until after the stay further inconveniences the witness and is unjustified, where Mr. Beegle has already been deposed across multiple days and the parties seeking the stay have already participated in depositions of Mount Vernon witnesses notwithstanding the entry of the stay orders of other courts upon which

the stay motion was founded. Moreover, other parties cannot even claim that the stay of other litigation precluded them from attending the deposition as noticed; their failure to appear was entirely voluntary.

## CONCLUSION

Mount Vernon does not seek reconsideration with regard to the Court's grant of the broader stay requested by the Movants, as modified by their Reply brief, but instead, merely seeks a ruling on its objection and the failure of the deposing parties to appear on October 10, 2023, as agreed. Mount Vernon further objects to its witness being further inconvenienced by appearing yet again for a deposition where only some defendants were affected by the foreign stay orders, the affected parties voluntarily attended earlier depositions after stays had been implemented, and parties unaffected by any stay at all failed to appear for strategic reasons.

Mount Vernon respectfully requests reconsideration of (1) the Court's determination that Mount Vernon's objection to the Motion to Stay is moot, and (2) the Court's holding that all depositions, including Mr. Beegle's, are stayed until after February 2, 2024, when in fact the continuation of Mr. Beegle's deposition should have been completed on October 10, 2023 before entry of the Court's Order of Stay. Accordingly, Mount Vernon respectfully urges the Court to grant its Motion for Partial Reconsideration of the November 15 Opinion and Order [Dkt. 438] and

find that Ron Beegle shall not be required to appear for his individual deposition again following the resolution of the Court's stay.

This the 13th day of December, 2023.

/s/ William M. Droze
WILLIAM M. DROZE
Georgia Bar No. 231039
T. MATTHEW BAILEY
Georgia Bar No. 194516
KADEISHA A. WEST
Georgia Bar No. 640699
Troutman Pepper Hamilton Sanders, LLP
600 Peachtree Street, N.E. Suite 3000
Atlanta, GA 30308
william.droze@troutman.com
matt.bailey@troutman.com
kadeisha.west@troutman.com
(404) 885-3468
(404) 885-2716
(404) 885-3831

*Attorneys for Defendant Mount Vernon Mills, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the within and foregoing DEFENDANT MOUNT VERNON MILLS, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S NOVEMBER 15, 2023 ORDER was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This the 13th day December, 2023.

/s/ William M. Droze
William M. Droze
Georgia Bar No. 231039
william.droze@troutman.com

*Attorney for Defendant Mount Vernon Mills, Inc.*

**TROUTMAN PEPPER HAMILTON SANDERS LLP**
3000 Bank of America Plaza
600 Peachtree Street N.E.
Atlanta, GA 30308-2216
Telephone: 404-885-3000
Facsimile: 404-885-3900