### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | |
|---|---|
| **EARL PARRIS, JR., Individually, and on Behalf of a Class of Persons Similarly Situated,** | |
| **Plaintiff,** | **Case No.: 4:21-cv-00040-TWT** |
| **City of SUMMERVILLE, GEORGIA,** | |
| **Intervenor-Plaintiff,** | |
| **v.** | |
| **3M COMPANY, *et al.,*** | |
| **Defendants.** | |

### CLASS SETTLEMENT AGREEMENT

THIS CLASS SETTLEMENT AGREEMENT is entered into as of the 26th of February, 2025, by and among the Defendant Huntsman International LLC ("Huntsman"), and Class Representative Earl Parris, Jr., on behalf of himself and the Class Members (as defined below), acting by and through Class Counsel (as defined below). The Named Plaintiff and the Class Members are collectively "Plaintiffs." This Settlement resolves claims as to Huntsman and the Released Parties only and does not resolve any of the Plaintiffs' claims against the Other Defendants in this case (as defined below).

### RECITALS

WHEREAS, Plaintiffs have asserted claims against Huntsman in the Action (as defined below) in connection with Huntsman's sales of products containing per- and polyfluoroalkyl substances ("PFAS," as defined below) to Mount Vernon Mills, Inc., in Trion, Georgia;

WHEREAS, in the Action, Plaintiffs allege that Huntsman (and other parties) sold products containing per- and polyfluoroalkyl substances ("PFAS," as defined below) to Mount Vernon Mills, Inc., that Mount Vernon Mills, Inc.'s use of those products caused PFAS to be entrained in wastewater treatment sludge from the Town of Trion's wastewater treatment plant, and that the Town of Trion applied its wastewater treatment sludge on farms adjacent to Raccoon Creek;

WHEREAS, in the Action, Plaintiffs further allege that PFAS from the Town of Trion's sludge has contaminated the water that Summerville withdraws from Raccoon Creek, treats with conventional treatment processes, and then provides to its customers as potable water;

WHEREAS, Summerville has implemented a temporary treatment process to attempt to remove PFAS, but Class Members allege that the levels of certain PFAS in the finished water are still above the Environmental Protection Agency's Maximum Contaminant Levels for those PFAS, which were finalized on April 10, 2024, and are scheduled to become enforceable for public water utilities in 2029;

2

WHEREAS, due to the continuing presence of PFAS in their water supply, the Class Members contend that the installation and use of a permanent granular activated carbon ("GAC") treatment system at Summerville's water treatment plant is necessary to remove or further reduce PFAS concentrations from the water;

WHEREAS, the Class Members contend that the installation of a permanent GAC treatment system will take up to four years;

WHEREAS, the Class Members contend that availability of a temporary water supply is necessary and appropriate to protect the health of Class Members who elect to use such supply and who otherwise would have no choice but to provide their own alternative drinking water supplies if they wish to avoid use of the Summerville supply;

WHEREAS, Huntsman, on its own behalf and on behalf of the Released Parties, denies and continues to deny any liability or wrongdoing in connection with the sale of products containing PFAS to Mount Vernon Mills, Inc., and specifically denies and disputes the scientific, medical, factual, legal, and other bases asserted in support of the Plaintiffs' claims;

WHEREAS, Huntsman now wishes to resolve any economic-loss claims or causes of action against it and any other Released Party that Plaintiffs and putative Settlement Class Members ever had, now have, or will have in the future in connection with Huntsman's sale of PFAS-containing products to Mount Vernon

3

Mills;

WHEREAS, Huntsman has concluded that resolving the claims settled under the terms of this Class Settlement Agreement is desirable to reduce the time, risk, and expense of defending this litigation, and to resolve finally and completely the cases of the Plaintiffs and the proposed Settlement Class without any admission of wrongdoing or liability;

WHEREAS, the Settling Parties (as defined below) desire to settle the claims in the Action on the terms and conditions stated herein, which the Settling Parties believe are fair, reasonable, adequate and beneficial to and in the best interests of the Class Members;

WHEREAS, the Settling Parties engaged in mediation with an experienced mediator in Birmingham, Alabama, and agreed to resolve Plaintiffs' claims against Huntsman as described herein;

WHEREAS, Huntsman and the City of Summerville have agreed to resolve the City of Summerville's claims against Huntsman in the Action contemporaneously with this Agreement, as described in an agreement entered between Huntsman and the City of Summerville and ratified by the Council of the City of Summerville; and

WHEREAS, in consideration of the promises and the mutual covenants hereinafter set forth, the Settling Parties, acting by and through counsel, have entered

4

into this Agreement.

THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by each Party hereto, IT IS HEREBY AGREED by the Settling Parties, subject to Court approval, as follows:

1. **DEFINITIONS:** For purposes of this Agreement, the following terms shall have the meanings set forth below:

**"Action"** means the above-captioned class action lawsuit currently pending in the United States District Court for the Northern District of Georgia.

**"Agreement"** means this Class Settlement Agreement, including all exhibits.

**"Business Day"** means any day that is not a Saturday, a Sunday or other day on which commercial banks in the City of New York, New York are required or authorized by law to be closed.

**"Class Benefits"** means the benefits to the Class Members, as described in Paragraph 10, resulting from the entry and effectuation of this Agreement.

**"Class Claims"** means the Released Claims of the Class Representative and the Class Members.

**"Class Counsel"** means those law firms listed on the signature pages of this Agreement as "Counsel for Plaintiff."

**"Class Members"** means all individuals who are members of the Settlement Class defined below.

5

**"Class Notice"** means providing information about this Agreement to the Class Members in accordance with Fed. R. Civ. P. 23(b)(2) and 23(e) and precedent of the United States Court of Appeals for the Eleventh Circuit.

**"Class Representative"** means Earl Parris, Jr.

"**Complaints**" means the Individual and Class Action Complaint (Docket No. 1), the First Amended Individual and Class Action Complaint (Docket No. 73), and the Second Individual and Class Action Complaint (Docket No. 280) in the Action.

**"Court"** means the United States District Court for the Northern District of Georgia, the Honorable Thomas W. Thrash, Jr., Senior United States District Judge, presiding.

**"Effective Date"** means February 26, 2025.

**"Fairness Hearing"** means the hearing at which the Court will consider whether to give final approval to this Agreement; approve, modify, or deny a petition for an award of attorneys' fees and expenses; enter the Final Approval Order; and make such other final rulings as are contemplated by this Agreement.

**"Final Approval Order"** means an order and judgment entered by the Court (i) certifying the Settlement Class; (ii) finding this Class Settlement Agreement to be fair, adequate, and reasonable, and finally approving the settlement set forth in this Class Settlement Agreement under Fed. R. Civ. P. 23(e); (iii) finding that the Class Notice was the best notice practicable under the circumstances; and (iv)

6

making such other findings and determinations as the Court deems necessary and appropriate to approve the settlement and terms of this Class Settlement Agreement and to release and dismiss with prejudice the Settlement Class Released Claims by any and all Settlement Class Members against all Released Parties.

**"Mount Vernon Mills"** means Mount Vernon Mills, Inc. and its current and former directors, officers, shareholders, parents, subsidiaries, affiliates, agents, owners, principals, members, managers, employees, employers, attorneys, insurers, underwriters, and its, or their, predecessors, successors, or assigns.

**"Other Defendants"** means Defendants remaining in this case as of the Effective Date: 3M Company, Daikin America, Inc., E.I. Du Pont De Nemours and Company, Mount Vernon Mills, Inc., The Chemours Company, and The Town of Trion, Georgia.

**"Party"** or **"Parties"** means the persons who have entered into this Agreement, namely the Class Representative, Class Members, acting by and through Class Counsel, and Huntsman.

**"Person"** means a natural person or corporation, association, limited liability company, partnership, limited partnership, joint venture, affiliate, or any other type of legal entity and their respective spouses, heirs, predecessors, successors, executors, administrators, representatives, or assigns.

**"PFAS"** means per-and polyfluoroalkyl substances and includes without

limitation all substances meeting the definition of PFAS codified at 40 CFR 705.3 as of the date of this Settlement Agreement, further including, without limitation, perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS"). For the avoidance of doubt, for purposes of this Agreement, the definition of PFAS is intended to be as broad, expansive, and inclusive as possible and includes without limitation all PFAS chemical precursors and degradants, as well as all products manufactured with, containing, or having such substances, precursors, or degradants applied or introduced.

"**Preliminary Approval Order**" means the Court's order preliminarily approving this Agreement under Federal Rule of Civil Procedure 23, where such approval is in substantially the same form as the Proposed Preliminary Approval Order, attached as Exhibit A to this Agreement.

"**Released Party**" means Huntsman and its past, present, and/or future directors, officers, shareholders, parents, subsidiaries, affiliates, agents, owners, principals, members, managers, employees, employers, attorneys, insurers, underwriters, related companies, and its, or their, predecessors, successors, or assigns. For the avoidance of doubt, and in no way limiting the foregoing, Released Parties includes Archroma U.S., Inc. and its parents, subsidiaries, affiliates, successors, and assigns.

"**Settlement**" means the settlement to be consummated under this

8

Agreement pursuant to the Final Approval Order as described herein.

"**Settlement Amount**" shall have the meaning set forth in Paragraphs 10 and 24 of this Agreement.

"**Settlement Class**" means the class that the Parties are asking the Court to certify for purposes of settlement, as described in Paragraph 4 of this Agreement.

"**Settlement Class Released Claims**" means any and all known or unknown claims, demands, actions, suits, causes of action, damages whenever incurred or manifesting (whether compensatory or exemplary), liabilities of any nature or under any theory or statute whatsoever, whether under federal, state, or other laws, and including costs, expenses, penalties and attorneys' fees, in law or equity, that any Settlement Class Member, whether or not such Settlement Class Member objects to this Class Settlement Agreement, ever had, now has, or will have in the future, directly, representatively, derivatively, or in any capacity, arising out of or related to any claims for economic loss that have been asserted or could have been asserted in the class actions filed in the Complaints relating to Huntsman's manufacturing, sale, or distribution of any PFAS-containing product to Mount Vernon Mills, Inc.  For avoidance of doubt, the Settlement Class Released Claims do not include (or release) personal injury claims, nor does this Class Settlement Agreement acknowledge the validity or revival of any such claims.  Solely with respect to claims excluded from the release by the preceding sentence, the Released Parties agree to waive "claim

9

splitting" defenses to the extent such defenses are based on the filing of the Action or the existence of the release contained in this Agreement. The Settlement Class Released Claims are not intended to include, and specifically exclude, the release of any claims, losses, damages, attorneys' fees, costs, or expenses against the Other Defendants, and it is acknowledged that the total claims asserted by the Class Representative and Class Members remain unsatisfied by this Settlement.

**"Settling Parties"** means the Class Representative, the Class Members, and Huntsman, and all their respective heirs, personal representatives, successors and assigns.

**"Summerville Agreement"** means the settlement consummated in a written agreement executed by Huntsman and the City of Summerville and ratified by the Council for the City of Summerville.

2.    **NO ADMISSION OF WRONGDOING OR LIABILITY:** Nothing in this Agreement, or in any final judgment or order of dismissal entered in the Action pursuant to this Settlement, constitutes an admission or concession of any liability or wrongdoing by Huntsman or any Released Party, or an admission or concession by Huntsman or any Released Party that there is any validity to any allegation in the Complaints.   Huntsman, on behalf of itself and the Released Parties, has not admitted or conceded any liability or wrongdoing, acknowledged any validity to the claims or issues in the Action, or acknowledged any weakness in

10

its defenses in the Action. Huntsman, on behalf of itself and the Released Parties, denies and continues to deny any liability or wrongdoing alleged in connection with the formulation, manufacturing, and sale of products containing PFAS to Mount Vernon Mills, Inc., and specifically denies and disputes the scientific, legal, and other bases alleged to support the claims in the Complaints. Nothing contained in this Agreement, or any related documents filed in connection therewith, is intended to be nor shall be interpreted by anyone as in any way suggesting anything to the contrary in this Action or in any other actions.

3.      Neither this Agreement, the Final Approval Order, the fact of Settlement, the settlement negotiations, nor any related documents or facts related to the Settlement or Settlement negotiations, shall be offered or received in evidence against any Party for any purpose in any proceeding other than (i) in such proceedings as may be necessary to consummate or enforce this Agreement, or (ii) in any action against or by Named Plaintiff or any Class Member against or by any of the Released Parties in connection with a defense of *res judicata,* collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense.

4.      **CLASS DEFINITION:** The Parties have agreed to move the Court to certify the following Settlement Class for purposes of settlement:

All account holders and all ratepayers of water and/or sewer service

11

with the City of Summerville from January 1, 2020 to the time of approval of this Settlement, including residential, commercial, and industrial ratepayers, and including all adult individuals who reside at a residence that receives water or sewer service from the City of Summerville.

Excluded from the Class are:

a.    Huntsman and any Other Defendants in this Action, including their employees, and any entity in which any of them has a controlling interest;

b.    Any of the legal representatives, heirs, successors, or assigns of Huntsman and the Other Defendants;

c.    The Judge to whom this case is assigned and any Member of the Judge's immediate family and any other judicial officer assigned to this case; and

d.    Any attorneys who are employees, partners, members or shareholders of Class Counsel.

5.    **CLASS REPRESENTATIVE:** The Parties agree that Earl Parris, Jr. shall serve as Class Representative of the Settlement Class.  Class Counsel believe that the Class Representative is an adequate class representative for purposes of this Settlement and the Settlement Class.  Huntsman agrees not to dispute or challenge such adequacy solely for purposes of the settlement set forth in this Agreement.

6.    **SETTLING          PARTIES'          EFFORTS          TO          OBTAIN PRELIMINARY APPROVAL ORDER:**

12

a.    The Parties shall cooperate, assist, and undertake all reasonable actions to accomplish the steps contemplated by this Class Settlement Agreement and to implement this Class Settlement Agreement on the terms and conditions provided herein.

b.    Promptly after the execution of this Class Settlement Agreement, and no later than twenty-eight (28) calendar days following the Effective Date, Class Counsel shall submit a motion to the Court for preliminary approval of this Class Settlement Agreement and to direct notice to the Settlement Class (the "Preliminary Approval Motion"), seeking entry of the Preliminary Approval Order.  Class Counsel will provide a draft of the Preliminary Approval Motion to Huntsman's counsel before filing of the motion.  Huntsman's counsel may provide feedback concerning the motion, and Class Counsel will meet and confer with Huntsman's counsel in good faith regarding their feedback.  For purposes of settlement only, Huntsman and the Released Parties will not oppose this motion.

c.    Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1715, no later than ten (10) calendar days after this Class Settlement Agreement is filed with the Court, Huntsman shall at its own expense timely serve or cause to be served, on its own behalf and on behalf of the Released Parties, proper notice of the proposed settlement upon those who are entitled to such notice pursuant to CAFA.

d.    On the same day that Plaintiffs file the Preliminary Approval Motion,

13

the Parties shall submit to the Court unopposed motions to stay during the pendency of the settlement proceedings contemplated by this Class Settlement Agreement (i) the underlying proceedings (including Summerville's claims) against Huntsman and any other Released Party and (ii) the commencement and/or prosecution of any and all actions and proceedings (including discovery) against Huntsman and any other Released Party brought by anyone for any Settlement Class Released Claims against any of the Released Parties, including any actions brought on behalf of or through any Settlement Class Members.  Any stay will remain effective during the pendency of the settlement proceedings contemplated by this Class Settlement Agreement unless modified by further order of the Court or any other appropriate courts, or until such point that this Action is resolved, and the stayed proceedings shall be dismissed with prejudice.

e.      Class Counsel agrees to seek Court dismissal with prejudice of all Settlement Class Released Claims against Huntsman and all Released Parties as part of the process of seeking issuance of the Final Approval Order and Judgment, with each Party to bear its own costs, except as otherwise provided herein.  The Parties agree that upon the Effective Date, all Settlement Class Released Claims shall be dismissed with prejudice in accordance with the Final Approval Order and Judgment entered by the Court.

7.      **OBJECTION PROCEDURE:** Each Class Member wishing to object

to the Settlement shall file with the Court a timely written notice of objection delivered or postmarked by a deadline no less than thirty (30) calendar days after the entry of the Preliminary Approval Order, the exact calendar date to be specified in the Court's Preliminary Approval Order. The objection shall set forth the reasons for the Class Member's objection. The objection must be signed by the Class Member, or the Class Member's duly authorized representative (including attorney), and state (i) the Class Member's name, address, and telephone number (ii) the factual basis for the claim of class membership, (iii) whether the Class Member plans to appear at the Fairness Hearing, (iv) whether the Class Member is a current or former employee, agent, or contractor of Huntsman or the Other Defendants or Class Counsel, and (v) the complete factual basis for the objection, along with whatever legal authority, if any, the objector asserts regarding the objection. The objection shall be filed with Kevin P. Weimer, Clerk of Court, United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building & United States Courthouse, 2211 United States Courthouse,75 Ted Turner Drive, SW, Atlanta, GA 30303-3309. Additionally, one copy of the written objection shall be served by first-class mail upon both Class Counsel and Huntsman's Counsel, as follows:

Class counsel:

Gary A. Davis

Davis, Johnston, & Ringger, PC
21 Battery Park Avenue, Suite 206
Asheville, NC 28801

Huntsman's counsel:

Peter A. Farrell, P.C.
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.,
Washington, D.C. 20004

8.      **NO RIGHT TO OPT OUT OF SETTLEMENT:** The Settling Parties acknowledge and agree that, under applicable law, a Rule 23(b)(2) class does not provide Class Members with the right to opt out of a class settlement.  Accordingly, no opportunity will be provided to Class Members to opt out of this Settlement if the Settlement is preliminarily approved by the Court, as proposed.  The Settling Parties agree that, if the Court decides to approve a Rule 23(b)(2) class with the right to opt out, or approves a Rule 23(b)(3) class, Huntsman will continue to be bound by this Agreement unless (a) the number of opt outs exceeds an agreed-upon maximum number which the Parties agree will be kept confidential, or (b) such approval includes any material modification to the terms of this Agreement that is not acceptable to Huntsman.  If the number of opt outs exceeds this agreed-upon maximum number, Huntsman will have the right to terminate this Agreement within ten (10) Business Days after the opt out deadline (the "Opt Out Exceedance Termination"), and upon such termination, will not be bound by this Settlement.  If

the Court decides to approve either a Rule 23(b)(2) class with the right to opt out or a Rule 23(b)(3) class and includes in such approval any material modification to the terms of this Agreement that are not acceptable to either Party, then (a) this Class Settlement Agreement shall be null and void and of no force and effect; (b) any release shall be of no force or effect; and (c) Class Counsel shall return to Huntsman any funds paid by Huntsman pursuant to the terms of this Class Settlement Agreement and any and all interest earned thereon, less monies expended toward settlement, within ten (10) calendar days after the date the Class Settlement Agreement becomes null and void.

9.      **FINAL COURT APPROVAL:** In accordance with the schedule set in the Preliminary Approval Order, Class Counsel will draft the motion requesting final approval of this Class Settlement Agreement and entry of the Final Approval Order and Judgment, and will provide those drafts to Huntsman's counsel before filing of the motion. Huntsman's counsel may provide feedback concerning the motion, and Class Counsel will meet and confer with Huntsman's counsel in good faith regarding their feedback.

10.   **CLASS BENEFITS PROMISED IN EXCHANGE FOR RELEASE:** In consideration of all the promises and covenants set forth in this Agreement, and of the release and dismissal of the Released Claims against Huntsman and the Released Parties as contemplated in this Agreement, Huntsman

17

shall pay $750,000 (Seven Hundred Fifty Thousand Dollars) (the "Settlement Amount") in accordance with Paragraph 24. The Settlement Amount is to be used as follows, in accordance with the Proposed Final Approval Order to be submitted to the Court:

a.     Establishment of a Qualified Settlement Fund ("QSF") for providing temporary drinking water to Class Members; and

b.     Payment of attorney fees and litigation expenses to Class Counsel as approved by the Court.

In exchange for the benefits being made available by this Class Settlement Agreement, the Settlement Class Members shall grant a full and complete release of Huntsman and each Released Party from any and all Settlement Class Released Claims.

11.     **DISCHARGE OF RELEASED PARTY:** In no event shall Huntsman or any Released Party be obligated to pay anything in excess of the Settlement Amount under this Agreement, including but not limited to any obligation to pay interest. Huntsman and the Released Parties shall have no obligation, interest in, or responsibility with respect to the allocation, administration, or distribution of the Settlement Amount. The Parties acknowledge and agree that Huntsman and the Released Parties shall have no responsibility for any aspect of any distribution of temporary drinking water to Class Members. Class Counsel, Huntsman, and the

18

Released Parties disclaim any and all liabilities, warranties, conditions, or representations (express, implied, oral, or written), relating to or arising out of the temporary drinking water to be provided, including, without limitation, any and all implied warranties of quality, performance, merchantability, or fitness for a particular purpose. Each Class Member expressly and irrevocably waives any and all claims against Huntsman and the Released Parties relating to or arising out of the temporary drinking water to be provided pursuant to this Settlement Agreement.

12. Class Members, including the Class Representative, each covenant and agree that they will not continue, initiate, or otherwise pursue discovery, whether formal or informal, from Huntsman or any Released Party with respect to the Settlement Class Released Claims. Class Members, including the Class Representative, each further covenant and agree that they shall not subpoena or otherwise attempt to compel any current or former director, officer, employee, agent, or witness of Huntsman or any Released Party to testify by any means for any purpose in the Action; provided, however, that if the Class Representative proceeds to trial against any non-settling defendant in the Lawsuit, Huntsman agrees that it will, to the extent practicable, make a witness available to testify at trial if necessary to establish the authentication and admissibility of documents produced by Huntsman in the Action.

13. **CLASS MEMBERS' CLAIMS:** Each Class Member shall look

solely to the Settlement Amount for settlement and satisfaction of all claims released herein against Huntsman and the Released Parties. Except as provided by order of the Court pursuant to this Agreement, no Class Member shall have any interest in the Settlement Amount or any portion thereof.

14.    **ATTORNEYS' FEES AND EXPENSES:** The Parties agreed to all substantive terms of this Agreement prior to discussing or reaching any agreement concerning attorneys' fees and expenses. Pursuant to Federal Rule of Civil Procedure 23(h), Class Counsel may apply for a fee based on some portion of the Settlement Amount. The Parties agree that the provision of temporary drinking water will confer substantial benefits to the Settlement Class. Subject to Class Counsels' application for attorneys' fees and expenses, and in accordance with the Final Approval Order, Class Counsel shall be paid the fixed dollar sum approved by the Court from the Settlement Amount out of which Class Counsel shall distribute attorneys' fees and expenses (including expert witness fees, consultants' fees, litigation expenses, and the cost of providing the Class Notice). Huntsman agrees not to object to any reasonable fee/expense request filed by Class Counsel up to and including $250,000.00 (Two Hundred Fifty Thousand Dollars), and not to appeal said amount awarded as fees and expenses by the Court. Any attorneys' fees and expenses paid to Class Counsel from the Settlement Amount shall be paid only to the extent awarded by the Court and only after the Court has entered the Final

Approval Order and dismissed the Class Claims with prejudice.  If the Court awards less than $250,000 (Two Hundred Fifty Thousand Dollars) to Class Counsel for attorneys' fees and expenses, the remainder shall be added to the amount to be provided for temporary drinking water in accordance with Paragraphs 10 and 24 of this Agreement.  In no event shall Huntsman or any Released Party have any liability to any plaintiffs' counsel regarding the allocation of attorneys' fees or expenses.  No dispute regarding fees and expenses or the timing of payment of fees and expenses shall delay the timing or validity of the Release given in this Settlement Agreement.

15.    **EXPENSES OF NOTICE AND ADMINISTRATION:** Subject to final Court approval, all expenses for administering the Class Benefits, including the Class Notice, shall be paid by Class Counsel.

16.    **RELEASE BY CLASS REPRESENTATIVE AND CLASS MEMBERS:** Each Class Member, including the Class Representative, agrees that the Final Approval Order and Judgment entered by the Court shall contain the following release, waiver, and covenant not to sue:

Each Class Member hereby releases and forever discharges Huntsman and the Released Parties of and from any and all Settlement Class Released Claims which the Class Member ever had, now has, or will have in the future.  Each Class Member further covenants and agrees not to commence, file, initiate, institute, prosecute, maintain, or consent to any action or proceeding against

Huntsman or any Released Party based on the Settlement Class Released Claims.

17.    Each Class Member, including the Class Representative, further agrees that each Class Member hereby expressly waives and releases any and all provisions, rights, and benefits conferred by any law of the federal government or of any state or territory of the United States, or principle of common law, which purports to limit the scope and effectiveness of the release of any of the Settlement Class Released Claims provided pursuant to this Class Settlement Agreement, without regard to the subsequent discovery or existence of any different or additional facts not known by a Settlement Class Member at the time of this Class Settlement Agreement.

18.    Each Class Member, including the Class Representative, may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the Settlement Class Released Claims, but each Class Member hereby expressly waives and fully, finally, and forever settles and releases any known or unknown, suspected or unsuspected, contingent or non-contingent, Settlement Class Released Claims whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  For avoidance of doubt, the Settlement Class Released Claims do not include (or release) personal injury claims, nor does this Class Settlement Agreement acknowledge the validity or revival of any such claims.

22

19.    **EXCLUSIVE REMEDY AGAINST RELEASED PARTY:** The provision of the Class Benefits described in Paragraph 10 of this Agreement is the EXCLUSIVE method and remedy of all Class Members with respect to the Settlement Class Released Claims. Accordingly, Huntsman and the Released Parties shall not be subject to liability or expense of any kind to the Class Representative or Class Members with respect to any Settlement Class Released Claim, other than as set forth in this Agreement.  However, Plaintiffs shall retain their remedies against the Other Defendants, and it is acknowledged that the total claims of Plaintiffs in the Action remain unsatisfied by this Settlement.

20.    **COVENANT NOT TO SUE OR TO ALLEGE CONCERT OF ACTION:** Neither the Class Representative nor the Class Members shall commence, prosecute, or cause to be commenced or prosecuted against, or with regard to the asserted conduct of, Huntsman or any Released Party any action, cause of action, request for injunctive or monetary relief, or other proceeding, including by way of third-party claim, cross-claim, or counterclaim, with respect to the Settlement Class Released Claims.  The Class Representative and the Class Members consent to this Court's entry of an injunction barring them from commencing or prosecuting any action or other proceeding with respect to the Settlement Class Released Claims.  In addition, neither the Class Representative nor the Class Members shall allege, assert, offer evidence supporting, or otherwise argue

23

that Huntsman acted in concert with any Other Defendant with respect to the facts and claims alleged in the Complaints in the Action, and to the extent such may be alleged by any Other Defendant, the Class Representative and Class Members agree to reasonably cooperate with Huntsman to dispute such allegation.

21.     Each Class Member, including the Class Representative, further covenants and agrees that he, she, or it will not sue or bring any action or cause of action under any state or federal law in respect of any challenge to the release, waiver, and covenant not to sue contained in this Settlement Agreement and/or the Final Approval Order.

22.     Plaintiffs agree that they shall not, in the Action or any other proceeding, claim, argue, or otherwise assert that any party is subject to joint-and-several liability for any claim or conduct related to the Settlement Class Released Claims.

23.     To the extent that any Class Member, including the Class Representative, settles with any other person or entity, the Class Member will use their best efforts to include in that settlement agreement a prohibition on contribution or indemnity of any kind and/or a release from the other party in favor of Huntsman and the Released Parties as to indemnification, contribution, and similar claims related to the Covered Matters (the "Contribution/Indemnity Release Provision"). To   discharge   their   obligation   to   use   best   efforts   to   include   the

Contribution/Indemnity Release Provision in future settlement agreements related to this Lawsuit, the Class Member shall, at a minimum, (a) include the Contribution/Indemnity Release Provision in any initial term sheets or settlement agreement drafts that it provides to the other settling party; (b) negotiate in good faith with the other settling party to include the Contribution/Indemnity Release Provision in the settlement agreement; and (c) promptly notify Huntsman if the other settling party refuses to include the Contribution/Indemnity Release Provision in the settlement agreement.   The Contribution/Indemnity Release Provision shall be substantially in the form attached hereto as Appendix A.

24.    **PAYMENT AND DISTRIBUTION OF INDIVIDUAL AND CLASS SETTLEMENT AMOUNT:** Within five (5) Business Days following Court's entry of the Final Approval Order, Huntsman shall wire transfer the Settlement Amount of $750,000 (Seven Hundred Fifty Thousand Dollars) to a QSF established by approval of the Court.  The funds shall remain unused in the QSF until the time for any appeals of the Court's Final Approval Order has run, or in the case that any appeal is filed, until the appeal is finally dismissed or decided.  In the event the Settlement is terminated and rendered null and void, the entire amount, plus interest accrued, shall be refunded to Huntsman.

25.    **NON-LIABILITY OF RELEASED PARTY:** In no event shall Huntsman or any Released Party have any liability whatsoever with respect to the

Settlement Amount once it is paid to the QSF as specified in Paragraph 24. In no event shall the Released Party be obligated to pay anything in excess of the Settlement Amount under this Agreement.

26. **REPRESENTATIONS AND WARRANTIES:**

a. The Class Representative represents and warrants that as of the date of this Agreement he is currently owner of real property located in, and a residential and commercial ratepayer of water and sewer services provided by, Summerville and uses water provided by the Summerville water system, and he has no current intention to change that status in the next six months. The Class Representative further represents and warrants that he has the authority to enter into this Class Settlement Agreement and has not assigned, in whole or in part, any rights or claims against Huntsman or any Released Party, and has not assigned, in whole or in part, any of the Released Claims. Class Counsel represent and warrant that they have authority to execute this Class Settlement Agreement.

b. The Settling Parties represent and warrant they are voluntarily entering into this Agreement as a result of arm's length negotiations among their counsel, that in executing this Agreement, they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently-selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to

26

the subject matter hereof, and that this Agreement (including any exhibits or appendices) contains the entire agreement among the Settling Parties as to the Settlement Class Released Claims. The Settling Parties acknowledge that they have not been influenced to any extent whatsoever in executing this Agreement by any representations, statements or omissions pertaining to any of the foregoing, except as specifically set forth in this Agreement. Each Settling Party assumes the risk of mistakes as to facts or law.

c.      The Settling Parties represent and warrant that they have carefully read the contents of this Agreement, and this Agreement is signed freely by each individual executing this Agreement on behalf of the Settling Parties. The Settling Parties further represent and warrant to each other that they have made such investigation of the facts pertaining to the Settlement, this Agreement and all of the matters pertaining thereto, they deem necessary.

d.      Each individual executing this Agreement on behalf of any Party does hereby personally represent and warrant to the other Settling Parties that he or she has the authority to execute this Agreement on behalf of, and fully bind, each such Party he or she represents or purports to represent.

e.      Plaintiffs understand and expressly agree that the warranties and promises made by them are material to the settlement and that Huntsman would not have entered into this Agreement absent said promises and warranties. Conversely,

27

Huntsman understands and expressly agrees that the warranties and promises made by it are material to the settlement and that Plaintiffs would not have entered into this Agreement absent said promises and warranties.

27.   **TERMINATION OF AGREEMENT:**

a.   In the event the Court does not enter a Preliminary Approval Order, then any party may terminate this Class Settlement Agreement.  If a party terminates this Class Settlement Agreement, the terms and provisions of this Class Settlement Agreement will have no further force or effect with respect to the Parties and will not be used in this litigation or in any other proceeding for any purpose.

b.   In the event that the Court does not enter a Final Approval Order and Judgment or that the Class Settlement Agreement's approval is conditioned on any material modifications that are not acceptable to either Party, the Final Approval Order and Judgment is vacated, overturned, or rendered void or unenforceable as a result of an appeal, or if this Class Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason permitted under this Class Settlement Agreement, then (a) this Class Settlement Agreement shall be null and void and of no force and effect; (b) any release shall be of no force or effect; and (c) Class Counsel shall return to Huntsman any funds paid by Huntsman pursuant to the terms of this Class Settlement Agreement and any and all interest earned thereon within ten (10) calendar days after the date the Class Settlement Agreement becomes null

and void.

c.      If the Final Approval Order and Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the Final Approval Order and Judgment shall not become final.  Any order or proceeding relating to the application for a fee and expense award and/or any other award, the pendency of any such application, or any appeal from any such order, shall not operate to terminate or cancel this Class Settlement Agreement, or affect or delay the finality of the judgment approving the settlement.

d.      If, for any reason, the Summerville Agreement becomes null and void, Huntsman shall have the right to terminate this Agreement.

28.     **CONSEQUENCES      OF      TERMINATION      OF      THE AGREEMENT:** If this Agreement is terminated and rendered null and void, the following shall occur:

a.      The Action shall for all purposes with respect to the Settling Parties revert to its status as of January 31, 2025, reserving to the Settling Parties all claims and defenses.

b.      Class Counsel and Counsel for Huntsman shall jointly seek postponement of all deadlines then existing for a period sufficient to allow Huntsman to resume its defense, and in no event shall such postponement be less than one month from the date of the termination of this Agreement.

c. All releases and dismissals delivered pursuant to the Agreement shall be null and void; none of the terms of this Agreement shall be effective or enforceable; and neither the fact nor the terms of this Agreement shall be offered or received in evidence in the Action or in any other action or proceeding for any purpose.

d. The Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Settling Parties, and the Settling Parties further agree to jointly move the Court to vacate all Orders issued pursuant to the Settlement.

29. Except as expressly provided herein, no Party or its, or their, counsel, or anyone acting on behalf of any of them, shall make any public statement disparaging any Party or its, or their, counsel in connection with this Agreement, the Action, or the Settlement Class Released Claims. Good-faith statements and allegations made by Plaintiffs or Class Counsel at any further court proceedings in the Action shall not constitute disparagement for purposes of this Agreement.

30. Any Released Party who is not a signatory to this Class Settlement Agreement is a third-party beneficiary of this Class Settlement Agreement and is entitled to all of the rights and benefits under this Class Settlement Agreement. Further, any such Released Party may enforce any and all provisions of this Class Settlement Agreement as if that Released Party was a direct party to this Class

30

Settlement Agreement.

31.     All agreements made and orders entered during the Action relating to the confidentiality of information survive this Class Settlement Agreement.

32.     **MISCELLANEOUS**

a.      <u>Entire Agreement</u>. This Agreement constitutes the entire agreement among the Settling Parties, and it supersedes all prior agreements or understandings between them relating to the settlement of the Released Claims in the Action.

b.      <u>Construction</u>. The Parties acknowledge that this Agreement was jointly drafted and agree that if any of its terms are ambiguous, then the rule of construction construing the ambiguity against the drafting party shall not be employed in the interpretation of this Agreement.

c.      <u>Governing Law</u>. The Agreement shall be governed by, construed under, and follow the law of the State of Georgia.  Jurisdiction and venue for all proceedings in connection with the Agreement, arising as a result of any matter relating to this Settlement, or addressed in the Agreement shall be in the United States District Court for the Northern District of Georgia.

d.      <u>Reasonable Extensions</u>. The Settling Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Agreement, subject to approval by the Court, if required.

e.      <u>Amendment</u>. This Agreement may be amended only by a writing

executed by all signatories hereto, provided that after entry of the Preliminary Approval Order, this Agreement may be modified or amended only by written agreement signed on behalf of the Settling Parties and approved by the Court.

f.      Jurisdiction. The United States District Court for the Northern District of Georgia shall retain jurisdiction over the Settling Parties to resolve any dispute which may arise regarding this Agreement.

g.      Severability. The provisions of this Agreement are not severable.

h.      Waiver. The provisions of this Agreement may be waived only by written agreement signed by the waiving party. The waiver by any Party of any breach of this Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior to, subsequent to, or contemporaneous with this Agreement. Except where a specific period for action or inaction is provided herein, no failure on the part of a Party to exercise, and no delay on the part of either Party in exercising, any right, power, privilege hereunder shall operate as a waiver thereof; ; nor shall any waiver on the part of either Party of any such right, power or privilege, or any single or partial exercise of any such right, power or privilege, preclude any other or further exercise thereof or the exercise of any other right, power or privilege; nor shall any waiver on the part of a Party, on any particular occasion or in any particular instance, of any particular right, power or privilege operate as a waiver of such right, power or privilege on any other occasion or in any other instance.

32

i.      <u>Execution</u>.  This Agreement may be executed in counterparts and shall be binding upon each Settling Party and all Settling Parties executing this or any counterpart.

j.      <u>Notices</u>. Any notice, demand, or other communication under this Agreement (other than Class Notice) shall be in writing and shall be deemed duly given upon receipt if it is addressed to the intended recipient as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), or delivered by reputable express overnight courier:

<u>To the Class Members</u>:

Gary A. Davis
Davis, Johnston, & Ringger, PC
21 Battery Park Avenue, Suite 206
Asheville, NC 28801

<u>To Huntsman</u>:

Peter A. Farrell
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Executed and Agreed, this 27th day of February, 2025.

_____

Gary A. Davis
Davis, Johnston, & Ringger, PC
21 Battery Park Avenue, Suite 206
Asheville, NC 28801

Thomas Causby
The Causby Firm
101 E. Crawford St.
Dalton, GA 30720

*Counsel for Plaintiffs*

_____

Peter A. Farrell, P.C.
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

*Counsel for Huntsman International LLC*

34

## APPENDIX A
Form of Contribution/Indemnity Release Provision

Settling Defendant shall not seek contribution or indemnification of any kind from, or assert any contribution, indemnification, or similar claims against, Huntsman International, LLC or Archroma U.S., Inc., including their current and former directors, officers, shareholders, parents, subsidiaries, affiliates, agents, owners, principals, members, managers, employees, employers, attorneys, insurers, underwriters, and their predecessors, successors, or assigns, (collectively, the "Huntsman Parties") for any costs or expenses that Settling Defendant incurred and any amount Settling Defendant paid or may be obligated to pay relating to this Lawsuit.

**APPENDIX B**
Confidential Agreement on Class Member Opt-Outs

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

**EARL PARRIS, JR., Individually, and on Behalf of a Class of Persons Similarly Situated,**

      **Plaintiff,**

**City of SUMMERVILLE, GEORGIA,**

      **Intervenor-Plaintiff,**

**v.**

**3M COMPANY, *et al.*,**

      **Defendants.**

**Case No.: 4:21-cv-00040-TWT**

## PRELIMINARY APPROVAL ORDER

Before the Court is the Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement filed by Plaintiff Earl Parris, Jr. Plaintiff has moved pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") for an order preliminarily approving the proposed settlement of the Class Claims against Huntsman in the above-captioned action in accordance with the Parties' proposed Class Settlement Agreement dated _____, as filed with the Court ("Settlement Agreement"), which sets forth the terms and conditions for the proposed settlement of the Class Claims. The Parties also seek conditional certification of the Settlement Class pursuant to Rule 23(b)(2) and approval of a Notice Plan and Notice consistent

with Rule 23 and applicable law to provide notice of the proposed Class Action Settlement to the Class Members.

WHEREAS, the Court has considered the Settlement Agreement and accompanying exhibits and other documents; and

WHEREAS, the Parties have consented to the entry of this Preliminary Approval Order,

IT IS HEREBY ORDERED THAT:

1.    Pursuant to Rule 23(b)(2), the Court conditionally certifies a Settlement Class defined as follows:

> All account holders and all ratepayers of water and/or sewer service with the City of Summerville from January 1, 2020, to the time of approval of this Settlement, including but not limited to residential, commercial, and industrial ratepayers, and including all adult individuals who reside at a residence that receives water or sewer service from the City of Summerville.

2.    Plaintiff Earl Parris, Jr., is designated as Class Representative for purposes of this Settlement.

3.    The Court designates Gary A. Davis, of Davis, Johnston, & Ringger, PC and Thomas Causby of the Causby Firm as Class Counsel for purposes of this Settlement.

4.    The Court confirms the authority of Class Counsel to execute the Settlement Agreement on behalf of the Class Members.

5.    The Court has reviewed the Settlement Agreement and preliminarily approves its terms, subject to further consideration at a Fairness Hearing.

(a)    The Court preliminarily finds that the Settlement Agreement is the product of informed, arm's-length negotiation by counsel and is presumptively fair, reasonable, and adequate, pursuant to Rule 23(e)(2), and treats class members equitably relative to each other, subject to any objections that may be raised at the Fairness Hearing.

(b)    The Court preliminarily finds that the Settlement Amount of $750,000.00 (seven hundred fifty thousand dollars) will be used to fund Class Benefits that will directly benefit the Class Members. Based on the Court's preliminary analysis, the Class Benefits represent a reasonable compromise of the relief sought by the Class Members through the Rule 23(b)(2) Class Claims against Huntsman. The Court further preliminarily finds that the contribution to a Temporary Drinking Water Fund to make temporary drinking water available for the whole Class provides significant benefits.

(c)    The Court preliminarily finds the Class Settlement is fair, adequate and reasonable, based upon the Court's consideration of the six *Bennett* factors: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance

3

and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

(d)    The Fairness Hearing shall be held before the Court on _____, at the United States District Court for the Northern District of Georgia, _____. The Fairness Hearing will enable the Court to: (i) determine whether the proposed Settlement is fair, reasonable and adequate and should be approved by the Court under Rule 23(e), and whether a Final Approval Order should be entered; and (ii) consider such other matters as may properly come before the Court in connection with the approval of the proposed Class Settlement Agreement, such as approval of Class Counsel's attorneys' fees and expenses, and other matters related to approval and implementation of the Class Settlement Agreement.

6.    The Court finds that the Class Notice attached hereto is appropriate under the circumstances and is reasonably calculated to inform Class Members of the proposed Settlement (as defined in the Settlement Agreement), affords Class Members an opportunity to present their objections to the Settlement, and complies in all respects with the requirements of Rule 23 and applicable due process requirements.

7.    Class Counsel shall provide notice of the proposed Settlement Agreement to Class Members as required by Rule 23 of the Federal Rules of Civil

4

Procedure and applicable law as set forth in the Notice Plan by causing a copy of the Class Notice to be mailed to Class Members beginning at most seven (7) days after the entry of this Order and being completed no later than fourteen (14) days after the entry of this Order.

8.      Class Members may file objections to the Settlement Agreement to show cause, if any, why the Court should not (a) approve the Settlement Agreement as fair, reasonable, and adequate; (b) enter an order dismissing with prejudice and releasing the Released Claims against the Released Parties (as defined in the Settlement Agreement); or (c) allow Class Counsel to recover reasonable fees, costs and expenses (payable from the Settlement Amount) for their services. Unless the Court directs otherwise, procedures for lodging objections shall include the following:

(a) Each Class Member wishing to object to the Settlement Agreement shall submit a written notice of their objections in accordance with the directions in Paragraph 11 of the Class Notice, postmarked no later than _____.

(b) Each Class Member seeking permission to appear and speak at the Fairness Hearing shall submit a Notice of Intention to Appear in accordance with the directions in Paragraph 14 of the Class Notice, postmarked no later than _____.

9.      Class Members who object in the manner provided herein remain Class Members and will be bound by the Settlement Agreement and Final Approval Order

5

if the Settlement Agreement is finally approved following the Fairness Hearing. Any person who fails to object in the manner provided herein shall be deemed to have waived his or her objections and shall forever be barred from making any such objections in this Action and any appeal or other action or proceeding.

10.    Class Counsel shall file their motion for final approval of the Settlement and their motion for Attorneys' Fees, Costs and Expenses no later than twenty (20) days prior to the Fairness Hearing Date specified in Paragraph 5.d. of this Preliminary Approval Order. Any Class Member who wishes to file an objection to the Class Counsels' fee motion shall file such objection in writing no later than ten (10) days prior to the Fairness Hearing. Any such objection must be filed with the Clerk of the Court at the address as set out in Paragraph 11 of the Class Notice and shall set forth the same information as required in Paragraph 11 of the Class Notice. Additionally, one copy of said written objection must be served upon each of the attorneys as set out in Paragraph 11 of the Class Notice.

11.    The Court has considered the due process rights of absent Class Members and finds that such rights are adequately protected.

12.    If it has not already done so, Huntsman shall provide notice of this proposed Class Action Settlement to the appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act, providing a copy of each such notice to Class Counsel when such notice is sent and filing with the Court

6

a notice of the latest date any such notice was served on the appropriate federal and state officials for purposes of ensuring that any final approval of the Settlement occurs no earlier than ninety (90) days after such notice, in accordance with 28 U.S.C. § 1715(d).

13. The proceedings in this case as to Huntsman are hereby stayed, pending the final determination of whether the Settlement Agreement should be approved, except for those proceedings necessary to carry out or enforce the terms of the Class Settlement Agreement.

DONE the __ day of _____.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

|  |  |
|---|---|
| EARL PARRIS, JR., Individually, and on Behalf of a Class of Persons Similarly Situated,<br><br>*Plaintiff,*<br><br>City of SUMMERVILLE, GEORGIA,<br><br>*Intervenor-Plaintiff,*<br><br>v.<br><br>3M COMPANY, *et al.,*<br><br>*Defendants.* | Case No.: 4:21-cv-00040-TWT |

## AGREEMENT TO PARTICIPATE IN PROPOSED CLASS ACTION SETTLEMENT

I, Earl Parris, Jr., hereby declare the following:

1.      I am the proposed Class Representative in the class action lawsuit listed above and have been an active participant in this litigation on behalf of the Class Members.

2.      I am aware that my lawyers and counsel for Huntsman International, LLC ("Huntsman"), have agreed upon a proposed Class Settlement that would settle the Class Claims against Pulcra with the claims against the other Defendants remaining.

3.      I understand that my lawyers and counsel for Huntsman have agreed

upon terms of this Class Settlement after arm's-length negotiations.

4.    In my capacity as Class Representative, I have discussed the terms of the proposed Class Settlement with my lawyers. Based upon my own judgment, belief and knowledge, and taking into account the advice and recommendations of my lawyers, I believe that the terms of the proposed class settlement are fair, adequate, and reasonable and provide substantial benefits to the Class Members.

5.    In my capacity as Class Representative, I approve the terms of the proposed Class Settlement and agree to participate in the Partial Class Settlement Agreement with Huntsman, if approved by the Court.

This __ day of _____, 2025.

_____
Earl Parris, Jr.

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

EARL PARRIS, JR., Individually,
and on Behalf of a Class of Persons
Similarly Situated,

      **Plaintiff,**

City of SUMMERVILLE,
GEORGIA,

      **Intervenor-Plaintiff,**

v.

3M COMPANY, *et al.,*

      **Defendants.**

**Case No.: 4:21-cv-00040-TWT**

## PROPOSED NOTICE PLAN FOR CLASS SETTLEMENT WITH
## HUNTSMAN INTERNATIONAL, LLC

The Plaintiff Class Representative, through Class Counsel, hereby request that

the Court approve the mailing of individual notices to Class Members as further

explained below:

1.      Pursuant to Fed. R. Civ. P 23(e), Class Members must be notified of a

proposed class settlement. With respect to settlement of a Rule 23(b)(2) class action,

the Court has discretion as to the type of notice to be issued.

2.      The names and mailing addresses of City of Summerville, Georgia,

account holders and ratepayers of water and/or sewer service from January 2020 to

the present are available from the City, and such addresses are associated with the location of Class Members as defined in Paragraph 3 of the Class Settlement Agreement.

3.      Accordingly, individual notice as outlined in this Notice Plan provides the best notice practicable under the circumstances and is reasonably calculated to communicate actual notice of the proposed settlement to Class Members.

4.      Class Notice, as proposed herein, means mailing by First Class U.S. Mail of the Class Notice in the form contained in Exhibit A, attached to this Proposed Notice Plan.

5.      The mail-out date for Class Notice will be the date provided for in the Court's Preliminary Approval Order. Plaintiffs have proposed that the mail-out should commence within 7 days after the entry of the Preliminary Approval Order and be completed within 14 days of the Preliminary Approval Order.

6.      The preparation and mailing of Class Notice is to be administered by Class Counsel.

7.      To the extent that Class Notices are returned as undeliverable, Class Counsel will immediately obtain, to the extent possible, forwarding and/or alternative addresses from the U.S. Postal Service in order to resend those notices returned as undeliverable.

2

8.     Class Counsel will also establish a website for further information about the proposed Settlement, including the full Settlement Agreement and relevant pleadings.

9.     Class Counsel will provide a report to be attached as an exhibit to the Motion for Final Approval that summarizes their efforts providing Class Notice. Should the Court find that Class Counsel's efforts do not satisfy due process or that the notice procedure that Class Counsel followed is otherwise deficient, Class Counsel assume the obligation for any necessary follow-up that the Court directs.

Respectfully submitted.

/s/Gary A. Davis
Gary A. Davis (phv)
Davis, Johnston, & Ringger, PC
21 Battery Park Avenue, Suite 206
Asheville, NC 28801
Telephone: (828) 622-0044
gadavis@enviroattorney.com

Thomas Causby
Ga. Bar # 968006
101 E. Crawford St.
Dalton, GA 30720
Telephone: 706-226-0300
tom@causbyfirm.com

Attorneys for Plaintiff Earl Parris, Jr., and the Settlement Class

3

# EXHIBIT D

**CLASS ACTION NOTICE**

**SECOND CLASS ACTION SETTLEMENT NOTICE**

*Parris v. 3M Company*, No. 4:21-CV-00040-TWT
**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

**If you have used and paid for water provided by the City of Summerville, Georgia, during the period January 1, 2020, to January 23, 2025,
your rights may be affected by a proposed partial class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

This second proposed Class Action Settlement ("Settlement") provides for an additional Defendant, Huntsman International, LLC ("Huntsman"), to contribute to the Temporary Drinking Water Fund which will be used to provide temporary drinking water for members of the Class of Summerville water users who elect to receive it. You will have a choice of either delivery of bottled water or installation of a point-of-use filter in your home or business. You will not receive any direct payment as part of this Settlement.

The Court in charge of this case must conduct a hearing to decide whether to approve the second proposed Settlement. The Temporary Drinking Water Fund will not be established until the Court approves the first (Pulcra Chemicals, LLC) Settlement and it becomes fully effective by its terms, and the time for all appeals has expired. Huntsman's contribution will occur after this second proposed Settlement is approved and the time for all appeals has expired.

Your legal rights and options – and the deadlines to exercise them – are explained in this notice. Your rights are affected whether you act or don't act. Please read this notice carefully.

1

**CLASS ACTION NOTICE**

**WHAT THIS NOTICE CONTAINS**

BASIC INFORMATION…………………………………………………………………..PAGE 3

1.      Why did I get this notice package?
2.      What is this lawsuit about?
3.      Why is this case a class action?
4.      Why is there a Partial Settlement?

WHO IS IN THE CLASS SETTLEMENT………………………………………….......PAGE 5

5.      How do I know if I am a part of the Partial Settlement?
6.      Which companies are included?

THE SETTLEMENT BENEFITS………………………………………………………..PAGE 5

7.      What does the Partial Settlement provide?
8.      What do I have to do to receive class benefits?

THE LAWYERS REPRESENTING YOU…………………………………….............PAGE 6

9.      Do I have a lawyer in this case?
10.     How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT………………………………………………...PAGE 7

11.     How do I tell the Court if I don't like the Partial Settlement?

THE COURT'S FAIRNESS HEARING…………………………………….............PAGE 8

12.     When and where will the Court decide whether to approve the Partial Settlement?
13.     Do I have to come to the hearing?
14.     May I speak at the hearing?

IF YOU DO NOTHING………………………………………………………………...PAGE 8

15.     What happens if I do nothing at all?

GETTING MORE INFORMATION…………………………………………………...PAGE 8

16.     How do I get more information?

2

# CLASS ACTION NOTICE

## BASIC INFORMATION

1.      Why did I get this notice package?

You have received this Second Notice of Class Action Settlement ("Settlement") because you have been identified as a potential member of the class on whose behalf claims will be settled, if the Court approves the second proposed Settlement. The case involved in this proposed Settlement is *Parris v. 3M Company*, No. 4:21-CV-00040-TWT. The Court in charge of this case is the United States District Court for the Northern District of Georgia, Rome Division, the Honorable Thomas W. Thrash, Jr., presiding.  The person who sued is called the Plaintiff, and the companies and government entities sued are called the Defendants.

The claims in the case are described in greater detail in Paragraph 2, below. The people who are eligible to obtain temporary drinking water under the proposed Partial Settlement ("the Class Members") are all account holders and all ratepayers of water and/or sewer service with the City of Summerville, Georgia, during the period January 1, 2020 to January 23, 2025.

The Court approved this notice being sent to you because you have a right to know about the proposed Partial Settlement of this class action lawsuit, and about your opportunity to object, before the Court decides whether to approve the Partial Settlement. If the Court approves the proposed Partial Settlement, and after any objections and appeals are resolved, the parties will proceed to fulfill their obligations in accordance with the terms of the Partial Settlement Agreement.

2.      What is this lawsuit about?

The City of Summerville, Georgia, draws water for drinking water from Raccoon Creek and, after treatment, provides it to water users (Class Members) inside and outside the City who pay a monthly water bill. This case arises from the release of per-and polyfluoroalkyl substances ("PFAS"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS"), into Raccoon Creek from farm fields upstream of Summerville where sewage sludge from the Town of Trion, Georgia, wastewater treatment plant was applied to the land as fertilizer. As alleged in the lawsuit, that sludge contained PFAS from the use of PFAS-containing products sold by some of the Defendants to a textile mill in Trion to make fabric release stains more easily. The United States Environmental Protection Agency ("EPA") considers PFOA and PFOS potentially harmful to human health at very low concentrations and set a Maximum Contaminant Limit ("MCL") of 4 parts per trillion in drinking water, which water providers, like Summerville, will be required to meet by 2029.

The City of Summerville installed a temporary treatment system at its drinking water treatment plant to address PFAS, but this system is not capable of consistently removing PFOA and PFOS below the MCL. In 2021 Class Counsel filed an individual and class action lawsuit on behalf of Plaintiff Earl Parris, Jr., against Defendants 3M Company, Daikin America, Inc., E.I. Du Pont De Nemours and Company, Huntsman International LLC, Pulcra Chemicals, LLC, Mount Vernon Mills, Inc., The Chemours Company, and The Town of Trion, Georgia, alleging that their actions have impacted and continue to impact Raccoon Creek and the Summerville drinking water. The

3

## CLASS ACTION NOTICE

City of Summerville has joined this lawsuit which ultimately seeks a new permanent water treatment system to remove PFAS and also seeks to force the Defendants to pay Class Members for the extra water fees they paid for the temporary PFAS removal system and other expenses incurred by Summerville and paid by the water rate payers (Class Members) due to the PFAS contamination. The Court filings setting forth the Plaintiffs' claims against the Defendants may be viewed at www.summervilleclasssettlement.com.  That website also contains other relevant filings in this case.

The Class Representative and Huntsman International LLC ("Huntsman") have reached an agreement to resolve this matter as to Huntsman, resulting in the second proposed Class Action Settlement. Huntsman has also entered a conditional settlement with the City of Summerville under which it will contribute an agreed-upon sum for the City to use in improvements to its water systems' capability to address PFAS. Previously, the Class Representative and the City entered into an agreement with Pulcra Chemicals, LLC, which is set for a Final Approval Hearing on April 23, 2025. The settlement with Summerville and Huntsman will go forward if the Court approves this Settlement and it becomes final and effective. Huntsman denies the allegations in this lawsuit and specifically denies and disputes the factual, scientific, medical, or other bases asserted in support of Plaintiff's and Summerville's claims, including the demand for a temporary drinking water supply.

The case and all pending claims will proceed against all Defendants other than the Defendants that have agreed in settlement to fund the Temporary Drinking Water Fund.

3.      Why is this case a class action?

In a class action, Mr. Parris, called a Class Representative, has sued on behalf of people who have similar claims. All the people represented by the Class Representative are a "Class" or "Class Members." One Court presides over the class-wide claims the Court determines should be addressed in one proceeding for all Class Members.

On January 23, 2025, U.S. District Judge Thomas W. Thrash, Jr., conditionally certified the Settlement Class for purposes of a Class Settlement.

4.      Why is there a Settlement?

The Court did not decide in favor of the Class Representative or Huntsman in this case. The Class Representative, with the advice of Class Counsel, and Huntsman have agreed to the terms of this Settlement to avoid the cost, delay and uncertainty that would come with additional litigation and trial. After considering, the Class Representative and Class Counsel think the Settlement with Huntsman is best for Class Members because it provides certain relief now in the form of temporary drinking water.  Under the settlement, all claims in the case against Huntsman will be dismissed with prejudice.  The agreement to settle is not an admission of fault by Huntsman. Huntsman specifically disputes the claims asserted in this case.  The claims against the defendants who have not settled remain pending.

4

## CLASS ACTION NOTICE

## WHO IS IN THE PARTIAL CLASS SETTLEMENT

In order to be included in this Settlement, you must be a Class Member.

5.      How do I know if I am part of the Partial Settlement?

Judge Thrash has conditionally certified a class which includes everyone who fits the following description:

> All account holders and all ratepayers of water and/or sewer service with the City of Summerville, Georgia from January 2020 to the time of approval of this Settlement, including but not limited to residential, commercial, and industrial ratepayers, and including all adult individuals who reside at a residence that receives water or sewer service from the City of Summerville.

Because you have received this Notice of Class Action Settlement, you may be a member of the class described above.

6.      Which Defendants are included?

Huntsman is the only Defendant included in this proposed Settlement. The class action lawsuit will continue against Defendants 3M Company, Daikin America, Inc., E.I. Du Pont De Nemours and Company, The Chemours Company, Mount Vernon Mills, Inc., and The Town of Trion, Georgia. The City of Summerville and the Class Representative are seeking additional relief against these Defendants which, if granted, would benefit Class Members.

## THE SETTLEMENT BENEFITS

7.      What does the Partial Settlement provide?

The Partial Settlement provides for benefits to the Class Members to resolve the Class Claims against Huntsman. Specifically, the Partial Settlement provides for additional funding of a Temporary Drinking Water Fund to pay for either the delivery of bottled water or the installation of a point-of-use filter for every Class Member who requests this benefit. The purpose of the Fund is to provide temporary drinking water to Class Members until the City of Summerville has funded, designed, and constructed a new permanent drinking water treatment system based on Granular Activated Carbon System to treat the water supply to PFAS levels well below the EPA Drinking Water Health MCLs. Depending on the participation of Class Members, the Fund may be exhausted before the new treatment system is operating. If the Class settles with any additional Defendants for temporary drinking water before trial, the intent is to replenish the Fund.

Huntsman will fund the Temporary Drinking Water Fund with a payment of Seven Hundred Fifty Thousand Dollars ($750,000). From this payment, Class Counsel can request up to Two Hundred Fifty Thousand Dollars ($250,000) in attorney fees and litigation and administrative expenses, subject to approval by the Court. At least $500,000 would be used for providing temporary drinking water to Class Members.

**CLASS ACTION NOTICE**

After several years of extensive litigation, Mr. Parris and Class Counsel have had the opportunity to thoroughly evaluate the likelihood of the claims against Huntsman succeeding on the merits if there is not a settlement and the risks of continuing with the litigation against Huntsman. Huntsman has raised substantial defenses concerning the merits of the claims. Without a settlement, Huntsman would continue to press those defenses, leading to costs, risks of delay, and a risk of losing either in the trial court or on appeal. Further, even if the case were to ultimately succeed against Huntsman, the proportion of any award that Huntsman might be responsible for, compared to the other remaining Defendants, is uncertain. With the settlement, Class Members avoid these risks and can receive meaningful benefits without delay while the case proceeds against the other Defendants. In light of these factors, Mr. Parris and Class Counsel have concluded the Partial Settlement is fair, adequate, and reasonable.

Huntsman has also entered a conditional settlement with the City of Summerville under which it will contribute an agreed-upon sum for the City to use in improvements to its water systems' capability to address PFAS. The settlement with Summerville will go forward if the Court approves this Settlement and it becomes final and effective.

Once the Court enters final approval, this Partial Settlement provides that Class Members, in exchange for these class benefits, will release and agree not to sue Huntsman for any of the claims in the Class Complaint. The Class Complaint claims primarily seek relief for alleged harms associated with supply, use, and disposal of PFAS-containing products at the Mount Vernon Mills facility in Trion, Georgia. The Class Complaint does not claim damages for any manifest personal injury, and the release and agreement not to sue will not cover alleged personal injuries and illnesses, if any.

Huntsman will not participate in the administration of the Temporary Drinking Water Fund or the distribution of the drinking water. If you have questions about the Fund, please do not contact Huntsman.

8.      What do I have to do to receive class benefits?

Once the Court approves the Partial Settlement with Pulcra and it becomes effective by its terms, and the time for appeals expires or all appeals are resolved, the Temporary Drinking Water Fund will be established. At that time, you may request to participate in the Settlement by contacting the Settlement Administrator and showing proof that you are an eligible Class Member and by selecting the method by which you want to receive temporary drinking water. Once the Court approves the Second Settlement Agreement with Huntsman and it becomes effective by its terms and the time for appeals expires or all appeals are resolved, the payment will be made by Huntsman to the Temporary Drinking Water Fund, and the Fund will continue to provide temporary drinking water to those who are eligible.

**THE LAWYERS REPRESENTING YOU**

9.      Do I have a lawyer in this case?

6

## CLASS ACTION NOTICE

The Court approved the law firms of Davis, Johnston, & Ringger, PC, and the Causby Firm, LLC, to represent you and other Class Members. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

10.     How will the lawyers be paid?

As part of the final approval of this Settlement, Class Counsel will ask the Court to approve payment of their reasonable attorneys' fees and expenses, not to exceed $250,000, related to their work in this case for achieving this Settlement. Class Counsel will make their request for Attorneys' Fees and Expenses through a motion that will be filed with the Court prior to date of the Fairness Hearing and prior to the deadline for Class Members to file their Objections. That motion will be made available at www.summervilleclasssettlement.com.

The Court will determine whether the payments and the specific amounts requested at that time are appropriate. These amounts will come out of the Settlement Amount. Huntsman does not oppose this request for fees and expenses.

## OBJECTING TO THE SETTLEMENT

11.     How do I tell the Court if I don't like the Settlement?

If you are a Class Member, you can object to the Settlement if you don't like any part of it. The Court will consider your views. To object, you must send a letter saying that you object to the *Parris v. Huntsman International LLC* Partial Settlement, and you must specifically state your objections, including whatever legal authority, if any, you are relying on regarding the objections. You must include your name, address, telephone number, and your signature; indicate whether you are a current or former employee, agent, or contractor of Huntsman or Class Counsel; and provide a detailed statement of the reasons (legal and factual) why you object to the Partial Settlement. Mail the objection to the three places listed below, **postmarked no later than        :**

> Clerk of Court:
>
> Kevin P. Weimer, Clerk of Court
> Re: Parris v. 3M Company, et al., No. 4:21-cv-00040-TWT
> United States District Court for the Northern District of Georgia
> Richard B. Russell Federal Building & United States Courthouse
> 2211 United States Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, GA 30303-3309
>
> Class counsel:
>
> Gary A. Davis
> Davis, Johnston, & Ringger, PC
> 21 Battery Park Avenue, Suite 206
> Asheville, NC 28801

7

# CLASS ACTION NOTICE

Huntsman's counsel:

Peter A. Farrell, P.C.
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004

## THE COURT'S FAIRNESS HEARING

12.     When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at _____. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them. The Court may also address Class Counsels' Motion for Attorney Fees and Expenses. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

13.     Do I have to come to the hearing?

You do not have to come to the Fairness Hearing. Class Counsel will answer questions Judge Thrash may have, but you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

14.     May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in the Fairness Hearing for the *Parris v. Huntsman International LLC* Settlement."  Be sure to include your name, address, telephone number, and your signature. Your "Notice of Intention to Appear" must be postmarked no later than April 9, 2025, and must be sent to the three addresses listed in the "Objecting to the Partial Settlement" section of this Notice.

## IF YOU DO NOTHING

15.     What happens if I do nothing at all?

If you do nothing at all and the Settlement is approved, becomes effective, and is not successfully appealed, you will be eligible to receive the temporary drinking water for free for as long as the Temporary Drinking Water Fund lasts, and you will be bound by the release of Huntsman as a Defendant in the lawsuit. The other Defendants will remain in the lawsuit, and you may receive additional relief from them in the future. Under the proposed Settlement, you will not have the right to request exclusion from the class action.

## GETTING MORE INFORMATION

**CLASS ACTION NOTICE**

16.    How do I get more information?

 DO NOT CALL the Court or Huntsman with questions about this Partial Settlement. If you have questions about this Partial Settlement, you should contact Class Counsel or the Settlement Administrator at:

Class Counsel:
Gary A. Davis
Davis, Johnston, & Ringger, PC
21 Battery Park Avenue, Suite 206
Asheville, NC 28801
(828) 622-0044

Settlement Administrator:
Edgar C. Gentle, III
Gentle, Turner, and Benson, LLC
501 Riverchase Parkway East
Suite 100
Hoover, Alabama 35244
(205) 716-3000

Additional information and documents pertaining to the Partial Settlement can be found by visiting the website www.summervilleclasssettlement.com.