**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| **EARL PARRIS, JR., Individually, and on Behalf of a Class of Persons Similarly Situated,**<br><br>        **Plaintiff,**<br><br>**City of SUMMERVILLE, GEORGIA,**<br><br>        **Intervenor-Plaintiff,**<br><br>**v.**<br><br>**3M COMPANY, *et al.,***<br><br>        **Defendants.** | **Case No.: 4:21-cv-00040-TWT** |

**PRELIMINARY APPROVAL ORDER**

Before the Court is the Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement filed by Plaintiff Earl Parris, Jr. Plaintiff has moved pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") for an order preliminarily approving the proposed settlement of the Class Claims against Huntsman in the above-captioned action in accordance with the Parties' proposed Class Settlement Agreement dated _____, as filed with the Court ("Settlement Agreement"), which sets forth the terms and conditions for the proposed settlement of the Class Claims. The Parties also seek conditional certification of the Settlement Class pursuant to Rule 23(b)(2) and approval of a Notice Plan and Notice consistent

with Rule 23 and applicable law to provide notice of the proposed Class Action Settlement to the Class Members.

WHEREAS, the Court has considered the Settlement Agreement and accompanying exhibits and other documents; and

WHEREAS, the Parties have consented to the entry of this Preliminary Approval Order,

IT IS HEREBY ORDERED THAT:

1.      Pursuant to Rule 23(b)(2), the Court conditionally certifies a Settlement Class defined as follows:

> All account holders and all ratepayers of water and/or sewer service with the City of Summerville from January 1, 2020, to the time of approval of this Settlement, including but not limited to residential, commercial, and industrial ratepayers, and including all adult individuals who reside at a residence that receives water or sewer service from the City of Summerville.

2.      Plaintiff Earl Parris, Jr., is designated as Class Representative for purposes of this Settlement.

3.      The Court designates Gary A. Davis, of Davis, Johnston, & Ringger, PC and Thomas Causby of the Causby Firm as Class Counsel for purposes of this Settlement.

4.      The Court confirms the authority of Class Counsel to execute the Settlement Agreement on behalf of the Class Members.

5.     The Court has reviewed the Settlement Agreement and preliminarily approves its terms, subject to further consideration at a Fairness Hearing.

(a)     The Court preliminarily finds that the Settlement Agreement is the product of informed, arm's-length negotiation by counsel and is presumptively fair, reasonable, and adequate, pursuant to Rule 23(e)(2), and treats class members equitably relative to each other, subject to any objections that may be raised at the Fairness Hearing.

(b)     The Court preliminarily finds that the Settlement Amount of $750,000.00 (seven hundred fifty thousand dollars) will be used to fund Class Benefits that will directly benefit the Class Members. Based on the Court's preliminary analysis, the Class Benefits represent a reasonable compromise of the relief sought by the Class Members through the Rule 23(b)(2) Class Claims against Huntsman. The Court further preliminarily finds that the contribution to a Temporary Drinking Water Fund to make temporary drinking water available for the whole Class provides significant benefits.

(c)     The Court preliminarily finds the Class Settlement is fair, adequate and reasonable, based upon the Court's consideration of the six *Bennett* factors: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance

and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

(d) The Fairness Hearing shall be held before the Court on _____, at the United States District Court for the Northern District of Georgia, _____. The Fairness Hearing will enable the Court to: (i) determine whether the proposed Settlement is fair, reasonable and adequate and should be approved by the Court under Rule 23(e), and whether a Final Approval Order should be entered; and (ii) consider such other matters as may properly come before the Court in connection with the approval of the proposed Class Settlement Agreement, such as approval of Class Counsel's attorneys' fees and expenses, and other matters related to approval and implementation of the Class Settlement Agreement.

6. The Court finds that the Class Notice attached hereto is appropriate under the circumstances and is reasonably calculated to inform Class Members of the proposed Settlement (as defined in the Settlement Agreement), affords Class Members an opportunity to present their objections to the Settlement, and complies in all respects with the requirements of Rule 23 and applicable due process requirements.

7. Class Counsel shall provide notice of the proposed Settlement Agreement to Class Members as required by Rule 23 of the Federal Rules of Civil

Procedure and applicable law as set forth in the Notice Plan by causing a copy of the Class Notice to be mailed to Class Members beginning at most seven (7) days after the entry of this Order and being completed no later than fourteen (14) days after the entry of this Order.

8.      Class Members may file objections to the Settlement Agreement to show cause, if any, why the Court should not (a) approve the Settlement Agreement as fair, reasonable, and adequate; (b) enter an order dismissing with prejudice and releasing the Released Claims against the Released Parties (as defined in the Settlement Agreement); or (c) allow Class Counsel to recover reasonable fees, costs and expenses (payable from the Settlement Amount) for their services. Unless the Court directs otherwise, procedures for lodging objections shall include the following:

(a) Each Class Member wishing to object to the Settlement Agreement shall submit a written notice of their objections in accordance with the directions in Paragraph 11 of the Class Notice, postmarked no later than _____.

(b) Each Class Member seeking permission to appear and speak at the Fairness Hearing shall submit a Notice of Intention to Appear in accordance with the directions in Paragraph 14 of the Class Notice, postmarked no later than _____.

9.      Class Members who object in the manner provided herein remain Class Members and will be bound by the Settlement Agreement and Final Approval Order

if the Settlement Agreement is finally approved following the Fairness Hearing. Any person who fails to object in the manner provided herein shall be deemed to have waived his or her objections and shall forever be barred from making any such objections in this Action and any appeal or other action or proceeding.

10.    Class Counsel shall file their motion for final approval of the Settlement and their motion for Attorneys' Fees, Costs and Expenses no later than twenty (20) days prior to the Fairness Hearing Date specified in Paragraph 5.d. of this Preliminary Approval Order. Any Class Member who wishes to file an objection to the Class Counsels' fee motion shall file such objection in writing no later than ten (10) days prior to the Fairness Hearing. Any such objection must be filed with the Clerk of the Court at the address as set out in Paragraph 11 of the Class Notice and shall set forth the same information as required in Paragraph 11 of the Class Notice. Additionally, one copy of said written objection must be served upon each of the attorneys as set out in Paragraph 11 of the Class Notice.

11.    The Court has considered the due process rights of absent Class Members and finds that such rights are adequately protected.

12.    If it has not already done so, Huntsman shall provide notice of this proposed Class Action Settlement to the appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act, providing a copy of each such notice to Class Counsel when such notice is sent and filing with the Court

6

a notice of the latest date any such notice was served on the appropriate federal and state officials for purposes of ensuring that any final approval of the Settlement occurs no earlier than ninety (90) days after such notice, in accordance with 28 U.S.C. § 1715(d).

13.    The proceedings in this case as to Huntsman are hereby stayed, pending the final determination of whether the Settlement Agreement should be approved, except for those proceedings necessary to carry out or enforce the terms of the Class Settlement Agreement.

DONE the __ day of _____.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE