RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 21 2025

KEVIN P. WEIMER, Clerk
By: Matthew H  Deputy Clerk



CHRISTOPHER J. BOWERS
DIRECT DIAL: 404.850.6747
E-MAIL: *cbowers@staceyevanslaw.com*

April 7, 2025

*Via Certified Mail, return receipt requested*

| | |
|---|---|
| Clerk of Court<br>Kevin P. Weimer<br>**Re: Parris v. 3M Company, et al., No. 4:21-cv-00040-TWT**<br>United States District Court for the Northern District of Georgia<br>Richard B. Russell Federal Building & United States Courthouse<br>2211 United States Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303-3309 | Class Counsel<br><br>Gary A. Davis<br>Keith Johnston<br>Davis, Johnston, & Ringger, P.C.<br>21 Battery Park Avenue, Suite 206<br>Asheville, NC 28801 |
| Counsel for Mount Vernon Mills, Inc.<br><br>William M. Droze<br>T. Matthew Bailey<br>Kadeisha A. West<br>Troutman Pepper Locke, LLP<br>600 Peachtree Street, N.E., Suite 3000<br>Atlanta, GA 30308 | Counsel for Trion, Georgia<br><br>Thomas Hiley<br>Kassandra Garrison<br>Erich Nathe<br>GORDON REES SCULLY MANSUKHANI, LLP<br>55 Ivan Allen Junior Blvd., NW, Suite 750<br>Atlanta, GA 30308 |
| Counsel for Huntsman International, LLC<br><br>Peter A. Farrell, P.C.<br>Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | Counsel for Pulcra Chemicals, LLC<br><br>Robert D. Mowrey<br>Kazmarek Mowrey Cloud Laseter LLP<br>1200 Peachtree Street, NE<br>Suite 600<br>Atlanta GA 30309 |

RE: OBJECTION TO PARTIAL CLASS ACTION SETTLEMENTS re PLAINTIFF AND **(1)** MOUNT VERNON MILLS, INC., TOWN OF TRION; **(2)** HUNTSMAN INTERNATIONAL, LLC; AND **(3)** PULCRA CHEMICALS, LLC AND NOTICE OF INTENTION TO APPEAR IN THE FAIRNESS HEARING FOR THE *PARRIS v. PULCRA CHEMICALS, LLC* PARTIAL SETTLEMENT

Clerk of Court and Counsel for Plaintiff, Mount Vernon,
Trion, Huntsman, and Pulcra
April 7, 2025
Page 2

Dear Clerk of Court, Class Counsel, and Counsel for Mount Vernon Mills, Inc. ("Mount Vernon"), Town of Trion Georgia ("Trion"), Huntsman International, LLC ("Huntsman"), and Pulcra Chemicals, LLC ("Pulcra"):

These firms represent Ethan B. Hutchins and Russell H. Dooley (hereinafter, collectively "Opt-Out Class Members"). The Opt-Out Class Members may fall under the class of persons set forth in that certain **(1)** undated Class Action Notice in the matter styled *Parris v. 3M Company, et al., No. 4:21-cv-00040-TWT* (the "Class Litigation"); **(2)** undated Second Class Action Settlement Notice in the Class Litigation; and **(3)** undated Third Class Action Settlement Notice in the Class Litigation (collectively, the "Summerville Class Action Notices"). [1]

The District Court has conditionally certified a Settlement Class in the Class Litigation pursuant to Federal Rule of Civil Procedure 23(b)(2) under the **(i)** Preliminary Approval Order dated January 23, 2025 as to Plaintiff and Pulcra [Class Litigation Doc. 760 at p. 2]; **(ii)** Preliminary Approval Order dated March 5, 2025 as to Plaintiff and Huntsman [Doc. 809 at p. 2]; and **(iii)** Preliminary Approval Order for Class Settlement with Mount Vernon Mills, Inc. and the Town of Trion, Georgia dated March 5, 2025 [Doc. 810 a p. 2] defining the Settlement Class as follows:

> All account holders and all ratepayers of water and/or sewer service with the City of Summerville, Georgia from January 2020 to the time of approval of this partial settlement, including but not limited to residential, commercial, and industrial ratepayers, and including all adult individuals who reside at a residence that receives water or sewer from the City of Summerville.

The Opt-Out Class Members hereby object for themselves only and request to **Opt Out of the three separate proposed Partial Class Action Settlements of the Class Litigation** among Plaintiff and:

(1) Defendants Mount Vernon Mills, Inc. and Town of Trion, Georgia as set forth in the Third Class Action Settlement Notice and March 5, 2025 Preliminary Approval Order in the Class Litigation [Doc. 810];

---

[1] A copy of each of the Class Action Notices are available at
https://summervilleclasssettlement.com/?page_id=36

Clerk of Court and Counsel for Plaintiff, Mount Vernon,
Trion, Huntsman, and Pulcra
April 7, 2025
Page 3

> (2) Defendant Huntsman International, LLC as set forth in the Second Class Action Settlement Notice and March 5, 2025 Preliminary Approval Order [Doc. 809]; and
>
> (3) Defendant Pulcra Chemicals, LLC as set forth in the undated Class Action Notice and January 23, 2025 Preliminary Approval Order [Doc. 760].

The Opt-Out Class Members, for themselves only, object to the proposed partial class action settlements among Plaintiff, Mount Vernon, Trion, Huntsman, and Pulcra for the purpose of opting out of the Proposed Class, and exclude themselves from any remedy proposed in the Summerville Class Action Notices to partially resolve the class claims in the Class Litigation.

As required by Section 11 of the Summerville Class Action Notices, Opt-Out Class Members provide the following detailed statement of the reasons for their limited objections to the partial settlements and release of claims against Mount Vernon, Trion, Huntsman, and Pulcra as set forth in the Summerville Class Action Notices.

1. **Opt-Out Class Members are pursuing individualized claims for monetary damages and injunctive relief against Mount Vernon, Trion, Huntsman, and Pulcra, and the Summerville Class Action Notices improperly provide no means for opting out of the proposed partial class settlements.**

Because the Summerville Class Action Notices purport to seek injunctive relief on behalf of class members in a manner that could potentially preclude compensatory damages and injunctive relief that Mr. Hutchins and Mr. Dooley are pursuing in their individualized lawsuits, Opt-Out Class Members object and request to be excluded from the partial settlement class so that they are not bound by the releases of Mount Vernon, Trion, Huntsman, and Pulcra.

Federal Rule 23 provides the framework "courts must follow when determining whether class certification is appropriate." *Valley Drug Co. v. Geneva Pharms, Inc.*, 350 F.3d 1181 (11th Cir. 2004). In *West Morgan-East Lawrence Water and Sewer Auth. v. 3M*, the Eleventh Circuit held that certification of a settlement class under Rule 23(b)(2) for PFAS drinking water contamination remedies similar to those at issue in the Class Litigation was an abuse of discretion where, as is the case here for Mr. Hutchins and Mr. Dooley, the partial class settlement would

Clerk of Court and Counsel for Plaintiff, Mount Vernon,
Trion, Huntsman, and Pulcra
April 7, 2025
Page 4

release absent class members' individualized claims for monetary damages. 737 Fed. Appx. 457, 466-67 (11th Cir. 2018) (explaining "[i]n *Wal-Mart Stores, Inc. v. Dukes*, a unanimous Supreme Court concluded that individualized claims for monetary damages cannot be resolved through a class certified under Rule 23(b)(2).") (*citing Dukes*, 564 U.S. 338, 360-61 (2011)).

In *West Morgan-East Lawrence Water and Sewer Auth. v. 3M*, a municipal water and sewer authority and a proposed class of individuals and businesses who purchased water from the water authority brought a class action suit against certain PFAS chemical manufacturers alleging that they polluted a water supply in northern Alabama, necessitating water treatment upgrades and harming class members who paid for municipal water for a period of time that was unsafe to drink. 737 Fed. Appx. at 460. The Northern District of Alabama certified a class under Fed. R. Civ. P. 23(b)(2) over the objection of proposed class members who held individualized monetary claims against the PFAS chemical manufacturers, approving a partial class settlement between the class plaintiffs and Daikin America, Inc. ("Daikin") *Id.* Under the terms of the partial class settlement, Daikin paid $450,000 to the water authority for the purposes of crediting the accounts of class members who were billed for a period of time when they were unable to drink the water due to PFAS contamination. *Id.* at 462. The class plaintiffs and Daikin moved for conditional class certification, and a month before the scheduled fairness hearing, certain water subscribers filed an objection to the partial class settlement, arguing in part that the proposed settlement class did not comply with 23(b)(2). *Id.* The district court overruled the objections on the grounds that the settlement was injunctive in nature, and because class members should not be allowed to opt out where they stand to benefit from drinking water treatment system upgrades partially funded by the settlement with Daikin. *Id.* at 462-63.

On appeal, the Eleventh Circuit held that the district court abused its discretion by certifying a settlement class under 23(b)(2) that purported to release individualized monetary damages claims of class members. *Id.* at 466-68. As the Eleventh Circuit explained in *West Morgan*, "The procedural protections attending the (b)(3) class – predominance, superiority, mandatory notice, and the right to opt out – are missing from (b)(2) not because the Rule considers them unnecessary, but because it considers them unnecessary *to a (b)(2) class.*" *Id.* (citing *Dukes*, 564 U.S. at 362-63) (italics in original). In contrast to an "indivisible injunction benefitting all its

Clerk of Court and Counsel for Plaintiff, Mount Vernon,
Trion, Huntsman, and Pulcra
April 7, 2025
Page 5

members at once," where "there is no reason to undertake a case-specific inquiry into whether class issues predominate or whether class action is a superior method of adjudicating the dispute," *Id.*, Mr. Hutchins and Mr. Dooley have sustained harms that are far beyond, and materially different than those that the Class Litigation is intended, or seeks, to protect or remedy.

Mr. Hutchins and Mr. Dooley own real property in Chattooga County that has been contaminated by the direct disposal, spraying, spreading and dumping of *thousands of tons* PFAS and PFAS-containing materials including sludge or biosolids from Trion's Water Pollution Control Plant associated with and arising from Mount Vernon's supply, use, and disposal of PFAS-containing wastewater, PFAS, and PFAS-containing products supplied, manufactured, and/or produced by Huntsman and Pulcra. Unlike the putative class members in the Class Litigation represented by Mr. Parris, for instance, Mr. Hutchins owns nearly than 450 acres of land that has not only received sludge that is heavily contaminated by PFAS from Mount Vernon's wastewater, Trion's sludge operations, and Huntsman's and Pulcra's PFAS manufacture, but direct Mount Vernon PFAS-containing textile waste piles disposed on his land, which are contaminating his property, the groundwater and the surface water on that property. These are harms for which Mr. Hutchins, together with Mr. Dooley, seek monetary remedies that are wholly separate from any remedies envisioned by the proposed Partial Class Action Settlements of the Class Litigation. Mr. Hutchins and Mr. Dooley have filed suit in the Superior Court of Chattooga County against Mount Vernon, Huntsman, Pulcra, Trion, and others to pursue individualized claims for monetary and other relief arising from this contamination and other harms sustained by them.

As the Eleventh Circuit explained in *West Morgan*, simply because a proposed class settlement purports to be injunctive in nature, "Rule 23(b)(2) 'should [not] be read to nullify [the protections of Rule 23(b)(3)] whenever a plaintiff class, at its option, combines its monetary claims with a request – even a 'predominating request' – for an injunction" 737 Fed. Appx. at 467 (citing *Dukes*, 564 U.S. at 364). "Otherwise, the mere fact that a class might be entitled to significant injunctive relief could lead to 'the possibility . . . that individual class members' compensatory-damages claims would be *precluded* by litigation they had no power to hold themselves apart from.'" *Id.* The Eleventh Circuit warned that "[t]his 'possibility underscores the need for plaintiffs with individual monetary claims to decide *for themselves* whether to tie their fates to the class

Clerk of Court and Counsel for Plaintiff, Mount Vernon,
Trion, Huntsman, and Pulcra
April 7, 2025
Page 6

representatives' or go it alone – a choice Rule 23(b)(2) does not ensure that they have.'" *Id.* (Italics in original).

As recognized by the Eleventh Circuit in *West Morgan*, in cases such as this where a partial class action settlement for funding of water user rate payer remedies and PFAS drinking water upgrade remedial action is at issue, our Supreme Court in *Dukes* "offers a simple dichotomy: claims seeking declaratory or injunctive relief equally applicable to the entire class may be resolved through mandatory class litigation under Rule 23(b)(2);" *however*, "individualized claims for relief . . . should be resolved under Rule 23(b)(3), which provides absent class members notice and an opportunity to opt out." *Id.* at 467-68.

Because Mr. Hutchins and Mr. Dooley hold individualized monetary damages against the same defendants in the Class Litigation that are wholly separate from, and significantly greater than the rate payer and drinking water remedies envisioned by the Class Litigation and the Summerville Class Action Notices, Opt-Out Class Members should be afforded an opportunity to opt out of the Settlement Class and not be bound by the releases of Mount Vernon, Trion, Huntsman, and Pulcra under these partial Class Action Settlements.

Furthermore, Opt-Out Class Members seek individualized injunctive remedies beyond the incomplete relief of the Summerville Class Action Notices. At a minimum, the releases in each of the settlements among Plaintiff Earl Parris, Jr. and each of Mount Vernon, Trion, Huntsman and Pulcra should specifically exclude claims arising from the direct disposal of sludge on landowner property such as the property owned by Mr. Hutchins and Mr. Dooley. For example, it is inequitable that Mr. Parris can preserve claims in his individual capacity against Mount Vernon Mills and Trion as described in the Third Class Action Settlement Notice for claims that are distinct from the drinking water-based claims common to proposed Class Members, yet Mr. Hutchins and Mr. Dooley must be bound by a release of Mount Vernon and Trion with no opportunity to opt out, where Mr. Parris, like Mr. Hutchins, and Mr. Dooley, may continue to be account holders and ratepayers of water and/or sewer service with City of Summerville. Just as Mr. Parris is afforded an opportunity to pursue individualized claims against Mount Vernon and Trion, so too should Mr. Hutchins and Mr. Dooley.

Clerk of Court and Counsel for Plaintiff, Mount Vernon,
Trion, Huntsman, and Pulcra
April 7, 2025
Page 7

Finally, Opt-Out Class Members also note that no copy of the proposed Settlement Agreement is available on the Summerville Class Action Settlements – "Pleadings and Important Documents" website for the proposed settlements among Plaintiff and Huntsman, Mount Vernon or Trion in the Class Litigation, and therefore Opt-Out Class Members must rely solely on the descriptions provided in the Second and Third Class Action Settlement Notices for an understanding of the scope of the releases that are being proposed for Class Members. [2] Opt-Out Class Members' limited objections herein are therefore made with no admission that their individualized claims are in fact excluded by inclusion in the Settlement Class, if this Court were to deny or overrule the objections of the Opt-Out Class Members.

For the foregoing reasons, Opt-Out Class Members request to be excluded from the Partial Class Action Settlements of the Class Litigation, and be afforded the opportunity to reject the remedies proposed thereunder, so that they can proceed with their individualized claims against the settling defendants, including their own drinking water claims for monetary damages in addition to the other damages they are pursuing in the Superior Court of Chattooga County against Mount Vernon, Huntsman, Pulcra, Trion, and others. As required by each of the Summerville Class Action Notices, the Opt-Out Class Members provide their name, address, telephone number, and signature below, who may be contacted by the undersigned counsel:

Ethan Blair Hutchins, 370 and 331 Hutchins Road, Summerville Georgia 30747, 706-506-6511. Mr. Hutchins states that he is a former employee of the Town of Trion, Georgia.

*[signature: Ethan Hutchins]*

---

[2] *See supra*, Footnote 1.

Clerk of Court and Counsel for Plaintiff, Mount Vernon,
Trion, Huntsman, and Pulcra
April 7, 2025
Page 8

    Russell Hughes Dooley, 1556, 1626 Hair Lake Road, Summerville, Georgia 30747, 706-676-0373

*[signature]*

    With respect to the undated Class Action Notice involving Pulcra, Opt-Out Class members **tender this Notice of Intention to Appear in the Fairness Hearing for the *Parris v. Pulcra Chemicals, LLC* Partial Settlement, if necessary,** for the purpose of requesting appropriate relief from this Court to opt out of the settlement and release of Pulcra as it may relate to Mr. Hutchins and Mr. Dooley for the reasons set forth above.

                                   Respectfully submitted,

                                   David Diab
                                   David.Diab@BeasleyAllen.com

                                   Christopher J. Bowers
                                   Cbowers@staceyevanslaw.com

                                   Counsel for Opt-Out Class Members

cc: via email only

Jeff Price (jeff.price@beasleyallen.com)
Matt Griffith (matt.griffith@beasleyallen.com)
Eliot Bienenfeld (elliot.bienenfeld@beasleyallen.com)
Robert K. Finnell (bob@finnellfirm.com)

Class Counsel: (gadavis@enviroattorney.com)
Lead Counsel for Mount Vernon Mills, Inc. (William.droze@troutman.com)
Counsel for Trion, Georgia (enathe@grsm.com)
Lead Counsel for Huntsman International, LLC (peter.farrell@kirland.com)
Lead Counsel for Pulcra Chemicals, LLC (bmowrey@kmcllaw.com)

Clerk of Court and Counsel for Plaintiff, Mount Vernon,
Trion, Huntsman, and Pulcra
April 7, 2025
Page 9

via U.S. Mail

Settlement Administrator
Edgar C. Gentle, III
Gentle, Turner, and Benson, LLC
501 Riverchase Parkway East
Suite 100
Hoover, Alabama 35244



**729 PIEDMONT AVE, NE | ATLANTA, GA 30308**



7022 3330 0000 ▓▓▓▓ 9482

CLEARED SECURITY

Clerk of Court Kevin P. Weimer
**Re: Parris v. 3M Company, et al., No. 4:21-cv-00040-TWT**
United States District Court for the Northern District of Georgia
Richard B. Russell Federal Building & United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

U.S. POSTAGE P/
FCM LETTER
ATLANTA, GA 303
APR 07, 2025
$10.42
S2324M501591-0?

RDC 99

30303

30303$3309 C039



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE