IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., Individually, and on Behalf of a Class of Persons Similarly Situated, | |
| **Plaintiff,** | Case No.: **4:21-cv-00040-TWT** |
| City of SUMMERVILLE, GEORGIA, | |
| **Intervenor-Plaintiff,** | |
| v. | |
| 3M COMPANY, *et al.,* | |
| **Defendants.** | |

**FINAL APPROVAL ORDER FOR CLASS SETTLEMENT WITH MOUNT VERNON MILLS, INC.,
AND THE TOWN OF TRION, GEORGIA**

Before the Court is the Motion for Final Approval of Class Action Settlement

filed by Plaintiff Earl Parris, Jr. Plaintiff has moved pursuant to Federal Rule of Civil

Procedure 23 ("Rule 23") for an order finally approving the proposed settlement of

the Class Claims against Mount Vernon Mills, Inc. ("Mount Vernon"), and the Town

of Trion, Georgia ("Trion"), in the above-captioned action in accordance with the

Parties' Amended Class Settlement Agreement dated June 6, 2025, as filed with the

Court ("Settlement Agreement"), which sets forth the terms and conditions for the

proposed partial settlement of the Class Claims. Plaintiff also seeks certification of

the Settlement Class pursuant to Rule 23(b)(2), as well as a final order dismissing the case against Mount Vernon and Trion pursuant to the Settlement Agreement. Finally, Plaintiff has filed a motion seeking an award of fees and expenses, including the expenses of providing Notice to Class Members. These motions are unopposed by Mount Vernon and Trion.

WHEREAS, the Court has considered the Settlement Agreement and accompanying exhibits and other documents;

WHEREAS, the Court conducted a Fairness Hearing to consider any objections to the Class Settlement on June 11, 2025, which was attended by the Parties to the Settlement and by counsel for the City of Summerville, Georgia, in support of the Settlement;

WHEREAS, there were only three objections to the Settlement Agreement served on the Parties and filed with the Court during the time provided for objections: two that were later withdrawn, and one which in which the objector was mistakenly concerned that the Class Settlement released his potential claim for personal injuries; and

WHEREAS, the Parties have consented to the entry of this Final Approval Order,

IT IS HEREBY ORDERED THAT:

1.      Pursuant to Rule 23(b)(2), the Court certifies a Settlement Class defined as follows:

> All account holders and all ratepayers of water and/or sewer service with the City of Summerville from January 1, 2020 to the time of approval of this Settlement, including but not limited to residential, commercial, and industrial ratepayers, and including all adult individuals who reside at a residence that receives water or sewer service from the City of Summerville.

2.      Plaintiff Earl Parris, Jr., is designated as Class Representative for purposes of this Settlement.

3.      The Court designates Gary A. Davis, of Davis, Johnston, & Ringger, PC and Thomas Causby of the Causby Firm as Class Counsel for purposes of this Settlement.

4.      The Court confirms the authority of Class Counsel to execute the Settlement Agreement on behalf of the Class Members.

5.      The Court has reviewed the Settlement Agreement and approves its terms:

(a)      The Court finds that the Settlement Agreement is the product of informed, arm's-length negotiation by counsel and is presumptively fair, reasonable, and adequate.

(b)      The Court finds that the Settlement Amount of $500,000.00 (five hundred thousand dollars) will be used to fund Class Benefits that will directly benefit the Class Members. Based on the Court's analysis, the Class Benefits

represent a reasonable compromise of the relief sought by the Class Members through the Rule 23(b)(2) Class Claims against Mount Vernon and Trion. The Court further finds that the further funding of the Temporary Drinking Water Fund to make temporary drinking water available for the whole Class provides significant benefits.

(c)    The Court finds the Class Settlement is fair, adequate and reasonable, based upon the Court's consideration of the six *Bennett* factors: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

6.    The Court finds that the Class Notice provided to the Class Members was reasonably calculated to inform Class Members of the proposed Settlement and the manner in which it was provided was reasonable under the circumstances. The Notice afforded Class Members an opportunity to present their objections to the Settlement and complied in all respects with the requirements of Rule 23 and applicable due process requirements.

7.    The Court has considered the due process rights of absent Class Members and finds that such rights have been adequately protected.

8.     The Court finds that Mount Vernon and Trion provided notice of this proposed Class Action Settlement to the appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(d).

9.     The Court has previously approved a Qualified Settlement Fund for the Pulcra Settlement by separate order, which the Parties also intend to use for this Settlement. Within five (5) business days following Court's entry of the Final Approval Order, MVM for itself and Trion shall wire transfer the first payment of the Settlement Amount of $41,000.00 to the Qualified Settlement Fund ("QSF"); with consecutive payments thereafter every thirty (30) days in the amount of $41,000.00 until the full settlement amount of $500,000.00 (Five Hundred Thousand Dollars)) is paid. Interest shall accrue on the unpaid amount on a monthly basis as set out in the Amended Settlement Agreement.

10.     The Court appoints Edward Gentle, III, previously approved as Settlement Administrator and Administrator of the Qualified Settlement Fund for the Pulcra Settlement, and directs him to conduct activities necessary to administer the Mount Vernon and Trion funds contributed to the Fund to provide temporary drinking water to the Class Members as described in the Settlement Agreement, pursuant to the terms, conditions, and restrictions of the Settlement Agreement. Mr. Gentle is authorized to make the payments to Class Counsel authorized by Paragraph 11 of this Order, to execute contracts and make payments from the Fund for

temporary drinking water to be supplied to Class Members, and to withdraw on a monthly basis from the Fund reasonable fees and expenses for administration of the Settlement, subject to the oversight of Class Counsel.

11.    Class Counsel's Motion for An Award of Attorneys' Fees, Class Notice Fees, and Litigation Expenses is hereby granted, and Class Counsel is awarded $101,208.30 for attorneys' fees, $20,000 for notice fees, and $3,791.70 for litigation expenses, which may be paid from the Qualified Settlement Fund as soon sufficient funds from Mount Vernon and Trion are deposited and have cleared.

12.    Pursuant to Paragraph 16 of the Settlement Agreement, Plaintiff and the Class Members have released, waived, compromised, settled, and discharged all Released Claims against Mount Vernon and Trion with the exceptions as provided in Paragraph 16.

13.    Pursuant to Paragraph 18 of the Settlement Agreement, Plaintiff and the Class Members are enjoined from commencing or prosecuting any action or other proceedings based upon the Released Claims against Mount Vernon and Trion.

14.    There being no just reason for delay, the Clerk is directed to enter this Final Approval Order as a final judgment as to Mount Vernon and Trion for the state law claims in the Second Amended Individual and Class Action Complaint. The Court reserves exclusive and continuing jurisdiction over the interpretation, performance, implementation, enforcement, and administration of the Settlement

Agreement and the Court's orders in this action.

15.    This state law claims in the Second Amended Individual and Class

Action Complaint are Dismissed with Prejudice as to Mount Vernon and Trion.

SO ORDERED the 11th day of June, 2025.

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE