IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., Individually, And on Behalf of a Class of Persons Similarly Situated<br><br>*Plaintiff*,<br><br>CITY OF SUMMERVILLE, GEORGIA,<br><br>*Intervenor-Plaintiff*<br><br>v.<br><br>3M COMPANY, et al.,<br><br>*Defendants*. | CIVIL ACTION NO. 4:21-cv-00040-TWT |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR JOINT MOTION FOR ORAL ARGUMENT ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, THE PARTIES' MOTIONS UNDER FEDERAL RULE OF EVIDENCE 702, AND PLAINTIFF PARRIS'S MOTION FOR CLASS CERTIFICATION**

Defendants 3M Company, Daikin America, Inc., and E.I. du Pont de Nemours and Company and The Chemours Company moved the Court under Local Rule 7.1(E) to hear oral argument on the now fully briefed class certification, Rule 702, and summary judgment motions in this case. Doc. 1031 at 1–2 (listing the motions). Plaintiffs have opposed oral argument, contending that the Court should resolve all these motions on the briefs. Doc. 1037. Plaintiffs' contentions only underscore why oral argument would aid the Court.

*First*, Plaintiffs contend that this Court's rules "discourage[] oral argument"

1

and "do not provide for oral hearing on motions." *Id.* at 1 (citing L.R. 7.1(E)). That is wrong. Oral argument is not provided for all motions, because most motions in most cases can be readily decided without a hearing. But oral argument is not discouraged; it simply must be requested when a party believes it would benefit the Court, and the Court then has unfettered discretion to grant or deny the request.

The types of complex, substantive motions at issue here (involving multiple parties with different arguments and interests) in the type of case before the Court (involving multiple claims by a putative class and a municipality that seek over $100 million in relief) are precisely the sort for which oral argument would benefit the Court's decision-making process. Plaintiffs bandy about the number of pending motions as if that were a reason to avoid oral argument. *Id.* at 2. Just the opposite. Oral argument will allow the Court to focus on the topics that it determines are most important as well as allow counsel for the different parties to identify the issues that they believe are as most important—including issues in some motions that might obviate issues in others.

*Second*, Plaintiffs claim that they made the "judicious[]" decision to file fewer motions than Defendants, which Plaintiffs think means the Court should not hold oral argument on any motions. *Id.* Plaintiffs' decision more likely reflects the fact that they have no grounds for summary judgment or for challenging most of Defendants' experts under Rule 702, whereas Plaintiffs' case has dispositive deficiencies, they have fewer experts to offer (not a single epidemiologist, for example), and the experts Plaintiffs have offered have had to revise (and sometimes re-revise) their reports and opinions because of their weaknesses.

All that aside, Plaintiffs' view only highlights that, while they may be substantially aligned in these cases for the time being, Defendants are not so aligned.[1] The three Defendants are different companies with different sales histories for different products over different periods—and thus have some different grounds for their different summary judgment motions and, in some instances, their Rule 702 motions regarding the same Plaintiffs' expert. Because of these differences, the Court's rulings on the class, expert, and merits issues reflected in the motions could have different consequences for the different Defendants. Plaintiffs' suggestion that the Court should elide these differences and, as Plaintiffs do, treat everything on an "omnibus" basis gives short shrift not only to good judicial decision-making but also to each Defendant's rights.

*Finally*, Plaintiffs contend that oral argument would be a "poor use of resources and judicial time," asserting that the Court already decided "the very same issues" at the motion to dismiss stage that oral argument "lasted a full week" in the *City of Rome* case. *Id.* at 3. Neither point helps Plaintiffs. As to the first point, at the motion to dismiss stage, the Court was required to accept Plaintiffs' allegations as true. Now, of course, Plaintiffs must offer actual evidence to support their legal

---

[1] To be clear, Plaintiffs are not always aligned, either. Resolution of the PFAS litigation involving the City of Rome preempted major aspects of the parallel case brought on behalf of a putative class of ratepayers. Similar dynamics, with similar implications for attorneys' fees, exist between Parris and Summerville in this case.

claims, including evidence admissible under Federal Rule of Evidence 702. Defendants' motions explain why, for essential elements of their case, Plaintiffs have failed to do so. In addition, Defendants advance new arguments not made in their motions to dismiss. The Court should grant oral argument on these motions—as it did before addressing the motions to dismiss.

As to the second point, Plaintiffs ignore that the *City of Rome* hearings involved additional defendants and additional topics (*e.g.*, venue transfer motions), and still the arguments consumed less than three days of court time, even including lunch and other breaks. Subject of course to the Court's direction, Defendants suggest that one to one-and-a-half days would be sufficient to argue the class certification and Rule 702 motions, while the three summary judgment motions could be argued in a half-day. Defendants understand that the Court has a busy docket, but oral argument for a couple days now could save the Court, the parties, and the public several weeks of trial time later.

In sum: Defendants respectfully request under Local Rule 7.1(E) that the Court grant oral argument on Plaintiff Parris' class certification motion, the parties' motions to exclude experts under Rule 702, and Defendants' motions for summary judgment.

Respectfully submitted this 31st day of July, 2025.

[signatures on following pages]

/s/ David E. Nahmias

James L. Hollis (GA Bar 930998)
Andrea L. Swartzberg (GA Bar 338830)
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, Georgia 30309
Tel: (404) 261-6020
Email: jhollis@balch.com
Email: aswartzberg@balch.com

Christopher Yeilding, *Pro Hac Vice*
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203-4642
Tel: (205) 226-8728
Email: cyeilding@balch.com

Kurt A. Johnson, *Pro Hac Vice*
JONES DAY
1501 West Jefferson Ave., Suite 2100
Detroit, MI 48226
Tel: (313) 230-7916
Email: kajohnson@jonesday.com

David E. Nahmias (GA Bar 534106)
Jeffrey A. Kaplan, Jr. (GA Bar 859280)
JONES DAY
1221 Peachtree Street NE, Suite 400
Atlanta, GA 30361
Tel: (404) 581-8502
Email: dnahmias@jonesday.com
Email: jkaplan@jonesday.com

Theodore M. Grossman, *Pro Hac Vice*
JONES DAY
250 Vesey Street
New York, NY 10281
Tel: (212) 326-3480
Email: tgrossman@jonesday.com

Kevin P. Holewinski, *Pro Hac Vice*
JONES DAY
51 Louisiana Avenue N.W.
Washington, DC 20001
Tel: (202) 879-3797
kpholewinski@jonesday.com

Louis A. Chaiten, *Pro Hac Vice*
James R. Saywell, *Pro Hac Vice*
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44144
Tel: (216) 586-3939
Email: lachaiten@jonesday.com
Email: jsaywell@jonesday.com

*Attorneys for Defendant Daikin America, Inc.*

/s/ *Jackson R. Sharman, III*

Robert B. Remar
GA Bar No. 600575
Monica P. White
GA Bar No. 405952
Smith, Gambrell & Russell, LLP
1105 W. Peachtree St. NE
Suite 1000
Atlanta, GA 30309
Phone: (404) 815-3500
Facsimile: (404) 815-3509
rremar@sgrlaw.com
mwhite@sgrlaw.com

Quentin F. Urquhart, Jr., *Pro Hac Vice*
John W. Sinnott, *Pro Hac Vice*
Irwin Fritchie Urquhart Moore & Daniels LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Phone: (504) 310-2100
Facsimile: (504) 310-2101
qurquhart@irwinllc.com
jsinnott@irwinllc.com

Jackson R. Sharman, III
GA Bar No. 637930
M. Christian King, *Pro Hac Vice*
Harlan I. Prater, IV, *Pro Hac Vice*
W. Larkin Radney, IV, *Pro Hac Vice*
Tatum Jackson, *Pro Hac Vice*
Lightfoot, Franklin and White LLC
The Clark Building 400 20th Street North
Birmingham, AL 35203
jsharman@lightfootlaw.com
cking@lightfootlaw.com
hprater@lightfootlaw.com
lradney@lightfootlaw.com
tjackson@lightfootlaw.com

*Attorneys for Defendant 3M Company*

|  |  |
|---|---|
|  | */s/ Lana A. Olson* |
| John M. Johnson, *Pro Hac Vice* <br> jjohnson@lightfootlsaw.com <br> Lana A. Olson, *Pro Hac Vice* <br> lolson@lightfootlaw.com <br> Adam K. Peck, *Pro Hac Vice* <br> apeck@lightfootlaw.com <br> R. Ashby Pate, *Pro Hac Vice* <br> apate@lightfootlaw.com <br> Brian P. Kappel (GA Bar 916728) <br> bkappel@lightfootlaw.com <br> **LIGHTFOOT, FRANKLIN & WHITE LLC** <br> The Clark Building <br> 400 20th Street North <br> Birmingham, AL 35203 <br> Telephone: (205) 581-0700 | Blair Joseph Cash (GA Bar 360457) <br> blair.cash@momarlaw.com <br> **MOSELEY MARCINAK LAW GROUP LLC** <br> P.O. Box 1688 <br> Kennesaw, Georgia 30156 <br> (470) 480-7258 |

*Counsel for Defendants E.I. DuPont de Nemours and The Chemours Company*

**CERTIFICATE OF COMPLIANCE UNDER L.R. 7.1.D.**

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing electronic filing was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.

*/s/ David E. Nahmias*
David E. Nahmias
*Attorney for Defendant Daikin America, Inc.*
