IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR., Individually, and on Behalf of a Class of Persons Similarly Situated,<br><br>    Plaintiff,<br><br>City of SUMMERVILLE, GEORGIA,<br><br>    Intervenor Plaintiff,<br><br>v.<br><br>3M COMPANY, *et al*.<br><br>    Defendants | Case No.: 4:21-cv-00040-TWT |

## CONSENT DECREE

### RECITALS

WHEREAS, Earl Parris, Jr. ("Plaintiff") is a resident of the City of Summerville, Georgia ("Summerville") and a ratepayer for drinking water originating from, among other places, raw water from Raccoon Creek; and

WHEREAS Defendant Mount Vernon Mills, Inc. ("Mount Vernon") is a domestic corporation that is the owner and operator of a textile finishing facility in Trion, Georgia, which discharges industrial wastewater into the Town of Trion's Water Pollution Control Plant ("WPCP"); and

WHEREAS Defendant Town of Trion, Georgia ("Trion") is a municipality located in North Georgia that operates the WPCP that receives Mount Vernon's industrial wastewater discharges along with wastewater from residents and businesses located in and around Trion; and

WHEREAS, Plaintiff asserts claims under the Clean Water Act, 33 U.S.C. §§ 1251, *et seq.* ("CWA") and the Resource Conservation and Recovery Act 42 U.S.C. §§ 6901 *et seq*. ("RCRA") as set forth in Plaintiff's Second Amended Complaint filed with this Court on November 21, 2022 via a citizen suit and alleges Mount Vernon and Trion have responsibility and/or liability arising out the land application of biosolids from the Trion WPCP on farms in the Raccoon Creek Watershed resulting in the presence of certain Per-and polyfluoroalkyl Substances ("PFAS") in the Raccoon Creek watershed and in Raccoon Creek at the drinking water intake for the City of Summerville, Georgia; and

WHEREAS, the City of Summerville, Georgia, has responded to the PFAS contamination of Raccoon Creek by installing a temporary drinking water treatment system to remove PFAS, which is incapable of meeting the 2029 U.S. Environmental Protection Agency ("EPA") drinking water standards for Perfluorooctanoic Acid ("PFO") and Perfluorooctane Sulfonate ("PFOS"), and by planning for a new Granular Activated Carbon ("GAC") treatment system to be installed prior to April 2029; and

WHEREAS, this Court previously entered a Consent Decree in *Coosa River Basin Initiative v. Mount Vernon Mills, Inc. and Town of Trion, Georgia*, U.S. District Court, Northern District of Georgia, Civil Action No. 4:23-cv-00088-WMR (July 10, 2023) ("CRBI"), [Doc. 11], dealing with discharges of treated wastewater containing PFAS from the Trion WPCP, in which Mount Vernon agreed to cease use of PFAS-containing chemicals in its textile treatment process, and Mount Vernon and Trion agreed to a testing protocol for discharges, and in which $5,000 in civil penalties have been paid to the U.S. Treasury; and

WHEREAS, Trion and the Georgia Environmental Protection Division entered into a Consent Order in which Trion performed sampling of its wastewater influent, effluent, and biosolids for PFAS and committed to cease further land application of bio-solids. See Consent Order, Trion Water Pollution Control Plant, NPDES Permit No. GA0025607, March 2020; and

WHEREAS, Mount Vernon and Trion dispute any responsibility and/or liability and admit no liability arising out of Plaintiff's allegations in the Litigation; and

WHEREAS, Plaintiff, Mount Vernon, and Trion have engaged in settlement negotiations in an attempt to resolve Plaintiff's claims against Mount Vernon and Trion; and

WHEREAS, the Parties, in consultation with counsel, have agreed to resolve the Litigation and any issues that arose or could have arisen in connection with the Litigation in accordance with this Consent Decree, believing that settling the issues without further litigation through a Consent Decree is the most appropriate means of resolving the issues; and

WHEREAS, a copy of the proposed Consent Decree was transmitted to the Attorney General of the United States and the EPA Administrator more than forty-five (45) days before entry of this Consent Decree as required by 33 U.S.C. § 1365(c)(3) and that no comments were received, or any mutually agreed comments were implemented into this decree; and

WHEREAS, Plaintiffs, Mount Vernon, and Trion recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid further disputed litigation between the parties and that this Consent Decree is consistent with the CWA and RCRA and any other applicable federal law, and otherwise fair, reasonable, and in the public interest.

**NOW THEREFORE, WITHOUT THE TRIAL OR ADJUDICATION OF ANY ISSUE OF FACT OR LAW AND WITHOUT ADMISSION BY DEFENDANTS OF ANY VIOLATIONS OR WRONGDOING, AND UPON CONSENT AND AGREEMENT OF THE PARTIES, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

# I. JURISDICTION

A. This Court has subject matter jurisdiction over the Litigation pursuant to 33 U.S.C. § 1365(a), 42 U.S.C. 6972(a)(1)(B), and 28 U.S.C. § 1331.

B. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b), 33 U.S.C. § 1365(c)(1), and 42 U.S.C. 6972(a).

C. For purposes of entry of this Consent Decree and any action to enforce or dissolve this Consent Decree, Plaintiff, Mount Vernon and Trion consent to this Court's jurisdiction under 33 U.S.C. § 1365(a) and 42 U.S.C. 6972(a)(1)(B).

# II. AGREED RELIEF

A. Trion ceased the land application of biosolids at or around January 2020. Trion shall continue its cessation of land application of all biosolids in the Raccoon Creek Watershed in Chattooga County.

B. Mount Vernon shall contribute to the construction and operation of a permanent GAC drinking water treatment facility by the City of Summerville to remove PFAS from the Summerville drinking water by making a payment of $250,000 to the City of Summerville as set forth in an independent Settlement Agreement.

C. Trion shall contribute to the construction and operation of a permanent GAC drinking water treatment facility by the City of Summerville to remove PFAS

from the Summerville drinking water by making a payment of $150,000 to the City of Summerville as set forth in an independent Settlement Agreement.

### III. ATTORNEY FEES/EXPERT FEES AND COSTS

The Parties have reached an independent Settlement Agreement regarding attorney fees, litigation costs and expenses, and expert consultant costs in connection with this matter, among other terms, which represents further consideration for this Consent Decree.

### IV. RELEASE

Based upon the consideration herein and other good and valuable consideration, Plaintiff hereby waives, releases, discharges, and covenants not to sue Mount Vernon or Trion for any and all claims arising out of, or which may in any way grow out of the facts giving rise to the federal claims in Plaintiff's Second Amended Individual and Class Action Complaint, including, without limitation, the alleged violations of the Clean Water Act and/or the Resource Conservation and Recovery Act and any associated attorney's fees, expert fees, and litigation costs. Summerville, who has intervened in Plaintiff's case but asserted no claims against Mount Vernon or Trion, shall be deemed to have released Mount Vernon and Trion arising out of any alleged contamination of raw water in Raccoon Creek by virtue of the payment addressed in Paragraph II.B and C.  This release shall have no effect on

Summerville's claims, asserted or unasserted, against any other named defendants or third parties.

## V.  DISSOLUTION

Any party can apply to the Court for dissolution of this Consent Decree after the Parties have completed all requirements and made all payments due under Paragraphs II hereof.

## VI.  OTHER TERMS

A. ***Effective Date***. This Consent Decree shall become effective on the date it is entered by the Court following the required time period for notification and consideration by the United States ("Effective Date").

B. ***Effect of Settlement.*** This Consent Decree resolves the civil claims of Plaintiff as alleged in the Complaint through the Effective Date. This Consent Decree in no way affects or relieves Mount Vernon or Trion of their respective responsibilities to comply with Federal, State, and local laws, regulations and applicable permits after the Effective Date.

C. ***Administrative Review***. The Parties acknowledge and agree that, pursuant to 33 U.S.C. § 1365(c)(3), this Consent Decree cannot be entered or effective prior to forty-five (45) days following the receipt of this Consent Decree by the Attorney General and the EPA Administrator. Based upon notice from the parties, the Court finds that all necessary notices have been given and that either the

7

time period for comment expired or that any mutually agreed changes to the draft Consent Decree have been implemented.

  D. ***Effect of Entry***. Upon entry of this Consent Decree, the Litigation is hereby dismissed with prejudice, and subject to this Consent Decree, shall constitute a final judgment of the Court as to the Parties.

  E. ***Continuing Jurisdiction***. The United States District Court for the Northern District of Georgia shall have continuing jurisdiction to interpret and enforce the terms and conditions of this Consent Decree to resolve disputes arising hereunder, and for such other and further actions as they may be necessary or appropriate in the construction or execution of the Consent Decree until such decree is dissolved.

  F. ***Entire Agreement***. The Parties have reached an independent Settlement Agreement. This Consent Decree, along with the independent Settlement Agreement reached between and among the Parties, and the Court's approval of the Partial Class Settlement Agreement relative to state law class claims constitutes the entire agreement among the Parties concerning the subject matter hereof and supersedes all previous correspondence, communications, agreements and understandings, whether oral or written, among the Parties or their representatives.

G. ***Modification***. This Consent Decree may be modified only by an Order issued from the Court, made upon duly noticed motion or the written consent of the Parties.

H. ***Authorization***. Each Party represents and warrants that the person signing this Consent Decree on behalf of such Party has been duly authorized to enter into this Consent Decree on the Party's behalf.

I. ***Successors and Assigns***. This Consent Decree shall be binding upon, and inure to the benefit of, the Parties, their respective successors and assigns, and Summerville.

J. ***Notices***. The Parties shall provide one another with written notice of any dispute arising hereunder and upon duly issued notice shall have a thirty (30) day opportunity to cure any alleged breach of this Consent Decree before commencing any enforcement action with this Court. Notice may be given via email, facsimile, first class mail or nationally-recognized courier service in a manner designed to confirm receipt.

K. ***Civil Penalties and Supplemental Environment Project***. In light of the prior payment of civil penalties by Mount Vernon and Trion in the CRBI lawsuit and the payments to be made to the City of Summerville for construction and operation of a new GAC drinking water treatment system to remove PFAS, the Court finds that civil penalties or supplemental environmental projects are not warranted

in connection with this Consent Decree for any alleged violations of the CWA and RCRA.

ENTERED this __24th__ day of ____September____, 2025.

*[signature: Thomas W. Thrash]*
The Honorable Judge Thrash
Judge, United States District Court
Northern District of Georgia

**Approved for Entry:**

*/s/Gary A. Davis*
Gary A. Davis
Keith A. Johnston
Davis, Johnston, & Ringger, PC
21 Battery Park Avenue
Suite 206
Ashville, NC 28801
gadavis@enviroattorney.com
kjohnston@enviroattorney.com
Phone: 828-622-0044
Fax: 828-398-0435

CAUSBY FIRM, LLC
Thomas Causby
Ga. Bar # 968006
P.O. Box 488
Dalton, GA 30722-488
tom@causbyfirm.com
Phone: 706-278-0525
Fax: 706-229-4363

*Attorneys for Plaintiffs*

*/s/William M. Droze*
William M. Droze
Matthew Bailey
Kadeisha A. West
Troutman Pepper Locke, LLP
600 Peachtree Street, N.E. Suite 3000
Atlanta, Georgia 30308
william.droze@troutman.com
Phone: 404-885-3468
Fax: 404-885-3750

*Attorneys for Defendant Mount Vernon Mills, Inc.*

*/s/Christopher L. Corbin*
Christopher L. Corbin
Farrar & Corbin, P.C.
P.O. Box 736
101 W. Washington Street
Summerville, GA 30747
Phone: 706-857-3497
Fax: 706-857-2236

Erich P. Nathe
Kassandra N. Garrison
GORDON REES SCULLY MANSUKHANI
One North Franklin
Suite 800
Chicago, IL 60606
enathe@grsm.com
kgarrison@grsm.com
Phone: 312-619-4939
Fax: 312-565-6511

***Attorneys for Town of Trion, Georgia***