**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| EARL PARRIS, JR., Individually, And on Behalf of a Class of Persons Similarly Situated,<br><br>*Plaintiff,*<br><br>CITY OF SUMMERVILLE, GEORGIA,<br><br>*Intervenor-Plaintiff,*<br><br>v.<br><br>3M COMPANY, *et al.*,<br><br>*Defendants*. | Civil Action No.: 4:21-cv-00040-TWT |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY REGARDING THEIR JOINT MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DR. JAMIE DEWITT**

Plaintiffs' Opposition, Dkt. 1069 ("Opp."), to Defendants' Motion for Leave to File Supplemental Authority, Dkt. 1068 (the "Motion"), does nothing to undercut the applicability or persuasive force of Judge Dever's recent decisions excluding the expert opinions offered by Dr. Jamie DeWitt in *Nix* and *Cape Fear*.

Notably, Plaintiffs do not challenge the reasoning of *Nix* or *Cape Fear* or suggest that that Judge Dever was wrong to exclude DeWitt's opinions as unreliable in those cases. Plaintiffs instead seek to sidestep those decisions by asserting that the opinions DeWitt offers here, about PFAS in Georgia, are distinguishable from

the opinions she offered there, about PFAS in North Carolina.  *See*, *e.g.*, Opp. at 2 ("DeWitt has not, in the present case, offered, nor seeks to offer, the opinions which were ultimately excluded [in *Nix* and *Cape Fear*.]").

Plaintiffs are mistaken.  There is no daylight between DeWitt's opinions— and thus no reason for the Court to disregard *Nix* and *Cape Fear*.

1.    Plaintiffs first claim that *Nix* and *Cape Fear* are distinguishable because here, unlike in those cases, DeWitt does not opine that "any non-zero level of PFAS in drinking water is unsafe" or that "any level of PFAS causes harm."  Opp. at 2. Not so.  This is not only DeWitt's personal "belie[f]," *id.* at 4, but also the crux of her expert opinion.  She says so in her report: It is her "opinion that the weight of the evidence is . . . that *no level of PFOA or PFOS in drinking water can be considered 'safe' with respect to cancer risks*."  DeWitt Report at 13 (emphasis added) (Dkt. 880-1).  She confirmed this opinion during her deposition: "[N]o level of exposure [to PFOA or PFOS] is without risk and specifically carcinogenic risk." Exhibit 1, DeWitt Rebuttal Deposition at 144:2–25; *see also*, *e.g.*, DeWitt Report at 12–13 (endorsing regulatory goal of 0 ppt to "protect the public from risks of cancer" because "the risk of various adverse outcomes can occur at extremely low levels"); *id.* at 7 ("[R]educing or eliminating PFAS in this community's drinking water will reduce the risks of community members developing adverse health outcomes").

To support their contention that DeWitt articulated safe levels of PFAS exposure, Plaintiffs overlook all this and home in instead on page 45 of DeWitt's report.  Opp. at 2.  But on that page DeWitt is not describing her own opinion but rather paraphrasing a report she reviewed to support *her* opinion that there is *no* safe level of PFAS exposure.  As for DeWitt—and the opinion she proposes to offer in this case—she "leaps to the opinion that any non-zero level of PFAS in drinking water is unsafe," just as she did in *Nix* and *Cape Fear*.  *Nix v. Chemours Co. FC, LLC*, __ F. Supp. 3d __, 2025 WL 2924613, at *18 (E.D.N.C. Sept. 30, 2025).

**2.**    Plaintiffs next argue that Judge Dever's conclusions about DeWitt's deficient and unhelpful literature review do not apply because "in her report *in this case*, she included a whole section on how she reviewed and assessed the scientific literature in coming to her opinions, including which studies she relied upon and why."  Opp. at 3 (citing DeWitt Report at 8–10[1]).  Yet that "whole section" Plaintiffs rely on here *also appeared* in DeWitt's reports in *Nix* and *Cape Fear*.  In all three reports—here, *Nix*, and *Cape Fear*—DeWitt described the same analytical approach:  She "identif[ies]" literature through searches of academic databases; "group[s]" the literature into categories; "appraise[s]" systemic reviews and meta-analyses to "determine the overall toxicological and epidemiological" findings; and

---

[1] Plaintiffs cite ECF pages 15–17 of the copy of the DeWitt Report filed at Dkt. 955-1.  This corresponds to the "Summary of Process" section on pages 8–10 of the report.

"evaluate[s]" primary research articles and other sources to identify other points of note. *Compare* DeWitt Report at 8–10 *with* Exhibit 2, *Nix* Report at 12 *and* Exhibit 3, *Cape Fear* Report at 12.

Judge Dever's conclusion that DeWitt's approach is unhelpful to the factfinder therefore applies with full force here:  Her approach amounts to "simply read[ing] the conflicting studies in the literature and describ[ing] their findings," which is not helpful under *Daubert*.  *Nix*, 2025 WL 2924613, at *18.

**3.**      Finally, Plaintiffs argue that *Nix* and *Cape Fear* do not apply because they purportedly turn on DeWitt's failure to conduct a "risk assessment" specific to the use and enjoyment of the property of the plaintiffs in those cases, which "was not her task in this case." Opp. at 3.  But this misstates the holding and reasoning of *Nix* and *Cape Fear*.  The core problem with DeWitt's opinions in those cases was that those plaintiffs were attempting to use DeWitt "as a backdoor to discuss causation without offering any tool for the jury to assess whether plaintiffs' exposure to PFAS chemicals at any level in drinking water poses a risk to human health." *Nix*, 2025 WL 2924613, at *18.  This is the same issue raised by Defendants:  DeWitt improperly seeks to offer opinions linking PFAS exposure to adverse health outcomes even though she "did not conduct an exposure study for this case" or provide any other reliable method or "evidence relevant to general causation." Mot. to Exclude at 1, 20 (Dkt. 880).

\* \* \* \*

Plaintiffs' efforts to distinguish *Nix* and *Cape Fear* are entirely unpersuasive, and this Court should therefore consider those decisions as the "pertinent and significant" supplemental authority that they are.  Defendants' Joint Notice of Supplemental Authority at 4 (Dkt. 1068-1) (quoting *United States ex rel. Heller v. Guardian Pharmacy of Atlanta, LLC*, 2023 WL 11909741, at \*21 (N.D. Ga. Sept. 30, 2023)).  In so doing, the Court should come to the same conclusion as Judge Dever: "DeWitt's expert report and testimony" are "not helpful to the jury under Rule 702" and thus "are inadmissible."  *Id.* (quoting *Nix*, 2025 WL 2924613, at \*18).

Respectfully submitted this 13th day of February 2026.

*\*\*signatures on following pages\*\**

<em>/s/ David E. Nahmias</em>

<table>
<tr><td>

James L. Hollis (GA Bar 930998)<br>
Andrea L. Swartzberg (GA Bar 338830)<br>
BALCH & BINGHAM LLP<br>
30 Ivan Allen Jr. Blvd. N.W., Suite 700<br>
Atlanta, Georgia 30309<br>
Tel: (404) 261-6020<br>
Email: jhollis@balch.com<br>
Email: aswartzberg@balch.com<br><br>

Christopher Yeilding, <em>Pro Hac Vice</em><br>
BALCH & BINGHAM LLP<br>
1901 Sixth Avenue North, Suite 1500<br>
Birmingham, AL 35203-4642<br>
Tel: (205) 226-8728<br>
Email: cyeilding@balch.com<br><br>

Kurt A. Johnson, <em>Pro Hac Vice</em><br>
JONES DAY<br>
150 West Jefferson, Suite 2100<br>
Detroit, MI 48226-4438<br>
Tel: (313) 230-7916<br>
Email: kajohnson@jonesday.com

</td><td>

David E. Nahmias (GA Bar 534106)<br>
Jeffrey A. Kaplan, Jr. (GA Bar 859280)<br>
JONES DAY<br>
1221 Peachtree Street NE, Suite 400<br>
Atlanta, GA 30361<br>
Tel: (404) 581-8502<br>
Email: dnahmias@jonesday.com<br>
Email: jkaplan@jonesday.com<br><br>

Theodore M. Grossman, <em>Pro Hac Vice</em><br>
JONES DAY<br>
250 Vesey Street<br>
New York, NY 10281<br>
Tel: (212) 326-3480<br>
Email: tgrossman@jonesday.com<br><br>

Kevin P. Holewinski, <em>Pro Hac Vice</em><br>
JONES DAY<br>
51 Louisiana Avenue N.W.<br>
Washington, DC 20001<br>
Tel: (202) 879-3797<br>
Email: kpholewinski@jonesday.com<br><br>

Louis A. Chaiten, <em>Pro Hac Vice</em><br>
James R. Saywell, <em>Pro Hac Vice</em><br>
JONES DAY<br>
901 Lakeside Avenue<br>
Cleveland, Ohio 44144<br>
Tel: (216) 586-3939<br>
Email: lachaiten@jonesday.com<br>
Email: jsaywell@jonesday.com

</td></tr>
</table>

<em>Attorneys for Defendant Daikin America, Inc.</em>

6

*/s/ Robert B. Remar*

Lauren Goldman, *Pro Hac Vice*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel. 212.351.4000
lgoldman@gibsondunn.com

Amir C. Tayrani, *Pro Hac Vice*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Tel. 202.955.8500
atayrani@gibsondunn.com

Bradley J. Hamburger, *Pro Hac Vice*
Daniel R. Adler, *Pro Hac Vice*
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel. 213.229.7000
bhamburger@gibsondunn.com
dadler@gibsondunn.com

Quentin F. Urquhart, Jr., *Pro Hac Vice*
John W. Sinnott, *Pro Hac Vice*
Elizabeth R. Showalter, *Pro Hac Vice*
Connor W. Peth, *Pro Hac Vice*
IRWIN FRITCHIE URQUHART
MOORE & DANIELS LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2107
qurquhart@irwinllc.com
jsinnott@irwinllc.com
lrichard@irwinllc.com
cpeth@irwinllc.com

Robert B. Remar, GA Bar No. 600575
Amanda M. Cheek, GA Bar No. 792443
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
Telephone: (404) 815-3500
rremar@sgrlaw.com
acheek@sgrlaw.com

Jackson R. Sharman, III, GA Bar No. 637930
M. Christian King, *Pro Hac Vice*
Harlan I. Prater, IV, *Pro Hac Vice*
W. Larkin Radney, IV, *Pro Hac Vice*
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
Telephone: (205) 581-0700
jsharman@lightfootlaw.com
bharmon@lightfootlaw.com
cking@lightfootlaw.com
hprater@lightfootlaw.com
lradney@lightfootlaw.com

*Counsel for Defendant 3M Company*

7

/s/ Brian P. Kappel

Blair J. Cash
Georgia Bar No. 360457
MOSELY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, GA 30156
Telephone: (470) 480-7259
blair.cash@momarlaw.com

John M. Johnson, *Pro Hac Vice*
Lana A. Olson, *Pro Hac Vice*
Robert Ashby Pate, *Pro Hac Vice*
Meghan S. Cole, *Pro Hac Vice*
Mary Parrish McCracken, *Pro Hac Vice*
Adam K. Peck, *Pro Hac Vice*
Brian P. Kappel, GA Bar No. 916728
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, AL 35203
Telephone: (205) 581-0700
jjohnson@lighfootlaw.com
lolson@lightfootlaw.com
mcole@lighfootlaw.com
mmccracken@lightfootlaw.com
apeck@lightfootlaw.com
bkappel@lightfootlaw.com

*Counsel for Defendants E.I. DuPont de Nemours and The Chemours Company*

8

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1.C.

Dated:  February 13, 2026.

Respectfully submitted,

*/s/ David E. Nahmias*

1