IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EARL PARRIS, JR. Individually, and on behalf of a Class of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br>3M COMPANY, et al.,<br><br>Defendants. | CIVIL ACTION FILE NO. 4:21-CV-40-TWT |

**OPINION AND ORDER**

This is an action under the Clean Water Act. It is before the Court on the Plaintiff Earl Parris, Jr. and Intervenor-Plaintiff the City of Summerville's Joint Motion to Exclude the Opinions of Maureen Reitman [Doc. 865]. For the following reasons, this Motion is DENIED.

### I. Background

This case arises out of the contamination of surface waters and drinking water in Chattooga County, Georgia, with per- and polyfluoroalkyl substances known as "PFAS." (2d Am. Compl. ¶ 1 [Doc. 280]). The facts of this case are well known to the parties by this point, and the Court will not belabor them here. In essence, Plaintiff Earl Parris, Jr., alleges that the Defendants have contaminated his water with PFAS. Parris is a resident of Summerville, Georgia, who receives running, potable water to his home from the Summerville Public Works and Utilities Department. (*Id.* ¶ 21.) The City of

Summerville—which has intervened in this case—uses Raccoon Creek, a tributary of the Chattooga River, as the main source of its municipal water supply. (*Id.*) Parris alleges that Raccoon Creek and—consequently, his household water—have been contaminated with PFAS by the Defendants. (*Id.*) At present, Parris and Summerville jointly move to exclude the opinion testimony of Defendant 3M's expert, Maureen Reitman.[1]

## II.  Legal Standards

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Under that rule, "expert testimony is admissible if (1) the expert is qualified to testify regarding the subject of the testimony; (2) the expert's methodology is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the expert's testimony will assist the trier of fact in understanding the evidence or determining a fact at issue." *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1304 (11th Cir. 2014) (quotation marks and citation omitted). The Federal Rules of Evidence require a district judge to undertake a gatekeeping function to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). "This gatekeeping role, however, is not intended to supplant the adversary system or the role of the jury" in determining the persuasiveness of an expert's

---

[1] The parties have collectively filed a total of seventeen motions to exclude, the remainder of which are not presently before the Court.

testimony. *United States v. Ala. Power Co.*, 730 F.3d 1278, 1282 (11th Cir. 2013) (citation modified). "In considering the proffered expert testimony, a trial judge is mindful the burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion." *Chapman*, 766 F.3d at 1304 (citation modified).

### III. Discussion

The Plaintiffs [2] raise two main challenges to Reitman's opinions: relevancy and reliability. The Court will address each in turn.

#### A. Relevancy and Likelihood of Confusion

The Plaintiffs first explain that Reitman is expected to testify as to the existence of other theoretical PFOS manufacturers beyond Defendant 3M who could have contributed to PFOS in the Raccoon Creek watershed. (Pl.'s Mot. to Exclude Reitman, [Doc. 865], at 4). But, the Plaintiffs contend, there is no evidence of any other sources of PFOS in the Raccoon Creek watershed besides the 3M PFOS-based products that it sold to Defendant Mount Vernon Mills. (*Id.*). In fact, they assert that Reitman failed to identify any PFOS-containing products at the Mount Vernon Mill or the Trion Water Pollution Control Plant ("Trion Plant") other than 3M's product. (*Id.* at 5). Thus, the Plaintiffs argue that Reitman's testimony is irrelevant and won't help the trier of fact. (*Id.* at 5-8).

---

[2] The Court refers to Plaintiff Earl Parris and Intervenor-Plaintiff City of Summerville collectively as "Plaintiffs."

In response, 3M asserts that because Reitman is a defense expert, she is not required to provide a definitive causation opinion. (3M's Resp. in Opp'n to Mot. to Exclude Reitman, at 10-11). To that end, it contends that Reitman's opinion testimony is relevant as evidence challenging the Plaintiffs' expert's opinions that 3M is responsible for the PFAS found in the Raccoon Creek watershed. (*Id.* at 7-8). More specifically, Reitman's intends to testify about other possible sources of PFOS in the U.S., including through imported products that may have been purchased in and around the Trion area. (*Id.* at 8-9). In essence, 3M argues that Reitman's testimony will show it is "less probable" that it made the PFOS found in the Raccoon Creek watershed than the Plaintiffs' experts claim. (*Id.* at 9-12).

The helpfulness of an expert's opinions to a trier of fact speaks "primarily to relevance," which is a "liberal" standard. *Seamon v. Remington Arms Co.*, 813 F.3d 983, 988 (11th Cir. 2016) (citations omitted). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591 (citation omitted). "An additional consideration under Rule 702—and another aspect of relevancy—is whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Id.* (citation modified).

The Court agrees with 3M that Reitman's opinions as to other possible sources of PFAS and PFOS in the Raccoon Creek watershed are relevant to the issue of causation. Although it is 3M's burden to establish the relevance and

4

reliability of their expert's opinions, it is ultimately the Plaintiffs' burden at trial to prove the causal connection between their alleged injuries and the Defendants' alleged actions. *See, e.g.*, *Hathcock v. C.R. Bard, Inc.*, 2020 WL 1467247, at *3 (N.D. Ga. Jan. 14, 2020). Here, 3M seeks to introduce evidence undermining the Plaintiffs' causation evidence by showing that there were other possible causes of the Plaintiffs' injuries. Thus, the Plaintiffs' argument that Reitman cannot determine "to what extent, if any, a participant in the global supply and use network for PFAS released a particular substance into the environment at issue" entirely misses the mark—the fact that Reitman is testifying she cannot make this determination is the whole point of introducing her testimony. (Pls.' Mot to Exclude Reitman, at 4 (citing Reitman Expert Report [Doc. 865-1] at 6)). 3M intends to rely on this testimony to argue that the Plaintiffs cannot prove its product is the cause of the alleged PFAS contamination in the Raccoon Creek watershed. And contrary to the Plaintiffs' position, this causation evidence is very relevant because "the defendant's ability to present alternate causes is of paramount importance in allowing for an adequate defense." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069-70 (11th Cir. 2014). Thus, the Court finds this evidence to be relevant because it will be helpful for the jury resolve the causation issue. *See Daubert*, 509 U.S. at 591.

The Plaintiffs also seek to exclude Reitman's opinions under Federal Rule of Evidence 403, arguing that her testimony about PFOS sources

5

manufactured abroad will confuse the jury because such sources are irrelevant to their claims. (Pls.' Mot. to Exclude Reitman, at 9-10). 3M responds that Reitman's testimony is not confusing just because it undermines the Plaintiffs' case and supports alternate causes of the Plaintiffs' alleged injury. (3M's Resp. in Opp'n to Mot. to Exclude Reitman, at 17-18). Again, the Court agrees.

A court may exclude evidence under Rule 403 "if its probative value is substantially outweighed by a danger of . . . confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Because 403 allows a trial court to exclude probative evidence, it is an "extraordinary remedy" and "should be used only sparingly"; "[t]he balance under the Rule, therefore, should be struck in favor of admissibility." *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2022). Because Reitman's testimony is relevant and will be helpful for the jury, the extraordinary remedy of exclusion under Rule 403 is unwarranted here.

### B. Reliability

Next, the Plaintiffs argue that Reitman's testimony is based on insufficient data and unreliable methods. (Pls.' Mot. to Exclude Reitman, at 8). They assert that Reitman admitted she does not have any data indicating PFOS sources besides 3M's product are present in the Raccoon Creek watershed, yet she seeks to testify that other possible sources exist. (*Id.* at 8-9).

3M responds that the Plaintiffs' arguments as to reliability largely repackage their contention that Reitman had to prove that non-3M sources are

6

responsible for the PFAs found in Raccoon Creek, which is an incorrect statement of law. (3M's Resp. in Opp'n to Pls.' Mot. to Exclude Reitman, at 18-19). 3M contends that Reitman's opinions relied on sufficient data, including several governmental reports, federal regulations, import records, and United Nations documents. (*Id.*). 3M notes that the Plaintiffs do not contest that literature reviews are a reliable methodology and asserts that ruling out other possible causes of injury is precisely what makes Reitman's opinions reliable. (*Id.* at 20).

Expert testimony is admissible under Rule 702 if, *inter alia*, (1) "the testimony is based upon sufficient facts or data"; (2) "the testimony is the product of reliable principles and methods"; and (3) "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. The Plaintiffs' argument here is based on an erroneous reading of Reitman's expert report and a misunderstanding of the purpose of her testimony. Far from admitting that "she does not have any data or knowledge indicating that PFOS sources, other than 3M's [product], are present in the Raccoon Creek watershed," (*see* Pls.' Mot to Exclude Reitman, at 8), Reitman's report explains the reasons why the identification of PFOS and PFAS "in an environmental sample is not sufficient to identify the original source of production." (*See, e.g.*, Reitman Expert Report, at 8). Further, she explains why this is true regardless of the characteristics in a sample associated with electrochemical fluorination (ECF), a process that 3M is known

7

to have utilized in processing PFOS. (*Id.*). And she provides testimony critical to 3M's causation defense that the Plaintiffs have not provided an appropriate scientific basis for excluding other possible suppliers of the specific PFAS at issue due to the potential contributions of products associated with global supply chains. (*Id.*).

In the Court's view, the Plaintiffs do not truly challenge the reliability of Reitman's opinions in so much as the data they rely on the methodology used to produce them, but instead challenge the content of her opinions. But the Court's inquiry at this stage "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. As the Eleventh Circuit has repeatedly stressed, Rule 702 "is not intended to supplant the adversary system or the role of the jury: vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Ala. Power Co.*, 730 F.3d at 1282 (citation modified). The fact that Reitman's opinions may undermine the causation evidence the Plaintiffs intend to present does not make them unreliable; instead, the Plaintiffs' concern goes to the weight and credibility of the evidence. The Plaintiffs will have the opportunity to cross-examine Reitman at trial, where their concerns will be more appropriately addressed.

8

## IV. Conclusion

For the foregoing reasons, the Plaintiff and Intervenor-Plaintiff's Joint Motion to Exclude the Opinions of Maureen Reitman [Doc. 865] is DENIED.

SO ORDERED, this ___9th___ day of March, 2026.

                                          THOMAS W. THRASH, JR.
                                          United States District Judge